BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
Alan R. Plutzik (State Bar No. 077785)
Michael S. Strimling (State Bar No. 96135)
L. Timothy Fisher (State Bar No. 191626)
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792

Attorneys for Defendants Power
Ventures, Inc. and Steve Vachani

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> -against- <br><br> POWER VENTURES, INC. d/b/a POWER.COM, a California corporation; POWER VENTURES, INC. a Cayman Island Corporation, STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, an individual and/or business entity of unknown nature; DOES 2 through 25, inclusive, individuals and/or business entities of unknown nature, <br><br> Defendants. | Case No. 5:08-cv-05780 <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT** <br><br> Judge: Honorable Jeremy Fogel <br> Date: May 8, 2009 <br> Time: 9:00 a.m. <br><br> Courtroom: 3 |

Defendants Power Ventures, Inc. and Steve Vachani respectfully submit this Memorandum of Points and Authorities in support of their motion to dismiss this action for failure to state a claim under Fed. R. Civ. P. 8, 9(b), and 12(b)(6) or, in the alternative, for a more definite statement under Fed. R. Civ. P. 12(e).

## I. COUNTS I THROUGH III FAIL TO PLEAD FRAUD WITH PARTICULARITY

The first three counts of the First Amended Complaint (hereafter, "Complaint") all sound in fraud. Count I asserts a violation of the CAN-SPAM Act predicated on the transmission of "materially false or misleading" messages. Complaint ¶ 92. Count II asserts a violation of the Computer Fraud And Abuse Act predicated on alleged unauthorized access to certain computers "with an intent to defraud." *Id.* ¶ 107. Count III asserts a violation of the California Comprehensive Computer Data Access And Fraud Act, California Penal Code § 502, predicated on allegations of "oppression, fraud and malice." *Id.* ¶ 120. Each of these counts sounds in fraud, and each is subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b). *See, e.g., Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1161 (9th Cir. 2009) (holding that Rule 9(b) applies where a complaint "sounds in fraud," based on "a close examination of the language and structure of the complaint, whether the complaint alleges a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis of a claim") (internal quotation marks omitted); *eBay Inc. v. Digital Point Solutions, Inc.*, 2009 WL 481269, at *7 (N.D. Cal. Feb. 24, 2009) (holding that Rule 9(b) applies to state law claims for violation of California Penal Code § 502).

When a plaintiff asserts a claim for fraud, the complaint must do more than merely provide notice. *See In re Glenfed, Inc. Securities Litigation,* 42 F.3d 1541, 1547 (1994). Federal Rule of Civil Procedure 9(b) states that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). As applied by the Ninth Circuit, a pleading is sufficient under Rule 9(b) if the plaintiff provides "statements of the time, place and nature of the alleged fraudulent activities ... [M]ere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 540 (9th

Cir.1989) (citing *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir.1987)). "To allege fraud with particularity, a plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.* at 1548. "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vees v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir.2003) (citing *Cooper v. Pickett*, 137 F .3d 66, 627 (9th Cir.1997)).

Here, the Complaint provides none of these details. It generally avers that "Defendants" accessed certain computers without permission. It does not state the time, place or nature of such allegedly unauthorized access. Nor does the Complaint identify with particularity which of the generically referenced "Defendants" engaged in such access, nor how such access is alleged to be "unauthorized." Notably, the computer that is alleged to have been accessed without authorization appears to be a public website that may be accessed by anyone through the internet, and thus is not a protected computer under the cited statutes. However, the lack of detail in the Complaint makes it difficult to determine exactly what is being alleged in this regard, and to formulate a response. Finally, the details of the alleged fraud are not stated. The time and place of the fraudulent statements are not stated. Nor is the sender of the alleged fraudulent statement identified. Nor is the receiver. Nor is there any allegation as to who, if anyone, was allegedly misled. These counts are thus deficient under Rules 9(b) and 12(b)(6).

## II. COUNTS IV THROUGH VII FAIL TO STATE A CLAIM FOR INFRINGEMENT

Counts IV through VII all sound in infringement and related theories. Count IV alleges copyright infringement based on the allegation that "Defendants have copied and/or created derivative works from Facebook's website and/or portions thereof." Complaint ¶ 125. The Complaint includes only boilerplate allegations of infringement that provide no notice whatsoever as to what is being alleged. For example, the Complaint does not identify either the copyrighted work or the allegedly infringing work. It refers generically to "Facebook's website," but does not identify any portion of the website, any graphics or text, or any computer program that is alleged to have been copied "and/or" the source for a derivative work. *Id.* The

complaint also refers generically to "copies and/or derivative works created by Defendants," *id.* ¶ 127, but it does not identify the "copies and/or derivative works" in any intelligible way. At a minimum, an allegation of infringement must identify the allegedly protected and infringing works. This Complaint does neither. It is utterly impossible to respond to an allegation so devoid of content. Count IV thus fails to meet even Rule 8's standard of notice pleading.

Count V asserts violation of the Digital Millennium Copyright Act (DMCA). Here the complaint merely parrots the language of the statute, alleging that "Defendants manufacture, import, provide, offer to the public, or otherwise traffic[] in technology, products, services, devices, components, or parts thereof, that are primarily designed or produced for the purpose of circumventing technological measures and/or protection afforded by technological measures that effectively control access to Facebook's copyrighted website and/or portions thereof." Complaint ¶ 138. Again, this allegation provides no notice whatsoever as to what the defendants are alleged to have done. What "technology" is plaintiff complaining about? Or is it a product? Or a service? A device? Or a component or part thereof? How did this technology/product/service/device/component violate Facebook's copyright? Copyright to what? The answers to these questions cannot be discerned from the allegations in the Complaint. Defendants are thus unable to respond, as this Count V fails to put them on notice of the nature of the allegation against them.

