| | |
|---|---|
| 1 | I. NEEL CHATTERJEE (STATE BAR NO. 173985) |
| | nchatterjee@orrick.com |
| 2 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 1000 Marsh Road |
| 3 | Menlo Park, CA  94025 |
| | Telephone:    650-614-7400 |
| 4 | Facsimile:    650-614-7401 |
| 5 | JESSICA S. PERS (STATE BAR NO. 77740) |
| | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| 6 | The Orrick Building |
| | 405 Howard Street |
| 7 | San Francisco, CA  94105-2669 |
| | Telephone:    415-773-5700 |
| 8 | Facsimile:    415-773-5759 |
| 9 | |
| 10 | Attorneys for Plaintiff and Counterdefendant FACEBOOK, INC. |

11    UNITED STATES DISTRICT COURT

12    NORTHERN DISTRICT OF CALIFORNIA

13    SAN JOSE DIVISION

14

| | | |
|---|---|---|
| 15 | FACEBOOK, INC., | Case No.  5:08-cv-05780 JF (RS) |
| 16 | Plaintiff-Counterdefendant, | **NOTICE OF MOTION AND MOTION OF FACEBOOK, INC. TO DISMISS COUNTERCLAIMS AND STRIKE AFFIRMATIVE DEFENSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| 17 | v. | |
| 18 | POWER VENTURES, INC. a Cayman Island Corporation; STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, DOES 2-25, inclusive, | |
| 19 | | |
| 20 | | **FED R. CIV. PRO. 12(B)(6) AND 12(F)** |
| 21 | Defendants-Counterclaimants. | Date:      October 30, 2009 |
| 22 | | Time:      9:00 am |
| | | Judge:    Hon. Jeremy D. Fogel |
| | | Courtroom: 3, 5th Floor |
| 23 | | |

24

25

26

27

28

**TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND MOTION ................................................................................... 1
STATEMENT OF ISSUES ....................................................................................................... 1
MEMORANDUM OF POINTS AND AUTHORITIES ........................................................... 2
I. INTRODUCTION ......................................................................................................... 2
II. BACKGROUND ........................................................................................................... 2
III. LEGAL ARGUMENT .................................................................................................. 3
    A. Rule 12(b)(6) Standard...................................................................................... 3
    B. Power Has Not Stated a Claim Against Facebook for Violation of Section 1 of the Sherman Act ............................................................................................ 4
        1. Power Does Not Allege Facts Sufficient to Show an Agreement............... 4
        2. Power Does Not Allege Facts Sufficient to Show Anticompetitive Intent .......................................................................................................... 5
        3. Power Does Not Sufficiently Allege Facts to Show Injury to Competition................................................................................................ 5
    C. Power Has Not Stated a Claim against Facebook for Violation of the Cartwright Act................................................................................................... 6
    D. Power Has Not Stated Claims Against Facebook for Violation of Section 2 of the Sherman Act ............................................................................................ 7
        1. Power Has Not Alleged Facts Sufficient to Support Its Monopolization Counterclaim ...................................................................... 7
        2. Power Does Not Allege Facts Sufficient to Support Its Attempted Monopolization Counterclaim ..................................................................... 8
    E. Power Has Not Stated a Claim against Facebook for Violation of Section 17200's Prohibition on "Unlawful" Business Practices............................................ 8
    F. Power Has Not Stated a Claim against Facebook for Violation of Section 17200's Prohibition on "Unfair" Business Practices ............................................... 9
    G. Power's Affirmative Defenses Should Be Stricken........................................... 10
IV. CONCLUSION............................................................................................................ 11

# TABLE OF AUTHORITIES

**Page**

*Am. Ad Mgmt., Inc. v. Gen. Tel. Co. of Cal.*,
  190 F.3d 1051 (9th Cir. 1999) ................................................................................................ 5

*Apple Inc. v. Psystar Corp.*,
  586 F. Supp. 2d 1190 (N.D. Cal. 2008) ................................................................................ 10

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ....................................................................................................... 1, 9

*Balistreri v. Pacifica Police Dep't.*,
  901 F.2d 696 (9th Cir. 1988) .................................................................................................. 4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................. 1, 2, 4, 5

*Big Bear Lodging Ass'n v. Snow Summit, Inc.*,
  182 F.3d 1096 (9th Cir. 1999) ............................................................................................ 6, 7

