\*\*E-Filed 10/22/2009\*\*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>           Plaintiff,<br><br>    v.<br><br>POWER VENTURES, INC.; STEVEN VACHANI; DOE 1, d/b/a POWER.COM; and DOES 2-25,<br><br>           Defendants. | Case Number C 08-5780 JF (RS)<br><br>ORDER[1] GRANTING MOTION TO DISMISS COUNTER-COMPLAINT AND STRIKE AFFIRMATIVE DEFENSES AND VACATING HEARING DATE<br><br>[re: doc. no. 49] |

## I. BACKGROUND

On January 13, 2009 Plaintiff Facebook, Inc. ("Facebook"), the developer and operator of a popular social networking site, filed its First Amended Complaint ("FAC") alleging that Defendants Power Ventures, Inc. and Power.com and Steve Vachini (collectively, "Power") operate an Internet service that collects user information from Facebook's website in violation of the Controlling the Assault of Non-Solicited Pornography and Marketing ("CAN-SPAM") Act, 15 U.S.C. § 7701, *et seq*.; the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 *et*

---

[1] This disposition is not designated for publication in the official reports.

*seq*.; and California Penal Code § 502.  Facebook also alleges that Power committed direct and indirect copyright infringement when it made copies of Facebook's website during the process of extracting user information.  Facebook claims that the means by which Power accessed the Facebook website violated the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201, *et seq*.  Facebook also asserts claims for relief based on state and federal trademark law and under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq*.  Power moved to dismiss counts 4 through 8 and for a more definite statement of the FAC.  On May 11, 2009, the Court denied the motion to dismiss and denied in part and granted in part the motion for a more definite statement.  On June 10, 2009, Facebook filed a more definitive statement with respect to count 8, which alleges that Power violated the UCL.

On July 7, 2009, Power filed an Answer and Counter-Complaint alleging violations by Facebook of Sections 1 and 2 of the Sherman Act (15 U.S.C. §§ 1,2), the California Cartwright Act (§§ 16,720 et seq.) and Section 17200 of the California Business and Professions Code.  On September 2, 2009, Facebook moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and to strike Power's affirmative defenses pursuant to Fed. R. Civ. P. 12(f)(2).  The briefing on the instant motions is complete, and pursuant to Civil Local Rule 7-1(b), the Court has determined that the motions are appropriate for determination without oral argument.

## II.  Motion to Dismiss

A complaint may be dismissed for failure to state a claim upon which relief may be granted if a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Allegations of material fact must be taken as true and construed in the light most favorable to the nonmoving party.  *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998), *see also Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1997).  However, the Court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.  *See Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001); *see also Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive motion to dismiss).  Leave to amend should

2

Case No. C 08-5780 JF (RS)
ORDER GRANTING MOTION TO DISMISS COUNTER-COMPLAINT AND STRIKE AFFIRMATIVE DEFENSES AND VACATING HEARING DATE
(JFLC1)

be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F. 3d 245, 248 (9th Cir. 1995).

Power's Answer and Counter-Complaint contains a seven and a half page "Introduction and Background" narrative untethered to any specific claim. The claims themselves each consist of a conclusory recitation of the applicable legal standard and a general "reference [to] all allegations of all prior paragraphs as though fully set forth herein." Answer and Counter-Complaint ¶¶ 167-179. Facebook argues persuasively that this form of pleading does not enable the Court to surmise which facts in the introductory narrative support which claims, if in fact they do. Moreover, antitrust claims require a "higher degree of particularity in the pleadings." *Lorenzo v. Qualcomm Inc.*, 603 F.Supp.2d 1291, 1298-99 ("The allegations in the complaint 'may not evade [antitrust] requirements by merely alleging a bare legal conclusion.' *Rutman Wine Co. v. E. & J. Gallo Winery,* 829 F.2d 729, 736 (9th Cir.1987). '[A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed,' especially in light of the fact that "antitrust discovery can be expensive.' *1299 *Twombly,* 550 U.S. at 544, 127 S.Ct. 1955.") "California courts similarly demand a "high degree of particularity in the pleading of Cartwright Act violations.' *Lorenzo*, 603 F.Supp.2d at 1299*,* citing *G.H.I.I. v. MTS, Inc.,* 147 Cal.App.3d 256, 265, 195 Cal.Rptr. 211 (1983).

### III. Motion to Strike Affirmative Defenses

"Affirmative defenses are governed by the same pleading standard as complaints." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). While Ninth Circuit cases recognize that "striking a party's pleadings is an extreme measure," *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (9th Cir. 2000), "an affirmative defense [must provide] plaintiff [with] fair notice of the defense." *Mag Instrument, Inc. v. JS Prods.*, 595 F. Supp. 2d 1102, 1107 (C.D. Cal. 2008). Power's affirmative defenses contain no factual allegations. *See e.g.* ¶ 164 (stating solely, "Facebook's recovery against Defendants is barred by the doctrine of unclean hands.") Instead, as is the case with Power's counterclaims, the pleading refers back to the "Introduction

3

and Background" section with the phrase "conduct, as described herein." *See e.g.* Answer and Counter-Complaint ¶¶ 161-163 (asserting the affirmative defenses of copyright misuse, trademark misuse, and estoppel).

## IV. ORDER

Good cause therefor appearing, Facebook's motions to dismiss and strike affirmative defenses will be GRANTED. Because it is not entirely clear that at least some of the deficiencies in Power's pleading could not be cured by amendment, leave to amend is appropriate. Any amended pleading shall be filed within thirty (30) days of the date this order. The hearing date on the instant motion is hereby vacated.

**IT IS SO ORDERED.**

DATED: October 22, 2009

_____
JEREMY FOGEL
United States District Judge

Case No. C 08-5780 JF (RS)
ORDER GRANTING MOTION TO DISMISS COUNTER-COMPLAINT AND STRIKE AFFIRMATIVE DEFENSES AND VACATING HEARING DATE
(JFLC1)

This Order was served on the following persons:

Alan R Plutzik     aplutzik@bramsonplutzik.com

David P. Chiappetta     dchiappetta@perkinscoie.com, aleverton@perkinscoie.com, docketmp@perkinscoie.com, jcutler@perkinscoie.com, jmccullagh@perkinscoie.com

I. Neel Chatterjee     nchatterjee@orrick.com, adalton@orrick.com, jpers@orrick.com, kmudurian@orrick.com, mawilliams@orrick.com

Jessica Susan Pers     jpers@orrick.com

Joseph Perry Cutler     JCutler@perkinscoie.com

Julio Cesar Avalos     javalos@orrick.com, aako-nai@orrick.com, adalton@orrick.com

Lawrence Timothy Fisher     ltfisher@bramsonplutzik.com, moldenburg@bramsonplutzik.com

Scott A. Bursor     scott@bursor.com

Thomas J. Gray     tgray@orrick.com, vcloyd@orrick.com

5

Case No. C 08-5780 JF (RS)
ORDER GRANTING MOTION TO DISMISS COUNTER-COMPLAINT AND STRIKE AFFIRMATIVE DEFENSES AND VACATING HEARING DATE
(JFLC1)