1   I. NEEL CHATTERJEE (STATE BAR NO. 173985)
    nchatterjee@orrick.com
2   THOMAS J. GRAY (STATE BAR NO. 191411)
    tgray@orrick.com
3   JULIO C. AVALOS (STATE BAR NO. 255350)
    javalos@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
5   Menlo Park, CA  94025
    Telephone:     +1-650-614-7400
6   Facsimile:      +1-650-614-7401

7   JESSICA S. PERS (STATE BAR NO. 77740)
    jpers@orrick.com
8   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
9   405 Howard Street
    San Francisco, CA  94105-2669
10  Telephone:     +1-415-773-5700
    Facsimile:      +1-415-773-5759

11

12  Attorneys for Plaintiff
    FACEBOOK, INC.

13
                    UNITED STATES DISTRICT COURT
14
                  NORTHERN DISTRICT OF CALIFORNIA
15
                        SAN JOSE DIVISION
16

17

18  FACEBOOK, INC.,                        Case No.  5:08-cv-05780 JF (RS)

19              Plaintiff,                 **NOTICE OF MOTION, MOTION
                                           AND MEMORANDUM OF POINTS
                                           AND AUTHORITIES FOR
20       v.                                JUDGMENT ON THE PLEADINGS
                                           PURSUANT TO FED. R. CIV. P. 12(C)
21  POWER VENTURES, INC. a Cayman Island   OR, IN THE ALTERNATIVE,
    Corporation; STEVE VACHANI, an         PARTIAL SUMMARY JUDGMENT
    individual; DOE 1, d/b/a POWER.COM,    OF LIABILITY UNDER
22  DOES 2-25, inclusive,                  CALIFORNIA PENAL CODE §
                                           502(C)**
23              Defendants.
                                           Date:        February 26, 2010
24                                         Time:        9:00 a.m.
                                           Judge:       Hon. Jeremy D. Fogel
25                                         Courtroom:  3

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on  February 26, 2010 at 9:00 am or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Jeremy D. Fogel, United States District Court, 280 S. First Street, San Jose, CA 95113, Facebook, Inc. ("Facebook") will move the court for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) or, in the alternative, motion for summary judgment on Facebook's second cause of action for violation of California Penal Code Section 502(c) against Defendants Power Ventures, Inc. and Steven Vachani (collectively, "Power").   These motions are based on the Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, all pleadings on file in this action, oral argument of counsel, and any other matter that may be submitted at the hearing

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................................1

II.   STATEMENT OF UNDISPUTED MATERIAL FACTS ......................................1

    A.    Access To and Use of Facebook Is Limited .................................................1

    B.    Facebook allows interactions with other websites ........................................2

    C.    Power's Illegal Activities ..............................................................................3

        1.    Power Knowingly Accesses Facebook's Computer Servers Without Authorization ....................................................................................3

        2.    Power Circumvents Facebook's Technological Blocking Measures ..........3

III.  ARGUMENT .........................................................................................................4

    A.    Judgment On The Pleadings Standard ...........................................................4

    B.    Power Has Violated California Penal Code 502(c)(1)-(4) and 502(c)(7) ..............5

        1.    There Are No Facts In Dispute Regarding The Elements Of A 502(c) Violation ...................................................................................5

        2.    Facebook's Terms Of Use Are Enforceable As A Matter Of Law ............8

    C.    Facebook Is Entitled To Injunctive Relief To Stop Power's Impermissible Access To Its Systems ...................................................................................9

IV.   CONCLUSION ......................................................................................................9

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Am. Online, Inc. v. LCGM, Inc.*,
   46 F. Supp. 2d 444 (E.D. Va. 1998)....................................................................7

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) .....................................4

*Celotex Corp. v. Catrett*,
   477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) .....................................5

*Chi-Mil Corp. v. W.T. Grant Co.*,
   70 F.R.D. 352 (E.D. Wis. 1976) ..........................................................................4

