**E-Filed 12/17/2009**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARAM HOVSEPIAN,<br><br>               Plaintiff,<br><br>   v.<br><br>APPLE, INC.,<br><br>               Defendant. | Case Number 08-5788 JF (PVT)<br><br>ORDER[1] (1) GRANTING DEFENDANT'S MOTION TO DISMISS WITH LIMITED LEAVE TO AMEND AND (2) GRANTING WITHOUT PREJUDICE DEFENDANT'S MOTION TO STRIKE<br><br>[Re: Docket Nos. 54, 55] |

     Plaintiff Aram Hovsepian ("Hovsepian") brings this putative class action on behalf of all persons similarly situated who purchased iMAC G5 personal computers from Defendant Apple, Inc. ("Apple"). Apple moves to dismiss the second amended complaint ("SAC") for failure to state a claim upon which relief may be granted. Apple also moves to strike Hovsepian's class allegations. The Court heard oral argument on December 4, 2009. For the reasons set forth below, the motion to dismiss will be granted, with limited leave to amend. The motion to strike

---

[1] This disposition is not designated for publication in the official reports.

Case Nos. 08-5788
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LIMITED LEAVE TO AMEND AND GRANTING WITHOUT PREJUDICE DEFENDANT'S MOTION TO STRIKE
(JFEX1)

also will be granted, without prejudice.

## I. BACKGROUND

Hovsepian, a Florida resident, purchased an iMac in October 2006. Hovsepian SAC ¶ 17. Hovsepian alleges that vertical lines began to appear on the display screen in March 2008, eventually causing a visual obstruction that rendered the display screen unusable. *Id.* ¶¶ 1, 17. He claims that Apple knew of or recklessly ignored the existence of the defect that caused premature failure of the display screens, and that Apple failed to take remedial action or remove the defective computers from the marketplace. *Id.* ¶¶ 2-3. Hovsepian alleges that Apple has chosen not to take remedial action because the defect tends to arise after the expiration of the product's one-year express warranty. *See id.* ¶ 13. Finally, Hovsepian claims that "thousands" of purchasers have experienced this problem and that Apple is well aware of the issue. *Id.* ¶ 9.

Hovsepian seeks to bring claims on behalf of a class comprised of all persons and entities in the United States who made original purchases of an iMac computer. *Id.* ¶ 42. He asserts the following claims for relief under California law: (1) violation of the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750; (2) unfair, unlawful, or fraudulent business practices in violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; (3) fraudulent omission; (4) unjust enrichment; and (5) a judicial declaration, pursuant to 28 U.S.C. § 2201, that Apple's one-year limitation on warranty claims is void, invalid and unenforceable.

## II. LEGAL STANDARD

**A. Standard of Review for a Motion to Dismiss**

A complaint may be dismissed for failure to state a claim upon which relief may be granted if a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Allegations of material fact must be taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1997). *See also Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). However, the Court need not accept as true allegations that are

2

conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). *See also Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive motion to dismiss).

On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)*; N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). However, under the "incorporation by reference" doctrine, the Court also may consider documents which are referenced extensively in the complaint and which are accepted by all parties as authentic. *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999). Leave to amend should be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F. 3d 245, 248 (9th Cir. 1995).

**B. Standard of Review for a Motion to Strike**

Federal Rule of Civil Procedure 12(f) provides that the Court may strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citations omitted), *overruled on other grounds*, *Fogerty v. Fantasy, Inc.,* 510 U.S. 517 (1994).

Under Rules 23(c)(1)(A) and 23(d)(1)(D), as well as pursuant to Rule 12(f), this Court has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained. In order to certify a class, the class must be ascertainable. *Bishop v. Saab Auto. A.B.*, 1996 U.S. Dist. LEXIS 22890, at *13-14 (C.D. Cal. Feb. 16, 1996). In addition, the requirements under Federal Rule of Civil Procedure 23(a) must be satisfied.[2]

---

[2] Fed. R. Civ. P. 23(a): One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the

3

Finally, Plaintiff must satisfy one of the more stringent prerequisites set forth in Rule 23(b).

### III. DISCUSSION

**A. Hovsepian's SAC**

As a threshold matter, the parties disagree with respect to whether Hovsepian's CLRA and UCL claims are subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b). This issue recently was addressed by the Ninth Circuit in *Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009), which reiterated that "Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL" where such claims are based on a fraudulent course of conduct. *Id*. at 1124 (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102-05 (9th Cir. 2003)). Because Hovsepian's CLRA and UCL claims are predicated on allegedly fraudulent omissions by Apple, those claims are subject to the pleading requirements of Rule 9(b). *See Kearns*, 567 F.3d at 1124; *Vess*, 317 F.3d at 1103-04 (if "the claim is said to be 'grounded in fraud' or to 'sound in fraud,' [then] the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b).").

