1  I. NEEL CHATTERJEE (STATE BAR NO. 173985)
   nchatterjee@orrick.com
2  THOMAS GRAY (STATE BAR NO. 191411)
   tgray@orrick.com
3  JULIO C. AVALOS (STATE BAR NO. 255350)
   javalos@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
5  Menlo Park, CA  94025
   Telephone:   +1-650-614-7400
6  Facsimile:    +1-650-614-7401

7  Attorneys for Plaintiff
   FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| FACEBOOK, INC., | Case No.  5:08-cv-05780 JF (RS) |
|---|---|
| Plaintiff, | **FACEBOOK INC.'S OBJECTIONS TO THE DECLARATION OF STEVE VACHANI SUBMITTED IN SUPPORT OF DEFENDANTS' OPPOSITION TO FACEBOOK'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(C) OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT OF LIABILITY UNDER CALIFORNIA PENAL CODE SECTION 502(C)** |
| v. | |
| POWER VENTURES, INC. a Cayman Island Corporation; STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, DOES 2-25, inclusive, | |
| Defendants. | |
| | Date:    February 26, 2010<br>Time:    9:00 a.m.<br>Judge:   Hon. Jeremy D. Fogel<br>Courtroom: 3 |

OHS West:260845054.1

OBJECTIONS TO VACHANI DECLARATION
5:08-CV-05780 JF (RS)

Dockets.Justia.com

Plaintiff Facebook, Inc. ("Facebook") respectfully submits the following objections to the declaration testimony of Steve Vachani relied upon by Defendants Power Ventures, Inc. and Steve Vachani ("Power") in their Opposition to Facebook's Motion For Judgment On The Pleadings, Or, In the Alternative, Partial Summary Judgment of Liability Under California Penal Code Section 502(c).

## GENERAL OBJECTIONS

To the extent that Mr. Vachani's testimony is submitted in support of Facebook's Motion for Judgment on the Pleadings, that testimony is inadmissible. The Court may rule on such a motion based solely on the allegations and admissions contained in the pleadings. *See United States v. 14.02 Acres*, 547 F.3d 943, 955 (9th Cir. 2008) ("[A]s a general rule, a district court may not consider materials not originally included in the pleadings in deciding a Rule 12 motion").

## SPECIFIC OBJECTIONS

| Testimony | Objection |
|---|---|
| 3. "Though Facebook 'does not assert any ownership' over this User Content, Facebook does attempt to prevent users from copying it—to make it difficult for users to port their User Content to other websites. This gives Facebook an unfair competitive advantage because users will be less likely to join a new social networking website if the user is unable to port his contacts and other User Content without laboriously re-typing and/or re-uploading each item." (Vachani Decl., Dkt. No. 65 at 1:13-17) | *Impermissible Opinion Testimony By Lay Witness* (Fed. R. Evid. 701). Mr. Vachani's testimony relating to "unfair competitive advantage" involves a legal conclusion not "rationally based on the perception of the witness," "not helpful to a clear understanding of the witness' testimony or the determination of a fact in issue," and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *Irrelevant* (Fed. R. Evid. 401; 402). Under Federal Rule of Evidence 401, "'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." |

| | | |
|---|---|---|
| 1 | | Under Federal Rule of Evidence 402, "[e]vidence which is not relevant is not admissible." |
| 2 | | |
| 3 | | |
| 4 | | Mr. Vachani's declaration was submitted in support of Defendants' Opposition to Facebook's Motion for Judgment on the Pleadings or for summary judgment on Facebook's cause of action for computer trespass pursuant to California Penal Code 502(c).  Testimony relating to Facebook's alleged "unfair competitive advantage" has no tendency to make the existence of any fact of consequence to Facebook's motion (that is, whether or not Power has impermissibly accessed Facebook's computer servers) more or less probable.  The testimony is thus irrelevant. |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | 4. "Thus, even if Power offers new technology that is superior to Facebook. . . , a user is not likely to migrate to that new technology if doing so would require, for example, re-typing hundreds of entries in an address book stored in the user's Facebook account.  So, while Facebook 'does not assert any ownership' over the user's address book, Facebook does employ a variety of measures to make it very difficult to copy it." (*Id.* 1:18-22) | *Impermissible Opinion Testimony By Lay Witness* (Fed. R. Evid. 701). |
| 12 | | |
| 13 | | Mr. Vachani's testimony is not "rationally based on the perception of the witness," "not helpful to a clear understanding of the witness' testimony or the determination of a fact in issue," and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | *Irrelevant* (Fed. R. Evid. 401; 402). |
| 18 | | Under Federal Rule of Evidence 401, "'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." |
| 19 | | |
| 20 | | |
| 21 | | Under Federal Rule of Evidence 402, "[e]vidence which is not relevant is not admissible." |
| 22 | | |
| 23 | | Mr. Vachani's declaration was submitted in support of Defendants' Opposition to Facebook's Motion for Judgment on the Pleadings or for summary judgment on Facebook's cause of action for computer trespass pursuant to California Penal Code 502(c).  Testimony relating to Power's allegedly "superior" "new technology" or Facebook's alleged employment of a "variety of measures to make it very difficult to . . . copy" user content has no tendency to make the existence of any fact of consequence to Facebook's motion more |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

