1  I. NEEL CHATTERJEE (STATE BAR NO. 173985)
   nchatterjee@orrick.com
2  JESSICA S. PERS (STATE BAR NO. 77740)
   jpers@orrick.com
3  THOMAS J. GRAY (STATE BAR NO. 191411)
   tgray@orrick.com
4  JULIO C. AVALOS (STATE BAR NO. 255350)
   javalos@orrick.com
5  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
6  Menlo Park, CA  94025
   Telephone:    +1-650-614-7400
7  Facsimile:    +1-650-614-7401

8  Attorneys for Plaintiff
   FACEBOOK, INC.

9
                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11
                        SAN JOSE DIVISION
12

13
   FACEBOOK, INC.,                          Case No.  5:08-cv-05780 JF (RS)
14
              Plaintiff/Counterclaim        **FACEBOOK, INC.'S CASE**
15            Defendants,                    **MANAGEMENT STATEMENT**

16       v.                                  Date:       February 26, 2010
                                             Time:       9:00 a.m.
17  POWER VENTURES, INC. a Cayman Island     Judge:      Hon. Jeremy D. Fogel
   Corporation; STEVE VACHANI, an            Courtroom:  3
18  individual; DOE 1, d/b/a POWER.COM,
   DOES 2-25, inclusive,
19
              Counterclaimants/
20            Defendants.

21

22

23

24

25

26

27

28

1    This Court has set the Initial Case Management Conference for February 26, 2010.

2    Facebook, Inc. hereby submits the following case management statement.  In light of the pending

3    motions, Facebook requests that the Court conduct another Case Management Conference

4    approximately 30 days after the resolution of the pending motions to discuss the scheduling and

5    discovery issues set forth below.

6    **I.      JURISDICTION AND SERVICE:**

7         The parties agree that this Court has subject matter jurisdiction over Plaintiff's claims and

8    Defendants' counterclaims under 28 U.S.C. §§ 1331, 1367.  The parties also agree that the venue

9    is proper under 28 U.S.C. § 1391(b).  Facebook has asserted a number of federal claims, such as

10   the CAN-SPAM Act, 15 U.S.C. § 7201 et seq.; the Computer Fraud and Abuse Act, 18 U.S.C. §

11   1030 et seq.; the Digital Millennium Copyright Act, 17 U.S.C. § 101 et seq.; as well as federal

12   copyright and trademark infringement claims.  Power.com has alleged federal antitrust claims

13   under 15 U.S.C. § 2.

14   **II.     FACTS**

15        Facebook owns and operates the widely popular social networking website located at

16   http://www.facebook.com.  The Facebook website and the servers upon which they are hosted are

17   private property belonging to Facebook.  Facebook regulates access to its property through a

18   variety of measures, including its Terms of Use.  Also, the parties agree that Facebook permits

19   authorized integration with third-party websites through the Facebook Connect service.  This

20   interface ensures that Facebook users only provide their login information to Facebook.  By

21   offering Facebook Connect, Facebook enables users to integrate with other sites without

22   compromising Facebook's commitment to safeguard its users' privacy and security.  For security

23   reasons, Facebook does not permit third party access to Facebook user profile data unless such

24   third-parties use Facebook Connect.

25        Power operates the website located at www.power.com. By its own admission, Power

26   does not operate a social networking site of its own.  Rather, the Power service aggregates data

27   scraped from a variety of other social networking sites.  For instance, Power uses login

28   information obtained from a registered Facebook user to access the Facebook servers, locate that

user's data (including, necessarily, that of that user's Facebook friends), and then copies that data to Power's own servers.  That data is then displayed through the Power "browser" on the Power.com website.  In order to copy a user's data, Power must make cached copies of Facebook's website, over which Facebook has copyright and trademark rights.

The Power defendants refuse to use Facebook Connect to access the Facebook site.  They believe that they should have free access to Facebook's servers and the data contained thereon, notwithstanding Facebook's express demands that Power stop.  Further, the Power defendants believe that Facebook's efforts to police the integrity of its website and regulate access thereto are *per se* anti-competitive.  Facebook disagrees and believes that it is allowed to regulate access to its computer systems.

In addition to impermissibly scraping data from Facebook's servers, Power has also misutilized certain internal programs on the Facebook site in order to send mass, commercial spam messages to Facebook users urging them to join the Power service.

