# EXHIBIT 2

Department of Commerce for the 12-month period ending in the third quarter of the prior fiscal year.

(b) Any school district or private school whose real or personal property has been willfully cut, defaced, or otherwise injured; or whose property is loaned to a pupil and willfully not returned upon demand of an employee of the district or private school authorized to make the demand may, after affording the pupil his or her due process rights, withhold the grades, diploma, and transcripts of the pupil responsible for the damage until the pupil or the pupil's parent or guardian has paid for the damages thereto, as provided in subdivision (a).

The school district or private school shall notify the parent or guardian of the pupil in writing of the pupil's alleged misconduct before withholding the pupil's grades, diploma, or transcripts pursuant to this subdivision. When the minor and parent are unable to pay for the damages, or to return the property, the school district or private school shall provide a program of voluntary work for the minor district or private school shall provide a program of voluntary work for the minor work, the grades, diploma, and transcripts of the pupil shall be released.

The governing board of each school district or governing body of each private school shall establish rules and regulations governing procedures for the implementation of this subdivision. The procedures shall conform to, but are not necessarily limited to, those procedures established in this code for the expulsion of pupils.

EXPLANATORY NOTES CH 948:

Ed C § 48904. (1) Amended the first paragraph of subd (a) by (a) adding the comma after "employed by", after "services for", and after "employee"; and (b) substituted "seven thousand five hundred dollars ($7,500)" for "five thousand dollars ($5,000)" both times it appears; and (2) added the second paragraph of subd (b).

# CHAPTER 949

(Assembly Bill No. 2551)

An act to amend Section 502 of the Penal Code, relating to computers.

[Approved by Governor September 7, 1984. Filed with Secretary of State September 10, 1984.]

## LEGISLATIVE COUNSEL'S DIGEST

AB 2551. Farr. Computers.

Under existing law, the malicious access, alteration, deletion, damage, or destruction of a computer system, network, program, or data is a public offense and a felony.

This bill would add to that category of offenses the disruption of the operation of a computer system, network, program, or data. The bill would classify specified unauthorized access as a public offense, punishable as specified, depending on whether there is injury, as defined, and would express certain legislative findings and intent relating to that offense. The bill would make certain changes in the definition of the term "computer system." The bill would provide certain civil remedies, as specified.

The bill would create a state-mandated local program by the imposition of new crimes.

Article XIII B of the California Constitution and Sections 2231 and 2234 of the Revenue and Taxation Code require the state to reimburse local agencies and school districts for certain costs mandated by the state. Other provisions require the Department of Finance to review statutes disclaiming these costs and provide, in certain cases, for making claims to the State Board of Control for reimbursement.

However, this bill would provide that no appropriation is made and no reimbursement is required by this act for a specified reason.

*The people of the State of California do enact as follows:*

SECTION 1. The Legislature recognizes that the computer has now become an integral part of society. Because of this pervasiveness, the Legislature recognizes the need to protect the rights of owners and legitimate users of computer systems, as well as the privacy interests of the general public, from those who abuse these systems.

The Legislature finds that with the increased availability and use of computers by private individuals and by both public and private sectors, there has been a corresponding increase in the incidence of misuse and intrusions by unauthorized individuals. In order to discourage "browsing," which has led to significant destruction of property and numerous instances of invasion of privacy, as well as to punish the more serious offenders, it is the intent of the Legislature to establish a range of penalties to correspond with the level of culpability of individuals who abuse computer systems.

In an effort to protect the rights of the general public and the rights of legitimate users of computer systems, the Legislature hereby declares its intent to establish sanctions against unauthorized intrusions into computer systems which are not intended for general public use or for which access is limited by the owner or lessee.

LEGISLATIVE INTENT SERVICE   (800) 666-1917

1984 REG. SESSION                    1099

thousand dollars ($5,000), or by imprisonment in the county jail not exceeding one year, or by both such fine and imprisonment.

(g) (1) A first violation of subdivision (e) which does not result in injury is an infraction punishable by a fine not exceeding two hundred fifty dollars ($250).

(2) A violation of subdivision (e) which results in an injury, or a second or subsequent violation of subdivision (e) with no injury, is a misdemeanor punishable by a fine not exceeding five thousand dollars ($5,000), or by imprisonment in the county jail not exceeding one year, or by both such fine and imprisonment.

(3) As used in this subdivision, "injury" means any alteration, deletion, damage, or destruction of a computer system, computer network, computer program, or data caused by the access, or any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer system, computer network, computer program, or data was not altered, deleted, damaged, or destroyed by the access.

