| | |
|---|---|
| 1 | I. NEEL CHATTERJEE (STATE BAR NO. 173985) |
| | nchatterjee@orrick.com |
| 2 | THOMAS J. GRAY (STATE BAR NO. 191411) |
| | tgray@orrick.com |
| 3 | JULIO C. AVALOS (STATE BAR NO. 255350) |
| | javalos@orrick.com |
| 4 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 1000 Marsh Road |
| 5 | Menlo Park, CA  94025 |
| | Telephone:     +1-650-614-7400 |
| 6 | Facsimile:     +1-650-614-7401 |
| 7 | Attorneys for Plaintiff |
| | FACEBOOK, INC. |
| 8 | |
| | LAW OFFICES OF SCOTT A. BURSOR |
| 9 | Scott A. Bursor (*pro hac vice*) |
| | 369 Lexington Avenue, 10th Floor |
| 10 | New York, NY  10017 |
| | Telephone:  (212) 989-9113 |
| 11 | Facsimile:  (212) 989-9163 |
| 12 | BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP |
| | Alan R. Plutzik (State Bar No. 077785) |
| 13 | L. Timothy Fisher (State Bar No. 191626) |
| | 2125 Oak Grove Road, Suite 120 |
| 14 | Walnut Creek, CA  94598 |
| | Telephone:  (925) 945-0200 |
| 15 | Facsimile:  (925) 945-8792 |
| 16 | Attorneys for Defendants Power |
| | Ventures, Inc. and Steve Vachani |
| 17 | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | | |
|---|---|---|
| 22 | FACEBOOK, INC., | Case No.  5:08-cv-05780 JW |
| 23 | Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| 24 | v. | |
| 25 | POWER VENTURES, INC. a Cayman Island Corporation; STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, DOES 2-25, inclusive, | Date:       August 23, 2010<br>Time:       10:00 A.M.<br>Judge:      Hon. James Ware<br>Courtroom: 8, 4th Floor |
| 26 | | |
| 27 | Defendants. | |
| 28 | | |

This Court has set a further Case Management Conference for August 23, 2010. Facebook, Inc. and Power Ventures hereby submit this Joint Case Management Statement.

## I.  JURISDICTION AND SERVICE

All parties have been served.  The parties agree that this Court has subject matter jurisdiction pursuant to 28  U.S.C. §§ 1331 and 1367.  Facebook has asserted a number of Federal claims, such as the CAN-SPAM Act, 15 U.S.C. §2701 et. seq.; the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et. seq.; the Digital Millenium Copyright Act, 17 U.S.C. § 1201; as well as Federal copyright and trademark claims.  Venue is proper under 28 U.S.C. §1391(b).

## II.  FACTS

### A.  Facebook's Position

Facebook contends that this case is about whether Power.com can access the Facebook website without Facebook's authorization and copy materials to its website.  The facts are set forth in detail in the Court's Orders of May 11, 2009, October 22, 2009 and July 20, 2010. Facebook believes the one remaining disputed fact with respect to its California Penal Code section 502 claim should be resolved first.  The Court has identified the primary factual area of dispute (for which no discovery has occurred) warranting further investigation.  Namely, in the Court's July 20, 2010 Order, the Court stated:

> Thus, the Court finds that accessing or using a computer, computer network, or website in a manner that overcomes technical or code-based barriers is 'without permission,' and may subject a user to liability under section 502.
>
> Applying this construction of the statute here, the Court finds that Power did not act 'without permission' within the meaning of Section 502 when Facebook account holders utilized the Power website to access and manipulate their user content on the Facebook website, even if such action violated Facebook's Terms of Use.  However, *to the extent that Facebook can prove that in doing so, Power circumvented Facebook's technical barriers, Power may be held liable for violation of Section 502*.

July 20, 2010 order at 18:15-23 (emphasis added).

Facebook relied solely on pleadings in its previous motion.  While factual disputes may exist with respect to other claims, Facebook believes whether or not Power circumvented Facebook's technical barriers after receiving Facebook's cease and desist notice is a central, and

likely conclusive issue, in this case.  Indeed, if Facebook establishes through discovery that Power did circumvent Facebook's technical barriers and prevails on a supplemental motion for summary judgment, it may drop all other claims.

