**\*E-FILED 02-04-2011\***

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC., | Case No. 5:08-cv-05780 JW (HRL) |
| Plaintiff, | STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION |
| v. | |
| POWER VENTURES, INC. a Cayman Island Corporation; STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, DOES 2-25, inclusive, | **(MODIFIED BY THE COURT)** |
| Defendants. | |

1.    PURPOSES AND LIMITATIONS

      Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential

1    information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and

2    the standards that will be applied when a party seeks permission from the court to file material

3    under seal.

4         2.    DEFINITIONS

5              2.1    Challenging Party: a Party or Non-Party that challenges the designation of

6    information or items under this Order.

7              2.2    "CONFIDENTIAL" Information or Items: information, documents, and

8    things the Designating Party believes in good faith is not generally known to others, and which

9    the Designating party (i) would not normally reveal to third parties except in confidence or has

10   undertaken with others to maintain in confidence, or (ii) believes in good faith is protected by a

11   right to privacy under federal or state law or any other applicable privilege or right related to

12   confidentiality or privacy.

13             2.3    "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY"

14   Information or Items: information, documents and things the Designating Party believes in good

15   faith is not generally known to others and has significant competitive value such that unrestricted

16   disclosure to others would create a substantial risk of serious injury, and which the Designating

17   Party (i) would not normally reveal to third parties except in confidence or has undertaken with

18   others to maintain in confidence, or (ii) believes in good faith is significantly sensitive and

19   protected by a right to privacy under federal or state law or any other applicable privilege or right

20   related to confidentiality or privacy.  The designation is reserved for information that constitutes

21   proprietary financial or technical or commercially sensitive competitive information that the

22   Producing Party maintains as highly confidential in its business, including information obtained

23   from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"), information relating to

24   future products, strategic plans, non-public financial data, documents that would reveal trade

25   secrets, licensing documents and licensing communications, and settlement agreements or

26   settlement communications, the disclosure of which is likely to cause harm to the competitive

27   position of the Producing Party.

28

STIPULATED PROTECTIVE ORDER
FOR STANDARD LITIGATION
CASE NO. 08-5780-JW (HRL)

2.4     "HIGHLY CONFIDENTIAL—SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software of hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.5     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.6     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE."

2.7     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.9     House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11     Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12     Party: any party to this action, including all of its officers, directors,

1    employees, consultants, retained experts, and Outside Counsel of Record (and their support

2    staffs).

3            2.13    Producing Party: a Party or Non-Party that produces Disclosure or

4    Discovery Material in this action.

5            2.14    Professional Vendors: persons or entities that provide litigation support

6    services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

7    organizing, storing, or retrieving data in any form or medium) and their employees and

8    subcontractors.

9            2.15    Protected Material: any Disclosure or Discovery Material that is designated

10   as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or

11   "HIGHLY CONFIDENTIAL—SOURCE CODE."

12           2.16    Receiving Party: a Party that receives Disclosure or Discovery Material

13   from a Producing Party.

14       3.    SCOPE

15           The protections conferred by this Stipulation and Order cover not only Protected Material

16   (as defined above), but also (1) any information copied or extracted from Protected Material; (2)

17   all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

18   conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

19   However, protections conferred by this Stipulation and Order do not cover the following

20   information: (a) any information that is in the public domain at the time of disclosure to a

21   Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

22   a result of publication not involving a violation of this Order, including becoming part of the

23   public record through trial or otherwise; and (b) any information known to the Receiving Party

24   prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

25   obtained the information lawfully and under no obligation of confidentiality to the Designating

26   Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

27       4.    DURATION

28           Even after final disposition of this litigation, the confidentiality obligations imposed by

STIPULATED PROTECTIVE ORDER
FOR STANDARD LITIGATION
CASE NO. 08-5780-JW (HRL)

1  this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

2  order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all

3  claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

4  the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

5  including the time limits for filing any motions or applications for extension of time pursuant to

6  applicable law. **For a period of six months after the final disposition of this litigation, this court will retain jurisdiction to enforce the terms of this order.**

7         5.      DESIGNATING PROTECTED MATERIAL

8              5.1     Exercise of Restraint and Care in Designating Material for Protection.

