| | |
|---|---|
| 1 | I. NEEL CHATTERJEE (STATE BAR NO. 173985) |
| | nchatterjee@orrick.com |
| 2 | THERESA A. SUTTON (STATE BAR NO. 211857) |
| | tsutton@orrick.com |
| 3 | MORVARID METANAT (STATE BAR NO. 268228) |
| | mmetanat@orrick.com |
| 4 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 1000 Marsh Road |
| 5 | Menlo Park, CA  94025 |
| | Telephone:     650-614-7400 |
| 6 | Facsimile:      650-614-7401 |

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., | Case No.  5:08-cv-05780 JW (HRL) |
| Plaintiff, | **DECLARATION OF THERESA A. SUTTON, PURSUANT TO CIVIL L.R. 79-5(D), IN RESPONSE TO ADMINISTRATIVE MOTION TO SEAL UNDER SEAL EXHIBIT C TO DECLARATION OF TIMOTHY FISHER** |
| v. | |
| POWER VENTURES, INC. a Cayman Island Corporation; STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, DOES 2-25, inclusive, | |
| Defendants. | Judge:         Hon. James Ware |
| | Courtroom:  8, 4th Floor |

OHS West:260790805.1

SUTTON DECLARATION
PURSUANT TO CIVIL L.R. 79-5(D)

I, Theresa A. Sutton, declare:

1.  I am an attorney with the law firm of Orrick, Herrington & Sutcliffe LLP and counsel for Plaintiff Facebook, Inc. I make this declaration, pursuant to Civil Local Rule 79-5(d), in response of Power's Administrative Motion to Seal Exhibit C to the Declaration of Timothy Fisher. Dkt. Nos. 98, 99. I make this Declaration based on facts made known to me, unless otherwise stated.

2.  In its Motion for Summary Judgment (Dkt. No. 98), Defendants lodged the entire 134-page transcript of, but only cited to the following excerpts from, the Deposition of Craig Clark ("Clark Transcript"): 23:11-17, 26:2-12, 51:18-21, 58:5-7, 68:10-69:25, 74:16-75:6, 87:12-88:4, 98:18-99:25, 101:7-102:20, 116:14-18, 117:18-25, 118:20-23, 121:6-25, 125:22-127:23. While the transcript is currently designated "Confidential" pursuant to the Protective Order entered in this case, Facebook hereby de-designates these excerpts and agrees they need not be filed under seal.

3.  Facebook respectfully requests, however, that Defendants be prohibited from filing in the public record the remainder of the Clark Transcript at this time. First, because Power does not rely on any other testimony from the Clark Transcript, any excerpts other than those identified above are irrelevant to Power's Motion and, thus, should be stricken from the record. Fed. R. Civ. P. 12(f) ("The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous material").

4.  Second, Defendants' lodging of the entire Clark Transcript improperly circumvents the meet and confer requirement in the Protective Order entered in this case. Dkt. No. 95. The Protective Order requires a party, such as Defendants, who challenges any confidentiality designation to "initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. . . . The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly . . . ." Dkt. No. 95 ¶ 6.2. Defendants failed to provide notice to Facebook of any challenge (or to initiate the meet and confer process) prior to lodging the entire Clark Transcript with the Court. Instead, on Monday, May 9, Defendants' counsel informed Facebook counsel

1   that he intended to file a Motion for Summary Judgment to be heard in September 2011.
2   Defendants then filed their motion and lodged the Clark Transcript with the Court.

3        5.     On Tuesday, May 10, 2011, I contacted Timothy Fisher, Defendants' counsel, and
4   asked that he withdraw Defendants' request to file the entire transcript under seal and, instead,
5   file only the excerpts upon which they rely.  In response, on Wednesday, May 11, Mr. Fisher
6   invoked Section 6.2, demanded that Facebook de-designate the entirety of the Clark Transcript,
7   and asked to meet and confer.

8        6.     I have not had an opportunity to meaningfully discuss with Facebook the
9   confidential designations to Mr. Clark's deposition transcript.  Mr. Clark, who also is Facebook's
10  in-house counsel, has been out of the office and unavailable to confer regarding Defendants'
11  May 11, 2011 request to de-designate the entirety of his transcript.  Facebook intends to meet and
12  confer with Defendants' counsel, pursuant to the Protective Order, and is hopeful that the parties
13  can resolve Defendants' challenges to the Clark Transcript designations.  In the meantime,
14  however, Facebook respectfully requests that that Court strike from the record any excerpts from
15  the Clark Transcript that are not specifically relied upon in Defendants' Motion for Summary
16  Judgment and/or prohibit Defendant from filing the entire transcript in the public record.

17       7.     To the extent the Court is inclined to permit Defendants to file the entire Clark
18  Transcript publicly, Facebook respectfully requests that the Court first permit Facebook to file a
19  supplemental declaration pursuant to Civil Local Rule 79-5(d), after its outside counsel has had
20  an opportunity to confer with Facebook in-house counsel to determine the extent to which
21  Mr. Clark's testimony must remain confidential. (The parties filed a Stipulated Request to
22  enlarge time until Friday, May 20, for this purpose.  Dkt. No. 100.  At the time of this filing,
23  however, the Court had not yet granted the enlargement of time.)   For instance, certain pages in
24  the 134-page transcript contain nonpublic information about Facebook employees and
25  Facebook's investigation regarding this case and, thus, should remain confidential under the
26  Protective Order.

27  //
28  //

1   8. I declare under penalty of perjury that the foregoing is true and correct to the best
2   of my knowledge.  Executed this 16th day of May, 2011, at Menlo Park, California.

  /s/ *Theresa A. Sutton*
  Theresa A. Sutton