I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
THERESA A. SUTTON (STATE BAR NO. 211857)
tsutton@orrick.com
MORVARID METANAT (STATE BAR NO. 268228)
mmetanat@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:    650-614-7400
Facsimile:    650-614-7401

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>POWER VENTURES, INC. a Cayman Island Corporation; STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, DOES 2-25, inclusive,<br><br>　　　　　Defendants. | Case No.  5:08-cv-05780 JW (HRL)<br><br>**PLAINTIFF FACEBOOK INC.'S MOTION TO ENLARGE TIME PURSUANT TO CIVIL LOCAL RULE 6-3 AND 16-12**<br><br>Judge:　　Hon. James Ware<br>Courtroom: 8, 4th Floor |

## I. INTRODUCTION

Plaintiff Facebook, Inc. seeks an order pursuant to Civil Local Rules 6-3 and 16-12 modifying the Case Management Order and continuing the hearing date on Power's Motion for Summary Judgment. Though the parties have engaged in limited discovery to-date, Power is actively interfering with Facebook's ability to obtain any meaningful discovery. Power refuses to cooperate with Facebook in resolving outstanding issues – issues Facebook identified in May – and is preventing Facebook from taking depositions in this case. Facebook has sought to resolve these issues through detailed meet-and-confer letters, electronic mail and an in-person meeting. Power delays responding to any form of communication from Facebook or fails to respond at all, in some cases. In addition, although Power's counsel appeared at an in-person meeting with Facebook counsel, he did so without any authority to resolve the discovery disputes. It then took him nine days to provide a response to Facebook's in-person proposals – at which time Power rejected each of them.

Power's dilatory tactics are preventing Facebook from meeting the currently set Case Management deadlines. Specifically, expert reports are due on July 29; Power's refusal, to produce relevant material (including its source code), is preventing Facebook's experts from beginning their work. Further, Power filed a Motion for Summary Judgment seeking dismissal of all of Facebook's claims, but is refusing to respond to interrogatories, provide witnesses for deposition or produce relevant documentation. As a result of Power's refusal to comply with its discovery obligations, Facebook is now forced to seek modification of the Case Management Schedule and the hearing date for Power's pending motion.

## II. STATEMENT OF RELEVANT FACTS

This case is about Power's knowing and unauthorized access to Facebook's protected computer network, impermissible storage and use of Facebook users' login data, and unauthorized use of Facebook user accounts to send unsolicited commercial messages.

### A. Power's Refusal To Properly Respond To Written Discovery

On October 22, 2010, Facebook served Power with its First Set of Requests for Production of Documents and First Set of Interrogatories. Declaration of I. Neel Chatterjee

("Chatterjee Decl."), ¶ 2.  Nearly two months later, Power responded to Facebook's discovery requests with boilerplate objections and partial responses.  *Id*.  Specifically, in response to Facebook's document requests, Power agreed only to "conduct a reasonable search" for materials, but did not agree to actually produce anything.  *Id*., Ex. A.  Nearly two months after serving its objections, Power produced **13** documents in response to the **50** document requests propounded by Facebook.  *Id*., ¶ 2.  Power refused to produce a copy of its source code as requested by Facebook.

In addition, Power purported to respond to Facebook's interrogatories pursuant to Fed.R.Civ.P. 33(d), but has yet to identify which documents it produced are in response to which interrogatory, as required by the Rule.  *See id*., Ex. B.  Also, Power's meager production does not appear to correspond with its interrogatory responses and suggests that Power has not fully complied with its obligations pursuant to Rule 33(d).

On June 2 and 3, 2011, Facebook served defendants Vachani and Power with its first and second sets of document requests, respectively.  *Id*., ¶ 3.  Less than a week before they were due, defendants sought an extension of time to respond.  When they did respond, on July 5, 2011, they responded as Power had before: with a promise only to "conduct a reasonable search" for responsive materials.  *Id*., Exs. C & D.

