I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
THERESA A. SUTTON (STATE BAR NO. 211857)
tsutton@orrick.com
MORVARID METANAT (STATE BAR NO. 268228)
mmetanat@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone:   650-614-7400
Facsimile:   650-614-7401

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> POWER VENTURES, INC. a Cayman Island Corporation; STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, DOES 2-25, inclusive, <br><br> Defendants. | Case No.  5:08-cv-05780 JW (HRL) <br><br> **DECLARATION OF I. NEEL CHATTERJEE IN SUPPORT OF FACEBOOK, INC.'S MOTION TO ENLARGE TIME** <br><br> Judge:      Hon. James Ware <br> Courtroom: 8, 4th Floor |

I, I. Neel Chatterjee, hereby declare and state as follows:

1. I am counsel of record for Plaintiff Facebook, Inc. ("Facebook") in the above-captioned action. I am a partner with the law firm of Orrick, Herrington & Sutcliffe LLP, and am admitted to practice in the State of California and before this Court. I make this declaration in support of Facebook's Motion to Enlarge Time. I have personal knowledge of the matters stated herein, and if called as a witness could and would testify competently thereto.

2. Facebook served Power with its First Set of Requests for Production and First Set of Interrogatories on October 22, 2010. Power did not respond to these discovery requests until December 15, 2011, nearly two months later. Attached hereto as **Exhibit A** and **Exhibit B,** respectively**,** are true and correct copies of Power's Responses to Facebook's First Set of Requests for Production and First Set of Interrogatories, dated December 15, 2010. In response, Power merely provided boilerplate objections and/or partial responses. With regard to Facebook's document requests, Power agreed only to "conduct a reasonable search" for the requested materials, but did not agree to produce any documents. Nearly two more months went by before Power produced any documents. Its production consisted of *13* documents in response to the *50* discovery requests propounded by Facebook. Noticeably absent from this minimal production, was Power's source code—specifically requested by Facebook. In addition, Power purported to respond to Facebook's interrogatories through this production, pursuant to Federal Rule of Civil Procedure 33(d). However, Power has yet to identify which of the 13 documents are in response to which interrogatory.

3. On June 2, 2011, Facebook served Defendant Vachani with its First Set of Requests for Production of Documents. On June 3, 2011, Facebook served Power with its Second Set of Requests for Production of Documents. On July 5, 2011, Defendants responded to Facebook's requests with boilerplate objections and promises to "conduct a reasonable search" for responsive materials. Defendants responded to these requests on July 5, 2011. Attached hereto as **Exhibit C** is a true and correct copy of Power's Responses to Facebook's First Set of Requests for Production served on Defendant Steve Vachani, dated June 2, 2011. Attached hereto as **Exhibit D** is a true and correct copy of Power's Responses to Facebook's Second Set of

1  Requests for Production served on Defendant Power, dated June 3, 2011.

2       4.     On June 1, 2011, Facebook noticed Power's deposition for June 15, pursuant to
3  Federal Rule of Civil Procedure 30(b)(6).  Subsequently, on June 6, Facebook noticed the
4  deposition of Steve Vachani for July 15, 2011.  Two days prior to the deposition of Power,
5  Power's counsel unilaterally cancelled the deposition.  That same day, Facebook requested the
6  availability of the Defendants to reschedule the depositions.  Power's counsel did not respond to
7  Facebook's request for eight days, and then, only provided a single date.  Facebook indicated that
8  it would be unavailable on that date and requested additional dates.  Power responded with four
9  additional dates—none of which were convenient for Facebook's counsel.  During the parties
10 June 22, 2010 meet and confer, Facebook suggested any date within the last two weeks of
11 August, with the exception of August 26th.  Power waited until June 29, 2011 to inform Power
12 the dates provided were inconvenient for Power and its counsel.  When Facebook attempted to
13 obtain additional dates from Power, Power reasserted the previous inconvenient dates with the
14 addition of two more dates.  Defendants' counsel, however, only provided one date where their
15 clients would be available "all day."  For all remaining dates, Defendants counsel indicated that
16 their clients would be available "a.m. only" or "at 1 p.m."  Shortly thereafter Facebook requested
17 confirmation that it would be permitted the seven hours per witness deposition that it was entitled
18 to under the Federal Rules.  Facebook also sought clarification that the witnesses would agree to
19 produce documents (in response to document requests) prior to the depositions.   Instead of
20 confirming compliance with the Federal Rules, however, Defendants' counsel merely responded
21 that he would get back to Facebook after speaking with their client.  Power has not yet confirmed
22 that it intends to comply with the Federal Rules.

