# EXHIBIT H



ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025-1015

tel +1-650-614-7400
fax +1-650-614-7401

WWW.ORRICK.COM

June 10, 2011

Morvarid Metanat
(650) 614-7344
mmetanat@orrick.com

**VIA E-MAIL**

L. Timothy Fisher
BURSOR & FISHER, P.A.
2121 North California Blvd., Suite 1010
Walnut Creek, CA 94596

Re:   <u>Facebook, Inc. v. Power Ventures, Inc., et al, Case No. 5:08-cv-05780 (N.D. Cal.)</u>

Dear Timothy:

I write in response to your May 31, 2011 meet and confer letter regarding Power's responses to Facebook's First Set of Interrogatories. Your letter does not adequately address the deficiencies set forth in Facebook's May 12, 2011 letter. Your responses remain inadequate for the following reasons:

1. **Interrogatory Nos. 1, 2, 3, 13, 14, and 15:**

You contend that Power "specifically identified" and "produced all relevant" documents with regards to these Interrogatory requests. Such contentions are false. Power's interrogatory responses merely refer Facebook to "its business records *including* its June 2007 PowerScript Training document, and its PowerScript Documentation Developer Manual." (emphasis added). Indeed, Power's response contemplates the existence of responsive documents other than the PowerScript documents it generally refers to. Power has failed to identify these other documents. Pursuant to Fed. R. Civ. P. 33(d), Power is required to specify any responsive records "in sufficient detail to enable [Facebook] to locate and identify them as readily as [Power] could." Merely referring Facebook to "business records" *including* two "PowerScript" documents does not meet this requirement. If it is Power's contention that it does not possess documents responsive to these Interrogatories, Power is required to provide sufficient written responses. *See* Fed. R. Civ. P. 33. Power must either produce the additional documents referenced in its Interrogatory responses, or provide an adequate written response immediately.

2. **Interrogatory No. 4:**

Your response to Facebook's 4th interrogatory also remains deficient. Your letter fails to address Power's improper attempt to alter the scope of Facebook's Interrogatory—Facebook unequivocally requests information related to Power employees' creation and use of any


ORRICK

Timothy L. Fisher
June 10, 2011
Page 2

Facebook accounts *"within the course and scope of their employment,"* not, "for *purposes* of their employment" as Power suggests.  Please supplement this response immediately.

3. **Interrogatory No. 11:**

Power's response to this Interrogatory No. 11 remains incomplete.  To the extent that Power claims the information requested is privileged, Power has not provided a reasonable basis for such a contention, nor has it provided a privilege log as required under the federal rules.  *See* Fed. R. Civ. P. 26(b)(3)(5).  As we previously explained, privilege protects communications—not the underlying facts of such communications.  Certain facts shared with attorneys do not become privileged by virtue of having been communicated to counsel.  You assert that Power's assertion of privilege "is based on the participation of Power's counsel in providing legal advice and drafting the Bill of Rights."  Facebook, however, simply requests identification of the individual(s) responsible for drafting the Bill or Rights and the date it was drafted.  These facts do not constitute the "contents" of privileged communications.

4. **Interrogatory No. 19:**

Contrary to your assertion, the information sought by Facebook is directly relevant to this litigation.  For example, information regarding Power's deletion of information obtained from Facebook's systems is relevant to the issue of spoliation.  Information relating to Power's security protocols is relevant to the scope of damages incurred by Facebook.  While Power expresses concern that its disclosures may "undermine" the "efficacy" of its security protocols, this concern is baseless.  To the extent that this information is confidential, the parties have stipulated to a protective order ensuring the confidentiality of such disclosures.

Please provide a supplemental response no later than Tuesday, June 14.  If you would like to meet and confer before then, please provide me with your availability.  If we are unable to resolve these issues by June 14, we will move to compel production.

Best regards,

Morvarid Metanat