1   BURSOR & FISHER, P.A.
L. Timothy Fisher (State Bar No. 191626)
2   2121 North California Blvd., Suite 1010
Walnut Creek, CA 94596
3   Telephone: (925) 482-1515
Facsimile: (925) 407-2700
4   E-Mail: ltfisher@bursor.com

5   BURSOR & FISHER, P.A.
Scott A. Bursor (*pro hac vice*)
6   369 Lexington Avenue, 10th Floor
New York, NY 10017
7   Telephone: (212) 989-9113
Facsimile: (212) 989-9163
8   E-Mail: scott@bursor.com

9   BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
Alan R. Plutzik (State Bar No. 077785)
10   Michael S. Strimling (State Bar No. 96135)
2125 Oak Grove Road, Suite 120
11   Walnut Creek, CA 94598
Telephone: (925) 945-0200
12   Facsimile: (925) 945-8792
E-Mails: aplutzik@bramsonplutzik.com
13           mstrimling@bramsonplutzik.com

14   Attorneys for Defendants Power
Ventures, Inc. and Steve Vachani
15
UNITED STATES DISTRICT COURT
16
NORTHERN DISTRICT OF CALIFORNIA
17

18   FACEBOOK, INC.,

19                                    Plaintiff,

20   -against-

21
POWER VENTURES, INC. d/b/a POWER.COM, a
22   California corporation; POWER VENTURES, INC.
a Cayman Island Corporation, STEVE VACHANI,
23   an individual; DOE 1, d/b/a POWER.COM, an
individual and/or business entity of unknown nature;
24   DOES 2 through 25, inclusive, individuals and/or
business entities of unknown nature,
25
26                                    Defendants.
27
28

Case No. 5:08-CV-05780 JW

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO FACEBOOK INC.'S MOTION TO ENLARGE TIME PURSUANT TO CIVIL LOCAL RULE 6-3 AND 16-12**

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO FACEBOOK'S MOTION TO ENLARGE TIME
CASE NO. 5:08-CV-05780 JW

1

2

3

Defendants Power Ventures, Inc. ("Power") and Steve Vachani ("Vachani") respectfully submit this memorandum of points and authorities in opposition to Facebook, Inc.'s Motion to Enlarge Time Pursuant to Civil Local Rule 6-3 and 16-12.

4

## I.     INTRODUCTION

5

6

7

8

9

10

11

12

Nearly eleven months ago on August 19, 2010, this Court issued a scheduling order setting forth the pre-trial deadlines in the case including the discovery and motion cut-offs.  *See* Dkt. No. 92.  Since the Court issued its order, Facebook has done little work to prepare the case for trial.  In October, 2010, Facebook served document requests and interrogatories on defendant Power.  For the next seven months, Facebook did virtually <u>nothing</u> else.  It did not file a motion, take a deposition, serve any discovery or contact defendants about the supposed deficiencies in their discovery responses.  Only after defendants filed a motion for summary judgment on May 6, 2011 did Facebook wake up and begin to litigate this case again.

13

14

15

16

17

18

19

Now, Facebook disingenuously attempts to blame defendants for the fact that it is not ready for trial and asks this Court to extend all of the deadlines set forth in the August 19, 2010 Scheduling Order by 60 days and to continue the hearing on defendants' motion for summary judgment from September 19 to October 24.  Notably absent from Facebook's motion is any acknowledgement that it sat on its hands for more than seven months and did nothing to get this case ready for trial.  The Court should not absolve Facebook of its neglect and should deny the motion.

20

## II.     ARGUMENT

21

22

23

24

25

26

Facebook must establish "good cause" for its request to modify the pre-trial schedule set forth in the Court's August 19, 2010 Scheduling Order.  FRCP 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").  In *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992), the Ninth Circuit held that the "good cause" standard primarily considers the "diligence" of the party seeking to modify the schedule.  *Id.* at 609.  Facebook has utterly failed to satisfy the diligence requirement.

