BURSOR & FISHER, P.A.
L. Timothy Fisher (State Bar No. 191626)
2121 North California Blvd., Suite 1010
Walnut Creek, CA 94596
Telephone: (925) 482-1515
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com

BURSOR & FISHER, P.A.
Scott A. Bursor (State Bar No. 276006)
369 Lexington Avenue, 10th Floor
New York, NY 10017
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
Alan R. Plutzik (State Bar No. 077785)
Michael S. Strimling (State Bar No. 96135)
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792
E-Mails: aplutzik@bramsonplutzik.com
         mstrimling@bramsonplutzik.com

Attorneys for Defendants Power
Ventures, Inc. and Steve Vachani

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC.,<br><br>                                    Plaintiff,<br><br>-against-<br><br>POWER VENTURES, INC. d/b/a POWER.COM, a California corporation; POWER VENTURES, INC. a Cayman Island Corporation, STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, an individual and/or business entity of unknown nature; DOES 2 through 25, inclusive, individuals and/or business entities of unknown nature,<br><br>                                    Defendants. | Case No. 5:08-cv-05780 JW<br><br>**DECLARATION OF L. TIMOTHY FISHER IN SUPPORT OF DEFENDANTS' OPPOSITION TO FACEBOOK INC.'S MOTION TO ENLARGE TIME PURSUANT TO CIVIL LOCAL RULE 6-3 AND 16-12** |

I, L. Timothy Fisher, declare as follows:

1.      I am a partner at Bursor & Fisher, P.A., counsel of record for Defendants Power Ventures, Inc. ("Power") and Steve Vachani (collectively, "Defendants").  I am an attorney at law licensed to practice in the State of California, and I am a member of the bar of this Court.  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2.      Attached hereto as Exhibit A is a true and correct copy of my May 31, 2011 letter to Theresa Sutton.

3.      Attached hereto as Exhibit B is a true and correct copy of my May 31, 2011 letter to Morvarid Metanat.

4.      Attached hereto as Exhibit C is a true and correct copy of a June 22, 2011 e-mail to me from Morvarid Metanat following the meeting with Facebook's counsel that same day.

5.      Attached hereto as Exhibit D is a true and correct copy of my July 1, 2011 e-mail to Morvarid Metanat.

6.      Attached hereto as Exhibit E is a true and correct copy of Facebook, Inc.'s Notice of Deposition of Power Ventures, Inc. Pursuant to Fed. R. Civ. P. 30(b)(6) dated June 1, 2011.

7.      Attached hereto as Exhibit F is a true and correct copy of Plaintiff Facebook Inc.'s Notice of Deposition of Defendant Steve Vachani dated June 6, 2011.

8.      Attached hereto as Exhibit G is a true and correct copy of my June 13, 2011 e-mail to Morvarid Metanat.

9.      Attached hereto as Exhibit H is a true and correct copy of my June 21, 2011 e-mail to Morvarid Metanat.

10.     Attached hereto as Exhibit I is a true and correct copy of Morvarid Metanat's June 21, 2011 e-mail to me.

11.     Attached hereto as Exhibit J is a true and correct copy of my June 22, 2011 e-mail to Morvarid Metanat.

12.     Attached hereto as Exhibit K is a true and correct copy of Neel Chatterjee's June 22, 2011 e-mail to me.  Later that day at a meeting at Mr. Chatterjee's office, Mr. Chatterjee requested

1   that the depositions of defendants Power Ventures, Inc. and Steve Vachani take place in the last

2   week in August.

3        13.    Attached hereto as Exhibit L is a true and correct copy of Theresa Sutton's July 5,

4   2011 e-mail to me.

5        14.    Attached hereto as Exhibit M is a true and correct copy of my July 7, 2011 e-mail to

6   Monte Cooper.

7        15.    Attached hereto as Exhibit N is a true and correct copy of Monte Cooper's July 8,

8   2011 e-mail to me.

9       I declare under the penalty of perjury under the laws of the State of California that the

10   foregoing is true and correct, executed on July 11, 2011 at Walnut Creek, California.

_____

L. Timothy Fisher

# EXHIBIT A

# BURSOR & FISHER, P.A.

## ATTORNEYS AT LAW

2121 North California Blvd., Suite 1010
Walnut Creek, CA 94596-7351
(925) 482-1515 (tel)
(925) 407-2700 (fax)
www.bursor.com

May 31, 2011

**_By email only_**

Theresa A. Sutton
Orrick Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
650-614-7400 (tel)
tsutton@orrick.com

Re:    *Facebook Inc. v. Power Ventures, Inc. d/b/a Power.com*
       Civil Action No. 5:08-cv-05780 (N.D. Cal.)

Dear Theresa:

I have reviewed your letter dated May 12, 2011 regarding Power's responses to Facebook's First Set of Interrogatories.

**Interrogatories Nos. 1, 2, 3, 13, 14 and 15:**

You state that Power's responses to Interrogatories Nos. 1, 2, 3 and 13-15 do not satisfy Fed. R. Civ. P. 33(d) because they "only generally referred Facebook to 'business records'." Actually, Power's responses specifically identified the documents on which it relied. For Interrogatories Nos. 1-3, Power identified and produced its June 2007 PowerScript Training document and its PowerScript Documentation Developer Manual. For Interrogatories Nos. 13-15, Power identified and produced all relevant email correspondence that was located after a diligent search.

**Interrogatory No. 4:**

You state that Power's response to this interrogatory fails to "address its employees' 'use' of Facebook accounts." Power's response states that "Power is presently unaware of any Facebook accounts created by Power employees for purposes of their employment with Power." We are not aware of any relevant information about employees' "use" of personal accounts. There is no additional information in Power's possession that could be used to supplement this response.

**BURSOR & FISHER, P.A.**                              page 2

**Interrogatory No. 11:**

You assert that Power's response is "only a partial response."  Power stands by its response.  Power's assertion of attorney-client and attorney work product privileges is based on the participation of Power's counsel in providing legal advice and drafting the Bill of Rights.

**Interrogatory No. 19:**

You state that Power's response to this interrogatory is "evasive and largely irrelevant."  Power described in detail the manner in which users' data was stored.  The additional details sought by the interrogatory, such as the security protocols that were used to protect users' data, are irrelevant to any issue in this litigation, and the disclosure of those security protocols could undermine their efficacy.  For these and other reasons, Power's stands by its objections and response.

Very truly yours,

L. Timothy Fisher
ltfisher@bursor.com

cc:     Scott A. Bursor, Esq., scott@bursor.com

# EXHIBIT B

# BURSOR & FISHER, P.A.

## ATTORNEYS AT LAW

2121 North California Blvd., Suite 1010
Walnut Creek, CA 94596-7351
(925) 482-1515 (tel)
(925) 407-2700 (fax)
www.bursor.com

May 31, 2011

**_By email only_**

Morvarid Metanat
Orrick Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
mmetanat@orrick.com

Re:     *Facebook Inc. v. Power Ventures, Inc. d/b/a Power.com*
        Civil Action No. 5:08-cv-05780 (N.D. Cal.)

Dear Morvarid:

I have reviewed your letter dated May 17, 2011 regarding Power's responses to Facebook's First Set of Requests for Production of Documents. Power identified and produced all responsive documents that were located after a diligent search, with the exception of raw computer source code. No documents other than raw source code were withheld. Power objects to the production of raw source code as unnecessary and duplicative of information contained in the June 2007 PowerScript Training document and the PowerScript Documentation Developer Manual. If you believe that raw source code should be produced, I would request that you explain what relevant information might be obtained from raw source code that is not already reflected in the June 2007 PowerScript Training document and the PowerScript Documentation Developer Manual. With that explanation, we would be better able to understand your concerns and have a productive discussion during the meet and confer process.

Very truly yours,

L. Timothy Fisher
ltfisher@bursor.com

cc:     Scott A. Bursor, Esq., scott@bursor.com

# EXHIBIT C



**L. Timothy Fisher <ltfisher@bursor.com>**

---

# Facebook v. Power--June 22, 2011 Meet and Confer

---

**Metanat, Morvarid <mmetanat@orrick.com>**                              **Wed, Jun 22, 2011 at 6:06 PM**
To: "L. Timothy Fisher" <ltfisher@bursor.com>
Cc: "Scott A. Bursor" <scott@bursor.com>, "Chatterjee, Neel" <nchatterjee@orrick.com>, "Sutton, Theresa A."
<tsutton@orrick.com>, "Dalton, Amy" <adalton@orrick.com>

Tim,

Below, please find a list of the issues and proposals discussed by the parties at today's meet and confer. We
would like a response by June 28th so that we can determine whether to proceed before Judge Lloyd.

