# EXHIBIT 1

1   I. NEEL CHATTERJEE (STATE BAR NO. 173985)
    nchatterjee@orrick.com
2   THERESA A. SUTTON (STATE BAR NO. 211857)
    tsutton@orrick.com
3   MORVARID METANAT (STATE BAR NO. 268228)
    mmetanat@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
5   Menlo Park, CA  94025
    Telephone:    650-614-7400
6   Facsimile:    650-614-7401

7   Attorneys for Plaintiff
    FACEBOOK, INC.

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
                        SAN JOSE DIVISION
11

12
    FACEBOOK, INC.,                      Case No.  5:08-cv-05780 JW (HRL)
13
                       Plaintiff,        **DISCOVERY DISPUTE JOINT
14                                       REPORT #1**
              v.
15                                       Judge:      Hon. Howard R. Lloyd
    POWER VENTURES, INC. a Cayman Island  Courtroom:  8, 4th Floor
16  Corporation; STEVE VACHANI, an
    individual; DOE 1, d/b/a POWER.COM,
17  DOES 2-25, inclusive,

18                     Defendants.

19

20
    Dispute:        This Joint Report #1 addresses Power Venture's refusal to produce its source
21                  code in response to Facebook's Request for Production of Documents No. 3.

22  Joint Meeting:  The joint meeting required by the Court's Standing Order Re: Civil Discovery
                    Disputes took place on Wednesday, June 22, for approximately 45 minutes, at
23                  the offices of Orrick, Herrington & Sutcliffe in Menlo Park.

24  Relevant Dates: Expert Disclosures and Report deadline: July 29, 2011;
                    Hearing on Power's Motion for Summary Judgment: September 19, 2011;
25                  Discovery Cutoff:  September 30, 2011

26  Attestation:    The undersigned hereby attest that they complied with the Court's Standing
                    Order.

27

28

### A.    **Factual Background**

#### 1.    **Facebook's Position**

This is a dispute about whether Power.com should be compelled to produce the source code that demonstrates how it accessed the Facebook website, what it did, and when. These are central issues to Facebook's CFAA and CAN-SPAM case and potentially reflect the best evidence of what was done. Power and Vachani refuse.

On December 30, 2008, Facebook filed suit against Power Ventures and Steve Vachani asserting claims for: (1) Violations of the Can-Spam Act (15 U.S.C. § 7701, et seq.); (2) Violations of the Computer Fraud and Abuse Act (18 U.S.C. § 1030) (the "CFAA"); (3) Violations of California Penal Code Section 502; (4) Copyright Infringement; (5) Violation of the Digital Millennium Copyright Act; (6) Trademark Infringement; (7) Trademark Infringement under California Law; and (8) Unlawful, Unfair, and Fraudulent Competition Under California Bus. & Prof. Code § 17200). The parties stipulated to the dismissal of counts 4 through 8 on February 17, 2011.

On May 9, 2011, Power moved for Summary Judgment on Facebook's three remaining claims. Dkt. No. 98.

On October 22, 2010, Facebook served Power with its First Set of Requests for Production and Interrogatories. Attached hereto as Exhibit A is a true and correct copy of Facebook's First Set of Requests for Production of Documents. Request No. 3 calls for the production of:

> A copy of ALL versions of COMPUTER CODE (including, without limitation, source code, object code, scripts OR ALL executable files) YOU used, OR use to copy, extract, download, access OR retrieve data OR information from the FACEBOOK WEBSITE.

Power responded to Facebook's document requests on December 15, 2010. Attached hereto as Exhibit B is a true and correct copy of Defendant Power Ventures, Inc.'s Responses to Facebook, Inc.'s First Set of Requests for Production. Rather than producing the raw computer source code, Power produced a June 2007 PowerScript Training document and a PowerScript Documentation Developer Manual. On May 17, 2010, Facebook initiated the meet and confer

1  process by sending a letter to Power's counsel, L. Timothy Fisher.  In that letter, Facebook

2  requested that Power produce its code.  Power continued to refuse on the grounds that it believes

3  the source code is unnecessary and duplicative of two PowerScipt documents Power produced.

4  Facebook responded that the PowerScript documents do not indicate how the Power.com website

5  actually functioned.[1]

6      On June 22, 2011, Facebook's lead counsel, Neel Chatterjee, met in person with

7  Mr. Fisher, who had indicated he was Defendants' lead counsel, to discuss the outstanding

8  discovery disputes, as required under this Court's Standing Order.  Mr. Fisher had no authority to

9  resolve any of the issues raised, despite having received numerous communications detailing

10  them prior to the meeting.  Instead, Mr. Fisher indicated he had to confer with his client, in

11  violation of the Court's Standing Order requiring that lead counsel be "accompanied by anyone

12  else whose presence is needed to fully explore resolution."  Facebook immediately followed up

13  the in-person conference with a summary of Facebook's proposals.  Nine days later, and after

14  repeated requests for a response, on July 1, 2011, Power rejected all of Facebook's proposed

15  solutions.

16                              **2.    Power's Position**

17      On December 30, 2008, Facebook filed suit against Power Ventures and Steve Vachani

18  asserting claims for: (1) Violations of the Can-Spam Act (15 U.S.C. § 7701, et seq.); (2)

19  Violations of the Computer Fraud and Abuse Act (18 U.S.C. § 1030) (the "CFAA"); (3)

20  Violations of California Penal Code Section 502; (4) Copyright Infringement; (5) Violation of the

21  Digital Millennium Copyright Act; (6) Trademark Infringement; (7) Trademark Infringement

22  under California Law; and (8) Unlawful, Unfair, and Fraudulent Competition Under California

23  Bus. & Prof. Code § 17200).

---

[1] In Power's subsection titled "Why Production Should Not be Compelled,"  Power partially and misleadingly quotes a meet and confer letter from Facebook counsel. *See* 9:11-13, below.  The full quote (and relevant context) is "Based on Power's current production of documents, Facebook cannot determine exactly what source-code documentation will be necessary to prove its claims.  However, Facebook's investigation suggests that Power.com may have been built in part using server-side scripting languages like Microsoft's Active Server Pages ("ASP") or PHP. At a minimum, then, Power must produce, for example and without limitation any ASP or PHP code used to  copy, extract, download, access, or retrieve data or information from the Facebook website."

Facebook stipulated to the dismissal of counts 4 through 8 during the February 17, 2011 deposition of Facebook's in-house counsel, Craig Clark. During that same deposition, Mr. Clark testified that Facebook has no documents concerning (1) "any injury that Facebook suffered as a result of the events" described in the complaint; (2) "any expenditure that Facebook made as a result of the events" described in the complaint; and (3) "any complaints Facebook users made as a result of the events" described in the complaint.

> Q:  So you're not aware of any documents that are responsive to any of these three categories?
>
> A:  As I sit here today, I'm not aware of any specific documents.

Clark Dep. at 118:20-23.

During his deposition, Mr. Clark also confirmed that Facebook is unable to identify anyone who was misled by anything Power did:

> Q:  Can you tell me the name of anyone that was misled by this message?
>
> A:  I can't.

Clark Dep. at 58:5-7.

