# EXHIBIT I

```
1   I. NEEL CHATTERJEE (STATE BAR NO. 173985)
    nchatterjee@orrick.com
2   THOMAS J. GRAY (STATE BAR NO. 191411)
    tgray@orrick.com
3   JULIO C. AVALOS (STATE BAR NO. 255350)
    javalos@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
5   Menlo Park, CA  94025
    Telephone:    +1-650-614-7400
6   Facsimile:    +1-650-614-7401

7   Attorneys for Plaintiff
    FACEBOOK, INC.
8
```

9                 UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11                       SAN JOSE DIVISION

12

| 13 | FACEBOOK, INC., | Case No.  5:08-cv-05780 JF (RS) |
|----|-----------------|--------------------------------|
| 14 | Plaintiff, | **FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANT POWER VENTURES, INC.** |
| 15 | v. | |
| 16 | POWER VENTURES, INC. a Cayman Island Corporation; STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, DOES 2-25, inclusive, | |
| 17 | | |
| 18 | Defendants. | |
| 19 | | |

20    Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Facebook, Inc. ("Facebook")

21 hereby propounds the following interrogatories to be answered, under oath, by an officer or agent

22 of Defendant Power Ventures ("Power"), within 30 days after service of these interrogatories, or

23 whatever date is ordered by the Court, whichever is sooner, as required by Federal Rule of Civil

24 Procedure 33.

25                         **DEFINITIONS**

26    A.    "ANY" shall be understood to include and encompass "ALL."  As used herein, the

27 singular shall always include the plural and the present tense shall also include the past tense.

28 The words "AND" as well as "OR" shall be construed disjunctively or conjunctively as necessary

FIRST SET OF INTERROGATORIES TO DEFENDANT
POWER, CASE NO. 5:08-CV-05780

OHS West:260982302.6

to bring within the scope of this request all documents or things that might otherwise be construed to be outside its scope.

B. The terms "PERSON" and "PERSONS" mean both natural persons and legal entities, including without limitation, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, and governmental bodies or agencies. Unless noted otherwise, references to any person, entity or party herein include its, his, or her agents, attorneys, employees, employers, officers, directors, or others acting on or purporting to act on behalf of said person, entity, or party.

C. "EVIDENCE" or any variant thereof, including but not limited to "EVIDENCING," when used in connection with any document, shall be understood to apply if the document directly or indirectly mentions, discusses, constitutes, concerns, supports contradicts, relates to, refers to, or in any other way deals with the subject matter described in the request in which the term appears.

D. "REFER TO" or "RELATE TO" as used herein mean pertaining to, relevant to, material to, evidencing, affecting, comprising, discussing, dealing with, considering or otherwise concerning in any manner whatsoever the subject matter of the inquiry.

E. As used herein, the term "DOCUMENT" means the original and each non-identical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including but not limited to all materials that constitute "writings" or "recordings" or "photographs" within the broadest meaning of Rule 34 of the Federal Rules of Civil Procedure. The word "Document" includes, without limitation, printed matter, electronic mail, materials stored on computer hard drives, diskettes, tapes, any other computer media, recorded voice mail messages and any other information stored magnetically, optically or electronically.

F. "COMMUNICATION" as used herein means any contact, oral or documentary, formal or informal, at any place or under any circumstances whatsoever whereby information of any nature is transmitted or transferred, including without limitation, any note, memorandum or other record thereof, or a single person seeing or hearing any information by any means.

OHS West:260982302.6

G. "POWER," "YOU," "YOUR," means defendant Power Ventures, Inc. and its directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, AND ALL other persons and entities representing it acting on its behalf, OR purporting to act on its behalf, including without limitation, Steve Vachani.

H. "FACEBOOK" means, without limitation, Facebook, Inc. (formerly TheFacebook, Inc.), its past and present parents, subsidiaries, affiliates, predecessors, divisions, officers, directors, trustees, employees, staff members, agents, counsel, representatives, consultants, AND ALL PERSONS acting or purporting to act on its behalf.

I. "POWER USERS" means, without limitation, PERSONS registered to use the services provided by POWER, including without limitation, those provided at the power.com website.

J. "FACEBOOK USERS" means, without limitation, PERSONS registered to use the services provided by FACEBOOK at www.facebook.com and, previously, www.thefacebook.com.

K. The "FACEBOOK WEBSITE" means, without limitation, the Internet website and service available at www.facebook.com, as well as the computer servers hosting that website and service.

L. The "POWER WEBSITE" means, without limitation, the Internet website and service located at http://www.power.com, as well as the computer servers hosting that website.

M. "COMPUTER CODE" means scripts, programs, or other code that YOU use or used, or developed or in any way participated or assisted in the development thereof, in any computer language (such as "PHP" or "Perl").

N. "DATA" means, as defined by California Penal Code Section 502(b)(6), "a representation of information, knowledge, facts, concepts, computer software, computer programs or instructions. Data may be in any form, in storage media, or as stored in the memory of the computer or in transit or presented on a display device."

