# EXHIBIT J

LAW OFFICES OF SCOTT A. BURSOR
Scott A. Bursor (*pro hac vice*)
369 Lexington Avenue, 10th Floor
New York, NY 10017
Telephone: (212) 989-9113
Facsimile: (212) 989-9163

BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
Alan R. Plutzik (State Bar No. 077785)
L. Timothy Fisher (State Bar No. 191626)
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792

Attorneys for Defendants Power
Ventures, Inc. and Steve Vachani

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC.,<br><br>          Plaintiff,<br><br>-against-<br><br>POWER VENTURES, INC. d/b/a POWER.COM, a California corporation; POWER VENTURES, INC. a Cayman Island Corporation, STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, an individual and/or business entity of unknown nature; DOES 2 through 25, inclusive, individuals and/or business entities of unknown nature,<br><br>          Defendants. | Case No. 5:08-cv-05780 JF (RS)<br><br>**DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES** |

**PRELIMINARY STATEMENT**

Preliminarily, it should be noted that defendant Power has not fully completed its investigation of the facts relating to this case, has not fully completed discovery in this action and has not completed preparation necessary for trial.  All of the answers contained herein are based only on such information and documents which are presently available to and specifically known to Power.  It is anticipated that further discovery, independent investigation, and legal research and analysis will supply additional facts, add meaning to the known facts, and establish entirely new factual and legal conclusions.  All of these may lead to substantial additions to, modifications of and variations from the information set forth herein.  The following responses are given without prejudice to Power's right to produce evidence of subsequently discovered fact or facts which Power may recall or learn at a later date.  Power accordingly reserves the right to change all answers herein as additional facts are ascertained, analysis is made, and legal research is completed.

**GENERAL OBJECTIONS**

In addition to those objections set forth specifically within the response to each interrogatory, Power interposes the following general objections to the entire set of interrogatories, and to each individual interrogatory thereof, which general objections are incorporated by reference in each and every response to each specific interrogatory.  Power's failure to repeat expressly these general objections in each response shall not be deemed a waiver thereof.  Moreover, Power's specification of one or more objections in any given response is not intended to preclude the applicability of any of these general objections.  The assertion of any objection to an interrogatory in any response below is neither intended as, nor shall in any way be deemed, a waiver of Power's right to assert that or any other objection at a later date. Power's general objections are as follows:

1. Power objects to the interrogatories on the ground that the interrogatories, individually and taken as a whole, are overly broad, unduly burdensome, oppressive and seek to impose broader response obligations on Power than those imposed by the Federal Rules of Civil Procedure.  In addition, Power objects to the extent that the information sought by the interrogatories is equally available to plaintiff.

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES
CASE NO.  5:08-CV-05780 JF  (RS)
63173

1

2. Power objects to the interrogatories on the ground and to the extent they seek information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

3. Power objects to the interrogatories on the ground that they call for the disclosure of communications that are protected by the attorney-client privilege, the attorney work product privilege, or any other applicable privilege.

4. Power objects to the interrogatories to the extent they request information by reference to purported facts that Power disputes and/or which have not been established in this case.  Power has advanced certain positions of law and fact.  Power's statements of law and fact are a matter of record and are not subject to recharacterization by plaintiff.

5. Power objects to the interrogatories to the extent they seek information that can only be provided, or will or should be provided at trial by persons qualified as experts in their fields.  Power expressly reserves the right to call such persons to testify at trial without waiver of the right to protect the identities of persons who it has consulted in the course of this litigation for purposes of expert advice.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe in detail AND IDENTIFY the process by which POWER accesses OR accessed the FACEBOOK WEBSITE.

**RESPONSE TO INTERROGATORY NO. 1:**

Power objects that this interrogatory is vague and ambiguous, overly broad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, pursuant to Fed. R. Civ. P. 33(d), Power refers to its business records including its June 2007 PowerScript Training document, and its PowerScript Documentation Developer Manual.  These business records contain highly confidential, proprietary trade secrets, and will be produced upon entry of an appropriate protective order.

