# EXHIBIT M

1  I. NEEL CHATTERJEE (STATE BAR NO. 173985)
   nchatterjee@orrick.com
2  THERESA A. SUTTON (STATE BAR NO. 211857)
   tsutton@orrick.com
3  MORVARID METANAT (STATE BAR NO. 268228)
   mmetanat@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
5  Menlo Park, CA 94025
   Telephone:   650-614-7400
6  Facsimile:   650-614-7401

7  Attorneys for Plaintiff
   FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> POWER VENTURES, INC. a Cayman Island Corporation; STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, DOES 2-25, inclusive, <br><br> Defendants. | Case No. 5:08-cv-05780 JW (HRL) <br><br> **FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT STEVE VACHANI** |

Defendant Steve Vachani is HEREBY REQUESTED, pursuant to Rule 34 of the Federal Rules of Civil Procedure, to respond to the following requests for production separately and fully, in writing, and under penalty of perjury, within thirty (30) days after service.

## DEFINITIONS

1. "ANY" shall be understood to encompass "ALL." As used herein, the singular shall always include the plural and the present tense shall also include the past tense. The words "AND" as well as "OR" shall be construed disjunctively or conjunctively as necessary to bring within the scope of this request ALL DOCUMENS or things that might otherwise be construed to be outside the scope.

2. As used herein, the term "DOCUMENT" means the original and each non-identical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including but not limited to all materials that constitute "writings" or "recordings" or "photographs" within the broadest meaning of Rule 34 of the Federal Rules of Civil Procedure. The word "Document" includes, without limitation, printed matter, electronic mail, materials stored on computer hard drives, diskettes, tapes, any other computer media, recorded voice mail messages and any other information stored magnetically, optically or electronically.

3. "COMMUNICATION" as used herein means any contact, oral or documentary, formal or informal, at any place or under any circumstances whatsoever whereby information of any nature is transmitted or transferred, including without limitation, any note, memorandum or other record thereof, or a single person seeing or hearing any information by any means.

4. "VACHANI," "YOU," "YOUR," means defendant Steve Vachani, and all of his agents, representatives, accountants, investigators, consultants, attorneys, predecessors, or successors in interest, and anyone else acing OR purporting to act on his behalf.

5. "FACEBOOK" means, without limitation, Facebook, Inc. (formerly TheFacebook, Inc.), its past and present parents, subsidiaries, affiliates, predecessors, divisions, officers, directors, trustees, employees, staff members, agents, counsel, representatives, consultants, AND ALL PERSONS acting or purporting to act on its behalf.

6. "POWER" means defendant Power Ventures, Inc., and its directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, AND ALL other persons and entities representing it, acting on its behalf, OR purporting to act on its behalf.

7. "POWER USERS" means, without limitation, PERSONS registered to use the services provided by POWER, including without limitation, those provided at the Power.com website.

8. The "FACEBOOK WEBSITE" means, without limitation, the Internet website and service available at www.facebook.com; the computer servers hosting that website and service; ANY other FACEBOOK branded or co-branded website (including, without limitation, ANY AND ALL sub-domains, international versions, widgets, mobile versions AND successors thereof); the FACEBOOK Platform; social plug-ins such as the "like" button, the "share" button, AND other similar offerings; AND Facebook Application Programming Interface(s).

9. The "LAUNCH PROMOTION" refers to POWER's promotion beginning on or before December 26, 2009, where POWER offered POWER USERS the chance to win one hundred dollars if they successfully invited and signed up the most new POWER USERS.

## INSTRUCTIONS

10. In responding to the following requests, you are required to provide ALL DOCUMENTS that are available to YOU or within YOUR control, including DOCUMENTS in the possession of YOUR attorneys, investigators, employees, agents, representatives, and guardians or any other person acting on YOUR behalf, and not merely DOCUMENTS from YOUR own personal files.

11. If YOU object to any of the requests, YOU must state the grounds for any objection(s). If YOU object to only part of a request, YOU must state the objection and the grounds for any objection(s) and respond to the remainder of the request.

