# EXHIBIT N

1  BURSOR & FISHER, P.A.
   L. Timothy Fisher (State Bar No. 191626)
2  2121 North California Blvd., Suite 1010
   Walnut Creek, CA 94596
3  Telephone: (925) 482-1515
   Facsimile: (925) 407-2700
4  E-Mail: ltfisher@bursor.com

5  BURSOR & FISHER, P.A.
   Scott A. Bursor (*pro hac vice*)
6  369 Lexington Avenue, 10th Floor
   New York, NY  10017
7  Telephone:  (212) 989-9113
   Facsimile:  (212) 989-9163
8  E-Mail: scott@bursor.com

9  BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
   Alan R. Plutzik (State Bar No. 077785)
10 Michael S. Strimling (State Bar No. 96135)
   2125 Oak Grove Road, Suite 120
11 Walnut Creek, CA  94598
   Telephone:  (925) 945-0200
12 Facsimile:  (925) 945-8792
   E-Mails: aplutzik@bramsonplutzik.com
13           mstrimling@bramsonplutzik.com

14 Attorneys for Defendants Power
   Ventures, Inc. and Steve Vachani
15
                      UNITED STATES DISTRICT COURT
16
                     NORTHERN DISTRICT OF CALIFORNIA
17

| | |
|---|---|
| FACEBOOK, INC., | Case No. 5:08-cv-05780 JW |
| Plaintiff, | **DEFENDANT STEVE VACHANI'S RESPONSES TO FACEBOOK, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION** |
| -against- | |
| POWER VENTURES, INC. d/b/a POWER.COM, a California corporation; POWER VENTURES, INC. a Cayman Island Corporation, STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, an individual and/or business entity of unknown nature; DOES 2 through 25, inclusive, individuals and/or business entities of unknown nature, | |
| Defendants. | |

DEFENDANT STEVE VACHANI'S RESPONSES TO FACEBOOK, INC.'S FIRST
SET OF REQUESTS FOR PRODUCTION
CASE NO. 5:08-CV-05780 JW

**GENERAL OBJECTIONS**

In addition to those objections set forth specifically within the response to each document request, Vachani interposes the following general objections to the entire set of document requests, and to each individual document request thereof, which general objections are incorporated by reference in each and every response to each specific document request. Vachani's failure to repeat expressly these general objections in each response shall not be deemed a waiver thereof. Moreover, Vachani's specification of one or more objections in any given response is not intended to preclude the applicability of any of these general objections. The assertion of any objection to a document request in any response below is neither intended as, nor shall in any way be deemed, a waiver of Vachani's right to assert that or any other objection at a later date. Vachani's general objections are as follows:

1. Vachani objects to the document requests on the ground that the document requests, individually and taken as a whole, are overly broad, unduly burdensome, oppressive and seek to impose broader response obligations on Vachani than those imposed by the Federal Rules of Civil Procedure. In addition, Vachani objects to the extent that the documents and information sought by the requests are equally available to plaintiff.

2. Vachani objects to the document requests on the ground and to the extent they seek documents and information that are not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

3. Vachani objects to the document requests on the ground that they call for the disclosure of communications that are protected by the attorney-client privilege, the attorney work product privilege, or any other applicable privilege.

4. Vachani objects to the document requests to the extent they request documents and information by reference to purported facts that Vachani disputes and/or which have not been established in this case. Vachani has advanced certain positions of law and fact. Vachani's statements of law and fact are a matter of record and are not subject to recharacterization by plaintiff.

5. Vachani objects to the document requests to the extent they seek documents and information that can only be provided, or will or should be provided at trial by persons qualified as experts in their fields. Vachani expressly reserves the right to call such persons to testify at trial without waiver of the right to protect the identities of persons who he has consulted in the course of this litigation for purposes of expert advice.

6. Vachani objects to the "INSTRUCTIONS" to the extent that they impose obligations on Vachani in excess of those set forth in the Federal Rules of Civil Procedure and the Court's Local Rules.

