1    I. NEEL CHATTERJEE (STATE BAR NO. 173985)
     nchatterjee@orrick.com
2    MONTE M.F. COOPER (STATE BAR NO. 196746)
     mcooper@orrick.com
3    THERESA A. SUTTON (STATE BAR NO. 211857)
     tsutton@orrick.com
4    MORVARID METANAT (STATE BAR NO. 268228)
     mmetanat@orrick.com
5    ORRICK, HERRINGTON & SUTCLIFFE LLP
     1000 Marsh Road
6    Menlo Park, CA  94025
     Telephone:      650-614-7400
7    Facsimile:      650-614-7401

8    Attorneys for Plaintiff
     FACEBOOK, INC.
9
                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11
                     SAN FRANCISCO DIVISION
12

13
     FACEBOOK, INC.,                        Case No.  5:08-cv-05780 JW
14
                    Plaintiff,              **PLAINTIFF FACEBOOK INC.'S**
15                                          **SECOND MOTION TO ENLARGE**
           v.                               **TIME PURSUANT TO CIVIL LOCAL**
16                                          **RULES 6-3 AND 16-2**
     POWER VENTURES, INC. a Cayman Island
17   Corporation; STEVE VACHANI, an         Judge:       Hon. James Ware
     individual; DOE 1, d/b/a POWER.COM,    Courtroom:  15, 18th Floor
18   DOES 2-25, inclusive,

19                    Defendants.

20

21

22

23

24

25

26

27

28

## I.   INTRODUCTION

Facebook seeks an order pursuant to Civil Local Rules 6-3 and 16-12 modifying for the second time the Case Management Order (Dkt. Nos. 92 & 116), and continuing by 60 days all deadlines in the case – including the deadline for expert disclosures.  The requested continuance is necessary to ensure that Facebook and its experts have sufficient time to obtain and review all relevant discovery from Defendants, including source code that the Court contemplated would be produced weeks ago.  This Court previously granted for "good cause" Facebook's first Motion to Enlarge time (Dkt. No. 111) based upon Facebook's need to obtain source code from Defendants. Despite this Order, Defendants refused to produce the source code until six weeks later, after Facebook successfully moved to compel its production.  See Dkt. No. 124, 126-127.  Even then, Defendants' source code production was incomplete.

Defendants' unwarranted delay and the incomplete production of source code has prejudiced Facebook, and should be remedied.  Moreover, Defendants refuse to cooperate with Facebook in resolving other critical discovery issues, and to date have produced only 13 documents.   Such dilatory tactics have denied Facebook an opportunity to meaningfully prepare its expert reports by the existing deadline of September 26, 2001, or its opposition to Defendants' pending Motion for Summary Judgment (Dkt. No. 98), which is currently due on September 12, 2011.  A 60-day continuance of these and all other pre-trial deadlines thus is necessary.

## II.   STATEMENT OF RELEVANT FACTS

This case involves claims for violation of the CAN-SPAM Act, the Computer Fraud and Abuse Act, and California Penal Code § 502(c).  It stems from Defendants' knowing and unauthorized access to Facebook's protected computer network, impermissible storage and use of Facebook users' login data, and unauthorized use of Facebook user accounts to send unsolicited commercial messages designed to lure Facebook users to register at www.power.com.

On October 22, 2010, Facebook served Defendant Power Ventures, Inc. with its First Set of Requests for Production of Documents and First Set of Interrogatories.  Declaration of Morvarid Metanat ("Metanat Decl."), ¶ 2.  Nearly two months after serving its responses, Power produced 13 documents in response to Facebook's 50 document requests.  *Id.*.  Meanwhile,

1   Power refused to produce a copy of its source code in response to Request No. 3.  *Id.*  Then, on

2   June 2 and 3, 2011, Facebook served defendant Vachani and Power with its first and second sets

3   of document requests, respectively.  *Id.* ¶ 3.  However, Defnedants produced no documents in

4   response, and continued to refuse to produce source code.  *Id.*

5           In light of these discovery deficiencies, the parties filed a Discovery Dispute Joint Report

6   #1 with Magistrate Judge Lloyd on July 7, 2011, outlining their positions with respect to

7   production of source code.  Dkt. No. 113.  On July 6, Facebook also filed a Motion to Enlarge

8   Time, which sought a 60 day extension of deadlines in order to accommodate its need for review

9   of the un-produced source code.  Dkt. No. 111.  Defendants opposed, but in doing so did not deny

