I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
MONTE M.F. COOPER (STATE BAR NO. 196746)
mcooper@orrick.com
THERESA A. SUTTON (STATE BAR NO. 211857)
tsutton@orrick.com
MORVARID METANAT (STATE BAR NO. 268228)
mmetanat@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:      650-614-7400
Facsimile:      650-614-7401

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FACEBOOK, INC., | Case No.  5:08-cv-05780 JW |
| Plaintiff, | **DECLARATION OF MORVARID METANAT IN SUPPORT OF FACEBOOK, INC.'S MOTION TO ENLARGE TIME PURSUANT TO CIVIL LOCAL RULES 6-3 AND 16-2** |
| v. | |
| POWER VENTURES, INC. a Cayman Island Corporation; STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, DOES 2-25, inclusive, | Judge:       Hon. James Ware |
| | Courtroom:  15, 18th Floor |
| Defendants. | |

I, Morvarid Metanat, hereby declare and state as follows:

1.    I am an attorney with the law firm of Orrick, Herrington & Sutcliffe LLP, counsel of record to Facebook, Inc. in the above-captioned matter.  I make this declaration based on my personal knowledge, unless otherwise noted.  If called, I can and will testify competently to the matters set forth herein.

2.    Facebook served Power with its First Set of Requests for Production and First Set of Interrogatories on October 22, 2010.  Power did not respond to these discovery requests until December 15, 2011, nearly two months later.  Nearly two more months went by before Power produced any documents.  Its production consisted of *13* documents in response to the *50* discovery requests propounded by Facebook.  Noticeably absent from this minimal production, was Power's source code—specifically requested by Facebook.

3.    On June 2, 2011, Facebook served Defendant Vachani with its First Set of Requests for Production of Documents.  On June 3, 2011, Facebook served Power with its Second Set of Requests for Production of Documents.  To date, neither Vachani nor Power has produced materials responsive to these Requests.

4.    Due to Power's discovery deficiencies, Facebook filed a Request to Enlarge time on July 6, 2011.  This request sought a 60 day extension of deadlines in order to accommodate its need for review of Power's un-produced source code.  Dkt. 111.  Defendant opposed Facebook's request, but did not deny Facebook's need for its source code.  Dkt. No. 114.  On July 14, 2011, the Court granted Facebook's request for a continuance and found "good cause" to extend all existing discovery and pre-trial deadlines.  Dkt. No. 116.  Given the Court's finding of good cause, Facebook immediately requested that Defendants' stipulate to production of the source code.   Attached hereto as **Exhibit A** is a true and correct copy of Facebook's e-mail request to Defendants' counsel requesting a stipulation to produce source code.  Defendants refused to stipulate.

5.    On August 10, 2011, Facebook moved to compel Defendants to produce Power's source code and related materials.  Dkt. 124.  On August 17, 2011, Defendants provided a one paragraph response to Facebook's Motion and agreed to produce the requested source code.  Dkt.

METANAT DECLARATION ISO
FACEBOOK'S REQUEST TO ENLARGE TIME
5:08-CV-05780 JW

No. 126.  On August 19, 2011, Facebook requested that Power confirm that the produced source code would include all of the missing code referenced in Facebook's motion to compel source code.  Attached hereto as **Exhibit B** is a true and correct copy of the August 19, 2011 e-mail correspondence between Facebook's counsel and Power's counsel.

6.     On August 23, 2011, Facebook requested that Power stipulate to a modification to the Case Management Order.  Power refused.  Attached hereto as **Exhibit C** is a true and correct copy of the August 23, 2011 email correspondence between Facebook's counsel and Power's counsel.

7.     The parties agreed for the source code review to begin on August 25, 2011.  On August 25, 2011, after beginning his inspection of Power's source code, Facebook's expert, Larry Melling, discovered that many critical aspects of Power's source code were missing from the Court-ordered production.  For example, Defendants' production lacks the www.power.com website source code, the PowerScript applications and functions, or source code files, associated with Facebook, and the Defendants' critical MSSQL database.  Facebook immediately contacted Power regarding these deficiencies.  Attached hereto as **Exhibit D** is a true and correct copy of Facebook's August 26, 2011 letter to Power's counsel regarding Defendants' incomplete production.

8.     On July 20, 2011, Facebook deposed Power's founder and CEO, Steve Vachani.  During his deposition Mr. Vachani admitted, amongst other things, that he had not searched all sources for relevant materials.  Based on Mr. Vachani's deposition testimony, Facebook believes that Defendants are withholding pertinent documents related to their efforts to solicit Facebook users to join www.power.com, and to avoid the blocking of IP addresses for that website by Facebook.  Accordingly, on August 22, 2011, Facebook filed a Motion to Compel Defendants to perform a thorough search for missing responsive documents.  *See* Dkt. No. 129.  That motion is currently pending before the Court, and is set for hearing on October 24.  Facebook also is currently preparing a third motion to compel requesting that Defendants  produce, amongst other things, documents related to Power's use of IP addresses and proxy servers to access the Facebook website.  Such materials would be highly relevant to Facebook's claims under the

1   CFAA, CAN-SPAM Act, and California Penal Code 502, and thus, relevant to the pending

2   summary judgment motion.

