1    BURSOR & FISHER, P.A.
     L. Timothy Fisher (State Bar No. 191626)
2    Sarah N. Westcot (State Bar No. 264916)
     2121 North California Blvd., Suite 1010
3    Walnut Creek, CA 94596
     Telephone: (925) 482-1515
4    Facsimile: (925) 407-2700
     E-Mails: ltfisher@bursor.com
5             swestcot@bursor.com

6    BURSOR & FISHER, P.A.
     Scott A. Bursor (State Bar No. 276006)
7    369 Lexington Avenue, 10th Floor
     New York, NY  10017
8    Telephone:  (212) 989-9113
     Facsimile:  (212) 989-9163
9    E-Mail: scott@bursor.com

10   BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
     Alan R. Plutzik (State Bar No. 077785)
11   Michael S. Strimling (State Bar No. 96135)
     2125 Oak Grove Road, Suite 120
12   Walnut Creek, CA  94598
     Telephone:  (925) 945-0200
13   Facsimile:  (925) 945-8792
     E-Mails: aplutzik@bramsonplutzik.com
14            mstrimling@bramsonplutzik.com

15   Attorneys for Defendants Power
     Ventures, Inc. and Steve Vachani
16
                    UNITED STATES DISTRICT COURT
17
                   NORTHERN DISTRICT OF CALIFORNIA
18

19   FACEBOOK, INC.,                                      Case No. 5:08-CV-05780 JW

20                                                        **DEFENDANTS' MEMORANDUM**
                                    Plaintiff,            **OF POINTS AND AUTHORITIES IN**
21                                                        **OPPOSITION TO FACEBOOK**
     -against-                                            **INC.'S SECOND MOTION TO**
22                                                        **ENLARGE TIME PURSUANT TO**
                                                          **CIVIL LOCAL RULE 6-3 AND 16-12**
23   POWER VENTURES, INC. d/b/a POWER.COM, a
     California corporation; POWER VENTURES, INC.
24   a Cayman Island Corporation, STEVE VACHANI,
     an individual; DOE 1, d/b/a POWER.COM, an
25   individual and/or business entity of unknown nature;
     DOES 2 through 25, inclusive, individuals and/or
26   business entities of unknown nature,

27                                  Defendants.

28

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO FACEBOOK'S SECOND MOTION TO ENLARGE TIME
CASE NO. 5:08-CV-05780 JW

1      Defendants Power Ventures, Inc. ("Power") and Steve Vachani ("Vachani") respectfully

2      submit this memorandum of points and authorities in opposition to Facebook, Inc.'s Second

3      Motion to Enlarge Time Pursuant to Civil Local Rule 6-3 and 16-12.

4      **I.      THE COURT SHOULD DENY FACEBOOK'S MOTION TO ENLARGE TIME**

5              For the second time in two months, Facebook moves this Court for a postponement of the

6      deadlines related to defendants' summary judgment motion, which was filed on May 6, and various

7      other pre-trial deadlines.  Facebook filed its first motion on July 6, arguing that Power was

8      "actively interfering with Facebook's ability to obtain any meaningful discovery."  Dkt. No. 111 at

9      1.  Specifically, Facebook argued that a continuance was necessary because Power had "refused to

10     produce a copy of its source code" and had not produced defendant Steve Vachani for his

11     deposition.  *Id.* at 2-3.  On July 14, the Court granted Facebook's motion and moved the hearing on

12     defendants' motion for summary judgment from September 19 to October 31.  Dkt. No. 116.  The

13     Court also continued or vacated a number of other pre-trial deadlines.  *Id.*

14             After the Court entered its order, defendants immediately produced defendant Steve

15     Vachani for a deposition.  Mr. Vachani's deposition was taken on July 20 in New York City.  The

16     deposition began at 9:47 a.m. and concluded at 6:35 p.m.  In addition on August 17, Power

