BURSOR & FISHER, P.A.
L. Timothy Fisher (State Bar No. 191626)
Sarah N. Westcot (State Bar No. 264916)
2121 North California Blvd., Suite 1010
Walnut Creek, CA 94596
Telephone: (925) 482-1515
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com

BURSOR & FISHER, P.A.
Scott A. Bursor (State Bar No. 276006)
369 Lexington Avenue, 10th Floor
New York, NY  10017
Telephone:  (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
Alan R. Plutzik (State Bar No. 077785)
Michael S. Strimling (State Bar No. 96135)
2125 Oak Grove Road, Suite 120
Walnut Creek, CA  94598
Telephone:  (925) 945-0200
Facsimile:  (925) 945-8792
E-Mails: aplutzik@bramsonplutzik.com
         mstrimling@bramsonplutzik.com

Attorneys for Defendants Power
Ventures, Inc. and Steve Vachani

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC., | Case No. 5:08-cv-05780 JW |
| Plaintiff, | **DECLARATION OF L. TIMOTHY FISHER IN SUPPORT OF DEFENDANTS' OPPOSITION TO FACEBOOK INC.'S SECOND MOTION TO  ENLARGE TIME PURSUANT TO CIVIL LOCAL RULE 6-3 AND 16-12** |
| -against- | |
| POWER VENTURES, INC. d/b/a POWER.COM, a California corporation; POWER VENTURES, INC. a Cayman Island Corporation, STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, an individual and/or business entity of unknown nature; DOES 2 through 25, inclusive, individuals and/or business entities of unknown nature, | |
| Defendants. | |

I, L. Timothy Fisher, declare as follows:

1.      I am a partner at Bursor & Fisher, P.A., counsel of record for Defendants Power Ventures, Inc. ("Power") and Steve Vachani (collectively, "Defendants").  I am an attorney at law licensed to practice in the State of California, and I am a member of the bar of this Court.  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2.      Attached hereto as Exhibit A is a true and correct copy of an e-mail from me to Facebook's counsel Monte Cooper dated August 26, 2011 in which I stated that if Facebook's expert witness Lawrence Melling "concludes that there are additional files he requires, we are happy to work with you to provide them to the extent such files exist and can be recovered from Power's archives."

3.      Attached hereto as Exhibit B is a true and correct copy of an e-mail exchange between me and Facebook's counsel Monte Cooper.  In the e-mail dated August 21, I offered to produce the source code for review by Facebook's expert beginning on Tuesday, August 23.  Two days later, Mr. Cooper replied that Facebook's expert would not begin his review until Thursday, August 25.

4.      Attached hereto as Exhibit C is a true and correct copy of a letter from Facebook's counsel Morvarid Metanat to me dated May 17, 2011.  Ms. Metanat sent this letter more than six months after Power responded to Facebook's document requests and was the first time Facebook ever raised any issue with Power's refusal to produce its source code.

5.      Attached hereto as Exhibit D is a true and correct copy of Facebook, Inc.'s First Set of Requests for Production to Defendant Power Ventures, Inc. dated October 22, 2010.  Power responded to these requests on December 15, 2010.

/        /        /

/        /        /

/        /        /

/        /        /

/        /        /

1        I declare under the penalty of perjury under the laws of the State of California that the

2    foregoing is true and correct, executed on August 30, 2011 at Walnut Creek, California.

3

4

5

6    _____
                          L. Timothy Fisher

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A



**L. Timothy Fisher <ltfisher@bursor.com>**

# Facebook v. Power

**L. Timothy Fisher <ltfisher@bursor.com>**            **Fri, Aug 26, 2011 at 11:58 AM**
To: "Cooper, Monte" <mcooper@orrick.com>
Cc: "Scott A. Bursor" <scott@bursor.com>

Dear Monte:
We received your letter from earlier today. We are in the process of providing some additional files to Mr. Melling for his review including the requested database and PowerScript files. If Mr. Melling concludes that there are additional files he requires, we are happy to work with you to provide them to the extent such files exist and can be recovered from Power's archives.

