# EXHIBIT 6

I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
THERESA A. SUTTON (STATE BAR NO. 211857)
tsutton@orrick.com
MORVARID METANAT (STATE BAR NO. 268228)
mmetanat@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:    650-614-7400
Facsimile:     650-614-7401

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>             Plaintiff,<br><br>      v.<br><br>POWER VENTURES, INC. a Cayman Island Corporation; STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, DOES 2-25, inclusive,<br><br>             Defendants. | Case No.  5:08-cv-05780 JW (HRL)<br><br>**FACEBOOK, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT POWER VENTURES, INC.** |

Defendant Power Ventures, Inc. is HEREBY REQUESTED, pursuant to Rule 34 of the Federal Rules of Civil Procedure, to respond to the following requests for production separately and fully, in writing, and under penalty of perjury, within thirty (30) days after service.

## DEFINITIONS

1. "ANY" shall be understood to encompass "ALL." As used herein, the singular shall always include the plural and the present tense shall also include the past tense. The words "AND" as well as "OR" shall be construed disjunctively or conjunctively as necessary to bring within the scope of this request ALL DOCUMENS or things that might otherwise be construed to be outside the scope.

2. As used herein, the term "DOCUMENT" means the original and each non-identical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including but not limited to all materials that constitute "writings" or "recordings" or "photographs" within the broadest meaning of Rule 34 of the Federal Rules of Civil Procedure. The word "Document" includes, without limitation, printed matter, electronic mail, materials stored on computer hard drives, diskettes, tapes, any other computer media, recorded voice mail messages and any other information stored magnetically, optically or electronically.

3. "COMMUNICATION" as used herein means any contact, oral or documentary, formal or informal, at any place or under any circumstances whatsoever whereby information of any nature is transmitted or transferred, including without limitation, any note, memorandum or other record thereof, or a single person seeing or hearing any information by any means.

4. "POWER," "YOU," "YOUR," means defendant Power Ventures, Inc., and its directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, AND ALL other persons and entities representing it acting on its behalf, OR purporting to act on its behalf, including without limitation, Steve Vachani.

5. "FACEBOOK" means, without limitation, Facebook, Inc. (formerly TheFacebook, Inc.), its past and present parents, subsidiaries, affiliates, predecessors, divisions, officers, directors, trustees, employees, staff members, agents, counsel, representatives, consultants, AND

ALL PERSONS acting or purporting to act on its behalf.

6. "FACEBOOK USERS" means, without limitation, PERSONS registered to use the services provided by FACEBOOK at www.facebook.com and, previously, www.thefacebook.com.

7. The "FACEBOOK WEBSITE" means, without limitation, the Internet website and service available at www.facebook.com; the computer servers hosting that website and service; ANY other FACEBOOK branded or co-branded website (including, without limitation, ANY AND ALL sub-domains, international versions, widgets, mobile versions AND successors thereof); the FACEBOOK Platform; social plug-ins such as the "like" button, the "share" button, AND other similar offerings; AND Facebook Application Programming Interface(s).

8. "DATA" means, as defined by California Penal Code Section 502(b)(6), "a representation of information, knowledge, facts, concepts, computer software, computer programs or instructions. Data may be in any form, in storage media, or as stored in the memory of the computer or in transit or presented on a display device."

## INSTRUCTIONS

9. In responding to the following requests, you are required to provide ALL DOCUMENTS that are available to YOU or within YOUR control, including DOCUMENTS in the possession of YOUR attorneys, investigators, employees, agents, representatives, and guardians or any other person acting on YOUR behalf, and not merely DOCUMENTS from YOUR own personal files.

10. If YOU object to any of the requests, YOU must state the grounds for any objection(s). If YOU object to only part of a request, YOU must state the objection and the grounds for any objection(s) and respond to the remainder of the request.

11. If YOU object to the production of any document on the grounds that it is protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege, YOU are requested to identify each document for which the privilege is claimed and give ALL information required by applicable case law, including but not limited to the following:

///

a.   the name of the writer, sender, or initiator of each copy of the document;

b.   the name of the recipient, addressee, or party to whom any copy of the document was sent;

c.   the date of each copy of the document, if any, or an estimate of its date;

d.   a statement of the basis for the claim of privilege; and

e.   description of the document sufficient for the Court to rule on the applicability and appropriateness of the claimed privilege.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 51:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute POWER'S current OR previous document retention protocols, policies, OR procedures.

**REQUEST FOR PRODUCTION NO. 52:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute POWER'S current OR previous document collection protocols, policies, OR procedures.

