# EXHIBIT 7

LAW OFFICES OF SCOTT A. BURSOR
Scott A. Bursor (*pro hac vice*)
369 Lexington Avenue, 10th Floor
New York, NY  10017
Telephone:  (212) 989-9113
Facsimile:  (212) 989-9163

BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
Alan R. Plutzik (State Bar No. 077785)
L. Timothy Fisher (State Bar No. 191626)
2125 Oak Grove Road, Suite 120
Walnut Creek, CA  94598
Telephone:  (925) 945-0200
Facsimile:  (925) 945-8792

Attorneys for Defendants Power
Ventures, Inc. and Steve Vachani

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC.,<br><br>                                        Plaintiff,<br><br>-against-<br><br>POWER VENTURES, INC. d/b/a POWER.COM, a California corporation; POWER VENTURES, INC. a Cayman Island Corporation, STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, an individual and/or business entity of unknown nature; DOES 2 through 25, inclusive, individuals and/or business entities of unknown nature,<br><br>                                        Defendants. | Case No. 5:08-cv-05780 JF (RS)<br><br>**DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION** |

**PRELIMINARY STATEMENT**

Preliminarily, it should be noted that defendant Power has not fully completed its investigation of the facts relating to this case, has not fully completed discovery in this action and has not completed preparation necessary for trial.  All of the answers contained herein are based only on such information and documents which are presently available to and specifically known to Power.  It is anticipated that further discovery, independent investigation, and legal research and analysis will supply additional facts, add meaning to the known facts, and establish entirely new factual and legal conclusions.  All of these may lead to substantial additions to, modifications of and variations from the information set forth herein.  The following responses are given without prejudice to Power's right to produce evidence of subsequently discovered fact or facts which Power may recall or learn at a later date.  Power accordingly reserves the right to change all answers herein as additional facts are ascertained, analysis is made, and legal research is completed.

**GENERAL OBJECTIONS**

In addition to those objections set forth specifically within the response to each document request, Power interposes the following general objections to the entire set of document requests, and to each individual document request thereof, which general objections are incorporated by reference in each and every response to each specific document request.  Power's failure to repeat expressly these general objections in each response shall not be deemed a waiver thereof.  Moreover, Power's specification of one or more objections in any given response is not intended to preclude the applicability of any of these general objections.  The assertion of any objection to a document request in any response below is neither intended as, nor shall in any way be deemed, a waiver of Power's right to assert that or any other objection at a later date.  Power's general objections are as follows:

1.      Power objects to the document requests on the ground that the document requests, individually and taken as a whole, are overly broad, unduly burdensome, oppressive and seek to impose broader response obligations on Power than those imposed by the Federal Rules of Civil

Procedure.  In addition, Power objects to the extent that the documents and information sought by the requests is equally available to plaintiff.

2.      Power objects to the document requests on the ground and to the extent they seek documents and information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

3.      Power objects to the document requests on the ground that they call for the disclosure of communications that are protected by the attorney-client privilege, the attorney work product privilege, or any other applicable privilege.

4.      Power objects to the document requests to the extent they request documents and information by reference to purported facts that Power disputes and/or which have not been established in this case.  Power has advanced certain positions of law and fact.  Power's statements of law and fact are a matter of record and are not subject to recharacterization by plaintiff.

5.      Power objects to the document requests to the extent they seek documents and information that can only be provided, or will or should be provided at trial by persons qualified as experts in their fields.  Power expressly reserves the right to call such persons to testify at trial without waiver of the right to protect the identities of persons who it has consulted in the course of this litigation for purposes of expert advice.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

ALL COMMUNICATIONS AND DOCUMENTS that RELATE TO the FACEBOOK WEBSITE.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 2**

ALL DOCUMENTS that RELATE TO the services provided by POWER to access the FACEBOOK WEBSITE, including how they are provided AND all technology POWER uses OR has used to enable access to the FACEBOOK WEBSITE. This includes, but is not limited to, the process by which POWER provided OR provides POWER USERS with access to the FACEBOOK WEBSITE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 3**

A copy of ALL versions of COMPUTER CODE (including, without limitation, source code, object code, scripts OR ALL executable files) YOU used, OR use to copy, extract, download, access OR retrieve data OR information from the FACEBOOK WEBSITE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Power further objects to this request on the ground that it seeks highly confidential and proprietary trade secret information.  Subject to and without waiving these objections, Power responds that it will produce its June 2007 PowerScript Training document, and its PowerScript Documentation Developer Manual upon the entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 4**

