# EXHIBIT 21



ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025-1015

tel +1-650-614-7400
fax +1-650-614-7401

WWW.ORRICK.COM

May 12, 2011

Theresa A. Sutton
(650) 614-7307
tsutton@orrick.com

*VIA E-MAIL*

L. Timothy Fisher
BURSOR & FISHER, P.A.
2121 North California Blvd., Suite 1010
Walnut Creek, CA 94596

Re:   Facebook, Inc. v. Power Ventures, Inc., et al, Case No. 5:08-cv-05780 (N.D. Cal.)

Dear Timothy:

I am writing to address certain deficiencies in Power's responses to Facebook's First Set of Interrogatories. As discussed below, your responses to many of Facebook's Interrogatories are inadequate. Facebook hopes to resolve these deficiencies without the need for motion practice.

Facebook's primary concerns are as follows:

1. **Interrogatory No. 1:**

    Describe in detail AND IDENTIFY the process by which POWER accesses OR accessed the FACEBOOK WEBSITE.

    Power responded to this interrogatory pursuant to Fed. R. Civ. P. 33(d). Its response does not satisfy that rule to the extent Power only generally referred Facebook to "business records." Please supplement Power's response to comply with Rule 33(d), including "specifying the records that must be reviewed, in sufficient detail to enable [Facebook] to locate and identify them as readily as [Power] could."

2. **Interrogatory No. 2:**

    Describe in detail AND IDENTIFY the process by which POWER provides OR provided POWER USERS with access to the FACEBOOK WEBSITE.

    As with its response to Interrogatory No. 1, Power responded to this interrogatory pursuant to Fed. R. Civ. P. 33(d). Its response does not satisfy that rule to the extent Power only generally referred Facebook to "business records." Please supplement Power's response to comply with Rule 33(d), including "specifying the records that must


ORRICK

L. Timothy Fisher
May 10, 2011
Page 2

be reviewed, in sufficient detail to enable [Facebook] to locate and identify them as readily as [Power] could."

3. **Interrogatory No. 3:**

> Describe in detail AND IDENTIFY ANY AND ALL software, i.e., computer code, programs, tools, scripts OR automated devices, YOU use OR used to access OR provide POWER USERS with the means to access, the FACEBOOK WEBSITE to copy, download, extract, OR retrieve information from the FACEBOOK WEBSITE, including but not limited to, the processes OR procedures by which that software was developed, including how it was tested and on what code its functionality was tested.

As with its response to Interrogatory Nos. 1 and 2, Power responded to this interrogatory pursuant to Fed. R. Civ. P. 33(d). Its response does not satisfy that rule to the extent Power only generally referred Facebook to "business records." Please supplement Power's response to comply with Rule 33(d), including "specifying the records that must be reviewed, in sufficient detail to enable [Facebook] to locate and identify them as readily as [Power] could."

4. **Interrogatory No. 4:**

> IDENTIFY ANY accounts YOU OR YOUR current AND former employees, including without limitation, ANY PERSONS who are OR were full-time or part-time employees, independent contractor OR agents of YOU, created or used within the course of conduct of their employment to access the FACEBOOK WEBSITE.

Power responds that it is unaware of any Facebook accounts created by Power employees, but fails to address its employees' "use" of Facebook accounts. In addition, Power is improperly attempting to narrow the scope of this interrogatory by eliminating personal accounts created before it engaged in the acts alleged in the complaint. This request unambiguously seeks information related to Power employees' use of any Facebook accounts in the course and scope of their employment. Please supplement Power's response immediately.


ORRICK

L. Timothy Fisher
May 10, 2011
Page 3

5. **Interrogatory No. 11**:

> Describe in detail the creation of POWER's internet user Bill of Rights including, but not limited to, the individual(s) responsible for drafting it, the date(s) it was drafted and the date it was posted on the POWER WEBSITE.

Power's response to this interrogatory is improper insofar as Power has provided only a partial response. Please immediately provide a full and complete response to this interrogatory or explain the basis for Power's privilege assertion. Indeed, as you are well aware, certain facts shared with attorneys do not become privileged by virtue of having been communicated to counsel. Moreover, privilege protects communications—not the underlying facts of such communications. To the extent Power maintains information responsive to this interrogatory is privileged, it must provide a log that complies with Fed. R. Civ. P. 26(b)(3)(5).

6. **Interrogatory No. 13:**

> Explain in detail what actions, if any, YOU took to integrate the POWER WEBSITE with FACEBOOK Connect.

As with its response to Interrogatory Nos. 1, 2 and 3, Power responded to this interrogatory pursuant to Fed. R. Civ. P. 33(d). Its response does not satisfy that rule to the extent Power only generally referred Facebook to "business records." Please supplement Power's response to comply with Rule 33(d), including "specifying the records that must be reviewed, in sufficient detail to enable [Facebook] to locate and identify them as readily as [Power] could."

7. **Interrogatory No. 14:**

> Describe in detail YOUR "detailed product plan" regarding the "reintegration of Facebook with Facebook connect," referenced in YOUR December 17, 2008 e-mail to FACEBOOK's legal counsel. Dkt. No. 56 at Ex. A.

As with its response to Interrogatory Nos. 1, 2, 3, and 13, Power responded to this interrogatory pursuant to Fed. R. Civ. P. 33(d). Its response does not satisfy that rule to the extent Power only generally referred Facebook to "business records." Please supplement Power's response to comply with Rule 33(d), including "specifying the


ORRICK

L. Timothy Fisher
May 10, 2011
Page 4

      records that must be reviewed, in sufficient detail to enable [Facebook] to locate and identify them as readily as [Power] could."

8. **Interrogatory No. 15**:

      IDENTIFY ALL facts in support of YOUR contention that POWER had "concerns" regarding the integration of the POWER WEBSITE with FACEBOOK Connect on the schedule requested by FACEBOOK, as asserted in POWER's Answer and Counterclaim to FACEBOOK. Dkt. No. 41 at ¶ 60.

As with its response to Interrogatory Nos. 1, 2, 3, 13, and 14, Power responded to this interrogatory pursuant to Fed. R. Civ. P. 33(d). Its response does not satisfy that rule to the extent Power only generally referred Facebook to "business records." Please supplement Power's response to comply with Rule 33(d), including "specifying the records that must be reviewed, in sufficient detail to enable [Facebook] to locate and identify them as readily as [Power] could."

9. **Interrogatory No. 19**:

      IDENTIFY AND describe in detail how YOU saved, maintained, OR stored FACEBOOK user login information OR DATA obtained from the FACEBOOK WEBSITE OR servers, including the systems on which such DATA OR information is OR was stored, the location of such systems, the security protocols on those systems, whether such DATA remains on those systems, AND the dates and reasons why YOU have deleted OR purged this DATA OR information from YOUR storage systems.

      Power's response to Interrogatory 19 is evasive and largely irrelevant. Power must immediately provide a full and complete response to this interrogatory.

We have not identified every deficiency in Power's responses. Please provide a supplemental response as soon as possible but, in no event later than Friday, May 20, 2011. If you wish to discuss Facebook's concerns about Power's responses before then, please provide me with your availability to meet and confer. If we do not receive full and complete responses by May 20, we will seek the Court's assistance.


**ORRICK**

L. Timothy Fisher
May 10, 2011
Page 5

Best regards,

Theresa A. Sutton