# EXHIBIT 38

**Dalton, Amy**

| | |
|---|---|
| **From:** | Cooper, Monte |
| **Sent:** | Thursday, September 22, 2011 10:08 AM |
| **To:** | L. Timothy Fisher; Neal Deckant; scott@bursor.com |
| **Cc:** | Metanat, Morvarid; Chatterjee, Neel; Sutton, Theresa A.; Dalton, Amy; Beardsley, Megan M.; Mudurian, Karen N.; larry@zeidmanconsulting.com; bob@zeidmanconsulting.com |
| **Subject:** | RE: Facebook v. Power |

Tim:

(1) You should have received from us the CD you sent with copies of the requested source code.  Please confirm that you did.

(2) It has now been more than a week since I sent my inquiry about the missing databases, and approximately a month since they were originally identified and requested by Larry Melling.  Please identify a precise date when they will be produced for inspection by Facebook, and kindly advise what are the "logistical" issues you reference.  Similarly, when you state your anticipated production should resolve "most" of the issues identified in our earlier emails, please be specific about what issues you anticipate will not be resolved by the production. In response to your arguments regarding relevance, the missing databases were specifically referenced in Facebook's Motion to Compel which the Court granted.  Further, it cannot possibly be argued that databases are irrelevant, since the information included in them includes proof of Power's automatically establishing Events on Facebook as part of its Power 100 campaign referenced in the Amended Complaint (and at the heart of the CAN-SPAM claims).

(3) In light of your position, please confirm that Power will not be listing or producing Mr. Santos or Mr. Herrera as witnesses for trial.  If you intend to do so, Facebook reserves its right to move to exclude them on the basis of Power's refusal to produce them for depositions despite their ongoing relationships with the Defendants (and shareholder status).

(4) We will proceed to seek relief on Interrogatories Nos. 20 and 21.  I note now, however, that Power's response to Interrogatory No. 21, which makes use of Rule 33(d), is currently non-responsive even by your own position, since Power currently is asking Facebook to review business records that Power has not even produced.

(5) Given the recent production of numerous Power emails by third parties that were not produced by Defendants and which, if Mr. Vachani is to be believed, should have been located by his own search efforts long before his July 20, 2011 deposition, Facebook requests that Power stipulate to a second day of deposition with Mr. Vachani (and without prejudice to Facebook also taking the Rule 30(b)(6) deposition of co-defendant Power Ventures, Inc.).  If Power will not agree voluntarily to produce Mr. Vachani for such deposition, please consider this email Facebook's request for an immediate meet-and-confer pursuant to Civ. L.R. 37-1 related to Facebook's intent to seek the Court's relief to order such second day of deposition.

If you wish to speak with me directly about any of these issues, I am relatively free the rest of today and tomorrow.  I will be out of the office next Monday-Tuesday, however.

Monte

1

**From:** L. Timothy Fisher [mailto:ltfisher@bursor.com]
**Sent:** Friday, September 16, 2011 11:10 AM
**To:** Cooper, Monte
**Cc:** Metanat, Morvarid; scott@bursor.com; larry@zeidmanconsulting.com; Chatterjee, Neel; Sutton, Theresa A.; Dalton, Amy; Beardsley, Megan M.; Mudurian, Karen N.; Neal Deckant
**Subject:** Re: Facebook v. Power

Dear Monte:

This is in response to your e-mails from Wednesday and Thursday.

1. On Wednesday, we sent a CD to Ms. Dalton with the requested source code excerpts.  After those excerpts are printed, please have her return the CD to us immediately.

2. We believe that the additional documents that Facebook and Mr. Melling are seeking are not remotely relevant to the claims in this case and are outside of the scope of the Court's order requiring the production of Power's source code.  Nevertheless, in an effort to avoid any further delays and to move this case forward, we are working with our client to produce additional documents that should resolve most of the issues identified in your e-mails.  We are currently in the process of working out some logistical issues and hope to have additional information for you next week about when those documents will be produced.

3. Neither Mr. Santos nor Mr. Herrera is an officer, director or managing agent of Power at this time.  In fact, they have no involvement with Power whatsoever at this juncture.  Accordingly, defendants cannot produce them for depositions.

4. We disagree with you regarding the responses to Interrogatories Nos. 20 and 21.  The documents we anticipate producing shortly should provide the information sought by Interrogatory No. 20.  The response to Interrogatory No. 21 is complete and fully responsive.

If you wish to meet and confer regarding these issues further, I am available most of the day on Tuesday or Wednesday next week.

