# EXHIBIT 42

BURSOR & FISHER, P.A.
L. Timothy Fisher (State Bar No. 191626)
2121 North California Blvd., Suite 1010
Walnut Creek, CA 94596
Telephone: (925) 482-1515
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com

BURSOR & FISHER, P.A.
Scott A. Bursor (*pro hac vice*)
369 Lexington Avenue, 10th Floor
New York, NY 10017
Telephone:  (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
Alan R. Plutzik (State Bar No. 077785)
Michael S. Strimling (State Bar No. 96135)
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone:  (925) 945-0200
Facsimile:  (925) 945-8792
E-Mails: aplutzik@bramsonplutzik.com
         mstrimling@bramsonplutzik.com

Attorneys for Defendants Power
Ventures, Inc. and Steve Vachani

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC.,<br><br>                           Plaintiff,<br><br>-against-<br><br>POWER VENTURES, INC. d/b/a POWER.COM, a California corporation; POWER VENTURES, INC. a Cayman Island Corporation, STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, an individual and/or business entity of unknown nature; DOES 2 through 25, inclusive, individuals and/or business entities of unknown nature,<br><br>                     Defendants. | Case No. 5:08-cv-05780 JW<br><br>**DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION** |

**<u>GENERAL OBJECTIONS</u>**

In addition to those objections set forth specifically within the response to each document request, Power interposes the following general objections to the entire set of document requests, and to each individual document request thereof, which general objections are incorporated by reference in each and every response to each specific document request.  Power's failure to repeat expressly these general objections in each response shall not be deemed a waiver thereof.  Moreover, Power's specification of one or more objections in any given response is not intended to preclude the applicability of any of these general objections.  The assertion of any objection to a document request in any response below is neither intended as, nor shall in any way be deemed, a waiver of Power's right to assert that or any other objection at a later date.    Power's general objections are as follows:

1.      Power objects to the document requests on the ground that the document requests, individually and taken as a whole, are overly broad, unduly burdensome, oppressive and seek to impose broader response obligations on Power than those imposed by the Federal Rules of Civil Procedure.  In addition, Power objects to the extent that the documents and information sought by the requests are equally available to plaintiff.

2.      Power objects to the document requests on the ground and to the extent they seek documents and information that are not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

3.      Power objects to the document requests on the ground that they call for the disclosure of communications that are protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

4.      Power objects to the document requests to the extent they request documents and information by reference to purported facts that Power disputes and/or which have not been established in this case.  Power has advanced certain positions of law and fact.  Power's statements of law and fact are a matter of record and are not subject to recharacterization by plaintiff.

5.      Power objects to the document requests to the extent they seek documents and information that can only be provided, or will or should be provided at trial by persons qualified as experts in their fields.  Power expressly reserves the right to call such persons to testify at trial without waiver of the right to protect the identities of persons who it has consulted in the course of this litigation for purposes of expert advice.

6.      Power objects to the "INSTRUCTIONS" to the extent that they impose obligations on Power in excess of those set forth in the Federal Rules of Civil Procedure and the Court's Local Rules.

7.      Power objects to the definitions of the terms "POWER," "YOU" and "YOUR" to the extent they seek to require Power to produce documents that are not in its possession, custody or control.  Power responds to the requests based solely on the documents and information in its possession.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 51:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute POWER'S current OR previous document retention protocols, policies, OR procedures.

**RESPONSE TO REQUEST FOR PRODUCTON NO. 51:**

Power hereby incorporates the General Objections above as if fully stated herein.  Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. The request also calls for documents protected from disclosure by the attorney-client privilege and work product doctrine.  Based on the foregoing objections, Power will not produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 52:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute POWER'S current OR previous document collection protocols, policies, OR procedures.

**RESPONSE TO REQUEST FOR PRODUCTON NO. 52:**

Power hereby incorporates the General Objections above as if fully stated herein.  Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. The request also calls for documents protected from disclosure by the attorney-client privilege and work product doctrine.  Based on the foregoing objections, Power will not produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 53:**

ALL DOCUMENTS that summarize, describe, refer to, OR relate to POWER's search for, collection, and production of documents in the above-titled litigation.

