I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
MONTE M.F. COOPER (STATE BAR NO. 196746)
mcooper@orrick.com
THERESA A. SUTTON (STATE BAR NO. 211857)
tsutton@orrick.com
MORVARID METANAT (STATE BAR NO. 268228)
mmetanat@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California  94025
Telephone:    650-614-7400
Facsimile:    650-614-7401

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> POWER VENTURES, INC., a Cayman Island corporation; STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, DOES 2-25, inclusive, <br><br> Defendants. | Case No. 5:08-cv-05780 JW <br><br> **PLAINTIFF FACEBOOK INC'S THIRD MOTION TO ENLARGE TIME PURSUANT TO CIVIL LOCAL RULES 6-3 AND 16-2** <br><br> Dept:    Courtroom 15, 18th Floor <br> Judge:   Honorable James Ware |

## I. INTRODUCTION

Facebook respectfully requests an order enlarging the deadline for Facebook's Opposition to Defendants' Motion for Summary Judgment and the parties' opening expert reports, currently due November 4 and 18, respectively. Defendants Power Ventures and Steve Vachani have repeatedly refused to produce discovery that is critical both to Facebook's opposition to Defendants' summary judgment motion and to Facebook's expert reports. Facebook has diligently pursued that discovery, but has confronted a brick wall. It has filed three motions to compel and is prepared to file a motion to compel compliance with the order resulting from the first of those. Though two of Facebook's motions are fully briefed and were set to be heard on October 24, the Court recently vacated that hearing date pending assignment of a Magistrate Judge to handle discovery disputes. Facebook's impending fourth motion, like the others, awaits that assignment. Moreover, despite this Court's August 18, 2011 Order compelling production of defendants' source code (and defendants' subsequent promises to produce missing code), defendants refuse to make any further productions. Without the requested discovery and missing source code components, Facebook's experts are prevented from performing a complete and meaningful analysis of Facebook's claims in opposition to defendants' pending Motion for Summary Judgment.

Accordingly, Facebook asks that Court extend the expert report deadline to 60 days after Power produces its missing source code in order to allow Facebook's experts adequate time to examine the code and finalize their findings. Facebook also asks the Court to extend the deadline for Facebook's Opposition to defendants' Motion for Summary Judgment to 14 days after the close of fact discovery.

## II. STATEMENT OF RELEVANT FACTS

As evidenced by Facebook's three motions to compel (and status report to Magistrate Judge Lloyd), defendants have repeatedly refused to comply with their discovery obligations. Dkt. Nos. 124, 128, 138, 113. The facts surrounding these discovery disputes have been fully briefed and are described in the Declaration of Morvarid Metanat ("Metanat Decl."), attached hereto. Facebook, therefore, will not reiterate those facts here.

### A.      Defendants Refuse To Produce Source Code

This Court ordered Power to produce "***all source code and associated documentation*** related to the" Power website on August 18, 2011. *See* Dkt. No. 127 (emphasis added). Facebook's expert began reviewing the code on August 25, but immediately determined that the production was incomplete. Metanat Decl., ¶ 7. Facebook immediately sought production of the missing files. *Id*. Ex. E. By August 29, 2011, defendants produced additional files. *Id*., ¶ 9. However, this late and still-incomplete production did not include many of the files Facebook identified as missing, such as databases associated with how defendants automatically sent electronic messages to Facebook users soliciting them to join the power.com website, and other databases showing how defendants dynamically changed the IP addresses they used in order to circumvent Facebook's blocks of access from power.com. *Id*., Exs. J, G, H. This information is directly relevant to Facebook's claims against defendants.

On September 1, 2011, Facebook reminded Power that the source code production remained incomplete and asked defendants to produce the missing files. *Id*. Ex. G. Power's counsel responded that he was "working with [his] client to obtain additional documents and information [Facebook's expert] requested" and would "let [Facebook] know if and when they are available." *Id*., Ex. M.

Having heard nothing from defendants regarding the missing source code, on September 14, 2011, Facebook again requested that defendants make the requisite production. *Id.* Ex. H. Power's counsel responded that he was still "working with [his] client to produce additional documents," but would let Facebook know the following week when the missing documents would be produced. *Id*., Ex. I. Facebook accommodated defendants, and a week later made yet another request for the missing source code and asked for an explanation for the delay. *Id*., Ex. J. This time, defendants' counsel ignored Facebook's request completely. On September 29, 2011, therefore, during the deposition of Power's former CEO Rob Pollock, Facebook made a final request for the missing source code. *Id*., ¶ 12. Despite Power's previous representations that it would produce the missing source code, Power's counsel then refused to confirm when the production would be made. *Id.*

1   On October 7, 2011, in light of defendants' failure to produce the missing source code, Facebook asked defendants to stipulate to extensions of time for filing Facebook's Opposition and the deadline for expert reports. *Id*., Ex. K.  Defendants refused and, for the first time, argued that they had already produced Power's entire source code. *Id*., Ex. L.

### B. The Court Terminated The Hearing On Facebook's Motions To Compel

On August 22, 2011, Facebook filed a Motion to Compel Defendants to perform a thorough search for missing responsive documents. *See* Dkt. No. 129. Facebook based its motion on Steve Vachani's testimony in which he admitted that he had not searched all sources for relevant materials. Dkt. No. 129, Sealed Ex. E at 136:12-140:24. This motion to compel also is supported by the contemporaneous and subsequent productions by four third-party witnesses of approximately 500 documents that Power and Vachani never produced. The motion was fully briefed by September 13, 2011, and set for hearing on the Court's first available date, October 24, 2011.

