I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
MONTE M.F. COOPER (STATE BAR NO. 196746)
mcooper@orrick.com
THERESA A. SUTTON (STATE BAR NO. 211857)
tsutton@orrick.com
MORVARID METANAT (STATE BAR NO. 268228)
mmetanat@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California  94025
Telephone:   650-614-7400
Facsimile:   650-614-7401

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>POWER VENTURES, INC., a Cayman Island corporation; STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, DOES 2-25, inclusive,<br><br>            Defendants. | Case No. 5:08-cv-05780 JW<br><br>**DECLARATION OF MORVARID METANAT IN SUPPORT OF FACEBOOK, INC.'S THIRD MOTION TO ENLARGE TIME PURSUANT TO CIVIL LOCAL RULES 6-3 AND 16-2**<br><br>Dept:       Hon. James Ware<br>Judge:     15, 18th Floor |

METANAT DECLARATION ISO FACEBOOK'S
REQUEST TO ENLARGE TIME
CASE NO. 5:08-CV-05780 JW

I, Morvarid Metanat, hereby declare and state as follows:

1. I am an attorney with the law firm of Orrick, Herrington & Sutcliffe LLP, counsel of record to Facebook, Inc. in the above-captioned matter. I make this declaration based on my personal knowledge, unless otherwise noted. If called, I can and will testify competently to the matters set forth herein.

### A. Discovery Background

2. Facebook served Power with its First Set of Requests for Production on October 22, 2010. Power did not respond to these discovery requests until December 15, 2011, nearly two months later. Roughly two more months went by before Power produced any documents. Its production consisted of *13* documents in response to the *50* discovery requests propounded by Facebook. Noticeably absent from this minimal production, was Power's source code—specifically requested by Facebook.

3. On May 17, 2011, Facebook requested that Power produce, amongst other things, its source code. Attached hereto as **Exhibit A** is a true and correct copy of Facebook's May 17, 2011 letter to Defendants. Defendants refused to produce their source code. Attached hereto as **Exhibit B** is a true and correct copy of Defendants' May 31, 2011 letter response to Facebook.

4. On June 2, 2011, Facebook served Defendant Vachani with its First Set of Requests for Production of Documents. On June 3, 2011, Facebook served Power with its Second Set of Requests for Production of Documents. To date, neither Vachani nor Power has produced materials responsive to these Requests.

5. Due to Power's discovery deficiencies, Facebook filed a Request to Enlarge time on July 6, 2011. This request sought a 60 day extension of deadlines in order to accommodate its need for review of Power's un-produced source code. Dkt. 111. Defendant opposed Facebook's request, but did not deny Facebook's need for its source code. Dkt. No. 114. On July 14, 2011, the Court granted Facebook's request for a continuance and found "good cause" to extend all existing discovery and pre-trial deadlines. Dkt. No. 116. Given the Court's finding of good cause, Facebook immediately requested that Defendants' stipulate to production of the source code. Attached hereto as **Exhibit C** is a true and correct copy of Facebook's e-mail request to

1  Defendants' counsel requesting a stipulation to produce source code. Defendants refused to
2  stipulate.

3        6.      On August 10, 2011, Facebook moved to compel Defendants to produce Power's
4  source code and related materials. Dkt. No. 124. On August 17, 2011, Defendants provided a
5  one paragraph response to Facebook's Motion and agreed to produce the requested source code.
6  Dkt. No. 126. On August 19, 2011, Facebook requested that Power confirm that the produced
7  source code would include all of the missing code referenced in Facebook's motion to compel
8  source code. Attached hereto as **Exhibit D** is a true and correct copy of the August 19, 2011 e-
9  mail correspondence between Facebook's counsel and Power's counsel.

