# EXHIBIT A



ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025-1015

tel +1-650-614-7400
fax +1-650-614-7401

WWW.ORRICK.COM

May 17, 2011

Morvarid Metanat
(650) 614-7344
mmetanat@orrick.com

*VIA E-MAIL*

L. Timothy Fisher
BURSOR & FISHER, P.A.
2121 North California Blvd., Suite 1010
Walnut Creek, CA 94596

Re:   Facebook, Inc. v. Power Ventures, Inc., et al, Case No. 5:08-cv-05780 (N.D. Cal.)

Dear Timothy:

I write in an effort to meet and confer regarding Power Venture's responses and objections to Facebook's First Set of Requests for Production. Power's responses and production are inadequate, as described below, but I am hopeful that we can resolve the deficiencies without the need for Facebook to move to compel further responses and production of responsive materials.

As you know, Facebook propounded 50 separate document requests. In response to 41 of those requests, Power agreed merely to "conduct a reasonable search," without agreeing to produce any responsive materials. Such a response is inappropriate. Power is required either to comply with the request for production or explain why it cannot fully comply. Fed. R. Civ. P. 34(b)(2)(B). Merely agreeing to "conduct a reasonable search" does not satisfy Rule 34. Please supplement Power's responses by indicating which materials it will produce and which materials it intends to withhold (or has withheld). To the extent Power is withholding any responsive materials, it must identify those materials and provide a basis for withholding them.

Power's production also is deficient. In response to 50 document requests, Power produced 13 documents. Most noticeably absent is Power's computer code, which is likely responsive to more than one request, but is specifically called for in response to Request No. 3. Please immediately produce Power's computer code, as required by Request No. 3. Other documents that were not produced include, at least:

1. documents related to Power's use of the Facebook source code to develop, test, implement, use or provide Power's services (Request No. 5);

2. documents related to Power's and/or its users' access to Facebook's website or servers (Request Nos. 6, 7, 8, 9, 22, 23, 24, 25, 26, 43, 44, 45, 47, 49);

3. documents related to Power users (Request Nos. 10, 11, 33);


ORRICK

Timothy L. Fisher
May 17, 2011
Page 2

4. documents related to communications with Facebook or its users (Request Nos. 12, 13, 14, 15, 16, 17, 18, 26, 42);

5. documents related to complaints Power received (Request Nos. 19, 20);

6. documents related to IP addresses or proxy servers used by Power (Request Nos. 8, 27, 28);

7. documents related to Power's Launch Promotion (Request No. 29, 30, 31);

8. documents related to EFF (Request Nos. 34, 35);

9. documents related to Power's affirmative defenses (Request No. 38);

10. documents related to Power employees (Request Nos. 47, 48); and

11. documents related to Power, generally (Request Nos. 39, 40, 41, 46, 50).

This list is not exhaustive, but instead illustrates the significant deficiencies in Power's production in response to Facebook's First Set of Requests for Production.

Please let me know when you are available to meet and confer, or if Power will voluntarily undertake to satisfy its discovery obligations.

Best regards,

Morvarid Metanat