# EXHIBIT J

# Dalton, Amy

| | |
|---|---|
| **From:** | Cooper, Monte |
| **Sent:** | Thursday, September 22, 2011 10:08 AM |
| **To:** | L. Timothy Fisher; Neal Deckant; scott@bursor.com |
| **Cc:** | Metanat, Morvarid; Chatterjee, Neel; Sutton, Theresa A.; Dalton, Amy; Beardsley, Megan M.; Mudurian, Karen N.; larry@zeidmanconsulting.com; bob@zeidmanconsulting.com |
| **Subject:** | RE: Facebook v. Power |

Tim:

(1) You should have received from us the CD you sent with copies of the requested source code. Please confirm that you did.

(2) It has now been more than a week since I sent my inquiry about the missing databases, and approximately a month since they were originally identified and requested by Larry Melling. Please identify a precise date when they will be produced for inspection by Facebook, and kindly advise what are the "logistical" issues you reference. Similarly, when you state your anticipated production should resolve "most" of the issues identified in our earlier emails, please be specific about what issues you anticipate will not be resolved by the production. In response to your arguments regarding relevance, the missing databases were specifically referenced in Facebook's Motion to Compel which the Court granted. Further, it cannot possibly be argued that databases are irrelevant, since the information included in them includes proof of Power's automatically establishing Events on Facebook as part of its Power 100 campaign referenced in the Amended Complaint (and at the heart of the CAN-SPAM claims).

(3) In light of your position, please confirm that Power will not be listing or producing Mr. Santos or Mr. Herrera as witnesses for trial. If you intend to do so, Facebook reserves its right to move to exclude them on the basis of Power's refusal to produce them for depositions despite their ongoing relationships with the Defendants (and shareholder status).

(4) We will proceed to seek relief on Interrogatories Nos. 20 and 21. I note now, however, that Power's response to Interrogatory No. 21, which makes use of Rule 33(d), is currently non-responsive even by your own position, since Power currently is asking Facebook to review business records that Power has not even produced.

(5) Given the recent production of numerous Power emails by third parties that were not produced by Defendants and which, if Mr. Vachani is to be believed, should have been located by his own search efforts long before his July 20, 2011 deposition, Facebook requests that Power stipulate to a second day of deposition with Mr. Vachani (and without prejudice to Facebook also taking the Rule 30(b)(6) deposition of co-defendant Power Ventures, Inc.). If Power will not agree voluntarily to produce Mr. Vachani for such deposition, please consider this email Facebook's request for an immediate meet-and-confer pursuant to Civ. L.R. 37-1 related to Facebook's intent to seek the Court's relief to order such second day of deposition.

If you wish to speak with me directly about any of these issues, I am relatively free the rest of today and tomorrow. I will be out of the office next Monday-Tuesday, however.

Monte