# EXHIBIT K

# Dalton, Amy

| | |
|---|---|
| **From:** | Cooper, Monte |
| **Sent:** | Friday, October 07, 2011 11:29 AM |
| **To:** | 'L. Timothy Fisher'; 'Neal Deckant'; 'scott@bursor.com' |
| **Cc:** | Metanat, Morvarid; Chatterjee, Neel; Sutton, Theresa A.; Dalton, Amy; Beardsley, Megan M.; Mudurian, Karen N.; 'larry@zeidmanconsulting.com'; 'bob@zeidmanconsulting.com'; Rick Ostiller; Mudurian, Karen N. |
| **Subject:** | RE: Facebook v. Power |

Tim:

In light of Power's more than one month delay in producing the relevant databases referenced in my emails below that the Court has ordered be produced, and which you promised would be produced in response to Larry Melling's and my own multiple inquiries, Facebook would like to know if Power will stipulate to an extension for the filing of its Opposition to Power's pending Motion for Summary Judgment, and preparation of its Expert Reports, until the later of 60 days after the production of the databases, or 60 days after production of any documents that the Court orders be produced in conjunction with Facebook's pending motions to compel.

If Power won't agree to the proposed extension, please explain how Power proposes to correct the prejudice that Facebook has suffered by the on-going non-production of critical source code databases that the Court ordered be produced long before now.

Monte

---

**From:** Cooper, Monte
**Sent:** Friday, September 30, 2011 4:22 PM
**To:** 'L. Timothy Fisher'; 'Neal Deckant'; 'scott@bursor.com'
**Cc:** Metanat, Morvarid; Chatterjee, Neel; Sutton, Theresa A.; Dalton, Amy; Beardsley, Megan M.; Mudurian, Karen N.; 'larry@zeidmanconsulting.com'; 'bob@zeidmanconsulting.com'
**Subject:** RE: Facebook v. Power

Tim and Scott:

This email will confirm that following yesterday's deposition of Rob Pollack, I had a discussion with Tim in which he stated the following:

(1) Power Ventures and Steve Vachani still cannot state when or whether Facebook will receive copies of the Power databases that Larry Melling more than a month ago identified were missing from Power's source code production.  To date, we have not received any explanation of what are the "logistical issues" that continue to delay Defendants' promised production of this critical information, which is also subject to the Court's August 18, 2011 Order compelling all source code production.  Accordingly, Facebook will now seek relief from the Court, and reserves its right to seek costs and/or move pursuant to FRCP 56(d) to delay filing of an Opposition to Defendants' motion for summary judgment until at least 60 days after production of the databases.

(2) Power will not produce Mr. Vachani for a second day of deposition, even though we have now received 2400 pages of documents, many of them authored by Mr. Vachani, which he claimed he searched for and which Defendants in Court filings have asserted "simply do not exist."  Accordingly, Facebook will proceed to seek relief from the Court for a second day of deposition, at Mr. Vachani's expense.