I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
MONTE M.F. COOPER (STATE BAR NO. 196746)
mcooper@orrick.com
THERESA A. SUTTON (STATE BAR NO. 211857)
tsutton@orrick.com
MORVARID METANAT (STATE BAR NO. 268228)
mmetanat@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:	650-614-7400
Facsimile:	650-614-7401

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>POWER VENTURES, INC. a Cayman Island Corporation,; STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, DOES 2-25, inclusive,<br><br>　　　　　Defendants. | Case No.   5:08-cv-05780 JW<br><br>**DECLARATION OF THERESA A. SUTTON IN SUPPORT OF FACEBOOK INC.'S MOTION FOR ADMINISTRATIVE RELIEF TO FILE UNDER SEAL, PURSUANT TO CIVIL LOCAL RULE 79-5(B)**<br><br>Dept:	Courtroom 9, 19th Floor<br>Judge:	Hon. Chief Judge James Ware |

I, Theresa A. Sutton, declare:

1. I am an attorney with the law firm of Orrick, Herrington & Sutcliffe LLP and counsel for Plaintiff Facebook, Inc., I make this declaration in support of Facebook's Administrative Motion, pursuant to Civil Local Rule 79-5(b), to File under Seal: 1) portions of Exhibits 8 and 9 attached to the Declaration of Morvarid Metanat in Support of Facebook's Motion for Partial Summary Judgment under California Penal Code § 502 and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and 2) portions of Facebook's Motion for Partial Summary Judgment under California Penal Code § 502 and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.  I make this Declaration based on facts made known to me, unless otherwise stated.

2. Exhibit 8 and 9 to the Metanat Declaration consist of the Declarations of Ryan McGeehan ("McGeehan Decl.") and Joseph Cutler ("Cutler Decl.") in Support of Facebook's Motion for Partial Summary Judgment on Count 1, and the Exhibits attached thereto, respectively.  These Declarations previously were lodged with the Court on November 14, 2011, pending the Court's resolution of Facebook's Motion to Seal, Dkt. No. 167.

3. The McGeehan Declaration (and Exhibits 2, 3, and 4 attached thereto) and portions of the Cutler Declaration (and portions of Exhibit C attached thereto), have been designated as "HIGHLY-CONFIDENTIAL-ATTORNEY' EYES ONLY" pursuant to the Parties' Protective Order, dated February 4, 2011 (Dkt. No. 95).

4. Facebook seeks to seal portions of Exhibit 8 because it contains Facebook's confidential and proprietary business information.  Specifically, the McGeehan Declaration and Exhibits 2, 3, and 4 attached thereto, discuss Facebook's internal infrastructure in responding to attacks on Facebook's systems and servers, including the technical measures implemented by Facebook to prevent such attacks.  This information is highly sensitive and Facebook may suffer irreparable harm if this information is not protected from disclosure through public filing. Specifically, public disclosure of Facebook's technical measures implemented to prevent attacks on Facebook would enable third parties to circumvent such measures, putting Facebook at significant risk for future, pervasive attacks.  For these reasons, Facebook respectfully requests

that portions of Exhibit 8—specifically, the McGeehan Declaration and Exhibits 2, 3, and 4 attached thereto—be sealed from the public record.

5. Facebook also seeks to seal portions of Exhibit 9—namely portions of the Cutler Declaration (portions of Paragraphs 3-6, 10, 12) and Exhibit C attached thereto. Like Mr. McGeehan, Mr. Cutler discusses Facebook's confidential and proprietary business information, including specific details related to the investigation the Perkins firm performed for Facebook, how Facebook responded to Defendants' spam attacks, and Perkins' legal fees. Public disclosure of Facebook's technical measures implemented to prevent attacks on Facebook would enable third parties to circumvent such measures, putting Facebook at significant risk for future, pervasive attacks. In addition, both Facebook and Perkins have a business desire to maintain the confidentiality of the legal fees Facebook incurred, as such information is commercially sensitive. For these reasons, Facebook respectfully requests that portions of Exhibit 9—specifically portions of Paragraphs 10, 12, 15 of the Cutler Declaration, as well as portions of Exhibit C—be sealed from the public record.

6. To the extent Facebook, in its moving papers, quotes from or derives information from either the portions of Exhibit 8 or 9 that have been designated "HIGHLY-CONFIDENTIAL-ATTORNEY' EYES ONLY," for the foregoing reasons, it also respectfully requests that those portions of Facebook's Motion for Partial Summary Judgment under California Penal Code § 502 and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 be sealed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 17 day of November, 2011 at Menlo Park, California.

/s/ Theresa A. Sutton
**THERESA A. SUTTON**