I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
MONTE COOPER
mcooper@orrick.com
THERESA A. SUTTON (STATE BAR NO. 211857)
tsutton@orrick.com
MORVARID METANAT (STATE BAR NO. 268228)
mmetanat@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California  94025
Telephone:    650-614-7400
Facsimile:    650-614-7401

Attorneys for Defendant
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>POWER VENTURES, INC. a Cayman Island corporation, STEVE VACHANI, an individual; DOE 1, s/b/a POWER.COM, DOES 2-25, inclusive,<br><br>　　　　　　Defendants. | Case No. 5:08-cv-05780-JW (JSC)<br><br>**JOINT PRELIMINARY PRETRIAL CONFERENCE STATEMENT**<br><br>Date:　　December 19, 2011<br>Time:　　11:00 A.M.<br>Dept:　　Courtroom 9, 19th Floor<br>Judge:　　Hon. Chief Judge James Ware |

OHSWEST:261416333.1

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

JOINT PRELIMINARY PRETIAL CONFERENCE STATEMENT
5:08-CV-05780-JW (JSC)

The parties to the above-entitled action submit this Joint Preliminary Pretrial and Trial Setting Conference Statement and [Proposed] Order.

## I.  BRIEF STATEMENT OF THE CASE

### A.  Facebook's Position

Facebook's claims arise from Defendants' unauthorized access to Facebook's website to harvest, download and store Facebook user data and other information, such as "Friends lists" and log-in credentials, for use in emulating, or "proxying," the Facebook website from outside Facebook's network.  Defendants' then also used that harvested data to send more than 60,000 unsolicited commercial electronic mail messages (SPAM) to Facebook's users to encourage them to join Defendants' website, www.power.com.  When Facebook learned that Defendants were unlawfully accessing its website and spamming its members, it sent Defendants a cease and desist letter and sought via other technical and legal efforts to block Defendants' activity.  Defendants at least twice employed their own technical measures to circumvent Facebook's multiple blocks of the power.com service, and then used a shared amazon.com server to discourage Facebook from attempting further to block them (as any block of the amazon.com server would potentially result in blocking other, legitimate businesses from using Facebook).

As a result, on December 30, 2008, Facebook filed suit against Power Ventures and Steve Vachani asserting claims for: (1) Violations of the Can-Spam Act (15 U.S.C. § 7701, et seq.); (2) Violations of the Computer Fraud and Abuse Act (18 U.S.C. § 1030); (3) Violations of California Penal Code Section 502; (4) Copyright Infringement; (5) Violation of the Digital Millennium Copyright Act; (6) Trademark Infringement; (7) Trademark Infringement under California Law; and (8) Unlawful, Unfair, and Fraudulent Competition Under California Bus. & Prof. Code § 17200). The parties stipulated to the dismissal of counts 4 through 8 on February 17, 2011.

### B.  Defendants' Position

Beginning in 2006, defendant Power operated a website known as Power.com, which allowed users to access various social networking websites (*e.g.* MySpace and Orkut) in one place.  Specifically, Power created a browser that allowed users to login and access all of their

OHSWEST:261416333.1

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

JOINT PRELIMINARY PRETIAL CONFERENCE STATEMENT
5:08-CV-05780-JW (JSC)

1   various social networking accounts at once.  Users could update their photos, messages, music,
2   and videos, and these updates would be portable across various social networking sites.  For
3   approximately two months from December 2008 through January 2009, Power offered Facebook
4   users the ability to connect to Facebook through Power's browser   Power did not access
5   Facebook's website without permission.  Power did not send any SPAM emails.  In fact, the
6   emails Facebook complains about were sent by Facebook itself.

7       In late December 2008, Facebook attempted to prevent Power's users from accessing
8   Facebook through Power.com by blocking one IP address utilized by Power.  This IP block was
9   ineffective because Facebook blocked only one outdated IP address Power had used, and did not
10  block other IPs that Power was using in the normal course of business.  After it became aware of
11  the attempted IP blocking, Power undertook efforts to implement Facebook Connect, a platform
12  designed by Facebook that allows third party websites like Power to connect to Facebook.
13  Negotiations between Power and Facebook over the implementation of Facebook Connect broke
14  down, and Power voluntarily shut down its Facebook integration completely in early 2009.
15  Power shut down the Power.com website in April, 2011.

16      Facebook's claims have no merit.  The evidence will show that no one was misled.  No
17  Facebook user ever complained about anything Power did.  And Facebook suffered no damages,
18  no loss, and no injury of any kind.

