I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
MONTE COOPER (STATE BAR NO. 196746)
mcooper@orrick.com
THERESA A. SUTTON (STATE BAR NO. 211857)
tsutton@orrick.com
MORVARID METANAT (STATE BAR NO. 268228)
mmetanat@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
Telephone:    650-614-7400
Facsimile:    650-614-7401

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>POWER VENTURES, INC., a Cayman Island corporation; STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, DOES 2-25, inclusive,<br><br>　　　　　Defendant. | Case No. 5:08-cv-05780 JW (JCS)<br><br>**NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES FOR PARTIAL SUMMARY JUDGMENT UNDER CALIFORNIA PENAL CODE § 502 AND THE COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030**<br><br>Date:　　　January 9, 2012<br>Time:　　　9:00 A.M.<br>Courtroom: 9, 19th Floor<br>Judge:　　　Hon. Chief Judge James Ware |

**FILED UNDER SEAL**

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

FACEBOOK'S MOTION FOR PARTIAL SUMMARY JUDGMENT
UNDER CA PENAL CODE SECTION 502
CASE NO. 5:08-cv-05780 JW

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 9, 2012 at 9:00 A.M, or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Chief Judge James Ware, United States District Court, 450 Golden Gate Avenue, San Francisco, California, 94102, Facebook, Inc. will move the Court for summary judgment pursuant to Federal Rule of Civil Procedure 56, on Facebook's claims against Defendants Power Ventures, Inc. and Steve Vachani (collectively "Defendants") for violations of California Penal Code Section 502 and the Computer Fraud and Abuse Act, 18 U.S.C. Section 1030.  This motion is based on the Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the Declaration of Morvarid Metanat in support thereof, the previously filed Declarations of Ryan McGeehan, Lawrence Melling, and Joseph Cutler in support of Facebook's November 14, 2011, Motion for Partial Summary Judgment on Count 1 of the CAN-SPAM Act, as well as all pleadings on file in this action, oral argument of counsel, and any other matter that may be submitted at the hearing.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

FACEBOOK'S MOTION FOR PARTIAL SUMMARY JUDGMENT
UNDER CA PENAL CODE SECTION 502
CASE NO. 5:08-cv-05780 JW

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION

Following this Court's prior ruling in this case, Defendant Power Ventures' then-CEO, Rob Pollock, told certain members of Power Ventures' Board of Directors that "once in discovery, [Facebook] would be able to establish damages and receive a Summary Judgment against Power" on Facebook's Penal Code Section 502 claim.[1]  Mr. Pollock's candid assessment was correct.  As this Court has recognized, the only remaining issue with respect to Facebook's Section 502 claim is whether Defendants employed circumvention technologies to access the Facebook website.  Dkt. 89 at 18 ("To the extent Facebook can prove that in [violating Facebook's terms], Power circumvented Facebook's technical barriers, Power may be held liable for violation of Section 502").  Discovery has established beyond dispute that Defendants did precisely that: they knew that Facebook's terms prohibited unauthorized access to its site, they knew that Facebook would attempt to block such access, they developed technologies to circumvent blocking efforts, and when they were blocked by Facebook repeatedly, they implemented new circumvention technologies.  A Computer Fraud and Abuse Act ("CFAA") claim, moreover, is substantively identical to a Section 502 claim and compels a finding of liability under the same facts.  As a result, summary judgment in favor of Facebook on the CFAA and Penal Code 502 claims is warranted.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the moving party demonstrates that "there is no genuine issue as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the moving party shows the absence of an issue of material fact, the non-moving party must go beyond the pleadings and offer "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 256 (1986).

---

[1] *See* Declaration of Morvarid Metanat in Support of Facebook's Motion for Partial Summary Judgment under California Penal Code § 502 and the CFAA ("Metanat Decl."), Ex. 1.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

-1-

FACEBOOK'S MOTION FOR PARTIAL SUMMARY JUDGMENT
UNDER CA PENAL CODE SECTION 502
CASE NO. 5:08-cv-05780 JW

A. **Defendants Violated California Penal Code § 502 And The CFAA.**[2]

California Penal Code § 502(e) allows any owner of a computer system who has suffered damage or loss to assert a private right of action against any person who:

    a) knowingly accesses and without permission takes, copies, or makes use of any data from a computer, [or] computer system;

    b) knowingly and without permission uses or causes to be used computer services; or

    c) knowingly and without permission accesses . . . any computer system.

