I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
MONTE COOPER
mcooper@orrick.com
THERESA A. SUTTON (STATE BAR NO. 211857)
tsutton@orrick.com
MORVARID METANAT (STATE BAR NO. 268228)
mmetanat@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California  94025
Telephone:   650-614-7400
Facsimile:   650-614-7401

Attorneys for Defendant
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> POWER VENTURES, INC. a Cayman Island corporation, STEVE VACHANI, an individual; DOE 1, s/b/a POWER.COM, DOES 2-25, inclusive, <br><br> Defendants. | Case No. 5:08-cv-05780-JW (JCS) <br><br> **FACEBOOK, INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** <br><br> Date:      January 23, 2012 <br> Time:      9:00 A.M. <br> Dept:      Courtroom 9, 19th Floor <br> Judge:    Hon. Chief Judge James Ware |

**FILED UNDER SEAL**

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

FACEBOOK, INC.'S OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
5:08-CV-05780-JW (JCS)

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED ........................................................................................................................ 1

    A. Power's Unauthorized Activities ...................................................................... 2

        1. Defendants' Conduct Violates California Penal Code Section 502 ............ 2

        2. Power Violated 18 U.S.C. Sections 1030(a)(4) and 1030(a)(2) of The CFAA .................................................................................................. 5

        3. Facebook Suffered Harm in Excess of $5000 ............................................ 6

        4. Defendants' Activities in Violation of The CAN-SPAM Act .................... 6

III. CONCLUSION ............................................................................................................... 8

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- i -

FACEBOOK, INC.'S OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
5:08-CV-05780-JW (JCS)

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*DocMagic, Inc. v. Ellie Mae, Inc.*,
  745 F. Supp. 2d 1119 (N.D. Cal. 2010) ................................................................................ 5

*Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc.*,
  556 F. Supp. 2d 1122 (E.D. Cal. 2008) ................................................................................ 5

*Multiven, Inc. v. Cisco Systems, Inc.*,
  725 F. Supp. 2d (N. D. Cal. 2010) ....................................................................................... 5

*Myspace, Inc. v. Wallace*,
  498 F. Supp. 2d 1293 (C.D. Cal. 2007) ............................................................................... 7

*Olson v. Dias*,
  No. C08-3382 PJH, 2010 U.S. Dist. LEXIS 101335 (N.D. Cal. Sept. 24, 2010) ................ 3

*Register.com, Inc. v. Verio, Inc.*,
  126 F. Supp. 2d 238 (S.D.N.Y 2000) .................................................................................. 5

*United States v. Wilson*,
  881 F. 2d 596 (9th Cir. 1989) ........................................................................................ 3, 4

**STATUTES**

15 U.S.C. § 7702(12) ................................................................................................................. 7

18 U.S.C. § 1030 ..................................................................................................................... 5, 6

18 U.S.C. §§ 1030(a)(2)(c) and 1030(a)(4) ................................................................................ 6

18 U.S.C. § 1030(a)(4) ............................................................................................................ 6, 7

18 U.S.C. §§ 1030(a)(4) and 1030(a)(2) .................................................................................... 5

Cal. Pen. Code § 502 .......................................................................................................... passim

Cal. Pen. Code § 502(c)(2), (3), and (7) .................................................................................... 2

Cal. Pen. Code § 502(e) ............................................................................................................. 2

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- ii -

FACEBOOK, INC.'S OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
5:08-CV-05780-JW (JCS)

## I. INTRODUCTION

Defendants violated California Penal Code section 502, the Computer Fraud and Abuse Act, and the CAN-SPAM Act. As described in Facebook's co-pending Motions for Partial Summary Judgment and associated declarations, incorporated herein by reference, the overwhelming evidence establishes that Defendants are liable under these three statutes.

Defendants make four arguments in their motion: (1) they did not "initiate" unlawful messages, (2) messages they sent did not contain false and misleading information, (3) their unauthorized access to Facebook was not done with fraudulent intent and (4) Facebook did not suffer harm. Each of Defendants' arguments rests upon a faulty legal premise and ignores the undisputed facts. Defendants' invitation to ignore the law and the undisputed facts should be rejected. Instead, Defendants' Motion for Summary Judgment should be denied for the very reasons Facebook's two co-pending Motions for Partial Summary Judgment should be granted.

## II. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED.

The material facts associated with Defendants' unlawful activities are undisputed. Specifically, Defendants concede that they knowingly created and used automated software to access the Facebook website, circumvented Facebook's blocking efforts when they knew their actions were not permitted by Facebook, harvested user information, and initiated the transmission of commercial messages that failed to identify Power as the source of the messages.

