I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
MONTE M.F. COOPER (STATE BAR NO. 196746)
mcooper@orrick.com
THERESA A. SUTTON (STATE BAR NO. 211857)
tsutton@orrick.com
MORVARID METANAT (STATE BAR NO. 268228)
mmetanat@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California  94025
Telephone:   650-614-7400
Facsimile:   650-614-7401

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> POWER VENTURES, INC., a Cayman Island corporation; STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, DOES 2-25, inclusive, <br><br> Defendants. | Case No. 5:08-cv-05780 JW (JCS) <br><br> **FACEBOOK, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT UNDER CALIFORNIA PENAL CODE § 502 AND THE COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030** <br><br> Date:    January 23, 2012 <br> Time:    9:00 A.M. <br> Dept:    Courtroom 9, 19th Floor <br> Judge:   Hon. Chief Judge James Ware |

**FILED UNDER SEAL**

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

FACEBOOK'S REPLY ISO MOTION FOR
PARTIAL SUMMARY JUDGMENT
CASE NO. 5:08-CV-05780 JW

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................... 1
II. ARGUMENT ................................................................................................................. 1
   A. Power Has Violated California Penal Code § 502 ................................................ 1
      1. Defendants "Knowingly Accessed" Facebook's Website Without Facebook's Permission ................................................................................ 2
      2. Facebook Was Harmed ............................................................................... 4
      3. Facebook Is Not Required To Prove that Power Intended To Defraud Facebook To Prove a Claim Under Penal Code Section 502 ................................................................................................................ 6
   B. Facebook Is Entitled to Partial Summary Judgment on Its CFAA Claim .............. 6
   C. Facebook Has Suffered Damage Or Loss In Excess Of $5000 .............................. 7
      1. Defendants' Violated § 1030(a)(2) ............................................................ 8
      2. Defendants' Challenges Under § 1030(a)(4) Are Without Merit ............... 9
      3. Defendants Acted With An Intent To Defraud .......................................... 9
III. CONCLUSION ............................................................................................................. 10

# TABLE OF AUTHORITIES

Page

**CASES**

*America Online, Inc. v. LCGM, Inc.*,
  46 F. Supp. 2d 444 (E.D. Va. 1998) .................................................................................... 7

*Animators at Law, Inc., v. Capital Legal Solutions, LLC*,
  786 F. Supp. 2d 1114 (E.D. Va. 2011) ................................................................................ 8

*DocMagic, Inc. v. Ellie Mae, Inc.*,
  745 F. Supp. 2d 1119 (N. D. Cal. 2010) .......................................................................... 5, 6

*E.R. James Real Estate Serv., LLC v. Spinell*,
  2011 WL 5078873 (N.D. Ill. Oct. 26, 2011) ....................................................................... 8

*eBay, Inc. v. Digital Point Solutions, Inc.*,
  608 F. Supp. 2d 1156 (N.D. Cal. 2009) ............................................................................... 9

*Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc.*,
  556 F. Supp. 2d 1122 (E.D. Cal. 2008) ............................................................................... 9

*Kimberlite v. Does*,
  2008 WL 2264485 (N.D. Cal. 2008) ................................................................................... 7

*LaCourt v. Specific Media, Inc.*,
  2011 WL 1661532 (C.D. Cal. Apr. 28, 2011) ..................................................................... 5

*Multiven, Inc. v. Cisco Sys., Inc.*,
  725 F. Supp. 2d 887 (N.D. Cal. 2010) ....................................................................... 7, 8, 9

*NCMIC Fin. Corp. v. Artino*,
  638 F. Supp. 2d 1042 (S.D. Iowa 2009) .............................................................................. 9

*Olson v. Dias*,
  No. C08-3382 PJH, 2010 U.S. Dist. LEXIS 101335 (N.D. Cal. Sept. 24, 2010) ................ 3

*Register.com, Inc. v. Verio, Inc.*,
  126 F. Supp. 2d 238 (S.D.N.Y. 2000) ................................................................................. 7

*Shurgard Storage Centers, Inc. v. Safeguard Self Storage, Inc.*,
  119 F. Supp. 2d 1121 (W.D. Wash. 2000) .......................................................................... 7

*Theofel v. Farey-Jones*,
  359 F.3d 1066 (9th Cir. 2004) ............................................................................................. 9

