BURSOR & FISHER, P.A.
L. Timothy Fisher (State Bar No. 191626)
Sarah N. Westcot (State Bar No. 264916)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
          swestcot@bursor.com

BURSOR & FISHER, P.A.
Scott A. Bursor (State Bar No. 276006)
369 Lexington Avenue, 10th Floor
New York, NY  10017
Telephone:  (212) 989-9113
Facsimile:   (212) 989-9163
E-Mail: scott@bursor.com

BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
Alan R. Plutzik (State Bar No. 077785)
Michael S. Strimling (State Bar No. 96135)
2125 Oak Grove Road, Suite 120
Walnut Creek, CA  94598
Telephone:  (925) 945-0200
Facsimile:   (925) 945-8792
E-Mails: aplutzik@bramsonplutzik.com
          mstrimling@bramsonplutzik.com

Attorneys for Defendants Power
Ventures, Inc. and Steve Vachani

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC.,<br><br>                                   Plaintiff,<br><br>-against-<br><br>POWER VENTURES, INC. d/b/a POWER.COM, a California corporation; POWER VENTURES, INC. a Cayman Island Corporation, STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, an individual and/or business entity of unknown nature; DOES 2 through 25, inclusive, individuals and/or business entities of unknown nature,<br><br>                                   Defendants. | Case No. 5:08-CV-05780 JW<br><br>**DEFENDANTS' OPPOSITION TO FACEBOOK INC.'S MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO CIVIL LOCAL RULE 7-11 FOR LEAVE TO FILE SUPPLEMENTAL MATERIALS IN SUPPORT OF MOTIONS FOR PARTIAL SUMMARY JUDGMENT AND OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

## I. ARGUMENT

### A. The Supplemental Materials Were Available To Facebook When It Filed Its Motions For Summary Judgment

Facebook seeks to introduce "new evidence" in support of its summary judgment motions and its opposition to defendants' motion for summary judgment. Facebook's Motion at 1. This evidence, however, is not new and was available to Facebook before it filed its two summary judgment motions. In fact, Facebook had the ability to conduct a thorough review of Power's document production prior to filing its summary judgment motions. The Court had set March 19, 2012 as the last to for hearing dispositive motions. *See* 9/9/11 Order Granting Motion to Enlarge Time, Dkt. No. 142 at 2 ("The last date for hearing dispositive motions shall be March 19, 2012."). Discovery was not over. Facebook could have waited until February to file its motions, but it chose to file them in November instead.

Facebook also had all of the "new evidence" before it filed its motions. Power produced its source code on August 25, 2011. *See* Exh. B to the 11/14/11 Declaration of Lawrence Melling, Dkt. No. 217 (inspection log showing that Mr. Melling began reviewing Power's source code on August 25 and reviewed the code 22 times prior to the date of his declaration). On October 24, Power produced its subversion repository ("SVN") and the entirety of its databases. *See* Exh. A to the Fisher Decl. (10/24/11 letter to Facebook's counsel regarding 109 gigabyte production of Power's database and repositories). Facebook knew this production included over 100 gigabytes of data. *See* Facebook's Motion at 1. On November 9, 2011, Steve Vachani produced the entirety of his emails. *Id.* at 2. Facebook knew this production included over 300,000 emails. *Id.* Facebook then decided to file its summary judgment motions on November 14 and 17, 2011. Dkt. Nos. 214 and 215.

Facebook has no excuse for its failure to adequately review Power's document productions prior to filing. Facebook blames its failure on Power for "significant delays in producing evidence." Facebook's Motion at 5. However, Facebook's argument is incorrect. First, Power did not delay discovery. Before Facebook filed its motions, Power produced *everything* in its possession -- its source code, its databases, its SVN, its internal memoranda, and the entirety of

Steve Vachani's emails, both personal and professional. Fisher Decl. at ¶ 2. Facebook complains that "as a consequence of Defendants' delays in production, Facebook was unable to schedule Power's deposition until January 9, 2012—well after the parties had filed their motions." Facebook's Motion at 5. But Power offered to conduct Mr. Vachani's deposition as early as November 15. Exh. B to the Fisher Decl. Facebook voluntarily chose to wait until January 9. *Id.* ("Also, upon further reflection, I believe Mr. Vachani's deposition should only be scheduled once we receive Magistrate Judge Spero's ruling on the two motions to compel that are set for hearing next Friday. . . . At this point, therefore, you need not worry about seeing if Mr. Vachani is available on November 14.").

Similarly, Facebook argues it should be excused because Power's productions were voluminous and required translation. Facebook's Motion at 5. That argument is flawed. Facebook could have taken the time to adequately review Power's productions. Facebook was not required to file its summary judgment motions until February 13, 2012. It chose not to do so. The Court should not use its discretionary power to fix Facebook's tactical blunder.