Count VI asserts unspecified violations of plaintiff's trademarks in the "FACEBOOK," mark. Complaint ¶¶ 146-149. This Count at least identifies that allegedly protected trademark – and in that respect it provides at least one crucial fact that is missing from the previous allegations of infringement. But that alone is not enough. The Complaint does not state when, where or how the defendants have used this mark. Nor does the Complaint identify the "products and services" that were supposedly misbranded with the infringing marks. Count VI thus fails to provide adequate notice, or even the slightest hint, as to what is being alleged.

MOTION TO DISMISS OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT | 3

## III. COUNT VIII FAILS TO STATE A CLAIM

Count VIII is the broadest, vaguest, and most indecipherable in the Complaint. It generically alleges "unlawful, unfair, and/or fraudulent business acts or practices as defined by Cal. Bus. & Prof. Code § 17200 et seq." Complaint ¶ 158. Section 17200 "is a notoriously broad statute." *Flamingo Industries (USA) Ltd. v. United States Postal Service*, 302 F.3d 985, 996 (9th Cir. 2002). Section 17200 has five "prongs," which prohibit "five different types of wrongful conduct, each of which has become a term of art." William L. Stern, Bus. & Prof. C. 17200 Practice at 3-2 (The Rutter Group 2006). The five prongs include (i) unlawful business practices, (ii) unfair business practices, (iii) fraudulent business practices, (iv) unfair, deceptive, untrue or misleading *advertising*, and (v) any act prohibited by Bus. & Prof. Code §§ 17500-17577.5. *See* William L. Stern, Bus. & Prof. C. 17200 Practice at 3-2 (The Rutter Group 2006). The Complaint does not identify the conduct that is alleged to violate § 17200. Nor does it identify which prong of the statute is alleged to have been violated. This is the barest and most conclusory pleading possible, under the most "notoriously broad statute" on the books. The Complaint provides no notice of the nature of this claim, making it impossible for the defendants to provide a substantive response.

## III. IN THE ALTERNATIVE, PLAINTIFF SHOULD BE ORDERED TO PROVIDE A MORE DEFINITE STATEMENT UNDER FED. R. CIV. P. 12(e)

In the event that the Court determines that any of the allegations are sufficient to state a claim under Fed. R. Civ. P. 8, 9(b), and 12(b)(6), the Court should order plaintiff to provide a more definite statement of the claims to enable defendants to frame a responsive pleading. Even when a complaint survives a motion to dismiss, a more definite statement under Fed. R. Civ. P. 12(e) may be appropriate. *See Esoft, Inc. v. Astaro Corp.*, 2006 WL 2164454, at *1 (D. Colo. July 31, 2006); *Agilent Technologies, Inc. v. Micromuse, Inc.*, 2004 WL 2346152 at *4 (S.D.N.Y. Oct. 19, 2004); *Humpherys v. Nager*, 962 F. Supp. 347, 352-53 (E.D.N.Y.1997). Rule 12(e) demands a more definite statement of the plaintiff's claims when the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."

Fed. R. Civ. P. (e); *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1376, at 311 (3d. ed. 2004) (Rule 12(e) applies when the pleading is "so vague or ambiguous that the opposing party cannot respond to it, even with a simple denial as permitted by Rule 8(b), with a pleading that can be interposed in good faith or without prejudice to himself").

A more definite statement is certainly called for here. In the preceding sections, we identify many basic facts that cannot be discerned from the Complaint. For example, as we point out in Part I, above, the allegations of fraud do not state the time and place of the fraudulent statements, nor the maker or recipient of them, nor why they were fraudulent. The allegation of "unauthorized access" is similarly inscrutable – who is alleged to have accessed, and what is it that they accessed? With respect to the allegations of infringement discussed in Part II, above, the alleged infringed and infringing works should be identified – at a minimum. And the allegation of the DMCA violation should be clarified as well. Finally, with respect to the claim under Bus. & Prof. Code § 17200, a more definite statement should identify which of the five prongs of that statute are at issue, and the conduct that is alleged to have violated that prong should be identified.

## IV. CONCLUSION

For the foregoing reasons, the Complaint should be dismissed for failure to state a claim. In the alternative, plaintiff should be ordered to provide a more definite statement under Fed. R. Civ. P. 12(e).

|   |   |   |
|---|---|---|
| 1 | | Respectfully submitted, |
| 2 | Dated: March 23, 2009 | BRAMSON, PLUTZIK, MAHLER & |
| 3 | | BIRKHAEUSER, LLP |

By _____/s/_____
Alan R. Plutzik

Alan R. Plutzik (State Bar No. 77785)
Michael S. Strimling (State Bar No. 96135)
L. Timothy Fisher (State Bar No. 191626)
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792

LAW OFFICES OF SCOTT A. BURSOR
Scott A. Bursor (*pro hac vice*)
369 Lexington Avenue, 10th Floor
New York, NY 10017-6531
Telephone: (212) 989-9113
Facsimile: (212) 989-9163

Attorneys for Defendants Power Ventures, Inc. and Steve Vachani