*Cahill v. Liberty Mut. Ins. Co.*,
  80 F.3d 336 (9th Cir. 1996) .................................................................................................... 4

*County of Tuolumne v. Sonora Cmty. Hosp.*,
  236 F.3d 1148 (9th Cir. 2001) ................................................................................................ 6

*DM Research, Inc. v. College of American Pathologists*,
  170 F.3d 53 (1st Cir. 1999) .................................................................................................... 5

*Doe ex. rel. Doe v. School Dist. of City of Norfolk*,
  340 F.3d 605 (9th Cir. 2003) ................................................................................................ 11

*Grosz v. Lassen Cmty. College Dist.*,
  572 F. Supp. 2d 1199 (E.D. Cal. 2008) .................................................................................. 4

*Kendall v. Visa U.S.A, Inc.*,
  518 F.3d 1042 (9th Cir. 2008) ................................................................................................ 4

*In re Late Fee and Over-limit Fee Litigation*,
  528 F. Supp. 2d 953 (N.D. Cal. 2007) .................................................................................... 9

*Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n*,
  884 F.2d 504 (9th Cir. 1989) .................................................................................................. 6

*Lorenzo v. Qualcomm Inc.*,
  603 F. Supp. 2d 1291 (S.D. Cal. 2009) .................................................................................. 6

*Mag Instrument, Inc. v. JS Prods.*,
  595 F. Supp. 2d 1102, 1107 (C.D. Cal. 2008) ..................................................................... 10

*Mularkey v. Holsum Bakery, Inc.*,
  146 F.3d 1064 (9th Cir. 1998) ................................................................................................ 4

# TABLE OF AUTHORITIES
(continued)

**Page**

*Newcal Industries, Inc. v. Ikon Office Solution, Inc.*,
    513 F.3d 1038 (9th Cir. 2008) ............................................................................................ 7

*Quabon.com, Inc. v. eHelp Corp.*,
    315 F. Supp. 2d 1046 (N.D. Cal. 2004) ......................................................................... 1, 10

*United States v. E. I. Du Pont de Nemours & Co.*,
    351 U.S. 377 (1956) ............................................................................................................ 8

*Coalition for ICANN Transparency v. Verisign, Inc.*,
    567 F.3d 1084, 1093 (9th Cir. 2009) .............................................................................. 7, 8

*Wyshak v. City Nat'l Bank*,
    607 F.2d 824 (9th Cir. 1979) ............................................................................................ 10

## STATE CASES

*Belton v. Comcast Cable Holdings, LLC*,
    151 Cal. App. 4th 1224 (2007) ........................................................................................ 10

*Chavez v. Whirlpool Corp.*,
    93 Cal. App. 4th 363 (2001) .............................................................................................. 9

*Cortez v. Purolator Air Filtration Products Co.*,
    23 Cal. 4th 163 (2000) ..................................................................................................... 11

*G.H.I.I. v. MTS, Inc.*,
    147 Cal. App. 3d 256 (1983) .............................................................................................. 6

*Ghory v. Al-Lahham*,
    209 Cal. App. 3d 1487 (1989) .......................................................................................... 11

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134 (2003) ..................................................................................................... 8

*Motors, Inc. v. Times Mirror Co.*,
    102 Cal. App. 3d 735 (1980) .............................................................................................. 6

*SC Manufactured Homes v. Liebert*,
    162 Cal. App. 4th 68 (2008) ............................................................................................ 10

*Ticconi v. Blue Shield of California Life & Health Ins. Co.*,
    160 Cal. App. 4th 528 (2008) .......................................................................................... 11

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 30, 2009 at 9:00 am or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Jeremy Fogel, United States District Court, 280 S. First Street, San Jose, CA 95113, Facebook, Inc. ("Facebook") will move the court for an order dismissing the Counterclaims of Power Ventures, Inc. and Steve Vachini (collectively, "Power") pursuant to Federal Rule of Civil Procedure 12(b)(6), and for an order striking the Affirmative Defenses pursuant to Federal Rule of Civil Procedure 12(f).  These motions are based on the Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, all pleadings on file in this action, oral argument of counsel, and any other matter that may be submitted at the hearing.