*EF Cultural Travel BV v. Zefer Corp.*,
   318 F.3d 58 (1st Cir. 2003).....................................................................................6

*EF Cultural Travel BV v. Explorica, Inc.*,
   274 F.3d 577 (1st Cir. 2001)...................................................................................7

*FEC v. Adams*,
   558 F. Supp. 2d 982 (C.D. Cal. 2008)..................................................................4

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
   896 F.2d 1542 (9th Cir. 1990) ..............................................................................4

*Local Motion, Inc. v. Niescher*,
   105 F.3d 1278 (9th Cir. 1997) ..............................................................................8

*Register.com, Inc. v. Verio, Inc.*,
   126 F. Supp. 2d 238 (S.D.N.Y. 2000).............................................................7, 9

*Southwest Airlines v. Farechase, Inc.*,
   318 F. Supp. 2d 435 (N.D. Tex. 2004).................................................................8

*Shurgard Storage Ctrs., Inc. v. Safeguard Self Storage, Inc.*,
   119 F. Supp. 2d 1121 (W.D. Wash. 2000) ..........................................................8

*ViChip Corp. v. Lee*,
   438 F. Supp. 2d 1087 (N.D. Cal. 2006)................................................................4

## STATE CASES

*Cairo, Inc. v. Crossmedia Services, Inc., No. C 04-4825 JW*,
   2005 U.S. Dist. LEXIS 8450 (N.D. Cal. Apr. 1, 2005)........................................9

*Chem v. New York Life Ins. Co., No. C 97-1780 SBA*,
   1997 U.S. Dist. LEXIS 20054 (N.D. Cal. Oct. 21, 1997) ....................................8

*Facebook, Inc. v. ConnectU LLC, et al.*,
   489 F. Supp. 2d 1087 (N.D. Cal. 2007)................................................................8

OHS West:260792905.6                                   - ii -

FACEBOOK'S MOTION FOR JUDGMENT ON THE PLEADINGS
OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT OF
LIABILITY CASE NO. 5:08-CV-05780 JF

1

**TABLE OF AUTHORITIES**
(continued)

2
                                                                                        **Page**

3   *Facebook, Inc. v. Wallace, No. C 09-798 JF,*
       2009 U.S. Dist. LEXIS 107771 (N.D. Cal. Oct. 29, 2009) ....................................8
4
   *Facebook, Inc. v. Guerbuez*, No. C08-03889 JF,
5      2008 U.S. Dist. LEXIS 108921, *2 (N.D. Cal. Nov. 21, 2008) ............................8

6   *Greenwich Ins. Co. v. Media Breakaway, LLC, No. CV08-937 CAS,*
       2009 U.S. Dist. LEXIS 63454 (C.D. Cal. Jul. 22, 2009 )......................................4
7

8                              **FEDERAL STATUTES**

9   California Penal Code § 502...................................................................... 1, 5, 6, 8, 9

10  Computer Fraud and Abuse Act ................................................................ 6, 7, 8

11  Federal Rule of Civil Procedure 12(c) ..........................................................1

12  Fed. R. Civ. P. 56(c)..................................................................................4, 5

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                **MEMORANDUM OF POINTS AND AUTHORITIES**

2   **I.**       **INTRODUCTION**

3          Facebook, Inc. ("Facebook") moves this court for Judgment on the Pleadings pursuant to

4   Federal Rule of Civil Procedure 12(c) with respect to its second cause of action or, in the

5   alternative, for Summary Judgment with respect to that claim.  Defendants Power Ventures, Inc.

6   and Steven Vachani (herein collectively referred to as "Power") have admitted certain facts set

7   forth in Facebook's complaint.  Based upon those admissions, no dispute of material fact exists

8   regarding Facebook's claim under California Penal Code § 502.  Accordingly, judgment on the

9   pleadings on Facebook's California Penal Code § 502 claim is warranted.

10         The following facts are not in dispute.  Power accessed the Facebook website in violation

11   of Facebook's Terms of Use.  When Facebook tried to stop Power, Power worked around

12   Facebook's technical barriers.  When Facebook asked Power to say it will not access the website

13   without authorization, Power would not give assurances.