    1. CLRA Claim

Hovsepian alleges that Apple actively concealed material facts with respect to the alleged defect in violation of Cal. Civ. Code § 1770 (a)(5) and § 1770 (a)(7). Hovsepian SAC ¶ 87. Apple contends that the facts as currently alleged fail to state a cognizable claim under the CLRA, citing *Daugherty v. American Honda Motor Co., Inc*., 144 Cal. App. 4th 824 (2006). In *Daugherty*, the plaintiff alleged that an auto manufacturer knowingly concealed a latent defect that arose only after the expiration of the express warranty, and that such allegations formed a cognizable claim under the same provisions of the CLRA at issue in the instant action. *Id.* at 833-34. However, the Court of Appeal concluded that "although a claim may be stated under the CLRA in terms constituting fraudulent omissions, to be actionable the omission must be contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose." *Id*. at 835. *See also Bardin v. DaimlerChrysler Corp*., 136 Cal. App. 4th

class.

4

1255, 1276 (2006) (CLRA claim requires allegations that manufacturer was "'bound to disclose' [the defect]…or allege[] facts showing [that the manufacturer] ever gave any information of other facts which could have the likely effect of misleading the public").

Like the original complaint and FAC, Hovsepian's SAC does not state with sufficient particularity when and where Apple made an affirmative representation, if any, that contradicts its alleged omissions. Instead, the operative pleading makes conclusory allegations as to Apple's course of conduct. SAC ¶ 37 ("Apple has responded by implementing a corporate policy of concealing and uniformly denying in all public forums the existence of the Defect and to 'running [sic] out the clock' on the warranties that accompanied the iMac."). Such generalized allegations do not provide the "'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106 (citation omitted). Accordingly, Hovsepian has not stated a cognizable CLRA claim based upon statements made in contradiction to a fraudulent omission.

Hovsepian nonetheless argues that the second theory of liability discussed in *Daugherty*—based upon an affirmative duty to disclose—is alleged adequately. A plaintiff may "successfully pursue a CLRA claim [based on a fraudulent omission], despite *Daugherty* and *Bardin*, if [the manufacturer] was 'obliged to disclose' the potential for problems." *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1094 (N.D. Cal. 2007). A duty to disclose exists if one of the following four circumstances is present: (1) the defendant is in a fiduciary relationship with the plaintiff; (2) the defendant has exclusive knowledge of material facts not known to the plaintiff; (3) the defendant actively conceals a material fact from the plaintiff, or (4) the defendant makes partial representations but also suppresses some material facts. *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 337 (1997). Hovsepian argues that he has alleged adequately the second and third *LiMandri* factors, both of which "require the existence of a material fact." *Falk*, 496 F. Supp. 2d at 1095. Materiality exists if the omitted information would cause a reasonable consumer to behave differently if he or she were aware of the information. *See Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 971 (N.D. Cal. 2008). *See also Falk*, 496 F. Supp. 2d at 1095 ("Materiality, for CLRA claims, is judged by the effect on a 'reasonable consumer.'")

5

(citation omitted).

Again, the SAC fails to comply with Rule 9(b). The pleading contains only generalized allegations with respect to exclusive knowledge and active concealment. Moreover, generalized allegations with respect to consumer expectations also are insufficient to meet Rule 9(b)'s heightened pleading requirements, especially when the alleged defect has manifested itself more than one year after the expiration of the express warranty. *See Oestreicher*, 544 F. Supp. 2d at 971 ("consumer expectations are…subjective and likely unreliable, and…usage will greatly vary from consumer to consumer.").