| | | |
|---|---|---|
| | | or less probable.  The testimony is thus irrelevant. |
| | 7. "Facebook does not allege that any data, any software, or any computer owned by Facebook has been damaged in any way by users accessing their accounts through the Power browser—**and in fact no such damage has occurred**." (*Id*. 2:1-3) | *Impermissible Opinion Testimony By Lay Witness* (Fed. R. Evid. 701). <br><br> Mr. Vachani's testimony is not "rationally based on the perception of the witness." Mr. Vachani has no personal knowledge—and has had no personal perception—of Facebook's servers, nor whether or not any damage has in fact occurred to those servers, computers, or the data or software stored therein. <br><br> Additionally, Mr. Vachani's testimony **lacks foundation** as to his knowledge of internal Facebook affairs or whether any "damage has occurred." |
| | 8. "Actions by users to access their own accounts and to copy their own User Content through the Power browser are not 'attacks.'  **These users employed a utility that is commonplace in the industry and which Facebook itself makes available to its users to access accounts on other websites**." (*Id*. 2:4-7) | *Impermissible Opinion Testimony By Lay Witness* (Fed. R. Evid. 701). <br><br> Mr. Vachani's testimony is not "rationally based on the perception of the witness," "not helpful to a clear understanding of the witness' testimony or the determination of a fact in issue," and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." <br><br> Mr. Vachani has not been established as an expert witness capable of testifying on what utilities are commonplace in the social networking industry. <br><br> *Irrelevant* (Fed. R. Evid. 401; 402). <br><br> Under Federal Rule of Evidence 401, "'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." <br><br> Under Federal Rule of Evidence 402, "[e]vidence which is not relevant is not admissible." <br><br> Mr. Vachani's declaration was submitted in support of Defendants' Opposition to Facebook's Motion for Judgment on the Pleadings or for summary judgment on |

| | | |
|---|---|---|
| | | Facebook's cause of action for computer trespass pursuant to California Penal Code 502(c). Testimony relating to whether or not utilities used to scrape data off of websites are "commonplace in the industry" or whether "Facebook itself makes available to its users to access accounts on other websites" such utilities is irrelevant to the question of whether Power itself has utilized such utilities to impermissibly access the Facebook website. The testimony is thus irrelevant. |
| | 9. "The pleadings establish that Facebook 'implemented technical measures to block users from accessing Facebook through Power.com. **These technical measures were quite simple**. …" (*Id*. 2:8-10) (internal citations omitted) | *Impermissible Opinion Testimony By Lay Witness* (Fed. R. Evid. 701).<br><br>Mr. Vachani's testimony is not "rationally based on the perception of the witness," "not helpful to a clear understanding of the witness' testimony or the determination of a fact in issue," and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."<br><br>Mr. Vachani has failed to establish that he had any personal knowledge or perception of Facebook's "technical measures," let alone whether those measures were "quite simple."<br><br>Additionally, Mr. Vachani's testimony **lacks foundation** as to his knowledge of internal Facebook affairs or the technical measures Facebook implemented to block Power's access to Facebook's servers. |
| | 10. "The Power browser does not provide any capability to cause the alteration, deletion, damage, or destruction of a computer system, computer network, computer program, or data." (*Id*. 2:23-25) | *Impermissible Opinion Testimony By Lay Witness* (Fed. R. Evid. 701).<br><br>Mr. Vachani's testimony is not "rationally based on the perception of the witness," "not helpful to a clear understanding of the witness' testimony or the determination of a fact in issue," and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."<br><br>The determination of whether "Power's browser" does or does not "provide any capability to cause the alteration, deletion, damage, or destruction of a computer system, computer network, computer program, or data," is a legal one. Mr. Vachani has not been established as an expert capable of providing an opinion on an ultimate issue pursuant to Rule |