## III.   LEGAL ISSUES

1.   Did Defendants violate the CAN-SPAM Act, 15 U.S.C. § 7701 et seq.?

2.   Did Defendants violate the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq.?

3.   Did Defendants violate California Penal Code § 502?

4.   Did Defendants infringe Facebook's copyrights?

5.   Did Defendants violate the Digital Millennium Copyright Act,  17 U.S.C. § 101 et seq.?

6.   Did Defendants infringe Facebook's trademarks?

7.   Did Defendants commit unlawful, unfair or fraudulent business practices in violation of California Business & Professions Code § 17200?

8.   What damages are available to Facebook?

9.   What other remedies are available to Facebook?

10.   Did Facebook violate antitrust laws?

11.   Did Facebook commit unlawful, unfair or fraudulent business practices in violation of California Business & Professions Code § 17200?

12.   What damages, if any, are available to Defendants?

13.     What other remedies, if any, are available to Defendants?

## IV.     MOTIONS

### A.     Pending Motions

Currently pending before the Court are:

1.     Facebook's Motion for Judgment on the Pleadings Pursuant to Fed.R.Civ.P. 12(c) or, in the Alternative Partial Summary Judgment of Liability Under California Penal Code § 502(c);

2.     Facebook's Motion to Dismiss Counterclaims and Strike Affirmative Defenses; and

3.     Defendants' Motion for Summary Judgment.

### B.     Anticipated Motions

If the case continues after the Court issues its rulings on the pending motions, Facebook reserves the right to file additional dispositive motions, such as other motions for summary judgment, as well as discovery motions and motions in limine.

## V.     AMENDED PLEADINGS

The Court's rulings on the currently pending motions will determine if any future amendments are necessary.  Facebook does not anticipate any further amendments to its pleadings, but reserves the right to do so.

## VI.     EVIDENCE PRESERVATION

Facebook has taken appropriate measure to preserve relevant evidence.

## VII.     INITIAL DISCLOSURES

The parties have not yet exchanged Rule 26 disclosures.

## VIII.     DISCOVERY

The parties have not yet conducted any discovery.  The Court's rulings on the currently pending motions likely will significantly impact the scope and timing of discovery.

## IX.     CLASS ACTIONS

This is not a class action case.

## X.     RELATED CASES

There are no related cases.

## XI.     RELIEF

Facebook prays for injunctive relief and monetary damage to be proven at trial.  The bases for Plaintiff's monetary damages include compensatory, statutory, and punitive damages as permitted by law.

## XII.     SETTLEMENT AND ADR

The parties engaged in an ADR mediation session on December 14, 2009.  The session was facilitated by mediator Daralyn Durie, who has filed papers with the Court indicating that the ADR process is not yet complete and that further facilitated discussions are expected.  *See* Dkt. No. 59.  Consistent with the Certification of ADR Session filed on December 28, 2009, the parties are expected to engage in further settlement discussions prior to March 14, 2010.  *Id.* Such discussions would be appropriate following determination of the parties' pending dispositive motions and following the start of discovery.

## XIII.     CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties have not consented to a magistrate judge.

## XIV.     OTHER REFERENCES

Facebook does not believe the case is suitable for other references at this time.

## XV.     NARROWING OF ISSUES

Facebook believes the Court's rulings on the currently pending motions likely will narrow the issues, if not resolve the case in its entirety.

## XVI.     EXPEDITED SCHEDULES

In light of the pending motions Facebook lacks significant information to determine whether the case can be expanded or streamlined.

## XVII.    SCHEDULING

In light of the pending motions, Facebook lacks sufficient information to propose a schedule for the case.

## XVIII. TRIAL

Facebook has requested a jury trial.  In light of the pending motions, Facebook lacks

1    sufficient information to estimate the length of trial.

2    **XIX.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES AND PERSONS**

3           Pursuant to Civil L.R. 3-16 Facebook certifies that as of this date, other than the named

4    parties, there are no further interested entities or persons in this action that would affect the

5    outcome of this litigation.

6    **XX.    OTHER MATTERS**

7           Facebook believes that it lacks sufficient information at this early stage of the litigation to

8    identify other matters that may facilitate the just, speedy and inexpensive disposition of this

9    matter, other than the pending motions.  As set forth above, in light of the pending motions,

10   Facebook requests that the Court conduct another Case Management Conference approximately

11   30 days after the resolution of the pending motions to discuss the scheduling and discovery

12   issues.

13

14   Dated: February 25, 2010              I. NEEL CHATTERJEE
                                           THOMAS J. GRAY
15                                         JULIO C. AVALOS
                                           JESSICA S. PERS
16                                         Orrick, Herrington & Sutcliffe LLP

17

18                                         /s/ *Thomas J. Gray*
                                                THOMAS J. GRAY
19                                              Attorneys for Plaintiff
                                                FACEBOOK, INC.

20

21

22

23

24

25

26

27

28