(h) In addition to any other civil remedy available, the owner or lessee of the computer system, computer network, computer program, or data may bring a civil action against any person convicted under this section for compensatory damages, including any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer system, computer network, computer program, or data was not altered, damaged, or deleted by the access. For the purposes of actions authorized by this subdivision, the conduct of an unemancipated minor shall be imputed to the parent or legal guardian having control or custody of the minor, pursuant to the provisions of Section 1714.1 of the Civil Code.

In any action brought pursuant to this subdivision, the court may award attorney's fees to a prevailing plaintiff.

(i) This section shall not be construed to preclude the applicability of any other provision of the criminal law of this state which applies or may apply to any transaction.

SEC. 3.   No appropriation is made and no reimbursement is required by this act pursuant to Section 6 of Article XIII B of the California Constitution or Section 2231 or 2234 of the Revenue and Taxation Code because the only costs which may be incurred by a local agency or school district will be incurred because this act creates a new crime or infraction, changes the definition of a crime or infraction, changes the penalty for a crime or infraction, or eliminates a crime or infraction.

EXPLANATORY NOTES CH 949:

Pen C § 502. (1) Substituted "device" and "devices" for "machine" and "machines" in subd (a)(2); (2) added the commas after "extort" in subd (b), and after "introduces", and after "introduced" in subd (c); (3) substituted "it" for "shall be" in subds (b), (c), and (d); (4) added "or disrupts the operation of" in subd (d); (5) added subd (e); (6) redesignated former subd (e) to be subd (f); (7) amended subd (f) by substituting (a) "any provision" for "the provisions", and (b) ", unless specified otherwise," for "is guilty of a felony and"; (8) added subd (g) and (h); and (9) redesignated former subd (f) to be subd (i).

---

SEC. 2

SEC. 2.   Section 502 of the Penal Code is amended to read:

§ 502. (a) For purposes of this section:

(1) "Access" means to instruct, communicate with, store data in, or retrieve data from, a computer system or computer network.

(2) "Computer system" means a device or collection of devices, excluding pocket calculators which are not programmable and capable of being used in conjunction with external files, one or more of which contain computer programs and data, that performs functions, including, but not limited to, logic, arithmetic, data storage and retrieval, communication, and control.

(3) "Computer network" means an interconnection of two or more computer systems.

(4) "Computer program" means an ordered set of instructions or statements, and related data that, when automatically executed in actual or modified form in a computer system, causes it to perform specified functions.

(5) "Data" means a representation of information, knowledge, facts, concepts, or instructions, which are being prepared or have been prepared, in a formalized manner, and are intended for use in a computer system or computer network.

(6) "Financial instrument" includes, but is not limited to, any check, draft, warrant, money order, note, certificate of deposit, letter of credit, bill of exchange, credit or debit card, transaction authorization mechanism, marketable security, or any computer system representation thereof.

(7) "Property" includes, but is not limited to, financial instruments, data, computer programs, documents associated with computer systems and computer programs, or copies thereof, whether tangible or intangible, including both human and computer system readable data, and data while in transit.

(8) "Services" includes, but is not limited to, the use of the computer system, computer network, computer programs, or data prepared for computer use, or data contained within a computer system, or data contained within a computer network.

(b) Any person who intentionally accesses or causes to be accessed any computer system or computer network for the purpose of (1) devising or executing any scheme or artifice to defraud or extort, or (2) obtaining money, property or services with false or fraudulent intent, representations, or promises, is guilty of a public offense.

(c) Any person who maliciously accesses or causes to be accessed any computer system or computer network for the purpose of obtaining unauthorized information concerning the credit information of another person or who introduces, or causes to be introduced, false information into that system or network for the purpose of wrongfully damaging or wrongfully enhancing the credit rating of any person is guilty of a public offense.

(d) Any person who maliciously accesses, alters, deletes, damages, destroys or disrupts the operation of any computer system, computer network, computer program, or data is guilty of a public offense.

(e) Any person who intentionally and without authorization accesses any computer system, computer network, computer program, or data, with knowledge that the access was not authorized, shall be guilty of a public offense. This subdivision shall not apply to any person who accesses his or her employer's computer system, computer network, computer program, or data when acting within the scope of his or her employment.

(f) Any person who violates any provision of subdivision (b), (c), or (d), unless specified otherwise, is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment in the state prison for 16 months, or two or three years, or by both such fine and imprisonment, or by a fine not exceeding five