### B. Power's Position

Power contends that this case is really about Facebook's attempts to prevent users from exercising ownership and control over their own data through the assertion of bogus intellectual property claims that have no legal merit, but are brought solely to attempt to intimidate users and competitive companies that seek to offer services to those users.  To that end, Facebook filed a 159-paragraph complaint against Power asserting eight claims under state and federal computer crime laws, copyright, trademark, and unfair competition laws.  All of Facebook's claims are completely meritless, and many of the underlying allegations are simply false.  That is why Power made the extraordinary decision to include a lengthy introduction to its Answer (Docket # 54) detailing the falsity of each of the core allegations of Facebook's complaint.  With regard to Facebook's allegations that Power committed federal crimes by sending "deceptive and misleading" emails to Facebook users, Power's answer details facts that establish that Facebook itself sent the purportedly offending messages, and that every element of those messages that Facebook contends to be "deceptive and misleading" was appended to the message by Facebook itself.  *See id.* at 5-6.  At its core, Facebook's lawsuit is an attempt to frame Power with false allegations and falsified evidence manufactured by Facebook itself.

Power contends that while Facebook's claims are completely lacking in merit, they have already had their intended effect, as the publicity surrounding this lawsuit has made it difficult for Power to attract investors and operate its business.  Power will vigorously defend every aspect of this case, and expect to bring a summary judgment motion seeking the dismissal of this entire case promptly after the completion of necessary discovery.

### III. LEGAL ISSUES

### A. Facebook's Position

Facebook believes that the California Penal Code section 502(c) claim should be resolved prior to all other claims.  Given the Court's July 20, 2010 ruling, the following disputed legal

issues exist as to Facebook's 502(c) claim:

    1.    Should Defendants be held liable under California Penal Code section 502?

    2.    What damages, if any, are available to Facebook?

    3.    What other remedies, if any, are available to Facebook?

### B. Power's Position

This lawsuit is now nearly 21-months old. The pendency of Facebook's false claims has hurt, and continues to hurt Power's business. Power wants this case resolved promptly – the entire case. Facebook's desire to stall the case while it takes a second bite at the apple, renewing a summary judgment motion that Facebook just lost, is unacceptable. Power is entitled to defend itself and to clear its name. It is unusual for a plaintiff to seek to stall its own case – but that is what Facebook is proposing here. It appears that Facebook may want to stall discovery on the bulk of its complaint to avoid exposure of its own conduct manufacturing the evidence on which its own false claims are based. That too is unacceptable. Facebook cannot be permitted to hurl unfounded accusations against a competitor, then avoid discovery on the basis for its own accusations. Discovery should commence promptly, subject to the limits imposed by the Federal Rules of Civil Procedure. Given the breadth of the allegations Facebook has raised in its sprawling complaint, there may be grounds for exceeding the limitations in Fed. R. Civ. P. 30(a)(2)(A)(i) and 33(a)(1), for example. But Power will make every effort to complete discovery within those limitations.

If Facebook wishes to stipulate to the dismissal of all claims other than the 502(c) claim, and stipulate to the dismissal of any claim for monetary damages, then Power would consider agreeing to the discovery limitations Facebook proposes. But so long as Facebook continues to assert those false claims, Power intends to seek prompt discovery, followed by a prompt motion for summary judgment.

## IV. MOTIONS

### A. Pending Motions

No motions are currently pending.

**B.   Anticipated Motions**

**1.   Facebook's Position**

Facebook suggests that this Court allow limited discovery on the issue of technical barriers and efforts by Defendants to circumvent technical barriers. Following that limited discovery, Facebook suggests that the Court hear a supplemental Summary Judgment motion on the issue of liability under California Penal Code section 502.

**2.   Power's Position**

Power intends to take plenary discovery subject to the limitations of the Federal Rules of Civil Procedure, and to bring a prompt summary judgment motion that should dispose of the entire case.

**C.   Resolved Motions**

The Court has issued rulings related to various motions to dismiss on May 11, 2009, October 22, 2009 and July 20, 2010. Most recently, on July 20, 2010, the Court denied: 1) Facebook's Motion for Judgment on the Pleadings, 2) the parties' Cross-Motions for Summary Judgment, 3) Facebook's Motion to Strike Defendants' Affirmative Defenses. The Court also granted Facebook's 1) Motion to Dismiss Defendants' counterclaims for violations of Section 2 of the Sherman Act, and 2) Facebook's Motion to Dismiss Defendants' UCL counterclaim.

**V.   AMENDED PLEADINGS**

With the motions to dismiss resolved, the case is now fully at issue.

**VI.   EVIDENCE PRESERVATION**

**A.   Facebook's Position**

Facebook has taken appropriate measures to preserve relevant evidence.

**B.   Power's Position**

Defendants have taken appropriate measures to preserve relevant evidence.