9  Each Party or Non-Party that designates information or items for protection under this Order

10  must take due care to limit any such designation to specific material that qualifies under the

11  appropriate standards. The Designating Party must designate for protection only those parts of

12  material, documents, items, or oral or written communications that qualify – so that other portions

13  of the material, documents, items, or communications for which protection is not warranted are

14  not swept unjustifiably within the ambit of this Order.

15              Mass, indiscriminate, or routinized designations are prohibited.  Designations that

16  are shown to be clearly unjustified or that have been made for an improper purpose (e.g. to

17  unnecessarily encumber or retard the case development process or to impose unnecessary

18  expenses and burdens on other parties) expose the Designating Party to sanctions.

19              If it comes to a Designating Party's attention that information or items that it

20  designated for protection do not qualify for protection, that Designating Party must promptly

21  notify all other Parties that it is withdrawing the mistaken designation.

22              5.2     Manner and Timing of Designations. Except as otherwise provided in this

23  Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

24  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

25  designated before the material is disclosed or produced.

26              Designation in conformity with this Order requires:

27              (a)     for information in documentary form (e.g., paper or electronic documents,

28  but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

1   Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS'

2   EYES ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE" in the margin of each page

3   that contains protected material.  If only a portion or portions of the material on a page qualifies

4   for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by

5   making appropriate markings in the margins) and must specify, for each portion, the level of

6   protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—

7   ATTORNEYS' EYES ONLY").

8        A Party or Non-Party that makes original documents or materials available for

9   inspection need not designate them for protection until after the inspecting Party has indicated

10  which material it would like copied and produced.  During the inspection and before the

11  designation, all of the material made available for inspection shall be deemed "HIGHLY

12  CONFIDENTIAL—ATTORNEYS' EYES ONLY." After the inspecting Party has identified the

13  documents it wants copied and produced, the Producing Party must determine which documents,

14  or portions thereof, qualify for protection under this Order.  Then, before producing the specified

15  documents, the Producing Party must affix the appropriate legend  ("CONFIDENTIAL,"

16  "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY

17  CONFIDENTIAL—SOURCE CODE") at the top of each page that contains Protected Material.

18  If only a portion or portions of the material on a page qualifies for protection, the Producing Party

19  also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

20  margins) and must specify, for each portion, the level of protection asserted (either

21  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or

22  "HIGHLY CONFIDENTIAL—SOURCE CODE").

23        (b)    for testimony given in deposition or in other pretrial or trial proceedings,

24  unless otherwise designated before the close of deposition, pre-trial or trial proceedings,

25  testimony given therein shall be treated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

26  ONLY" for at least fifteen (15) calendar days after the final transcript has been sent by the court

27  reporter to counsel for the Producing Party whose information has been disclosed (or until such

28  other date as may be agreed upon by the parties).  Receipt of rough transcripts shall not trigger

1   this 15-day period.  Such testimony may be designated "CONFIDENTIAL," "HIGHLY

2   CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—SOURCE

3   CODE" during the 15-day (or other agreed upon) period by written notice to all counsel

4   indicating the specific testimony to be designated (by page and line numbers or other specific

5   reference) and the level of protection being asserted ("CONFIDENTIAL," "HIGHLY

6   CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—SOURCE

7   CODE").  Unless so designated, any confidentiality is waived after the expiration of the 15-day

8   (or other agreed upon) period, unless otherwise stipulated or ordered.

9              (c)     <u>for information produced in some form other than documentary and for any</u>

10  <u>other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the

11  container or containers in which the information or item is stored the legend "CONFIDENTIAL,"

12  "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY

13  CONFIDENTIAL—SOURCE CODE."  If only a portion or portions of the information or item

14  warrant protection, the Producing Party, to the extent practicable, shall identify the protected

15  portion(s), specifying whether they qualify as "CONFIDENTIAL," "HIGHLY

16  CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—SOURCE

17  CODE."

18           5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure

19  to designate qualified information or items as "CONFIDENTIAL," "HIGHLY

20  CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—SOURCE

21  CODE" does not, standing alone, waive the Designating Party's right to secure protection under

22  this Order for such material.  If material is appropriately designated as "CONFIDENTIAL,"

23  "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY

24  CONFIDENTIAL—SOURCE CODE" after the material was initially produced, the Receiving

25  Party must make reasonable efforts to assure that the material is treated in accordance with the

26  provisions of this Order.