### B. Power's Refusal To Provide A Witness For Deposition

This pattern of delay also infected Facebook's efforts to schedule depositions.  On June 1, 2011, Facebook noticed Power's deposition for June 15, pursuant to Fed.R.Civ.P. 30(b)(6).  *Id*., ¶ 4.  On June 6, 2011, Facebook noticed the deposition of Steve Vachani for July 11, 2011.[1]  *Id*.  On June 13, two days before Power's scheduled deposition, Power's counsel unilaterally

---

[1] Facebook also noticed the depositions of Eric Santos and Felipe Herrera.  At the parties' in-person conference, Mr. Fisher indicated that Mr. Santos or Mr. Herrera reside in Brazil and are no longer Power employees.  *Id*., ¶ 6.  Mr. Fisher indicated that he would request contact information from his client and provide it to Facebook.  *Id*.  On July 1, 2011, Mr. Fisher wrote: "we are working on obtaining contact information for them and will let you know when we have additional information we can share."  *Id*.  As of this filing, Mr. Fisher has not provided contact information for Messrs. Santos and Herrera.  Facebook must serve a subpoena to compel these individuals attendance at a deposition.  Because they are Brazilian residents, Facebook's ability to take their testimony will be governed by applicable local rules and laws, requiring the issuance of Letters Rogatory.  *Id*.  This will further delay Facebook's ability to obtain relevant discovery.

1  cancelled the deposition. *Id*. In response, Facebook requested Power's and Mr. Vachani's
2  availability for depositions. Power waited a week to propose deposition dates, at which time
3  Power provided a single half-day for both Power and Mr. Vachani. *Id*. Facebook requested
4  additional dates, as it was unavailable on that day. Power provided four additional half days that
5  conflict with pre-existing commitments for Facebook's counsel. *Id*. When Facebook sought
6  additional dates from Power, Power offered the same half days, along with one additional full day
7  and another half day during the week of July 12. Facebook sought clarification from Power's
8  counsel as to whether the witnesses would be made available pursuant to Rule 30(d)(1) and would
9  agree to produce documents (in response to document requests) prior to the depositions. Instead
10 of agreeing to comply with the Federal Rules, however, defendants' counsel responded that he
11 had to confer with his client. As of this filing, Facebook still has not received a response.

### C. Facebook's Efforts To Resolve The Disputes

13 On May 12 and 17, 2011, Facebook sent a letter to Power's counsel, Timothy Fisher,
14 detailing the deficiencies in Power's responses to Facebook's first set of document requests and
15 interrogatories, respectively.[2] *See id.*, Exs. E & F. Although Facebook requested a response from
16 Power within a week, Mr. Fisher waited nearly three weeks to respond (despite promises to
17 respond sooner). *Id.*, ¶ 5. Facebook again wrote to Mr. Fisher seeking full and complete
18 responses to its discovery requests. *Id.*, Exs. G & H. Power ignored Facebook's requests for
19 resolution.

20 Following Power's refusal to engage in any meaningful discussions to resolve the parties'
21 discovery disputes – including setting depositions – Facebook requested an in-person meeting in
22 compliance with Judge Lloyd's Standing Order Re Civil Discovery Disputes. Counsel met on
23 June 22, 2011. *Id.*, ¶ 7. Mr. Fisher indicated he was lead counsel for Power, but at the meeting

---

[2] Power is likely to argue that Facebook delayed raising any discovery disputes. In fact, Facebook's investigation showed that the power.com website is for sale and, thus, not operational. Facebook believed, therefore, that Power is no longer in business. Facebook reached out to Power's counsel to discuss settlement. Despite Power's promises to provide a response to the settlement offer, Power ignored Facebook's efforts. In the meantime, however, Facebook saw no benefit to expending resources on this case when it appeared Power was not in business and settlement was possible. Power then filed its Motion for Summary Judgment, indicating it is not interested in settling this case.