23      5.     On May 12 and 17, Facebook sent a letter to Power's counsel, Timothy Fisher,
24 detailing the deficiencies in Power's responses to Facebook's document requests and
25 interrogatories and requesting that Power respond within a week.  Attached hereto as **Exhibit E**
26 and **Exhibit F,** respectively**,** are true and correct copies of Facebook's May 12, 2011, and May
27 17, 2011 letters to Power.  Mr. Fisher contacted Facebook's counsel and indicated he would reply
28 within the week.  Despite Mr. Fisher's promise, he waited nearly three weeks to respond.  Mr.

1   Fisher's response failed to adequately supplement its production and responses, and did not
2   provide a reasonable basis for failing to do so.  Facebook reached out to Mr. Fisher again, seeking
3   full and complete responses to its discovery requests.  Attached hereto as **Exhibit G** and **Exhibit**
4   **H,** respectively, are true and correct copy of Facebook's June 9, 2011 and June 10, 2011, meet
5   and confer letters to Power.  Power ignored Facebook's requests for resolution.

6         6.     Facebook also noticed the depositions two former Power employees, Eric Santos
7   and Felipe Herrera.  At the parties' in-person conference, Mr. Fisher indicated that Mr. Santos
8   and Mr. Herrera reside in Brazil. Facebook requested that Power provide the last known contact
9   information for Messrs. Santos and Herrera.  Mr. Fisher indicated that he would request this
10  information from his client and provide it to Facebook.  On July 1, 2011, Mr. Fisher e-mailed
11  Facebook asserting that "we are working on obtaining contact information for them and will let
12  you know when we have additional information we can share."  Facebook has yet to receive this
13  contact information.  On information and belief, to obtain the deposition testimony of Messrs.
14  Fisher and Santos, Facebook is required to submit a Letters Rogatory so as to comply with
15  Brazil's local rules and laws.

16        7.     On June 15, 2011, following Power's refusal to engage in meaningful discussion
17  to resolve the parties' discovery disputes, Facebook requested an in-person meeting in
18  compliance with Judge Lloyd's Standing Order Re Civil Discovery Disputes.  This meeting was
19  scheduled for June 22, 2011.  On June 22, 2011, I met in-person with Mr. Fisher, who had
20  indicated that he was the Defendants' lead counsel, at Orrick's Menlo Park office.  This meeting
21  lasted approximately 45 minutes.  At this meeting, Facebook requested, among other things, that
22  Power supplement its production and interrogatory responses, provide the availability of the
23  Defendants for depositions, and stipulate to a modification of the Case Management Order.  Mr.
24  Fisher made no attempts to resolve these disputes, but rather, indicated that he had to confer with
25  his client.  At the end of the meeting, the parties had not come to any definitive agreements on
26  any of the discovery issues.  Following the meeting, Facebook contacted Mr. Fisher and requested
27  Mr. Fisher or his partner, Scott Bursor, respond to Facebook's discussed requests and proposals
28  by June 28, 2011.  Mr. Fisher waited until June 28th to respond that both he and Mr. Bursor were

1  dealing with another matter and would "try" to respond to Facebook by July 1st. That same day,
2  Facebook requested confirmation that Power would provide, on July 1, substantive responses to
3  Facebook's proposals. Power refused.

4      8. On July 29, 2011, Facebook again requested that Power stipulate to a modification
5  to the Case Management Order. On July 1, 2011, Power indicated that it was unwilling to extend
6  the pre-trial deadlines.