27

28

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO FACEBOOK'S MOTION TO ENLARGE TIME
CASE NO. 5:08-CV-05780 JW

1

1

## A.  Facebook Did Not Diligently Litigate This Case

2

Facebook attempts to establish good cause for extending the deadlines in the August 19,

3

2010 scheduling order by blaming defendants for not cooperating in the discovery process.

4

Facebook carefully avoids mentioning that it did no work on this case for more than seven

5

months.[1] Facebook served document requests and interrogatories on October 22, 2010.  *See* Exh. A

6

to the Chatterjee Decl.  Defendants responded to those discovery requests on December 15, 2010.

7

*See* Exh. B to the Chatterjee Decl.  Facebook did not raise any issue with those responses until May

8

12, 2011.  *See* Exh. E to the Chatterjee Decl.  In fact, the docket shows that Facebook's only

9

substantive activity in the case from the time the Court issued its scheduling order on August 19,

10

2010 until the beginning of May, 2011 was to stipulate to the dismissal of five of its claims on

11

February 18.  *See* Dkt. No. 97.  Other than that, Facebook did nothing.  Only after defendants filed

12

their motion for summary judgment on May 6 did Facebook come out of hibernation and claim that

13

there were any problems with defendants' discovery responses.   Thereafter, defendants engaged in

14

extensive meet and confer efforts that led to the filing of a joint report with Magistrate Judge Lloyd

15

on July 7.  *See* Exhs. A-D to the Fisher Decl. and Exhs. E-H to the Chatterjee Decl.; *see also* Dkt.

16

No. 113 (joint report).[2]  There has been no lack of diligence on defendants' part.  It is Facebook

17

that sat on its hands and did not litigate this case diligently.

18

## B.  Defendants Have Not Refused to Provide a Witness for Deposition

19

Facebook claims that defendants have refused "to provide a witness for deposition."

20

Facebook's Motion at 2.  That is simply not true.  As the following chronology shows, defendants

21

have diligently worked to provide dates for the depositions.

22

23

[1]     In a desperate effort to explain its neglect, Facebook says that it "saw no benefit to expending resources on this case when it appeared Power was not in business and settlement was possible."  Facebook's Motion at 3, fn. 2.  Defendants took the deposition of Facebook employee

24

Craig Clark on February 17.  Shouldn't that have indicated to Facebook that Power was in business and prepared to litigate the case?  Facebook also could have picked up the phone and called

25

defendants' counsel if it wanted to find out what Power intended to do.  Facebook's "we thought the case was going to settle" excuse simply does not fly.

26

[2]     On June 2 and 3, Facebook served defendants with additional document requests.  After

27

Facebook refused defendants' request for a one week extension of time due to the 4th of July holiday, defendants responded to those requests on a timely basis on July 5.  The parties are in the

28

process of meeting and conferring regarding those responses.

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO FACEBOOK'S MOTION TO ENLARGE TIME
CASE NO. 5:08-CV-05780 JW

2

- On June 1 and June 6, Facebook served deposition notices for defendants Power and Vachani.  Exhs. E and F to the Fisher Declaration.

- On June 13, defendants' counsel informed Facebook that it had failed to comply with Local Rule 30-1 and that defendants were unavailable on the dates noticed.  Exh. G to the Fisher Declaration.

- On June 21, defendants offered July 7 for the depositions.  Exh. H to the Fisher Decl.

- Facebook responded that its counsel Neel Chatterjee was unavailable that day and asked for additional dates.  Exh. I to the Fisher Decl.

- On June 22, defendants offered July 7, 15, 18 and 19 for the depositions.  Exh. J to the Fisher Declaration.

- Mr. Chatterjee responded that he was on vacation from July 18 through July 28 and asked to "move this to August."  Exh. K to the Fisher Decl.  During a meeting on June 22, Facebook's counsel specifically requested dates for the deposition in the last week of August.  Fisher Decl. at ¶ 12.

- On July 1, defendants' counsel responded that the dates proposed in August were unavailable and offered additional dates in July.  Exh. D to the Fisher Decl ("Defendants previously proposed 7/7, 7/15, 7/18 and 7/19.  Other than 7/15, those dates are still available.  Mr. Vachani is also available on 7/12 (all day) and 7/13 (a.m. only).  Please let us know if you can take the depositions on any of those dates.").