1.  **Power's Source Code**:  As discussed, Power's raw source code is relevant and necessary to Facebook's
CAN-SPAM Act, CFAA, and 502 claims.  The code is necessary in (1) determining how Power accessed the
Facebook website once Facebook implemented technical measures blocking Power from such access; and (2)
determining by what means Power's launch promotion invites were distributed to Facebook users.  It will also
potentially tell how many of these invites were sent.

-

In lieu of the source code, Facebook is amendable to a stipulation providing the following factual assertions.
We understand that there is some wordsmithing that may be necessary here, so the goal is to present the
concept.

(a)  Power developed and/or used source code to access the Facebook website through a
Facebook user's account upon that user's assent;

(b)  Power learned that following Facebook's cease and desist letters to Power, Facebook
implemented technical measures to block Power and its users from accessing the Facebook
website;

(c)  Following Facebook's implementation of technical measures blocking Power and its users
from accessing Facebook's website and the receipt of the cease and desist letter, Power
implemented new measures designed to circumvent Facebook's blocking technology and was
successful in circumventing the blocking technology;

(d)   Power used an automated tool to send Power's launch promotion invites to Facebook's users;

(e)   Power's automated tool tallied the number of Power users that participated in the launch promotion and launch promotion invites that were distributed; and

(f)   The number of Facebook users that were sent invitations through the launch promotion was _____

2.   **Facebook's remaining requests for production**: Facebook suggests that the most efficient and practicable approach to production of relevant documents is to enlist a neutral third-party to take forensic images of all relevant computers/servers to run a search for mutually agreed upon keywords. Power would have the opportunity to review all document hits for privilege prior to production to Facebook. The costs for this approach will be separately negotiated. Facebook is willing to consider splitting the cost of imaging, depending on the number of devices that need to be imaged.

3.   **Facebook's Interrogatory responses**: Power agrees to review its previous responses to Facebook's First Set of Interrogatory Responses and supplement its responses where appropriate. It will tell us by the deadline which interrogatory responses it will not supplement.

4.   **Eric Santos and Felipe Herrera**: Facebook requests the most recent contact information for Eric Santos and Felipe Herrera. This can be done by supplementing the current interrogatory. You also confirmed you had no objection to us calling them and talking to them.

5.   **Financial Information**: During the meet and confer, Mr. Fisher suggested that Power has never generated any profits. Facebook requests validation that this information is in fact correct. Such validation may be provided through document production, as well as Power's response to a request for admission, or by stipulation.

6.   **Rule 26 disclosures**: It appears that neither party has submitted its Rule 26 disclosures. Facebook proposes that the parties exchange such disclosures by July 15, 2011.

-

7.   **Deposition dates for Power and Steve Vachani**: With the exception of August 26th, Neel is available to take the deposition of Power and Steve Vachani anytime between August 15-24.

8.   **Case Management Schedule**: Given the quickly approaching deadlines in this matter, Facebook proposes extending all deadlines for 30 days.  This extension would result in the following schedule:

**Facebook v. Power**

| Deadline | Current Schedule | Moving out 30 Days |
|---|---|---|
| Close of all discovery | September 30, 2011 | October 31, 2011 |
| Last date for Hearing Dispositive Motions *(=60 days after the close of all discovery)* | December 5, 2011 | December 30, 2011 |
| Preliminary Pretrial Conference *(=30 days before the close of all discovery)* | August 29, 2011 | September 30, 2011 |
| Preliminary Pretrial Conference Statements *(Due 10 days before conference)* | August 19, 2011 | September 20, 2011 |
| Expert Reports *(=63 days before close of discovery)* | July 29, 2011 | August 29, 2011 |
| Rebuttal Expert Reports *(=49 days prior to discovery cutoff)* | August 12, 2011 | September 12, 2011 |
| Daubert Motions to be filed *(42 days after both expert and rebuttal expert disclosures on a Monday (Law and motion day) at 9:00am* | August 15, 2011 | October 24, 2011 |

Please let me know if you have any questions.

Morvarid (Bahar)



**ORRICK**

**MORVARID METANAT**
*Associate*

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

SILICON VALLEY

*tel* (650) 614-7344
mmetanat@orrick.com

www.orrick.com

=========================================================
IRS Circular 230 disclosure: To ensure compliance with requirements
imposed by the IRS, we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not intended or
written to be used, and cannot be used, for the purpose of (i) avoiding
tax-related penalties under the Internal Revenue Code or (ii) promoting,
marketing or recommending to another party any tax-related matter(s)
addressed herein.
=========================================================
NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY
THE INTENDED RECIPIENT OF THE TRANSMISSION, AND
MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU
RECEIVED THIS E- MAIL IN ERROR, ANY REVIEW, USE,
DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS
E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US
IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND
PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM.
THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/
=========================================================

# EXHIBIT D



**L. Timothy Fisher <ltfisher@bursor.com>**

# Re: Facebook v. Power--June 22, 2011 Meet and Confer

**L. Timothy Fisher <ltfisher@bursor.com>**                                                  **Fri, Jul 1, 2011 at 4:59 PM**
To: "Metanat, Morvarid" <mmetanat@orrick.com>
Cc: "Scott A. Bursor" <scott@bursor.com>, "Chatterjee, Neel" <nchatterjee@orrick.com>, "Sutton, Theresa A."
<tsutton@orrick.com>, "Dalton, Amy" <adalton@orrick.com>


Dear Bahar:

This is defendants' response to your June 22 e-mail.

1. <u>**Source Code**</u>: This issue is addressed by the joint report we sent to Theresa Sutton earlier today. Defendants are unwilling to agree to the stipulation Facebook proposed in your e-mail.

2. <u>**Facebook's remaining requests for production**</u>:  Defendants will not agree to your proposal regarding forensic imaging of Power's computers and servers.

3. <u>**Facebook's interrogatory responses**</u>: As set forth in our meet and confer letters, defendants do not believe there is any need to supplement our 12/15/10 responses to Facebook's interrogatories.

4. <u>**Eric Santos and Felipe Herrera**</u>: Mr. Santos and Mr. Herrera are both presently in Brazil.  We are working on obtaining contact information for them and will let you know when we have any additional information we can share.

5. <u>**Financial Information**</u>: Please see defendants' responses to RFPs Nos. 40 and 41.

6. <u>**Rule 26 disclosures**</u>: Defendants agree that the parties should make their Rule 26 disclosures and request that the deadline for the disclosures be July 20.

7. <u>**Deposition dates for Power and Steve Vachani**</u>: The dates you propose in August do not work for our client.  Defendants previously proposed 7/7, 7/15, 7/18 and 7/19.  Other than 7/15, those dates are still available.  Mr. Vachani is also available on 7/12 (all day) and 7/13 (a.m. only).  Please let us know if you can take the depositions on any of those dates.

8. <u>**Case Management Schedule**</u>: Defendants are unwilling to extend the pre-trial deadlines as you propose.


Tim
--
L. Timothy Fisher
Bursor & Fisher, P.A.
2121 North California Boulevard, Suite 1010
Walnut Creek, California 94596
Telephone: (925) 482-1515
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com



On Wed, Jun 22, 2011 at 6:06 PM, Metanat, Morvarid <mmetanat@orrick.com> wrote:

Tim,

Below, please find a list of the issues and proposals discussed by the parties at today's meet and confer. We would like a response by June 28th so that we can determine whether to proceed before Judge Lloyd.

1.    **Power's Source Code**:  As discussed, Power's raw source code is relevant and necessary to Facebook's CAN-SPAM Act, CFAA, and 502 claims.  The code is necessary in (1) determining how Power accessed the Facebook website once Facebook implemented technical measures blocking Power from such access; and (2) determining by what means Power's launch promotion invites were distributed to Facebook users.  It will also potentially tell how many of these invites were sent.

In lieu of the source code, Facebook is amendable to a stipulation providing the following factual assertions.  We understand that there is some wordsmithing that may be necessary here, so the goal is to present the concept.

        (a)    Power developed and/or used source code to access the Facebook website through a Facebook user's account upon that user's assent;

        (b)    Power learned that following Facebook's cease and desist letters to Power, Facebook implemented technical measures to block Power and its users from accessing the Facebook website;

        (c)    Following Facebook's implementation of technical measures blocking Power and its users from accessing Facebook's website and the receipt of the cease and desist letter, Power implemented new measures designed to circumvent Facebook's blocking technology and was successful in circumventing the blocking technology;

        (d)    Power used an automated tool to send Power's launch promotion invites to Facebook's users;

        (e)    Power's automated tool tallied the number of Power users that participated in the launch promotion and launch promotion invites that were distributed; and

(f)    The number of Facebook users that were sent invitations through the launch promotion was _____

2.    **Facebook's remaining requests for production**: Facebook suggests that the most efficient and practicable approach to production of relevant documents is to enlist a neutral third-party to take forensic images of all relevant computers/servers to run a search for mutually agreed upon keywords.  Power would have the opportunity to review all document hits for privilege prior to production to Facebook.  The costs for this approach will be separately negotiated.  Facebook is willing to consider splitting the cost of imaging, depending on the number of devices that need to be imaged.