On May 9, 2011, Power moved for Summary Judgment on Facebook's three remaining claims, citing the foregoing testimony, and Facebook's lack of any evidence that it suffered any injury, made any expenditure, or that any user complained about, or was misled by, anything Power did. Dkt. No. 98.

On October 22, 2010, Facebook served Power with its First Set of Requests for Production and Interrogatories. Attached hereto as **Exhibit A** is a true and correct copy of Facebook's First Set of Requests for Production of Documents. Request No. 3 calls for the production of:

> A copy of ALL versions of COMPUTER CODE (including, without limitation, source code, object code, scripts OR ALL executable files) YOU used, OR use to copy, extract, download, access OR retrieve data OR information from the FACEBOOK WEBSITE.

- 4 -

Power responded to Facebook's document requests on December 15, 2010.  Attached hereto as **Exhibit B** is a true and correct copy of Defendant Power Ventures, Inc.'s Responses to Facebook, Inc.'s First Set of Requests for Production.  Rather than producing the voluminous raw computer source code, Power produced its June 2007 PowerScript Training document, and its PowerScript Documentation Developer Manual.   For more than six months, Facebook made no effort to follow up on its request for source code.  It was not until May 17, 2010, eight days after Power moved for summary judgment, that Facebook initiated the meet and confer process by sending a letter to Power's counsel, L. Timothy Fisher.  In that letter, Facebook requested that Power produce its code.  Power continued to refuse on the ground that it believes the source code is irrelevant to the three claims that remain at issue, and is also unnecessary and duplicative of two PowerScipt documents Power produced.  Facebook responded that the PowerScript documents do not indicate how the Power.com website actually functioned.

On June 22, 2011, Facebook's lead counsel, Neel Chatterjee, met in person with Mr. Fisher, to discuss the outstanding discovery disputes, as required under this Court's Standing Order.  During the meeting, Mr. Chatterjee proposed for the first time that Facebook would agree to enter into a stipulation in lieu of producing the source code.  Mr. Chatterjee stated that he would have his associate Morvarid Metanat send a proposed stipulation later that day.  Following the meeting, Ms. Metanat sent an e-mail to Mr. Fisher setting forth the following proposed stipulation:

> (a)  Power developed and/or used source code to access the Facebook website through a Facebook user's account upon that user's assent;
>
> (b)    Power learned that following Facebook's cease and desist letters to Power, Facebook implemented technical measures to block Power and its users from accessing the Facebook website;
>
> (c)   Following Facebook's implementation of technical measures blocking Power and its users from accessing Facebook's website and the receipt of the cease and desist letter, Power implemented new measures designed to circumvent Facebook's blocking technology and was successful in circumventing the blocking technology;
>
> (d)  Power used an automated tool to send Power's launch promotion invites to Facebook's users;

- 5 -

1

(e)    Power's automated tool tallied the number of Power users that
participated in the launch promotion and launch promotion invites
that were distributed; and

2

3

(f)    The number of Facebook users that were sent invitations
through the launch promotion was _____

4

5     Defendants refused to agree to the stipulation as it did not accurately reflect the facts of

6 the case.[2] *See, e.g.*, 5/9/11 Vachani Declaration, Dkt. No. 98-2, at 1-2 ("Power did not send the

7 email messages referenced in the complaint. Facebook did. . . . All of the content in these email

8 messages that Facebook alleges to be misleading and false was written and appended to the

9 message by Facebook itself.") and ("At some time during December 2008, Facebook began

10 blocking one of the IP addresses Power had used. Power did not undertake any effort to

11 circumvent that block, and did not provide users with any tools designed to circumvent it.")

12     On July 1, 2011, Power proposed that instead of producing its source code, it would offer

13 defendant Steve Vachani to testify at a deposition about how the Power.com website actually

14 functioned and to answer questions about the source code. Facebook refused to agree to that

15 proposal.

16     **B.    Discovery Dispute**

17     The parties' respective positions with regard to Power's refusal to produce source code are

18 as follows:

19     **Facebook's Document Request**.  Facebook's Request for Production No. 3 seeks:

20

A copy of ALL versions of COMPUTER CODE (including,
without limitation, source code, object code, scripts OR ALL
executable files) YOU used, OR use to copy, extract, download,
access OR retrieve data OR information from the FACEBOOK
WEBSITE.

21

22

23     **Power's Response**:

24

Power objects to this request as vague, ambiguous, overbroad and
unduly burdensome, not relevant to the subject matter of this action
and not calculated to lead to the discovery of admissible evidence.
Power further objects to this request on the ground that it seeks

25

26

_____

27

[2]  Contrary to Facebook's assertion, Mr. Fisher had full authority to agree to a resolution of the
dispute.  In the extensive meet and confer exchanges prior to the June 22 meeting, Facebook's
counsel never mentioned any stipulation.  In addition, Facebook did not specify the terms of the
proposed stipulation until after the June 22 meeting.

28

highly confidential and proprietary trade secret information. Subject to and without waiving these objections, Power responds that it will produce its June 2007 PowerScript Training document, and its PowerScript Documentation Developer Manual upon the entry of an appropriate protective order.

**Facebook's Position As To Why Production Should Be Compelled**:

Power's source code, and how it functioned vis-à-vis Facebook, is a central issue in this case and, thus, highly relevant. Parties may obtain discovery about any nonprivileged matter that is relevant to any party's claim or defense. FED.R.CIV.P. 26(b)(1). "Relevance under Rule 26(b)(1) is construed more broadly for discovery than for trial." *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1211 (Fed.Cir.1987). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED.R.CIV.P. 26(b)(1).

Despite the code's relevancy to Facebook's claims, Power refuses to produce it. Instead, Power produced two documents (a manual and a training presentation) that give little indication as to how Power.com actually functioned, and offered its co-defendant's deposition to explain how the code works. Neither is a complete solution, and Facebook is entitled to the best evidence available: the code itself.

First, the documents Power produced, a PowerScript Developer Manual and PowerScript Training presentation, appear to instruct developers in how to use PowerScript to extract data from HTML documents. These documents do not include all of the code, all of the relevant code, or provide any information about how Power actually used the PowerScript tool to misappropriate information from the Facebook website. Facebook seeks all versions of the code (which are stored in Power's source control), including code designed to access and run Facebook's "Event Invite" service. The information gleaned from the source control is critical to establishing Power's exact conduct in initiating the transmission of these Invites, the process by which Power initiated the transmission of these Invites, and the relevant timeframe when Power engaged in such conduct. The code will also reveal if Power kept count of the number of Invites sent, which is important for statutory damages under the CAN-SPAM Act. All of these facts are critical to Facebook's claims under the CAN-SPAM Act, CFAA and California Penal Code Section 502,

and the code is a unique, verifiable source for this information.

Second, Power's offer to have defendant Steven Vachani as a witness to answer questions about how the power.com code works is an insufficient substitute for actual production. While Facebook intends to question Mr. Vachani at his deposition about the operation of the power.com website, Facebook also is entitled to an expert analysis of the code and the ability to independently corroborate Mr. Vachani's testimony. Facebook should not be required to attempt to ferret out answers from a co-defendant, who has everything to gain from being evasive, to determine how the power.com site operated, especially when it has not had access to the code and, therefore, no basis from which to formulate questions.