**INSTRUCTIONS**

1. If YOU object to any of the interrogatories herein on privilege grounds, state the

1   privilege claimed and describe the facts giving rise to the privilege claim in sufficient detail so
2   that the Court can adjudicate the validity of the claim.
3         2.      "IDENTIFY," when used with respect to a natural person, means state the name,
4   current telephone number and current home or business address of the person(s).  If current
5   information is not available, please provide the last available information regarding the person(s).
6         3.      "IDENTIFY," and all variants including "IDENTITY" when used with respect to
7   any entity, means state the name, place and date of incorporation or organization, principal place
8   of business, and the identity of all natural persons having knowledge of the matter with respect to
9   which it is named in an answer to an interrogatory.
10        4.      To "IDENTIFY" a document means:
11            a.      to refer to the document's identification or exhibit number if the document
12  has been previously produced or used in discovery or to attach a true copy of the document to the
13  interrogatory answers and to state the document's title and date, or if unknown, the approximate
14  date of creation;
15            b.      to identify each person who signed or participated in the preparation of the
16  document;
17            c.      to identify each person who is an addressee, including each person to
18  whom a copy was to be sent or who received a copy of the document;
19            d.      to summarize the subject matter of the document;
20            e.      to provide the present location of the document and the identity of the
21  custodian of the original and each copy thereof; and
22            f.      if the document no longer exists, to give the date on which it was
23  destroyed, the identity of the person who destroyed it, and the person under whose authority it
24  was destroyed.
25        5.      "IDENTIFY" a circumstance, occurrence or event, means to describe it in detail,
26  including date, time, surrounding circumstances, PERSONS involved OR present, reasons,
27  effects, results, where AND how it occurred, AND what occurred.
28  / / /

- 4 -

FIRST SET OF INTERROGATORIES TO DEFENDANT
POWER, Case No. 5:08-cv-05780

OHS West:260982302.6

6. In answering the following interrogatories, YOU are required to provide ALL information that is available to YOU within YOUR control, including information in the possession of YOUR attorneys, investigators, employees, agents, representatives, and guardians or any other person acting on YOUR behalf, and not merely information from YOUR own personal knowledge.

7. If YOU cannot answer any interrogatory in full, answer to the extent YOU are able to do so, state the reason for YOUR inability to answer further, and state the knowledge or information available to YOU concerning the unanswered portion.

8. If YOU object to any of the interrogatories, YOU must state the grounds for any objection(s). If YOU object to only part of an interrogatory, YOU must state the objection and the grounds for any objection(s) and respond to the remainder of the interrogatory.

9. Each answer should be preceded by a reiteration of the full interrogatory to which it responds.

10. For each interrogatory, IDENTIFY ALL persons who provided information or otherwise assisted in preparing YOUR response.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe in detail AND IDENTIFY the process by which POWER accesses OR accessed the FACEBOOK WEBSITE.

**INTERROGATORY NO. 2:**

Describe in detail AND IDENTIFY the process by which POWER provides OR provided POWER USERS with access to the FACEBOOK WEBSITE.

**INTERROGATORY NO. 3:**

Describe in detail AND IDENTIFY ANY AND ALL software, i.e., computer code, programs, tools, scripts OR automated devices, YOU use OR used to access OR provide POWER USERS with the means to access, the FACEBOOK WEBSITE to copy, download, extract, OR retrieve information from the FACEBOOK WEBSITE, including, but not limited to, the processes OR procedures by which that software was developed, including how it was tested and

1  on what code its functionality was tested.

2  **INTERROGATORY NO. 4:**

3  IDENTIFY ANY accounts YOU OR YOUR current AND former employees, including
4  without limitation, ANY PERSONS who are OR were full-time or part-time employees,
5  independent contractor OR agents of YOU, created or used within the course of conduct of their
6  employment to access the FACEBOOK WEBSITE.

7  **INTERROGATORY NO. 5:**

8  Describe in detail how AND IDENTIFY when YOU first became aware that
9  FACEBOOK had IP blocks to keep YOU OR POWER USERS from accessing the FACEBOOK
10 WEBSITE.

11 **INTERROGATORY NO. 6:**

12 Describe in detail how AND IDENTIFY when YOU first learned that YOU did not have
13 FACEBOOK's permission to access the FACEBOOK WEBSITE.

14 **INTERROGATORY NO. 7:**

15 Describe in detail and IDENTIFY the process by which YOU continued to access, OR
16 provide POWER USERS' with the means to access, the FACEBOOK WEBSITE following
17 FACEBOOK's IP blocking, including, but not limited to the POWER employee(s) OR director(s)
18 responsible for that process OR decision.

19 **INTERROGATORY NO. 8:**

20 IDENTIFY the POWER employee OR director responsible for developing the technology
21 to allow POWER OR POWER USERS to access the FACEBOOK WEBSITE.

22 **INTERROGATORY NO. 9:**

23 IDENTIFY the POWER employee OR director responsible for developing the technology
24 to allow POWER OR POWER USERS to continue to access the FACEBOOK WEBSITE
25 following FACEBOOK's IP blocking.