/    /    /

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES
CASE NO.  5:08-CV-05780 JF  (RS)
63173

2

**INTERROGATORY NO. 2:**

Describe in detail AND IDENTIFY the process by which POWER provides OR provided POWER USERS with access to the FACEBOOK WEBSITE.

**RESPONSE TO INTERROGATORY NO. 2:**

See response to Interrogatory No. 1.

**INTERROGATORY NO. 3:**

Describe in detail AND IDENTIFY ANY AND ALL software, i.e., computer code, programs, tools, scripts OR automated devices, YOU use OR used to access OR provide POWER USERS with the means to access, the FACEBOOK WEBSITE to copy, download, extract, OR retrieve information from the FACEBOOK WEBSITE, including but not limited to, the processes OR procedures by which that software was developed, including how it was tested and on what code its functionality was tested.

**RESPONSE TO INTERROGATORY NO. 3:**

See response to Interrogatory No. 1.

**INTERROGATORY NO. 4:**

IDENTIFY ANY accounts YOU OR YOUR current AND former employees, including without limitation, ANY PERSONS who areOR were full-time or part-time employees, independent contractor OR agents of YOU, created or used within the course of conduct of their employment to access the FACEBOOK WEBSITE.

**RESPONSE TO INTERROGATORY NO. 4:**

Power objects that this interrogatory is vague and ambiguous, overly broad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is not within Power's possession, custody or control. Subject to and without waiving these objections, Power states that most employees of Power had personal Facebook accounts prior to the events at issue in this lawsuit.

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES
CASE NO. 5:08-CV-05780 JF (RS)
63173

3

1  Power is presently unaware of any Facebook accounts created by Power employees for purposes of
2  their employment with Power.

3  **INTERROGATORY NO. 5:**

4  Describe in detail how AND IDENTIFY when YOU first became aware that FACEBOOK
5  had IP blocks to keep YOU OR POWER USERS from accessing the FACEBOOK WEBSITE.

6  **RESPONSE TO INTERROGATORY NO. 5:**

7  Power objects that this interrogatory is vague and ambiguous. Subject to and without
8  waiving those objections, Power states that on or about December 15, 2008 it received an email
9  from Facebook's counsel, Joseph P. Cutler, stating that "Facebook has taken technical measures to
10 limit the interaction between Power.com and its network at this time."

11 **INTERROGATORY NO. 6:**

12 Describe in detail how AND IDENTIFY when YOU first learned that YOU did not have
13 FACEBOOK's permission to access the FACEBOOK WEBSITE.

14 **RESPONSE TO INTERROGATORY NO. 6:**

15 Power objects that this interrogatory is vague and ambiguous, overbroad, unduly
16 burdensome, and seeks information that is not within Power's possession, custody or control.
17 Subject to and without waiving those objections, Power states that on or about December 1, 2008 it
18 received a letter from Facebook's counsel, Joseph P. Cutler, stating that Power's activities violated
19 "Facebook's Terms of Use."

20 **INTERROGATORY NO. 7:**

21 Describe in detail and IDENTIFY the process by which YOU continued to access, OR
22 provide POWER USERS' with the means to access, the FACEBOOK WEBSITE following
23 FACEBOOK's IP blocking, including, but not limited to the POWER employee(s) OR director(s)
24 responsible for that process OR decision.

/   /   /

**RESPONSE TO INTERROGATORY NO. 7:**

Power objects that this interrogatory is vague and ambiguous, overbroad, unduly burdensome, and seeks information that is not within Power's possession, custody or control. Subject to and without waiving those objections, Power had implemented an industry standard practice to refresh, randomize, and rotate IP addresses.  Power's IP addresses were regularly updated for all Power users on all social networks.  These processes for updating IPs are commonplace industry standard practices which Power had implemented prior to the dispute with Facebook.  Power did not change its process for providing users with access to their Facebook accounts in response to any attempted "IP blocking" by Facebook.  The person responsible for Power's conduct in this regard was its CEO, Steven Vachani.