12. If YOU object to the production of any document on the grounds that it is protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege, YOU are requested to identify each document for which the privilege is claimed and

give ALL information required by applicable case law, including but not limited to the following:

    a.    the name of the writer, sender, or initiator of each copy of the document;

    b.    the name of the recipient, addressee, or party to whom any copy of the document was sent;

    c.    the date of each copy of the document, if any, or an estimate of its date;

    d.    a statement of the basis for the claim of privilege; and

    e.    description of the document sufficient for the Court to rule on the applicability and appropriateness of the claimed privilege.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, or constitute POWER's LAUNCH PROMOTION beginning on OR before December 26, 2008.

**REQUEST FOR PRODUCTION NO. 2:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, or constitute PowerScript, as that term is used in POWER 2011.02.03.000004-22.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS that summarize, describe, refer to, or relate to data extraction as described in the Power.com Developer Manual, POWER 2011.02.03.000007.

**REQUEST FOR PRODUCTION NO. 4:**

ALL DOCUMENTS that summarize, describe, refer to, or relate to the June 2007 PowerScript Training PowerPoint presentation, produced at POWER 2011.02.03.000023-67.

**REQUEST FOR PRODUCTION NO. 5:**

ALL DOCUMENTS that summarize, describe, refer to, or relate to YOUR December 30, 2008 email titled "Urgent Facebook update," produced at POWER 2011.02.03.000068.

**REQUEST FOR PRODUCTION NO. 6:**

ALL COMMUNICATIONS between YOU and Eric Santos that describe, refer to or relate to FACEBOOK or the FACEBOOK WEBSITE.

///

**REQUEST FOR PRODUCTION NO. 7:**

ALL COMMUNICATIONS between YOU and Bruno Carvalho that describe, refer to or relate to FACEBOOK or the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 8:**

ALL COMMUNICATIONS between YOU and Tyago Valenca that describe, refer to or relate to FACEBOOK or the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 9:**

ALL COMMUNICATIONS between YOU and Felipe Herrera that describe, refer to or relate to FACEBOOK or the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 10:**

ALL COMMUNICATIONS between YOU and Leigh Power that describe, refer to or relate to POWER, FACEBOOK or the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 11:**

ALL COMMUNICATIONS between YOU and Roy Schwartz that describe, refer to or relate to POWER.

**REQUEST FOR PRODUCTION NO. 12:**

ALL DOCUMENTS that summarize, describe, refer to, or relate to YOUR COMMUNICATIONS with FACEBOOK, including YOUR COMMUNICATION with Joseph Cutler.

**REQUEST FOR PRODUCTION NO. 13:**

ALL DOCUMENTS that summarize, describe, refer to, or relate to POWER's integration of Facebook connect, as discussed in YOUR December 26, 2008 letter to Joseph Cutler.

**REQUEST FOR PRODUCTION NO. 14:**

ALL DOCUMENTS that summarize, describe, refer to, or relate to POWER's business decision to not prevent the interruption of service to POWER USERS while making changes to address Facebook's concerns, as YOU describe in YOUR December 26, 2008 letter to Joseph Cutler.

///

**REQUEST FOR PRODUCTION NO. 15:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, or constitute the "browser tools" identified in YOUR December 26, 2008 letter to Joseph Cutler.

**REQUEST FOR PRODUCTION NO. 16:**

ALL DOCUMENTS that summarize, describe, refer to, relate to or constitute the "explicit statements . . . about the nature of [Power's] application," as described in YOUR December 26, 2008 letter to Joseph Cutler.

**REQUEST FOR PRODUCTION NO. 17:**

ALL DOCUMENTS that summarize, describe, refer to, or relate to the "user experience," referred to in YOUR December 25, 2008 email to Eric Santos and Bruno Carvalho, produced at POWER 2011.02.03 000086.

**REQUEST FOR PRODUCTION NO. 18:**

ALL DOCUMENTS that summarize, describe, refer to, or relate to YOUR statement that POWER "need[ed] to be prepared for Facebook to try to block" Power.com, as written in YOUR December 1, 2008 email to Felipe Herrera and Eric Santos, produced at POWER 2011.02.03 000089-90.