7. Vachani objects to the definitions of the terms "VACHANI," "YOU" and "YOUR" to the extent they seek to require Vachani to produce documents that are not in his possession, custody or control. Vachani responds to the requests based solely on the documents and information in his possession.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, or constitute POWER's LAUNCH PROMOTION beginning on OR before December 26, 2008.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendant Vachani hereby incorporates the General Objections above as if fully stated herein. Vachani objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. The request also calls for documents protected from disclosure by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, Defendant Vachani responds that he will conduct a reasonable search for non-privileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 2:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, or constitute PowerScript, as that term is used in POWER 2011.02.03.000004-22.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant Vachani hereby incorporates the General Objections above as if fully stated herein. Vachani objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. The request also calls for documents protected from disclosure by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, Defendant Vachani responds that he will conduct a reasonable search for non-privileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS that summarize, describe, refer to, or relate to data extraction as described in the Power.com Developer Manual, POWER 2011.02.03.000007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant Vachani hereby incorporates the General Objections above as if fully stated herein. Vachani objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. The request also calls for documents protected from disclosure by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, Defendant Vachani responds that he will conduct a reasonable search for non-privileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 4:**

ALL DOCUMENTS that summarize, describe, refer to, or relate to the June 2007 PowerScript Training PowerPoint presentation, produced at POWER 2011.02.03.000023-67.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendant Vachani hereby incorporates the General Objections above as if fully stated herein. Vachani objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. The request also calls for documents protected from disclosure by the

1  attorney-client privilege and work product doctrine.  Subject to and without waiving these

2  objections, Defendant Vachani responds that he will conduct a reasonable search for non-

3  privileged documents responsive to this request.

4  **REQUEST FOR PRODUCTION NO. 5:**

5  ALL DOCUMENTS that summarize, describe, refer to, or relate to YOUR December 30,

6  2008 email titled "Urgent Facebook update," produced at POWER 2011.02.03.000068.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

8  Defendant Vachani hereby incorporates the General Objections above as if fully stated

9  herein.  Vachani objects to this request as vague, ambiguous, overbroad and unduly burdensome,

10  not relevant to the subject matter of this action and not calculated to lead to the discovery of

11  admissible evidence.  The request also calls for documents protected from disclosure by the

12  attorney-client privilege and work product doctrine.  Subject to and without waiving these

13  objections, Defendant Vachani responds that he will conduct a reasonable search for non-

14  privileged documents responsive to this request.

15  **REQUEST FOR PRODUCTION NO. 6:**

16  ALL COMMUNICATIONS between YOU and Eric Santos that describe, refer to or relate

17  to FACEBOOK or the FACEBOOK WEBSITE.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

19  Defendant Vachani hereby incorporates the General Objections above as if fully stated

20  herein.  Vachani objects to this request as vague, ambiguous, overbroad and unduly burdensome,

21  not relevant to the subject matter of this action and not calculated to lead to the discovery of

22  admissible evidence.  The request also calls for documents protected from disclosure by the

23  attorney-client privilege and work product doctrine.  Subject to and without waiving these

24  objections, Defendant Vachani responds that he will conduct a reasonable search for non-

25  privileged documents responsive to this request.

26

27

28

**REQUEST FOR PRODUCTION NO. 7:**

ALL COMMUNICATIONS between YOU and Bruno Carvalho that describe, refer to or relate to FACEBOOK or the FACEBOOK WEBSITE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendant Vachani hereby incorporates the General Objections above as if fully stated herein.  Vachani objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  The request also calls for documents protected from disclosure by the attorney-client privilege and work product doctrine.  Subject to and without waiving these objections, Defendant Vachani responds that he will conduct a reasonable search for non-privileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 8:**

ALL COMMUNICATIONS between YOU and Tyago Valenca that describe, refer to or relate to FACEBOOK or the FACEBOOK WEBSITE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendant Vachani hereby incorporates the General Objections above as if fully stated herein.  Vachani objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  The request also calls for documents protected from disclosure by the attorney-client privilege and work product doctrine.  Subject to and without waiving these objections, Defendant Vachani responds that he will conduct a reasonable search for non-privileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 9:**

ALL COMMUNICATIONS between YOU and Felipe Herrera that describe, refer to or relate to FACEBOOK or the FACEBOOK WEBSITE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendant Vachani hereby incorporates the General Objections above as if fully stated herein. Vachani objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. The request also calls for documents protected from disclosure by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, Defendant Vachani responds that he will conduct a reasonable search for non-privileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 10:**