10  that Facebook needed Defendants' source code to respond to the pending motion for summary

11  judgment.  Dkt. No. 114, at 4.  Accordingly, on July 14, this Court entered an order granting

12  Facebook's motion for a continuance, and found "good cause" to extend all existing discovery

13  and pre-trial deadlines by 60 days.  Dkt. No. 116.  The Court noted that "[i]n their Opposition,

14  Defendants d[id] not contend that they have produced source code or other documents requested

15  by Plaintiff."  *Id.*  at 2.  The Order re-set the deadlines for Facebook to oppose the Defendants'

16  pending motion (Dkt. No. 98) to September 12, 2011, and re-set the deadlines for expert

17  disclosures to September 26, 2011.  *Id.*  Discovery currently closes on November 28, 2011.  *Id.*

18          As a result of the Order re-setting deadlines, Facebook's counsel immediately contacted

19  Defendants counsel to ask that they stipulate to production of the source code, given the Court's

20  finding of good cause for a continuance based on Facebook's stated need of the software.

21  Metanat Decl. Ex. A.  Defendants refused to so stipulate, resulting in the parties filing a Joint

22  Stipulation with this Court outlining the dispute.  *See* Dkt. No. 119.

23          After the Court then set deadlines for briefing of the issues (Dkt. No. 122), Facebook

24  moved to compel Defendants to produce the source code, as well as related documents.  *See* Dkt.

25  124.  Remarkably, Defendants then filed a one paragraph response to Facebook's Motion in

26  which they at last agreed to produce the source code.  Dkt. No. 126.  The Court on August 18,

27  2011 immediately granted Facebook's Motion to Compel, and ordered Defendants to produce "all

28  source code and associated documentation related to the website www.power.com' insofar as that

1  source code was used for a number of specified purposes" that were referenced in Facebook's

2  Motion to Compel.  *See* Dkt. No. 127.  Counsel for Facebook immediately requested that

3  Defendants confirm that they would produce all source code required by the August 17, 2011

4  Order.  Metanat Decl. Ex. B.  On August 23, 2011, Facebook also requested that Power stipulate

5  to a modification to the Case Management Order.  *Id.* Ex. C.  However, Power refused.  *Id.*

6       Facebook's review of Defendant's source code review began on August 25.  *Id.* ¶ 7.

7  Facebook's expert immediately determined that the source code production was incomplete.  For

8  example, Defendants production lacks the www.power.com website source code, the PowerScript

9  applications and functions, or source code files, associated with Facebook, and the Defendants'

10  critical MSSQL database.  *Id.*  Ex. D.  These materials are necessary for a thorough analysis of

11  the functionality of Defendants' website, the absence of which significantly prejudices Facebook.

12       Meanwhile, based on the Defendants' paltry production of 13 documents, and further

13  based on the fact that Power's CEO Steve Vachani admitted in a deposition that he had not

14  searched all sources for relevant materials, Facebook on August 22, 2011 filed a Motion to

15  Compel Defendants to perform a thorough search for missing responsive documents.  *See* Dkt.

16  No. 129.  Metaneat Decl. ¶ 8.  That motion is is set for hearing on October 24.  Facebook also is

17  currently preparing a third motion to compel requesting that Defendants  produce, amongst other

18  things, documents related to Power's use of IP addresses and proxy servers to access the

19  Facebook website.  *Id.*  This information is relevant to the pending summary judgment motion.

20  *Id.*  Facebook anticipates filing the motion by September 1.  *Id.*

21  **III.**   **ARGUMENT**

22       **A.**   **Good Cause Exists To Modify The Scheduling Order**

23       Given Defendants' delays in producing source code and other relevant information after

24  July 14, good cause exists for a 60-day continuance of all scheduling deadlines.  See Fed. R. Civ.

25  P. 16(b)(4); N.D. Civ. Local. R. 6-3 & 16-2.  That is so, because Rule 16(b)'s "good cause"

26  standard permits modification of a pretrial schedule if the pretrial schedule "cannot reasonably be

27  met despite the diligence of the party seeking the extension."  Fed. R. Civ. P. 16 advisory

28  committee's notes (1983 amendment); *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th

1   Cir. Cal. 1992).  That clearly is the case here as Facebook has been diligent in seeking discovery.

2        The Defendants' continuous refusal to cooperate in discovery – particularly the

3   unreasonable six week delay in producing source code after July 14 – makes it nearly impossible