3           9.      Facebook will suffer harm and prejudice if the Court denies its Request to Enlarge

4   Time.  This Court previously granted Facebook's Motion to Enlarge Time (Dkt. No. 111) for

5   "good cause," which was based on Facebook's need to obtain Defendants' source code.  Now, six

6   weeks later, Facebook will finally have the opportunity to review this critical evidence.  The

7   Defendants' delay in producing Power's source code, in conjunction with their refusal to

8   supplement their paltry production of documents and insufficient interrogatory responses, makes

9   it impossible for Facebook to meet its current deadlines under the Case Management Order.  First,

10  Facebook's expert has determined that critical aspects of Defendants' source code are missing

11  from the production.   Regardless of when Defendants supplement their rpoduction, Facebook

12  will be delayed further in preparing expert reports.  Moreover, Facebook may be forced to file yet

13  another motion to compel.  Second, portions of Defendant' source code are written in Portuguese.

14  Facebook may need to hire a translator to assist with the review—prolonging the review process

15  even further.   Third, based on the recent deposition testimony of Steve Vachani, Facebook has

16  moved to compel Power to perform an adequate search for documents (Dkt. No. 129), which will

17  not be heard until October 26.  Facebook also intends to file a motion for production and

18  supplemental responses to Facebook's First and Second Requests for Production and

19  Interrogatory Requests on or by September 1.  Neither of these motions will have been heard by

20  September 26, 2011—the deadline for Expert Reports in this action.   Without this information,

21  Facebook will be unable to adequately prepare its case.

22          10.     Facebook will also suffer harm if the Court denies its Motion to Enlarge Time to

23  Respond to Power's Motion for Summary Judgment (Dkt. No. 98).  Defendants move for

24  summary judgment on all three of Facebook's claims.  In their motion, Defendants argue that

25  Power did not initiate the transmission of email messages that are in violation of the CAN-SPAM

26  Act.  *See* Dkt. No. 98 at 12-13.  Defendants also argue that Facebook's claims pursuant to the

27  CFAA and California Penal Code 502 fail because Power "did not circumvent any technical

28  barriers," in accessing or providing its users with the tools to access the Facebook website.  *Id*. at

- 3 -

16-19.  Much of the discovery in dispute relates to the process by which Power accessed or allowed its users to access the Facebook website and services (such as sending email to users) and Power's efforts to avoid Facebook's technical measures implemented to block Power from such access.  Moreover, Facebook just recently ordered Defendants to produce the source code and related materials it requested.  Dkt. No. 127.  While Facebook's expert began to review these documents on August 25, 2011, his preliminary inspection indicates that Defendants' source code is incomplete and Facebook's deadline to file its opposition to Power's Motion for Summary Judgment is currently September 12, 2011—less than three weeks away.  The currently scheduled deadline does not provide Facebook's experts sufficient opportunity to obtain, investigate and analyze Defendants' complete source code and related documents and to prepare an opposition.

11.  **Previous Time Modifications**: This case schedule has been modified eight times.  The original Case Scheduling Order was filed December 12, 2008.  The initial Case Management Conference in this case was scheduled for April 15, 2009.  Subsequently, the Court rescheduled the Case Management Conference for April 17, 2009.  Thereafter, the parties stipulated, and the Court ordered, to extend to the initial Case Management Conference to 45 days after the Court's ruling on the pending motion to dismiss.  The Court subsequently rescheduled the Case Management Conference for January 29, 2010.  The Court then rescheduled the Case Management Conference for August 20, 2010.  The Case Management Conference was again rescheduled for August 23, 2010.  Thereafter, the Court reset the Conference to August 24, 2010.  On August, 19, 2010, the Court modified the original scheduling order.  Subsequently on July 14, 2011, the Court modified the original scheduling order and issued the current scheduling order in this case.

12.  The requested time modification will have the following effect on the Case Management Schedule:

| Deadline | Current Schedule | Moving out 60 Days |
|---|---|---|
| Close of all discovery | November 28, 2011 | January 27, 2012 |
| Last date for Hearing Dispositive Motions | January 30, 2011 | March 27, 2012 |

| | | |
|---|---|---|
| *(=60 days after the close of all discovery)* | | |
| Preliminary Pretrial Conference *(=30 days before the close of all discovery)*<br><br>*Per Dkt. No. 116, the Court will set a new Conference date in its Order addressing Defendants' Motion for Summary Judgment | TBD | TBD |
| Preliminary Pretrial Conference Statements *(Due 10 days before conference)*<br><br>*Per Dkt. No. 116, the Court will set a new Conference date in its Order addressing Defendants' Motion for Summary Judgment | TBD | TBD |
| Expert Reports *(=63 days before close of discovery)* | September 26, 2011 | November 23, 2011 |
| Rebuttal Expert Reports *(=49 days prior to discovery cutoff)* | October 7, 2011 | December 9, 2011 |
| Daubert Motions to be filed *(42 days after both expert and rebuttal expert disclosures on a Monday (Law and motion day) at 9:00am* | October 28, 2011 | January 20, 2012 |

The requested time modification would have the following effect on the Defendant's Motion for Summary Judgment deadlines:

| Deadline | Current Schedule | Moving out 60 Days |
|---|---|---|
| Plaintiff's Opposition to Defendants' Summary Judgment Motion (Dkt. No. 98) | September 12, 2011 | November 11, 2011 |
| Defendants' Reply In Support of Motion for Summary Judgment | September 19, 2011 | November 18, 2011 |
| Hearing on Defendants' Motion for Summary Judgment | October 31, 2011 | December 19, 2011 |

/ / /

/ / /

1   I declare under penalty of perjury that the foregoing is true and correct to the best of my

2   knowledge.  Executed this 26th day of August, 2011 at Menlo Park, California.

3

4   Dated:  August 26, 2011                    ORRICK, HERRINGTON & SUTCLIFFE LLP

5

6                                                    */s/ Morvarid Metanat*
                                                    MORVARID METANAT
7                                                    Attorneys for Plaintiff
                                                    FACEBOOK, INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28