17     voluntarily agreed to produce its source code even though defendants believe that the code is not

18     remotely relevant to the issues in this case.  *See, e.g.* Dkt. Nos. 113 at 9-10 (Discovery Dispute

19     Joint Report #1 explaining why the source code is not relevant to Facebook's three remaining

20     claims in this case).  Facebook's expert Lawrence Melling reviewed the code and related

21     documents all day on August 25, 26, 29 and 30.  Following his review on August 25, Mr. Melling

22     requested that Power produce additional documents related to the source code.  Power produced

23     those documents the following day and remains willing to produce any additional documents

24     related to the source code that Mr. Melling requests.  *See* Exh. A to the Fisher Decl. ("If Mr.

25     Melling concludes that there are additional files he requires, we are happy to work with you to

26     provide them to the extent such files exist and can be recovered from Power's archives.").

27

28

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN                                                    1
OPPOSITION TO FACEBOOK'S SECOND MOTION TO ENLARGE TIME
CASE NO. 5:08-CV-05780 JW

1    Facebook carefully avoids mentioning these facts as they do not support its argument that

2    defendants continue to refuse "to cooperate in discovery."  Facebook's Motion at 4.

3         Now, Facebook returns to this Court with new tales of woe.  First, Facebook complains it

4    had to wait six weeks for the production of the source code[1] and that it will be "nearly impossible

5    for Facebook to meet the current deadline of September 26 for preparing expert reports.

6    Facebook's expert began his review of the source code on August 25,[2] more than a month before

7    the deadline for expert reports and two weeks prior to its deadline to oppose defendants' summary

8    judgment motion.  In fact, since Power voluntarily produced the code rather than oppose the

9    motion to compel, Facebook received the code earlier than it would have had the Court actually

10   considered and granted the motion.[3]  Facebook also fails to mention that Power initially responded

11   to the request for the source code more than eight months ago on December 15, 2010.  Facebook

12   did not raise any issue with Power's refusal to produce the code until six months later when it sent

13   a meet and confer letter on May 17, 2011.  *See* Exhibit C to the Fisher Decl.  If Facebook had been

14   at all diligent in meeting and conferring regarding Power's response to the request for the source

15   code, this issue would have been resolved long ago.

16        Facebook also ignores the fact that the PowerScript documentation that Power produced on

17   February 3, 2011 provides Facebook and its experts with all the information they need to

18   understand how Power.com functions including how Power extracts data from any HTML

19   document.  The PowerScript documents also describe the script structure, context, attributes, rules

20

21   [1]   Facebook claims that this Court in effect ordered the production of the source code when it
     granted Facebook's prior motion to enlarge time on July 14.  Facebook's Motion at 1 (arguing that
22   the Court "contemplated" that the source code would be produced weeks ago).  The Court made no
     such ruling.  In fact, on August 3, the Court set a briefing schedule on Facebook's motion to
23   compel the production of the source code.  Dkt. No. 122 at 2.  If the Court had intended to order
     the production of the code as part of its July 14 order, it certainly would not have set a briefing
24   schedule on Facebook's motion.  It would have simply ordered Power to produce the code.

25   [2]  Power offered the source code for Facebook to review beginning on Tuesday, August 23, but
     Facebook chose not to begin its review until Thursday, August 25.  *See* Exh. B to the Fisher Decl.

26   [3]  Defendants do not believe the Court would have granted the motion had they opposed it.
     Facebook completely failed to articulate how the source code was relevant to its three remaining
27   claims in this case.  *See* Dkt. No. 119 at 11-13.  Power only agreed to produce its highly
     confidential source code to avoid any further delay that would prevent the Court from hearing the
28   motion for summary judgment on October 31 as scheduled.

1    variable utilization, and every aspect of the extraction process in detail.  Facebook has been in

2    possession of those documents for more than six months.  That should have been more than

3    sufficient time for Facebook and its expert to analyze those documents and understand precisely

4    how Power.com functions.

5         Facebook also argues that it needs another continuance because it recently filed a motion to

6    compel further responses to its first set of document requests and that motion is not scheduled to be

7    heard until October 24.  Again, Facebook carefully avoids pointing out that Power responded to

8    those requests in December 2010 and that Facebook did not file its motion to compel until eight

9    months later on August 22, 2011.  Moreover, if Facebook truly needed those documents so

10   urgently, why did it not seek to have its motion to compel heard on shortened time pursuant to

11   Local Rule 6-3?

12        Facebook's motion to compel is also wholly without merit.  After  responding to

13   Facebook's document requests in December 2010, Power conducted a reasonably diligent search

14   for responsive documents..  At his deposition, Mr. Vachani testified in detail about the thorough

15   search he performed for responsive documents and that he produced everything he found.  *See* Exh.

16   E to Dkt. No. 129-2 at 132:17-133:2, 136:12-139:15, 140:12-141:9, 143:11-144:16, 295:7-296:8,

17   297:14-298:12, 336:16-337:16, 338:13-339:2.  In addition, many of Facebook's requests, which

18   were propounded in October 2010, relate to the five claims that it dismissed on February 17, 2011

19   and seek documents that are no longer relevant to any claim remaining in this action.  *See, e.g.*,

20   Exh. D to the Fisher Declaration (Request for Production No. 32 seeking production of "ANY

21   AND ALL DOCUMENTS relating to the POWER WEBSITE in which the FACEBOOK logo OR

22   name is OR was used" and Request for Production No. 37 seeking production of "ALL

23   DOCUMENTS relating to, reflecting, or associated with ANY of the allegations made in

24   FACEBOOK's First Amended Complaint in this action.").

## II.    CONCLUSION

26        Having wasted more than seven months during which it did nothing in this case, Facebook

27   is now confronted with responding to defendants' summary judgment motion.  Rather than

28

1    working diligently to prepare a response to the motion, Facebook instead seeks to delay this case

2    again and again.  To make matters worse, Facebook also attempts to blame defendants for the fact

3    that it is unprepared to respond to defendants' motion.  The Court granted Facebook's prior request

4    for more time, and defendants promptly addressed the issues raised by Facebook's motion.  Now,

5    Facebook conjures up a whole new raft of bogus issues in hopes that it will be able to buy itself

6    even more time and further delay its day of reckoning in this case.  The Court should deny

7    Facebook's second request for a continuance.

8

9    Dated:  August 30, 2011                BURSOR & FISHER, P.A.

10

11                                          By_____/s/_____
                                                        L. Timothy Fisher

12
                                            L. Timothy Fisher (State Bar No. 191626)
13                                          Sarah N. Westcot (State Bar No. 264916)
                                            2121 North California Blvd., Suite 1010
14                                          Walnut Creek, CA 94596
                                            Telephone:  (925) 482-1515
15                                          Facsimile:  (925) 407-2700
                                            E-Mails:  ltfisher@bursor.com
16                                                      swestcot@bursor.com

17                                          Scott A. Bursor (State Bar No. 276006)
                                            369 Lexington Avenue, 10th Floor
18                                          New York, NY  10017-6531
                                            Telephone:  (212) 989-9113
19                                          Facsimile:   (212) 989-9163
                                            E-Mail:  scott@bursor.com
20
                                            Alan R. Plutzik (State Bar No. 77785)
21                                          Michael S. Strimling (State Bar No. 96135)
                                            2125 Oak Grove Road, Suite 120
22                                          Walnut Creek, CA  94598
                                            Telephone:  (925) 945-0200
23                                          Facsimile:  (925) 945-8792
                                            E-Mail: aplutzik@bramsonplutzik.com
24                                                      mstrimling@bramsonplutzik.com

25                                          Attorneys for Defendants Power
                                            Ventures, Inc. and Steve Vachani

26

27

28