Tim
--
L. Timothy Fisher
Bursor & Fisher, P.A.
2121 North California Boulevard, Suite 1010
Walnut Creek, California 94596
Telephone: (925) 482-1515
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com

# EXHIBIT B



**L. Timothy Fisher <ltfisher@bursor.com>**

# RE: Source Code Production

**Cooper, Monte <mcooper@orrick.com>**                    **Tue, Aug 23, 2011 at 2:06 PM**
To: "L. Timothy Fisher" <ltfisher@bursor.com>, "Scott A. Bursor" <scott@bursor.com>
Cc: "Chatterjee, Neel" <nchatterjee@orrick.com>, "Sutton, Theresa A." <tsutton@orrick.com>, "Dalton, Amy"
<adalton@orrick.com>, "Metanat, Morvarid" <mmetanat@orrick.com>, "Beardsley, Megan M."
<mbeardsley@orrick.com>, "Mudurian, Karen N." <kmudurian@orrick.com>

Tim:

I am sorry about the slight delay in responding, as I only just returned from Boston this morning.  Larry
Melling, one of Facebook's previously disclosed consultants, will be the individual who we expect to go to
your office examine the code.   If possible, we would like to get started as early as tomorrow – though I expect
Thursday may prove more likely.   Can you advise what will be the hours of access this week, and confirm
what days our consultants will also be able to view the code next week, if such proves necessary?

Mr. Melling further advises that he needs to install some software called "Understand" in order to conduct the
review. Inasmuch as we are required to prepare a stipulation by next Wednesday regarding our effort to
prepare any necessary conditions to ensure compliance with Section 8 of the Protective Order, it strikes me
that we should reference Mr. Smelling's use of the Understand software and agreement to use it only in
conjunction with the other conditions of Section 8.  I also would like to know how long you believe you will
need to prepare paper copies of any portions of the source code that Mr. Melling requests be printed out in
accordance with Section 8(d) of the Protective Order.  It strikes me we can reference those issues in the
Stipulation too.

On a related issue, given the six week delay since the Court entered its Order on July 14, 2011 granting
Facebook's motion to continue deadlines, including the deadlines for responding to the motion for summary
judgment and expert disclosures, due to Facebook's need to review the Power source code, we expect to
move again for another continuance of the deadlines.  We expect to request an extension of 8 weeks for all
deadlines.   Please advise if Power will agree to such an extension.

Let also me know if you have any questions or thoughts re the forthcoming Stipulation.

Monte

**From:** L. Timothy Fisher [mailto:ltfisher@bursor.com]
**Sent:** Sunday, August 21, 2011 9:24 AM
**To:** Cooper, Monte
**Cc:** Scott A. Bursor; Chatterjee, Neel; Sutton, Theresa A.; Dalton, Amy; Metanat, Morvarid
**Subject:** Re: Source Code Production


Dear Monte:

We will be able to make the source code and related documents available for your experts' review on Tuesday or any day thereafter at my office.  We will prepare a computer in accordance with Section 8 of the protective order and set it up in a conference room at my office.  Let me know when your experts will be coming to review the documents.


Tim
--

L. Timothy Fisher

Bursor & Fisher, P.A.

2121 North California Boulevard, Suite 1010

Walnut Creek, California 94596

Telephone: (925) 482-1515

Facsimile: (925) 407-2700

E-Mail: ltfisher@bursor.com


On Fri, Aug 19, 2011 at 10:45 AM, Cooper, Monte <mcooper@orrick.com> wrote:

Thank you Tim.  As you are no doubt aware, after I sent my email the Court issued its Order granting Facebook's motion to compel, and requiring us to meet and confer and then prepare a Stipulation describing our agreed procedure to comply with Section 8 of the Protective Order.  I would like as part of that process to ensure that we know in advance precisely what software and databases will be made available to the experts, and under what conditions, so that we can apprise the Court of that fact in the Stipulation.  As I mentioned in my email, we also intend to abide the conditions of Section 8, so it would help us to know if there are any particular problems you want to avoid, and how, when the experts view the code.


Monte

**From:** L. Timothy Fisher [mailto:ltfisher@bursor.com]
**Sent:** Friday, August 19, 2011 9:55 AM
**To:** Cooper, Monte
**Cc:** Scott A. Bursor; Chatterjee, Neel; Sutton, Theresa A.; Dalton, Amy; Metanat, Morvarid
**Subject:** Re: Source Code Production


Dear Monte:

We are working with our client to produce the source code and related documents as quickly as possible.  I anticipate that the documents will be ready for review early next week if not on Monday.  I hope to have specific information regarding when they will be available later today or over the weekend.


Tim
--

L. Timothy Fisher

Bursor & Fisher, P.A.

2121 North California Boulevard, Suite 1010

Walnut Creek, California 94596

Telephone: (925) 482-1515

Facsimile: (925) 407-2700

E-Mail: ltfisher@bursor.com


On Thu, Aug 18, 2011 at 11:47 AM, Cooper, Monte <mcooper@orrick.com> wrote:

Tim and Scott:


In light of Power's attached Response to Facebook's motion to compel production of source code, Facebook would like to immediately review the source code Power intends to produce.  Pursuant to Section 8 of the attached Protective Order, our disclosed experts have requested that the source code review occur at your Walnut Creek offices.  They would like the review to begin next week, and we ask that you confirm it will be made available then.   For the record, we expect the source code to include all of the missing code referenced in Facebook's motion to compel, including the website html code, the code for PowerScript, PowerBrowser, and their related applications, as well as the associated MSSSQL database, that we referenced in our Motion.  If it is not your intent to produce such code, please advise us immediately so that we may bring that fact to the Court's attention immediately.

Accordingly, please confirm that the Power source code referenced in Facebook's motion to compel will be made available for such inspection beginning Monday, August 22. As Facebook intends to follow the protocols set forth in Section 8 of Protective Order governing source code production, and as Facebook in accordance with Section 7.4 of the Protective Order on July 14 identified its consultants who it intends to use for the review, we do not believe there is any need for the additional "meet and confer" to discuss how Facebook intends to comply with Section 8 referenced in Power's Response. If Power believes there is some outstanding issue with how Section 8 applies to such review, please let us know.

Thank you,

Monte

============================================================
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.
============================================================
NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU RECEIVED THIS E- MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/
============================================================

============================================================
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.
============================================================
NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU RECEIVED THIS E- MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS

E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US
IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND
PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM.
THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/
=========================================================




=========================================================
IRS Circular 230 disclosure: To ensure compliance with requirements
imposed by the IRS, we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not intended or
written to be used, and cannot be used, for the purpose of (i) avoiding
tax-related penalties under the Internal Revenue Code or (ii) promoting,
marketing or recommending to another party any tax-related matter(s)
addressed herein.
=========================================================
NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY
THE INTENDED RECIPIENT OF THE TRANSMISSION, AND
MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU
RECEIVED THIS E- MAIL IN ERROR, ANY REVIEW, USE,
DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS
E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US
IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND
PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM.
THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/
=========================================================

# EXHIBIT C



# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025-1015

tel +1-650-614-7400
fax +1-650-614-7401
WWW.ORRICK.COM

May 17, 2011

Morvarid Metanat
(650) 614-7344
mmetanat@orrick.com

*VIA E-MAIL*

L. Timothy Fisher
BURSOR & FISHER, P.A.
2121 North California Blvd., Suite 1010
Walnut Creek, CA 94596

Re:   Facebook, Inc. v. Power Ventures, Inc., et al, Case No. 5:08-cv-05780 (N.D. Cal.)

Dear Timothy:

I write in an effort to meet and confer regarding Power Venture's responses and objections to Facebook's First Set of Requests for Production.  Power's responses and production are inadequate, as described below, but I am hopeful that we can resolve the deficiencies without the need for Facebook to move to compel further responses and production of responsive materials.

As you know, Facebook propounded 50 separate document requests.  In response to 41 of those requests, Power agreed merely to "conduct a reasonable search," without agreeing to produce any responsive materials.  Such a response is inappropriate.  Power is required either to comply with the request for production or explain why it cannot fully comply.  Fed. R. Civ. P. 34(b)(2)(B).  Merely agreeing to "conduct a reasonable search" does not satisfy Rule 34.  Please supplement Power's responses by indicating which materials it will produce and which materials it intends to withhold (or has withheld).  To the extent Power is withholding any responsive materials, it must identify those materials and provide a basis for withholding them.

Power's production also is deficient.  In response to 50 document requests, Power produced 13 documents.  Most noticeably absent is Power's computer code, which is likely responsive to more than one request, but is specifically called for in response to Request No. 3.  Please immediately produce Power's computer code, as required by Request No. 3.  Other documents that were not produced include, at least:

1. documents related to Power's use of the Facebook source code to develop, test, implement, use or provide Power's services (Request No. 5);

2. documents related to Power's and/or its users' access to Facebook's website or servers (Request Nos. 6, 7, 8, 9, 22, 23, 24, 25, 26, 43, 44, 45, 47, 49);

3. documents related to Power users (Request Nos. 10, 11, 33);



**ORRICK**

Timothy L. Fisher
May 17, 2011
Page 2

4. documents related to communications with Facebook or its users (Request Nos. 12, 13, 14, 15, 16, 17, 18, 26, 42);

5. documents related to complaints Power received (Request Nos. 19, 20);

6. documents related to IP addresses or proxy servers used by Power (Request Nos. 8, 27, 28);

7. documents related to Power's Launch Promotion (Request No. 29, 30, 31);

8. documents related to EFF (Request Nos. 34, 35);

9. documents related to Power's affirmative defenses (Request No. 38);

10. documents related to Power employees (Request Nos. 47, 48); and

11. documents related to Power, generally (Request Nos. 39, 40, 41, 46, 50).

This list is not exhaustive, but instead illustrates the significant deficiencies in Power's production in response to Facebook's First Set of Requests for Production.

Please let me know when you are available to meet and confer, or if Power will voluntarily undertake to satisfy its discovery obligations.

Best regards,

Morvarid Metanat

# EXHIBIT D

I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
THOMAS J. GRAY (STATE BAR NO. 191411)
tgray@orrick.com
JULIO C. AVALOS (STATE BAR NO. 255350)
javalos@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:     +1-650-614-7400
Facsimile:      +1-650-614-7401

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>Plaintiff,<br><br>v.<br><br>POWER VENTURES, INC. a Cayman Island Corporation; STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, DOES 2-25, inclusive,<br><br>Defendants. | Case No.  5:08-cv-05780 JF (RS)<br><br>**FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT POWER VENTURES, INC.** |

Defendant Power Ventures, Inc. is HEREBY REQUESTED, pursuant to Rule 34 of the

Federal Rules of Civil Procedure, to respond to the following requests for production separately

and fully, in writing, and under penalty of perjury, within thirty (30) days after service or

whatever date is ordered by the Court, whichever is sooner.

/ / /

/ / /

/ / /

/ / /

### **DEFINITIONS**

A.      "ANY" shall be understood to include and encompass "ALL."  As used herein, the singular shall always include the plural and the present tense shall also include the past tense. The words "AND" as well as "OR" shall be construed disjunctively or conjunctively as necessary to bring within the scope of this request ALL DOCUMENTS or things that might otherwise be construed to be outside its scope.

B.      The terms "PERSON" and "PERSONS" mean both natural persons and legal entities, including without limitation, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, and governmental bodies or agencies.  Unless noted otherwise, references to any person, entity or party herein include its, his, or her agents, attorneys, employees, employers, officers, directors, or others acting on or purporting to act on behalf of said person, entity, or party.

C.      "EVIDENCE" or any variant thereof, including but not limited to "EVIDENCING," when used in connection with any document, shall be understood to apply if the document directly or indirectly mentions, discusses, constitutes, concerns, supports contradicts, relates to, refers to, or in any other way deals with the subject matter described in the request in which the term appears.

D.      "REFER TO" or "RELATE TO" as used herein mean pertaining to, relevant to, material to, evidencing, affecting, comprising, discussing, dealing with, considering or otherwise concerning in any manner whatsoever the subject matter of the inquiry.

E.      As used herein, the term "DOCUMENT" means the original and each non-identical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including but not limited to all materials that constitute "writings" or "recordings" or "photographs" within the broadest meaning of Rule 34 of the Federal Rules of Civil Procedure.  The word "Document" includes, without limitation, printed matter, electronic mail, materials stored on computer hard drives, diskettes, tapes, any other computer media, recorded voice mail messages and any other information stored magnetically, optically or electronically.

F.     "COMMUNICATION" as used herein means any contact, oral or documentary, formal or informal, at any place or under any circumstances whatsoever whereby information of any nature is transmitted or transferred, including without limitation, any note, memorandum or other record thereof, or a single person seeing or hearing any information by any means.

G.     "POWER," "YOU," "YOUR," means defendant Power Ventures, Inc. and its directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, AND ALL other persons and entities representing it acting on its behalf, OR purporting to act on its behalf, including without limitation, Steve Vachani.

H.     "FACEBOOK" means, without limitation, Facebook, Inc. (formerly TheFacebook, Inc.), its past and present parents, subsidiaries, affiliates, predecessors, divisions, officers, directors, trustees, employees, staff members, agents, counsel, representatives, consultants, AND ALL PERSONS acting or purporting to act on its behalf.

I.     "POWER USERS" means, without limitation, PERSONS registered to use the services provided by POWER, including without limitation, those provided at the Power.com website.

J.     "FACEBOOK USERS" means, without limitation, PERSONS registered to use the services provided by FACEBOOK at www.facebook.com and, previously, www.thefacebook.com.

K.     The "FACEBOOK WEBSITE" means, without limitation, the Internet website and service available at www.facebook.com; the computer servers hosting that website and service; ANY other FACEBOOK branded or co-branded website (including, without limitation, ANY AND ALL sub-domains, international versions, widgets, mobile versions AND successors thereof); the FACEBOOK Platform; social plug-ins such as the "like" button, the "share" button, AND other similar offerings; AND Facebook Application Programming Interface(s) ("API").

L.     The "POWER WEBSITE" means, without limitation, the Internet website and service located at http://www.power.com, as well as the computer servers hosting that website and service.

/ / /

1    M.    "COMPUTER CODE" means scripts, programs, or other code that YOU use or

2    used, or developed or in any way participated or assisted in the development thereof, in any

3    computer language (such as "PHP" or "Perl").

4    N.    "DATA" means, as defined by California Penal Code Section 502(b)(6), "a

5    representation of information, knowledge, facts, concepts, computer software, computer programs

6    or instructions.  Data may be in any form, in storage media, or as stored in the memory of the

7    computer or in transit or presented on a display device."

8                                    **INSTRUCTIONS**

9    A.    In responding to the following requests, you are required to provide ALL

10   DOCUMENTS that are available to YOU or within YOUR control, including DOCUMENTS in

11   the possession of YOUR attorneys, investigators, employees, agents, representatives, and

12   guardians or any other person acting on YOUR behalf, and not merely DOCUMENTS from

13   YOUR own personal files.

14   B.    If YOU object to any of the requests, YOU must state the grounds for any

15   objection(s).  If YOU object to only part of a request, YOU must state the objection and the

16   grounds for any objection(s) and respond to the remainder of the request.

17   C.    If YOU object to the production of any document on the grounds that it is

18   protected from disclosure by the attorney-client privilege, work-product doctrine, or any other

19   privilege, YOU are requested to identify each document for which the privilege is claimed and

20   give ALL information required by applicable case law, including but not limited to the following:

21          a.    the name of the writer, sender, or initiator of each copy of
                  the document;
22
            b.    the name of the recipient, addressee, or party to whom any
23                copy of the document was sent;

24          c.    the date of each copy of the document, if any, or an estimate
                  of its date;
25
            d.    a statement of the basis for the claim of privilege; and
26
            e.    description of the document sufficient for the Court to rule
27                on the applicability and appropriateness of the claimed privilege.

28   / / /

1    **REQUESTS FOR PRODUCTION**

2    **REQUEST FOR PRODUCTION NO. 1:**

3    ALL COMMUNICATIONS AND DOCUMENTS that RELATE TO the FACEBOOK

4    WEBSITE.

5    **REQUEST FOR PRODUCTION NO. 2**

6    ALL DOCUMENTS that RELATE TO the services provided by POWER to access the

7    FACEBOOK WEBSITE, including how they are provided AND all technology POWER uses OR

8    has used to enable access to the FACEBOOK WEBSITE. This includes, but is not limited to, the

9    process by which POWER provided OR provides POWER USERS with access to the

10   FACEBOOK WEBSITE.

11   **REQUEST FOR PRODUCTION NO. 3**

12   A copy of ALL versions of COMPUTER CODE (including, without limitation, source

13   code, object code, scripts OR ALL executable files) YOU used, OR use to copy, extract,

14   download, access OR retrieve data OR information from the FACEBOOK WEBSITE.

15   **REQUEST FOR PRODUCTION NO. 4**

16   A copy of ALL versions of COMPUTER CODE (including, without limitation, source

17   code, object code, scripts OR ALL executable files) YOU provided POWER USERS to use to

18   copy, extract, download, access OR retrieve data OR information from the FACEBOOK

19   WEBSITE.

20   **REQUEST FOR PRODUCTION NO. 5**

21   ALL DOCUMENTS related to YOUR copying OR making use of the FACEBOOK

22   source code to develop, test, implement, use OR provide YOUR aggregating services.

23   **REQUEST FOR PRODUCTION NO. 6**

24   ALL DOCUMENTS related to ANY FACEBOOK account POWER created OR

25   registered for to access the FACEBOOK WEBSITE AND/OR server(s) in the course and conduct

26   of POWER's business.

27   **REQUEST FOR PRODUCTION NO. 7**

28   ALL DOCUMENTS related to ANY POWER USERS' FACEBOOK account(s) POWER

1  used at ANY time to access the FACEBOOK WEBSITE in the course and conduct of POWER's

2  business.

3  **REQUEST FOR PRODUCTION NO. 8**

4      ALL COMMUNICATIONS AND DOCUMENTS concerning or that RELATE TO the

5  use of ANY server, including proxy server, to access the FACEBOOK WEBSITE.

6  **REQUEST FOR PRODUCTION NO. 9**

7      DOCUMENTS sufficient to show the number of times POWER accessed OR provided

8  POWER USERS with access to the FACEBOOK WEBSITE between January 1, 2007 AND the

9  present date.

10  **REQUEST FOR PRODUCTION NO. 10**

11      DOCUMENTS sufficient to show the number of POWER USERS on a month-to-month

12  basis beginning January 1, 2007 through the present date.

13  **REQUEST FOR PRODUCTION NO. 11**

14      DOCUMENTS sufficient to show the number of FACEBOOK USERS who enrolled OR

15  registered for the POWER WEBSITE beginning January 1, 2007 through the present date.

16  **REQUEST FOR PRODUCTION NO. 12**

17      ALL DOCUMENTS that RELATE TO ANY message OR communication sent to

18  FACEBOOK USERS.

19  **REQUEST FOR PRODUCTION NO. 13**

20      ALL DOCUMENTS that RELATE TO ANY message OR communication sent to

21  FACEBOOK USERS encouraging OR soliciting them to enroll in OR use the POWER

22  WEBSITE.

23  **REQUEST FOR PRODUCTION NO. 14**

24      ALL DOCUMENTS that RELATE TO ANY message OR communication sent to

25  FACEBOOK USERS relating to ANY commercial purpose.

26  **REQUEST FOR PRODUCTION NO. 15**

27      DOCUMENTS sufficient to show the number of messages OR communications sent via

28  the FACEBOOK WEBSITE to FACEBOOK USERS.

**REQUEST FOR PRODUCTION NO. 16**

DOCUMENTS sufficient to show the number of messages OR communications sent via the FACEBOOK WEBSITE to FACEBOOK USERS encouraging OR soliciting them to enroll in OR use the POWER WEBSITE.

**REQUEST FOR PRODUCTION NO. 17**

DOCUMENTS sufficient to show the numbers of messages OR communications sent via the FACEBOOK WEBSITE to FACEBOOK USERS  RELATED to ANY commercial purpose.

**REQUEST FOR PRODUCTION NO. 18**

ALL COMMUNICATIONS OR DOCUMENTS sent from FACEBOOK USERS to YOU concerning, OR RELATED TO the POWER WEBSITE.

**REQUEST FOR PRODUCTION NO. 19**

ALL COMMUNICATIONS OR DOCUMENTS constituting OR relating to complaints received by YOU related to OR concerning the POWER WEBSITE.

**REQUEST FOR PRODUCTION NO. 20**

ALL COMMUNICATIONS OR DOCUMENTS constituting, concerning, OR relating to complaints received by YOU that RELATE to e-mails encouraging OR soliciting individuals to enroll in OR use the POWER WEBSITE.

**REQUEST FOR PRODUCTION NO. 21**

ALL DOCUMENTS that RELATE TO YOUR knowledge of technical measures to block OR in ANY way inhibit YOU OR POWER USERS from accessing the FACEBOOK WEBSITE, including, but not limited to, ANY blocks to YOUR IP address.

**REQUEST FOR PRODUCTION NO. 22**

ALL DOCUMENTS that RELATE TO YOUR access to the FACEBOOK WEBSITE following FACEBOOK'S implementation of ANY technical measures to block such access, including, but not limited to, blocks of YOUR IP address, including how such access was achieved.

**REQUEST FOR PRODUCTION NO. 23**

ALL DOCUMENTS that RELATE TO YOUR providing POWER USERS with the

means to access the FACEBOOK WEBSITE following FACEBOOK'S implementation of ANY technical measures to block such access, including, but not limited to, blocks of YOUR IP address(es), including how such access was achieved.

**REQUEST FOR PRODUCTION NO. 24**

ALL DOCUMENTS that RELATE TO YOUR access to the FACEBOOK WEBSITE subsequent to your knowledge OR awareness that YOU did not have FACEBOOK's permission to access the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 25**

ALL DOCUMENTS that RELATE TO YOUR providing POWER USERS with the means to access the FACEBOOK WEBSITE subsequent to your knowledge OR awareness that YOU did not have FACEBOOK's permission to access the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 26**

ALL DOCUMENTS that RELATE TO the occurrences between January 1, 2007 AND the present date, where YOU accessed the FACEBOOK WEBSITE to send, OR to encourage POWER USERS to send messages to FACEBOOK USERS.

**REQUEST FOR PRODUCTION NO. 27**

ALL COMMUNICATIONS AND DOCUMENTS concerning OR that RELATE TO ANY IP addresses used by YOU.

**REQUEST FOR PRODUCTION NO. 28**

ALL COMMUNICATIONS AND DOCUMENTS concerning OR that RELATE TO ANY AND all IP addresses from which YOU accessed or provided POWER USERS the means for accessing the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 29**

ALL DOCUMENTS relating to YOUR "Launch Promotion" beginning on OR before December 26, 2008 in which POWER USERS were promised the chance to win one hundred dollars if they successfully invited AND signed up new POWER USERS.

**REQUEST FOR PRODUCTION NO. 30**

DOCUMENTS sufficient to show the number of POWER USERS that participated in

1    YOUR "Launch Promotion" beginning on OR before December 26, 2008 in which POWER

2    USERS were promised the chance to win one hundred dollars if they successfully invited AND

3    signed up new POWER USERS.

4    **REQUEST FOR PRODUCTION NO. 31**

5         ALL DOCUMENTS relating to ANY actual payment of one hundred dollars made to a

6    POWER USER in regards OR relating to the "Launch Promotion" described in Request for

7    Production No. 29.

8    **REQUEST FOR PRODUCTION NO. 32**

9         ANY AND ALL DOCUMENTS relating to the POWER WEBSITE in which the

10   FACEBOOK logo OR name is OR was used.

11   **REQUEST FOR PRODUCTION NO. 33**

12        ANY AND ALL DOCUMENTS presented to POWER USERS during the POWER

13   registration process, including ANY AND ALL iterations of such DOCUMENTS.

14   **REQUEST FOR PRODUCTION NO. 34**

15        ANY AND ALL COMMUNICATIONS between POWER and the Electronic Frontier

16   Foundation ("EFF").

17   **REQUEST FOR PRODUCTION NO. 35**

18        If it is YOUR contention that ANY of the COMMUNICATIONS between POWER and

19   EFF are privileged, produce ANY joint defense agreement between POWER AND the EFF.

20   **REQUEST FOR PRODUCTION NO. 36**

21        ALL DOCUMENTS reflecting, associated with, OR that RELATE TO ANY of YOUR

22   responses to FACEBOOK's concurrently-served First Set of Interrogatories to Defendant Power

23   Ventures, Inc.

24   **REQUEST FOR PRODUCTION NO. 37**

25        ALL DOCUMENTS relating to, reflecting, or associated with ANY of the allegations

26   made in FACEBOOK's First Amended Complaint in this action.

27   / / /

28

**REQUEST FOR PRODUCTION NO. 38**

ALL DOCUMENTS relating to, reflecting, associated with OR supporting YOUR affirmative defenses to FACEBOOK's First Amended Complaint.

**REQUEST FOR PRODUCTION NO. 39**

ALL DOCUMENTS reflecting, associated with, OR that RELATE TO ANY insurance policy currently issued to POWER.

**REQUEST FOR PRODUCTION NO. 40**

DOCUMENTS sufficient to show POWER's monthly AND annual revenue.

**REQUEST FOR PRODUCTION NO. 41**

DOCUMENTS sufficient to show POWER's monthly AND annual income.

**REQUEST FOR PRODUCTION NO. 42**

ALL DOCUMENTS that RELATE TO ANY COMMUNICATION between YOU AND FACEBOOK OR FACEBOOK's attorneys.

**REQUEST FOR PRODUCTION NO. 43**

ALL DOCUMENTS that RELATE to ANY protocols, policies, OR procedures relating to YOUR current OR previous storage of FACEBOOK user information, including, but not limited to, login information.

**REQUEST FOR PRODUCTION NO. 44**

DOCUMENTS sufficient to determine the protocols, policies, OR procedures relating to YOUR current OR previous storage of FACEBOOK user information, including, but not limited to, login information.

**REQUEST FOR PRODUCTION NO. 45**

DOCUMENTS sufficient to determine the manner in which YOU currently store, save OR otherwise retain, OR YOU previously stored, saved, OR otherwise retained, DATA obtained from the FACEBOOK WEBSITE, including, but not limited to, documents relating to the computers OR servers where such DATA is stored, the location of those computers OR servers, AND the security protocols on such computers or servers.

/ / /

1    **REQUEST FOR PRODUCTION NO. 46**

2          ALL DOCUMENTS relating to ANY commercial contracts OR agreements that YOU

3    have entered into RELATING TO the sale OR use of DATA obtained from ANY third-party

4    website, including, but not limited to, the FACEBOOK WEBSITE.

5    **REQUEST FOR PRODUCTION NO. 47**

6          DOCUMENTS sufficient to determine the number AND identities of YOUR employees

7    with access to FACEBOOK login information.

8    **REQUEST FOR PRODUCTION NO. 48**

9          DOCUMENTS sufficient to determine the number AND identities of YOUR employees

10   with access to DATA obtained from the FACEBOOK WEBSITE.

11   **REQUEST FOR PRODUCTION NO. 49**

12         ALL DOCUMENTS relating to ANY deletion OR purging from YOUR computers,

13   servers OR storage devices, of DATA obtained from the FACEBOOK WEBSITE, including the

14   dates, purposes, AND/OR reasons for such deletions.

15   **REQUEST FOR PRODUCTION NO. 50**

16         ALL DOCUMENTS sufficient to demonstrate, from 2008 to present, YOUR corporate

17   structure, including, but not limited to, the identities AND titles of your managers, officers, OR

18   executives.

19

20

21   Dated: October 22, 2010                    ORRICK, HERRINGTON & SUTCLIFFE LLP

22

23

24                                             JULIO C. AVALOS
                                               Attorneys for Plaintiff
25                                             FACEBOOK, INC.

26

27

28