**REQUEST FOR PRODUCTION NO. 53:**

ALL DOCUMENTS that summarize, describe, refer to, OR relate to POWER's search for, collection, and production of documents in the above-titled litigation.

**REQUEST FOR PRODUCTION NO. 54:**

ALL DOCUMENTS that summarize, describe, refer to, OR relate to POWER's disposal and/or destruction of documents relevant to the above-titled litigation.

**REQUEST FOR PRODUCTION NO. 55:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute POWER'S marketing OR advertising efforts OR campaigns.

**REQUEST FOR PRODUCTION NO. 56:**

ALL DOCUMENTS AND COMMUNICATIONS that summarize, describe, refer to, relate to, OR constitute ANY contract(s) or agreement(s) between POWER and third-party advertisers.

///

**REQUEST FOR PRODUCTION NO. 57:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute COMMUNICATIONS with the California Secretary of State about POWER.

**REQUEST FOR PRODUCTION NO. 58:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute COMMUNICATIONS with the Cayman Island's Registrar of Companies about POWER.

**REQUEST FOR PRODUCTION NO. 59:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute COMMUNICATIONS about the sale of the Power.com domain name.

**REQUEST FOR PRODUCTION NO. 60:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute registration of the Power.com domain name.

**REQUEST FOR PRODUCTION NO. 61:**

ALL DOCUMENTS that that summarize, describe, refer to, OR relate to the registration of POWER as a corporation in ANY state, country, or other territory, without limitation.

**REQUEST FOR PRODUCTION NO. 62:**

ALL DOCUMENTS that summarize, describe, refer to, OR relate to YOUR COMMUNICATIONS with FACEBOOK, including YOUR COMMUNICATION with Joseph Cutler.

**REQUEST FOR PRODUCTION NO. 63:**

ALL DOCUMENTS that summarize, describe, refer to, OR relate to POWER's business decision to not prevent the interruption of service to POWER USERS while making changes to address Facebook's concerns, as Steve Vachani described in his December 26, 2008 letter to Joseph Cutler.

**REQUEST FOR PRODUCTION NO. 64:**

ALL DOCUMENTS that summarize, describe, refer to, OR relate to the "user experience," referred to in Steve Vachani's December 25, 2008 email to Eric Santos and Bruno Carvalho, produced at POWER 2011.02.03 000086.

**REQUEST FOR PRODUCTION NO. 65:**

ALL DOCUMENTS that summarize, describe, refer to, OR relate to Steve Vachani's statement that POWER "need[ed] to be prepared for Facebook to try to block" Power.com, as written in Steve Vachani's December 1, 2008 email to Felipe Herrera and Eric Santos, produced at POWER 2011.02.03 000089-90.

**REQUEST FOR PRODUCTION NO. 66:**

ALL DOCUMENTS that summarize, describe, refer to, OR relate to the statement in Steve Vachani's May 6, 2011, Declaration that "Facebook's IP blocking attack was partial, incomplete, and ineffective."

**REQUEST FOR PRODUCTION NO. 67:**

ALL COMMUNICATIONS between YOU and Roy Schwartz that describe, refer to OR relate to POWER.

**REQUEST FOR PRODUCTION NO. 68:**

ALL DOCUMENTS that that summarize, describe, refer to, relate to, OR constitute COMMUNICATIONS between YOU and Steve Vachani about POWER's access to the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 69:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute COMMUNICATIONS between YOU and Eric Santos about POWER's access to the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 70:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute COMMUNICATIONS between YOU and Leigh Power about POWER's access to the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 71:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute COMMUNICATIONS between YOU and Bruno Carvalho about POWER's access to the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 72:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute COMMUNICATIONS between YOU and Tyago Valenca about POWER's access to the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 73:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute COMMUNICATIONS between YOU and Felipe Herrera about POWER's access to the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 74:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute COMMUNICATIONS between YOU and Steve Vachani about POWER's use OR sale of DATA OR information obtained from the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 75:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute COMMUNICATIONS between YOU and Eric Santos about POWER's use OR sale of DATA OR information obtained from the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 76:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute COMMUNICATIONS between YOU and Leigh Power about POWER's use OR sale of DATA OR information obtained from the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 77:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute COMMUNICATIONS between YOU and Bruno Carvalho about POWER's use OR sale of DATA OR information obtained from the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 78:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute COMMUNICATIONS between YOU and Tyago Valenca about POWER's use OR sale of DATA OR information obtained from the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 79:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute COMMUNICATIONS between YOU and Felipe Herrera about POWER's use OR sale of DATA OR information obtained from the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 80:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute COMMUNICATIONS between YOU and Steve Vachani about any potential business relationship between YOU and FACEBOOK.

**REQUEST FOR PRODUCTION NO. 81:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute COMMUNICATIONS between YOU and Eric Santos about any potential business relationship between YOU and FACEBOOK.

**REQUEST FOR PRODUCTION NO. 82:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute COMMUNICATIONS between YOU and Bruno Carvalho about any potential business relationship between YOU and FACEBOOK.

**REQUEST FOR PRODUCTION NO. 83:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute COMMUNICATIONS between YOU and Tyago Valenca about any potential business relationship between YOU and FACEBOOK.

**REQUEST FOR PRODUCTION NO. 84:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute COMMUNICATIONS between YOU and Felipe Herrera about any potential business relationship between YOU and FACEBOOK.

**REQUEST FOR PRODUCTION NO. 85:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute COMMUNICATIONS between YOU and Leigh Power about any potential business relationship between YOU and FACEBOOK.

**REQUEST FOR PRODUCTION NO. 86:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute COMMUNICATIONS between YOU and ANY investors OR potential investors in POWER.

**REQUEST FOR PRODUCTION NO. 87:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute ANY business plans, strategic plans, sales plans, OR other planning DOCUMENT for POWER.

**REQUEST FOR PRODUCTION NO. 88:**

ALL DOCUMENTS that summarize, describe, refer to, OR relate to data extraction as described in the Power.com Developer Manual, POWER 2011.02.03.000007.

**REQUEST FOR PRODUCTION NO. 89:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute PowerScript, as the term is used in POWER 2011.02.03.000004-22.

Dated: June 3, 2011

ORRICK, HERRINGTON & SUTCLIFFE LLP

_____
Morvarid Metanat
Attorneys for Plaintiff
FACEBOOK, INC.

1  I. NEEL CHATTERJEE (STATE BAR NO. 173985)
   nchatterjee@orrick.com
2  THERESA A. SUTTON (STATE BAR NO. 211857)
   tsutton@orrick.com
3  MORVARID METANAT (STATE BAR NO. 268228)
   mmetanat@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
5  Menlo Park, CA  94025
   Telephone:    650-614-7400
6  Facsimile:    650-614-7401

7  Attorneys for Plaintiff
   FACEBOOK, INC.
8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                  SAN JOSE DIVISION

12

13  FACEBOOK, INC.,                          Case No.  5:08-cv-05780 JW (HRL)

14              Plaintiff,                   **PROOF OF SERVICE**

15       v.

16  POWER VENTURES, INC. a Cayman Island
    Corporation; STEVE VACHANI, an
17  individual; DOE 1, d/b/a POWER.COM,
    DOES 2-25, inclusive,
18
                Defendants.
19

20

## DECLARATION OF SERVICE

I am more than eighteen years old and not a party to this action. My business address is Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, CA 94025. On June 3, 2011, I served the following document(s):

**FACEBOOK, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT POWER VENTURES, INC.**

| | |
|---|---|
| X | By transmitting via electronic mail the document(s) listed above to the email addresses(s) set forth below before 5:30 p.m. on June 3, 2011. |
| X | By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Menlo Park, California addressed as set forth below on June 3, 2011. |

Scott A. Bursor, Esq. *(admitted pro hac vice)*
(scott@bursor.com)
**BURSOR & FISHER, P.A**
369 Lexington Avenue, 10th Floor
New York, NY 10017-6531
Tel: 212-989-9113
Fax: 212-989-9163

Lawrence Timothy Fisher, Esq.
(ltfisher@bursor.com)
**BURSOR & FISHER, P.A**
2121 North California Blvd., Suite 1010
Walnut Creek, CA 94596
Tel: 925-482-1515
Fax: 925-407-2700

Alan R Plutzik, Esq.
(aplutzik@bramsonplutzik.com)
Michael S. Strimling, Esq.
(mstrimling@bramsonplutzik.com)
**BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER LLP**
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Tel: 925-945-0200
Fax: 925-945-8792

**COUNSEL FOR DEFENDANTS POWER VENTURES, INC. A CAYMAN ISLAND CORPORATION AND STEVEN VACHANI**

I am readily familiar with my firm's practice for collection and processing correspondence for mailing in the United States Postal Service, to wit, that correspondence be deposited with the United States Postal Service this same day in the ordinary course of business.

Executed on June 3, 2011 at Menlo Park, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*/s/ Diane Escamilla*
Diane Escamilla