A copy of ALL versions of COMPUTER CODE (including, without limitation, source code, object code, scripts OR ALL executable files) YOU provided POWER USERS to use to

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO.  5:08-CV-05780 JF  (RS)

3

copy, extract, download, access OR retrieve data OR information from the FACEBOOK WEBSITE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

      Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Power further objects to this request on the ground that it seeks highly confidential and proprietary trade secret information.  Subject to and without waiving these objections, Power responds that it will produce its June 2007 PowerScript Training document, and its PowerScript Documentation Developer Manual upon the entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 5**

      ALL DOCUMENTS related to YOUR copying OR making use of the FACEBOOK source code to develop, test, implement, use OR provide YOUR aggregating services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

      Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 6**

      ALL DOCUMENTS related to ANY FACEBOOK account POWER created OR registered for to access the FACEBOOK WEBSITE AND/OR server(s) in the course and conduct of POWER's business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

      Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO.  5:08-CV-05780 JF  (RS)

4

evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 7**

ALL DOCUMENTS related to ANY POWER USERS' FACEBOOK account(s) POWER used at ANY time to access the FACEBOOK WEBSITE in the course and conduct of POWER's business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 8**

ALL COMMUNICATIONS AND DOCUMENTS concerning or that RELATE TO the use of ANY server, including proxy server, to access the FACEBOOK WEBSITE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 9**

DOCUMENTS sufficient to show the number of times POWER accessed OR provided POWER USERS with access to the FACEBOOK WEBSITE between January 1, 2007 AND the present date.

/       /       /

/       /       /

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO.  5:08-CV-05780 JF  (RS)

5

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to show the number of POWER USERS on a month-to-month basis beginning January 1, 2007 through the present date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Power further objects to this request on the ground that it seeks highly confidential and proprietary trade secret information.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 11**

DOCUMENTS sufficient to show the number of FACEBOOK USERS who enrolled OR registered for the POWER WEBSITE beginning January 1, 2007 through the present date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Power further objects to this request on the ground that it seeks highly confidential and proprietary trade secret information.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 12**

ALL DOCUMENTS that RELATE TO ANY message OR communication sent to FACEBOOK USERS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 13**

ALL DOCUMENTS that RELATE TO ANY message OR communication sent to FACEBOOK USERS encouraging OR soliciting them to enroll in OR use the POWER WEBSITE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 14**

ALL DOCUMENTS that RELATE TO ANY message OR communication sent to FACEBOOK USERS relating to ANY commercial purpose.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO.  5:08-CV-05780 JF  (RS)

7

**REQUEST FOR PRODUCTION NO. 15**

DOCUMENTS sufficient to show the number of messages OR communications sent via the FACEBOOK WEBSITE to FACEBOOK USERS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 16**

DOCUMENTS sufficient to show the number of messages OR communications sent via the FACEBOOK WEBSITE to FACEBOOK USERS encouraging OR soliciting them to enroll in OR use the POWER WEBSITE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 17**

DOCUMENTS sufficient to show the numbers of messages OR communications sent via the FACEBOOK WEBSITE to FACEBOOK USERS  RELATED to ANY commercial purpose.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 18**

ALL COMMUNICATIONS OR DOCUMENTS sent from FACEBOOK USERS to YOU concerning, OR RELATED TO the POWER WEBSITE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 19**

ALL COMMUNICATIONS OR DOCUMENTS constituting OR relating to complaints received by YOU related to OR concerning the POWER WEBSITE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 20**

ALL COMMUNICATIONS OR DOCUMENTS constituting, concerning, OR relating to complaints received by YOU that RELATE to e-mails encouraging OR soliciting individuals to enroll in OR use the POWER WEBSITE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO.  5:08-CV-05780 JF  (RS)

9

**REQUEST FOR PRODUCTION NO. 21**

ALL DOCUMENTS that RELATE TO YOUR knowledge of technical measures to block OR in ANY way inhibit YOU OR POWER USERS from accessing the FACEBOOK WEBSITE, including, but not limited to, ANY blocks to YOUR IP address.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 22**

ALL DOCUMENTS that RELATE TO YOUR access to the FACEBOOK WEBSITE following FACEBOOK'S implementation of ANY technical measures to block such access, including, but not limited to, blocks of YOUR IP address, including how such access was achieved.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 23**

ALL DOCUMENTS that RELATE TO YOUR providing POWER USERS with the means to access the FACEBOOK WEBSITE following FACEBOOK'S implementation of ANY technical measures to block such access, including, but not limited to, blocks of YOUR IP address(es), including how such access was achieved.

/        /        /

/        /        /

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO.  5:08-CV-05780 JF  (RS)

10

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 24**

ALL DOCUMENTS that RELATE TO YOUR access to the FACEBOOK WEBSITE subsequent to your knowledge OR awareness that YOU did not have FACEBOOK's permission to access the FACEBOOK WEBSITE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 25**

ALL DOCUMENTS that RELATE TO YOUR providing POWER USERS with the means to access the FACEBOOK WEBSITE subsequent to your knowledge OR awareness that YOU did not have FACEBOOK's permission to access the FACEBOOK WEBSITE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

/        /        /

/        /        /

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO.  5:08-CV-05780 JF  (RS)

11

**REQUEST FOR PRODUCTION NO. 26**

ALL DOCUMENTS that RELATE TO the occurrences between January 1, 2007 AND the present date, where YOU accessed the FACEBOOK WEBSITE to send, OR to encourage POWER USERS to send messages to FACEBOOK USERS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 27:**

ALL COMMUNICATIONS AND DOCUMENTS concerning OR that RELATE TO ANY IP addresses used by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 28**

ALL COMMUNICATIONS AND DOCUMENTS concerning OR that RELATE TO ANY AND all IP addresses from which YOU accessed or provided POWER USERS the means for accessing the FACEBOOK WEBSITE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO.  5:08-CV-05780 JF  (RS)

12

1  evidence.  Subject to and without waiving these objections, Power responds that it will conduct a

2  reasonable search for documents responsive to this request.

3  **REQUEST FOR PRODUCTION NO. 29**

4
5  ALL DOCUMENTS relating to YOUR "Launch Promotion" beginning on OR before

6  December 26, 2008 in which POWER USERS were promised the chance to win one hundred

7  dollars if they successfully invited AND signed up new POWER USERS.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

9  Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not

10  relevant to the subject matter of this action and not calculated to lead to the discovery of admissible

11  evidence.  Subject to and without waiving these objections, Power responds that it will conduct a

12  reasonable search for documents responsive to this request.

13  **REQUEST FOR PRODUCTION NO. 30**

14
15  DOCUMENTS sufficient to show the number of POWER USERS that participated in

16  YOUR "Launch Promotion" beginning on OR before December 26, 2008 in which POWER

17  USERS were promised the chance to win one hundred dollars if they successfully invited AND

18  signed up new POWER USERS.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

20  Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not

21  relevant to the subject matter of this action and not calculated to lead to the discovery of admissible

22  evidence.  Subject to and without waiving these objections, Power responds that it will conduct a

23  reasonable search for documents responsive to this request.

24  **REQUEST FOR PRODUCTION NO. 31**

25
26  ALL DOCUMENTS relating to ANY actual payment of one hundred dollars made to a

27  POWER USER in regards OR relating to the "Launch Promotion" described in Request for

28  Production No. 29.

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO.  5:08-CV-05780 JF  (RS)

13

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 32**

ANY AND ALL DOCUMENTS relating to the POWER WEBSITE in which the FACEBOOK logo OR name is OR was used.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 33**

ANY AND ALL DOCUMENTS presented to POWER USERS during the POWER registration process, including ANY AND ALL iterations of such DOCUMENTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 34**

ANY AND ALL COMMUNICATIONS between POWER and the Electronic Frontier Foundation ("EFF").

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Power further objects to this request as calling for information protected by the attorney-client and/or attorney work product privilege.

**REQUEST FOR PRODUCTION NO. 35**

If it is YOUR contention that ANY of the COMMUNICATIONS between POWER and EFF are privileged, produce ANY joint defense agreement between POWER AND the EFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Power objects to this request as not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 36**

ALL DOCUMENTS reflecting, associated with, OR that RELATE TO ANY of YOUR responses to FACEBOOK's concurrently-served First Set of Interrogatories to Defendant Power Ventures, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Power objects to this request as vague, ambiguous and overbroad.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 37**

ALL DOCUMENTS relating to, reflecting, or associated with ANY of the allegations made in FACEBOOK's First Amended Complaint in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Power objects to this request as vague, ambiguous and overbroad.

**REQUEST FOR PRODUCTION NO. 38**

ALL DOCUMENTS relating to, reflecting, associated with OR supporting YOUR affirmative defenses to FACEBOOK's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Power objects to this request as vague, ambiguous and overbroad.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 39**

ALL DOCUMENTS reflecting, associated with, OR that RELATE TO ANY insurance policy currently issued to POWER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Power objects to this request as not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 40**

DOCUMENTS sufficient to show POWER's monthly AND annual revenue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Power objects to this request as not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 41**

DOCUMENTS sufficient to show POWER's monthly AND annual income.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Power objects to this request as not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 42**

ALL DOCUMENTS that RELATE TO ANY COMMUNICATION between YOU AND FACEBOOK OR FACEBOOK's attorneys.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Power objects to this request as overbroad and unduly burdensome.  Power also objects to this request as calling for information protected by the attorney-client and/or attorney work product privilege.

**REQUEST FOR PRODUCTION NO. 43**

ALL DOCUMENTS that RELATE to ANY protocols, policies, OR procedures relating to YOUR current OR previous storage of FACEBOOK user information, including, but not limited to, login information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Power further objects to this request on the ground that it seeks highly confidential and proprietary trade secret information.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 44**

DOCUMENTS sufficient to determine the protocols, policies, OR procedures relating to YOUR current OR previous storage of FACEBOOK user information, including, but not limited to, login information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Power further objects to this request on the ground that it seeks highly confidential and

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO.  5:08-CV-05780 JF  (RS)

17

proprietary trade secret information.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 45**

DOCUMENTS sufficient to determine the manner in which YOU currently store, save OR otherwise retain, OR YOU previously stored, saved, OR otherwise retained, DATA obtained from the FACEBOOK WEBSITE, including, but not limited to, documents relating to the computers OR servers where such DATA is stored, the location of those computers OR servers, AND the security protocols on such computers or servers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Power further objects to this request on the ground that it seeks highly confidential and proprietary trade secret information.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 46**

ALL DOCUMENTS relating to ANY commercial contracts OR agreements that YOU have entered into RELATING TO the sale OR use of DATA obtained from ANY third-party website, including, but not limited to, the FACEBOOK WEBSITE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Power further objects to this request on the ground that it seeks highly confidential and proprietary trade secret information.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

/       /       /

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO.  5:08-CV-05780 JF  (RS)

18

**REQUEST FOR PRODUCTION NO. 47**

DOCUMENTS sufficient to determine the number AND identities of YOUR employees with access to FACEBOOK login information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 48**

DOCUMENTS sufficient to determine the number AND identities of YOUR employees with access to DATA obtained from the FACEBOOK WEBSITE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 49**

ALL DOCUMENTS relating to ANY deletion OR purging from YOUR computers, servers OR storage devices, of DATA obtained from the FACEBOOK WEBSITE, including the dates, purposes, AND/OR reasons for such deletions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 50**

ALL DOCUMENTS sufficient to demonstrate, from 2008 to present, YOUR corporate structure, including, but not limited to, the identities AND titles of your managers, officers, OR executives.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Power objects to this request as not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for documents responsive to this request.


Dated:  December 15, 2010                    BRAMSON, PLUTZIK, MAHLER &
                                             BIRKHAEUSER, LLP


                                             By_____/s/_____
                                                       L. Timothy Fisher

                                             Alan R. Plutzik (State Bar No. 77785)
                                             L. Timothy Fisher (State Bar No. 191626)
                                             2125 Oak Grove Road, Suite 120
                                             Walnut Creek, CA  94598
                                             Telephone:  (925) 945-0200
                                             Facsimile:  (925) 945-8792

                                             LAW OFFICES OF SCOTT A. BURSOR
                                             Scott A. Bursor (*pro hac vice*)
                                             369 Lexington Avenue, 10th Floor
                                             New York, NY  10017-6531
                                             Telephone:  (212) 989-9113
                                             Facsimile:   (212) 989-9163

                                             Attorneys for Defendants Power
                                             Ventures, Inc. and Steve Vachani