Tim
--
L. Timothy Fisher
Bursor & Fisher, P.A.
2121 North California Boulevard, Suite 1010
Walnut Creek, California 94596
Telephone: (925) 482-1515
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com


On Wed, Sep 14, 2011 at 1:17 AM, Cooper, Monte <mcooper@orrick.com> wrote:

Tim:

Three interrelated issues: First, per your offer in the emails below, Facebook will in lieu of paying $150 in copying costs agree to receive the production of requested copies of Power source code by CD, and to use that CD solely for the purpose of printing out copies of the code at our expense. We will then promptly send the CD back to Power. Therefore, please

immediately send the CD to Amy Dalton here in our Silicon Valley Office. She will immediately acknowledge its receipt and return to you following our printing the requested materials. In agreeing to this procedure, however, Facebook does not waive its right to raise with the Court the issue of the parties' burdens for bearing copy cost of source code. Facebook also does waive its right to seek Court relief to recover the copying costs of this particular production.

Second, Larry Melling (who is copied on this email) has over the past few weeks provided you with lists of missing portions of the routines and databases used in conjunction with Defendants' PowerBrowser and PowerScript applications. The missing databases Mr. Melling has identified and reported to you include, for instance: (1) the missing POWER_LOGGER database; and (2) the missing database with the local developer's name "Power," which adds all the account network information for Facebook into an account network cache to access the account information using the database tables "AccountNetwork" and "AccountNetworkConf." Despite the fact that both Mr. Melling and Orrick attorneys have made multiple requests for this information since its omission from Defendants' production was identified, none of us have to date received any correspondence or oral communications from you advising when, or even if, the missing routines and/or databases will be produced. Therefore, in an effort to avoid further motion practice, please advise us immediately when the missing routines and/or databases previously identified and requested by Mr. Melling will be produced for inspection. If Defendants elect not to produce these materials immediately (or provide a date certain when they will be produced), consider this email our request pursuant to Civ LR 37-3 to immediately meet and confer concerning Facebook's intention to move to compel production of the missing routines and/or databases.

Finally, please also advise if Eric Santos or Felipe Herrera will be made available for depositions by Defendants, and if so when and where. As you know, during Mr. Vachani's deposition, he indicated both individuals were contacted and used by Power to search for and produce responsive documents. Mr. Vachani also indicated Mr. Santos, at least, remains a shareholder in Power. We believe, therefore, that it is within Defendants' ability to produce both of these witnesses for depositions, and would like to begin the process of scheduling them immediately (especially since a Portuguese translator will be necessary for at least Mr. Santos).

Thank you.

Monte

---

**From**: L. Timothy Fisher [mailto:ltfisher@bursor.com]
**Sent**: Friday, September 09, 2011 02:48 PM
**To**: Cooper, Monte
**Cc**: Metanat, Morvarid; Scott A. Bursor <scott@bursor.com>; Larry Mellng <larry@zeidmanconsulting.com>; Chatterjee, Neel; Sutton, Theresa A.; Dalton, Amy; Beardsley, Megan M.; Mudurian, Karen N.
**Subject**: Re: Facebook v. Power

Dear Monte:
I cannot agree to that.

Tim
--
L. Timothy Fisher
Bursor & Fisher, P.A.
2121 North California Boulevard, Suite 1010
Walnut Creek, California 94596
Telephone: (925) 482-1515
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com

On Fri, Sep 9, 2011 at 11:34 AM, Cooper, Monte <mcooper@orrick.com> wrote:

Tim:

All that does is again shift an ordinary litigation cost of printing source code, which is **required** by the Protective Order to be borne by the party producing it, to Facebook.   I am willing to accept your compromise, as long as we can use the CD for the same purposes we would be able to use any CD of documents (subject AEO conditions, etc.).

---

**From:** L. Timothy Fisher [mailto:ltfisher@bursor.com]
**Sent:** Friday, September 09, 2011 11:22 AM
**To:** Cooper, Monte
**Cc:** Metanat, Morvarid; Scott A. Bursor; Larry Mellng; Chatterjee, Neel; Sutton, Theresa A.; Dalton, Amy; Beardsley, Megan M.; Mudurian, Karen N.
**Subject:** Re: Facebook v. Power

Monte:

That is fine with us so long as you will agree that the CD will be returned to me after the documents are printed and that it will be used for no purpose other than the printing of the documents.  If you agree to that, I will provide the CD to Mr. Melling later today.

Tim
--

L. Timothy Fisher

Bursor & Fisher, P.A.

2121 North California Boulevard, Suite 1010

Walnut Creek, California 94596

Telephone: (925) 482-1515

Facsimile: (925) 407-2700

E-Mail: ltfisher@bursor.com

On Fri, Sep 9, 2011 at 11:06 AM, Cooper, Monte <mcooper@orrick.com> wrote:

Tim:

Would you be willing under the circumstances for this **<u>one production</u>** by agreement of the parties to voluntarily waive the condition of the protective order that requires production only occur by printed copies? We would be willing to receive the code on a CD or DVD, as long as we could later print our own hard copies. The only reason we asked for hard copies, as opposed to production by DVD or CD, is because the Protective Order does not permit us to ask for it to be produced the way you described. We would stipulate that, absent further agreements of the parties, the waiver of the source code production provisions applies only to today's production, and is not a general waiver.

In the event you want to produce only in accordance with the Protective Order, I don't see how it can't be considered an "ordinary litigation cost,� because that is under the Protective Order the "ordinary�  -- i.e. only – way of production.

---

**From:** L. Timothy Fisher [mailto:ltfisher@bursor.com]
**Sent:** Friday, September 09, 2011 10:59 AM
**To:** Cooper, Monte
**Cc:** Metanat, Morvarid; Scott A. Bursor; Larry Mellng; Chatterjee, Neel; Sutton, Theresa A.; Dalton, Amy; Beardsley, Megan M.; Mudurian, Karen N.
**Subject:** Re: Facebook v. Power

Dear Monte:

The printing of the 1700 pages of source code requested by your expert does not qualify as an "ordinary litigation cost." Normally we would produce such documents electronically on a CD or DVD at little or no cost. Your expert, however, has requested hard copies of 1700 pages of the source code. We are happy to provide those to you in compliance with the protective order, but defendants should not have to bear the expense of producing printed copies of those documents.

Tim
--

L. Timothy Fisher

Bursor & Fisher, P.A.

2121 North California Boulevard, Suite 1010

Walnut Creek, California 94596

Telephone: (925) 482-1515

Facsimile: (925) 407-2700

E-Mail: ltfisher@bursor.com


On Thu, Sep 8, 2011 at 10:57 PM, Cooper, Monte <mcooper@orrick.com> wrote:

Tim:


Can you advise on what authority you are attempting to shift the ordinary litigation costs of production and copying to Facebook?  While the Protective Order explicitly calls for the producing party to make hard copies of source code it produces for inspection when specific modules are identified by the opposing party, there are no conditions inserted into the Protective order shifting costs to the receiving party.


Monte

---

**From:** L. Timothy Fisher [mailto:ltfisher@bursor.com]
**Sent:** Thursday, September 08, 2011 10:20 PM
**To:** Metanat, Morvarid
**Cc:** Scott A. Bursor; Larry Mellng; Chatterjee, Neel; Sutton, Theresa A.; Dalton, Amy; Beardsley, Megan M.; Mudurian, Karen N.; Cooper, Monte
**Subject:** Re: Facebook v. Power


Dear Morvarid:

The paper copies of the source code requested by Mr. Melling is in excess of 1700 pages of documents.  We will arrange to have the documents printed and provided to Mr. Melling tomorrow so long as you will confirm that you will pay the cost of printing the documents, which I estimate will be approximately $150.


Tim
--

L. Timothy Fisher

Bursor & Fisher, P.A.

2121 North California Boulevard, Suite 1010

Walnut Creek, California 94596

Telephone: (925) 482-1515

Facsimile: (925) 407-2700

E-Mail: ltfisher@bursor.com


On Tue, Sep 6, 2011 at 10:43 AM, Metanat, Morvarid <mmetanat@orrick.com> wrote:

Tim and Scott,


You still have not indicated when you will provide Facebook with written copies of the code that Mr. Melling has reviewed and tagged.  We have made numerous requests for these materials in accordance with Section 8(d) of the Protective Order.  As you are aware,  Facebook's Opposition to the Defendants' Motion for Summary Judgment is due in less than one week.  Written copies of the source code are necessary for Facebook's Opposition and your refusal to provide access to such materials is extremely prejudicial.  Please let me know as soon as possible when Facebook may expect to receive the written copies of the code as requested.


Morvarid


---

**From:** Cooper, Monte
**Sent:** Thursday, September 01, 2011 12:48 PM
**To:** L. Timothy Fisher; Scott A. Bursor
**Cc:** Larry Mellng; Chatterjee, Neel; Sutton, Theresa A.; Metanat, Morvarid; Dalton, Amy; Beardsley, Megan M.; Mudurian, Karen N.
**Subject:** RE: Facebook v. Power


Tim and Scott:


Larry Mellng (who I am cc:ing) advises me that we still have not been able to review the Power MSSQL database(s) that includes the content for invitations, Adcenter, captcha, etc., which I understand he noted were missing from the code he reviewed.  I also understand that as of Monday, we still were missing information from the code.  By way of example, we're missing how the user initiated certain PowerScript applications.  It is my understanding Larry provided you two files reflecting the missing databases and the missing information.  Finally, I understand that Mr. Mellng was able to identify version control information, and we therefore want to know what versions of the Power code were produced, and which versions were not.


We also have not been advised when we will receive written copies of the code that Mr. Melling reviewed.  Please let us know when that may be forthcoming.


7

Finally, Mr. Melllng has requested that he review the code further next week.  Could you advise what dates he can come to the Walnut Creek office to further review the code?

As you know from our recent Motion for a Second Continuance, much of this information is time sensitive given the existing deadlines for Facebook to file its opposition to the Motion for Summary Judgment, and expert reports.  Facebook therefore reserves its right to bring these issues to the Court's attention, as necessary, to ensure that it is not prejudiced.

Thanks,

Monte

---

**From:** L. Timothy Fisher [mailto:ltfisher@bursor.com]
**Sent:** Friday, August 26, 2011 11:58 AM
**To:** Cooper, Monte
**Cc:** Scott A. Bursor
**Subject:** Facebook v. Power

Dear Monte:

We received your letter from earlier today.  We are in the process of providing some additional files to Mr. Melling for his review including the requested database and PowerScript files.  If Mr. Melling concludes that there are additional files he requires, we are happy to work with you to provide them to the extent such files exist and can be recovered from Power's archives.

Tim
--
L. Timothy Fisher

Bursor & Fisher, P.A.

2121 North California Boulevard, Suite 1010

Walnut Creek, California 94596

Telephone: (925) 482-1515

Facsimile: (925) 407-2700


E-Mail: ltfisher@bursor.com


================================================================
IRS Circular 230 disclosure: To ensure compliance with requirements
imposed by the IRS, we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not intended or
written to be used, and cannot be used, for the purpose of (i) avoiding
tax-related penalties under the Internal Revenue Code or (ii) promoting,
marketing or recommending to another party any tax-related matter(s)
addressed herein.
================================================================
NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY
THE INTENDED RECIPIENT OF THE TRANSMISSION, AND
MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU
RECEIVED THIS E- MAIL IN ERROR, ANY REVIEW, USE,
DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS
E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US
IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND
PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM.
THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/
================================================================




================================================================
IRS Circular 230 disclosure: To ensure compliance with requirements
imposed by the IRS, we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not intended or
written to be used, and cannot be used, for the purpose of (i) avoiding
tax-related penalties under the Internal Revenue Code or (ii) promoting,
marketing or recommending to another party any tax-related matter(s)
addressed herein.
================================================================
NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY
THE INTENDED RECIPIENT OF THE TRANSMISSION, AND
MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU
RECEIVED THIS E- MAIL IN ERROR, ANY REVIEW, USE,
DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS
E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US
IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND
PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM.
THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/
================================================================

===============================================================
IRS Circular 230 disclosure: To ensure compliance with requirements
imposed by the IRS, we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not intended or
written to be used, and cannot be used, for the purpose of (i) avoiding
tax-related penalties under the Internal Revenue Code or (ii) promoting,
marketing or recommending to another party any tax-related matter(s)
addressed herein.
===============================================================
NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY
THE INTENDED RECIPIENT OF THE TRANSMISSION, AND
MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU
RECEIVED THIS E- MAIL IN ERROR, ANY REVIEW, USE,
DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS
E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US
IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND
PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM.
THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/
===============================================================

===============================================================
IRS Circular 230 disclosure: To ensure compliance with requirements
imposed by the IRS, we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not intended or
written to be used, and cannot be used, for the purpose of (i) avoiding
tax-related penalties under the Internal Revenue Code or (ii) promoting,
marketing or recommending to another party any tax-related matter(s)
addressed herein.
===============================================================
NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY
THE INTENDED RECIPIENT OF THE TRANSMISSION, AND
MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU
RECEIVED THIS E- MAIL IN ERROR, ANY REVIEW, USE,
DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS
E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US
IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND
PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM.
THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/
===============================================================

==============================================================
IRS Circular 230 disclosure: To ensure compliance with requirements
imposed by the IRS, we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not intended or
written to be used, and cannot be used, for the purpose of (i) avoiding
tax-related penalties under the Internal Revenue Code or (ii) promoting,
marketing or recommending to another party any tax-related matter(s)
addressed herein.
==============================================================
NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY
THE INTENDED RECIPIENT OF THE TRANSMISSION, AND
MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU
RECEIVED THIS E- MAIL IN ERROR, ANY REVIEW, USE,
DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS
E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US
IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND
PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM.
THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/
==============================================================