**RESPONSE TO REQUEST FOR PRODUCTON NO. 53:**

Power hereby incorporates the General Objections above as if fully stated herein.  Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. The request also calls for documents protected from disclosure by the attorney-client privilege and work product doctrine.  Based on the foregoing objections, Power will not produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 54:**

ALL DOCUMENTS that summarize, describe, refer to, OR relate to POWER's disposal and/or destruction of documents relevant to the above-titled litigation.

**RESPONSE TO REQUEST FOR PRODUCTON NO. 54:**

Power hereby incorporates the General Objections above as if fully stated herein.  Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. The request also calls for documents protected from disclosure by the attorney-client privilege and work product doctrine.  Based on the foregoing objections, Power will not produce any documents in response to this request.

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S SECOND
SET OF REQUESTS FOR PRODUCTION
CASE NO. 5:08-CV-05780 JW

3

1    **REQUEST FOR PRODUCTION NO. 55:**

2          ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute POWER'S

3    marketing OR advertising efforts OR campaigns.

4    **RESPONSE TO REQUEST FOR PRODUCTON NO. 55:**

5          Power hereby incorporates the General Objections above as if fully stated herein.  Power

6    objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the

7    subject matter of this action and not calculated to lead to the discovery of admissible evidence.

8    The request also calls for documents protected from disclosure by the attorney-client privilege and

9    work product doctrine.  Based on the foregoing objections, Power will not produce any documents

10   in response to this request.

11   **REQUEST FOR PRODUCTION NO. 56:**

12         ALL DOCUMENTS AND COMMUNICATIONS that summarize, describe, refer to, relate

13   to, OR constitute ANY contract(s) or agreement(s) between POWER and third-party advertisers.

14   **RESPONSE TO REQUEST FOR PRODUCTON NO. 56:**

15         Power hereby incorporates the General Objections above as if fully stated herein.  Power

16   objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the

17   subject matter of this action and not calculated to lead to the discovery of admissible evidence.

18   The request also calls for documents protected from disclosure by the attorney-client privilege and

19   work product doctrine.  Based on the foregoing objections, Power will not produce any documents

20   in response to this request.

21   **REQUEST FOR PRODUCTION NO. 57:**

22         ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute

23   COMMUNICATIONS with the California Secretary of State about POWER.

24   **RESPONSE TO REQUEST FOR PRODUCTON NO. 57:**

25         Power hereby incorporates the General Objections above as if fully stated herein.  Power

26   objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the

27   subject matter of this action and not calculated to lead to the discovery of admissible evidence.

28

1   The request also calls for documents protected from disclosure by the attorney-client privilege and

2   work product doctrine.  Based on the foregoing objections, Power will not produce any documents

3   in response to this request.

4   **REQUEST FOR PRODUCTION NO. 58:**

5        ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute

6   COMMUNICATIONS with the Cayman Island's Registrar of Companies about POWER.

7   **RESPONSE TO REQUEST FOR PRODUCTON NO. 58:**

8        Power hereby incorporates the General Objections above as if fully stated herein.  Power

9   objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the

10   subject matter of this action and not calculated to lead to the discovery of admissible evidence.

11   The request also calls for documents protected from disclosure by the attorney-client privilege and

12   work product doctrine.  Based on the foregoing objections, Power will not produce any documents

13   in response to this request.

14   **REQUEST FOR PRODUCTION NO. 59:**

15        ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute

16   COMMUNICATIONS about the sale of the Power.com domain name.

17   **RESPONSE TO REQUEST FOR PRODUCTON NO. 59:**

18        Power hereby incorporates the General Objections above as if fully stated herein.  Power

19   objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the

20   subject matter of this action and not calculated to lead to the discovery of admissible evidence.

21   The request also calls for documents protected from disclosure by the attorney-client privilege and

22   work product doctrine.  Based on the foregoing objections, Power will not produce any documents

23   in response to this request.

24   **REQUEST FOR PRODUCTION NO. 60:**

25        ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute registration

26   of the Power.com domain name.

27

28

1  **RESPONSE TO REQUEST FOR PRODUCTON NO. 60:**

2      Power hereby incorporates the General Objections above as if fully stated herein.  Power

3  objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the

4  subject matter of this action and not calculated to lead to the discovery of admissible evidence.

5  The request also calls for documents protected from disclosure by the attorney-client privilege and

6  work product doctrine.  Based on the foregoing objections, Power will not produce any documents

7  in response to this request.

8  **REQUEST FOR PRODUCTION NO. 61:**

9      ALL DOCUMENTS that that summarize, describe, refer to, OR relate to the registration of

10  POWER as a corporation in ANY state, country, or other territory, without limitation.

11  **RESPONSE TO REQUEST FOR PRODUCTON NO. 61:**

12      Power hereby incorporates the General Objections above as if fully stated herein.  Power

13  objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the

14  subject matter of this action and not calculated to lead to the discovery of admissible evidence.

15  The request also calls for documents protected from disclosure by the attorney-client privilege and

16  work product doctrine.  Based on the foregoing objections, Power will not produce any documents

17  in response to this request.

18  **REQUEST FOR PRODUCTION NO. 62:**

19      ALL DOCUMENTS that summarize, describe, refer to, OR relate to YOUR

20  COMMUNICATIONS with FACEBOOK, including YOUR COMMUNICATION with Joseph

21  Cutler.

22  **RESPONSE TO REQUEST FOR PRODUCTON NO. 62:**

23      Power hereby incorporates the General Objections above as if fully stated herein.  Power

24  objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the

25  subject matter of this action and not calculated to lead to the discovery of admissible evidence.

26  Power also objects on the grounds that the documents sought are equally available to Facebook as

27  they are to Power.  The request also calls for documents protected from disclosure by the attorney-

28

1  client privilege and work product doctrine.  Subject to and without waiving these objections, Power

2  responds that it will conduct a reasonable search for non-privileged documents responsive to this

3  request.

4  **REQUEST FOR PRODUCTION NO. 63:**

5      ALL DOCUMENTS that summarize, describe, refer to, OR relate to POWER's business

6  decision to not prevent the interruption of service to POWER USERS while making changes to

7  address Facebook's concerns, as Steve Vachani described in his December 26, 2008 letter to Joseph

8  Cutler.

9  **RESPONSE TO REQUEST FOR PRODUCTON NO. 63:**

10      Power hereby incorporates the General Objections above as if fully stated herein.  Power

11  objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the

12  subject matter of this action and not calculated to lead to the discovery of admissible evidence.

13  The request also calls for documents protected from disclosure by the attorney-client privilege and

14  work product doctrine.  Subject to and without waiving these objections, Power responds that it

15  will conduct a reasonable search for non-privileged documents responsive to this request.

16  **REQUEST FOR PRODUCTION NO. 64:**

17      ALL DOCUMENTS that summarize, describe, refer to, OR relate to the "user

18  experience," referred to in Steve Vachani's December 25, 2008 email to Eric Santos and Bruno

19  Carvalho, produced at POWER 2011.02.03 000086.

20  **RESPONSE TO REQUEST FOR PRODUCTON NO. 64:**

21      Power hereby incorporates the General Objections above as if fully stated herein.  Power

22  objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the

23  subject matter of this action and not calculated to lead to the discovery of admissible evidence.

24  The request also calls for documents protected from disclosure by the attorney-client privilege and

25  work product doctrine.  Subject to and without waiving these objections, Power responds that it

26  will conduct a reasonable search for non-privileged documents responsive to this request.

27

28

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S SECOND
SET OF REQUESTS FOR PRODUCTION
CASE NO. 5:08-CV-05780 JW

7

**REQUEST FOR PRODUCTION NO. 65:**

ALL DOCUMENTS that summarize, describe, refer to, OR relate to Steve Vachani's statement that POWER "need[ed] to be prepared for Facebook to try to block" Power.com, as written in Steve Vachani's December 1, 2008 email to Felipe Herrera and Eric Santos, produced at POWER 2011.02.03 000089-90.

**RESPONSE TO REQUEST FOR PRODUCTON NO. 65:**

Power hereby incorporates the General Objections above as if fully stated herein.  Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. The request also calls for documents protected from disclosure by the attorney-client privilege and work product doctrine.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for non-privileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 66:**

ALL DOCUMENTS that summarize, describe, refer to, OR relate to the statement in Steve Vachani's May 6, 2011, Declaration that "Facebook's IP blocking attack was partial, incomplete, and ineffective."

**RESPONSE TO REQUEST FOR PRODUCTON NO. 66:**

Power hereby incorporates the General Objections above as if fully stated herein.  Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. Power also objects on the grounds that the documents sought are equally available to Facebook as they are to Power.  The request also calls for documents protected from disclosure by the attorney-client privilege and work product doctrine.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for non-privileged documents responsive to this request.

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S SECOND
SET OF REQUESTS FOR PRODUCTION
CASE NO. 5:08-CV-05780 JW

8

1   **REQUEST FOR PRODUCTION NO. 67:**

2       ALL COMMUNICATIONS between YOU and Roy Schwartz that describe, refer to OR

3   relate to POWER.

4   **RESPONSE TO REQUEST FOR PRODUCTON NO. 67:**

5       Power hereby incorporates the General Objections above as if fully stated herein.  Power

6   objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the

7   subject matter of this action and not calculated to lead to the discovery of admissible evidence.

8   The request also calls for documents protected from disclosure by the attorney-client privilege and

9   work product doctrine.  Subject to and without waiving these objections, Power responds that it

10   will conduct a reasonable search for non-privileged documents responsive to this request.

11   **REQUEST FOR PRODUCTION NO. 68:**

12       ALL DOCUMENTS that that summarize, describe, refer to, relate to, OR constitute

13   COMMUNICATIONS between YOU and Steve Vachani about POWER's access to the

14   FACEBOOK WEBSITE.

15   **RESPONSE TO REQUEST FOR PRODUCTON NO. 68:**

16       Power hereby incorporates the General Objections above as if fully stated herein.  Power

17   objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the

18   subject matter of this action and not calculated to lead to the discovery of admissible evidence.

19   The request also calls for documents protected from disclosure by the attorney-client privilege and

20   work product doctrine.  Subject to and without waiving these objections, Power responds that it

21   will conduct a reasonable search for non-privileged documents responsive to this request.

22   **REQUEST FOR PRODUCTION NO. 69:**

23       ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute

24   COMMUNICATIONS between YOU and Eric Santos about POWER's access to the FACEBOOK

25   WEBSITE.

26

27

28

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S SECOND
SET OF REQUESTS FOR PRODUCTION
CASE NO. 5:08-CV-05780 JW

9

**RESPONSE TO REQUEST FOR PRODUCTON NO. 69:**

Power hereby incorporates the General Objections above as if fully stated herein.  Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. The request also calls for documents protected from disclosure by the attorney-client privilege and work product doctrine.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for non-privileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 70:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute COMMUNICATIONS between YOU and Leigh Power about POWER's access to the FACEBOOK WEBSITE.

**RESPONSE TO REQUEST FOR PRODUCTON NO. 70:**

Power hereby incorporates the General Objections above as if fully stated herein.  Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. The request also calls for documents protected from disclosure by the attorney-client privilege and work product doctrine.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for non-privileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 71:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute COMMUNICATIONS between YOU and Bruno Carvalho about POWER's access to the FACEBOOK WEBSITE.

**RESPONSE TO REQUEST FOR PRODUCTON NO. 71:**

Power hereby incorporates the General Objections above as if fully stated herein.  Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. The request also calls for documents protected from disclosure by the attorney-client privilege and

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S SECOND
SET OF REQUESTS FOR PRODUCTION
CASE NO. 5:08-CV-05780 JW

10

1  work product doctrine.  Subject to and without waiving these objections, Power responds that it

2  will conduct a reasonable search for non-privileged documents responsive to this request.

3  **REQUEST FOR PRODUCTION NO. 72:**

4        ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute

5  COMMUNICATIONS between YOU and Tyago Valenca about POWER's access to the

6  FACEBOOK WEBSITE.

7  **RESPONSE TO REQUEST FOR PRODUCTON NO. 72:**

8        Power hereby incorporates the General Objections above as if fully stated herein.  Power

9  objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the

10  subject matter of this action and not calculated to lead to the discovery of admissible evidence.

11  The request also calls for documents protected from disclosure by the attorney-client privilege and

12  work product doctrine.  Subject to and without waiving these objections, Power responds that it

13  will conduct a reasonable search for non-privileged documents responsive to this request.

14  **REQUEST FOR PRODUCTION NO. 73:**

15        ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute

16  COMMUNICATIONS between YOU and Felipe Herrera about POWER's access to the

17  FACEBOOK WEBSITE.

18  **RESPONSE TO REQUEST FOR PRODUCTON NO. 73:**

19        Power hereby incorporates the General Objections above as if fully stated herein.  Power

20  objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the

21  subject matter of this action and not calculated to lead to the discovery of admissible evidence.

22  The request also calls for documents protected from disclosure by the attorney-client privilege and

23  work product doctrine.  Subject to and without waiving these objections, Power responds that it

24  will conduct a reasonable search for non-privileged documents responsive to this request.

25  **REQUEST FOR PRODUCTION NO. 74:**

26        ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute

27  COMMUNICATIONS between YOU and Steve Vachani about POWER's use OR sale of DATA

28

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S SECOND
SET OF REQUESTS FOR PRODUCTION
CASE NO. 5:08-CV-05780 JW

11

1  OR information obtained from the FACEBOOK WEBSITE.

2  **RESPONSE TO REQUEST FOR PRODUCTON NO. 74:**

3  Power hereby incorporates the General Objections above as if fully stated herein.  Power

4  objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the

5  subject matter of this action and not calculated to lead to the discovery of admissible evidence.

6  The request also calls for documents protected from disclosure by the attorney-client privilege and

7  work product doctrine.  Subject to and without waiving these objections, Power responds that it

8  will conduct a reasonable search for non-privileged documents responsive to this request.

9  **REQUEST FOR PRODUCTION NO. 75:**

10  ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute

11  COMMUNICATIONS between YOU and Eric Santos about POWER's use OR sale of DATA

12  OR information obtained from the FACEBOOK WEBSITE.

13  **RESPONSE TO REQUEST FOR PRODUCTON NO. 75:**

14  Power hereby incorporates the General Objections above as if fully stated herein.  Power

15  objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the

16  subject matter of this action and not calculated to lead to the discovery of admissible evidence.

17  The request also calls for documents protected from disclosure by the attorney-client privilege and

18  work product doctrine.  Subject to and without waiving these objections, Power responds that it

19  will conduct a reasonable search for non-privileged documents responsive to this request.

20  **REQUEST FOR PRODUCTION NO. 76:**

21  ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute

22  COMMUNICATIONS between YOU and Leigh Power about POWER's use OR sale of DATA

23  OR information obtained from the FACEBOOK WEBSITE.

24  **RESPONSE TO REQUEST FOR PRODUCTON NO. 76:**

25  Power hereby incorporates the General Objections above as if fully stated herein.  Power

26  objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the

27  subject matter of this action and not calculated to lead to the discovery of admissible evidence.

28

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S SECOND
SET OF REQUESTS FOR PRODUCTION
CASE NO. 5:08-CV-05780 JW

12

1  The request also calls for documents protected from disclosure by the attorney-client privilege and

2  work product doctrine.  Subject to and without waiving these objections, Power responds that it

3  will conduct a reasonable search for non-privileged documents responsive to this request.

4  **REQUEST FOR PRODUCTION NO. 77:**

5      ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute

6  COMMUNICATIONS between YOU and Bruno Carvalho about POWER's use OR sale of

7  DATA OR information obtained from the FACEBOOK WEBSITE.

8  **RESPONSE TO REQUEST FOR PRODUCTON NO. 77:**

9      Power hereby incorporates the General Objections above as if fully stated herein.  Power

10  objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the

11  subject matter of this action and not calculated to lead to the discovery of admissible evidence.

12  The request also calls for documents protected from disclosure by the attorney-client privilege and

13  work product doctrine.  Subject to and without waiving these objections, Power responds that it

14  will conduct a reasonable search for non-privileged documents responsive to this request.

15  **REQUEST FOR PRODUCTION NO. 78:**

16      ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute

17  COMMUNICATIONS between YOU and Tyago Valenca about POWER's use OR sale of

18  DATA OR information obtained from the FACEBOOK WEBSITE.

19  **RESPONSE TO REQUEST FOR PRODUCTON NO. 78:**

20      Power hereby incorporates the General Objections above as if fully stated herein.  Power

21  objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the

22  subject matter of this action and not calculated to lead to the discovery of admissible evidence.

23  The request also calls for documents protected from disclosure by the attorney-client privilege and

24  work product doctrine.  Subject to and without waiving these objections, Power responds that it

25  will conduct a reasonable search for non-privileged documents responsive to this request.

26  **REQUEST FOR PRODUCTION NO. 79:**

27      ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute

28

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S SECOND
SET OF REQUESTS FOR PRODUCTION
CASE NO. 5:08-CV-05780 JW

13

1   COMMUNICATIONS between YOU and Felipe Herrera about POWER's use OR sale of DATA

2   OR information obtained from the FACEBOOK WEBSITE.

3   **RESPONSE TO REQUEST FOR PRODUCTON NO. 79:**

4          Power hereby incorporates the General Objections above as if fully stated herein.  Power

5   objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the

6   subject matter of this action and not calculated to lead to the discovery of admissible evidence.

7   The request also calls for documents protected from disclosure by the attorney-client privilege and

8   work product doctrine.  Subject to and without waiving these objections, Power responds that it

9   will conduct a reasonable search for non-privileged documents responsive to this request.

10  **REQUEST FOR PRODUCTION NO. 80:**

11         ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute

12  COMMUNICATIONS between YOU and Steve Vachani about any potential business

13  relationship between YOU and FACEBOOK.

14  **RESPONSE TO REQUEST FOR PRODUCTON NO. 80:**

15         Power hereby incorporates the General Objections above as if fully stated herein.  Power

16  objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the

17  subject matter of this action and not calculated to lead to the discovery of admissible evidence.

18  The request also calls for documents protected from disclosure by the attorney-client privilege and

19  work product doctrine.  Subject to and without waiving these objections, Power responds that it

20  will conduct a reasonable search for non-privileged documents responsive to this request.

21  **REQUEST FOR PRODUCTION NO. 81:**

22         ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute

23  COMMUNICATIONS between YOU and Eric Santos about any potential business relationship

24  between YOU and FACEBOOK.

25  **RESPONSE TO REQUEST FOR PRODUCTON NO. 81:**

26         Power hereby incorporates the General Objections above as if fully stated herein.  Power

27  objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the

28

1    subject matter of this action and not calculated to lead to the discovery of admissible evidence.

2    The request also calls for documents protected from disclosure by the attorney-client privilege and

3    work product doctrine.  Subject to and without waiving these objections, Power responds that it

4    will conduct a reasonable search for non-privileged documents responsive to this request.

5    **REQUEST FOR PRODUCTION NO. 82:**

6         ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute

7    COMMUNICATIONS between YOU and Bruno Carvalho about any potential business

8    relationship between YOU and FACEBOOK.

9    **RESPONSE TO REQUEST FOR PRODUCTON NO. 82:**

10        Power hereby incorporates the General Objections above as if fully stated herein.  Power

11   objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the

12   subject matter of this action and not calculated to lead to the discovery of admissible evidence.

13   The request also calls for documents protected from disclosure by the attorney-client privilege and

14   work product doctrine.  Subject to and without waiving these objections, Power responds that it

15   will conduct a reasonable search for non-privileged documents responsive to this request.

16   **REQUEST FOR PRODUCTION NO. 83:**

17        ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute

18   COMMUNICATIONS between YOU and Tyago Valenca about any potential business relationship

19   between YOU and FACEBOOK.

20   **RESPONSE TO REQUEST FOR PRODUCTON NO. 83:**

21        Power hereby incorporates the General Objections above as if fully stated herein.  Power

22   objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the

23   subject matter of this action and not calculated to lead to the discovery of admissible evidence.

24   The request also calls for documents protected from disclosure by the attorney-client privilege and

25   work product doctrine.  Subject to and without waiving these objections, Power responds that it

26   will conduct a reasonable search for non-privileged documents responsive to this request.

27

28

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S SECOND
SET OF REQUESTS FOR PRODUCTION
CASE NO. 5:08-CV-05780 JW

15

**REQUEST FOR PRODUCTION NO. 84:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute COMMUNICATIONS between YOU and Felipe Herrera about any potential business relationship between YOU and FACEBOOK.

**RESPONSE TO REQUEST FOR PRODUCTON NO. 84:**

Power hereby incorporates the General Objections above as if fully stated herein.  Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. The request also calls for documents protected from disclosure by the attorney-client privilege and work product doctrine.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for non-privileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 85:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute COMMUNICATIONS between YOU and Leigh Power about any potential business relationship between YOU and FACEBOOK.

**RESPONSE TO REQUEST FOR PRODUCTON NO. 85:**

Power hereby incorporates the General Objections above as if fully stated herein.  Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. The request also calls for documents protected from disclosure by the attorney-client privilege and work product doctrine.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for non-privileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 86:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute COMMUNICATIONS between YOU and ANY investors OR potential investors in POWER.

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S SECOND
SET OF REQUESTS FOR PRODUCTION
CASE NO. 5:08-CV-05780 JW

16

**RESPONSE TO REQUEST FOR PRODUCTON NO. 86:**

Power hereby incorporates the General Objections above as if fully stated herein.  Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  The request also calls for documents protected from disclosure by the attorney-client privilege and work product doctrine.  Based on the foregoing objections, Power will not produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 87:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute ANY business plans, strategic plans, sales plans, OR other planning DOCUMENT for POWER.

**RESPONSE TO REQUEST FOR PRODUCTON NO. 87:**

Power hereby incorporates the General Objections above as if fully stated herein.  Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  The request also calls for documents protected from disclosure by the attorney-client privilege and work product doctrine.  Based on the foregoing objections, Power will not produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 88:**

ALL DOCUMENTS that summarize, describe, refer to, OR relate to data extraction as described in the Power.com Developer Manual, POWER 2011.02.03.000007.

**RESPONSE TO REQUEST FOR PRODUCTON NO. 88:**

Power hereby incorporates the General Objections above as if fully stated herein.  Power objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.  The request also calls for documents protected from disclosure by the attorney-client privilege and work product doctrine.  Subject to and without waiving these objections, Power responds that it will conduct a reasonable search for non-privileged documents responsive to this request.

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S SECOND
SET OF REQUESTS FOR PRODUCTION
CASE NO. 5:08-CV-05780 JW

17

**REQUEST FOR PRODUCTION NO. 89:**

ALL DOCUMENTS that summarize, describe, refer to, relate to, OR constitute

PowerScript, as the term is used in POWER 2011.02.03.000004-22.

**RESPONSE TO REQUEST FOR PRODUCTON NO. 89:**

Power hereby incorporates the General Objections above as if fully stated herein. Power

objects to this request as vague, ambiguous, overbroad and unduly burdensome, not relevant to the

subject matter of this action and not calculated to lead to the discovery of admissible evidence.

The request also calls for documents protected from disclosure by the attorney-client privilege and

work product doctrine. Subject to and without waiving these objections, Power responds that it

will conduct a reasonable search for non-privileged documents responsive to this request.

Dated:  July 5, 2011                          BURSOR & FISHER, P.A.


By_____/s/_____
                    L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
2121 North California Blvd., Suite 1010
Walnut Creek, CA 94596
Telephone:  (925) 482-1515
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com

Scott A. Bursor (*pro hac vice*)
369 Lexington Avenue, 10th Floor
New York, NY  10017-6531
Telephone:  (212) 989-9113
Facsimile:   (212) 989-9163
E-Mail:   scott@bursor.com

Alan R. Plutzik (State Bar No. 77785)
Michael S. Strimling (State Bar No. 96135)
2125 Oak Grove Road, Suite 120
Walnut Creek, CA  94598
Telephone:  (925) 945-0200
Facsimile:  (925) 945-8792
E-Mail:  aplutzik@bramsonplutzik.com
                mstrimling@bramsonplutzik.com

Attorneys for Defendants Power
Ventures, Inc. and Steve Vachani

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Bursor & Fisher, P.A. 2121 North California Blvd., Suite 1010, Walnut Creek, CA 94596. On July 5, 2011, I served the following document:

**DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION**

☒ by placing a copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Walnut Creek, California addressed as set forth below.

☒ by pdf transmission. These documents were transmitted via e-mail to the following e-mail addresses as set forth below.

I. Neel Chatterjee
Theresa Sutton
Morvarid Metanat
Amy Dalton
Karen Mudurian
Orrick, Herrington & Sutcliffe, LLP
1000 Marsh Road
Menlo Park, Ca 94025
Telephone: 1-650-614-7400
Facsimile: 1-650-614-7401
Email:
nchatterjee@orrick.com
tsutton@orrick.com
mmetanat@orrick.com
adalton@orrick.com
kmudurian@orrick.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct, executed on July 5, 2011, at Walnut Creek, California.

L. Timothy Fisher

DEFENDANT POWER VENTURES, INC.'S RESPONSES TO FACEBOOK, INC.'S SECOND
SET OF REQUESTS FOR PRODUCTION
CASE NO. 5:08-CV-05780 JW

19