In addition, on September 7, 2011, Facebook filed a motion to compel defendants' production of documents related to Power's use of IP addresses and proxy servers to access the Facebook website and circumvent its IP-blocking mechanisms. Such materials are highly relevant to Facebook's claims under the CFAA, CAN-SPAM Act, and California Penal Code Section 502, and thus, relevant to the pending summary judgment motion. This motion was fully briefed by September 28, 2011, and also was set for hearing on October 24, 2011.

On October 6, 2011, the Court terminated the October 24 hearings and ordered all discovery disputes to be heard by a Magistrate Judge. Dkt. No. 155. The Order also requires Facebook to re-notice its previously-pending motions to compel pursuant to the Local Rules, which requires notice 35 days in advance of the hearing. Although Facebook intends to file a Motion for Order Shortening Time for these motions to be heard, a Magistrate Judge has not yet been assigned, and Facebook cannot yet be certain what the to-be-assigned Magistrate Judge's calendar will accommodate. It is likely, therefore, that neither of these motions will be heard or resolved before Facebook is required to file its opposition to Defendants' Motion for Summary Judgment (on November 4) or submit its expert reports (on November 18).

**C.     Facebook Will Move To Compel Compliance With This Court's Order**

Facebook has prepared a fourth motion—to compel compliance with this Court's August 18 Order (Dkt. No. 127)— to obtain a complete production of Power's source code.   Because a Magistrate Judge has not yet been assigned to this case, Facebook is unable to file this motion at this time.

**III.     ARGUMENT**

**A.     Good Cause Exists To Extend Deadline For Expert Reports.**

Good cause exists to extend Facebook's deadline to file an Opposition to defendants' Motion for Summary Judgment.  *See* Fed. R. Civ. P. 16(b)(4); L.R. 6-3 & 16-2.  Pursuant to Rule 16(b), a pre-trial schedule may be modified where the schedule "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment); *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992).  Good cause also exists to extend the deadline for expert reports.  Facebook has made considerable efforts to obtain discovery from defendants to no avail.

Expert reports are currently due on November 18, 2011.  Defendants' refusal to cooperate in discovery, and its disregard for this Court's Order compelling Power to produce its source code, make it impossible for Facebook to meet this deadline.  First, the missing source code is crucial to Facebook's CAN-SPAM, CFAA and Penal Code Section 502 claims because it establishes how defendants spammed Facebook users and then circumvented Facebook's block of the power.com website.  Defendants' refusal to produce it prevents Facebook's experts from analyzing the relevant code and materials prior to finalizing their final reports.  While Facebook is prepared to seek an order compelling the production of this missing code, this motion will not likely be heard until after the expert report deadline, because it must be noticed pursuant to Civil L.R. 6-3.  Moreover, Facebook filed two other motions to compel, the resolution of which may result in the production of additional materials.  These materials include information regarding damages and Power's use of IP addresses and proxy servers to circumvent Facebook's implemented blocks.  This information is critical to Facebook's expert analysis concerning damages and liability, as well as to the predicate acts necessary to prove Facebook's  CFAA and

Penal Code Section 502 claims. These motions will not likely be heard before expert reports are currently due, as Facebook is unable to re-notice the hearing date. Without access to the materials Facebook seeks, its experts will be unable to prepare complete and meaningful expert reports by the November 18 deadline. If Facebook does not receive an extension of time, it will suffer unfair prejudice from defendants' discovery abuses. An extension of the deadline for expert reports would remedy that condition.

### B. Good Cause Exists To Enlarge Time To Respond To Defendants Motion For Summary Judgment.

As discussed in Facebook's Second Motion to Enlarge Time (Dkt. No. 132), defendants' summary judgment motion asserts that defendants did not initiate transmission of messages in violation of the CAN-SPAM Act. *See* Dkt. No. 98 at 12-13. While defendants produced some of their source code, this production is missing critical files relating to the process by which these messages were sent to Facebook users. This information is crucial to defeating defendants' motion. This source code is also critical to show how defendants dynamically changed the IP addresses they used in order to circumvent Facebook's blocks of access from Power.com in violation of the CFAA and Penal Code Section 502. Indeed, defendants' motion also argues that they "did not circumvent any technical barriers" in violation of these claims. As discussed, Facebook anticipates filing a motion to compel this source code as soon as a Magistrate Judge is assigned to this action. It is likely, though, that the motion will not be heard until after the November 4 Opposition deadline.

Moreover, Facebook also has moved to compel the production of documents, other than the source code, related to defendants' use of proxy servers to access the Facebook website, and to later circumvent Facebook's implemented IP blocks, which defendants have steadfastly refused to produce. The Court, however, has terminated the hearing date on this motion, making it unlikely that it will be resolved before Facebook's Opposition is due.

### IV.   CONCLUSION

Facebook respectfully requests an order enlarging time to file its opening expert reports and oppose defendants' motion for summary judgment.

Dated: October 13, 2011                    ORRICK, HERRINGTON & SUTCLIFFE LLP


                                           By:    */s/ Morvarid Metanat /s/*
                                                  MORVARID METANAT
                                                  Attorneys for Plaintiff
                                                  FACEBOOK, INC.