10        **B.**      **Reasons For Requested Enlargement Of Time**

11            **1.**      **Power Refuses To Produce Source Code Components Despite Court Order, Facebook's Numerous Requests and Power's Promise To Do So**

12        7.      The parties agreed for the source code review to begin on August 25, 2011. On
13  August 25, 2011, after beginning his inspection of Power's source code, Facebook's expert, Larry
14  Melling, discovered that many critical aspects of Power's source code were missing from the
15  Court-ordered production. For example, Defendants' production lacks the www.power.com
16  website source code, the PowerScript applications and functions, or source code files, associated
17  with Facebook, and the Defendants' critical MSSQL database. Facebook immediately contacted
18  Defendants regarding these deficiencies. Attached hereto as **Exhibit E** is a true and correct copy
19  of Facebook's August 26, 2011 letter to Power's counsel regarding Defendants' incomplete
20  production.

21        8.      Defendants' counsel, Timothy Fisher, responded to Facebook's August 26th letter
22  asserting that Defendants "were in the process of providing some additional files" for Mr.
23  Melling's review. Mr. Fisher also stated that "[i]f Mr. Melling concludes that there are additional
24  files he requires, we are happy to work with you to provide them to the extent such files exist and
25  can be recovered from Power's archives." Attached hereto as **Exhibit F** is a true and correct
26  copy of the August 26, 2011 e-mail correspondence between Mr. Fisher and Facebook's counsel.

9. By August 29, 2011, Defendants provided Mr. Melling with additional source code files. These files did not include many of the files identified by Mr. Melling as missing. These missing files include the Power MSSQL database(s) that includes the content for invitations, Adcenter, captcha, etc. The unproduced databases relate to, amongst other things, how Defendants automatically sent electronic messages to Facebook users soliciting them to join the Power.com website, as well as databases showing how Defendants dynamically changed the IP address they used in order to circumvent Facebook's blocks of access from Power.com. On September 1, 2011, Facebook communicated these deficiencies to Defendants. Attached hereto as **Exhibit G** is a true and correct copy of the September 1, 2011 e-mail correspondence between plaintiffs' counsel and Defendants' counsel.[1]  Defendants' counsel responded that they were "working with [their] client to obtain additional documents and information." Attached hereto as **Exhibit M** is a true and correct copy of the September 1, 2011 e-mail correspondence between Defendants'' counsel and Facebook's counsel.

10. On September 14, 2011, Facebook contacted Defendants' counsel again requesting Defendants' missing source code. Attached hereto as **Exhibit H** is a true and correct copy of Facebook's September 14, 2011 e-mail correspondence to Defendants' counsel.[2]  Defendants' counsel reiterated that they were "working with [their] client to produce additional documents," but were having "logistical issues" and would have additional information the following week regarding when the missing documents would be produced. Attached hereto as **Exhibit I** is a true and correct copy of the September 16, 2011 e-mail correspondence between Defendants' counsel and Facebook's counsel.

11. On September 22, 2011, Facebook contacted Defendants' counsel yet again requesting the missing source code. Facebook informed Defendants' counsel that that the missing source code included "proof of Power's automatically establishing Events on Facebook

---

[1] The file names of the unproduced files have been redacted from Exhibit G due to Defendants' confidentiality designations pursuant to the parties' Protective Order (Dkt. No. 95).

[2] The file names of the unproduced files have been redacted from Exhibit H due to Defendants' confidentiality designations pursuant to the parties' Protective Order (Dkt. No. 95).

as part of its Power 100 campaign referenced in the Amended Complaint (and at the heart of the CAN-SPAM claims)." Facebook also inquired into the "logistical issues" that Defendants were experiencing. Attached hereto as **Exhibit J** is a true and correct copy of Facebook's September 22, 2011 e-mail correspondence with Defendants' counsel. Defendants' counsel did not respond to Facebook's request.

12. On September 29, 2011, Facebook took the deposition of Power's former CEO, Rob Pollock. During this deposition Facebook's counsel inquired into the status of the production of the source code files. Mr. Fisher was still unable to state when Power would produce the missing files.

### 2. Facebook's Motions To Compel Will Not Be Heard In Time For It To Meet Current Deadlines

13. On August 22, 2011, Facebook filed a Motion to Compel Defendants to perform a thorough search for missing responsive documents. *See* Dkt. No. 129. This motion was based on Steve Vachani's testimony wherein he admitted that he had not searched all sources for relevant materials. This motion is also supported by the contemporaneous and subsequent productions by four third party witnesses of approximately 500 documents that Power and Vachani never produced. This motion was fully briefed by September 13, 2011, and was set for hearing on October 24, 2011 (the first available date on the Court's calendar).

14. On September 7, 2011, Facebook filed another motion to compel requesting that Defendants produce documents related to Power's use of IP addresses and proxy servers to access the Facebook website. Dkt. No. 139. Such materials are highly relevant to Facebook's claims under the CFAA, CAN-SPAM Act, and California Penal Code 502, and thus, relevant to the pending summary judgment motion. This motion was fully briefed by September 28, 2011, and was set for hearing on October 24, 2011 (the first available date on the Court's calendar).

15. On October 6, 2011, the Court terminated the October 24 hearing and ordered all discovery disputes to be heard by a Magistrate Judge for resolution. Dkt. 155. The Order also requires Facebook to re-notice its previously-pending motions to compel pursuant to the Local Rules, which requires 35-days notice. Although Facebook intends to file a Motion for Order

Shortening Time for these motions to be heard, a Magistrate Judge has not been assigned and Facebook cannot know at this time what the assigned Magistrate Judge's calendar will accommodate.  It also, therefore, cannot file its Motion to Compel Compliance with this Court's August 18 Order.  It is likely, therefore, that none of Facebook's motions will be heard or resolved before Facebook is required to file its opposition to Defendants' Motion for Summary Judgment (on November 4) or submit its expert reports (on November 18).

16.     Facebook is prepared to file a Motion to Compel Compliance with this Court's August 18, 2011 Order compelling production of Power's source code.

### C.     Efforts To Obtain Stipulation

17.     Given Power's failure to produce critical portions of its source code, on October 7, 2011, Facebook requested that Defendants stipulate to extensions of time for filing Facebook's Opposition and the deadline for expert reports.  Attached hereto as **Exhibit K** is a true and correct copy of Facebook's counsel and Defendants' counsel's October 7, 2011 e-mail communication.  Defendants refused and for the first time, contended that they had already produced Power's entire source code.  Attached hereto as **Exhibit L** is a true and correct copy of the October 7, 2011 e-mail communication between Defendants' counsel and Facebook's counsel.

### D.     Harm To Facebook

18.     Facebook will suffer harm and prejudice if the Court denies its Request to Enlarge Time.  First, without an extension of time, Facebook's experts will not have the benefit of critical portions of Defendants' source code which Defendants refuse to produce. This missing is code is necessary for a thorough and meaningful analysis of Facebook's CAN-SPAM, CFAA and Pena Code Section 502 claims against Defendants because it establishes how Defendants spammed Facebook users and then circumvented Facebook's block of the power.com website.   While Facebook anticipates filing a motion to compel the unproduced code, this motion cannot be filed until the assignment of a Magistrate and will likely not be heard until after the Expert Report deadline because it must be noticed pursuant to Civil Local Rule 6-3.  Second, Defendants' refusal to produce documents related to this litigation has resulted in two other motions to compel also pending before the Court.   These motions cannot be re-noticed for hearing until the Court

1  assigns a Magistrate Judge in this action. The outcome of these motions may result in the
2  production of additional materials.  These materials may include information regarding Power's
3  use of IP addresses and proxy servers to circumvent Facebook's implemented blocks—
4  information that is significant to Facebook's expert analysis regarding Facebook's CFAA and §
5  502 claims.

6  Facebook will also suffer considerable harm if the Court denies its Motion to Enlarge
7  Time to Respond to Defendants' Motion for Summary Judgment (Dkt. No. 98).  Defendants
8  move for summary judgment on all three of Facebook's claims.  In their motion, Defendants
9  argue that Power did not initiate the transmission of email messages that are in violation of the
10 CAN-SPAM Act.  *See* Dkt. No. 98 at 12-13.  Defendants' unproduced code, however, relates
11 directly to the process by which these messages were established on Facebook.  This source code
12 is also critical to show how Defendants dynamically changed the IP addresses they used in order
13 to circumvent Facebook's blocks of access from Power.com in violation of the CFAA and Penal
14 Code Section 502.  Without the missing code, Facebook will be unable to conclusively establish
15 how these messages were sent to Facebook users.  Defendants' motion also argues that they "did
16 not circumvent any technical barriers" in violation of these claims. As discussed, Facebook
17 anticipates filing a motion to compel this source code as soon as a Magistrate Judge is assigned to
18 this action.  It is likely, though, that the motion will not be heard until after the November 4
19 Opposition deadline.  Moreover, Facebook also has moved to compel the production of
20 documents, other than the source code, related to Defendants' use of proxy servers to access the
21 Facebook website, and to later circumvent Facebook's implemented IP blocks, which Defendants
22 have steadfastly refused to produce.   The Court, however, has terminated the hearing date on this
23 motion, making it unlikely that it will be resolved before Facebook's Opposition is due.

24 **E.** **Previous Time Modifications**

25 19. This case schedule has been modified nine times.  The original Case Scheduling
26 Order was filed December 12, 2008.  The initial Case Management Conference in this case was
27 scheduled for April 15, 2009.  Subsequently, the Court rescheduled the Case Management
28 Conference for April 17, 2009.  Thereafter, the parties stipulated, and the Court ordered, to extend

1   to the initial Case Management Conference to 45 days after the Court's ruling on the pending

2   motion to dismiss.  The Court subsequently rescheduled the Case Management Conference for

3   January 29, 2010.  The Court then rescheduled the Case Management Conference for August 20,

4   2010.  The Case Management Conference was again rescheduled for August 23, 2010.

5   Thereafter, the Court reset the Conference to August 24, 2010.  On August, 19, 2010, the Court

6   modified the original scheduling order.  Subsequently on July 14, 2011, the Court modified the

7   original scheduling.  On September 9, 2011 the Court again modified the original scheduling

8   order and issued the current scheduling order in this case.

### F. Effect Of Requested Modification

20. The requested time modification will have the following effect on the Case Management Schedule:

| Deadline | Current Schedule | Proposed Schedule |
|---|---|---|
| Close of all discovery | January 20, 2012 | January 20, 2012 |
| Last date for Hearing Dispositive Motions *(=60 days after the close of all discovery)* | March 19, 2012 | March 19, 2012 |
| Preliminary Pretrial Conference *(=30 days before the close of all discovery)*<br><br>*Per Dkt. No. 116, the Court will set a new Conference date in its Order addressing Defendants' Motion for Summary Judgment | TBD | TBD |
| Preliminary Pretrial Conference Statements *(Due 10 days before conference)*<br><br>*Per Dkt. No. 116, the Court will set a new Conference date in its Order addressing Defendants' Motion for Summary Judgment | TBD | TBD |
| Expert Reports *(=63 days before close of discovery)* | November 18, 2011 | 45 days after Defendants' production of all missing source code files |
| Rebuttal Expert Reports *(=49 days prior to* | December 2, 2011 | TBD |

| | |
|---|---|
| *discovery cutoff)* | | |
| Daubert Motions to be filed *(42 days after both expert and rebuttal expert disclosures on a Monday (Law and motion day) at 9:00am* | October 28, 2011 | TBD |

The requested time modification would have the following effect on the Defendant's Motion for Summary Judgment deadlines:

| **Deadline** | **Current Schedule** | **Proposed Schedule** |
|---|---|---|
| Plaintiff's Opposition to Defendants' Summary Judgment Motion (Dkt. No. 98) | November 4, 2011 | February 3, 2012 |
| Defendants' Reply In Support of Motion for Summary Judgment | November 11, 2011 | February 17, 2012 |
| Hearing on Defendants' Motion for Summary Judgment | December 12, 2011 | March 2, 2012 |

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 13th day of October, 2011 at Menlo Park, California.

By:     */s/ Morvarid Metanat /s/*
MORVARID METANAT