19  **II.    READINESS FOR TRIAL**
20      **A.    Facebook's Position**
21      This case will be ready for trial by April 2012.  Discovery closes on January 20, 2012.
22  Facebook has been forced to seek Court relief for Defendants' repeated failures to comply with
23  their discovery obligations.  As a result, Defendants served their first meaningful production on
24  November 3, 2011.  Facebook and its expert are reviewing these materials.  Facebook anticipates
25  propounding further discovery requests.  In addition, Facebook intends to take additional
26  depositions, including that of Power Ventures pursuant to Fed.R.Civ.P. 30(b)(6), Steve Vachani,
27  and third parties.  It is currently scheduled to depose one third party, a former Power employee,
28  on December 14, 2011, and is scheduled to take the Rule 30(b)(6) deposition of defendant Power

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

OHSWEST:261416333.1

JOINT PRELIMINARY PRETIAL CONFERENCE STATEMENT
5:08-CV-05780-JW (JSC)

Ventures on January 9, 2012, followed by a deposition of defendant Steve Vachani on January 10, 2012 . Power has yet to disclose any expert witnesses and, thus, Facebook does not know if additional depositions will be necessary. Facebook will, however, wish to depose Defendants' expert(s), should they file a report or other papers.

### B. Defendants' Position

Defendants agree that the case will be ready for trial in April 2012. Defendants may take some additional discovery before the January 20, 2012 cut-off, but are largely prepared for trial.

Defendants dispute Facebook's assertions regarding discovery in this case. Defendants have made significant productions throughout this litigation. On February 3, defendants produced Power's PowerScript training manuals as well as a number of emails regarding the dispute with Facebook. In August, defendants subsequently produced Power's voluminous source code and various files related to how the Power browser worked. On September 15, Power produced more than 1700 pages of excerpts from the source code. On October 24, Power produced more than 109 gigabytes of files including all of Power's subversion repositories and database files. More recently, Power gave Facebook total access to Power's backup files and to Mr. Vachani's email, which includes virtually tens of thousands of emails. In stark contrast to defendants' massive production, Facebook has produced only 295 pages of documents in the three years that this case has been pending.

## III.   RELIEF REQUESTED

Facebook requests the following relief for each undecided claim:

A permanent injunction enjoining and restraining Defendants, and all persons or entities action in concert with them, from:
1. Soliciting and/or storing Facebook login information;
2. Accessing or attempting to access Facebook's website and computer systems;
3. Initiating unsolicited electronic mail messages to Facebook users;
4. Procuring unsolicited commercial electronic mail messages to Facebook users;
5. Engaging in any activity that disrupts, diminishes the quality of, interferes with the performance of, or impairs the functionality of Facebook's website; and
6. Engaging in any act that violates Facebook's Terms of Use.

An award to Facebook of damages, including but not limited to, compensatory, statutory, and punitive damages, as permitted by law and in

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

OHSWEST:261416333.1

JOINT PRELIMINARY PRETIAL CONFERENCE STATEMENT
5:08-CV-05780-JW (JSC)

such amounts to be proven at trial.

An award to Facebook of reasonable costs, including reasonable attorneys' fees.

For pre and post-judgment interest as allowed by law.

For such other relief as the Court may deem just and proper.

## IV. AMOUNT OF TIME TO ALLOCATE TO TRIAL

Facebook anticipates that trial with last approximately four 7-hour Court days. It may be possible to reduce the length of trial through stipulations and/or motions for summary judgment/adjudication. Accordingly, the parties request that the Court defer trial time allocation until the Court has ruled on dispositive motions.

## V. CALENDAR PERIOD FOR TRIAL

The parties are available April 23-27, April 30-May 4, and May 7-11.

## VI. SETTLEMENT AND ADR

The parties engaged in an ADR mediation session on December 14, 2009. The session was facilitated by mediator Daralyn Durie. *See* Dkt. No. 59. Facebook has repeatedly proposed that the parties settle this action. Defendants have not made a counter-offer.

Dated: December 9, 2011                      ORRICK, HERRINGTON & SUTCLIFFE LLP

                                             /s/ *I. Neel Chatterjee* /s/
                                             **I. Neel Chatterjee**
                                             Attorneys for Plaintiff
                                             FACEBOOK, INC.

Dated: December 9, 2011                      BURSOR AND FISHER, P.A.

                                             /s/ *L. Timothy Fisher* /s/
                                             **L. Timothy Fisher**
                                             Attorneys for Defendants
                                             VACHANI AND POWER VENTURES

/ / /

OHSWEST:261416333.1

**Filer's Attestation:** Pursuant to General Order No. 45, §X(B), I attest under penalty of perjury that concurrence in the filing of the document has been obtained from its signatory.

Dated: December 9, 2011

Respectfully submitted,

*/s/ Morvarid Metanat /s/*
Morvarid Metanat

Orrick, Herrington & Sutcliffe LLP
Attorneys at Law
Silicon Valley

OHSWEST:261416333.1

Joint Preliminary Pretial Conference Statement
5:08-cv-05780-JW (JSC)