Cal. Pen. Code § 502(c)(2), (3), and (7).

The necessary elements of a CFAA claim do not differ materially from the necessary elements of a California Penal Code Section 502 claim. *Multiven*, *Inc. v. Cisco Systems, Inc.,* 725 F. Supp. 2d 877, 895 (N.D. Cal. 2010); *Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc.*, 556 F. Supp. 2d 1122, 1131-1132 (E.D. Cal. 2008) (considering plaintiffs' California Penal Code section 502 and CFAA claim together since "section 502 . . . has similar elements to 1030"); *DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F. Supp. 2d 1119, 1150 (N.D. Cal. 2010) (asserting that "[t]he CCDAFA [Penal Code section 502] is similar to the CFAA, but prohibits a wider range of conduct"). Namely, a defendant may be liable under the CFAA for the following conduct:

    a) intentionally accessing a computer without authorization or exceeding authorized access, and obtaining information from the protected computer; or

    b) knowingly and with the intent to defraud accessing a protected computer without authorization or by exceeding authorization and thereby furthering the intended fraud and obtaining something of value.

*See* 18 U.S.C. § 1030(a)(2)(c) and 1030(a)(4).

---

[2] Defendants in their Amended Answer (Dkt. No. 54) admitted many of the allegations of Facebook's First Amended Complaint (Dkt. No. 9). When referring to such admissions, this brief cites only to the paragraphs of Defendants' Amended Answer which admit certain allegations.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 2 -

FACEBOOK'S MOTION FOR PARTIAL SUMMARY JUDGMENT
UNDER CA PENAL CODE SECTION 502
CASE NO. 5:08-cv-05780 JW

B. **Facebook Has Standing Under Both Statutes.**

To have standing, Penal Code Section 502 requires some showing of harm and the CFAA requires $5000 in harm. *See* Cal. Pen. Code § 502(e) and 18 U.S.C. § 1030(c)(4)(A)(i)(I). S*ee also* 18 U.S.C. § 1030(g). Under the CFAA, "loss" is defined as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system or information to its condition prior to the offenses, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." 18 U.S.C. § 1030(e)(11). "Costs associated with investigating intrusions into a computer network and taking subsequent remedial measures are losses within the meaning of the statute." *See Multiven,* 725 F. Supp. at 895 citing *Kimberlite, Inc. v. Does*, 2008 U.S. Dist. LEXIS 43071, *5 (N.D. Cal. June 2, 2008).

The standing requirements of Section 502 and the CFAA are easily met in this case. Based upon Defendants' admissions to Facebook's First Amended Complaint, this Court already has found that certain facts related to harm are undisputed, conferring standing upon Facebook. *See* Dkt. No. 89. Specifically, this Court found that the "undisputed" facts show that "Facebook suffered some damage or loss as a result of Power's actions." Dkt. No. 89 at 7; *see also* Nov. 14, 2011, Declaration of Joseph Cutler in Support of Facebook's Motion for Partial Summary for Liability Under the CAN-SPAM Act ("Cutler Decl."), ¶ 15.[3]

████████████████████████████████. *See* Nov. 14, 2011, Mot. for Partial Summ. J. on Count 1 of the CAN-SPAM Act at 4:18-9:5. ████████████████████████████████████████████████████████████████████████████████. *See* Nov. 14, 2011, Declaration of Ryan McGeehan in Support of Facebook's Motion for Partial Summary Judgment on Count 1

---

[3] Facebook refers herein to the Declarations of Joseph Cutler (¶¶ 6-15), Ryan McGeehan (¶¶ 7-18) and Lawrence Melling (¶ 36), all of which were lodged with the Court on November 14, 2011, in support of Facebook's Motion for Partial Summary Judgment on Count 1 of the CAN-SPAM Act. These declarations, which are attached, respectively, as Exhibits 8, 9, and 10 to the Metanat Declaration, contain information designated as confidential by one or more parties and will be filed in accordance with any orders this Court issues in response to Facebook's currently-pending motions for sealing orders.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 3 -

FACEBOOK'S MOTION FOR PARTIAL SUMMARY JUDGMENT
UNDER CA PENAL CODE SECTION 502
CASE NO. 5:08-cv-05780 JW

1  Under the CAN-SPAM Act ("McGeehan Decl."), ¶¶ 7-18. ████████████████████

2  ████████████████████████████████████████████████████████████

3  █████████████████████████. *See id.*; *see also* Cutler Decl. ¶¶ 6-15. ████████

4  ████████████████████████████████████████████████████████████

5  █████████████████████████. *See* McGeehan Decl. ¶¶ 7-18; *see also* Cutler Decl.

6  ¶¶ 6-15. ████████████████████████████████████████████ Cutler Decl.

7  ¶ 15.

### C. Defendants' Knowingly Accessed Facebook Without Permission or Authorization.

This Court also found unauthorized access. Namely, it found, that "since Power admits that it utilized automated devices to gain access to the Facebook website, the Court finds that it is beyond dispute that Power's activities violated an express term of the Facebook terms of use." Dkt. No. 89 at 11-12; *see also* Facebook's Motion for Partial Summary Judgment on Count 1 at 4:17-9:5.

Following this Court's July 2010 Order, the only issues that remained with respect to whether Defendants violated California Penal Code section 502(c) or the CFAA were the inter-related issues of intent and access "without permission." "[T]he Court [found] that accessing or using a computer, computer network, or website in a manner that overcomes technical or code based barriers is 'without permission,' and may subject a user to liability under § 502." *Id.* at 18. The Court continued, "[t]here can be no ambiguity or mistake as to whether access has been authorized when one encounters a technical block, and thus there is no potential failure of notice to the computer user as to what conduct may be subject to criminal liability. . . ." Dkt. No. 89 at 19-20; s*ee also Multiven,* 725 F. Supp. 2d at 894 (granting Summary Judgment finding liability under Computer Fraud and Abuse Act of California Penal Code § 502 on the basis that defendant accessed computer systems reportedly for an unauthorized purpose).

Through discovery Facebook has uncovered undisputed evidence that Defendants knowingly accessed the Facebook website "without permission," as interpreted by this Court. The evidence shows that Defendants knew what they were doing was wrong, were told what they

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 4 -

FACEBOOK'S MOTION FOR PARTIAL SUMMARY JUDGMENT
UNDER CA PENAL CODE SECTION 502
CASE NO. 5:08-cv-05780 JW

1  were doing was wrong, and nevertheless implemented circumvention technologies to access
2  Facebook.  In short, Defendants did exactly what the Court said constitutes a violation of
3  California Penal Code Section 502.

4        Defendants were fully aware that accessing Facebook with automated scripts violated
5  Facebook's terms of use.  Before accessing Facebook, Defendants studied Facebook's Terms of
6  Service.  Metanat Decl. Ex. 2 at 275:2-16; 276:7-13; 279:16-280:24; Ex. 3.  Facebook's Terms of
7  Service prohibit commercial access through user accounts, as well as the harvesting of user data
8  and spamming of users.  Dkt. No. 54, ¶ 30. *See also* McGeehan Decl. Ex. 1.  Defendants knew
9  their conduct was unauthorized and violated Facebook's Terms of Service.  Metanat Decl. Ex. 2
10  at 274:13-275:16; 276:3-13; 279:13-280:24; Ex. 3.  Indeed even before they began to access the
11  Facebook website, Defendants anticipated that Facebook would seek to block their connection via
12  technical measures because their activities were unauthorized.  *Id*. Ex. 2 at 323:17-324:8; Ex. 3.

13        Defendants then were told by Facebook not to access Facebook's website.  Specifically,
14  [REDACTED]
15  [REDACTED].  McGeehan Decl. ¶ 7; Cutler Decl. ¶¶ 6-14 & Ex. A; Metanat Decl. Ex. 4 at No. 22; *Id*.
16  Ex. 5 at No. 6.  On December 1, 2008, Facebook notified Defendants that "Power.com's access of
17  Facebook's website and servers was unauthorized and violated Facebook's rights . . . ."  Dkt. No.
18  9 at ¶ 57; Dkt. No. 54 at ¶ 57; Cutler Decl. ¶ 6 & Ex. A; Metanat Decl. Ex. 5 at No. 6.  Following
19  that letter, Facebook's counsel engaged Defendants to further demand they cease accessing
20  Facebook.  Cutler Decl. ¶8. [REDACTED]
21  [REDACTED] Cutler Decl. ¶¶ 10-13.  In
22  fact, Vachani secretly emailed Power's technical team advising that "we [Defendants] need to be
23  prepared for Facebook to try to block us . . . ."  Metanat Decl. Ex. 2, at 313:2-14; Ex. 6.  During
24  this time, Defendants continued to collect and store Facebook user login information, and
25  continued to scrape, copy, and make use of Facebook's user data.  Metanat Decl. Ex. 4 at Nos. 15,
26  18, 21-22, 37.

27        As set forth in the McGeehan Declaration, [REDACTED]
28  [REDACTED]

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 5 -

FACEBOOK'S MOTION FOR PARTIAL SUMMARY JUDGMENT
UNDER CA PENAL CODE SECTION 502
CASE NO. 5:08-cv-05780 JW

1  ███████████████████████████████████████████████████████████████

2  ████████████████████████████████. McGeehan Decl. ¶¶ 10-13; *see also* Dkt. No. 54, ¶ 63.

3  ███████████████████████████████████████████████████████████████

4  ████████████████████████████████████████. McGeehan Decl. ¶ 13. ████

5  ███████████████████████████████████████████████████████████████

6  ██████████████████████████████████████████████████████████

7  ███████████████████████████████████████████████████████████████

8  █████████████████████████████████████████████████. Declaration of

Lawrence Melling in Support of Facebook's Motion for Partial Summary Judgment on Count 1 of the CAN-SPAM Act, ("Melling Decl."), ¶¶ 36-37. In Vachani's words, Defendants knew that Facebook would "try" to block access from Power, but due to this configuration "we also know that it was built to – it would not be blockable." Metanat Decl. Ex. 2 at 323:17-324:8. Upon discovery, Facebook sought to block these dynamically changing IP addresses, much like a game of "cat and mouse." *Id.*

Power then implemented yet another circumvention measure when it reneged on its promises to Facebook to stop its unauthorized access to Facebook's system. ████████

17  ███████████████████████████████████████████████████████████████

18  █████████████████████████████████████████████████

19  ███. McGeehan Decl. ¶ 14; Cutler Decl. ¶ 12. ████████████████████████

20  ███████████████████████████████████████████████████████████████

21  █████████████████████████████████████████████████

22  ██████████████████████████████████. *Id*. Unknown to Facebook, Power described its change to the amazon.com server as the "amazon solution," which the company's CTO specifically characterized as "the number 1 priority." Metanat Decl. Ex. 7.

Under these facts, the evidence shows that Defendants repeatedly accessed Facebook's website without authorization. Defendants then intentionally and repeatedly circumvented Facebook's technical blocks. In this case, any reasonable jury would find in Facebook's favor. Summary Judgment in favor of Facebook is warranted.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 6 -

FACEBOOK'S MOTION FOR PARTIAL SUMMARY JUDGMENT
UNDER CA PENAL CODE SECTION 502
CASE NO. 5:08-cv-05780 JW

### III. <u>CONCLUSION</u>

For these reasons, the Court should conclude as Power's own CEO concluded months ago – that Defendants are liable for violating the CFAA and California Penal Code § 502.

Dated: November 17, 2011                                  ORRICK, HERRINGTON & SUTCLIFFE LLP


By: _____*/s/ I. Neel Chatterjee /s/*_____
I. NEEL CHATTERJEE
Attorneys for Plaintiff
FACEBOOK, INC.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 7 -

FACEBOOK'S MOTION FOR PARTIAL SUMMARY JUDGMENT
UNDER CA PENAL CODE SECTION 502
CASE NO. 5:08-cv-05780 JW