The details of Defendants' actions are set forth in Facebook's pending Motions for Partial Summary Judgment and the supporting submitted evidence. *See* 11/14/11 Mot. for Partial Summ. J. on Count 1 ("Mot. for Summ. J. on CAN-SPAM") and 11/17/11 Mot. for Partial Summ. J. under California Penal Code Section 502 and the Computer Fraud and Abuse Act ("Mot. for Summ. J. on 502 and CFAA"). Facebook hereby incorporates by reference those motions and will, for brevity, cross-reference the evidence set forth in those companion submissions where they relate to this Opposition. Appendix A (attached to this brief) identifies where in Facebook's motions for summary judgment each element of Facebook's three claims is argued. This brief focuses upon the remaining arguments raised by Defendants.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 1 -

FACEBOOK, INC.'S OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
5:08-cv-05780-JW (JCS)

A.   **Power's Unauthorized Activities.**

　　1.   **Defendants' Conduct Violates California Penal Code Section 502.**

Defendants' access to the Facebook website and harvesting of Facebook user data, coupled with their creation and use of circumvention technologies, violated California Penal Code section 502. California Penal Code section 502(e) allows any owner of a computer system who has suffered damage or loss to assert a private right of action against any person who:

> a) knowingly accesses and without permission takes, copies, or makes use of any data from a computer, [or] computer system;
>
> b) knowingly and without permission uses or causes to be used computer services; or
>
> c) knowingly and without permission accesses . . . any computer system.

Cal. Pen. Code § 502(c)(2), (3), and (7).

This Court already found that the only remaining issues with respect to this claim were the interrelated issues of intent and access "without authorization." Mot. for Partial Summ. J. on 502 and CFAA at 4:10-25; *see* Dkt. No. 89 at 18:15-17. This Court previously explained that "accessing or using a computer, computer network, or website in a manner that overcomes technical or code based barriers is 'without permission,' and may subject a user to liability under Section 502." Dkt. No. 89 at 18:15-17; Mot. for Partial Summ. J. on 502 and CFAA at 4:10-6:28.

[REDACTED]. Mot. for Partial Summ. J. on 502 and CFAA at 4:10-6:28.

Defendants incorrectly argue that there is "no evidence to support [Facebook's] circumvention theory."[1] Dkt. No. 98 at 17:11-13. To the contrary, extensive evidence exists that

---

[1] Defendants' main support for this contention is the Declaration of Steve Vachani in Support of Defendants' Motion for Summary Judgment. *See* Dkt. No. 98 at 17:13-26; Vachani Decl. at ¶ 11. Notably, however, Vachani's Declaration is carefully worded in an attempt to get around the Court's previous finding that circumvention of Facebook's technical blocking measures could result in Defendants' liability under Penal Code section 502. Specifically, Vachani asserts that "At some time during December 2008, Facebook began blocking one of the IP addresses Power had used. Power did not undertake any effort to circumvent that block, and did not provide users with any tools designed to circumvent it." Vachani Decl., at ¶ 11. [REDACTED]

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 2 -

FACEBOOK, INC.'S OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
5:08-cv-05780-JW (JCS)

1 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Mot. for Partial Summ. J. on
2 502 and CFAA at 4:10-6:28; Declaration of Lawrence Melling in Support of Facebook's
3 Opposition to Defendants' Motion for Summary Judgment ("Melling Declaration") ¶¶ 34-42.  As
4 explained in Facebook's co-pending November 17, 2011, Motion for Partial Summary Judgment,
5 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
6 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
7 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.
8 Mot. for Partial Summ. J. on 502 and CFAA at 4:26:6:28.  This evidence conclusively establishes
9 a Section 502 violation.

10 Defendants next argue that they acted "with authorization," an argument previously
11 rejected by this Court.  Dkt. No. 98, Mem. P&A, at 17:4-7.  To support their argument,
12 Defendants offer the declaration of Power's CEO, and Co-Defendant in this action, Steve
13 Vachani, and the deposition testimony of Craig Clark, a Facebook employee who did not work at
14 Facebook during the time of Defendants' attack.  Defendants' reliance on these two sources is
15 unwarranted.

16 Vachani's declaration is purely speculative and rests upon erroneous legal assumptions as
17 to the meaning of "without authorization."[2]  *See* Evid. Objections at 1:19-2:9; *id.* Appendix A at
18 6-8.  As an initial matter, "[a] conclusory self-serving declaration, without more, cannot satisfy
19 defendant's burden in moving for summary judgment pursuant to Rule 56."  *Olson v. Dias*, No.
20 C08-3382 PJH, 2010 U.S. Dist. LEXIS 101335, *5 (N.D. Cal. Sept. 24, 2010).  *See also United*
21 *States v. Wilson*, 881 F. 2d 596, 601 (9th Cir. 1989) (Defendants' declarations found too
22 speculative to support Defendants' contentions where they offered little more than conclusory
23 statements of fact and were self-serving).  Vachani's assertions are exactly the type of conclusory
24 and unsubstantiated statements that are prohibited.  Evid. Objections at 2:7-9; *id.* Appendix A at
25 8.  Vachani's declaration makes conclusory assumptions as to the legal meaning of "without

26 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
27 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Melling Decl., ¶¶ 34-42.

---

[2] Filed concurrently with this Motion is Facebook's Evidentiary Objections to the Declaration of
28 Steve Vachani in Support of Defendants' Motion for Summary Judgment ("Evid. Objections").

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 3 -

FACEBOOK, INC.'S OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
5:08-cv-05780-JW (JCS)

1  authorization" by incorrectly identifying whose "authorization" is needed. *Id.*

2  Vachani also has no personal knowledge related to the circumvention technologies

3  Defendants used. Evid. Objections at 2:1-9. Vachani did not write the code.[3] Indeed, he

4  admitted that he is "not a skilled [computer] programmer by profession" and that he has no

5  personal knowledge about how Defendants' software connected to the Facebook website.

6  Declaration of Theresa A. Sutton in Support of Facebook, Inc.'s Opposition to Defendants'

7  Motion for Summary Judgment ("Sutton Decl."), Ex. 1 at 12:24-13:15; 14:1-5; 182:16-186:6;

8  189:10-191:8; 195:23-197:13; 203:19-206:22; 209:11-15; 212:19-213:4; 254:2-15; 256:8-257:10;

9  257:22-267:22; 273:6-274:10. Nevertheless, Vachani instructed his employees to be prepared for

10  Facebook's blocks and ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌. *Id.* at 313:2-

11  14; Ex. 2; *see also* Melling Declaration ¶¶ 34-42.

12  Vachani's testimony also can be disregarded because it rests upon the fallacious

13  assumption that only user authorization to access the Facebook website was needed. Evid.

14  Objections at 2:11-22; Appendix A to Facebook's Obj. to Evid. at No.9. To the contrary, this

15  Court already has recognized that Facebook must give authorization. Dkt. No. 89 at 18:18-23.

16  As set forth in Facebook's motions for summary judgment, ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

17  ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌. Mot. for Partial Summ. J. on 502 and CFAA at 4:10-6:28;

18  Mot. for Partial Summ. J. on CAN-SPAM at 5:1-4; 16:16-17 citing Cooper Decl. Ex. 11. ▌▌▌

19  ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

20  ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

21  ▌▌▌▌▌▌▌. *Id.*; *see also* Dkt. No. 89 at 11-12; Mot. for Partial Summ. J on CAN-SPAM at

22  4:17-9:5; Melling Declaration ¶¶ 34-42.

23  Defendants' reliance on Mr. Clark, the sole witness deposed by Defendants in this case,

24  also is misplaced. Mr. Clark was deposed in his individual capacity—not as Facebook's 30(b)(6).

25  Mr. Clark has no personal knowledge of the facts of this case. Sutton Decl. Ex. 3 at 7:5-6; 81:8-

26

27  [3] Mr. Vachani's assertions that "Power did not undertake any effort to circumvent" Facebook's
    blocks (Dkt. No. 98, Vachani Decl., ¶ 11) also are demonstrably false, as he was the person who
28  instructed his team to be prepared for efforts by Facebook to block Power. Sutton Decl. Ex. 2.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 4 -

FACEBOOK, INC.'S OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
5:08-CV-05780-JW (JCS)

18; 85:22-86:1; 107:11-12.  He was not even employed at Facebook when the operative events in this action occurred.  *Id.* at 7:5-6.  His personal knowledge of Defendants' actions is understandably limited and not relevant.

### 2. Power Violated 18 U.S.C. Sections 1030(a)(4) and 1030(a)(2) of The CFAA.

Facebook has asserted claims under sections 1030(a)(4) and 1030(a)(2) of the CFAA against Defendants.  Defendants only challenge Facebook's assertion under section 1030(a)(4).  Facebook's CFAA and Penal Code 502 claims are fundamentally the same, and Defendants should be liable under section 1030 for the same reasons they are liable under Penal Code section 502.  *Multiven*, *Inc. v. Cisco Systems, Inc.*, 725 F. Supp. 2d, 887, 895 (N. D. Cal. 2010); *Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc.*, 556 F. Supp. 2d 1122, 1131-1132 (E.D. Cal. 2008) (considering plaintiffs' California Penal Code section 502 and CFAA claim together since "section 502 . . . has similar elements to 1030"); *DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F. Supp. 2d 1119, 1150 (N.D. Cal. 2010) (asserting that "[t]he CCDAFA [Penal Code section 502] is similar to the CFAA, but prohibits a wider range of conduct").

Despite the strong overlap of the two statutes, Defendants insist they are exonerated under CFAA Section 1030(a)(4) because they never intended to defraud anyone.  Dkt. No. 98 at 18-19.  Defendants' reading of the law is wrong.  This Court has recognized that fraud under the CFAA "simply means wrongdoing and does not require proof of common law fraud." *Multiven*, 725 F. Supp. 2d at 892 (*citing Hanger Prosthetics & Orthotics*, *Inc.*, 556 F. Supp. 2d, at 1131).  As set forth in Facebook's motion for summary judgment, ███████████████████████████████████████████████████████████████████████████████████████████████████.  Mot. for Partial Summ. J. on 502 and CFAA at 4:10-6:28; Mot. for Partial Summ. J. on CAN-SPAM at 4:26-8:10.  Such actions are precisely the type of wrongdoing that is actionable under the CFAA.  *See Register.com, Inc. v. Verio, Inc.*, 126 F. Supp. 2d 238, 251 (S.D.N.Y 2000) (finding that Defendant's use of a search robot to access plaintiff's computers and harvest registrant information was in violation of the CFAA); *see also Multiven*, 725 F. Supp. 2d at 892.  Dkt. No 54 ¶¶ 29-30; Sutton Decl. Ex. 1 at

1  274:13-275:16; 276:7-13; 279:16-280:24; Ex. 4 at Request Nos. 15, 22, 51.[4]  As a result,
2  Defendants violated the CFAA.  *See* 18 U.S.C. §§ 1030(a)(2)(c) and 1030(a)(4); Mot. for Partial
3  Summ. J. on 502 and CFAA at 2:10-6:28.

### 3. Facebook Suffered Harm in Excess of $5000.

Defendants next challenge Facebook's standing.  Facebook has standing because it has suffered sufficient harm under both Penal Code section 502 and the CFAA.  Penal Code Section 502 requires "some" harm while the Computer Fraud and Abuse Act requires $5000 in damage or loss.  18 U.S.C. § 1030.  Facebook easily meets both standards.  Facebook spent considerable resources to investigate and stop Defendants' attack.  As set forth in Facebook's motions for summary judgment, Facebook's harm greatly exceeded the $5000 jurisdictional prerequisites. Mot. for Partial Summ. J. on 502 and CFAA at 3:19-4:7.

Defendants incorrectly argue that Facebook "must prove that Power obtained something of value worth more than $5000." Dkt. No. 98, Mem. P&A, at 18:2-5.  Section 1030(a)(4) requires that a party prove that a Defendant accesses a "protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, ***unless*** the object of the fraud and the thing obtained consists ***only*** of the use of the computer and the value of such is not more than $5000 in any 1-year period . . . ." (emphasis added).  18 U.S.C. § 1030(a)(4).  The statute specifically allows for a claim if the defendant obtains "anything" of value.  The exception outlined in the statute simply does not apply.  Therefore, Defendants cannot escape liability.

### 4. Defendants' Activities in Violation of The CAN-SPAM Act.

As a matter of law, Defendants were the "initiators" of commercial messages sent through Facebook's systems.  As explained in Facebook's co-pending motion, Defendants created

---

[4] While Vachani's declaration asserts that Power "never copied or stored for any purpose" users' "usernames and passwords," this testimony is directly contradicted by Defendants' Responses to Facebook's First Set of Requests for Admission on Power (certified by Steve Vachani himself), where Power specifically admits to storing "Facebook user login information, including, but not limited to, user login names, email addresses or passwords." *See* Sutton Decl., Ex. 4 at Request No. 15; *see also id.* at Request No. 51 (Power admits that between January 1, 2008 and present date, they "stored, saved, or otherwise retained Facebook user log-in information, such as user names and/or passwords.").

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 6 -

FACEBOOK, INC.'S OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
5:08-CV-05780-JW (JCS)

1  Facebook Events entitled "Launch Promotion" and drafted and caused the related messaging to be
2  sent through Facebook's systems. *See* Mot. for Partial Summ. J. on CAN-SPAM at 5:5-6:22.
3  Defendants' Event creation process also triggered "Launch Promotion" emails. *Id*. As further
4  detailed in Facebook's motion for summary judgment, ███████████████████████████
5  ████████████████████████████████████████████████
6  ████████████████████████████████████████████████
7  ███████████████████████████████. Mot. for Partial Summ. J. on CAN-SPAM at 4:26-7:1.
8  ████████████████████████████████████████████████
9  ████████████████████ *Id.* at 7:20-23. Under these undisputed facts, Defendants are
10 liable for violating the CAN-SPAM Act.

11       To avoid liability, Defendants once again distort the law and argue they did not "initiate"
12 transmissions of email notifications related to their "Launch Promotion" Events because
13 Facebook's automated processes generated those communications. Dkt. No. 98, Mem. P&A, at
14 7:1-8. However, ██████████████████████████████████████
15 ███████████████████████████████. Mot. for Partial Summ. J. on CAN-SPAM at 6:1-7:1.
16 That the Event invitations and messages triggered an automated Facebook process that further
17 distributed Defendants' message is an aggravating, not mitigating, fact.[5]

18       Power also bootstraps its faulty construction of "initiate transmission" to argue that it
19 could not control "opt-out" information sent through Facebook's system. Dkt. No. 98, Mem.
20 P&A, at 15:3-12. This argument also is wrong. Power, as the creator, initiator, drafter and source
21 of the messages, bears responsibility for providing opt-out notices. *Myspace, Inc. v. Wallace*, 498
22 F. Supp. 2d 1293, 1302 (C.D. Cal. 2007) ("Congress clearly intended this provision to enable
23 recipients of commercial spam to contact the *spammer* to curb further spamming." (emphasis in
24 original)). The "Launch Promotion" messages that Defendants created and sent did not contain

---

[5] Additionally, Defendants are liable for initiation of the messages because of the monetary incentive they offered their users to recruit Facebook users. *See* 15 U.S.C. § 7702(12); *see* Dkt. No. 12:27-14:8. Defendants incorrectly assert that they did not pay *Facebook* to send messages. This, however, is not the relevant inquiry. Defendants paid *their users* to send unsolicited commercial messages through Facebook's system and servers. Mot. for Partial Summ. J. on CAN-SPAM at 5:5-6:22.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 7 -

FACEBOOK, INC.'S OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
5:08-CV-05780-JW (JCS)

1  any opt-out information to allow recipients to identify Defendants as the source.  Since
2  Defendants authored all of the content at issue, it was unambiguously in their power to make such
3  disclosures.  *See* Sutton Decl., Ex. 4 at Request No. 50; *see Id*. Ex. 1 at 197:9-12; 203:19-204:7.
4  They chose not to do so and violated the CAN-SPAM Act in the process.

### III.     CONCLUSION

For the foregoing reasons, Facebook respectfully requests that the Court deny Defendants' Motion for Summary Judgment.

Dated: December 2, 2011                    Orrick, Herrington & Sutcliffe LLP


                                           By:    */s/ I. Neel Chatterjee /s/*
                                                  I. NEEL CHATTERJEE
                                                  Attorneys for Defendant
                                                  FACEBOOK, INC.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 8 -

FACEBOOK, INC.'S OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
5:08-CV-05780-JW (JCS)

I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
MONTE M.F. COOPER (STATE BAR NO. 196746)
mcooper@orrick.com
THERESA A. SUTTON (STATE BAR NO. 211857)
tsutton@orrick.com
MORVARID METANAT (STATE BAR NO. 268228)
mmetanat@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:    650-614-7400
Facsimile:     650-614-7401

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>                  Plaintiffs,<br><br>        v.<br><br>POWER VENTURES, INC. a Cayman Island Corporation,; STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, DOES 2-25, inclusive,<br><br>                  Defendants. | Case No.   5:08-cv-05780 JW<br><br>**[PROPOSED] ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Dept:         Courtroom 9, 19th Floor<br>Judge:       Honorable James Ware |

Steve Vachani's and Power Ventures, Inc.'s (collectively "Defendants") Motion for Summary Judgment came on for hearing on December 19, 2011, before the Honorable Chief Judge James Ware. The Court, having considered the papers filed in support of and in opposition to Defendants' Motion for Summary Judgment, as well as those papers incorporated by reference, the arguments presented at the hearing, and other matters relevant to the determination of the Motion,

Hereby finds and Orders that Defendants' Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED**.

Dated:

_____
Honorable James Ware
Chief Judge
Northern District of California