*Therapeutic Research Faculty v. NBTY, Inc.*,
  488 F. Supp. 2d 991 (E.D. Cal. 2007) ................................................................................. 5

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

# TABLE OF AUTHORITIES
(continued)

**Page**

*Thomas v. Bible*,
 983 F.2d 152 (9th Cir. 1993) .............................................................................................. 5

*United States v. Czubinski*,
 106 F.3d 1069 (1st Cir. 1997) ............................................................................................ 9

*United States v. Wilson*,
 881 F. 2d 596 (9th Cir. 1989) ............................................................................................ 3

**STATUTES**

18 U.S.C. Section 1030 ............................................................................................... 2, 6, 7

18 U.S.C. Section 1030(a)(2) ............................................................................................ 7

18 U.S.C. Section 1030(a)(2)(C) ............................................................................... 6, 7, 8, 9

18 U.S.C. § 1030(a)(4) ................................................................................................ 6, 7, 9, 10

18 U.S.C. § 1030(a)(4)(C) .................................................................................................. 9

18 U.S.C. § 1030(e)(11) & (g) ............................................................................................ 7

California Penal Code Section 502 ............................................................................... passim

California Penal Code Section 502(c) .............................................................................. 2, 8

I.  **INTRODUCTION**

With respect to Facebook's Section 502 claim, this Court left one narrow issue for resolution: whether "Power circumvented Facebook's technical barriers" to prevent further access to Facebook's website, which, if proven, would render Defendants "liable for violation of [California Penal Code] Section 502." Dkt. No. 89 at 18. In its Motion for Partial Summary Judgment, Facebook submitted undisputed evidence that shows that Defendants repeatedly circumvented Facebook's technical barriers. The evidence also demonstrates that Defendants' circumvention technology was created because they anticipated Facebook would block them. Because of these facts, Power Ventures' former CEO Robert Pollock told the Board of Directors "there is NO upside left for Power." Decl. of Morvarid Metanat in Support of Facebook's Mot. for Partial Summ. J. filed November 17, 2011 ("Metanat Decl."), Ex. 1.[1] Instead, "once in discovery, [Facebook] would be able to establish damages and receive a Summary Judgment against Power." *Id.* Facebook's Computer Fraud and Abuse Act was substantively the same. Defendants offer no challenge to the submitted material facts but instead offer incorrect legal constructions. Accordingly, Facebook now is entitled to partial summary judgment of liability by Defendants for both Facebook's California Penal Code Section 502 claim, and its related claim for violations of the Computer Fraud and Abuse Act ("CFAA").

II.  **ARGUMENT**

A.  **Power Has Violated California Penal Code § 502**

Facebook is entitled to partial summary judgment of liability on its Penal Code Section 502 claim. Defendants' entire response to Facebook's Section 502 arguments is one paragraph at the end of their Opposition. Defendants' Opposition to Facebook's Motion for Partial Summary

---

[1] Defendants complain that citation to this [Pollock] email "tramples the attorney-client privilege" because it allegedly summarizes a discussion Power's CEO had with one of the company's trial attorneys about why Facebook would receive summary judgment. *See* Defs.' Opp'n ("Opp"), at p. 1, fn. 1. However, the email is one of several documents produced by Defendants on November 2, 2011, and discussed during a meet-and-confer session of counsel held at a discovery hearing on November 4, 2011. At that conference, Facebook's counsel sought confirmation that Defendants were not asserting privilege over any of the produced documents. During that discussion, counsel for Defendants confirmed they intended to produce all of the documents that were produced on November 2, including this email, and that Defendants were not asserting privilege. *See* Reply Decl. of I. Neel Chatterjee ("Chatterjee Reply Decl.") ¶ 2; *see id.*, Ex. 1.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

-1-

FACEBOOK'S REPLY ISO MOTION FOR
PARTIAL SUMMARY JUDGMENT
CASE NO. 5:08-CV-05780 JW

1  Judgment Under California Penal Code Section 502 and The Computer Fraud and Abuse Act, 18
2  U.S.C. 1030 ("Defendants' Opp.") at 12:2-7.  In conclusory fashion, Defendants raise three
3  arguments: (a) Defendants did not access Facebook without permission, (b) Facebook has not
4  established harm to its network or data, and (c) Defendants did not intend to defraud Facebook.
5  *Id.*  Each of these arguments rests on faulty legal analysis and ignores the undisputed evidence.

### 1. Defendants "Knowingly Accessed" Facebook's Website Without Facebook's Permission

Contrary to Defendants' legal arguments, Defendants "knowingly accessed" Facebook "without permission" within the meaning of Penal Code Section 502(c).  As this Court previously ruled, all that Facebook need prove is that Defendants' tools were "designed to circumvent the technical barriers that Facebook put in place to block Power's access to the Facebook website."  *See* Dkt. No. 89, at 19.  There is no genuine issue of material fact that Defendants provided such tools.

Defendants' attack on Facebook was premeditated.  First, Defendants designed their website with circumvention in mind precisely because they believed social networking websites like Facebook would block them.  Specifically, newly produced instant messages from Vachani show that he believed from the beginning that Power would need "to rotate with over 200 IPs or even more" via "open proxies" or "IP switching" in order to ensure the website was not blocked.  Indeed, he felt his "IP switching" technique would help evade detection.  Decl. of I. Neel Chatterjee in Support of Reply Mem. ("Chatterjee Decl."), Ex. 2 at 4.  Vachani further recognized, before the power.com website launched, that Facebook would try to block connection to Power, and built the website so that "it would not be blockable."  Metanat Decl. Ex. 2 at 324:6-8; 323:17-25.  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  *See* Decl. of Larry Melling in Support of Facebook's Mot. for Partial Summ. J. filed on November 29, 2011 ("Melling Decl") ¶¶ 36-40 & Exs. J-M.[2]

---

[2] The Melling Declaration is attached as Exhibit 10 to the Metanat Declaration.  A corrected version of the Melling Declaration with non-substantive changes was filed with the Court on

With this culpable state of mind, Vachani confirmed his belief that Defendants' actions were unauthorized by reviewing Facebook's Terms of Service.  Metanat Decl. Ex. 2 at 275:2-16; 276:7-13; 279:16-280:24; Ex. 6.³ ███████████████████████

███████████████████. Cutler Decl. ¶ 6 & Ex. A.  Immediately following Defendants' receipt of Facebook's Cease and Desist Letter, Vachani instructed Power's technical team that they "need[ed] *to be prepared for Facebook to try and block us*…."  Metanat Decl. Ex. 6 (emphasis added).  Later in December, after Defendants settled upon their "Amazon solution" to "distribute IPs through Amazon and other places," the company's Chief Technology Officer, Eric Santos, acknowledged that "the number 1 priority is correction of bugs and the improvement of infrastructure (including *being ready for blocks*) . . . ."  Metanat Decl. Ex. 7 (emphasis added).

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

██████████████.  Cutler Decl. ¶¶ 10, 12; McGeehan Decl. ¶¶ 13-14.  Despite their awareness of the wrongfulness of their actions, their review of Facebook's terms, their receipt of a cease and desist letter, and their discussions with Facebook's counsel, Defendants still chose throughout December of 2008 to repeatedly employ both their preexisting and new "Amazon solution" circumvention measures in order to access Facebook's website without Facebook's permission.

In response to these undisputed facts, Defendants rely upon the self-serving and speculative Declaration of Steve Vachani.⁴  Mr. Vachani acknowledges that Defendants were

---

November 29, 2011.  Likewise, the Declarations of Joseph Cutler ("Cutler Decl.") and Ryan McGeehan ("McGeehan") are attached as Exhibits 8-9 to the Metanat Declaration.

³ Defendants argue that while Vachani had read at least portions of Facebook's Terms of Use, Facebook has no evidence he or Power had any "real knowledge even if the Terms of Service were relevant."  *See* Defendants' Opp. at 5, fn. 3.  This is pure legal argument and should be rejected.  Vachani does not make any claim in his declaration submitted in opposition to Facebook's motion that he only read "portions," or that he did not understand the key restrictions.

⁴ Mr. Vachani's declaration is offered without personal knowledge and asserts certain legal conclusions.  As a result, it should not be considered at all as set forth in Facebook's separate evidentiary objection.  *Olson v. Dias*, No. C08-3382 PJH, 2010 U.S. Dist. LEXIS 101335, *5 (N.D. Cal. Sept. 24, 2010).  *See also United States v. Wilson*, 881 F. 2d 596, 601 (9th Cir. 1989) (Defendants' declarations found too speculative to support Defendants' contentions where they offered little more than conclusory statements of fact and were self-serving).  Facebook objects to Defendants' reliance on such testimony and is, thus, concurrently filing objections thereto.

1  "aware of the attempted IP blocking" by Facebook in December of 2008.  *See* Dkt. No. 189,

2  Declaration of Steve Vachani ("Vachani Decl.") ¶ 12.  Mr. Vachani then misleadingly states,

3  "Power did not undertake any effort to circumvent *that block*, and did not provide users with any

4  tools designed to circumvent it." (emphasis added).  *Id.*  Because Mr. Vachani does not date the

5  block to which he refers, or offer the IP address that was involved, it is impossible for this Court

6  to determine which of the several blocks by Facebook he is referring to.  *Cf.* McGeehan Decl.

7  ¶¶ 13-14.  The reason Mr. Vachani uses such vague wording is because Defendants admit they

8  knew in advance of December 1, 2008 that Facebook would likely block their activities, and that

9  

10  would suffice.  Metanat Decl. Ex. 2, at 324:6-8.  *See also id.* 323:17-25;

11  Melling Decl. ¶¶ 36-40 & Exs. J-M.  Such knowledge underscores that Defendants' actions were

12  taken intentionally and without Facebook's permission.

13     Defendant Vachani also claims in his Declaration that one of the IP addresses that

14  Facebook blocked was "outdated" and "did not block other IPs that Power was using in the

15  normal course of business."  *See* Defendants' Opp. at 6:14-15 (quoting Declaration of Steve

16  Vachani ¶ 11).  Again, however, the IP addresses Vachani references

17  

18  Melling Decl. ¶¶ 3, 36-40 & Exs. J-M.  Mr. Vachani

19  explained what he meant in a January 4, 2009 email, where he wrote to one of Facebook's

20  principal investors that Power was "very difficult too (sic) block up," and  "Facebook took what

21  should have been a standard measure, but we were able to easily *adjust* . . ."  Chatterjee Decl. Ex.

22  3 (emphasis added).  As Vachani recognized, Defendants were able to rely upon the

23  circumvention techniques Defendants specifically designed to ensure the power.com website

24  could never be effectively blocked.  There simply is no genuine issue of disputed fact that

25  Defendants knowingly accessed Facebook without Facebook's permission

26      **2.**    <u>**Facebook Was Harmed.**</u>

27     As this Court has already recognized, Facebook has submitted undisputed evidence that

28  Facebook was harmed by Defendants' attack.  *See* Dkt. No. 89, at 7-8.  Unlike a claim under the

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 4 -

FACEBOOK'S REPLY ISO MOTION FOR
PARTIAL SUMMARY JUDGMENT
CASE NO. 5:08-CV-05780 JW

1  CFAA, it is not necessary for Facebook to prove some kind of "loss" or minimum amount of
2  damages to establish harm under Penal Code Section 502. *DocMagic, Inc. v. Ellie Mae, Inc.*, 745
3  F. Supp. 2d 1119 at 1150 (N. D. Cal. 2010). *See also LaCourt v. Specific Media, Inc.*, 2011 WL
4  1661532, at *7 (C.D. Cal. Apr. 28, 2011) ("California's Computer Crime Law does not have a
5  minimum damages requirement"). It is partially for that reason that this Court already found that
6  certain facts related to damage and loss are undisputed, conferring standing upon Facebook for
7  purposes of the statute. *See* Dkt. No. 89 at 6-8. Specifically, this Court found that the
8  "undisputed" facts show that "Facebook suffered some damage or loss as a result of Power's
9  actions," and that "[s]ince the undisputed facts demonstrate that Facebook has suffered some
10 damage or loss in attempting to block Power's access to the Facebook website, the Court finds
11 that Facebook has standing to bring suit pursuant to [Penal Code] Section 502(e)." Dkt. No. 89 at
12 7, 8. *See also* Cutler Decl. ¶ 15. Defendants make no reference to this earlier finding, which is
13 now law of the case. *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993).
14     Further substantiating the Court's prior ruling, the uncontroverted evidence reflects that
15 Facebook's Penal Code Section 502 damages were extensive. As this Court previously
16 recognized, ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
17 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
18 ■■■■■■■■■■■■■■■. *See* McGeehan Decl. ¶¶ 7-18. *See also* Dkt. no. 89 at 6-7. ■■■■■
19 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
20 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■. *See* McGeehan Decl. ¶¶ 7-18;
21 Cutler Decl. ¶¶ 6-15. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
22 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
23 ■■■■■■■■■■■■■■■■. *See* McGeehan Decl. ¶¶ 7-18; *see also* Cutler Decl. ¶¶ 6-15.
24 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■. McGeehan Decl. ¶ 10. Under these
25 circumstances, Facebook has presented sufficient undisputed facts of harm and injury to be
26 granted partial summary judgment on its Penal Code Section 502 claim. *Cf. Therapeutic*
27 *Research Faculty v. NBTY, Inc.*, 488 F. Supp. 2d 991, 998-99 (E.D. Cal. 2007) (finding that
28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 5 -

FACEBOOK'S REPLY ISO MOTION FOR
PARTIAL SUMMARY JUDGMENT
CASE NO. 5:08-CV-05780 JW

allegations that defendants gained unauthorized access to plaintiff's database were sufficient to establish injury for purposes of Penal Code Section 502).

### 3. Facebook Is Not Required To Prove that Power Intended To Defraud Facebook To Prove a Claim Under Penal Code Section 502.

Defendants incorrectly argue that Facebook has "failed to establish that Power intended to defraud Facebook" so as to prove a violation of California Penal Code Section 502. *See* Defendants' Opp. at 8:20-23; 12:6. To the contrary, evidence of an intent to defraud is only a requirement to prove a violation of one section of the CFAA – 18 U.S.C. § 1030(a)(4) – and has absolutely no bearing on whether a violation of Penal Code Section 502 is proven. *Cf. DocMagic,* 745 F. Supp. 2d at 1150-51 & n. 10 (noting that Penal Code Section 502 "prohibits a wider range of conduct" than the CFAA). Inasmuch as Defendants concede that Facebook has introduced evidence that "Power intended to *access* Facebook" without Facebook's permission (Defendants' Opp. at 9:10; emphasis in original), and inasmuch as such proof is all Facebook needs to prove to establish a violation of Penal Code Section 502, Defendants' argument that there is a lack of evidence of intent to defraud is legally irrelevant.

Mr. Pollock's frank assessment in July of 2010 of the facts and state of the litigation was correct. *See* Metanat Decl. Ex. 1. Facebook has established damages and is entitled to summary judgment on the Penal Code Section 502 claims.

### B. Facebook Is Entitled to Partial Summary Judgment on Its CFAA Claim.

For the same reason that Facebook has proven that Defendants obtained "data from a computer," "used … computer services," or "access[ed] any computer system" for purposes of Penal Code Sections 502, Facebook also has proven that Defendants "obtained information" and "something of value" from Facebook so as to establish violations of 18 U.S.C. Section 1030. 11/17/11 Mot. for Partial Summ. J. on 502 and CFAA at 2:4-8. Defendants have not raised any genuine issue of material fact with respect to Facebook's Computer Fraud and Abuse Act claim.

Facebook proved liability under Section 1030(a)(2)(C) and Section 1030(a)(4). *Id.* at 3:2-6:28. In response, Defendants argue that Facebook cannot prevail because (a) Facebook was not harmed in excess of $5000, (b) Defendants did not act "without authorization" or exceed

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 6 -

FACEBOOK'S REPLY ISO MOTION FOR
PARTIAL SUMMARY JUDGMENT
CASE NO. 5:08-CV-05780 JW

1  Facebook's authorization, (c) they did not take anything "of value," and (d) they did not act with
2  intent to defraud. *See* Defendants' Opp. at 4:3-11:23. Under a plain reading of Section 1030,
3  only the first two arguments apply to Section 1030(a)(2), which has no requirement that
4  something "of value" be taken or that it prove Defendants' trespasses were "intended to defraud."
5  *See Shurgard Storage Centers, Inc. v. Safeguard Self Storage, Inc.*, 119 F. Supp. 2d 1121, 1125
6  (W.D. Wash. 2000) (noting a key difference between 18 U.S.C. Section 1030(a)(2)(C) and 18
7  U.S.C. Section 1030(a)(4) is the requirement in the latter statute of the intent to defraud). *See*
8  *also Register.com, Inc. v. Verio, Inc.*, 126 F. Supp. 2d 238, 251-53 (S.D.N.Y. 2000). *America*
9  *Online, Inc. v. LCGM, Inc.*, 46 F. Supp. 2d 444, 450 (E.D. Va. 1998) (listing elements of Section
10 1030(a)(2)(C), which do not require Defendants to take anything of value or intend to defraud).

### C.   Facebook Has Suffered Damage Or Loss In Excess Of $5000.

12  Facebook proved standing under the CFAA. Facebook introduced uncontroverted
13 evidence that it incurred over $5000 in damage or loss under the CFAA as a result of Defendants'
14 conduct. *See* 18 U.S.C. § 1030(e)(11) & (g); 11/17/11 Mot. for Partial Summ. J. on 502 and
15 CFAA at 3:1-4:7. It is well established that "[c]osts associated with investigating intrusions into
16 a computer network and taking subsequent remedial measures are losses within the meaning of
17 the statute." *See Multiven, Inc. v. Cisco Sys., Inc.*, 725 F. Supp. 2d 887, 895 (N.D. Cal. 2010);
18 *Kimberlite v. Does*, 2008 WL 2264485, *1-2 (N.D. Cal. 2008). As discussed above in
19 conjunction with Facebook's harm under Penal Code Section 502, ████████████████
20 ████████████████████████████████████████████████████
21 ████████████████████████████████████████████████████
22 ████████████████████████████████████████. *See supra* § II(A)(2); *see*
23 *also* 11/17/11 Mot. for Partial Summ. J. on 502 and CFAA at 3:19-4:7.
24  Defendants argue that Facebook's damages evidence is insufficient to prove harm, and
25 that the legal fees incurred by Facebook's counsel cannot be used as part of the calculation of
26 loss. *See* Defendants' Opp. at 10:15-11:23. The damages identified by Facebook are exactly the
27 same kind of damages this Court previously has held are calculated in determining "loss." *See*
28 *Multiven,* 725 F. Supp. at 895 (finding that Cisco "present[ed] evidence that Cisco expended at

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 7 -

FACEBOOK'S REPLY ISO MOTION FOR
PARTIAL SUMMARY JUDGMENT
CASE NO. 5:08-CV-05780 JW

1  least $75,000 investigating the intrusion into their network and 'restoring the security and
2  integrity of Cisco's proprietary system'").  Moreover, time spent by legal counsel investigating
3  Defendants' computer attacks and spamming of Facebook is compensable in calculating such loss
4  under the CFAA.  *See Animators at Law, Inc., v. Capital Legal Solutions, LLC*, 786 F. Supp. 2d
5  1114, 1122 (E.D. Va. 2011) ("Additionally, even though Greenspan is an attorney working for
6  Animators, a jury may conclude that hiring an attorney to investigate the intrusion and oversee
7  the investigation was reasonably foreseeable and reasonably necessary under the circumstances,"
8  so as to be "qualifying CFAA losses"); *E.R. James Real Estate Serv., LLC v. Spinell*, 2011 WL
9  5078873, at *3 (N.D. Ill. Oct. 26, 2011) (refusing to dismiss a CFAA count seeking recovery of
10 attorneys fees, noting that "attorneys' fees – at least insofar as they pertain to investigating a
11 CFAA  violation – may be recoverable").  Again, Defendants raise no triable issue of fact
12 preventing entry of partial summary judgment on Facebook's CFAA claims.

### 1. Defendants' Violated § 1030(a)(2).

Inasmuch as Facebook established that there is no genuine issue of material fact that Defendants intentionally circumvented Facebook's IP blocks and thus accessed Facebook "without permission" for purposes of California Penal Code Section 502(c), Facebook also established that Defendants intentionally accessed Facebook "without authorization" or in excess of Facebook's authorization for purposes of 18 U.S.C. Section 1030(a)(2)(C).  *See supra* § II(A)(1); 11/17/11 Mot. for Partial Summ. J. on 502 and CFAA at 4:8-6:28.  *See also Multiven*, 725 F. Supp. at 895 (noting that "the necessary elements of Section 502 do not differ materially from the necessary elements of the CFAA for purposes of this action").  Defendants offer no independent reasons why proof that their actions were without permission for purposes of Penal Code Section 502 should not also satisfy the requisite elements of 18 U.S.C. Section 1030(a)(2)(C).  *See* Defendants' Opp. at 5:8-8:18.  For the same reasons discussed with respect to Facebook's 502 claims, Defendants' argument that Facebook is not entitled to summary judgment on the CFAA claim is without merit.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 8 -

FACEBOOK'S REPLY ISO MOTION FOR
PARTIAL SUMMARY JUDGMENT
CASE NO. 5:08-CV-05780 JW

**2.      Defendants' Challenges Under § 1030(a)(4) Are Without Merit.**

Defendants incorrectly argue that they did not take anything of value for purposes of establishing a claim under § 1030(a)(4), because supposedly the only data they obtained from Facebook was "'User Content,' over which Facebook has disclaimed any ownership." Defendants' Opp. at 4:24-27 (quoting Vachani Decl. ¶ 22). Defendants' admission that they took content from Facebook satisfies the elements for violating the statute. Courts have defined "anything of value" under the CFAA to mean that "'[t]he value of information is relative to one's needs and objectives . . . .'" *NCMIC Fin. Corp. v. Artino*, 638 F. Supp. 2d 1042, 1062 (S.D. Iowa 2009) (quoting *United States v. Czubinski*, 106 F.3d 1069, 1078 (1st Cir. 1997)). Indeed, the Ninth Circuit has specifically rejected the theory that there is "an ownership or control requirement" necessary to prove a violation of the CFAA. *Theofel v. Farey-Jones*, 359 F.3d 1066, 1078 (9th Cir. 2004).

The fact that Defendants scraped, downloaded, stored, and used public Facebook user information in order to "proxy" the Facebook website demonstrates that the information was valuable within the meaning of 18 U.S.C. § 1030(a)(4). For that reason, courts have held that the unauthorized harvesting of a website's user information like that accomplished by Defendants – especially when it is done in conjunction with later spamming of the users – can establish violations of both 18 U.S.C. Section 1030(a)(2)(C) and 18 U.S.C. Section 1030(a)(4). *See, e.g.*, *eBay, Inc. v. Digital Point Solutions, Inc.*, 608 F. Supp. 2d 1156, 1163-64 (N.D. Cal. 2009) (plaintiff established violation of Section 1030(a)(4)(C) through proof that defendant entered its public website via third parties and in violation of eBay's user agreement).

**3.      Defendants Acted With An Intent To Defraud.**

Section 1030(a)(4) requires proof of an "intent to defraud" by Defendants. 18 U.S.C. § 1030(a)(4). Facebook established that Defendants acted with the requisite intent. Under the CFAA, intent to defraud "simply means wrongdoing and does not require proof of common law fraud." *Multiven,* 725 F. Supp. 2d at 892 (citing *Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc.*, 556 F. Supp. 2d 1122, 1131 (E.D. Cal. 2008)). For that reason, there is no requirement that Facebook prove anyone was "misled" by Defendants' actions, as

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 9 -

FACEBOOK'S REPLY ISO MOTION FOR
PARTIAL SUMMARY JUDGMENT
CASE NO. 5:08-CV-05780 JW

Defendants claim. *See* Defendants' Opp. at 10:10-13. As described above, Defendants, knowing that their conduct was wrongful, accessed and obtained valuable information and data from the Facebook website. *See*, *e.g.*, Metanat Decl. Ex. 4, at Requests Nos. 13, 15, 18, 22, 37, and 54-56. Defendants also admit to obtaining Facebook data files necessary to display the Facebook website through the Power browser, and to using their PowerScript software to access the Facebook website to automatically lift content from Facebook users' accounts, parse it and reformat it for display on Power's website. *See* Dkt. No. 54, ¶ 75; Chatterjee Decl. Ex. 4 at 125:22-129:4; 159:14-25; 279:16-280:19; 49:15-50:14; Metanat Decl., Ex. 4 at Response 18. Accordingly, as the evidence of wrongdoing is not disputed, partial summary judgment should be granted on Facebook's claim for violation of 18 U.S.C. Section 1030(a)(4).

## III.    CONCLUSION

For the foregoing reasons, Facebook respectfully requests that the Court grant Facebook's Motion for Partial Summary Judgment on its Penal Code Section 502 and CFAA claims.

Dated: December 12, 2011                            ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____*/s/ I. Neel Chatterjee /s/*_____
I. Neel Chatterjee
Attorneys for Plaintiff
FACEBOOK, INC.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 10 -

FACEBOOK'S REPLY ISO MOTION FOR
PARTIAL SUMMARY JUDGMENT
CASE NO. 5:08-CV-05780 JW