### B. The Supplemental Materials Are Repetitive and Add Nothing New To Facebook's Arguments

Facebook seeks to add more of the same to the record. The supplemental materials add nothing of value. Facebook does not explain how the supplemental materials would change any of its arguments.

Facebook contends the supplemental materials support its latest "circumvention theory" -- that Power designed its browser to circumvent an IP block that Facebook or some other social networking site might utilize someday. Facebook's Motion at 1. But Facebook already briefed that argument in its December 12 opposition to Power motion for summary judgment. Dkt. No. 221 at 1-4; *see also id.* at 2-3, fn. 1 ("Defendants did not make any effort to circumvent Facebook's blocks at that time, however, only because their circumvention measures had already been written into the PowerScript and no further efforts were required for them to continue to access the Facebook website."). It also briefed this argument in its motion for summary judgment under the

1   CFAA and Penal Code § 502 and its corresponding reply.  Dkt. No. 214 at 1, 5, 6; Dkt No. 245 at
2   1-4, 8.
3          Facebook also argues this evidence establishes that "Power paid its users to recruit
4   Facebook users via Event Invitation messages using the Facebook system."  Facebook's Motion at
5   1.  Once again, that is not new information.  Facebook briefed that argument in its first motion for
6   summary judgment under the CAN-SPAM Act and its corresponding reply.  Dkt. No. 215 at 5-8,
7   13-15, 17-18 ("Power offered its users $100 in exchange for their successfully inviting Facebook
8   users to sign up for power.com."); Dkt. No. 244 at 4-5.  Facebook also briefed that argument in its
9   opposition to Power's motion for summary judgment.  Dkt. No. 221 at 6-7.
10         Facebook claims that this evidence "was unavailable and unknown to Facebook at the time
11  it filed its Motions for Partial Summary Judgment and its Opposition to Defendants' Motion for
12  Summary Judgment."  Facebook's Motion at 1.  That is incorrect.  To the contrary, Facebook
13  briefed these points in *five* separate summary judgment memoranda.

   **C.     This Motion Comes At The Eleventh Hour**

15         Facebook filed this motion after the close of business on Friday, January 20, 2012.  The
16  Court conducted its hearing on the summary judgment motions the following Monday, January 23.
17  There is no reason why Facebook filed this motion less than one business day before the hearing.
18  Facebook received Power's source code, databases, and SVN over three months ago.  Facebook
19  received Steve Vachani's emails over two months ago.  Facebook's motions for summary
20  judgment have been on file for over two months.  Facebook could have filed this motion any time
21  in the past two months.

   **D.     Power Will Be Prejudiced If The Court Grants Facebook's Request for Leave
            To File Supplemental Materials**

           Contrary to Facebook's assertion, Power will be prejudiced if the Court permits Facebook
   to file additional evidence, after the hearing, without any opportunity to respond.  If the Court
   grants Facebook's motion, Power respectfully requests the opportunity to respond to the "new"
   evidence, as well as the opportunity to file its own supplemental materials.

## II. CONCLUSION

For the foregoing reasons, Power respectfully requests that the Court deny Facebook's Motion for Leave to File Supplemental Materials.

Dated: January 24, 2012  BURSOR & FISHER, P.A.


By:        /s/ L. Timothy Fisher


L. Timothy Fisher (State Bar No. 191626)
Sarah N. Westcot (State Bar No. 264916)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone:  (925) 300-4455
Facsimile:   (925) 407-2700
E-Mail:  ltfisher@bursor.com
              swestcot@bursor.com

BURSOR & FISHER, P.A.
Scott A. Bursor (State Bar No. 276006)
369 Lexington Avenue, 10th Floor
New York, NY  10017
Telephone:  (212) 989-9113
Facsimile:   (212) 989-9163
E-Mail:  scott@bursor.com

BRAMSON, PLUTZIK, MAHLER &
BIRKHAEUSER, LLP
Alan R. Plutzik (State Bar No. 77785)
Michael S. Strimling (State Bar No. 96135)
2125 Oak Grove Road, Suite 120
Walnut Creek, CA  94598
Telephone:  (925) 945-0200
Facsimile:   (925) 945-8792
E-Mail: aplutzik@bramsonplutzik.com
              mstrimling@bramsonplutzik.com

Attorneys for Defendants Power
Ventures, Inc. and Steve Vachani

DEFENDANTS' OPPOSITION TO FACEBOOK INC.'S MOTION FOR ADMINISTRATIVE RELIEF
PURSUANT TO CIVIL LOCAL RULE 7-11 FOR LEAVE TO FILE SUPPLEMENTAL MATERIALS
CASE NO. 5:08-CV-05780 JW

4