**STATEMENT OF ISSUES**

Facebook brings this motion to dismiss Power's six Counterclaims that allege Facebook has violated Sections 1 and 2 of the Sherman Act, the California Cartwright Act and Section 17200 of the California Business and Professions Code.  Power has not alleged – and cannot allege – facts that show Facebook's security policies, applied to its users, violate federal or state antitrust law or the California Unfair Competition Law.  The counterclaims fail to meet the standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).  Similarly, Power's affirmative defenses should be stricken because they are stated in general and conclusory terms and do not give Facebook sufficient notice of the defenses.  *See Quabon.com, Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004).

///

///

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

The six counterclaims appended by Power to its Answer fail to describe anything approaching an unfair or unlawful business practice, let alone an antitrust violation. The recent pleading, read in the light most favorable to Power, alleges that Facebook does not permit Power to use the Facebook website unless it agrees to abide by the security rules applicable to all users. This unilateral policy adopted for security purposes by Facebook cannot plausibly be unfair or unlawful or an unreasonable restraint of trade in any relevant market.

Claimants, like Power here, must allege sufficient facts to "plausibly suggest[] that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Ignoring this standard, Power's counterclaims simply incorporate all the preceding paragraphs of the Answer (including a seven page narrative) and then allege, in bare conclusory terms, that Facebook has violated Sections 1 and 2 of the Sherman Act, the California Cartwright Act and Section 17200 of the California Business and Professions Code. All Power's counterclaims – which do not even attempt to include specific factual allegations – fall far short of the *Twombly* standard and should be dismissed.

**II.    BACKGROUND**

Facebook brought this action against Power to stop its unauthorized access to Facebook's site and its user information. Power moved to dismiss Facebook's complaint in its entirety, but later withdrew its motion with respect to certain claims. *See* Dkt. No. 38 at 2. On May 11, 2009, this Court denied Power's motion to dismiss. *Id* at 9-10.[1] As the Court noted in its Order denying Power's motion to dismiss: "Facebook . . . grants third parties a limited license to create applications that interact with Facebook's proprietary network, provided these applications adhere to a standardized set of protocols and procedures. . . In addition, Facebook permits integration with third-party websites, and even permits exchange of proprietary data with third-party

---

[1] The Court ordered Facebook to provide a more definite statement regarding Count Eight of its First Amended Complaint. *See* Dkt. No. 38. That statement was filed on June 10, 2009. *See* Dkt. No. 40

websites, provided that these third party websites use the "Facebook Connect" service, which enables users to "connect" their Facebook identity, friends and privacy to those third party websites." *Id* at 3 (citing paragraphs 27 and 28 of Facebook's First Amended Complaint). Power now claims to "liberate Internet users" (Power's Answer and Counterclaims ("Answer") at. 2) by ignoring Facebook's security measures, violating its standardized protocols and policies and rejecting the Facebook Connect mechanism that would allow Facebook users to connect to Power.

Specifically, in response to Facebook's lawsuit, Power filed affirmative defenses and antitrust and unfair competition counterclaims on July 9, 2009. After a long narrative statement divorced from the allegations of the First Amended Complaint, Power denied the vast majority of the allegations of the complaint and asserted six affirmative defenses, without any factual allegations. Also without any factual allegations, Power asserted six counterclaims against Facebook, alleging violations of federal and state antitrust law and state unfair competition law. Power claims – with no supporting facts – that Facebook unlawfully restrained trade; that Facebook monopolized and attempted to monopolize the market for "social networking website services;" and that Facebook committed unlawful and unfair business practices in violation of California law.

The counterclaims purport to incorporate generalizations like "[Power] believes in a borderless Internet where users have the right to own and control their own data," Facebook "has attempted to thwart its users' ability to exercise these rights [of ownership, control, and privacy] with respect to their own data," and Facebook is "attempting to stifle the development of Power's innovative new technologies that will liberate Internet users from proprietary restrictions." Answer at 1-2. But, beyond these bald pronouncements, the only Facebook conduct even mentioned in Power's Answer is the company's security measure prohibiting third parties from accessing the login information of Facebook users. Power characterizes this policy as an improper "restriction" on users' ability to access their own data, designed to "stifle the growth of

competitors, including Power."[2]  This is a far cry from meeting the basic requirements under Rule 8 of the Federal Rules of Civil Procedure to provide a "statement of the claim showing that the pleader is entitled to relief" or the standards of Rule 12(b)(6) that require factual allegations, not conclusions or generalizations.

### III. LEGAL ARGUMENT

#### A. Rule 12(b)(6) Standard

Claims can be dismissed under Rule 12(b)(6) "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).  To avoid dismissal, "plaintiffs must plead facts showing they are entitled to relief."  *Grosz v. Lassen Cmty. College Dist.*, 572 F. Supp. 2d 1199, 1207 n.11 (E.D. Cal. 2008).  "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).  Although "all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party," *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996), a complaint or counterclaim must "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555 (citations omitted).

Power's counterclaims allege no facts that, if true, would show that Facebook violated federal or California antitrust law or Section 17200.  They do not come close to meeting the standard set forth in *Twombly* and its progeny.

#### B. Power Has Not Stated a Claim Against Facebook for Violation of Section 1 of the Sherman Act.

Power's **only** allegation regarding Facebook's violation of Section 1 of the Sherman Act is the following: "Facebook's conduct restricting users' ability to access their own data

---

[2] The generalizations continue:  "Facebook seeks to stifle competitors from using the same kind of utility." "[Facebook's security measure] thwarts the development of innovative technologies, platforms and applications that users might wish to use, such as those offered by Power.com." Answer at 3.

constitutes an unlawful restraint of trade under Section 1 of the Sherman Act." Answer ¶ 173. This allegation is insufficient. Power must plead "not just ultimate facts (such as conspiracy), but evidentiary facts which, if true, will prove: (1) a contract, combination or conspiracy among two or more persons or distinct business entities; (2) by which the persons or entities intended to harm or restrain trade . . .; (3) which actually injures competition." *Kendall v. Visa U.S.A, Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008). Merely stating the rule shows the deficiency of this claim.

### 1. Power Does Not Allege Facts Sufficient to Show an Agreement.

To begin with, Power does not allege facts even suggesting Facebook acted in concert with anyone else in developing or adopting its security policy. Facebook's policy regarding user names and passwords is unilateral and not actionable under Section 1. *See Mularkey v. Holsum Bakery, Inc.*, 146 F.3d 1064, 1065 (9th Cir. 1998) (affirming grant of summary judgment on Section 1 claim where the evidence showed, at most, defendant's unilateral price policy). Power's failure to allege facts to show an agreement or conspiracy to restrain trade dooms its Section 1 counterclaim. *See Twombly*, 550 U.S. at 556 ("stating [a Section 1] claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made").

### 2. Power Does Not Allege Facts Sufficient to Show Anticompetitive Intent.

Power's Section 1 counterclaim also fails to allege any facts to show that Facebook, even if it had agreed with someone else, intended to restrain trade by adopting its security policy. The bare assertion that Facebook acted "in order to stifle the growth of competitors" is insufficient. *See DM Research, Inc. v. College of American Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999) ("[T]he price of entry . . . is for the plaintiff to allege a *factual* predicate concrete enough to warrant further proceedings, which may be costly and burdensome. Conclusory allegations . . . are a danger sign that the plaintiff is engaged in a fishing expedition.") (emphasis in original). The claim has to allege facts that show Facebook had the requisite anticompetitive intent when it adopted its security policy and Power's counterclaim does not.

### 3. Power Does Not Sufficiently Allege Facts to Show Injury to Competition.

Nor does the counterclaim show how Facebook's security policies are alleged to have injured competition. The antitrust laws are intended to prevent harm to competition manifested as higher prices, lower output, or decreased quality in the products within a defined market. *See Am. Ad Mgmt., Inc. v. Gen. Tel. Co. of Cal.,* 190 F.3d 1051, 1055 (9th Cir. 1999). "Ordinarily, the factual support needed to show injury to competition must include proof of the relevant geographic and product markets and demonstration of the restraint's anticompetitive effects within those markets. Avoiding such market analysis requires proof of actual detrimental competitive effects such as output decreases or price increases." *Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 508 (9th Cir. 1989).

Power's Section 1 counterclaim alleges, at most, that Facebook "improperly restrict[ed] . . users' ability to access their own data in order to stifle the growth of competitors, including Power." The counterclaim does not even purport to allege a relevant product and geographic market, much less allege facts that would support the existence of any relevant market. The counterclaim fails to plead facts to show the identity of participants in a relevant market, how competition works in that market, or how Facebook's security policy harms such competition.

Because Power does not and cannot allege any of the basic elements of a Section 1 claim, the Third Counterclaim should be dismissed.

### C. Power Has Not Stated a Claim against Facebook for Violation of the Cartwright Act.

The Cartwright Act, California's antitrust law, was modeled on the Sherman Act and is subject to the same analysis. *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1160 (9th Cir. 2001); *Big Bear Lodging Ass'n v. Snow Summit, Inc.,* 182 F.3d 1096, 1101 n.2 (9th Cir. 1999). Thus, a cause of action for restraint of trade under the Cartwright Act must allege, with particularity: (1) the formation and operation of a conspiracy; (2) the illegal acts done pursuant thereto; (3) a purpose to restrain trade; and (4) the damage caused by such acts. *G.H.I.I. v. MTS, Inc.*, 147 Cal. App. 3d 256, 265 (1983). "[T]he lack of factual allegations of specific conduct

directed toward furtherance of the conspiracy renders the complaint legally insufficient." *Id.* at 266; *see also Motors, Inc. v. Times Mirror Co.*, 102 Cal. App. 3d 735, 742 (1980) ("The California Supreme Court demands a high degree of particularity in the pleading of Cartwright Act violations;" upholding dismissal of Cartwright Act claim where plaintiff had failed to allege how the defendant's "agreement" affected price); *Lorenzo v. Qualcomm Inc.*, 603 F. Supp. 2d 1291, 1299, 1303 (S.D. Cal. 2009) (noting that California courts require a "high degree of particularity in the pleading of Cartwright Act violations;" dismissing Cartwright Act claim).

As described in connection with the Sherman Act Section 1 counterclaim, Power has not alleged facts showing that Facebook entered into an agreement or conspiracy, that it intended to restrain trade, or that Facebook's security policy injured competition within a relevant market. Power's Cartwright Act counterclaim (Fourth Counterclaim) should be dismissed for the same reasons that its Sherman Act Section 1 counterclaim should be dismissed.

### D. Power Has Not Stated Claims Against Facebook for Violation of Section 2 of the Sherman Act.

To support its monopolization and attempted monopolization counterclaims, Power provides only the barest legal conclusions: "Facebook's conduct constitutes monopolization of the market for social networking website services . . ." (Answer ¶ 177) and "Facebook's conduct constitutes an unlawful attempt to monopolize the market for social networking website services. . ." Answer ¶ 179. These allegations are not sufficient to support any of the elements required under the Fifth and Sixth Counterclaims.

#### 1. Power Has Not Alleged Facts Sufficient to Support Its Monopolization Counterclaim.

A monopolization claim must allege facts that, if true, would show both "the possession of monopoly power in the relevant market and the acquisition or perpetuation of this power by illegitimate predatory practices." *Coalition for ICANN Transparency v. Verisign*, 567 F.3d 1084, 1093 (9th Cir. 2009) (internal quotation marks omitted) ("*Verisign*"). Power's monopoly counterclaim merely mentions a market for "social networking website services" but does not allege any facts to show what that market is, why it is relevant to this claim, who competes in it,

1  or even that Power competes in the alleged relevant market. *See Newcal Industries, Inc. v. Ikon Office Solution, Inc.*, 513 F.3d 1038, 1045 & n.4 (9th Cir. 2008) ("Antitrust law requires allegation of both a product market and a geographic market;" "the relevant market must include the group . . . of sellers or producers who have actual or potential ability to deprive each other of significant levels of business" (internal quotation marks omitted)); *see also Big Bear Lodging Ass'n v. Snow Summit, Inc.*, 182 F.3d 1096, 1105 (9th Cir. 1999) (affirming dismissal of monopolization claim based in part on failure to sufficiently identify the relevant market).

The sixth counterclaim also does not allege facts that show Facebook possesses monopoly power nor that it has acquired or perpetuated this power through illegitimate predatory practices. Power has not stated any facts that show Facebook has the power to control prices or exclude competition in a relevant market. *See United States v. E. I. Du Pont de Nemours & Co.*, 351 U.S. 377, 391 (1956). Indeed, the counterclaim fails to allege any facts concerning what constitutes a "social networking website services" market or the participants in that market.

Nor has Power alleged facts to show how requiring adherence to its policy on access to user information could possibly amount to a predatory practice leading to unlawful monopolization. The bare allegation that Facebook restrained competition by "restricting users' ability to access their own data" does not even plausibly suggest that Facebook engaged in any "illegitimate predatory or anticompetitive practices" prohibited by Section 2.

Power has failed to allege facts supporting any of the required elements of its monopolization claim and the Fifth Counterclaim should be dismissed.

**2.      Power Does Not Allege Facts Sufficient to Support Its Attempted Monopolization Counterclaim.**

A claim for attempted monopolization must allege facts to show: "(1) that the defendant has engaged in predatory or anticompetitive conduct with (2) a specific intent to monopolize and (3) a dangerous probability of achieving monopoly power." *Verisign*, 567 F.3d at 1093. The Sixth Counterclaim does not allege any facts – much less sufficient facts – to support any of the elements of an attempted monopolization claim. The allegation that Facebook acted "in order to stifle the growth of competitors" does not show that Facebook engaged in predatory practices or

conduct with the specific intent to monopolize. Nor has Power included facts to suggest a dangerous probability that Facebook will acquire monopoly power because of its adherence to its policy on access to user information. The Sixth Counterclaim should be dismissed.

### E. Power Has Not Stated a Claim against Facebook for Violation of Section 17200's Prohibition on "Unlawful" Business Practices.

California Business and Professions Code Section 17200 proscribing "any unlawful . . . business act or practice" requires a showing that the defendant has violated some other law. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003) ("Section 17200 'borrows' violations from other laws"); *see also Chavez v. Whirlpool Corp.*, 93 Cal. App. 4th 363, 374 (2001) (affirming dismissal of Section 17200 "unlawful" act claim because the "complaint does not allege a valid Cartwright Act violation"). Power claims that Facebook violated the "unlawful" business practices prong of Section 17200 by virtue of its alleged violations of the Sherman Act and the Cartwright Act. As described above, however, Power has failed to state a claim under either antitrust statute. As a consequence, the Section 17200 "unlawful" counterclaim (First Counterclaim) must also be dismissed. *See In re Late Fee and Over-limit Fee Litigation*, 528 F. Supp. 2d 953, 965 (N.D. Cal. 2007) ("Because the plaintiffs' theories are explicitly premised on the assertion that the fees violate federal law and the Court has determined that no such claim has been stated, the [Section 17200] claim is not cognizable.").

### F. Power Has Not Stated a Claim against Facebook for Violation of Section 17200's Prohibition on "Unfair" Business Practices.

As Power pointed out to this Court in its motion to dismiss Facebook's claims, a claim under Section 17200's "unfairness" prong must be supported by something more than "the barest and conclusory pleading possible." (Power's Memorandum in Support of Motion to Dismiss, Dkt. No. 19, at 4). Despite this admonition, Power makes the same vague allegation that it makes in connection with all of its other Counterclaims: "Facebook violated the unfair business practices prong of the UCL by <u>improperly restricting Facebook users' ability to access their own data</u> in order to stifle the growth of competitors." Answer ¶ 169 (emphasis added). This is not sufficient to state a claim. *See Iqbal*, 129 S.Ct. at 1949 (the federal pleading standard "demands more than

1   an unadorned, the-defendant-unlawfully-harmed-me accusation").

2   Additionally, this Counterclaim should be dismissed because it is virtually identical to
3   Power's inadequately-pled antitrust claims. *See Chavez*, 93 Cal. App. 4th at 375 ("If the same
4   conduct is alleged to be both an antitrust violation and an 'unfair' business act or practice for the
5   same reason . . . the determination that the conduct is not an unreasonable restraint of trade
6   necessarily implies that the conduct is not 'unfair' toward consumers. To permit a separate
7   inquiry into essentially the same question under the unfair competition law would only invite
8   conflict and uncertainty and could lead to the enjoining of procompetitive conduct."); *see also*
9   *Apple Inc. v. Psystar Corp.*, 586 F. Supp. 2d 1190, 1204 (N.D. Cal. 2008) (same); *SC*
10  *Manufactured Homes v. Liebert*, 162 Cal. App. 4th 68 (2008) ("In that plaintiff cannot allege a
11  Cartwright Act violation or a cause of action for intentional interference with prospective
12  economic advantage, the cause of action for a violation of the UCL also cannot stand."); *Belton v.*
13  *Comcast Cable Holdings, LLC*, 151 Cal. App. 4th 1224, 1240 (2007) (affirming grant of
14  summary judgment on UCL "unfairness" claim because plaintiff's "unfairness" claim was based
15  on the same facts as its unsuccessful Sherman Act claim).

16  **G.   Power's Affirmative Defenses Should Be Stricken.**

17  Power's Answer also includes six affirmative defenses stated in general and conclusory
18  terms, with no connection to any of the facts set out in the beginning narrative statement. These
19  affirmative defenses should be stricken. *See Quabon.com, Inc. v. eHelp Corp.*, 315 F. Supp. 2d
20  1046, 1049 (N.D. Cal. 2004) ("Affirmative defenses are governed by the same pleading standard
21  as complaints."); *see also Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) ("The
22  key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff
23  fair notice of the defense."); *Mag Instrument, Inc. v. JS Prods.*, 595 F. Supp. 2d 1102, 1107 (C.D.
24  Cal. 2008) (same).

25  Power's first affirmative defense merely states that its "copying" constitutes fair use. The
26  second and third affirmative defenses state that Facebook's "conduct . . . described herein"
27  constitutes copyright misuse or trademark misuse. The fourth and fifth affirmative defenses
28  claim that Facebook is estopped from asserting any right to recover and barred by unclean hands.

- 10 -

1  Power's sixth affirmative defense, business justification, asserts only that Power's conduct was
2  "justified under the circumstances," whatever that means. These defenses do no more than refer
3  to a legal doctrine without any explanation of how Power's factual allegations might render that
4  doctrine applicable. As such, they are insufficient. *See Quabon.com*, 315 F. Supp. at 1049 (in an
5  affirmative defense, "reference to a doctrine, like a reference to statutory provisions, is
6  insufficient notice"). Because even a liberal reading of the rest of Power's Answer reveals only
7  one allegation of conduct by Facebook – Facebook's prohibition on the solicitation or sharing of
8  user login information – Facebook cannot determine how that conduct has anything to do with the
9  affirmative defenses asserted.

10  In any event, Power should not be able to use these conclusory affirmative defenses as a
11  way to bring its inadequately-pled antitrust claims back into the case. Because they have no
12  factual content, it is impossible to tell what facts support these affirmative defenses and whether,
13  for example, they are simply another way to allege that Facebook violated federal and state
14  antitrust and unfair competition laws. Thus, for the same reasons that Power's counterclaims
15  should be dismissed, Power's affirmative defenses should be stricken.[3]

16  **IV.   CONCLUSION**

17  Power's counterclaims should be dismissed without leave to amend. Though leave to
18  amend is generally given freely, "permission to amend may be withheld if the plaintiff does not
19  have at least colorable grounds for relief. . . ." *Doe ex. rel. Doe v. School Dist. of City of Norfolk*,
20  340 F.3d 605, 616 (9th Cir. 2003). Power's counterclaims lack any allegations suggesting that it

---

[3] Power's equitable defenses (estoppel, unclean hands, business justification) cannot apply to Facebook's unfair competition claim, even if they were alleged with specificity. *See Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163, 179 (2000) ("equitable defenses may not be asserted to wholly defeat a UCL claim since such claims arise out of unlawful conduct"). And as a general matter, equitable defenses do not apply to claims that a California statute has been violated. *See Ticconi v. Blue Shield of California Life & Health Ins. Co.*, 160 Cal. App. 4th 528, 543 (2008) ("Courts have long held that the equitable defense of unclean hands is not a defense to an unfair trade or business practices claim based on violation of a statute. To allow such a defense would be to judicially sanction the defendant for engaging in an act declared by statute to be void or against public policy."); *see also Ghory v. Al-Lahham*, 209 Cal. App. 3d 1487, 1492 (1989) (rejecting equitable defense of unjust enrichment against claim that wage laws were violated and stating that "[p]rinciples of equity cannot be used to avoid a statutory mandate.").

is entitled to relief. Based on its narrative description of Facebook's policies and Power's professed refusal to abide by them to "liberate Internet users," Power is unlikely to be able to plead a colorable ground for relief under federal or state antitrust law or the California Business & Professions Code. Similarly, Power's affirmative defenses provide no notice to Facebook as to the facts underlying the defenses, and the defenses should therefore be stricken.

Dated: September 2, 2009

JESSICA S. PERS
Orrick, Herrington & Sutcliffe LLP

/s/ *Jessica S. Pers*
JESSICA S. PERS
Attorneys for Plaintiff and Counterdefendant
FACEBOOK, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 2, 2009.

Dated: September 2, 2009　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　/s/　　　　　*Jessica S. Pers*
　　　　　　　　　　　　　　　　　　　　　　　　　　JESSICA S. PERS