14         Power's only defense is a legal one: it argues that Facebook's Terms of Use are "legally

15   unenforceable."  This Court has repeatedly found this argument meritless and should do so again

16   here.  Given the indisputable liability, a permanent injunction should be entered stopping Power

17   from soliciting or storing Facebook login information, accessing or attempting to access

18   Facebook's website and computer systems or engaging in any other unlawful activity.

19   **II.**      **STATEMENT OF UNDISPUTED MATERIAL FACTS**

20         The following factual allegations from Facebook's First Amended Complaint (Dkt. No. 9)

21   are admitted by Power in its Amended Answer (Dkt. No. 54) ("Amended Answer").

22        **A.**      **Access To and Use of Facebook Is Limited**

23         "Facebook owns and operates the widely popular social networking website located at

24   http://www.facebook.com."  Amended Answer ¶ 2. "Facebook users register with a unique user

25   name and password."  *Id.* ¶ 21. "Before Facebook activates a username and permits a user access

26   to certain features of the Facebook website, the user must agree to Facebook's Terms of Use,

27   which set forth the acceptable terms of use of its computer network and prohibit users from

28   conducting certain activities."  *Id.* ¶ 29; *see also* Dkt. No. 38,  May 11, 2009 Order Denying

Motion to Dismiss at p 2 ("Every Facebook user must register before using the website, and registration requires the user to assent to Facebook's Terms of Use, which essentially is a user agreement that sets forth the acceptable terms of use"). Specifically, "Facebook's Terms of Use require Facebook users to abide by certain rules of user conduct." *Id.* ¶ 30 "In exchange for the free service, the users agree they will refrain from":

> a.    soliciting personal information from anyone under 18 or soliciting passwords or personally identifying information for commercial or unlawful purposes;
>
> b.    using or attempting to use another's account, service or system without authorization from Facebook, or creating a false identity on Facebook;
>
> c.    using automated scripts to collect information from or otherwise interact with the Facebook website;
>
> d.    impersonating any person or entity, or falsely stating or otherwise misrepresenting oneself;
>
> e.    uploading, posting, transmitting sharing or otherwise making available any unsolicited or unauthorized advertising, solicitations, promotional materials, junk mail, spam, chain letters, pyramid schemes or any other form of solicitation;
>
> f.    harvesting or collecting email addresses or other contact information of other users from Facebook by electronic or other means for purposes of sending unsolicited emails or other unsolicited communications;
>
> g.    registering for more than one User account or falsely stating or otherwise misrepresenting oneself; and
>
> h.    using Facebook's website for commercial use without the express permission of Facebook.

*Id.* ¶ 30.

**B.    Facebook allows interactions with other websites**

The parties agree that Facebook permits integration with third-party websites through the Facebook Connect service. *Id.* ¶ 28; Amended Answer ¶ 28 ("Defendants admit that Facebook permits limited integration with third party websites through Facebook Connect"). "Facebook Connect "allows users to 'connect' their Facebook identity, friends and privacy to any site using a trusted authentication interface. This interface ensures that Facebook users only provide their

- 2 -

1  login information to Facebook, and that this sensitive information is stored only on Facebook's

2  secure servers – not the servers of the third party websites.  By offering Facebook Connect,

3  Facebook enables users to integrate with other sites without compromising Facebook's

4  commitment to safeguard its users' privacy and security."  FAC ¶ 28.  "Facebook does not permit

5  third party access to Facebook user profile data unless such third parties use Facebook Connect."

6  *Id.*  Power has not agreed to the Facebook Connect terms of use.

### C.      Power's Illegal Activities

#### 1.      Power Knowingly Accesses Facebook's Computer Servers Without Authorization.

10  The material facts relating to Power's improper accessing of Facebook's servers are not in

11  dispute.   Power admits that it "permits users to enter their account information to access the

12  Facebook site through Power.com."  Amended Answer ¶ 18; *see also* ¶¶ 45, 50 (same).  To this

13  end, Power concedes that it has "developed computer software and other automated devices and

14  programs to access and obtain information from the Facebook website for aggregating services."

15  *Id.* ¶ 74.  This means of "accessing" and "obtaining information" is commonly known as

16  "scraping," a well-recognized form of cyber-attack on the Internet involving the trespass to a

17  computer server. Following the trespass, Power has admitted that it copied and stored all the

18  Facebook data files necessary to display the Facebook website through the Power browser.  *Id.* ¶

19  75 ("Defendants admit that Power creates temporary cached copies of the Facebook website in

20  order to display it through the Power browser.").  Blankly, Power admits that it "provided users

21  with tools necessary to access Facebook through Power.com."  *Id.* ¶ 64.

22  Power concedes that "[a]t no time have Defendants received permission from Facebook

23  to represent that solicitation of Facebook username and passwords was authorized or endorsed by

24  Facebook."  *Id.* ¶ 53.

#### 2.      Power Circumvents Facebook's Technological Blocking Measures.

26  On December 1, 2008, Facebook notified Vachani that "Power.com's access of

27  Facebook's website and servers was unauthorized and violated Facebook's rights, including

28  Facebook's trademark, copyrights, and business expectations with its users."  FAC ¶ 57;

1    Amended Answer ¶ 57.  At first, Power expressed its agreement to abide by Facebook's Terms

2    and "integrate Power.com with Facebook Connect."  Amended Answer ¶ 58.  But on December

3    26, Mr. Vachani sent an e-mail to Facebook stating Power's "business decision" to continue its

4    website's unauthorized use of Facebook user login credentials and unauthorized access to

5    Facebook's computers until it was able to fully implement Facebook's Connect service.  FAC ¶

6    63; Amended Answer ¶ 63; *see also* Declaration of Julio C. Avalos In Support of Facebook's

7    Motion for Summary Judgment ("Avalos Decl.") Exhibit A, a true and correct copy of Mr.

8    Vachani's e-mail as well as other correspondence between Mr. Vachani and Facebook's counsel.

9         It is undisputed that "Facebook implemented technical measures to block users from

10   accessing Facebook through Power.com."  Amended Answer ¶ 63.  But despite these blocking

11   efforts, Power admits that it subsequently "provided [its] users with tools necessary to access

12   Facebook through Power.com."  *Id.* ¶ 64.

13   **III.    ARGUMENT**

14        **A.    Judgment On The Pleadings Standard**

15        "Judgment on the pleadings is proper when the moving party clearly establishes on the

16   face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to

17   judgment as a matter of law."  *FEC v. Adams*, 558 F. Supp. 2d 982, 987 (C.D. Cal. 2008)

18   (quoting *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990)).

19   "Judgment on the pleadings may be granted as to fewer than all of the claims, or as to part of a

20   claim."  *Id.*, citing, *Chi-Mil Corp. v. W.T. Grant Co.*, 70 F.R.D. 352, 358 (E.D. Wis. 1976).

21        Similarly, summary judgment is appropriate where "there is no genuine issue as to any

22   material fact" and "the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P.

23   56(c).  "Material facts are those which may affect the outcome of the case."  *ViChip Corp. v. Lee*,

24   438 F. Supp. 2d 1087, 1092-93 (N.D. Cal. 2006) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

25   242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).  "The moving party has the initial burden of

26   identifying relevant portions of the record that demonstrate the absence of a fact or facts

27   necessary for one or more essential elements of each cause of action upon which the moving

28   party seeks judgment."  *Greenwich Ins. Co. v. Media Breakaway, LLC*, No. CV08-937 CAS,

1   2009 U.S. Dist. LEXIS 63454, *13 (C.D. Cal. Jul. 22, 2009 ) (citing *Celotex Corp. v. Catrett*, 477

2   U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

3        "If the moving party has sustained its burden, the nonmoving party must then identify

4   specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material

5   facts on the elements that the moving party has contested." *Id.*, citing, Fed. R. Civ. P. 56(c).

6   Power has admitted the truth of the factual allegations giving rise to Facebook's claims.  There

7   are no further material facts in dispute.

8        **B.**    **Power Has Violated California Penal Code 502(c)(1)-(4) and 502(c)(7)**

9            **1.**    **There Are No Facts In Dispute Regarding The Elements Of A 502(c)**

10               **Violation**

11        Facebook is entitled to summary judgment on this claim.  There are no disputed material

12   facts relating to the fact that (i) Defendants are registered Facebook users, (ii) that all Facebook

13   users are required to agree to Facebook's Terms of Use, (iii) that the recitation of Facebook's

14   Terms of Use in Paragraph 30 of the FAC is accurate, and (iv) that those terms expressly prohibit

15   various of Defendants' acts.

16        California Penal Code Section 502(e)(1) provides a civil cause of action for the owner or

17   lessee of the computer or computer network who suffers damage or loss as a result of a violation

18   of Section 502(c).  Compensatory damages, equitable relief, punitive damages and attorney fees'

19   are all recoverable under the statute.  *See* Penal Code § 502(e)(1).  A "public offense" in violation

20   of California Penal Code 502(c) is established when a person:

21             (1)    Knowingly access and without permission alters, damages,
22   deletes, destroys, or otherwise uses any data, computer, computer
          system, or computer network in order to either (A) devise or
23   execute any scheme or artifice to defraud, deceive, or extort, or (B)
          wrongfully control or obtain money, property, or data.

24             (2)    Knowingly accesses and without permission takes, copies,
          or makes use of any data from a computer, computer system, or
25   computer network, or takes or copies any supporting
          documentation, whether existing or residing internal or external to a
26   computer, computer system or computer network.

27             (3)    Knowingly and without permission uses or causes to be
          used computer services.

28

> (4)    Knowingly accesses and without permission adds, alters, damages, deletes, or destroys any data, computer software, or computer programs which reside or exist internal or external to a computer, computer system, or computer network.
>
> …
>
> (7)    Knowingly and without permission accesses or causes to be accessed any computer, computer system, or computer network.

Power has admitted facts sufficient to establish a violation of Section 502.

Power has admitted to knowingly accessing and without permission taking, copying, and/or making use of Facebook login information data.  Defendants have admitted that "that they operate a website, www.power.com, which offers to integrate multiple social networking accounts into a single experience on Power.com."  Amended Answer ¶ 5.  Power has admitted that it "permits users to enter their account information to access the Facebook site through Power.com."  *Id.* ¶ 18; *see also* ¶¶ 45, 50 (same).  As Defendants succinctly concede: they have "developed computer software and other automated devices and programs to access and obtain information from the Facebook website for aggregating services." ¶ 74.  Indeed, Power's knowing access was so brazen, they continued to "provide[] users with tools necessary to access Facebook through Power.com," *id.* ¶ 64, even after "Facebook implemented technical measures to block users from accessing Facebook through Power.com."  *Id.* ¶ 63.  Following the trespass, Power has admitted that it copied, took and stored all the Facebook data files necessary to display the Facebook website through the Power browser.  *Id.* ¶ 75 ("Defendants admit that Power creates temporary cached copies of the Facebook website in order to display it through the Power browser.").

Power's actions were indisputably without permission because they exceeded the terms of use.  In determining whether computer access was without permission under the California Penal Code, the Court may look to the analogous Computer Fraud and Abuse Act, where courts have repeatedly held that "unauthorized access" or "access in excess of authorized access" is established when a user engages in computer use that violates the terms of a contract made between the user and the computer owner (such as a website's terms of use).  *See, e.g.*, *EF Cultural Travel BV v. Zefer Corp.*, 318 F.3d 58, 62 (1st Cir. 2003) (noting that "[a] lack of

1    authorization could be established by an explicit statement on the website restricting access,"

2    giving rise to a Computer Fraud and Abuse Act violation if a website user thereafter violated the

3    terms of use); *EF Cultural Travel BV v. Explorica, Inc.*, 274 F.3d 577, 581-582 (1st Cir. 2001)

4    (finding that defendant's use of a computerized "scraper" program to take information from

5    plaintiff's website likely exceeded authorized access where such use at least implicitly violated an

6    agreement between the parties); *Southwest Airlines v. Farechase, Inc.*, 318 F. Supp. 2d 435, 439-

7    40 (N.D. Tex. 2004) (finding that Southwest sufficiently stated a CFAA claim where Southwest

8    had directly informed the defendant that its scraping of southwest.com was unauthorized);

9    *Register.com, Inc. v. Verio, Inc.*, 126 F. Supp. 2d  238, 253 (S.D.N.Y. 2000) (finding that plaintiff

10   successfully established that defendant's use of its website was unauthorized within the meaning

11   of the CFAA simply by virtue of the fact that plaintiff objected to defendant's use); *Am. Online,*

12   *Inc. v. LCGM, Inc.*, 46 F. Supp. 2d 444, 450-451 (E.D. Va. 1998) (concluding that defendants'

13   use of AOL membership to harvest e-mail addresses of AOL users was unauthorized because

14   such actions violated AOL's terms of service).

15          Defendants admit that they (like all registered users) were required to agree to Facebook's

16   Terms of Use.  *See* Amended Answer ¶ 29.  Defendants agree that these Terms "set forth the

17   acceptable terms of use of its [Facebook's] computer network and prohibit users from conducting

18   certain activities."  *Id.*  Defendants agree that Facebook's terms prohibit, among other things,

19   "using automated scripts to . . . interact with the Facebook website," "falsely stating or otherwise

20   misrepresenting oneself," "uploading, posting, transmitting, sharing, or otherwise making

21   available any unsolicited or unauthorized advertising, solicitations, promotional materials, junk

22   mail, spam, chain letters, pyramid schemes or any other form of solicitation," "harvesting or

23   collecting email addresses or other contact information of other users from Facebook by

24   electronic or other means for purposes of sending unsolicited emails or other unsolicited

25   communications," and "using Facebook's website for commercial use without the express

26   permission of Facebook."  Amended Answer ¶ 30.  Power's actions, including its accessing and

27   scraping of Facebook as well as its spam promotional campaign, appear to have violated each of

28   these provisions.

1        Facebook has suffered damage or loss.  Facebook has been forced to commit corporate

2 resources to deal with the repeated attacks by Power, including Power's admitted circumvention

3 of Facebook's technological blocking measures.  Defendants admit that on December 26, 2008,

4 Facebook "implemented technical measures to block users from accessing Facebook through

5 Power.com" *Id.* ¶ 63.  Power circumvented these blocking measures, and admittedly continued to

6 "provide[] [its] users with tools necessary to access Facebook through Power.com," i.e.,

7 continued to scrape the Facebook site and to provide unauthorized access to Facebook in

8 contravention of the Facebook Terms of Use.  *Id.* ¶ 64.  Power's circumvention resulted in their

9 "creating temporary cached copies of the Facebook website in order to display it through the

10 Power browser" to third-parties.  Amended Answer ¶¶ 64, 75.  The time and resources invested

11 by Facebook in tracking Power's attacks, blocking Power's attacks, and then fielding even more

12 attacks after Power's admitted circumvention are cognizable injuries demonstrating damage or

13 loss under the computer trespass statutes.  *See Shurgard Storage Ctrs., Inc. v. Safeguard Self*

14 *Storage, Inc.*, 119 F. Supp. 2d 1121, 1126 (W.D. Wash. 2000) (holding that damage under the

15 Computer Fraud and Abuse Act includes impairment to the integrity or availability of data, a

16 program, a system or information).  *See also* California Penal Code § 502(e)(1).

17        **2.**     <u>**Facebook's Terms Of Use Are Enforceable As A Matter Of Law.**</u>

18        Power's sole defense is that Facebook's terms of use are unenforceable.  The

19 enforceability of Facebook's Terms of Use is a legal question.  *See Local Motion, Inc. v.*

20 *Niescher*, 105 F.3d 1278, 1280 (9th Cir. 1997) (cited in *Chem v. New York Life Ins. Co.*, No. C

21 97-1780 SBA, 1997 U.S. Dist. LEXIS 20054 (N.D. Cal. Oct. 21, 1997) ("The enforceability of a

22 contract presents a question of law")).  This Court has enforced Facebook's Terms of Use.  *See*,

23 *e.g.*, *Facebook, Inc. v. ConnectU LLC, et al.*, 489 F. Supp. 2d 1087, 1090-91 (N.D. Cal. 2007)

24 (enforcing provisions of the Terms of Use); *Facebook, Inc. v. Wallace*, No. C 09-798 JF, 2009

25 U.S. Dist. LEXIS 107771 (N.D. Cal. Oct. 29, 2009) (same); *see also Facebook, Inc. v. Guerbuez*,

26 No. C08-03889 JF, 2008 U.S. Dist. LEXIS 108921, *2 (N.D. Cal. Nov. 21, 2008) (entering

27 permanent injunction prohibiting, inter alia, Defendant from "violating, or assisting or inducing

28 others to violate, Facebook's Terms of Use").  The Court has also specifically enforced click-

1   through agreements forbidding scraping. *See*, *e.g.*, *Cairo, Inc. v. Crossmedia Services, Inc.*, No. C

2   04-4825 JW, 2005 U.S. Dist. LEXIS 8450, *12-14 (N.D. Cal. Apr. 1, 2005) (enforcing terms

3   included in website's terms of use where website was accessed by an automated bot scraping

4   program and noting that "[w]hile new commerce on the Internet has exposed courts to many new

5   situations, it has not fundamentally changed the principles of contract.  It is standard contract

6   doctrine that when a benefit is offered subject to stated conditions, and the offeree makes a

7   decision to take the benefit with knowledge of the terms of the offer, the taking constitutes

8   acceptance of the terms, which accordingly become binding on the offeree.") (quoting

9   *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 403 (2d Cir. 2004)).  It cannot be disputed that

10  Facebook's Terms are legally enforceable on registered Facebook users.

11          **C.**     **Facebook Is Entitled To Injunctive Relief To Stop Power's Impermissible**

12                  **Access To Its Systems.**

13        California Penal Code Section 502(e)(1) provides in pertinent part that "[t]he owner . . . of

14  the computer, computer system, computer network, computer program, or data who suffers

15  damage or loss by reason of a violation of any of the provisions of subdivision (c) may bring a

16  civil action against the violator for compensatory damages *and injunctive relief or other equitable*

17  *relief*" (emphasis added).  Power has demonstrated that unless enjoined, it will continue to refuse

18  to abide by Facebook's Terms of Use.  Power has previously gone so far as to circumvent

19  technological blocking measures instituted by Facebook to keep Power from attacking its servers.

20  Facebook respectfully requests that the Court enter a permanent injunction ordering Power and its

21  agents and/or assigns not to further access Facebook's site, service, and servers without first

22  agreeing to the Facebook Terms of Use and/or terms of the Facebook Connect program and

23  should be further ordered to abide by those Terms of Use.

24  **IV.**    **CONCLUSION**

25        For the foregoing reasons, Facebook respectfully requests that the Court grant Facebook's

26  Motion for Judgment on the Pleadings, or, in the alternative, Summary Judgment on its second

27  cause of action.

28

Dated: December 23, 2009

ORRICK, HERRINGTON & SUTCLIFFE LLP


/s/ Jessica S. Pers
JESSICA S. PERS
Attorneys for Plaintiff
FACEBOOK, INC.


## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 23, 2009.

Dated: December 23, 2009

Respectfully submitted,


/s/          Jessica S. Pers
JESSICA S. PERS

OHS West:260792905.6

- 10 -