The weight of applicable case law casts doubt on the basic viability of Hovsepian's CLRA claim. *See id.* at 972. The SAC represents Hovsepian's third attempt to articulate a cognizable claim and he has failed to do so despite express guidance from the Court. As a result, the claim will be dismissed without leave to amend.[3]

### 2. UCL Claim

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Civ. Code § 17200, *et seq*. Accordingly, "[a]n act can be alleged to violate any or all of the three prongs of the UCL—unlawful, unfair, or fraudulent." *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (2007). For an action based upon an allegedly unlawful business practice, the UCL "borrows violations of other

---

[3] Hovsepian relies heavily on *Falk* for the proposition that an allegation of a disappointed consumer expectation will defeat a motion to dismiss a CLRA claim. However, as discussed by the *Oestreicher* court in some detail, knowledge that a product is likely to fail at some point cannot give rise by itself to an actionable claim because "[s]uch knowledge is easily demonstrated by the fact that manufacturers must predict rates of failure of particular parts in order to price warranties and thus can always be said to 'know' that many parts will fail after the warranty period has expired. A rule that would make failure of a part actionable based on such 'knowledge' would render meaningless time/mileage limitations in warranty coverage." *Oestreicher*, 544 F. Supp. 2d at 972 (quoting *Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 250 (2d Cir.1986)). *Falk* involved the failure of vehicle speedometers, an essential safety feature that a manufacturer may have a duty to disclose. *See id.* ("policy reasons militate against following *Falk* in this situation—where a duty to disclose is being imposed on a manufacturer for a latent non-safety related defect in its product.").

6
Case Nos. 08-5788
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LIMITED LEAVE TO AMEND AND GRANTING WITHOUT PREJUDICE DEFENDANT'S MOTION TO STRIKE
(JFEX1)

laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). A UCL claim predicated on unfair business practices may be grounded upon a violation of a statute, *see Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995), or be a "standalone" claim based on an alleged act that "violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1473 (2006). *See also Cel-Tech*, 20 Cal. 4th at 180 ("[A] practice may be deemed unfair even if not specifically proscribed by some other law."). A claim based upon the fraud prong may be brought based upon conduct akin to common-law fraud or an alleged course of conduct that is likely to deceive the public. *Bardin*, 136 Cal. App. 4th at 1274 ("A violation can be shown even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage. Instead, it is only necessary to show that members of the public are likely to be deceived.").

As discussed above, to the extent that Hovsepian's UCL claim is grounded on a course of fraudulent conduct, the pleading is subject to Rule 9(b). *See Kearns*, 567 F.3d at 1125. Moreover, *Kearns* held that a UCL claim based on an alleged omission is subject to Rule 9(b), and if a complaint alleges a fraudulent course of conduct, the plaintiff cannot avoid Rule 9(b) by attempting to allege consumer deception without pleading additional allegations. *See id.* at 1126-27. The same rule applies to any claim brought under the unfair prong of the UCL. *See id.* at 1127 ("Because Kearns's [complaint] alleges a unified fraudulent course of conduct, his claims against Ford are grounded in fraud. His entire complaint must therefore be pleaded with particularity. Thus, the [complaint] was properly dismissed and no error was committed by not separately analyzing his claims under the unfairness prong of the UCL."). Similarly, and for the reasons discussed above in Section III.A.1, a derivative UCL claim based on a CLRA violation has not been pled adequately here.

Even assuming that Hovsepian may assert a claim under the unfair prong of the UCL without being subject to Rule 9(b) pleading requirements, the operative complaint fails to state a

claim. A standalone claim under the unfair prong of the UCL requires that "the consumer injury is substantial, is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could reasonably have avoided." *Daugherty*, 144 Cal. App. 4th at 839. However, "[t]he failure to disclose a defect that might, or might not, shorten the effective life span of [a product] that functions precisely as warranted throughout the term of its express warranty cannot be characterized as causing a substantial injury to consumers, and accordingly does not constitute an unfair practice under the UCL." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1026-27 (9th Cir. 2008) (quoting *Daugherty*, 144 Cal. App. 4th at 839). In the instant action, the display screens did operate properly during the one-year express warranty period. Generalized allegations with respect to consumer expectations, *see* Hovsepian SAC ¶ 23 ("Many current studies suggest that an average LCD screen should last at least 5 years of normal usage without significant screen degradation.") or a statement that Apple "knew" that the screens would fail at some point, *Id.* ¶ 25, are not sufficient. *See Bardin*, 136 Cal. App. 4th at 1273 ("the 'right' upon which plaintiffs actually rely here—the right to have a vehicle containing an exhaust manifold that lasts as long as an 'industry standard' cast-iron exhaust manifold—is one based on a contract such as a warranty, not on a legislatively declared policy. No law generally requires a manufacturer to use the most expensive or most durable materials in the manufacture of its products."). Accordingly, the UCL claim will be dismissed without leave to amend.

### 3. Fraudulent Omissions

Under California law, the elements of a common-law claim for fraudulent omission are: (1) the defendant concealed or suppressed a material fact; (2) the defendant was under a duty to disclose the fact to the plaintiff; (3) the defendant intentionally concealed or suppressed the fact with intent to defraud the plaintiff; (4) the plaintiff was unaware of the fact and would have acted differently if he had known of the concealed or suppressed fact; and (5) as a result of the concealment or suppression the plaintiff sustained damage. *See Hahn v. Mirda*, 147 Cal. App. 4th 740, 748 (2007).

As discussed earlier, the SAC fails to describe with specificity representations made by Apple with respect to the LCD that would give rise to a duty to disclose the defect alleged. However, because the elements of a common law fraud claim may be somewhat easier to satisfy than those of Hovsepian's statutory claim, this claim will be dismissed with leave to amend for further elaboration as to whether such a duty existed and as to the means by which Apple actively concealed a known defect from its customers.

### 4. Unjust Enrichment

Hovsepian's claim for unjust enrichment is premised on the same alleged course of conduct that underlies his CLRA, UCL, and fraudulent omission claims. *See* SAC ¶ 95 (incorporating by reference previous allegations); ¶ 99 ("Defendant has been unjustly enriched at the expense of and detriment to Plaintiff and the Class by wrongfully collecting money to which Defendant, in equity, is not entitled."). In other words, the claim for unjust enrichment cannot stand alone as an independent claim for relief. *See Jogani v. Superior Court*, 165 Cal. App. 4th 901, 911 (2008) ("unjust enrichment is not a cause of action. Rather, it is a general principle underlying various doctrines and remedies, including quasi-contract.") (citation omitted). *See also Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003) ("there is no cause of action in California for unjust enrichment. 'The phrase "Unjust Enrichment" does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so.'") (quoting *Lauriedale Assocs., Ltd. v. Wilson*, 7 Cal. App. 4th 1439, 1448 (1992)). Because Hovsepian again has failed to allege a substantive claim for relief, the claim for unjust enrichment also will be dismissed without leave to amend. *See Oestreicher*, 544 F. Supp. 2d at 975 ("since plaintiff's fraud-based claims have been dismissed, plaintiff has no basis for its unjust enrichment claim."). *See also Sanders v. Apple Inc.*, No. C 08-1713, 2009 WL 150950, at *9 (N.D. Cal. Jan. 21, 2009) ("[unjust enrichment] claim will depend upon the viability of the Plaintiffs' other claims.").

### 5. Declaratory Relief

An action for declaratory relief requires an actual case or controversy. *See Williams v.*

*Alioto*, 549 F.2d 136, 141 n.4 (9th Cir. 1977). Because the Declaratory Judgment Act "merely provides an additional remedy in cases where jurisdiction is otherwise established," *Staacke v. U.S. Secretary of Labor*, 841 F.2d 278, 280 (9th Cir. 1988), and the Hovsepian SAC again does not state an independent claim for relief, Apple's motion to dismiss the claim for declaratory relief will be granted with leave to amend.

**B. Apple's Motion to Strike Class Claims**

Apple seeks to strike the class allegations from Hovsepian's SAC pursuant to Fed. R. Civ. P. 12(f) because the class as currently defined fails to meet the requirements of Fed. R. Civ. P. 23. Hovsepian's SAC represents his third attempt to plead a putative class. Like the original complaint and FAC, the SAC fails to state a valid class claim against Apple.

First, the class is not ascertainable because it includes members who have not experienced any problems with their iMac display screens. Such members have no injury and no standing to sue. Second, the class is not maintainable under Rule 23(b)(3) because it includes members who can have no claim against Apple. For example, the putative class includes members who (a) did not purchase the particular iMac model or the type of iMac screen that Hovsepian alleges is defective and (b) experienced the alleged defect after their warranty expired. Finally, the class is not maintainable under Rules 23(b)(1) or Rule 23(b)(2). These types of class actions are not suitable for actions where recovery of money damages is the primary relief sought by the plaintiff. The purpose of this lawsuit is money damages. These pleading deficiencies are present despite the fact that Hovsepian has been given two opportunities to amend his complaint. Accordingly, the class allegations will be struck without prejudice, pending amendment of Hovsepian's common law fraudulent concealment claim.

## IV. ORDER

Good cause therefor appearing, the motion to dismiss the Hovsepian SAC is GRANTED, with limited leave to amend the complaint to provide further factual specificity in support of its claim that under common law Apple had a duty to disclose the alleged defect to its customers and, assuming that it did, that it actively concealed the alleged defect from its customers. Apple's motion to strike the class allegations is GRANTED without prejudice.

DATED: December 17, 2009

                                                            _____
                                                            JEREMY FOGEL
                                                            United States District Judge