| | | |
|---|---|---|
| | | 704, nor is his legal conclusion "rationally based on the perception of the witness." |
| | 11. "I am not aware of any instance in which use of the Power browser caused any alteration, damage, deletion or destruction to any of Facebook's data or computers. **That did not happen and could not have happened**." (*Id.* 2:26-28) | *Impermissible Opinion Testimony By Lay Witness* (Fed. R. Evid. 701).<br><br>Mr. Vachani's testimony is not "rationally based on the perception of the witness," "not helpful to a clear understanding of the witness' testimony or the determination of a fact in issue," and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."<br><br>Mr. Vachani has failed to establish that he had any personal knowledge or perception of what "happen[ed]" or "could not have happened" on Facebook's computer servers, networks, systems, or to the data contained thereon.<br><br>Additionally, Mr. Vachani's testimony **lacks foundation** as to his knowledge of internal Facebook affairs. |
| | 12. "Upon learning that users were accessing their accounts through the Power browser, Facebook would have no reason to believe that its computer system, computer network, computer program, or data had been altered, deleted, damaged, or destroyed by such access.  Facebook is familiar with the utilities used by the Power browser because Facebook itself has used similar utilities for years.  Thus Facebook should have been aware, and so far as I could tell was aware, that it had no cause for such concern. . . . Facebook did not, to my knowledge, make any expenditure to verify that its computers or data had not been altered, deleted, damaged, or destroyed." (*Id.* 3:1-6; 3:8-9) | *Impermissible Opinion Testimony By Lay Witness* (Fed. R. Evid. 701).<br><br>Mr. Vachani's testimony involves a legal conclusion not "rationally based on the perception of the witness," "not helpful to a clear understanding of the witness' testimony or the determination of a fact in issue," and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  Mr. Vachani has no personal knowledge relating to what Facebook believed, would have reason to believe, what Facebook is familiar with, what Facebook "should have been aware of," or whether Facebook made any expenditures.<br><br>Additionally, Mr. Vachani's testimony **lacks foundation** as to his knowledge of internal Facebook affairs. |
| | 13. "Facebook's only response was to block access through Power's IP address.  Facebook's decision to block Power's IP address was a pure business decision with only one realistic purpose: to thwart a potential competitor from implementing new technology that may prove superior to Facebook's technology.  Facebook's decision to block Power's IP address was in no | *Impermissible Opinion Testimony By Lay Witness* (Fed. R. Evid. 701).<br><br>Mr. Vachani's testimony involves a legal conclusion not "rationally based on the perception of the witness," "not helpful to a clear understanding of the witness' testimony or |

| | |
|---|---|
| sense a 'reasonable' or 'necessary' measure to verify that the Facebook computers or data had not been altered, deleted, damaged, or destroyed. Facebook had no need for such verification, and IP blocking has nothing to do with such verification." (*Id*. 3:10-16) | the determination of a fact in issue," and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."<br><br>Additionally, Mr. Vachani's testimony **lacks foundation** as to his knowledge of internal Facebook affairs. |
| 15. "The Power browser was not intended to and is not capable of wrongfully controlling or obtaining money, property or data. … Nor, to my knowledge, was the Power browser ever used for such purposes." (*Id*. 3:22-24) | <u>*Impermissible Opinion Testimony By Lay Witness* (Fed. R. Evid. 701).</u><br><br>Mr. Vachani's testimony involves a legal conclusion not "rationally based on the perception of the witness," "not helpful to a clear understanding of the witness' testimony or the determination of a fact in issue," and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." |
| 16. "No data owned by Facebook has ever been altered or destroyed from such access. And the only data that was 'copied' or 'used' in any substantial way was the user's own User Content, and only for such purposes as were specifically directed by the user." (*Id*. 3:27-4:1-2) | <u>*Impermissible Opinion Testimony By Lay Witness* (Fed. R. Evid. 701).</u><br><br>Mr. Vachani's testimony involves a legal conclusion not "rationally based on the perception of the witness," "not helpful to a clear understanding of the witness' testimony or the determination of a fact in issue," and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."<br><br>Additionally, Mr. Vachani's testimony **lacks foundation** as to his knowledge of internal Facebook affairs or whether any "data owned by Facebook has ever been altered or destroyed from such accesse." |

| | | |
|---|---|---|
| 1 | Dated: February 24, 2010 | I. NEEL CHATTERJEE |
| 2 | | THOMAS GRAY |
| | | JULIO C. AVALOS |
| 3 | | Orrick, Herrington & Sutcliffe LLP |

                                            /s/ Julio C. Avalos
                                    _____
                                         JULIO C. AVALOS
                                       Attorneys for Plaintiff
                                         FACEBOOK, INC.