**VII.   INITIAL DISCLOSURES**

**A.   Facebook's Position**

The parties have not yet exchanged Rule 26 disclosures.

### B. Power's Position

Power suggests that Rule 26 disclosures should be made within 14 days after the August 23, 2010 CMC conference.

## VIII. DISCOVERY

### A. Facebook's Position

Facebook suggests that discovery for the next 90 days be limited to the issue of whether Power circumvented, assisted others in circumventing, or took measures to circumvent technical barriers put in place by Facebook after Facebook notified Power that it should cease and desist from accessing the Facebook site. To that end, Facebook believes the following limited discovery is necessary:

1. A copy of Power's source code.
2. Documents, including instant messages and emails, related to any actions taken by Power related to technical barriers put in place by Facebook.
3. Any technical documents, such as specifications, describing any actions taken by Power related to technical barriers put in place by Facebook.
4. Any communications to Power users about accessing Facebook's website after technical barriers were put in place.
5. All documents relating in any way the cease and desist letter sent by Facebook and the other communications between Facebook and Power regarding Power's accessing the Facebook site.
6. A 30(b)(6) deposition related to any actions taken by Power to circumvent Facebook technical measures or assist others in circumventing Facebook's technical measures.
7. 2-3 fact depositions of witnesses who may have knowledge of the facts underlying efforts taken by Power.

### B. Power's Position

Power believes that plenary discovery, limited only by the Federal Rules of Civil Procedure, should commence promptly after the initial Rule 26 disclosures. It is simply unfair to

1 allow Facebook to make false allegations based on fabricated evidence, and to prevent Power

2 from

3 **IX. CLASS ACTIONS**

4     This is not a class action case.

5 **X. RELATED CASES**

6     There are no related cases.

7 **XI. RELIEF**

8     Facebook prays for injunctive relief and monetary damages to be proven at trial. The

9 bases for Plaintiff's monetary damages include compensatory, statutory, and punitive damages as

10 permitted by law. Facebook also seeks its attorneys' fees.

11 **XII. SETTLEMENT AND ADR**

12     The parties engaged in an ADR mediation session on December 14, 2009. The session

13 was facilitated by mediator Daralyn Durie, who has filed papers with the Court indicating that the

14 ADR process is not yet complete and that further facilitated discussions are expected. *See* Dkt.

15 No. 59.

16 **XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

17     The parties have not consented to a magistrate judge.

18 **XIV. OTHER REFERENCES**

19     **A. Facebook's Position**

20     Facebook does not believe the case is suitable for other references at this time.

21     **B. Power's Position**

22     Power does not believe the case is suitable for other references at this time.

23 **XV. NARROWING OF ISSUES**

24     Facebook believes issues can be narrowed considerably by focusing on the remaining

25 factual issue in the California Penal Code 502(c) claim first. The details are discussed above.

26

27

28

### XVI. EXPEDITED SCHEDULES

An expedited schedule is not necessary in this case.

### XVII. SCHEDULING

Facebook suggests that the parties be permitted to conduct discovery limited to the remaining factual issue with respect to the California Penal Code section 502(c) claim until November 15, 2010. The parties may then file supplemental motions for summary judgment on December 6, 2010 under this Court's normal calendar. Following resolution of those motions, the Court can schedule a supplemental case management conference, if necessary.

### XVIII. TRIAL

Facebook has requested a jury trial.

### XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES AND PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

### XX. OTHER MATTERS

None.

Dated: August 13, 2010

I. NEEL CHATTERJEE
THOMAS J. GRAY
JULIO C. AVALOS
JESSICA S. PERS
Orrick, Herrington & Sutcliffe LLP

/s/ *Thomas J. Gray*
THOMAS J. GRAY
Attorneys for Plaintiff
FACEBOOK, INC.

Dated: August 13, 2010    BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP

By   */s/ L. Timothy Fisher*
L. Timothy Fisher

Alan R. Plutzik (State Bar No. 077785)
L. Timothy Fisher (State Bar No. 191626)
2125 Oak Grove Road, Suite 120
Walnut Creek, CA  94598

1
2  Scott A. Bursor (*pro hac vice*)
   LAW OFFICES OF SCOTT A. BURSOR
   369 Lexington Avenue, 10th Floor
3  New York, NY 10017
4  Attorneys for Defendants Power
   Ventures, Inc. and Steve Vachani
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OHS West:260967014.4 — - 8 - — CASE MANAGEMENT STATEMENT
5:08-CV-05780 JW