27         6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

28           6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a

1   designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's

2   confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary

3   economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its

4   right to challenge a confidentiality designation by electing not to mount a challenge promptly

5   after the original designation is disclosed.

6            6.2      <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute

7   resolution process by providing written notice of each designation it is challenging and describing

8   the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the

9   written notice must recite that the challenge to confidentiality is being made in accordance with

10  this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge

11  in good faith and must begin the process by conferring directly (in voice to voice dialogue; other

12  forms of communication are not sufficient) within 14 days of the date of service of notice. In

13  conferring, the Challenging Party must explain the basis for its belief that the confidentiality

14  designation was not proper and must give the Designating Party an opportunity to review the

15  designated material, to reconsider the circumstances, and, if no change in designation is offered,

16  to explain the basis for the chosen designation. A Challenging Party may proceed to the next

17  stage of the challenge process only if it has engaged in this meet and confer process first or

18  establishes that the Designating Party is unwilling to participate in the meet and confer process in

19  a timely manner.

20           6.3      <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without

21  court intervention, the Designating Party shall file and serve a motion to retain confidentiality

22  under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21

23  days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and

24  confer process will not resolve their dispute, whichever is earlier. Each such motion must be

25  accompanied by a competent declaration affirming that the movant has complied with the meet

26  and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to

27  make such a motion including the required declaration within 21 days (or 14 days, if applicable)

28  shall automatically waive the confidentiality designation for each challenged designation. In

STIPULATED PROTECTIVE ORDER
FOR STANDARD LITIGATION
CASE NO. 08-5780-JW (HRL)

addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)  the author of the document or the original source of the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL—SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL—SOURCE CODE" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Experts of the Receiving Party (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in

paragraph 7.4, below, have been followed;

    (c)  the court and its personnel;

    (d)  court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

    (e) the author of the document or the original source of the information.

    7.4  Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY" Information or Items to "Experts":

    (a)  Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party which shall include: (1) the individual's name and business title; (2) business address; (3) business or profession; (4) the individual's CV, including, but not limited to, a list of any publications; (5) any previous or current relationship (personal or professional) with any of the parties; (6) a list of other cases in which the individual has testified (at trial or deposition) within the last seven years; (7) and a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years.

    (b)  A party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within ten (10) court days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based, and must provide times during which the Designating Party is available to meet and confer on the issue during the succeeding three business days.

    (c)  A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue to try to resolve the matter by agreement.  If no agreement is reached, the Party seeking to prevent the disclosure to the Expert may file a motion within ten court days of the meet and confer in Civil Local Rule 7 (and in

- 11 -

1  compliance with Civil Local Rule 79-5, if applicable).  Failure to bring the motion within the

2  required time period shall be deemed a withdrawal of the objection.  Any such motion must

3  describe the circumstances and reasons for why the disclosure to the Expert presents a risk of
   **or other additional means**
4  harm and why protection of this Order would not suffice to ameliorate such risk.
                                    ^

5          8.      SOURCE CODE

6                  (a)      To the extent production of source code becomes necessary in this case, a

7  Producing Party may designate source code as "HIGHLY CONFIDENTIAL—SOURCE CODE"

8  if it is confidential, non-public source code.

9                  (b)      Protected Material designated as "HIGHLY CONFIDENTIAL—SOURCE

10 CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL—

11 ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to

12 whom "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" information may be

13 disclosed, as set forth in Paragraphs 7.3 and 7.4.

14                 (c)      Any source code covered by the "HIGHLY CONFIDENTIAL—SOURCE

15 CODE" designation shall be made available for inspection in a format through which it could be

16 reasonably reviewed and searched during normal business hours or other mutually agreeable

17 times, at an office of the producing Party's Outside Counsel.  The Receiving Party may designate

18 in which of the Producing Party's New York or California offices production shall be made.  The

19 source code shall be made available for inspection on a secured computer in a secured room

20 without Internet access or network access to other computers, and the Receiving Party shall not

21 copy, remove, or otherwise transfer any portion of the source code onto any recordable media or

22 recordable device.  The secured computer shall have all external data access ports disabled,

23 including, but not limited to, external media drives, USB slots, and/or peripheral slots.  The

24 Producing Party may visually monitor the activities of the Receiving Party's representatives

25 during any source code review, but only to ensure that there is no unauthorized recording,

26 copying, or transmission of the source code.

27                 (d)      The Receiving Party may request paper copies of limited portions of source

28 code that are reasonably necessary for the preparation of court filings, pleadings, expert reports,

STIPULATED PROTECTIVE ORDER
FOR STANDARD LITIGATION
CASE NO. 08-5780-JW (HRL)

1    or other papers, or for deposition or trial, but shall not request paper copies for the purposes of

2    reviewing the source code other than electronically as set forth in paragraph (c) in the first

3    instance.  The Producing Party shall provide all such source code in paper form including bates

4    numbers and the label "HIGHLY CONFIDENTIAL—SOURCE CODE."  The Producing Party

5    may challenge the amount of  source code requested in hard copy form pursuant to the dispute

6    resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the

7    "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute

8    resolution.

9            (e)      The Receiving Party shall maintain a record, or inspection log, of any

10   individual who has inspected any portion of the source code in electronic or paper form.  The

11   Receiving Party shall maintain all paper copies of any printed portions of the source code in a

12   secured, locked area.  The Receiving Party shall not create any electronic or other images of the

13   paper copies and shall not convert any of the information contained in the paper copies into any

14   electronic format.  The Receiving Party shall only make additional paper copies if such additional

15   copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying

16   expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation

17   of its case.  Any paper copies used during a deposition shall be retrieved by the Producing Party

18   at the end of each day and must not be given to or left with a court reporter or any other

19   individual. Upon written request to the Producing Party, the Receiving Party shall within a

20   reasonable time following the request produce to the Producing Party a copy of the Receiving

21   Party's inspection log showing any and all individuals who have inspected any portion of the

22   source code in electronic or paper form.

23       9.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

24   OTHER LITIGATION

25          If a Receiving Party is served with a subpoena or a court order issued in other

26   litigation that compels disclosure of any information or items designated by the Designated Party

27   in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

28   ONLY," that Party must:

(a)     notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such information must include a copy of the subpoena or court order;

(b)     immediately notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.  **The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material.**

10.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party

1    that some or all of the information requested is subject to a confidentiality agreement with a Non-

2    Party;

3                    2.      promptly provide the Non-Party with a copy of the Stipulated

4    Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific

5    description of the information requested; and

6                    3.      make the information requested available for inspection by the

7    Non-Party.

8            (c)     If the Non-Party fails to object or seek a protective order from this court

9    within 14 days of receiving the notice and accompanying information, the Receiving Party may

10   produce the Non-Party's confidential information responsive to the discovery request. If the Non-

11   Party timely seeks a protective order, the Receiving Party shall not produce any information in its

12   possession or control that is subject to the confidentiality agreement with the Non-Party before a

13   determination by the court.[1]  Absent a court order to the contrary, the Non-Party shall bear the

14   burden and expense of seeking protection in this court of its Protected Material.

15           11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

16           If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

17   Protected Material to any person or in any circumstance not authorized under this Stipulated

18   Protective Order, the Receiving Party must immediately (a) notify in writing the Designating

19   Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of

20   the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

21   made of all the terms of this Order, and (d) request such person or persons to execute the

22   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

23           12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

24   PROTECTED MATERIAL

25           When a Producing Party gives notice to Receiving Parties that certain

26

---

27   [1]  The purpose of this provision is to alert the interested parties to the existence of confidentiality
     rights of a Non-Party and to afford the Non-Party an opportunity to protect its  confidentiality
28   interests in this Court.

STIPULATED PROTECTIVE ORDER
FOR STANDARD LITIGATION
CASE No. 08-5780-JW (HRL)

1   inadvertently produced material is subject to a claim of privilege or other protection, the

2   obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure

3   26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in

4   an e-discovery order that provides for production without prior privilege review. Pursuant to

5   Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of

6   disclosure of a communication or information covered by the attorney-client privilege or work

7   product protection, the parties may incorporate their agreement in the stipulated protective order

8   submitted to the court.

9        13.    MISCELLANEOUS

10           13.1    Right to Further Relief. Nothing in this Order abridges the right of any

11   person to seek its modification by the court in the future.

12           13.2    Right to Assert Other Objections. By stipulating to the entry of this

13   Protective Order no Party waives any right it otherwise would have to object to disclosing or

14   producing any information or item on any ground not addressed in this Stipulated Protective

15   Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of

16   the material covered by this Protective Order.

17           13.3    Filing Protected Material. Without written permission from the Designating

18   Party or a court order secured after appropriate notice to all interested persons, a Party may not

19   file in the public record in this action any Protected Material. A Party that seeks to file under seal

20   any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be

21   filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material

22   at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request

23   establishing that the Protected Material at issue is privileged, protectable as a trade secret, or

24   otherwise entitled to protection under the law. If a Receiving Party's request to file Protected

25   Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the

26   Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e)

27   unless otherwise instructed by the court.

28           14.    FINAL DISPOSITION.  Within 60 days after the final disposition of this

- 16 -

1   action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the

2   Producing Party or destroy such material. As used in this subdivision, "all Protected Material"

3   includes all copies, abstracts, compilations, summaries, and any other format reproducing or

4   capturing any of the Protected Material. Whether the Protected Material is returned or destroyed,

5   the Receiving Party must submit a written certification to the Producing Party (and, if not the

6   same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by

7   category, where appropriate) all the Protected Material that was returned or destroyed and (2)

8   affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries

9   or any other format reproducing or capturing any of the Protected Material. Notwithstanding this

10  provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial,

11  deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial

12  exhibits, expert reports, attorney work product, and consultant and expert work product, even if

13  such materials contain Protected Material. Any such archival copies that contain or constitute

14  Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

15

16  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

17

18  DATED: February 1, 2011          */s/ Theresa A. Sutton /s/*

19                                   Theresa A. Sutton
                                     ORRICK HERRINGTON & SUTCLIFFE, LLP
20                                   1000 Marsh Road
                                     Menlo Park, CA  94025
21                                   Attorneys for Plaintiff
                                     FACEBOOK, INC.
22

23  DATED: February 1, 2011          */s/ Scott A. Bursor /s/*

24                                   Scott A. Bursor
                                     Bursor & Fisher, P.A.
25                                   369 Lexington Ave., 10th Floor
                                     New York, NY  10017
26                                   Attorneys for Defendant
                                     POWER VENTURES, INC., STEVE VACHANI, and
                                     POWER.COM
27  / / /

28  / / /

1    **Filer's Attestation:**  Pursuant to General Order No. 45, §X(B), I attest under penalty of

2  perjury that concurrence in the filing of the document has been obtained from its signatory.

3  Dated: February 1, 2011                    Respectfully submitted,

4                                                        /s/ Theresa A. Sutton /s/
                                                          Theresa A. Sutton
5

6

7

8                        **AS MODIFIED BY THE COURT,**
     PURSUANT TO STIPULATION, IT IS SO ORDERED:
9                                        ^

10

11  DATED: _____February 4, 2011_____        _____

12                                        ~~JAMES WARE~~ HOWARD R. LLOYD
                                          United States ~~District~~ Judge
13                                                  Magistrate

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          - 18 -          STIPULATED PROTECTIVE ORDER
                                                          FOR STANDARD LITIGATION
                                                          CASE NO. 08-5780-JW (HRL)

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

   I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read

in its entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the Northern District of California on [date] in the case of _____ [insert]

formal name of the case and the number and initials assigned to it by the court.].  I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt.  I solemnly promise that I will not disclose to any person or entity except in

strict compliance with the provisions of this Order.

    I further agree to submit to the jurisdiction of the United States District Court for

the Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

    I hereby appoint _____ [print or type full name] of __

_____ [print or type full address and telephone number] as my California

agent for service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

     [printed name]

Printed name: _____

     [signature]

STIPULATED PROTECTIVE ORDER
FOR STANDARD LITIGATION
CASE NO. 08-5780-JW (HRL)