1  appeared to have no authority whatsoever to resolve any of the disputes. Instead, he said he must
2  confer with his client. *Id*. After the meeting, Facebook asked Power to respond to Facebook's
3  proposals for resolving the discovery disputes by June 28. At 7:00 P.M. on June 28, Mr. Fisher
4  sent an email to say he had been engaged on other matters and had not yet conferred with his
5  client. He then wrote that he would "try" to respond to Facebook's proposals by July 1. *Id*.
6  Facebook asked for confirmation that Power would provide, on July 1, substantive responses to
7  Facebook's proposals. Power ultimately responded at the close of business on July 1, but rejected
8  each of Facebook's proposals.
9      On June 29, 2011, Facebook requested that Power stipulate to a modification to the Case
10 Management Order. On July 1, 2011, Power wrote that it was unwilling to extend the pre-trial
11 deadlines. *Id.,* ¶ 8.

12 **III.   ARGUMENT**

13     **A.   Good Cause Exists To Modify the Scheduling Order.**

14     Pursuant to Federal Rule of Civil Procedure 16(b)(4), and the Local Rules 6-3 and 16-2, a
15 scheduling order may be modified upon a showing of good cause. Rule 16(b)'s "good cause"
16 standard permits modification of a pretrial schedule if the pretrial schedule "cannot reasonably be
17 met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory
18 committee's notes (1983 amendment); *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th
19 Cir. Cal. 1992).

20     Good cause exists to extend the current case management schedule. Expert reports
21 currently are due on July 29, and discovery is set to end on September 30. Because Power is
22 refusing to cooperate in discovery, however, Facebook will be unable to meet the current
23 deadlines. For instance, Power has refused to produce key documents, including its source code,
24 and thereby preventing Facebook's experts from analyzing relevant code and materials prior to
25 finalizing their reports. Moreover, Power's refusal to produce a single witness for deposition –
26 the one witness with any knowledge of the facts supporting Facebook's claims and Power's
27 defenses – is preventing Facebook from preparing its case and its own dispositive motions.
28 Indeed, Power and Mr. Vachani are uniquely in possession of information regarding the process

by which Power accessed or allowed others to access the Facebook website and services – information directly relevant to Facebook's allegations under the CFAA, CAN-SPAM Act, and California Penal Code 502.  Without this information, Facebook will be unable to provide this Court with the information necessary for this Court to make informed decisions.

Facebook has repeatedly sought Power's cooperation in resolving the outstanding discovery issues, but it refuses to do so.  Power should not be permitted to prevent Facebook from meeting the case management schedule by delaying and refusing to cooperate.  For these reasons, Facebook respectfully requests an order modifying the Case Management schedule by 60 days.

### B. Good Cause Exists To Enlarge Time To Respond To Power's Motion For Summary Judgment.

Facebook also seeks an Order continuing the hearing on Power's Motion for Summary Judgment (and all related deadlines) until at least October 24, 2011.  Rule 6(b) authorizes the enlargement of time for "cause shown."  Good cause exists.

Defendants filed their Motion for Summary Judgment on May 9, 2011.  Defendants move for summary judgment on all three of Facebook's claims.  In their motion, Defendants argue that Power did not initiate the transmission of email messages that are in violation of the CAN-SPAM Act.  *See* Dkt. No. 98 at 12-13.  Defendants also argue that Facebook's claims pursuant to the CFAA and California Penal Code 502 fail because Power "did not circumvent any technical barriers."  *Id.* at 16-19.  Much of the discovery in dispute relates to the process by which Power accessed or allowed its users to access the Facebook website and services (such as sending email to users).  Power's failure to provide Facebook with the discovery it seeks, especially its refusal to produce Power's source code, or to engage in any meaningful discussions to resolve the isues, prevents Facebook from adequately investigating its claims and arguments in opposition to Defendants' Motion for Summary Judgment.

/ / /

/ / /

/ / /

/ / /

### IV. CONCLUSION

For the reasons stated above, Facebook respectfully requests an order modifying the August 19, 2011 Scheduling Order by 60 days and enlarging the time for the hearing on defendants' Motion for Summary Judgment and related briefing deadlines.

Dated: July 6, 2011                               ORRICK, HERRINGTON & SUTCLIFFE LLP

                                                                  */s/ Theresa A. Sutton*
                                                                  Theresa A. Sutton
                                                                  Attorneys for Plaintiff
                                                                  FACEBOOK, INC.