7      9. If the Court denies Facebook's request to enlarge time, Facebook will undoubtedly
8  suffer harm and prejudice. Power's refusal to cooperate in discovery—both its failure to provide
9  availability for depositions, and its failure to sufficiently respond to Facebook's discovery
10  requests, ensures that Facebook will be unable to meet its current deadlines under the Case
11  Management Order. The parties' Expert Reports are currently due on July 29, 2011 and the
12  discovery cut-off is September 30, 2011. Power, however, refuses to produce key documents
13  such as Power's source code, effectively depriving Facebook's experts from analyzing these
14  relevant materials prior to finalizing their reports. Moreover, as a named Defendant and CEO of
15  Power Ventures, Steve Vachaini is uniquely in possession of information regarding the process
16  by which Power accessed or allowed others to access the Facebook website and services—
17  information that is directly relevant to Facebook's allegations under the CFAA, CAN-SPAM Act,
18  and California Penal Code Section 502. Without this information, it is impossible for Facebook
19  to provide the Court with the information necessary for this Court to make informed decisions.

20      10. Facebook will also suffer harm if the Court denies its Motion to Enlarge Time to
21  Respond to Power's Motion for Summary Judgment (Dkt. No. 98). Defendants filed their Motion
22  for Summary Judgment on May 9, 2011. Defendants move for summary judgment on all three of
23  Facebook's claims. In their motion, Defendants argue that Power did not initiate the transmission
24  of email messages that are in violation of the CAN-SPAM Act. *See* Dkt. No. 98 at 12-13.
25  Defendants also argue that Facebook's claims pursuant to the CFAA and California Penal Code
26  502 fail because Power "did not circumvent any technical barriers," in accessing or providing its
27  users with the tools to access the Facebook website. *Id*. at 16-19. Much of the discovery in
28  dispute relates to the process by which Power accessed or allowed its users to access the

1  Facebook website and services (such as sending email to users).  Power's failure to provide
2  Facebook with the discovery it seeks, especially its refusal to produce Power's source code, or to
3  engage in any meaningful discussions to resolve the parties' discovery disputes, prevents
4  Facebook from adequately investigating its claims and arguments in opposition to Defendants'
5  Motion for Summary Judgment.

6        11.  **Previous Time Modifications**: This case schedule has been modified seven times.
7  The original Case Scheduling Order was filed December 12, 2008.  The initial Case Management
8  Conference in this case was scheduled for April 15, 2009.  Subsequently, the Court rescheduled
9  the Case Management Conference for April 17, 2009.  Thereafter, the parties stipulated, and the
10 Court ordered, to extend to the initial Case Management Conference to 45 days after the Court's
11 ruling on the pending motion to dismiss.  The Court subsequently rescheduled the Case
12 Management Conference for January 29, 2010.  The Court then rescheduled the Case
13 Management Conference for August 20, 2010.  The Case Management Conference was again
14 rescheduled for August 23, 2010.  Thereafter, the Court reset the Conference to August 24, 2010.
15 On August, 19, 2010, the Court modified the original scheduling order and issued the current
16 scheduling order in this case.

17       12.  The effect of the requested time modification would have on the Case
18 Management Schedule is as follows:

| Deadline | Current Schedule | Moving out 60 Days |
|---|---|---|
| Close of all discovery | September 30, 2011 | November 28, 2011 |
| Last date for Hearing Dispositive Motions *(=60 days after the close of all discovery)* | December 5, 2011 | January 30, 2012 |
| Preliminary Pretrial Conference *(=30 days before the close of all discovery)* | August 29, 2011 | October 28, 2011 |
| Preliminary Pretrial Conference Statements *(Due 10 days before conference)* | August 19, 2011 | October 18, 2011 |
| Expert Reports *(=63 days before close of discovery)* | July 29, 2011 | October 27, 2011 |

| Rebuttal Expert Reports *(=49 days prior to discovery cutoff)* | August 12, 2011 | October 11, 2011 |
|---|---|---|
| Daubert Motions to be filed *(42 days after both expert and rebuttal expert disclosures on a Monday (Law and motion day) at 9:00am* | August 15, 2011 | November 28, 2011 |

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 6th day of July, 2011 at Menlo Park, California.

Dated: July 6, 2011                ORRICK, HERRINGTON & SUTCLIFFE LLP


                                                    */s/ I. Neel Chatterjee*
                                                    I. NEEL CHATTERJEE
                                                    Attorneys for Plaintiff
                                                    FACEBOOK, INC.

OHS WEST:261201970.1

- 6 -