- On July 5, Facebook agreed to take the deposition on July 12.  Exh. L to the Fisher Decl.

- On July 7, defendants' counsel informed Facebook that they were working with their client to confirm the July 12 deposition.  Exh. M to the Fisher Decl.

- On July 8, Facebook decided not to take the deposition on July 12 and instead requested additional dates for the deposition.  Exh. N to the Fisher Decl.

Defendants have made every effort to work with Facebook to schedule the depositions.

The parties are in the process of resolving the scheduling issues and defendants anticipate that the

depositions will be scheduled shortly.  Facebook's claim that defendants have "refused" to provide

witnesses for depositions is simply baseless and without merit.

### C.  Defendants Have Actively Engaged in the Meet and Confer Process

Facebook also criticizes defendants for refusing "to engage in any meaningful discussions

to resolve the parties' discovery disputes."  Facebook's Motion at 3.  The evidence does not

support that contention.  Defendants responded fully and completely to Facebook's belated meet

and confer requests.  *See* Exhs. A, B and D to the Fisher Decl.  Any disputes regarding Power's

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO FACEBOOK'S MOTION TO ENLARGE TIME
CASE NO. 5:08-CV-05780 JW

3

1
2

December 15, 2010 responses could have been resolved long ago had Facebook simply raised

those issues on a timely basis.  Defendants are not to blame for Facebook's inattention to the case.

3
4

### D.  The Courts Should Not Postpone the Hearing on Defendants' Summary Judgment Motion

5
6

Facebook also requests that the Court postpone the hearing on defendants' motion for

summary judgment from September 19 to October 24.  Defendants filed their motion for summary

7
8

judgment on May 9.  With the hearing set for September 19, Facebook had 142 days notice of

defendants' motion and four months to prepare a response.  In addition, defendants did not file

9
10

their motion at the outset of the case.  The case was filed in December, 2008 and is already more

than 30 months old.  Facebook had plenty of time to muster whatever evidence it had to respond to

11
12

defendants' motion.  If Facebook is unprepared to respond to the motion, it is due solely to

Facebook's own negligence.

13

## III.    CONCLUSION

14

It is not this Court's responsibility to bail out a party who by its own admission failed to

15
16

litigate its claims.  Facebook admits that it did nothing in this case for more than six months on the

mistaken belief that the case was going to settle or Power would go out of business.  Facebook has

17

known about the deadlines in this case for nearly 11 months.  During most of that time, Facebook

18

did nothing to prepare this case for trial.  The Court should deny Facebook's motion to enlarge

19

time.

Dated:  July 11, 2011                                    BURSOR & FISHER, P.A.

20
21

By                          /s/                          __
                                    L. Timothy Fisher

22
23

L. Timothy Fisher (State Bar No. 191626)
2121 North California Blvd., Suite 1010
Walnut Creek, CA 94596

24

Telephone:  (925) 482-1515
Facsimile:  (925) 407-2700

25

E-Mail:  ltfisher@bursor.com

26

Scott A. Bursor (*pro hac vice*)
369 Lexington Avenue, 10th Floor

27

New York, NY  10017-6531
Telephone:  (212) 989-9113

28

1

2

Facsimile:   (212) 989-9163
E-Mail:  scott@bursor.com

3

Alan R. Plutzik (State Bar No. 77785)
Michael S. Strimling (State Bar No. 96135)
2125 Oak Grove Road, Suite 120

4

Walnut Creek, CA  94598
Telephone:  (925) 945-0200

5

Facsimile:  (925) 945-8792
E-Mail: aplutzik@bramsonplutzik.com

6

            mstrimling@bramsonplutzik.com

7

Attorneys for Defendants Power
Ventures, Inc. and Steve VachanI

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO FACEBOOK'S MOTION TO ENLARGE TIME
CASE NO. 5:08-CV-05780 JW

5