3.    **Facebook's Interrogatory responses**:  Power agrees to review its previous responses to Facebook's First Set of Interrogatory Responses and supplement its responses where appropriate.  It will tell us by the deadline which interrogatory responses it will not supplement.

4.    **Eric Santos and Felipe Herrera**: Facebook requests the most recent contact information for Eric Santos and Felipe Herrera.  This can be done by supplementing the current interrogatory.  You also confirmed you had no objection to us calling them and talking to them.

5.    **Financial Information**:  During the meet and confer, Mr. Fisher suggested that Power has never generated any profits.  Facebook requests validation that this information is in fact correct.  Such validation may be provided through document production, as well as Power's response to a request for admission, or by stipulation.

6.    **Rule 26 disclosures**:  It appears that neither party has submitted its Rule 26 disclosures.  Facebook proposes that the parties exchange such disclosures by July 15, 2011.

-

7.    **Deposition dates for Power and Steve Vachani**: With the exception of August 26th, Neel is available to take the deposition of Power and Steve Vachani anytime between August 15-24.

-

8.    **Case Management Schedule**: Given the quickly approaching deadlines in this matter, Facebook proposes extending all deadlines for 30 days.  This extension would result in the following schedule:

**Facebook v. Power**

| Deadline | Current Schedule | Moving out 30 Days |
|---|---|---|
| Close of all discovery | September 30, 2011 | October 31, 2011 |
| Last date for Hearing Dispositive Motions *(=60 days after the close of all discovery)* | December 5, 2011 | December 30, 2011 |
| Preliminary Pretrial Conference *(=30 days before the close of all discovery)* | August 29, 2011 | September 30, 2011 |
| Preliminary Pretrial Conference Statements *(Due 10 days before conference)* | August 19, 2011 | September 20, 2011 |
| Expert Reports *(=63 days before close of discovery)* | July 29, 2011 | August 29, 2011 |
| Rebuttal Expert Reports *(=49 days prior to discovery cutoff)* | August 12, 2011 | September 12, 2011 |
| Daubert Motions to be filed *(42 days after both expert and rebuttal expert disclosures on a Monday (Law and motion day) at 9:00am* | August 15, 2011 | October 24, 2011 |

Please let me know if you have any questions.


Morvarid (Bahar)



**MORVARID METANAT**
*Associate*
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
SILICON VALLEY
*tel* (650) 614-7344
mmetanat@orrick.com
www.orrick.com

=======================================================
IRS Circular 230 disclosure: To ensure compliance with requirements
imposed by the IRS, we inform you that any tax advice contained in this

communication, unless expressly stated otherwise, was not intended or
written to be used, and cannot be used, for the purpose of (i) avoiding
tax-related penalties under the Internal Revenue Code or (ii) promoting,
marketing or recommending to another party any tax-related matter(s)
addressed herein.
============================================================
NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY
THE INTENDED RECIPIENT OF THE TRANSMISSION, AND
MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU
RECEIVED THIS E- MAIL IN ERROR, ANY REVIEW, USE,
DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS
E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US
IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND
PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM.
THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/
============================================================

# EXHIBIT E

1  I. NEEL CHATTERJEE (STATE BAR NO. 173985)
   nchatterjee@orrick.com
2  THERESA A. SUTTON (STATE BAR NO. 211857)
   tsutton@orrick.com
3  MORVARID METANAT (STATE BAR NO. 268228)
   mmetanat@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
5  Menlo Park, CA  94025
   Telephone:    650-614-7400
6  Facsimile:     650-614-7401

7  Attorneys for Plaintiff
   FACEBOOK, INC.

8

9                 UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                      SAN JOSE DIVISION

12

13  FACEBOOK, INC.,                          Case No.  5:08-cv-05780 JW (HRL)

14              Plaintiff,                    **FACEBOOK, INC.'S NOTICE OF
                                             DEPOSITION OF POWER
15        v.                                  VENTURES, INC. PURSUANT TO
                                             FED. R. CIV. P. 30(B)(6)**
16  POWER VENTURES, INC. a Cayman Island
    Corporation; STEVE VACHANI, an
17  individual; DOE 1, d/b/a POWER.COM,
    DOES 2-25, inclusive,
18
                Defendants.
19

20

21

22

23

24

25

26

27

28

OHS WEST:261159120.2

1    TO DEFENDANT POWER VENTURES, INC. AND ITS ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that, on Wednesday, June 15 at 9:00 A.M. at the offices of

3    Orrick, Herrington & Sutcliffe, 1000 Marsh Road, Menlo Park, California, Facebook, Inc. will

4    take the deposition of defendant Power Ventures, Inc. pursuant to Federal Rule of Civil Procedure

5    30(b)(6) before an officer authorized by law to administer oaths.

6    Power shall designate one or more of its officers, directors, managing agents or other

7    persons to testify on its behalf as to information known or reasonably available to Power

8    concerning the subject matter identified in the Schedule of Topics in Attachment A.  The

9    deposition will be recorded stenographically and by videotape.  The deposition shall proceed

10   from day to day until completed.

11

12   Dated: June 1, 2011                        ORRICK, HERRINGTON & SUTCLIFFE LLP

13

14   _____

15                                            MORVARID METANAT
                                             Attorneys for Plaintiff
16                                           FACEBOOK, INC.

17

18

19

20

21

22

23

24

25

26

27

28

OHS WEST:261159120.2

### ATTACHMENT A
### <u>SCHEDULE OF TOPICS</u>

1.    Power's search for, collection, and production of documents in this case, including without limitation, documents collected and produced in response to Facebook's First Set of Document Requests to Defendant and First Set of Interrogatories.

2.    Power's disposal and/or destruction of documents relevant to this case and/or otherwise requested by Facebook in its First Set of Document Requests.

3.    Identification of individuals from whom and sources from which documents were collected.

4.    Search techniques used to collect documents.

5.    Notice to relevant custodians of obligations to preserve relevant evidence.

6.    Power's document retention/destruction policies and practices.

7.    Retention of corporate books and records.

8.    Sale of power.com domain name.

OHS WEST:261159120.2

# EXHIBIT F

1  I. NEEL CHATTERJEE (STATE BAR NO. 173985)
   nchatterjee@orrick.com
2  THERESA A. SUTTON (STATE BAR NO. 211857)
   tsutton@orrick.com
3  MORVARID METANAT (STATE BAR NO. 268228)
   mmetanat@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
5  Menlo Park, CA  94025
   Telephone:     650-614-7400
6  Facsimile:     650-614-7401

7  Attorneys for Plaintiff
   FACEBOOK, INC.

8

                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                     SAN JOSE DIVISION

11

12

| FACEBOOK, INC., | Case No.  5:08-cv-05780 JW (HRL) |
|---|---|
| Plaintiff, | **PLAINTIFF FACEBOOK INC.'S NOTICE OF DEPOSITION OF DEFENDANT STEVE VACHANI** |
| v. | |
| POWER VENTURES, INC. a Cayman Island Corporation; STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, DOES 2-25, inclusive, | |
| Defendants. | |

OHS WEST:261148262.1

1    PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil

2 Procedure 30, Plaintiff Facebook, Inc. ("Facebook") will take, by oral examination, the deposition

3 of Steve Vachani, which will commence on July 11, 2011 at 9 a.m., at the offices of Orrick,

4 Herrington & Sutcliffe at 1000 Marsh Rd., Menlo Park, California, 94025, or at such other place,

5 date and time mutually agreed upon by counsel or ordered by the Court, before a Notary public or

6 officer authorized to administer oaths.  The deposition will continue from day to day until

7 completed.  The testimony of Mr. Vachani will be recorded by video, as well as stenographic

8 means.

9

10 Dated: June 6, 2011                          ORRICK, HERRINGTON & SUTCLIFFE LLP

11

12

13                                                          Morvarid Metanat

14                                                          Attorneys for Plaintiff
                                                            FACEBOOK, INC.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

OHS WEST:261148262.1

# EXHIBIT G



**L. Timothy Fisher <ltfisher@bursor.com>**

# Re: Facebook, Inc. v. Power Ventures, Inc.-- Facebook's Notices of Deposition for Steve Vachani and Eric Santos

**L. Timothy Fisher <ltfisher@bursor.com>**                    **Mon, Jun 13, 2011 at 11:12 AM**
To: "Metanat, Morvarid" <mmetanat@orrick.com>
Cc: "scott@bursor.com" <scott@bursor.com>, "Sutton, Theresa A." <tsutton@orrick.com>, "Dalton, Amy" <adalton@orrick.com>, "Mudurian, Karen" <kmudurian@orrick.com>, Sarah Westcot <swestcot@bursor.com>

Dear Morvarid:
We have received your deposition notice setting the deposition of Power Ventures, Inc. for June 15 at 9:00 a.m.  The designee of Power Ventures, Inc. is unavailable on that date.  In addition, we note that your deposition notice violates Local Rule 30-1, which requires that before noticing a deposition, "the noticing party must confer about the scheduling of the deposition with opposing counsel."  Accordingly, Power Ventures will not appear for the deposition on June 15.

Tim
--
L. Timothy Fisher
Bursor & Fisher, P.A.
2121 North California Boulevard, Suite 1010
Walnut Creek, California 94596
Telephone: (925) 482-1515
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com


On Mon, Jun 6, 2011 at 7:15 PM, Metanat, Morvarid <mmetanat@orrick.com> wrote:

Dear Counsel,


Please see attached Facebook, Inc.'s Notices of Deposition for Steve Vachani and Eric Santos. Hard copies to follow via U.S. Mail.




**MORVARID METANAT**
*Associate*

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
SILICON VALLEY

*tel* (650) 614-7344
mmetanat@orrick.com

www.orrick.com

=========================================================
IRS Circular 230 disclosure: To ensure compliance with requirements
imposed by the IRS, we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not intended or
written to be used, and cannot be used, for the purpose of (i) avoiding
tax-related penalties under the Internal Revenue Code or (ii) promoting,
marketing or recommending to another party any tax-related matter(s)
addressed herein.
=========================================================
NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY
THE INTENDED RECIPIENT OF THE TRANSMISSION, AND
MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU
RECEIVED THIS E- MAIL IN ERROR, ANY REVIEW, USE,
DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS
E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US
IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND
PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM.
THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/
=========================================================

EXHIBIT H



**L. Timothy Fisher <ltfisher@bursor.com>**

# Re: Facebook / Power -- Protective Order

**L. Timothy Fisher <ltfisher@bursor.com>**                    **Tue, Jun 21, 2011 at 12:34 PM**
To: "Metanat, Morvarid" <mmetanat@orrick.com>
Cc: "Sutton, Theresa A." <tsutton@orrick.com>, "Dalton, Amy" <adalton@orrick.com>, "Scott A. Bursor"
<scott@bursor.com>, "Chatterjee, Neel" <nchatterjee@orrick.com>

Dear Morvarid:
Steve Vachani is available for a deposition on July 7 at 1:00 p.m. at my firm's office in New York City.  Mr.
Vachani will also be the 30(b)(6) designee on behalf of Power Ventures, Inc.

Eric Santos and Felipe Herrera no longer work for Power.  It is our understanding that they both live in Brazil.
We do not represent either of them and cannot therefore provide you with deposition dates for them.

Tim
--
L. Timothy Fisher
Bursor & Fisher, P.A.
2121 North California Boulevard, Suite 1010
Walnut Creek, California 94596
Telephone: (925) 482-1515
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com


On Tue, Jun 21, 2011 at 9:59 AM, Metanat, Morvarid <mmetanat@orrick.com> wrote:

Tim,


Below, please find a list of topics we would like to discuss at tomorrow's meet and confer.


1.    Power's refusal to provide Facebook with the availability of Power, Steve Vachani, Eric Santos, and
Felipe Herrera for depositions.

2.    Power's efforts to search for and obtain documents responsive to Facebook's First Set of Requests for
Production.

3.    Power's failure to adequately respond to Facebook's First Set of Interrogatory Requests.

4.    Power's failure to provide Facebook with a copy of its raw source code, including any source control
or other data indicating the dates particular portions of code were written.

5.    Power's refusal to modify or amend Paragraph 7.4(a)(7) of the Parties' Protective Order.

Please let me know if you have any questions.

Morvarid

---

**From:** L. Timothy Fisher [mailto:ltfisher@bursor.com]
**Sent:** Monday, June 20, 2011 6:17 PM
**To:** Sutton, Theresa A.
**Cc:** Metanat, Morvarid; Dalton, Amy; Scott A. Bursor
**Subject:** Re: Facebook / Power -- Protective Order

Dear Theresa:

We are not amenable to amending the protective order in the manner you suggest.

Tim
--

L. Timothy Fisher

Bursor & Fisher, P.A.

2121 North California Boulevard, Suite 1010

Walnut Creek, California 94596

Telephone: (925) 482-1515

Facsimile: (925) 407-2700

E-Mail: ltfisher@bursor.com

On Fri, Jun 17, 2011 at 7:46 AM, Sutton, Theresa A. <tsutton@orrick.com> wrote:

Tim-

Paragraph 7.4(a)(7) of the Protective Order requires experts to disclose all companies with which the expert has consulted.  To the extent such engagements are confidential, an expert will be prohibited from disclosing this information.  Please let me know if you are amenable to amending the Protective Order to remove (or modify) that provision.

Thank you.

Theresa

_____

**O**

**O R R I C K**

*Theresa A. Sutton*
*Orrick, Herrington & Sutcliffe LLP*
*Silicon Valley Office*
*1000 Marsh Road, Menlo Park, CA 94025*
*650.614.7307 (Voice)*
*650.614.7401 (Fax)*
*tsutton@orrick.com*
*www.orrick.com*

========================================================
IRS Circular 230 disclosure: To ensure compliance with requirements
imposed by the IRS, we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not intended or
written to be used, and cannot be used, for the purpose of (i) avoiding
tax-related penalties under the Internal Revenue Code or (ii) promoting,
marketing or recommending to another party any tax-related matter(s)
addressed herein.
========================================================
NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY
THE INTENDED RECIPIENT OF THE TRANSMISSION, AND
MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU
RECEIVED THIS E- MAIL IN ERROR, ANY REVIEW, USE,
DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS
E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US
IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND
PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM.
THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/
========================================================


========================================================
IRS Circular 230 disclosure: To ensure compliance with requirements
imposed by the IRS, we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not intended or
written to be used, and cannot be used, for the purpose of (i) avoiding
tax-related penalties under the Internal Revenue Code or (ii) promoting,
marketing or recommending to another party any tax-related matter(s)
addressed herein.
========================================================
NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY
THE INTENDED RECIPIENT OF THE TRANSMISSION, AND

MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU
RECEIVED THIS E- MAIL IN ERROR, ANY REVIEW, USE,
DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS
E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US
IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND
PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM.
THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/
===========================================================

# EXHIBIT I



**L. Timothy Fisher <ltfisher@bursor.com>**

# RE: Facebook / Power -- Protective Order

**Metanat, Morvarid <mmetanat@orrick.com>**                          **Tue, Jun 21, 2011 at 2:54 PM**
To: "L. Timothy Fisher" <ltfisher@bursor.com>
Cc: "Sutton, Theresa A." <tsutton@orrick.com>, "Dalton, Amy" <adalton@orrick.com>, "Scott A. Bursor"
<scott@bursor.com>, "Chatterjee, Neel" <nchatterjee@orrick.com>

Tim,

Neel Chatterjee will be taking the deposition of Steve Vachani in his personal and representative
capacity. Due to a conflict, Mr. Chatterjee will be unavailable on July 7th.  In response to
Facebook's request for Mr. Vachani and Power's availability for deposition, you provided a single
date and time.  Please provide additional dates and times for Mr. Vachani's deposition.  Otherwise,
we request that you be prepared to discuss this issue at tomorrow's scheduled meet and confer.

In addition, during the meet and confer, we would like to discuss extending certain dates under the
scheduling order, e.g. deadlines for expert reports, close of discovery.

Morvarid

**From:** L. Timothy Fisher [mailto:ltfisher@bursor.com]
**Sent:** Tuesday, June 21, 2011 12:35 PM
**To:** Metanat, Morvarid
**Cc:** Sutton, Theresa A.; Dalton, Amy; Scott A. Bursor; Chatterjee, Neel
**Subject:** Re: Facebook / Power -- Protective Order

Dear Morvarid:

Steve Vachani is available for a deposition on July 7 at 1:00 p.m. at my firm's office in New York City.  Mr.
Vachani will also be the 30(b)(6) designee on behalf of Power Ventures, Inc.

Eric Santos and Felipe Herrera no longer work for Power.  It is our understanding that they both live in Brazil.
We do not represent either of them and cannot therefore provide you with deposition dates for them.

Tim

--

L. Timothy Fisher

Bursor & Fisher, P.A.

2121 North California Boulevard, Suite 1010

Walnut Creek, California 94596

Telephone: (925) 482-1515

Facsimile: (925) 407-2700

E-Mail: ltfisher@bursor.com


On Tue, Jun 21, 2011 at 9:59 AM, Metanat, Morvarid <mmetanat@orrick.com> wrote:

Tim,


Below, please find a list of topics we would like to discuss at tomorrow's meet and confer.


1.   Power's refusal to provide Facebook with the availability of Power, Steve Vachani, Eric Santos, and Felipe Herrera for depositions.

2.   Power's efforts to search for and obtain documents responsive to Facebook's First Set of Requests for Production.

3.   Power's failure to adequately respond to Facebook's First Set of Interrogatory Requests.

4.   Power's failure to provide Facebook with a copy of its raw source code, including any source control or other data indicating the dates particular portions of code were written.

5.   Power's refusal to modify or amend Paragraph 7.4(a)(7) of the Parties' Protective Order.


Please let me know if you have any questions.

Morvarid

**From:** L. Timothy Fisher [mailto:ltfisher@bursor.com]
**Sent:** Monday, June 20, 2011 6:17 PM
**To:** Sutton, Theresa A.
**Cc:** Metanat, Morvarid; Dalton, Amy; Scott A. Bursor
**Subject:** Re: Facebook / Power -- Protective Order


Dear Theresa:

We are not amenable to amending the protective order in the manner you suggest.


Tim
--

L. Timothy Fisher

Bursor & Fisher, P.A.

2121 North California Boulevard, Suite 1010

Walnut Creek, California 94596

Telephone: (925) 482-1515

Facsimile: (925) 407-2700

E-Mail: ltfisher@bursor.com


On Fri, Jun 17, 2011 at 7:46 AM, Sutton, Theresa A. <tsutton@orrick.com> wrote:

Tim-


Paragraph 7.4(a)(7) of the Protective Order requires experts to disclose all companies with which the expert has consulted.  To the extent such engagements are confidential, an expert will be prohibited from disclosing this information.  Please let me know if you are amenable to amending the Protective Order to remove (or modify) that provision.


Thank you.

Theresa



**O R R I C K**

*Theresa A. Sutton*
*Orrick, Herrington & Sutcliffe LLP*
*Silicon Valley Office*
*1000 Marsh Road, Menlo Park, CA 94025*
*650.614.7307 (Voice)*
*650.614.7401 (Fax)*
*tsutton@orrick.com*
*www.orrick.com*

========================================================
IRS Circular 230 disclosure: To ensure compliance with requirements
imposed by the IRS, we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not intended or
written to be used, and cannot be used, for the purpose of (i) avoiding
tax-related penalties under the Internal Revenue Code or (ii) promoting,
marketing or recommending to another party any tax-related matter(s)
addressed herein.
========================================================
NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY
THE INTENDED RECIPIENT OF THE TRANSMISSION, AND
MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU
RECEIVED THIS E- MAIL IN ERROR, ANY REVIEW, USE,
DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS
E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US
IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND
PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM.
THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/
========================================================


========================================================
IRS Circular 230 disclosure: To ensure compliance with requirements
imposed by the IRS, we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not intended or
written to be used, and cannot be used, for the purpose of (i) avoiding
tax-related penalties under the Internal Revenue Code or (ii) promoting,
marketing or recommending to another party any tax-related matter(s)
addressed herein.
========================================================
NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY
THE INTENDED RECIPIENT OF THE TRANSMISSION, AND
MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU
RECEIVED THIS E- MAIL IN ERROR, ANY REVIEW, USE,
DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS
E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US
IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND
PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM.
THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/
========================================================

=========================================================
IRS Circular 230 disclosure: To ensure compliance with requirements
imposed by the IRS, we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not intended or
written to be used, and cannot be used, for the purpose of (i) avoiding
tax-related penalties under the Internal Revenue Code or (ii) promoting,
marketing or recommending to another party any tax-related matter(s)
addressed herein.
=========================================================
NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY
THE INTENDED RECIPIENT OF THE TRANSMISSION, AND
MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU
RECEIVED THIS E- MAIL IN ERROR, ANY REVIEW, USE,
DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS
E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US
IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND
PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM.
THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/
=========================================================

# EXHIBIT J



L. Timothy Fisher <ltfisher@bursor.com>

# Re: Facebook / Power -- Protective Order

**L. Timothy Fisher <ltfisher@bursor.com>**                              **Wed, Jun 22, 2011 at 10:15 AM**
To: "Metanat, Morvarid" <mmetanat@orrick.com>
Cc: "Sutton, Theresa A." <tsutton@orrick.com>, "Dalton, Amy" <adalton@orrick.com>, "Scott A. Bursor"
<scott@bursor.com>, "Chatterjee, Neel" <nchatterjee@orrick.com>

Dear Morvarid:
Mr. Vachani is also available on July 15, 18 or 19 at 1:00 p.m. at my firm's NY office.

Tim
--
L. Timothy Fisher
Bursor & Fisher, P.A.
2121 North California Boulevard, Suite 1010
Walnut Creek, California 94596
Telephone: (925) 482-1515
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com


On Tue, Jun 21, 2011 at 2:54 PM, Metanat, Morvarid <mmetanat@orrick.com> wrote:

Tim,


Neel Chatterjee will be taking the deposition of Steve Vachani in his personal and representative
capacity. Due to a conflict, Mr. Chatterjee will be unavailable on July 7th.  In response to
Facebook's request for Mr. Vachani and Power's availability for deposition, you provided a single
date and time.  Please provide additional dates and times for Mr. Vachani's deposition.
Otherwise, we request that you be prepared to discuss this issue at tomorrow's scheduled meet
and confer.


In addition, during the meet and confer, we would like to discuss extending certain dates under
the scheduling order, e.g. deadlines for expert reports, close of discovery.


Morvarid


**From:** L. Timothy Fisher [mailto:ltfisher@bursor.com]
**Sent:** Tuesday, June 21, 2011 12:35 PM
**To:** Metanat, Morvarid
**Cc:** Sutton, Theresa A.; Dalton, Amy; Scott A. Bursor; Chatterjee, Neel

**Subject:** Re: Facebook / Power -- Protective Order

Dear Morvarid:

Steve Vachani is available for a deposition on July 7 at 1:00 p.m. at my firm's office in New York City.  Mr. Vachani will also be the 30(b)(6) designee on behalf of Power Ventures, Inc.

Eric Santos and Felipe Herrera no longer work for Power.  It is our understanding that they both live in Brazil.  We do not represent either of them and cannot therefore provide you with deposition dates for them.

Tim
--

L. Timothy Fisher

Bursor & Fisher, P.A.

2121 North California Boulevard, Suite 1010

Walnut Creek, California 94596

Telephone: (925) 482-1515

Facsimile: (925) 407-2700

E-Mail: ltfisher@bursor.com

On Tue, Jun 21, 2011 at 9:59 AM, Metanat, Morvarid <mmetanat@orrick.com> wrote:

Tim,

Below, please find a list of topics we would like to discuss at tomorrow's meet and confer.

1.    Power's refusal to provide Facebook with the availability of Power, Steve Vachani, Eric Santos, and Felipe Herrera for depositions.

2.    Power's efforts to search for and obtain documents responsive to Facebook's First Set of Requests for Production.

3.    Power's failure to adequately respond to Facebook's First Set of Interrogatory Requests.

4.    Power's failure to provide Facebook with a copy of its raw source code, including any source control or other data indicating the dates particular portions of code were written.

5.    Power's refusal to modify or amend Paragraph 7.4(a)(7) of the Parties' Protective Order.

Please let me know if you have any questions.

Morvarid

---

**From:** L. Timothy Fisher [mailto:ltfisher@bursor.com]
**Sent:** Monday, June 20, 2011 6:17 PM
**To:** Sutton, Theresa A.
**Cc:** Metanat, Morvarid; Dalton, Amy; Scott A. Bursor
**Subject:** Re: Facebook / Power -- Protective Order

Dear Theresa:

We are not amenable to amending the protective order in the manner you suggest.

Tim
--

L. Timothy Fisher

Bursor & Fisher, P.A.

2121 North California Boulevard, Suite 1010

Walnut Creek, California 94596

Telephone: (925) 482-1515

Facsimile: (925) 407-2700

E-Mail: ltfisher@bursor.com

On Fri, Jun 17, 2011 at 7:46 AM, Sutton, Theresa A. <tsutton@orrick.com> wrote:

Tim-

Paragraph 7.4(a)(7) of the Protective Order requires experts to disclose all companies with which the expert has consulted.  To the extent such engagements are confidential, an expert will be prohibited from disclosing this information.  Please let me know if you are amenable to amending the Protective Order to remove (or modify) that provision.


Thank you.

Theresa

_____



**O R R I C K**

*Theresa A. Sutton*
*Orrick, Herrington & Sutcliffe LLP*
*Silicon Valley Office*
*1000 Marsh Road, Menlo Park, CA 94025*
*650.614.7307 (Voice)*
*650.614.7401 (Fax)*
*tsutton@orrick.com*
*www.orrick.com*

========================================================
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.
========================================================
NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU RECEIVED THIS E- MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/
========================================================


========================================================
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or

written to be used, and cannot be used, for the purpose of (i) avoiding
tax-related penalties under the Internal Revenue Code or (ii) promoting,
marketing or recommending to another party any tax-related matter(s)
addressed herein.

=========================================================
NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY
THE INTENDED RECIPIENT OF THE TRANSMISSION, AND
MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU
RECEIVED THIS E- MAIL IN ERROR, ANY REVIEW, USE,
DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS
E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US
IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND
PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM.
THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/
=========================================================


=========================================================
IRS Circular 230 disclosure: To ensure compliance with requirements
imposed by the IRS, we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not intended or
written to be used, and cannot be used, for the purpose of (i) avoiding
tax-related penalties under the Internal Revenue Code or (ii) promoting,
marketing or recommending to another party any tax-related matter(s)
addressed herein.

=========================================================
NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY
THE INTENDED RECIPIENT OF THE TRANSMISSION, AND
MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU
RECEIVED THIS E- MAIL IN ERROR, ANY REVIEW, USE,
DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS
E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US
IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND
PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM.
THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/
=========================================================

# EXHIBIT K



**L. Timothy Fisher <ltfisher@bursor.com>**

# RE: Facebook / Power -- Protective Order

**Chatterjee, Neel <nchatterjee@orrick.com>**                    **Wed, Jun 22, 2011 at 10:18 AM**
To: "L. Timothy Fisher" <ltfisher@bursor.com>, "Metanat, Morvarid" <mmetanat@orrick.com>
Cc: "Sutton, Theresa A." <tsutton@orrick.com>, "Dalton, Amy" <adalton@orrick.com>, "Scott A. Bursor"
<scott@bursor.com>

Tim,

Is he available at all in August?  I am on vacation on July 18 and 19 through the 28 and have a court pretrial
conference in Denver on July 15.  It seems we should move this to August given (1) the document issues we
will be discussing today and (2) his unavailability earlier in the week on the week of July 15.

Neel

---

**From:** L. Timothy Fisher [mailto:ltfisher@bursor.com]
**Sent:** Wednesday, June 22, 2011 10:15 AM
**To:** Metanat, Morvarid
**Cc:** Sutton, Theresa A.; Dalton, Amy; Scott A. Bursor; Chatterjee, Neel
**Subject:** Re: Facebook / Power -- Protective Order

Dear Morvarid:

Mr. Vachani is also available on July 15, 18 or 19 at 1:00 p.m. at my firm's NY office.

Tim
--

L. Timothy Fisher

Bursor & Fisher, P.A.

2121 North California Boulevard, Suite 1010

Walnut Creek, California 94596

Telephone: (925) 482-1515

Facsimile: (925) 407-2700

E-Mail: ltfisher@bursor.com


On Tue, Jun 21, 2011 at 2:54 PM, Metanat, Morvarid <mmetanat@orrick.com> wrote:

Tim,


Neel Chatterjee will be taking the deposition of Steve Vachani in his personal and representative capacity. Due to a conflict, Mr. Chatterjee will be unavailable on July 7th.  In response to Facebook's request for Mr. Vachani and Power's availability for deposition, you provided a single date and time.  Please provide additional dates and times for Mr. Vachani's deposition.  Otherwise, we request that you be prepared to discuss this issue at tomorrow's scheduled meet and confer.


In addition, during the meet and confer, we would like to discuss extending certain dates under the scheduling order, e.g. deadlines for expert reports, close of discovery.


Morvarid

---

**From:** L. Timothy Fisher [mailto:ltfisher@bursor.com]
**Sent:** Tuesday, June 21, 2011 12:35 PM
**To:** Metanat, Morvarid
**Cc:** Sutton, Theresa A.; Dalton, Amy; Scott A. Bursor; Chatterjee, Neel
**Subject:** Re: Facebook / Power -- Protective Order


Dear Morvarid:

Steve Vachani is available for a deposition on July 7 at 1:00 p.m. at my firm's office in New York City.  Mr. Vachani will also be the 30(b)(6) designee on behalf of Power Ventures, Inc.


Eric Santos and Felipe Herrera no longer work for Power.  It is our understanding that they both live in Brazil. We do not represent either of them and cannot therefore provide you with deposition dates for them.


Tim

--

L. Timothy Fisher

Bursor & Fisher, P.A.

2121 North California Boulevard, Suite 1010

Walnut Creek, California 94596

Telephone: (925) 482-1515

Facsimile: (925) 407-2700

E-Mail: ltfisher@bursor.com


On Tue, Jun 21, 2011 at 9:59 AM, Metanat, Morvarid <mmetanat@orrick.com> wrote:

Tim,


Below, please find a list of topics we would like to discuss at tomorrow's meet and confer.


1.   Power's refusal to provide Facebook with the availability of Power, Steve Vachani, Eric Santos, and Felipe Herrera for depositions.

2.   Power's efforts to search for and obtain documents responsive to Facebook's First Set of Requests for Production.

3.   Power's failure to adequately respond to Facebook's First Set of Interrogatory Requests.

4.   Power's failure to provide Facebook with a copy of its raw source code, including any source control or other data indicating the dates particular portions of code were written.

5.   Power's refusal to modify or amend Paragraph 7.4(a)(7) of the Parties' Protective Order.


Please let me know if you have any questions.

Morvarid

**From:** L. Timothy Fisher [mailto:ltfisher@bursor.com]
**Sent:** Monday, June 20, 2011 6:17 PM
**To:** Sutton, Theresa A.
**Cc:** Metanat, Morvarid; Dalton, Amy; Scott A. Bursor
**Subject:** Re: Facebook / Power -- Protective Order


Dear Theresa:

We are not amenable to amending the protective order in the manner you suggest.


Tim
--

L. Timothy Fisher

Bursor & Fisher, P.A.

2121 North California Boulevard, Suite 1010

Walnut Creek, California 94596

Telephone: (925) 482-1515

Facsimile: (925) 407-2700

E-Mail: ltfisher@bursor.com


On Fri, Jun 17, 2011 at 7:46 AM, Sutton, Theresa A. <tsutton@orrick.com> wrote:

Tim-


Paragraph 7.4(a)(7) of the Protective Order requires experts to disclose all companies with which the expert has consulted.  To the extent such engagements are confidential, an expert will be prohibited from disclosing this information.  Please let me know if you are amenable to amending the Protective Order to remove (or modify) that provision.


Thank you.

Theresa

_____



**O R R I C K**

*Theresa A. Sutton*
*Orrick, Herrington & Sutcliffe LLP*
*Silicon Valley Office*
*1000 Marsh Road, Menlo Park, CA 94025*
*650.614.7307 (Voice)*
*650.614.7401 (Fax)*
*tsutton@orrick.com*
*www.orrick.com*

============================================================
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.
============================================================
NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU RECEIVED THIS E- MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/
============================================================

============================================================
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.
============================================================
NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU RECEIVED THIS E- MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/
============================================================

============================================================
IRS Circular 230 disclosure: To ensure compliance with requirements
imposed by the IRS, we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not intended or
written to be used, and cannot be used, for the purpose of (i) avoiding
tax-related penalties under the Internal Revenue Code or (ii) promoting,
marketing or recommending to another party any tax-related matter(s)
addressed herein.
============================================================
NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY
THE INTENDED RECIPIENT OF THE TRANSMISSION, AND
MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU
RECEIVED THIS E- MAIL IN ERROR, ANY REVIEW, USE,
DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS
E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US
IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND
PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM.
THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/
============================================================

============================================================
IRS Circular 230 disclosure: To ensure compliance with requirements
imposed by the IRS, we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not intended or
written to be used, and cannot be used, for the purpose of (i) avoiding
tax-related penalties under the Internal Revenue Code or (ii) promoting,
marketing or recommending to another party any tax-related matter(s)
addressed herein.
============================================================
NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY
THE INTENDED RECIPIENT OF THE TRANSMISSION, AND
MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU
RECEIVED THIS E- MAIL IN ERROR, ANY REVIEW, USE,
DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS
E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US
IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND
PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM.
THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/
============================================================

# EXHIBIT L



**L. Timothy Fisher <ltfisher@bursor.com>**

# RE: Facebook v. Power--June 22, 2011 Meet and Confer

**Sutton, Theresa A. <tsutton@orrick.com>**                          **Tue, Jul 5, 2011 at 7:08 AM**
To: "L. Timothy Fisher" <ltfisher@bursor.com>, "Metanat, Morvarid" <mmetanat@orrick.com>
Cc: "Scott A. Bursor" <scott@bursor.com>, "Chatterjee, Neel" <nchatterjee@orrick.com>, "Dalton, Amy"
<adalton@orrick.com>


Tim-


In an earlier email, you indicated that Mr. Vachani and Power are available to begin depositions at 1
p.m. on the dates you provided (with the exception of July 12, which you indicated is "all day"). Is
that still the offer? As you know, Facebook is entitled to 7 hours for each witness. Thus, if we
were to begin at 1:00 p.m., Facebook expects that it will be given the full time afforded under the
Federal Rules. Please confirm that Mr. Vachani and Power each will be available for the full time
permitted.


In addition, are Mr. Vachani and Power going to respond substantively to the most recent discovery
requests, i.e., produce responsive documents? Because of Mr. Vachani's apparently limited
availability, Facebook expects all documents produced prior to the depositions. Please let me know
if you foresee this being an issue.


We will file a Motion to Enlarge Time for the case schedule and Motion for Summary Judgment. We
also will prepare Joint Reports for Judge Lloyd on the other issues. We would like to resolve the
deposition dates today.


Theresa


---

**From:** L. Timothy Fisher [mailto:ltfisher@bursor.com]
**Sent:** Friday, July 01, 2011 4:59 PM
**To:** Metanat, Morvarid
**Cc:** Scott A. Bursor; Chatterjee, Neel; Sutton, Theresa A.; Dalton, Amy
**Subject:** Re: Facebook v. Power--June 22, 2011 Meet and Confer


Dear Bahar:

This is defendants' response to your June 22 e-mail.

1. **Source Code**: This issue is addressed by the joint report we sent to Theresa Sutton earlier today. Defendants are unwilling to agree to the stipulation Facebook proposed in your e-mail.

2. **Facebook's remaining requests for production**: Defendants will not agree to your proposal regarding forensic imaging of Power's computers and servers.

3. **Facebook's interrogatory responses**: As set forth in our meet and confer letters, defendants do not believe there is any need to supplement our 12/15/10 responses to Facebook's interrogatories.

4. **Eric Santos and Felipe Herrera**: Mr. Santos and Mr. Herrera are both presently in Brazil. We are working on obtaining contact information for them and will let you know when we have any additional information we can share.

5. **Financial Information**: Please see defendants' responses to RFPs Nos. 40 and 41.

6. **Rule 26 disclosures**: Defendants agree that the parties should make their Rule 26 disclosures and request that the deadline for the disclosures be July 20.

7. **Deposition dates for Power and Steve Vachani**: The dates you propose in August do not work for our client. Defendants previously proposed 7/7, 7/15, 7/18 and 7/19. Other than 7/15, those dates are still available. Mr. Vachani is also available on 7/12 (all day) and 7/13 (a.m. only). Please let us know if you can take the depositions on any of those dates.

8. **Case Management Schedule**: Defendants are unwilling to extend the pre-trial deadlines as you propose.

Tim
--

L. Timothy Fisher

Bursor & Fisher, P.A.

2121 North California Boulevard, Suite 1010

Walnut Creek, California 94596

Telephone: (925) 482-1515

Facsimile: (925) 407-2700

E-Mail: ltfisher@bursor.com



On Wed, Jun 22, 2011 at 6:06 PM, Metanat, Morvarid <mmetanat@orrick.com> wrote:

Tim,


Below, please find a list of the issues and proposals discussed by the parties at today's meet and

confer. We would like a response by June 28th so that we can determine whether to proceed before Judge Lloyd.

1.    **Power's Source Code**:  As discussed, Power's raw source code is relevant and necessary to Facebook's CAN-SPAM Act, CFAA, and 502 claims.  The code is necessary in (1) determining how Power accessed the Facebook website once Facebook implemented technical measures blocking Power from such access; and (2) determining by what means Power's launch promotion invites were distributed to Facebook users.  It will also potentially tell how many of these invites were sent.

In lieu of the source code, Facebook is amendable to a stipulation providing the following factual assertions.  We understand that there is some wordsmithing that may be necessary here, so the goal is to present the concept.

(a)    Power developed and/or used source code to access the Facebook website through a Facebook user's account upon that user's assent;

(b)    Power learned that following Facebook's cease and desist letters to Power, Facebook implemented technical measures to block Power and its users from accessing the Facebook website;

(c)    Following Facebook's implementation of technical measures blocking Power and its users from accessing Facebook's website and the receipt of the cease and desist letter, Power implemented new measures designed to circumvent Facebook's blocking technology and was successful in circumventing the blocking technology;

(d)    Power used an automated tool to send Power's launch promotion invites to Facebook's users;

(e)    Power's automated tool tallied the number of Power users that participated in the launch promotion and launch promotion invites that were distributed; and

(f)    The number of Facebook users that were sent invitations through the launch promotion was
_____

2.      **Facebook's remaining requests for production**: Facebook suggests that the most efficient and practicable approach to production of relevant documents is to enlist a neutral third-party to take forensic images of all relevant computers/servers to run a search for mutually agreed upon keywords.  Power would have the opportunity to review all document hits for privilege prior to production to Facebook.  The costs for this approach will be separately negotiated.  Facebook is willing to consider splitting the cost of imaging, depending on the number of devices that need to be imaged.

3.      **Facebook's Interrogatory responses**:  Power agrees to review its previous responses to Facebook's First Set of Interrogatory Responses and supplement its responses where appropriate. It will tell us by the deadline which interrogatory responses it will not supplement.

4.      **Eric Santos and Felipe Herrera**: Facebook requests the most recent contact information for Eric Santos and Felipe Herrera.  This can be done by supplementing the current interrogatory.  You also confirmed you had no objection to us calling them and talking to them.

5.      **Financial Information**:  During the meet and confer, Mr. Fisher suggested that Power has never generated any profits.  Facebook requests validation that this information is in fact correct. Such validation may be provided through document production, as well as Power's response to a request for admission, or by stipulation.

6.      **Rule 26 disclosures**:  It appears that neither party has submitted its Rule 26 disclosures. Facebook proposes that the parties exchange such disclosures by July 15, 2011.

7.      **Deposition dates for Power and Steve Vachani**: With the exception of August 26th, Neel is available to take the deposition of Power and Steve Vachani anytime between August 15-24.

8.      **Case Management Schedule**: Given the quickly approaching deadlines in this matter, Facebook proposes extending all deadlines for 30 days.  This extension would result in the following schedule:

**Facebook v. Power**

| Deadline | Current Schedule | Moving out 30 Days |
|---|---|---|
| Close of all discovery | September 30, 2011 | October 31, 2011 |
| | | |

| | | |
|---|---|---|
| Last date for Hearing Dispositive Motions *(=60 days after the close of all discovery)* | December 5, 2011 | December 30, 2011 |
| Preliminary Pretrial Conference *(=30 days before the close of all discovery)* | August 29, 2011 | September 30, 2011 |
| Preliminary Pretrial Conference Statements *(Due 10 days before conference)* | August 19, 2011 | September 20, 2011 |
| Expert Reports *(=63 days before close of discovery)* | July 29, 2011 | August 29, 2011 |
| Rebuttal Expert Reports *(=49 days prior to discovery cutoff)* | August 12, 2011 | September 12, 2011 |
| Daubert Motions to be filed *(42 days after both expert and rebuttal expert disclosures on a Monday (Law and motion day) at 9:00am* | August 15, 2011 | October 24, 2011 |

Please let me know if you have any questions.


Morvarid (Bahar)




**MORVARID METANAT**
*Associate*
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
SILICON VALLEY
*tel* (650) 614-7344
mmetanat@orrick.com
www.orrick.com


========================================================
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s)

addressed herein.
=========================================================
NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY
THE INTENDED RECIPIENT OF THE TRANSMISSION, AND
MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU
RECEIVED THIS E- MAIL IN ERROR, ANY REVIEW, USE,
DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS
E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US
IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND
PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM.
THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/
=========================================================


=========================================================
IRS Circular 230 disclosure: To ensure compliance with requirements
imposed by the IRS, we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not intended or
written to be used, and cannot be used, for the purpose of (i) avoiding
tax-related penalties under the Internal Revenue Code or (ii) promoting,
marketing or recommending to another party any tax-related matter(s)
addressed herein.
=========================================================
NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY
THE INTENDED RECIPIENT OF THE TRANSMISSION, AND
MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU
RECEIVED THIS E- MAIL IN ERROR, ANY REVIEW, USE,
DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS
E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US
IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND
PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM.
THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/
=========================================================

# EXHIBIT M



**L. Timothy Fisher <ltfisher@bursor.com>**

# Re: Scheduling Power and Vachani Depositions

**L. Timothy Fisher <ltfisher@bursor.com>**                                    **Thu, Jul 7, 2011 at 1:48 PM**
To: "Cooper, Monte" <mcooper@orrick.com>
Cc: "scott@bursor.com" <scott@bursor.com>, "aplutzik@bramsonplutzik.com" <aplutzik@bramsonplutzik.com>,
"mstrimling@bramsonplutzik.com" <mstrimling@bramsonplutzik.com>, "Chatterjee, Neel"
<nchatterjee@orrick.com>, "Sutton, Theresa A." <tsutton@orrick.com>, "Metanat, Morvarid"
<mmetanat@orrick.com>, "Dalton, Amy" <adalton@orrick.com>, "Mudurian, Karen N." <kmudurian@orrick.com>

Dear Monte:
We are working with our client to confirm his deposition for Tuesday, July 12 at 9;00 a.m. at my firm's office in
NY.  We expect to have an answer as to his schedule tomorrow.  We will let you know as soon as we hear
back from him.

Tim
--
L. Timothy Fisher
Bursor & Fisher, P.A.
2121 North California Boulevard, Suite 1010
Walnut Creek, California 94596
Telephone: (925) 482-1515
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com


On Thu, Jul 7, 2011 at 11:50 AM, Cooper, Monte <mcooper@orrick.com> wrote:

> Counsel:
>
>
> I am trying to finalize scheduling the deposition of Steve  Vachani and the Rule 30(b)(6) deposition of
> Power Ventures, Inc.  pursuant to both FRCP 30(b)( 1) (for Mr. Vachani in his individual capacity) and
> FRCP 30(b)(6) (for Power.com in its corporate capacity).  Facebook will shortly be serving an amended
> Rule 30(b)(6) Notice of Deposition directed to Power.com, as a defendant.  Following such service of the
> Amended Notice, please advise which topics, if any, Mr. Vachani will be offered as the person designated
> as the corporate representative for Power.
>
>
> I understand that you advised that Mr. Vachani was available for a full-day deposition in New York on July
> 12, at least in his individual capacity.   Please confirm that date is still available.  If it is not, please advise
> what dates Mr. Vachani and Power can be made available for Rule 30(b)((1) and Rule 30(b)(6) depositions
> each scheduled to last **the full 7 hours** in accordance with FRCP 30(d)(1).  I am not prepared to attend any
> deposition for which Mr. Vachani and/or Power cannot be made available for the full 7 hours, as
> contemplated by the Federal and Local Rules, as well as the Scheduling Order.
>
>
> If Power is not prepared to offer dates for which it and Mr. Vachani – both named defendants – are
> prepared to be made available for full day depositions, pursuant to Magistrate Judge Lloyd's June 3, 2011
> Standing Order, please consider this my request for an immediate meet-and-confer prefatory to moving to
> compel for compliance by Mr. Vachani and Power for compliance with the requirements of FRCP 30(d)(1).

Moreover, I want to emphasize that the scheduling of these depositions is without prejudice to Facebook to seek further relief if the Court grants its motion to compel (addressed in the Joint Status Report that will shortly be filed with Magistrate Judge Lloyd) directed to Power.com's refusal to produce source code, or other documentation.  Such relief includes, but is not limited to, seeking additional deposition time to address discovery that should have been produced prior to the depositions, but was not.  Facebook's potential relief may also include the filing of a Rule 56(f) motion directed to the pending motion for summary judgment filed by Power.com, requesting that it not be heard or resolved until the requisite discovery is produced.


Monte Cooper




========================================================
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.
========================================================
NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU RECEIVED THIS E- MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/
========================================================

# EXHIBIT N



**L. Timothy Fisher <ltfisher@bursor.com>**

# RE: Scheduling Power and Vachani Depositions

**Cooper, Monte <mcooper@orrick.com>**         **Fri, Jul 8, 2011 at 4:51 PM**
To: "L. Timothy Fisher" <ltfisher@bursor.com>
Cc: "scott@bursor.com" <scott@bursor.com>, "aplutzik@bramsonplutzik.com" <aplutzik@bramsonplutzik.com>,
"mstrimling@bramsonplutzik.com" <mstrimling@bramsonplutzik.com>, "Chatterjee, Neel"
<nchatterjee@orrick.com>, "Sutton, Theresa A." <tsutton@orrick.com>, "Metanat, Morvarid"
<mmetanat@orrick.com>, "Dalton, Amy" <adalton@orrick.com>, "Mudurian, Karen N." <kmudurian@orrick.com>,
"Ortiz, Marilyn" <mortiz@orrick.com>

Tim:


Inasmuch as it is now Friday and almost 8:00 p.m. EDT (5:00 p.m. PDT), and we still have not
received any confirmation that Mr. Vachani will be available for a deposition in New York on
Tuesday, July 12, I think we now need to find alternate dates both for that deposition and the Rule
30(b)(6) deposition of power. it simply is not feasible for anyone at Orrick to make last-second
travel arrangements to go to NYC this weekend, or for us to adequately prepare for the deposition.


Accordingly, please provide confirmed dates between now and the end of August when Mr. Vachani
can be made available for a full 7 hour deposition, as outlined in my original email below. We
promise we will respond promptly once we have confirmed dates that we agree will work with the
witness' and all of counsel's schedules.


In that regard, please also note that due to existing conflicts in the schedules of counsel for
Facebook, it will not be possible for any of us to take the deposition of Mr. Vachani or power during
the period July 27 to August 7.


Monte


**From:** L. Timothy Fisher [mailto:ltfisher@bursor.com]
**Sent:** Thursday, July 07, 2011 1:48 PM
**To:** Cooper, Monte
**Cc:** scott@bursor.com; aplutzik@bramsonplutzik.com; mstrimling@bramsonplutzik.com; Chatterjee, Neel;

Sutton, Theresa A.; Metanat, Morvarid; Dalton, Amy; Mudurian, Karen N.
**Subject:** Re: Scheduling Power and Vachani Depositions


Dear Monte:

We are working with our client to confirm his deposition for Tuesday, July 12 at 9;00 a.m. at my firm's office in
NY.  We expect to have an answer as to his schedule tomorrow.  We will let you know as soon as we hear
back from him.



Tim

--

L. Timothy Fisher

Bursor & Fisher, P.A.

2121 North California Boulevard, Suite 1010

Walnut Creek, California 94596

Telephone: (925) 482-1515

Facsimile: (925) 407-2700

E-Mail: ltfisher@bursor.com


On Thu, Jul 7, 2011 at 11:50 AM, Cooper, Monte <mcooper@orrick.com> wrote:

Counsel:


I am trying to finalize scheduling the deposition of Steve  Vachani and the Rule 30(b)(6) deposition of Power
Ventures, Inc.  pursuant to both FRCP 30(b)( 1) (for Mr. Vachani in his individual capacity) and FRCP 30(b)(6)
(for Power.com in its corporate capacity).  Facebook will shortly be serving an amended Rule 30(b)(6) Notice
of Deposition directed to Power.com, as a defendant.  Following such service of the Amended Notice, please
advise which topics, if any, Mr. Vachani will be offered as the person designated as the corporate
representative for Power.


I understand that you advised that Mr. Vachani was available for a full-day deposition in New York on July 12,
at least in his individual capacity.   Please confirm that date is still available.  If it is not, please advise what
dates Mr. Vachani and Power can be made available for Rule 30(b)((1) and Rule 30(b)(6) depositions each
scheduled to last **the full 7 hours** in accordance with FRCP 30(d)(1).  I am not prepared to attend any
deposition for which Mr. Vachani and/or Power cannot be made available for the full 7 hours, as contemplated
by the Federal and Local Rules, as well as the Scheduling Order.

If Power is not prepared to offer dates for which it and Mr. Vachani – both named defendants – are prepared to be made available for full day depositions, pursuant to Magistrate Judge Lloyd's June 3, 2011 Standing Order, please consider this my request for an immediate meet-and-confer prefatory to moving to compel for compliance by Mr. Vachani and Power for compliance with the requirements of FRCP 30(d)(1).

Moreover, I want to emphasize that the scheduling of these depositions is without prejudice to Facebook to seek further relief if the Court grants its motion to compel (addressed in the Joint Status Report that will shortly be filed with Magistrate Judge Lloyd) directed to Power.com's refusal to produce source code, or other documentation.   Such relief includes, but is not limited to, seeking additional deposition time to address discovery that should have been produced prior to the depositions, but was not.  Facebook's potential relief may also include the filing of a Rule 56(f) motion directed to the pending motion for summary judgment filed by Power.com, requesting that it not be heard or resolved until the requisite discovery is produced.

Monte Cooper

============================================================
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.
============================================================
NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU RECEIVED THIS E- MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/
============================================================


============================================================
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.
============================================================
NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND

MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU
RECEIVED THIS E- MAIL IN ERROR, ANY REVIEW, USE,
DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS
E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US
IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND
PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM.
THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/
=========================================================