Power's source code also will be necessary to oppose defendants' recently filed Motion for Summary Judgment on these claims. In their Motion, defendants argue that:

> 1) Power did not initiate the transmission of email messages in violation of the CAN-SPAM Act.

Facebook's expert will need access to Power's source code to analyze and report on how Power, through its code, initiated the transmission of email messages in violation of the CAN-SPAM Act. Defendants also argue that:

> 2) Facebook's claims pursuant to the CFAA and California Penal Code 502 fail because Power "did not circumvent any technical barriers," in accessing or providing its users with the tools to access the Facebook website.

The source code will reveal the exact process by which Power accessed or allowed others to access the Facebook website and services (such as sending email to users)—evidence that cannot be deduced from Power's produced PowerScript documents.

To the extent Power argues that Craig Clark's testimony supports Power's Motion for Summary Judgment, these assertions are not appropriate for consideration at this time. Instead, Power's argument will be resolved through the summary judgment. Moreover, Power fails to recognize that Mr. Clark's testimony was in his individual capacity—not a representative 30(b)(6) witness for Facebook. Notably, Mr. Clark was not a Facebook employee at the time of Power's alleged acts and his personal knowledge of the facts surrounding this litigation is limited.

**Power's Position As To Why Production Should Not Be Compelled**:

To the extent Facebook seeks source code to determine who initiated the transmission of the email messages referenced in the complaint and how many messages were sent, Facebook's own source code would provide that information. Indeed, Facebook's in-house counsel, Craig Clark, has already testified at deposition that the email messages were "auto-generated" by Facebook's system:

> Q:    It would have been auto-generated by whom?
>
> MR. CHATTERJEE:  Vague.
>
> THE WITNESS:  By the system that was called to send out the invitation.
>
> MR. BURSOR:  Q.  What system is that?
>
> A:    That would probably be Facebook's system.

Clark Dep. at 98:18-99:25; *see also id.* at 101:7-102:20 (describing the event-creation process).

Power's source code is also irrelevant to the issue of whether Power attempted to circumvent the technical barriers implemented by Facebook. The only technical barrier that Facebook implemented was IP blocking, which has been thoroughly described in prior submissions. Mr. Vachani has already testified by declaration (and he will shortly be produced for deposition) that "[a]t some time during December 2008 Facebook began blocking one of the IP addresses Power had used." 5/9/11 Vachani Decl., Dkt. 98-2, at ¶ 11. "Power did not undertake any effort to circumvent that block, and did not provide users with any tools designed to circumvent it." *Id.* "Nevertheless, Facebook's IP block was ineffective because it blocked only one outdated IP address Power had used, and did not block other IPs that Power was using in the normal course of business." *Id.* "After the IP blocking, Power undertook efforts to implement Facebook Connect as Facebook had requested." *Id.* "When negotiations with Facebook over the implementation of Facebook Connect broke down, Power turned off our Facebook integration completely. We did not circumvent any technical barriers. And we voluntarily turned off the integration even though Facebook's IP blocking attack was partial, incomplete, and ineffective." *Id.* at ¶ 12.

1    Neither the raw source code, ASP code, or PHP code has any affect on the IP address or

2    the efficacy of Facebook's failed attempt at IP blocking.  IP blocking has no relationship to the

3    means by which Power's source code, ASP code, or PHP code operated to display or extract

4    content from a website.

5    The PowerScript documentation that Power produced on February 3, 2011, bearing bates

6    numbers Power 2011.02.03.000004 through 067 includes 63 pages of information explaining

7    exactly how Power.com functioned, including exactly how it extracts data from any HTML

8    document.  It describes the script structure, context, attributes, rules variable utilization, and every

9    aspect of the process in detail.  If the purpose of the request is to find information about how

10   "Power.com actually functioned," these documents provide that information better than raw

11   source code would.  In fact, Facebook conceded during the meet and confer process that it

12   "cannot determine exactly what source-code documentation will be necessary to prove its

13   claims."

14   **Facebook's Proposed Resolution**:

15   Facebook respectfully requests an Order requiring defendants to allow Facebook access to

16   Power's source control (which includes, but is not limited to, the repository of all copies of the

17   code, as well as time and date stamps), or to authorize Facebook to obtain an image of the source

18   control at Facebook's expense, not to exceed $1500.

19   **Power's Proposed Resolution**:

20   Power should not be ordered to produce its raw source code.  Power has already produced

21   documentation showing how the website functioned, and Power has also agreed to produce its

22   CEO Steve Vachani to testify at a deposition, where Facebook can ask questions regarding the

23   way Power.com actually functioned.

24   / / /

25   / / /

26

27

28

DISCOVERY DISPUTE JOINT REPORT #1
5:08-CV-05780 JF (RS)

Dated: July 7, 2011                              ORRICK, HERRINGTON & SUTCLIFFE LLP


                                                      /s/ I. Neel Chatterjee /s/
                                                 _____
                                                      I. NEEL CHATTERJEE
                                                      Attorneys for Plaintiff
                                                      FACEBOOK, INC.


Dated: July 7, 2011                              BURSOR & FISHER, P.A.


                                                      /s/ L. Timothy Fisher /s/
                                                 _____
                                                      L. TIMOTHY FISHER
                                                      Attorneys for Defendants
                                                 POWER VENTURES, INC. and STEVE
                                                      VACHANI




          **Filers Attestation:**  Pursuant to General Order No. 45, § X(B), I attest under penalty of

perjury that concurrence in the filing of the document has been obtained from its signatory.

Dated: July 7, 2011                              Respectfully submitted,

                                                      /s/ I. Neel Chatterjee /s/
                                                 _____
                                                      I. Neel Chatterjee

# Exhibit A

1    I. NEEL CHATTERJEE (STATE BAR NO. 173985)
     nchatterjee@orrick.com
2    THOMAS J. GRAY (STATE BAR NO. 191411)
     tgray@orrick.com
3    JULIO C. AVALOS (STATE BAR NO. 255350)
     javalos@orrick.com
4    ORRICK, HERRINGTON & SUTCLIFFE LLP
     1000 Marsh Road
5    Menlo Park, CA 94025
     Telephone:    +1-650-614-7400
6    Facsimile:    +1-650-614-7401

7    Attorneys for Plaintiff
     FACEBOOK, INC.

8

9                         UNITED STATES DISTRICT COURT

10                      NORTHERN DISTRICT OF CALIFORNIA

11                              SAN JOSE DIVISION

12

13
     FACEBOOK, INC.,                      Case No. 5:08-cv-05780 JF (RS)
14
                    Plaintiff,            **FACEBOOK, INC.'S FIRST SET OF**
15                                        **REQUESTS FOR PRODUCTION TO**
            v.                            **DEFENDANT POWER VENTURES,**
16                                        **INC.**
     POWER VENTURES, INC. a Cayman Island
17   Corporation; STEVE VACHANI, an
     individual; DOE 1, d/b/a POWER.COM,
18   DOES 2-25, inclusive,

19                    Defendants.

20

21          Defendant Power Ventures, Inc. is HEREBY REQUESTED, pursuant to Rule 34 of the

22   Federal Rules of Civil Procedure, to respond to the following requests for production separately

23   and fully, in writing, and under penalty of perjury, within thirty (30) days after service or

24   whatever date is ordered by the Court, whichever is sooner.

25   / / /

26   / / /

27   / / /

28   / / /

OHS West:260982421.6
16069-2012 M8X/M8X

## **DEFINITIONS**

A.    "ANY" shall be understood to include and encompass "ALL."  As used herein, the singular shall always include the plural and the present tense shall also include the past tense. The words "AND" as well as "OR" shall be construed disjunctively or conjunctively as necessary to bring within the scope of this request ALL DOCUMENTS or things that might otherwise be construed to be outside its scope.

B.    The terms "PERSON" and "PERSONS" mean both natural persons and legal entities, including without limitation, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, and governmental bodies or agencies.  Unless noted otherwise, references to any person, entity or party herein include its, his, or her agents, attorneys, employees, employers, officers, directors, or others acting on or purporting to act on behalf of said person, entity, or party.

C.    "EVIDENCE" or any variant thereof, including but not limited to "EVIDENCING," when used in connection with any document, shall be understood to apply if the document directly or indirectly mentions, discusses, constitutes, concerns, supports contradicts, relates to, refers to, or in any other way deals with the subject matter described in the request in which the term appears.

D.    "REFER TO" or "RELATE TO" as used herein mean pertaining to, relevant to, material to, evidencing, affecting, comprising, discussing, dealing with, considering or otherwise concerning in any manner whatsoever the subject matter of the inquiry.

E.    As used herein, the term "DOCUMENT" means the original and each non-identical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including but not limited to all materials that constitute "writings" or "recordings" or "photographs" within the broadest meaning of Rule 34 of the Federal Rules of Civil Procedure.  The word "Document" includes, without limitation, printed matter, electronic mail, materials stored on computer hard drives, diskettes, tapes, any other computer media, recorded voice mail messages and any other information stored magnetically, optically or electronically.

F.      "COMMUNICATION" as used herein means any contact, oral or documentary, formal or informal, at any place or under any circumstances whatsoever whereby information of any nature is transmitted or transferred, including without limitation, any note, memorandum or other record thereof, or a single person seeing or hearing any information by any means.

G.      "POWER," "YOU," "YOUR," means defendant Power Ventures, Inc. and its directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, AND ALL other persons and entities representing it acting on its behalf, OR purporting to act on its behalf, including without limitation, Steve Vachani.

H.      "FACEBOOK" means, without limitation, Facebook, Inc. (formerly TheFacebook, Inc.), its past and present parents, subsidiaries, affiliates, predecessors, divisions, officers, directors, trustees, employees, staff members, agents, counsel, representatives, consultants, AND ALL PERSONS acting or purporting to act on its behalf.

I.      "POWER USERS" means, without limitation, PERSONS registered to use the services provided by POWER, including without limitation, those provided at the Power.com website.

J.      "FACEBOOK USERS" means, without limitation, PERSONS registered to use the services provided by FACEBOOK at www.facebook.com and, previously, www.thefacebook.com.

K.      The "FACEBOOK WEBSITE" means, without limitation, the Internet website and service available at www.facebook.com; the computer servers hosting that website and service; ANY other FACEBOOK branded or co-branded website (including, without limitation, ANY AND ALL sub-domains, international versions, widgets, mobile versions AND successors thereof); the FACEBOOK Platform; social plug-ins such as the "like" button, the "share" button, AND other similar offerings; AND Facebook Application Programming Interface(s) ("API").

L.      The "POWER WEBSITE" means, without limitation, the Internet website and service located at http://www.power.com, as well as the computer servers hosting that website and service.

/ / /

M. "COMPUTER CODE" means scripts, programs, or other code that YOU use or used, or developed or in any way participated or assisted in the development thereof, in any computer language (such as "PHP" or "Perl").

N. "DATA" means, as defined by California Penal Code Section 502(b)(6), "a representation of information, knowledge, facts, concepts, computer software, computer programs or instructions. Data may be in any form, in storage media, or as stored in the memory of the computer or in transit or presented on a display device."

## INSTRUCTIONS

A. In responding to the following requests, you are required to provide ALL DOCUMENTS that are available to YOU or within YOUR control, including DOCUMENTS in the possession of YOUR attorneys, investigators, employees, agents, representatives, and guardians or any other person acting on YOUR behalf, and not merely DOCUMENTS from YOUR own personal files.

B. If YOU object to any of the requests, YOU must state the grounds for any objection(s). If YOU object to only part of a request, YOU must state the objection and the grounds for any objection(s) and respond to the remainder of the request.

C. If YOU object to the production of any document on the grounds that it is protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege, YOU are requested to identify each document for which the privilege is claimed and give ALL information required by applicable case law, including but not limited to the following:

a. the name of the writer, sender, or initiator of each copy of the document;

b. the name of the recipient, addressee, or party to whom any copy of the document was sent;

c. the date of each copy of the document, if any, or an estimate of its date;

d. a statement of the basis for the claim of privilege; and

e. description of the document sufficient for the Court to rule on the applicability and appropriateness of the claimed privilege.

/ / /

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

ALL COMMUNICATIONS AND DOCUMENTS that RELATE TO the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 2**

ALL DOCUMENTS that RELATE TO the services provided by POWER to access the FACEBOOK WEBSITE, including how they are provided AND all technology POWER uses OR has used to enable access to the FACEBOOK WEBSITE. This includes, but is not limited to, the process by which POWER provided OR provides POWER USERS with access to the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 3**

A copy of ALL versions of COMPUTER CODE (including, without limitation, source code, object code, scripts OR ALL executable files) YOU used, OR use to copy, extract, download, access OR retrieve data OR information from the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 4**

A copy of ALL versions of COMPUTER CODE (including, without limitation, source code, object code, scripts OR ALL executable files) YOU provided POWER USERS to use to copy, extract, download, access OR retrieve data OR information from the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 5**

ALL DOCUMENTS related to YOUR copying OR making use of the FACEBOOK source code to develop, test, implement, use OR provide YOUR aggregating services.

**REQUEST FOR PRODUCTION NO. 6**

ALL DOCUMENTS related to ANY FACEBOOK account POWER created OR registered for to access the FACEBOOK WEBSITE AND/OR server(s) in the course and conduct of POWER's business.

**REQUEST FOR PRODUCTION NO. 7**

ALL DOCUMENTS related to ANY POWER USERS' FACEBOOK account(s) POWER

used at ANY time to access the FACEBOOK WEBSITE in the course and conduct of POWER's business.

**REQUEST FOR PRODUCTION NO. 8**

ALL COMMUNICATIONS AND DOCUMENTS concerning or that RELATE TO the use of ANY server, including proxy server, to access the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 9**

DOCUMENTS sufficient to show the number of times POWER accessed OR provided POWER USERS with access to the FACEBOOK WEBSITE between January 1, 2007 AND the present date.

**REQUEST FOR PRODUCTION NO. 10**

DOCUMENTS sufficient to show the number of POWER USERS on a month-to-month basis beginning January 1, 2007 through the present date.

**REQUEST FOR PRODUCTION NO. 11**

DOCUMENTS sufficient to show the number of FACEBOOK USERS who enrolled OR registered for the POWER WEBSITE beginning January 1, 2007 through the present date.

**REQUEST FOR PRODUCTION NO. 12**

ALL DOCUMENTS that RELATE TO ANY message OR communication sent to FACEBOOK USERS.

**REQUEST FOR PRODUCTION NO. 13**

ALL DOCUMENTS that RELATE TO ANY message OR communication sent to FACEBOOK USERS encouraging OR soliciting them to enroll in OR use the POWER WEBSITE.

**REQUEST FOR PRODUCTION NO. 14**

ALL DOCUMENTS that RELATE TO ANY message OR communication sent to FACEBOOK USERS relating to ANY commercial purpose.

**REQUEST FOR PRODUCTION NO. 15**

DOCUMENTS sufficient to show the number of messages OR communications sent via the FACEBOOK WEBSITE to FACEBOOK USERS.

**REQUEST FOR PRODUCTION NO. 16**

DOCUMENTS sufficient to show the number of messages OR communications sent via the FACEBOOK WEBSITE to FACEBOOK USERS encouraging OR soliciting them to enroll in OR use the POWER WEBSITE.

**REQUEST FOR PRODUCTION NO. 17**

DOCUMENTS sufficient to show the numbers of messages OR communications sent via the FACEBOOK WEBSITE to FACEBOOK USERS  RELATED to ANY commercial purpose.

**REQUEST FOR PRODUCTION NO. 18**

ALL COMMUNICATIONS OR DOCUMENTS sent from FACEBOOK USERS to YOU concerning, OR RELATED TO the POWER WEBSITE.

**REQUEST FOR PRODUCTION NO. 19**

ALL COMMUNICATIONS OR DOCUMENTS constituting OR relating to complaints received by YOU related to OR concerning the POWER WEBSITE.

**REQUEST FOR PRODUCTION NO. 20**

ALL COMMUNICATIONS OR DOCUMENTS constituting, concerning, OR relating to complaints received by YOU that RELATE to e-mails encouraging OR soliciting individuals to enroll in OR use the POWER WEBSITE.

**REQUEST FOR PRODUCTION NO. 21**

ALL DOCUMENTS that RELATE TO YOUR knowledge of technical measures to block OR in ANY way inhibit YOU OR POWER USERS from accessing the FACEBOOK WEBSITE, including, but not limited to, ANY blocks to YOUR IP address.

**REQUEST FOR PRODUCTION NO. 22**

ALL DOCUMENTS that RELATE TO YOUR access to the FACEBOOK WEBSITE following FACEBOOK'S implementation of ANY technical measures to block such access, including, but not limited to, blocks of YOUR IP address, including how such access was achieved.

**REQUEST FOR PRODUCTION NO. 23**

ALL DOCUMENTS that RELATE TO YOUR providing POWER USERS with the

1   means to access the FACEBOOK WEBSITE following FACEBOOK'S implementation of ANY

2   technical measures to block such access, including, but not limited to, blocks of YOUR IP

3   address(es), including how such access was achieved.

4   **REQUEST FOR PRODUCTION NO. 24**

5       ALL DOCUMENTS that RELATE TO YOUR access to the FACEBOOK WEBSITE

6   subsequent to your knowledge OR awareness that YOU did not have FACEBOOK's permission

7   to access the FACEBOOK WEBSITE.

8   **REQUEST FOR PRODUCTION NO. 25**

9       ALL DOCUMENTS that RELATE TO YOUR providing POWER USERS with the

10   means to access the FACEBOOK WEBSITE subsequent to your knowledge OR awareness that

11   YOU did not have FACEBOOK's permission to access the FACEBOOK WEBSITE.

12   **REQUEST FOR PRODUCTION NO. 26**

13       ALL DOCUMENTS that RELATE TO the occurrences between January 1, 2007 AND

14   the present date, where YOU accessed the FACEBOOK WEBSITE to send, OR to encourage

15   POWER USERS to send messages to FACEBOOK USERS.

16   **REQUEST FOR PRODUCTION NO. 27**

17       ALL COMMUNICATIONS AND DOCUMENTS concerning OR that RELATE TO

18   ANY IP addresses used by YOU.

19   **REQUEST FOR PRODUCTION NO. 28**

20       ALL COMMUNICATIONS AND DOCUMENTS concerning OR that RELATE TO

21   ANY AND all IP addresses from which YOU accessed or provided POWER USERS the means

22   for accessing the FACEBOOK WEBSITE.

23   **REQUEST FOR PRODUCTION NO. 29**

24       ALL DOCUMENTS relating to YOUR "Launch Promotion" beginning on OR before

25   December 26, 2008 in which POWER USERS were promised the chance to win one hundred

26   dollars if they successfully invited AND signed up new POWER USERS.

27   **REQUEST FOR PRODUCTION NO. 30**

28       DOCUMENTS sufficient to show the number of POWER USERS that participated in

1  YOUR "Launch Promotion" beginning on OR before December 26, 2008 in which POWER

2  USERS were promised the chance to win one hundred dollars if they successfully invited AND

3  signed up new POWER USERS.

4  **REQUEST FOR PRODUCTION NO. 31**

5      ALL DOCUMENTS relating to ANY actual payment of one hundred dollars made to a

6  POWER USER in regards OR relating to the "Launch Promotion" described in Request for

7  Production No. 29.

8  **REQUEST FOR PRODUCTION NO. 32**

9      ANY AND ALL DOCUMENTS relating to the POWER WEBSITE in which the

10  FACEBOOK logo OR name is OR was used.

11  **REQUEST FOR PRODUCTION NO. 33**

12      ANY AND ALL DOCUMENTS presented to POWER USERS during the POWER

13  registration process, including ANY AND ALL iterations of such DOCUMENTS.

14  **REQUEST FOR PRODUCTION NO. 34**

15      ANY AND ALL COMMUNICATIONS between POWER and the Electronic Frontier

16  Foundation ("EFF").

17  **REQUEST FOR PRODUCTION NO. 35**

18      If it is YOUR contention that ANY of the COMMUNICATIONS between POWER and

19  EFF are privileged, produce ANY joint defense agreement between POWER AND the EFF.

20  **REQUEST FOR PRODUCTION NO. 36**

21      ALL DOCUMENTS reflecting, associated with, OR that RELATE TO ANY of YOUR

22  responses to FACEBOOK's concurrently-served First Set of Interrogatories to Defendant Power

23  Ventures, Inc.

24  **REQUEST FOR PRODUCTION NO. 37**

25      ALL DOCUMENTS relating to, reflecting, or associated with ANY of the allegations

26  made in FACEBOOK's First Amended Complaint in this action.

27  / / /

28

**REQUEST FOR PRODUCTION NO. 38**

ALL DOCUMENTS relating to, reflecting, associated with OR supporting YOUR affirmative defenses to FACEBOOK's First Amended Complaint.

**REQUEST FOR PRODUCTION NO. 39**

ALL DOCUMENTS reflecting, associated with, OR that RELATE TO ANY insurance policy currently issued to POWER.

**REQUEST FOR PRODUCTION NO. 40**

DOCUMENTS sufficient to show POWER's monthly AND annual revenue.

**REQUEST FOR PRODUCTION NO. 41**

DOCUMENTS sufficient to show POWER's monthly AND annual income.

**REQUEST FOR PRODUCTION NO. 42**

ALL DOCUMENTS that RELATE TO ANY COMMUNICATION between YOU AND FACEBOOK OR FACEBOOK's attorneys.

**REQUEST FOR PRODUCTION NO. 43**

ALL DOCUMENTS that RELATE to ANY protocols, policies, OR procedures relating to YOUR current OR previous storage of FACEBOOK user information, including, but not limited to, login information.

**REQUEST FOR PRODUCTION NO. 44**

DOCUMENTS sufficient to determine the protocols, policies, OR procedures relating to YOUR current OR previous storage of FACEBOOK user information, including, but not limited to, login information.

**REQUEST FOR PRODUCTION NO. 45**

DOCUMENTS sufficient to determine the manner in which YOU currently store, save OR otherwise retain, OR YOU previously stored, saved, OR otherwise retained, DATA obtained from the FACEBOOK WEBSITE, including, but not limited to, documents relating to the computers OR servers where such DATA is stored, the location of those computers OR servers, AND the security protocols on such computers or servers.

/ / /

1    **REQUEST FOR PRODUCTION NO. 46**

2          ALL DOCUMENTS relating to ANY commercial contracts OR agreements that YOU

3    have entered into RELATING TO the sale OR use of DATA obtained from ANY third-party

4    website, including, but not limited to, the FACEBOOK WEBSITE.

5    **REQUEST FOR PRODUCTION NO. 47**

6          DOCUMENTS sufficient to determine the number AND identities of YOUR employees

7    with access to FACEBOOK login information.

8    **REQUEST FOR PRODUCTION NO. 48**

9          DOCUMENTS sufficient to determine the number AND identities of YOUR employees

10   with access to DATA obtained from the FACEBOOK WEBSITE.

11   **REQUEST FOR PRODUCTION NO. 49**

12         ALL DOCUMENTS relating to ANY deletion OR purging from YOUR computers,

13   servers OR storage devices, of DATA obtained from the FACEBOOK WEBSITE, including the

14   dates, purposes, AND/OR reasons for such deletions.

15   **REQUEST FOR PRODUCTION NO. 50**

16         ALL DOCUMENTS sufficient to demonstrate, from 2008 to present, YOUR corporate

17   structure, including, but not limited to, the identities AND titles of your managers, officers, OR

18   executives.

19

20

21   Dated: October 22, 2010                    ORRICK, HERRINGTON & SUTCLIFFE LLP

22

23

24                                              JULIO C. AVALOS
                                                Attorneys for Plaintiff
25                                              FACEBOOK, INC.

26

27

28

1  I. NEEL CHATTERJEE (STATE BAR NO. 173985)
   nchatterjee@orrick.com
2  JULIO C. AVALOS (STATE BAR NO. 255350)
   javalos@orrick.com
3  THOMAS J. GRAY (STATE BAR NO. 191411)
   tgray@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
5  Menlo Park, CA  94025
   Telephone:    +1-650-614-7400
6  Facsimile:    +1-650-614-7401

7  Attorneys for Plaintiff
   FACEBOOK, INC.

8

9                  UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                        SAN JOSE DIVISION

12

13  FACEBOOK, INC.,                    Case No.  5:08-cv-05780 JF (RS)

14               Plaintiff,            **PROOF OF SERVICE**

15       v.

16  POWER VENTURES, INC. a Cayman Island
    Corporation; STEVE VACHANI, an
17  individual; DOE 1, d/b/a POWER.COM,
    DOES 2-25, inclusive,

18

19               Defendants.

20

21

22

23

24

25

26

27

28

1                               **DECLARATION OF SERVICE**

2               I am a resident of the State of California and over the age of eighteen years, and

3   not a party to the within action.  On October 22, 2010, I served the within document(s):

4               **FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT POWER VENTURES, INC.**

5               **FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANT POWER VENTURES, INC.**

6

7               **FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT POWER VENTURES, INC.**

8               By placing the document(s) listed above in a sealed envelope with postage thereon

9   fully prepaid, in the United States mail at Menlo Park, California addressed as set forth below on

10  October 22, 2010.

11  Scott A. Bursor *(admitted pro hac vice)*        Alan R Plutzik
     **LAW OFFICES OF SCOTT A. BURSOR**       aplutzik@bramsonplutzik.com

12  369 Lexington Avenue                          Michael S. Strimling
     10th Floor                               mstrimling@bransonplutzik.com

13  New York, NY 10017-6531                Lawrence Timothy Fisher
     Tel: 212-989-9113                         ltfisher@bramsonplutzik.com

14  Fax: 212-989-9163                        **BRAMSON, PLUTZIK, MAHLER &**
     scott@bursor.com                         **BIRKHAEUSER LLP**

15                                   2125 Oak Grove Road
     Alan R Plutzik                          Suite 120

16  aplutzik@bramsonplutzik.com          Walnut Creek, CA 94598
     Michael S. Strimling                    Tel: (925) 945-0200

17  mstrimling@bransonplutzik.com       Fax: 925-945-8792
     Lawrence Timothy Fisher

18  ltfisher@bramsonplutzik.com         **COUNSEL FOR STEVEN VACHANI**
     **BARROWAY TOPAZ KESSLER MELTZER &**

19  **CHECK LLP**
     2125 Oak Grove Road

20  Suite 120
     Walnut Creek, CA 94598

21  Tel: (925) 945-0200
     Fax: 925-945-8792

22

23  **COUNSEL FOR DEFENDANT POWER VENTURES, INC. A CAYMAN ISLAND CORPORATION**

24

25               Executed on October 22, 2010, at Menlo Park, California.

26               I declare under penalty of perjury under the laws of the United States that the foregoing is

27  true and correct.

                                          /s/ Carmela Ene

28                                         Carmela Ene

**Exhibit B**

LAW OFFICES OF SCOTT A. BURSOR
Scott A. Bursor (*pro hac vice*)
369 Lexington Avenue, 10th Floor
New York, NY 10017
Telephone: (212) 989-9113
Facsimile: (212) 989-9163

BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
Alan R. Plutzik (State Bar No. 077785)
L. Timothy Fisher (State Bar No. 191626)
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792

Attorneys for Defendants Power
Ventures, Inc. and Steve Vachani

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC., | |
| Plaintiff, | Case No. 5:08-cv-05780 JF (RS) |
| -against- | **DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION** |
| POWER VENTURES, INC. d/b/a POWER.COM, a California corporation; POWER VENTURES, INC. a Cayman Island Corporation, STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, an individual and/or business entity of unknown nature; DOES 2 through 25, inclusive, individuals and/or business entities of unknown nature, | |
| Defendants. | |

# PRELIMINARY STATEMENT

Preliminarily, it should be noted that defendant Power has not fully completed its investigation of the facts relating to this case, has not fully completed discovery in this action and has not completed preparation necessary for trial.  All of the answers contained herein are based only on such information and documents which are presently available to and specifically known to Power.  It is anticipated that further discovery, independent investigation, and legal research and analysis will supply additional facts, add meaning to the known facts, and establish entirely new factual and legal conclusions.  All of these may lead to substantial additions to, modifications of and variations from the information set forth herein.  The following responses are given without prejudice to Power's right to produce evidence of subsequently discovered fact or facts which Power may recall or learn at a later date.  Power accordingly reserves the right to change all answers herein as additional facts are ascertained, analysis is made, and legal research is completed.

# GENERAL OBJECTIONS

In addition to those objections set forth specifically within the response to each document request, Power interposes the following general objections to the entire set of document requests, and to each individual document request thereof, which general objections are incorporated by reference in each and every response to each specific document request.  Power's failure to repeat expressly these general objections in each response shall not be deemed a waiver thereof.  Moreover, Power's specification of one or more objections in any given response is not intended to preclude the applicability of any of these general objections.  The assertion of any objection to a document request in any response below is neither intended as, nor shall in any way be deemed, a waiver of Power's right to assert that or any other objection at a later date.  Power's general objections are as follows:

1.	Power objects to the document requests on the ground that the document requests, individually and taken as a whole, are overly broad, unduly burdensome, oppressive and seek to impose broader response obligations on Power than those imposed by the Federal Rules of Civil

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO.  5:08-CV-05780 JF  (RS)

1

Procedure.  In addition, Power objects to the extent that the documents and information sought by the requests is equally available to plaintiff.

2.     Power objects to the document requests on the ground and to the extent they seek documents and information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

3.     Power objects to the document requests on the ground that they call for the disclosure of communications that are protected by the attorney-client privilege, the attorney work product privilege, or any other applicable privilege.

4.     Power objects to the document requests to the extent they request documents and information by reference to purported facts that Power disputes and/or which have not been established in this case.  Power has advanced certain positions of law and fact.  Power's statements of law and fact are a matter of record and are not subject to recharacterization by plaintiff.

5.     Power objects to the document requests to the extent they seek documents and information that can only be provided, or will or should be provided at trial by persons qualified as experts in their fields.  Power expressly reserves the right to call such persons to testify at trial without waiver of the right to protect the identities of persons who it has consulted in the course of this litigation for purposes of expert advice.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

ALL COMMUNICATIONS AND DOCUMENTS that RELATE TO the FACEBOOK WEBSITE.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO.  5:08-CV-05780 JF  (RS)

2

**REQUEST FOR PRODUCTION NO. 2**

ALL DOCUMENTS that RELATE TO the services provided by POWER to access the FACEBOOK WEBSITE, including how they are provided AND all technology POWER uses OR has used to enable access to the FACEBOOK WEBSITE. This includes, but is not limited to, the process by which POWER provided OR provides POWER USERS with access to the FACEBOOK WEBSITE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 3**

A copy of ALL versions of COMPUTER CODE (including, without limitation, source code, object code, scripts OR ALL executable files) YOU used, OR use to copy, extract, download, access OR retrieve data OR information from the FACEBOOK WEBSITE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. Power further objects to this request on the ground that it seeks highly confidential and proprietary trade secret information. Subject to and without waiving these objections, Power responds that it will produce its June 2007 PowerScript Training document, and its PowerScript Documentation Developer Manual upon the entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 4**

A copy of ALL versions of COMPUTER CODE (including, without limitation, source code, object code, scripts OR ALL executable files) YOU provided POWER USERS to use to

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO.  5:08-CV-05780 JF  (RS)

3

copy, extract, download, access OR retrieve data OR information from the FACEBOOK WEBSITE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

  Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. Power further objects to this request on the ground that it seeks highly confidential and proprietary trade secret information. Subject to and without waiving these objections, Power responds that it will produce its June 2007 PowerScript Training document, and its PowerScript Documentation Developer Manual upon the entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 5**

  ALL DOCUMENTS related to YOUR copying OR making use of the FACEBOOK source code to develop, test, implement, use OR provide YOUR aggregating services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

  Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 6**

  ALL DOCUMENTS related to ANY FACEBOOK account POWER created OR registered for to access the FACEBOOK WEBSITE AND/OR server(s) in the course and conduct of POWER's business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

  Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible

evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 7**

ALL DOCUMENTS related to ANY POWER USERS' FACEBOOK account(s) POWER used at ANY time to access the FACEBOOK WEBSITE in the course and conduct of POWER's business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 8**

ALL COMMUNICATIONS AND DOCUMENTS concerning or that RELATE TO the use of ANY server, including proxy server, to access the FACEBOOK WEBSITE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS sufficient to show the number of times POWER accessed OR provided POWER USERS with access to the FACEBOOK WEBSITE between January 1, 2007 AND the present date.

/          /          /

/          /          /

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to show the number of POWER USERS on a month-to-month basis beginning January 1, 2007 through the present date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. Power further objects to this request on the ground that it seeks highly confidential and proprietary trade secret information. Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 11**

DOCUMENTS sufficient to show the number of FACEBOOK USERS who enrolled OR registered for the POWER WEBSITE beginning January 1, 2007 through the present date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. Power further objects to this request on the ground that it seeks highly confidential and proprietary trade secret information. Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 5:08-CV-05780 JF (RS)

6

## REQUEST FOR PRODUCTION NO. 12

ALL DOCUMENTS that RELATE TO ANY message OR communication sent to FACEBOOK USERS.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 13

ALL DOCUMENTS that RELATE TO ANY message OR communication sent to FACEBOOK USERS encouraging OR soliciting them to enroll in OR use the POWER WEBSITE.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 14

ALL DOCUMENTS that RELATE TO ANY message OR communication sent to FACEBOOK USERS relating to ANY commercial purpose.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 15**

DOCUMENTS sufficient to show the number of messages OR communications sent via the FACEBOOK WEBSITE to FACEBOOK USERS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 16**

DOCUMENTS sufficient to show the number of messages OR communications sent via the FACEBOOK WEBSITE to FACEBOOK USERS encouraging OR soliciting them to enroll in OR use the POWER WEBSITE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 17**

DOCUMENTS sufficient to show the numbers of messages OR communications sent via the FACEBOOK WEBSITE to FACEBOOK USERS  RELATED to ANY commercial purpose.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 18**

ALL COMMUNICATIONS OR DOCUMENTS sent from FACEBOOK USERS to YOU concerning, OR RELATED TO the POWER WEBSITE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 19**

ALL COMMUNICATIONS OR DOCUMENTS constituting OR relating to complaints received by YOU related to OR concerning the POWER WEBSITE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 20**

ALL COMMUNICATIONS OR DOCUMENTS constituting, concerning, OR relating to complaints received by YOU that RELATE to e-mails encouraging OR soliciting individuals to enroll in OR use the POWER WEBSITE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 5:08-CV-05780 JF (RS)

9

**REQUEST FOR PRODUCTION NO. 21**

ALL DOCUMENTS that RELATE TO YOUR knowledge of technical measures to block OR in ANY way inhibit YOU OR POWER USERS from accessing the FACEBOOK WEBSITE, including, but not limited to, ANY blocks to YOUR IP address.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 22**

ALL DOCUMENTS that RELATE TO YOUR access to the FACEBOOK WEBSITE following FACEBOOK'S implementation of ANY technical measures to block such access, including, but not limited to, blocks of YOUR IP address, including how such access was achieved.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 23**

ALL DOCUMENTS that RELATE TO YOUR providing POWER USERS with the means to access the FACEBOOK WEBSITE following FACEBOOK'S implementation of ANY technical measures to block such access, including, but not limited to, blocks of YOUR IP address(es), including how such access was achieved.

/      /      /

/      /      /

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 5:08-CV-05780 JF (RS)

10

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 24**

ALL DOCUMENTS that RELATE TO YOUR access to the FACEBOOK WEBSITE subsequent to your knowledge OR awareness that YOU did not have FACEBOOK's permission to access the FACEBOOK WEBSITE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 25**

ALL DOCUMENTS that RELATE TO YOUR providing POWER USERS with the means to access the FACEBOOK WEBSITE subsequent to your knowledge OR awareness that YOU did not have FACEBOOK's permission to access the FACEBOOK WEBSITE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

/ / /

/ / /

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO.  5:08-CV-05780 JF  (RS)

11

**REQUEST FOR PRODUCTION NO. 26**

ALL DOCUMENTS that RELATE TO the occurrences between January 1, 2007 AND the present date, where YOU accessed the FACEBOOK WEBSITE to send, OR to encourage POWER USERS to send messages to FACEBOOK USERS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 27:**

ALL COMMUNICATIONS AND DOCUMENTS concerning OR that RELATE TO ANY IP addresses used by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 28**

ALL COMMUNICATIONS AND DOCUMENTS concerning OR that RELATE TO ANY AND all IP addresses from which YOU accessed or provided POWER USERS the means for accessing the FACEBOOK WEBSITE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO.  5:08-CV-05780 JF  (RS)

12

evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 29**

ALL DOCUMENTS relating to YOUR "Launch Promotion" beginning on OR before December 26, 2008 in which POWER USERS were promised the chance to win one hundred dollars if they successfully invited AND signed up new POWER USERS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 30**

DOCUMENTS sufficient to show the number of POWER USERS that participated in YOUR "Launch Promotion" beginning on OR before December 26, 2008 in which POWER USERS were promised the chance to win one hundred dollars if they successfully invited AND signed up new POWER USERS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 31**

ALL DOCUMENTS relating to ANY actual payment of one hundred dollars made to a POWER USER in regards OR relating to the "Launch Promotion" described in Request for Production No. 29.

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO.  5:08-CV-05780 JF  (RS)

13

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 32**

ANY AND ALL DOCUMENTS relating to the POWER WEBSITE in which the FACEBOOK logo OR name is OR was used.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 33**

ANY AND ALL DOCUMENTS presented to POWER USERS during the POWER registration process, including ANY AND ALL iterations of such DOCUMENTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 34**

ANY AND ALL COMMUNICATIONS between POWER and the Electronic Frontier Foundation ("EFF").

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 5:08-CV-05780 JF (RS)

14

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Power further objects to this request as calling for information protected by the attorney-client and/or attorney work product privilege.

**REQUEST FOR PRODUCTION NO. 35**

If it is YOUR contention that ANY of the COMMUNICATIONS between POWER and EFF are privileged, produce ANY joint defense agreement between POWER AND the EFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Power objects to this request as not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 36**

ALL DOCUMENTS reflecting, associated with, OR that RELATE TO ANY of YOUR responses to FACEBOOK's concurrently-served First Set of Interrogatories to Defendant Power Ventures, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Power objects to this request as vague, ambiguous and overbroad.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 37**

ALL DOCUMENTS relating to, reflecting, or associated with ANY of the allegations made in FACEBOOK's First Amended Complaint in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Power objects to this request as vague, ambiguous and overbroad.

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO.  5:08-CV-05780 JF  (RS)

15

**REQUEST FOR PRODUCTION NO. 38**

ALL DOCUMENTS relating to, reflecting, associated with OR supporting YOUR affirmative defenses to FACEBOOK's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Power objects to this request as vague, ambiguous and overbroad. Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 39**

ALL DOCUMENTS reflecting, associated with, OR that RELATE TO ANY insurance policy currently issued to POWER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Power objects to this request as not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 40**

DOCUMENTS sufficient to show POWER's monthly AND annual revenue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Power objects to this request as not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 41**

DOCUMENTS sufficient to show POWER's monthly AND annual income.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Power objects to this request as not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 42**

ALL DOCUMENTS that RELATE TO ANY COMMUNICATION between YOU AND FACEBOOK OR FACEBOOK's attorneys.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Power objects to this request as overbroad and unduly burdensome.  Power also objects to this request as calling for information protected by the attorney-client and/or attorney work product privilege.

**REQUEST FOR PRODUCTION NO. 43**

ALL DOCUMENTS that RELATE to ANY protocols, policies, OR procedures relating to YOUR current OR previous storage of FACEBOOK user information, including, but not limited to, login information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Power further objects to this request on the ground that it seeks highly confidential and proprietary trade secret information.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 44**

DOCUMENTS sufficient to determine the protocols, policies, OR procedures relating to YOUR current OR previous storage of FACEBOOK user information, including, but not limited to, login information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Power further objects to this request on the ground that it seeks highly confidential and

proprietary trade secret information.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 45

DOCUMENTS sufficient to determine the manner in which YOU currently store, save OR otherwise retain, OR YOU previously stored, saved, OR otherwise retained, DATA obtained from the FACEBOOK WEBSITE, including, but not limited to, documents relating to the computers OR servers where such DATA is stored, the location of those computers OR servers, AND the security protocols on such computers or servers.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 45:

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Power further objects to this request on the ground that it seeks highly confidential and proprietary trade secret information.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 46

ALL DOCUMENTS relating to ANY commercial contracts OR agreements that YOU have entered into RELATING TO the sale OR use of DATA obtained from ANY third-party website, including, but not limited to, the FACEBOOK WEBSITE.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 46:

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Power further objects to this request on the ground that it seeks highly confidential and proprietary trade secret information.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

/        /        /

**REQUEST FOR PRODUCTION NO. 47**

DOCUMENTS sufficient to determine the number AND identities of YOUR employees with access to FACEBOOK login information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 48**

DOCUMENTS sufficient to determine the number AND identities of YOUR employees with access to DATA obtained from the FACEBOOK WEBSITE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 49**

ALL DOCUMENTS relating to ANY deletion OR purging from YOUR computers, servers OR storage devices, of DATA obtained from the FACEBOOK WEBSITE, including the dates, purposes, AND/OR reasons for such deletions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 50

ALL DOCUMENTS sufficient to demonstrate, from 2008 to present, YOUR corporate structure, including, but not limited to, the identities AND titles of your managers, officers, OR executives.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 50:

Power objects to this request as not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.


Dated:  December 15, 2010                    BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP


By_____/s/_____
                 L. Timothy Fisher

Alan R. Plutzik (State Bar No. 77785)
L. Timothy Fisher (State Bar No. 191626)
2125 Oak Grove Road, Suite 120
Walnut Creek, CA  94598
Telephone:  (925) 945-0200
Facsimile:  (925) 945-8792

LAW OFFICES OF SCOTT A. BURSOR
Scott A. Bursor (*pro hac vice*)
369 Lexington Avenue, 10th Floor
New York, NY  10017-6531
Telephone:  (212) 989-9113
Facsimile:   (212) 989-9163

Attorneys for Defendants Power
Ventures, Inc. and Steve Vachani