26 **INTERROGATORY NO. 10:**

27 IDENTIFY the POWER employee OR director responsible for creating the e-mail
28 messages sent to FACEBOOK USERS asking FACEBOOK USERS to use the POWER

WEBSITE to access the FACEBOOK WEBSITE.

**INTERROGATORY NO. 11:**

Describe in detail the creation of POWER's internet user Bill of Rights including, but not limited to, the individual(s) responsible for drafting it, the date(s) it was drafted, and the date it was posted on the POWER WEBSITE.

**INTERROGATORY NO. 12:**

IDENTIFY the members of YOUR "product team" responsible for integrating the POWER WEBSITE with FACEBOOK Connect, as referenced in YOUR December 17, 2008 e-mail to FACEBOOK's legal counsel. Dkt. No. 56 at Ex. A.

**INTERROGATORY NO. 13:**

Explain in detail what actions, if any, YOU took to integrate the POWER WEBSITE with FACEBOOK Connect.

**INTERROGATORY NO. 14:**

Describe in detail YOUR "detailed product plan" regarding the "reintegration of Facebook with Facebook connect," referenced in YOUR December 17, 2008 e-mail to FACEBOOK's legal counsel. Dkt. No. 56 at Ex. A.

**INTERROGATORY NO. 15:**

IDENTIFY ALL facts in support of YOUR contention that POWER had "concerns" regarding the integration of the POWER WEBSITE with FACEBOOK Connect on the schedule requested by FACEBOOK, as asserted in POWER's Answer and Counterclaim to FACEBOOK. Dkt. No. 41 at ¶ 60.

**INTERROGATORY NO. 16:**

IDENTIFY the individual(s) responsible for the "business decision" not to remove existing compatibility while implementing POWER's integration with FACEBOOK Connect, as referenced in YOUR December 26, 2008 e-mail to FACEBOOK's legal counsel. Dkt. No. 56 at Ex. A.

**INTERROGATORY NO. 17:**

IDENTIFY AND describe in detail the process by which POWER USERS register for the

POWER WEBSITE, including but not limited to, ANY information given to POWER USERS regarding POWER's services.

**INTERROGATORY NO. 18:**

IDENTIFY ALL facts in support of YOUR contention that YOU had permission to access FACEBOOK USER data on the FACEBOOK WEBSITE.

**INTERROGATORY NO. 19:**

IDENTIFY AND describe in detail how YOU saved, maintained, OR stored FACEBOOK user login information OR DATA obtained from the FACEBOOK WEBSITE OR servers, including the systems on which such DATA OR information is OR was stored, the location of such systems, the security protocols on those systems, whether such DATA remains on those systems, AND the dates and reasons why YOU have deleted OR purged this DATA OR information from YOUR storage systems.

Dated: October 22, 2010

ORRICK, HERRINGTON & SUTCLIFFE LLP

_____
JULIO C. AVALOS
Attorneys for Plaintiff
FACEBOOK, INC.

I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
JULIO C. AVALOS (STATE BAR NO. 255350)
javalos@orrick.com
THOMAS J. GRAY (STATE BAR NO. 191411)
tgray@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:   +1-650-614-7400
Facsimile:   +1-650-614-7401

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>POWER VENTURES, INC. a Cayman Island Corporation; STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, DOES 2-25, inclusive,<br><br>　　　　　Defendants. | Case No.  5:08-cv-05780 JF (RS)<br><br>**PROOF OF SERVICE** |

## DECLARATION OF SERVICE

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action. On October 22, 2010, I served the within document(s):

**FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT POWER VENTURES, INC.**

**FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANT POWER VENTURES, INC.**

**FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT POWER VENTURES, INC.**

By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Menlo Park, California addressed as set forth below on October 22, 2010.

Scott A. Bursor *(admitted pro hac vice)*
**LAW OFFICES OF SCOTT A. BURSOR**
369 Lexington Avenue
10th Floor
New York, NY 10017-6531
Tel: 212-989-9113
Fax: 212-989-9163
scott@bursor.com

Alan R Plutzik
aplutzik@bramsonplutzik.com
Michael S. Strimling
mstrimling@bransonplutzik.com
Lawrence Timothy Fisher
ltfisher@bramsonplutzik.com
**BARROWAY TOPAZ KESSLER MELTZER & CHECK LLP**
2125 Oak Grove Road
Suite 120
Walnut Creek, CA 94598
Tel: (925) 945-0200
Fax: 925-945-8792

**COUNSEL FOR DEFENDANT POWER VENTURES, INC.
A CAYMAN ISLAND CORPORATION**

Alan R Plutzik
aplutzik@bramsonplutzik.com
Michael S. Strimling
mstrimling@bransonplutzik.com
Lawrence Timothy Fisher
ltfisher@bramsonplutzik.com
**BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER LLP**
2125 Oak Grove Road
Suite 120
Walnut Creek, CA 94598
Tel: (925) 945-0200
Fax: 925-945-8792

**COUNSEL FOR STEVEN VACHANI**

Executed on October 22, 2010, at Menlo Park, California.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

                                                                /s/ Carmela Ene
                                                                 Carmela Ene