**INTERROGATORY NO. 8:**

IDENTIFY the POWER employee OR director responsible for developing the technology to allow POWER OR POWER USERS to access the FACEBOOK WEBSITE.

**RESPONSE TO INTERROGATORY NO. 8:**

Steven Vachani.

**INTERROGATORY NO. 9:**

IDENTIFY the POWER employee OR director responsible for developing the technology to allow POWER OR POWER USERS to continue to access the FACEBOOK WEBSITE following FACEBOOK's IP blocking.

**RESPONSE TO INTERROGATORY NO. 9:**

Steven Vachani.

**INTERROGATORY NO. 10:**

IDENTIFY the POWER employee OR director responsible for creating the e-mail messages sent to FACEBOOK USERS asking FACEBOOK USERS to use the POWER WEBSITE to access the FACEBOOK WEBSITE.

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES
CASE NO.  5:08-CV-05780 JF  (RS)
63173

5

**RESPONSE TO INTERROGATORY NO. 10:**

Steven Vachani.

**INTERROGATORY NO. 11:**

Describe in detail the creation of POWER's internet user Bill of Rights including, but not limited to, the individual(s) responsible for drafting it, the date(s) it was drafted and the date it was posted on the POWER WEBSITE.

**RESPONSE TO INTERROGATORY NO. 11:**

Power objects that this interrogatory seeks to elicit information protected by the attorney client privilege, the attorney work product doctrine. Subject to and without waiving those objections, Power states that Power's internet user Bill of Rights was posted to Power.com on or about July 1, 2010.

**INTERROGATORY NO. 12:**

IDENTIFY the members of YOUR "product team" responsible for integrating the POWER WEBSITE with FACEBOOK Connect, as referenced in YOUR December 17, 2008 e-mail to FACEBOOK's legal counsel. Dkt. No. 56 at Ex. A.

**RESPONSE TO INTERROGATORY NO. 12:**

Eric Santos, 305 West Broadway, Suite 137, New York, NY 10013.

**INTERROGATORY NO. 13:**

Explain in detail what actions, if any, YOU took to integrate the POWER WEBSITE with FACEBOOK Connect.

**RESPONSE TO INTERROGATORY NO. 13:**

Pursuant to Fed. R. Civ. P. 33(d), Power refers to its business records including its email correspondence concerning these issues, which will be produced upon entry of an appropriate protective order. Power's team worked relentlessly and diligently to integrate Facebook Connect

and explicitly communicated these efforts to Facebook.   In December 2008 and January 2009, it was Power's highest priority to innovate and launch Facebook connect through Power.com.

**INTERROGATORY NO. 14:**

Describe in detail YOUR "detailed product plan" regarding the "reintegration of Facebook with Facebook connect," referenced in YOUR December 17, 2008 e-mail to FACEBOOK's legal counsel.  Dkt. No. 56 at Ex. A.

**RESPONSE TO INTERROGATORY NO. 14:**

Pursuant to Fed. R. Civ. P. 33(d), Power refers to its business records including its email correspondence concerning these issues, which will be produced upon entry of an appropriate protective order.

**INTERROGATORY NO. 15:**

IDENTIFY ALL facts in support of YOUR contention that POWER had "concerns" regarding the integration of the POWER WEBSITE with FACEBOOK Connect on the schedule requested by FACEBOOK, as asserted in POWER's Answer and Counterclaim to FACEBOOK. Dkt. No. 41 at ¶ 60.

**RESPONSE TO INTERROGATORY NO. 15:**

Pursuant to Fed. R. Civ. P. 33(d), Power refers to its business records including its email correspondence concerning these issues, which will be produced upon entry of an appropriate protective order.

**INTERROGATORY NO. 16:**

IDENTIFY the individual(s) responsible for the "business decision" not to remove existing compatibility while implementing POWER's integration with FACEBOOK Connect, as referenced in YOUR December 26, 1008 e-mail to FACEBOOK's legal counsel.  Dkt. No. 56 at Ex. A.

**RESPONSE TO INTERROGATORY NO. 16:**

Steven Vachani.

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES
CASE NO.  5:08-CV-05780 JF  (RS)
63173

7

**INTERROGATORY NO. 17:**

IDENTIFY AND describe in detail the process by which POWER USERS register for the POWER WEBSITE, including but not limited to, ANY information given to POWER USERS regarding POWER's services.

**RESPONSE TO INTERROGATORY NO. 17:**

Pursuant to Fed. R. Civ. P. 33(d), Power refers to Power's Terms of Use and Privacy Policy available at www.power.com.

**INTERROGATORY NO. 18:**

IDENTIFY ALL facts in support of YOUR contention that YOU had permission to access FACEBOOK USER data on the FACEBOOK WEBSITE.

**RESPONSE TO INTERROGATORY NO. 18:**

See response to Interrogatory No. 17.

**INTERROGATORY NO. 19:**

IDENTIFY AND describe in detail how YOU saved, maintained, OR stored FACEBOOK user login information OR DATA obtained from the FACEBOOK WEBSITE OR servers, including the systems on which such DATA OR information is OR was stored, the location of such systems, the security protocols on those systems, whether such DATA remains on those systems, AND the dates and reasons why YOU have deleted OR purged this DATA OR information from YOUR storage systems.

**RESPONSE TO INTERROGATORY NO. 19:**

Power objects that this interrogatory is vague and ambiguous, overly broad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is not within Power's possession, custody or control.  Subject to and without waiving these objections, Power states that prior to accessing or storing any user's data, Power first obtains full permission from each user to access

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES
CASE NO.  5:08-CV-05780 JF  (RS)
63173

8

1  their personal data.  Power respects and honors the trust that Power users have placed in Power to
2  securely access and store their date.  Power responsibly and securely stores its users' data, and
3  Power has never had a security breach.  Unless a user requests that his or her data be deleted,
4  Power does not delete users' data.  Power has a responsibility to preserve and store this data for the
5  user, and Power respects and honors that responsibility.  Power does not delete data that users have
6  expect us to store and to maintain for them, just as Yahoo, Gmail and Facebook, for example, do
7  not delete data that their users expect them to store and to maintain.

Dated:  December 15, 2010         BRAMSON, PLUTZIK, MAHLER &
                                  BIRKHAEUSER, LLP


                                  By_____/s/_____
                                            L. Timothy Fisher

                                  Alan R. Plutzik (State Bar No. 77785)
                                  L. Timothy Fisher (State Bar No. 191626)
                                  2125 Oak Grove Road, Suite 120
                                  Walnut Creek, CA  94598
                                  Telephone:  (925) 945-0200
                                  Facsimile:  (925) 945-8792

                                  LAW OFFICES OF SCOTT A. BURSOR
                                  Scott A. Bursor (*pro hac vice*)
                                  369 Lexington Avenue, 10th Floor
                                  New York, NY  10017-6531
                                  Telephone:  (212) 989-9113
                                  Facsimile:   (212) 989-9163

                                  Attorneys for Defendants Power
                                  Ventures, Inc. and Steve Vachani

**VERIFICATION**

I, Steve Vachani, declare that:

I am a defendant in the above-captioned action. I have read POWER VENTURES INC.'S RESPONSES TO FACEBOOK'S FIRST SET OF INTERROGATORIES, and know the contents thereof. The responses are true of my own knowledge except as to the matters therein stated on information and belief and as to those matters I believe them to be true.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed at 5:00pm in San Francisco on December 15, 2010.

Steve Vachani