**REQUEST FOR PRODUCTION NO. 19:**

ALL DOCUMENTS that summarize, describe, refer to, or relate to any server(s), including proxy server(s), YOU used, rented, leased, or purchased on behalf of POWER to access the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 20:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, or constitute COMMUNICATIONS from YOU to any other person regarding POWER's access to the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 21:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, or constitute POWER USERS' use of or participation in the LAUNCH PROMOTION.

///

**REQUEST FOR PRODUCTION NO. 22:**

ALL DOCUMENTS that summarize, describe, refer to, or relate to YOUR knowledge of technical measures to block OR in ANY way inhibit YOU OR POWER USERS from accessing the FACEBOOK WEBSITE, including, but not limited to, ANY blocks to POWER's IP address.

**REQUEST FOR PRODUCTION NO. 23:**

ALL DOCUMENTS that summarize, describe, refer to, or relate to payment to any POWER USER for his or her participation in the LAUNCH PROMOTION.

**REQUEST FOR PRODUCTION NO. 24:**

ALL DOCUMENTS that summarize, describe, refer to, or relate to the statement in YOUR May 6, 2011, Declaration that "Facebook's IP blocking attack was partial, incomplete, and ineffective."

**REQUEST FOR PRODUCTION NO. 25:**

ALL DOCUMENTS that summarize, describe, refer to, or relate to YOUR COMMUNICATIONS with the California Secretary of State.

Dated: June 2, 2011                                ORRICK, HERRINGTON & SUTCLIFFE LLP

                                                   /s/ Morvarid Metanat
                                                   Morvarid Metanat
                                                   Attorneys for Plaintiff
                                                   FACEBOOK, INC.

1  I. NEEL CHATTERJEE (STATE BAR NO. 173985)
   nchatterjee@orrick.com
2  THERESA A. SUTTON (STATE BAR NO. 211857)
   tsutton@orrick.com
3  MORVARID METANAT (STATE BAR NO. 268228)
   mmetanat@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
5  Menlo Park, CA  94025
   Telephone:    650-614-7400
6  Facsimile:    650-614-7401

7  Attorneys for Plaintiff
   FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>Plaintiff,<br><br>v.<br><br>POWER VENTURES, INC. a Cayman Island Corporation; STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, DOES 2-25, inclusive,<br><br>Defendants. | Case No.  5:08-cv-05780 JW (HRL)<br><br>**PROOF OF SERVICE** |

# DECLARATION OF SERVICE

I am more than eighteen years old and not a party to this action. My business address is Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, CA 94025. On June 2, 2011, I served the following document(s):

**FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT STEVE VACHANI**

| | |
|---|---|
| X | By transmitting via electronic mail the document(s) listed above to the email addresses(s) set forth below before 5:30 p.m. on June 2, 2011. |
| X | By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Menlo Park, California addressed as set forth below on June 2, 2011. |

Scott A. Bursor, Esq. *(admitted pro hac vice)*
(scott@bursor.com)
**BURSOR & FISHER, P.A**
369 Lexington Avenue, 10th Floor
New York, NY 10017-6531
Tel: 212-989-9113
Fax: 212-989-9163

Lawrence Timothy Fisher, Esq.
(ltfisher@bursor.com)
**BURSOR & FISHER, P.A**
2121 North California Blvd., Suite 1010
Walnut Creek, CA 94596
Tel: 925-482-1515
Fax: 925-407-2700

Alan R Plutzik, Esq.
(aplutzik@bramsonplutzik.com)
Michael S. Strimling, Esq.
(mstrimling@bramsonplutzik.com)
**BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER LLP**
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Tel: 925-945-0200
Fax: 925-945-8792

**COUNSEL FOR DEFENDANTS POWER VENTURES, INC. A CAYMAN ISLAND CORPORATION AND STEVEN VACHANI**

I am readily familiar with my firm's practice for collection and processing correspondence for mailing in the United States Postal Service, to wit, that correspondence be deposited with the United States Postal Service this same day in the ordinary course of business.

Executed on June 2, 2011 at Menlo Park, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*/s/ Diane Escamilla*
Diane Escamilla