ALL COMMUNICATIONS between YOU and Leigh Power that describe, refer to or relate to POWER, FACEBOOK or the FACEBOOK WEBSITE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendant Vachani hereby incorporates the General Objections above as if fully stated herein. Vachani objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. The request also calls for documents protected from disclosure by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, Defendant Vachani responds that he will conduct a reasonable search for non-privileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 11:**

ALL COMMUNICATIONS between YOU and Roy Schwartz that describe, refer to or relate to POWER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendant Vachani hereby incorporates the General Objections above as if fully stated herein. Vachani objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. The request also calls for documents protected from disclosure by the

1 attorney-client privilege and work product doctrine.  Subject to and without waiving these

2 objections, Defendant Vachani responds that he will conduct a reasonable search for non-

3 privileged documents responsive to this request.

4 **REQUEST FOR PRODUCTION NO. 12:**

5 ALL DOCUMENTS that summarize, describe, refer to, or relate to YOUR

6 COMMUNICATIONS with FACEBOOK, including YOUR COMMUNICATION with Joseph

7 Cutler.

8 **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

9 Defendant Vachani hereby incorporates the General Objections above as if fully stated

10 herein.  Vachani objects to this request as vague, ambiguous, overbroad and unduly burdensome,

11 not relevant to the subject matter of this action and not calculated to lead to the discovery of

12 admissible evidence.  Vachani also objects on the grounds the documents sought by this request are

13 equally available to Facebook as they are to Vachani.  The request also calls for documents

14 protected from disclosure by the attorney-client privilege and work product doctrine.  Subject to

15 and without waiving these objections, Defendant Vachani responds that he will conduct a

16 reasonable search for non-privileged documents responsive to this request.

17 **REQUEST FOR PRODUCTION NO. 13:**

18 ALL DOCUMENTS that summarize, describe, refer to, or relate to POWER's integration of

19 Facebook connect, as discussed in YOUR December 26, 2008 letter to Joseph Cutler.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

21 Defendant Vachani hereby incorporates the General Objections above as if fully stated

22 herein.  Vachani objects to this request as vague, ambiguous, overbroad and unduly burdensome,

23 not relevant to the subject matter of this action and not calculated to lead to the discovery of

24 admissible evidence.  The request also calls for documents protected from disclosure by the

25 attorney-client privilege and work product doctrine.  Subject to and without waiving these

26 objections, Defendant Vachani responds that he will conduct a reasonable search for non-

27 privileged documents responsive to this request.

28

DEFENDANT STEVE VACHANI'S RESPONSES TO FACEBOOK, INC.'S FIRST
SET OF REQUESTS FOR PRODUCTION
CASE NO. 5:08-CV-05780 JW

7

**REQUEST FOR PRODUCTION NO. 14:**

ALL DOCUMENTS that summarize, describe, refer to, or relate to POWER's business decision to not prevent the interruption of service to POWER USERS while making changes to address Facebook's concerns, as YOU describe in YOUR December 26, 2008 letter to Joseph Cutler.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendant Vachani hereby incorporates the General Objections above as if fully stated herein.  Vachani objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  The request also calls for documents protected from disclosure by the attorney-client privilege and work product doctrine.  Subject to and without waiving these objections, Defendant Vachani responds that he will conduct a reasonable search for non-privileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 15:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, or constitute the "browser tools" identified in YOUR December 26, 2008 letter to Joseph Cutler.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendant Vachani hereby incorporates the General Objections above as if fully stated herein.  Vachani objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  The request also calls for documents protected from disclosure by the attorney-client privilege and work product doctrine.  Subject to and without waiving these objections, Defendant Vachani responds that he will conduct a reasonable search for non-privileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 16:**

ALL DOCUMENTS that summarize, describe, refer to, relate to or constitute the "explicit statements ... about the nature of [Power's] application," as described in YOUR December 26, 2008 letter to Joseph Cutler.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendant Vachani hereby incorporates the General Objections above as if fully stated herein. Vachani objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. The request also calls for documents protected from disclosure by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, Defendant Vachani responds that he will conduct a reasonable search for non-privileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 17:**

ALL DOCUMENTS that summarize, describe, refer to, or relate to the "user experience," referred to in YOUR December 25, 2008 email to Eric Santos and Bruno Carvalho, produced at POWER 2011.02.03 000086.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendant Vachani hereby incorporates the General Objections above as if fully stated herein. Vachani objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. The request also calls for documents protected from disclosure by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, Defendant Vachani responds that he will conduct a reasonable search for non-privileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 18:**

ALL DOCUMENTS that summarize, describe, refer to, or relate to YOUR statement that POWER "need[ed] to be prepared for Facebook to try to block" Power.com, as written in YOUR

1  December 1, 2008 email to Felipe Herrera and Eric Santos, produced at POWER 2011.02.03
2  000089-90.
3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**
4  Defendant Vachani hereby incorporates the General Objections above as if fully stated
5  herein.  Vachani objects to this request as vague, ambiguous, overbroad and unduly burdensome,
6  not relevant to the subject matter of this action and not calculated to lead to the discovery of
7  admissible evidence.  The request also calls for documents protected from disclosure by the
8  attorney-client privilege and work product doctrine.  Subject to and without waiving these
9  objections, Defendant Vachani responds that he will conduct a reasonable search for non-
10  privileged documents responsive to this request.
11  **REQUEST FOR PRODUCTION NO. 19:**
12  ALL DOCUMENTS that summarize, describe, refer to, or relate to any server(s), including
13  proxy server(s), YOU used, rented, leased, or purchased on behalf of POWER to access the
14  FACEBOOK WEBSITE.
15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**
16  Defendant Vachani hereby incorporates the General Objections above as if fully stated
17  herein.  Vachani objects to this request as vague, ambiguous, overbroad and unduly burdensome,
18  not relevant to the subject matter of this action and not calculated to lead to the discovery of
19  admissible evidence.  The request also calls for documents protected from disclosure by the
20  attorney-client privilege and work product doctrine.  Subject to and without waiving these
21  objections, Defendant Vachani responds that he will conduct a reasonable search for non-
22  privileged documents responsive to this request.
23  **REQUEST FOR PRODUCTION NO. 20:**
24  ALL DOCUMENTS that summarize, describe, refer to, relate to, or constitute
25  COMMUNICATIONS from YOU to any other person regarding POWER's access to the
26  FACEBOOK WEBSITE.
27
28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

2  Defendant Vachani hereby incorporates the General Objections above as if fully stated
3  herein.  Vachani objects to this request as vague, ambiguous, overbroad and unduly burdensome,
4  not relevant to the subject matter of this action and not calculated to lead to the discovery of
5  admissible evidence.  The request also calls for documents protected from disclosure by the
6  attorney-client privilege and work product doctrine.  Subject to and without waiving these
7  objections, Defendant Vachani responds that he will conduct a reasonable search for non-
8  privileged documents responsive to this request.

9  **REQUEST FOR PRODUCTION NO. 21:**

10  ALL DOCUMENTS that summarize, describe, refer to, relate to, or constitute POWER
11  USERS' use of or participation in the LAUNCH PROMOTION.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

13  Defendant Vachani hereby incorporates the General Objections above as if fully stated
14  herein.  Vachani objects to this request as vague, ambiguous, overbroad and unduly burdensome,
15  not relevant to the subject matter of this action and not calculated to lead to the discovery of
16  admissible evidence.  The request also calls for documents protected from disclosure by the
17  attorney-client privilege and work product doctrine.  Subject to and without waiving these
18  objections, Defendant Vachani responds that he will conduct a reasonable search for non-
19  privileged documents responsive to this request.

20  **REQUEST FOR PRODUCTION NO. 22:**

21  ALL DOCUMENTS that summarize, describe, refer to, or relate to YOUR knowledge of
22  technical measures to block OR in ANY way inhibit YOU OR POWER USERS from accessing the
23  FACEBOOK WEBSITE, including, but not limited to, ANY blocks to POWER's IP address.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

25  Defendant Vachani hereby incorporates the General Objections above as if fully stated
26  herein.  Vachani objects to this request as vague, ambiguous, overbroad and unduly burdensome,
27  not relevant to the subject matter of this action and not calculated to lead to the discovery of

28

admissible evidence.  Vachani also objects on the grounds the documents sought by this request are equally available to Facebook as they are to Vachani.  The request also calls for documents protected from disclosure by the attorney-client privilege and work product doctrine.  Subject to and without waiving these objections, Defendant Vachani responds that he will conduct a reasonable search for non-privileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 23:**

ALL DOCUMENTS that summarize, describe, refer to, or relate to payment to any POWER USER for his or her participation in the LAUNCH PROMOTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendant Vachani hereby incorporates the General Objections above as if fully stated herein.  Vachani objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  The request also calls for documents protected from disclosure by the attorney-client privilege and work product doctrine.  Subject to and without waiving these objections, Defendant Vachani responds that he will conduct a reasonable search for non-privileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 24:**

ALL DOCUMENTS that summarize, describe, refer to, or relate to the statement in YOUR May 6, 2011, Declaration that "Facebook's IP blocking attack was partial, incomplete, and ineffective."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendant Vachani hereby incorporates the General Objections above as if fully stated herein.  Vachani objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Vachani also objects on the grounds the documents sought by this request are equally available to Facebook as they are to Vachani.  The request also calls for documents protected from disclosure by the attorney-client privilege and work product doctrine.  Subject to

and without waiving these objections, Defendant Vachani responds that he will conduct a reasonable search for non-privileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 25:**

ALL DOCUMENTS that summarize, describe, refer to, or relate to YOUR COMMUNICATIONS with the California Secretary of State.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Defendant Vachani hereby incorporates the General Objections above as if fully stated herein. Vachani objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. The request also calls for documents protected from disclosure by the attorney-client privilege and work product doctrine. Based on the foregoing objections, Vachani will not produce any documents in response to this request.

Dated: July 5, 2011                     BURSOR & FISHER, P.A.


                                        By          /s/
                                              L. Timothy Fisher

                                        L. Timothy Fisher (State Bar No. 191626)
                                        2121 North California Blvd., Suite 1010
                                        Walnut Creek, CA 94596
                                        Telephone: (925) 482-1515
                                        Facsimile: (925) 407-2700
                                        E-Mail: ltfisher@bursor.com

                                        -and-

                                        Scott A. Bursor (*pro hac vice*)
                                        369 Lexington Avenue, 10th Floor
                                        New York, NY 10017-6531
                                        Telephone: (212) 989-9113
                                        Facsimile: (212) 989-9163
                                        E-Mail: scott@bursor.com

                                        -and-

                                        Alan R. Plutzik (State Bar No. 77785)
                                        Michael S. Strimling (State Bar No. 96135)
                                        2125 Oak Grove Road, Suite 120
                                        Walnut Creek, CA 94598
                                        Telephone: (925) 945-0200

1
2
3
4

Facsimile:  (925) 945-8792
E-Mail: aplutzik@bramsonplutzik.com
mstrimling@bramsonplutzik.com

Attorneys for Defendants Power
Ventures, Inc. and Steve Vachani

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Bursor & Fisher, P.A. 2121 North California Blvd., Suite 1010, Walnut Creek, CA  94596.  On July 5, 2011, I served the following document:

**DEFENDANT STEVE VACHANI'S RESPONSES TO FACEBOOK, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION**

☒ by placing a copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Walnut Creek, California addressed as set forth below.

☒ by pdf transmission.  These documents were transmitted via e-mail to the following e-mail addresses as set forth below.

I. Neel Chatterjee
Theresa Sutton
Morvarid Metanat
Amy Dalton
Karen Mudurian
Orrick, Herrington & Sutcliffe, LLP
1000 Marsh Road
Menlo Park, Ca  94025
Telephone:  1-650-614-7400
Facsimile:  1-650-614-7401
Email:
nchatterjee@orrick.com'
tsutton@orrick.com
mmetanat@orrick.com
adalton@orrick.com
kmudurian@orrick.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct, executed on July 5, 2011, at Walnut Creek, California.

*[signature]*

L. Timothy Fisher