4   for Facebook to meet the current deadline of September 26 for preparing expert reports.  For

5   instance, because of Power's initial baseless refusal to produce its source code, Facebook's

6   experts are only just now able to review and analyze the relevant code and materials to prepare

7   their reports.  Even then, it has just been discovered from an initial review of the code that these

8   materials are incomplete.  Metanat Decl. Ex. D.   Regardless of when Defendants supplement

9   their production, Facebook will be delayed further in preparing expert reports.  Moreover,

10  Facebook may be forced to file yet another motion to compel.  Compounding these problems,

11  portions of the source code are written in Portuguese.  Accordingly, Facebook may need to hire a

12  translator, which will prolong the review process even further.

13       In addition, Power's inadequate search for documents responsive to Facebook's discovery

14  requests is the subject of a motion to compel currently pending before the Court, and will not be

15  heard until October 24.  Depending on the outcome of this motion, Facebook may be entitled to

16  additional materials—materials that may potentially have a significant impact on Facebook's

17  expert analysis, but will not otherwise be available by September 26.

18       Facebook also intends on or before September 1 to file a motion to compel Power's

19  production and supplemental responses to Facebook's First and Second Requests for Production

20  and Interrogatory Requests.  Based on Steve Vachani's recent deposition testimony, Facebook

21  believes that Defendants are withholding pertinent documents related to their efforts to solicit

22  Facebook users to join www.power.com, and to avoid Facebook's efforts to block IP addresses

23  for that website.  Such materials are highly relevant to Facebook's claims under the CFAA, CAN-

24  SPAM Act, and Penal Code Section 502.  However, these materials also will not be produced

25  prior to September 26.

26       Without all this information, Facebook will be unable to adequately prepare expert reports

27  by the current deadline.  Defendants should not be permitted to prevent Facebook from meeting

28  the case management schedule by delaying and refusing to cooperate.  For these reasons,

1    Facebook respectfully requests an order modifying the Case Management schedule by 60 days.

2        **B.    Good Cause Exists To Enlarge Time To Respond To Power's Motion For Summary Judgment**

3

4        Facebook also seeks a continuance of the deadline for filing its Opposition to Defendants'

5    Motion for Summary Judgment until at least November 11, 2011.  In their motion, Defendants

6    argue that they did not initiate the transmission of email messages that are in violation of the

7    CAN-SPAM Act.  *See* Dkt. No. 98 at 12-13.  They also argue that they "did not circumvent any

8    technical barriers" in violation of the CFAA and Penal Code § 502(c).  *Id.* at 16-19.  Yet, much of

9    the discovery in dispute relates to the process by which Defendants accessed or allowed Power's

10   users to access the Facebook website and services (such as sending email to users).  While

11   Defendants' source code and related materials may provide some of the answers Facebook seeks,

12   that production is incomplete, and review only began on August 25.  Metanat Decl. Ex. D.

13   Facebook's deadline to file its opposition to Power's Motion for Summary Judgment is currently

14   September 12, 2011—less than three weeks away.  The current deadline does not provide

15   Facebook's experts sufficient opportunity to analyze the source code and related documents, or to

16   prepare an opposition – particularly since Facebook has not received all of the code.[1]

17       Moreover, Facebook has not received documents related to Defendants' use of proxy

18   servers to access Facebook's website, and to later circumvent Facebook's implemented IP blocks.

19   This information is crucial to Facebook's CFAA and Penal Code Section 502 claims.

20   Defendants' refusal to produce this information has forced Facebook to file a third motion to

21   compel by September 1.  Facebook should not through Defendants' dilatory discovery be

22   prevented from adequately preparing arguments in opposition to Defendants' Motion for

23   Summary Judgment. A continuance of the September 12 deadline thus is necessary.

24   **IV.    CONCLUSION**

25       Facebook respectfully requests an order modifying the July 14, 2011 Scheduling Order by

26   60 days, and for also enlarging by 60 days all deadlines associated with Defendants' Motion for

27   Summary Judgment.

28   _____

[1] Facebook anticipates filing a motion pursuant to Fed. R. Civ. P. 56(d) to address these problems.

1

2    Dated: August 26, 2011                    ORRICK, HERRINGTON & SUTCLIFFE LLP

3

4                                              _____/s/ *Morvarid Metanat* /s/_____

5                                                          Morvarid Metanat
                                                          Attorneys for Plaintiff
6                                                         FACEBOOK, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -