1  I. NEEL CHATTERJEE (STATE BAR NO. 173985)
   nchatterjee@orrick.com
2  MONTE COOPER (STATE BAR NO. 196746)
   mcooper@orrick.com
3  THERESA A. SUTTON (STATE BAR NO. 211857)
   tsutton@orrick.com
4  MORVARID METANAT (STATE BAR NO. 268228)
   mmetanat@orrick.com
5  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
6  Menlo Park, California  94025
   Telephone:     650-614-7400
7  Facsimile:     650-614-7401

8  Attorneys for Plaintiff
   FACEBOOK, INC.

9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                SAN FRANCISCO DIVISION

13

| | |
|---|---|
| 14  FACEBOOK, INC., | Case No. 5:08-cv-05780-JW (JCS) |
| 15                    Plaintiff, | **FACEBOOK INC.'S MOTION FOR ADMINISTRATIVE RELIEF** |
| 16           v. | **PURSUANT TO CIVIL LOCAL RULE 7-11 FOR LEAVE TO FILE** |
| 17  POWER VENTURES, INC. a Cayman Island | **SUPPLEMENTAL MATERIALS IN SUPPORT OF MOTIONS FOR** |
| corporation, STEVE VACHANI, an individual; | **PARTIAL SUMMARY JUDGMENT** |
| 18  DOE 1, s/b/a POWER.COM, DOES 2-25, | **AND OPPOSITION TO DEFENDANTS'** |
| inclusive, | **MOTION FOR SUMMARY** |
| 19 | **JUDGMENT** |
| 20                    Defendants. | |
| 21 | Dept:        Courtroom 9, 19th Floor |
| | Judge:       Hon. Chief Judge James Ware |

22

23              **FILED UNDER SEAL**

24

25

26

27

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.     INTRODUCTION

Facebook respectfully requests leave, pursuant to Local Rule 7-11, to file supplementary evidence in support of its previously filed Motion for Partial Summary Judgment under the Computer Fraud and Abuse Act and California Penal Code Section 502 (Dkt. No. 214), its Motion for Partial Summary Judgment on Count 1 (CAN-SPAM Act) (Dkt. No. 215), and its Opposition to Defendants' Motion for Summary Judgment (Dkt. No. 222), to include new evidence revealed by Defendants' most recent production of documents as well as the deposition of Power Ventures' CEO and 30(b)(6) witness, Defendant Steve Vachani.[1]

This new evidence conclusively establishes that Defendants Power Ventures and Vachani intended to circumvent and did indeed circumvent Facebook's efforts to block Power and its users' from accessing the Facebook website.  The supplementary materials also establish that Power paid its users to recruit Facebook users via Event Invitation messages using the Facebook system.  Such evidence is central to Facebook's claims against defendants pursuant to the CFAA, California Penal Code Section 502, and the CAN-SPAM Act, and was unavailable and unknown to Facebook at the time it filed its Motions for Partial Summary Judgment and its Opposition to Defendants' Motion for Summary Judgment.

## II.     STATEMENT OF RELEVANT FACTS

### A.     Power's Refusal To Produce Relevant Evidence.

On October 22, 2010, Facebook served Power with its First Set of Requests for Production.  Declaration of Morvarid Metanat ("Metanat Decl."), Ex. A.  Power initially produced only *13* documents in response to these requests.  *See* Dkt. No. 210 at 7.  Power did not produce its source code, claiming it was irrelevant.  *See id.,* Ex. B.  On August 18, 2011, after Facebook moved to compel production of Power's source code, the Court ordered Power to produce the code.  *See* Dkt. Nos. 208 & 117.  Despite the Court's Orders, Power did not finish

---

[1] As Power's 30(b)(6) designee, the facts testified to by Vachani during Power's January 9, 2012 deposition are binding admissions by Power. *Rainey v. American Forest & Paper Ass'n, Inc.*, F. Supp.2d 82, 95 (D. D.C. 1998) (finding that positions taken by corporate party during Rule 30(b)(6) deposition were binding).

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

-1-

FACEBOOK INC.'S MOTION FOR ADMINISTRATIVE
RELIEF PURSUANT TO CIVIL LOCAL RULE 7-11 FOR
LEAVE TO FILE 5:08-CV-05780-JW (JCS)

producing its code until October 24, 2011.[2]  Metanat Decl., Ex. M.

In addition to Power's refusal to produce its code, it also refused to supplement its document production.  *Id*. at Ex. B.  Indeed, Power repeatedly argued it simply had no additional responsive documents beyond the 13 it had initially produced.  *Id*.  As a result of other discovery during the Summer of 2011, however, Facebook learned that vast amounts of responsive materials existed.  *See* Dkt. No. 139, Section II.D.  Facebook moved to compel the production of documents.  *See* Dkt. Nos. 124 & 128.

On November 4, 2011, the Court granted Facebook's Motion to Compel Defendants to Perform a Thorough Search for Responsive Documents.  *See* Dkt. No. 166.  On November 9, 2011, Power supplemented its production by giving Facebook access to the entirety of Vachani's Yahoo! email inbox and Power's online backup server.  Metanat Decl., Ex. C.   Far from having no additional responsive materials as Power had repeatedly asserted, Vachani's email inbox contains more 300,000 emails, spanning five years.  *Id*., ¶ 5.  Power's backup server contains 120 gigabytes of data.  *Id*.  Many of Vachani's emails are written in Portuguese.  *See e.g. id*., Exs. E, I, & L.  Upon receipt, Facebook immediately took measures to access the data and review it.  In some instances, Facebook was required to obtain translations of the documents before it could read them.  *Id.*

### B.      Facebook's Discovery Of Relevant Evidence After Filing It's Motion For Summary Judgment And Opposing Defendants' Summary Judgment Motion.

Facebook filed its Motions for Partial Summary Judgment November 14 and 17.  Dkt. Nos. 213 & 214.  On December 2, 2011, Facebook opposed Defendants' Motion for Summary Judgment.  Dkt. No. 222.  These three motions are premised on the same set of facts.  Facebook deposed Power pursuant to Fed.R.Civ.P. 30(b)(6) on January 9, 2011.  Metanat Decl., ¶ 6.

Since filing its motions and opposition, Facebook has discovered evidence in Vachani's email and Power's backup.  It also obtained several important admissions during Power's 30(b)(6) deposition.  All of this newly discovered evidence is relevant to Facebook's claims against Power.  For instance, the newly discovered documents reveal, and Vachani's testimony

---

[2] Power's source code production remains incomplete.  Indeed, Defendants admit that a number of files were destroyed during the pendency of this litigation.  *See* Dkt. No. 215 at fn. 6.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 2 -

FACEBOOK INC.'S MOTION FOR ADMINISTRATIVE
RELIEF PURSUANT TO CIVIL LOCAL RULE 7-11 FOR
LEAVE TO FILE 5:08-cv-05780-JW (JCS)

confirms, that Vachani began using dynamically rotating IP proxies in 2005 in an effort to evade detection and avoid blocks by third-party websites.  Metanat Decl., Exs. D, E, F ,G & H at 121:4-14; 124:8-13; 136:12-25; 137:20-25; 138:25-139:9; 139:16-23; 140:6-11; 140:18-24; 143:10-15; 319:21-320:8; 324:1-325:25; 326:5-7; 329:24-331:4.  Over time, Vachani implemented this rotating IP proxy technology in what is now Power's core technology.  *Id*., Exs. E, I & H at 275:4-25; 278:1-13; 154:5-10; 154:16-20.

Further, Vachani admits that prior to launching Power he knew that websites, like Facebook, would not allow third-parties to access their websites and servers in the way that Vachani wanted, and the way that Power ultimately did.  *Id*., Ex. H at 121:24-122:1; 122:19-20; 125:4-23; 126:1-23; 236:7-9; 239:20-24; 249:12-16; 279:24-280:4; 346:7-11.  It is this knowledge that led Defendants to incorporate dynamically rotating IP addresses into the PowerScript code well in advance of launching the power.com website. *See id*., Exs. J & H at 333:5-25; 337:4-15; 352:5-353:17.  This is consistent with Facebook's expert analysis of Power's source code, which Vachani has testified is the best evidence of the functionality of power.com. *See id*., Ex. H at 24:18-25:14; 32:22-33:2; 36:16-38:7; 105:24-106:1; 106:7-13.  In addition, Vachani admits that he was aware that Power's access of the Facebook website was in violation of Facebook's Terms of Service prior to the launch of power.com.  *Id*., Exs. K & H at 108:21-109:9; 109:16-20; 279:4-18; 279:20-280:4; 300:9-25; 303:5-9; 303:13-24; 304:1-305:7.

The supplemental documents and testimony also establish that Defendants not only offered their users monetary incentives to send Facebook users invitations to power.com, but made actual payments to individuals who successfully invited 100 or more friends as part of Power's "Launch Promotion."  *Id*., Exs. L & H at 311:20-25; 315:3-9.

**C.    Facebook's Efforts To Obtain Stipulation To Supplement.**

On January 20, 2012, Facebook contacted Defendants' counsel and requested that Defendants stipulate to Facebook's supplementation of the evidentiary record in support of the pending motions for summary judgment.  *See id*., ¶ 16.  Defendants' counsel refused. *Id*.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 3 -

FACEBOOK INC.'S MOTION FOR ADMINISTRATIVE
RELIEF PURSUANT TO CIVIL LOCAL RULE 7-11 FOR
LEAVE TO FILE 5:08-cv-05780-JW (JCS)

III.   **ARGUMENT**

    A.   **Facebook Should Be Permitted to Supplement The Factual Record.**

Pursuant to Fed. R. Civ. P. 56(e)(1), the Court has discretion to permit a litigant to supplement the factual record in the context of a motion for summary judgment. *Betz v. Trainer Wortham & Co., Inc.*, 610 F.3d 1169, 1171 (9th Cir. 2010); *Wren v. McCain*, No. 93-2183, 1994 U.S. App. LEXIS 8402, at *6-7 (7th Cir. Apr. 20, 1994). Indeed, absent some demonstration of prejudice, leave to supplement the evidentiary record with newly-discovered evidence is routinely granted. *Scheier v. City of Snohomish*, No. C07-1925-JCC, 2008 U.S. Dist. LEXIS 90919, at *8-9 (Wash. Nov. 4, 2008) (granting motion to supplement summary judgment motion); *Clems Ye Olde Homestead Farms Ltd. v. Briscoe*, No. 4:07cv285, 2008 WL 5146964, at *4 (E.D. Tex. Dec. 8, 2008) (same); *In re Enron Corp. Sec., Derivative & "ERISA" Litig.,* No. MDL1446, Civ. A. H-01-3624, Civ. A. H-02-3185, 2003 WL 23305555, at *2 (S. D. Tex., Dec. 11, 2003) (granting motion to supplement record "because the Court finds no prejudice to Plaintiffs.").

Power cannot demonstrate prejudice here. First, neither of the Defendants can claim prejudice arising from the submission of Power's 30(b)(6) deposition testimony. Since Defendant Steve Vachani testified as Power's 30(b)(6) designee, it is evident that Defendants had firsthand knowledge of all of the facts he testified to. Second, all of the newly discovered documents, and have always been, in the possession of the Defendants.

    B.   **The Supplemental Materials Are Relevant To Facebook's Claims.**

Power's 30(b)(6) deposition testimony is directly relevant to Facebook's CFAA, Penal Code 502, and CAN-SPAM Act claims against Defendants. *See* Dkt. Nos. 214 & 215. Following the Court's July 2010 Order, the only issue remaining with respect to whether Defendants violated Section 502 and the CFAA, were the interrelated issues of intent and access "without permission." Specifically, the Court stated that "accessing or using a computer, computer network, or website in a manner that overcomes technical or code based barriers is 'without permission,' and may subject a user to liability under § 502." *Id.* at 18. Facebook's supplemental evidence establishes Defendants' intent to access the Facebook website by circumventing Facebook's blocks and should be submitted.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 4 -

FACEBOOK INC.'S MOTION FOR ADMINISTRATIVE
RELIEF PURSUANT TO CIVIL LOCAL RULE 7-11 FOR
LEAVE TO FILE 5:08-cv-05780-JW (JCS)

1    With regards to Facebook's CAN-SPAM Act claim, the question of whether Power

2  "procured" its users to send its "Launch Promotion" Event invitations via the Facebook network

3  is of particular importance.   *See* Dkt. No. 215 at 12-13; *see also* 15 U.S.C. §§ 7704(a)(1) &

4  7702(9).  Under the CAN-SPAM Act, "procure" means "intentionally to pay or provide other

5  consideration to, or induce, another person to initiate such a message on one's behalf."  15 U.S.C.

6  § 7702(12).  During Power's 30(b)(6) deposition, Vachani admitted that Power did indeed

7  provide money to users who had successfully invited Facebook users to sign up for power.com.

8  Metanat Decl., Ex. K; Ex. H at 311:20-25; 315:3-9.

9       C.    **The Supplemental Materials Were Undiscovered And Unavailable To**
             **Facebook Prior To Its Filings.**
10
             Facebook did not have knowledge of the supplemental documents when it filed its

11  summary judgment motions and opposition.  Indeed, only after several requests for relevant
12
   materials in Defendants' possession, and a Court Order requiring production, Defendants finally
13
   provided Facebook with access to Defendant Vachani's email and Power's online backup servers
14
   mere weeks before Facebook filed its motions.  Defendants' significant delays in producing
15
   evidence deprived Facebook of sufficient time to thoroughly search for relevant evidence prior to
16
   filing its motions. These delays were exacerbated given the format and volume of the data, and
17
   the fact that many of the documents were in Portuguese and required translation. Facebook could
18
   not conceivably conduct a thorough search for relevant materials prior to filing its motions.
19
             Also as a consequence of Defendants' delays in production, Facebook was unable to
20
   schedule Power's deposition until January 9, 2012—well after the parties had filed their motions.
21
   Thus, Facebook did not have access to Power's 30(b)(6) testimony until after filing its motions.
22
IV.   **CONCLUSION**
23
             For the foregoing reasons, Facebook respectfully requests that the Court grant its request
24
   for leave to submit supplemental evidence in support of its Motions for Partial Summary
25
   Judgment and Opposition to Defendants' Motion for Summary Judgment.
26
   / / /
27

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY
                                    - 5 -
FACEBOOK INC.'S MOTION FOR ADMINISTRATIVE
RELIEF PURSUANT TO CIVIL LOCAL RULE 7-11 FOR
LEAVE TO FILE 5:08-cv-05780-JW (JCS)

1   Dated: January 20, 2012                    Orrick, Herrington & Sutcliffe LLP

2
                                               By: _____ */s/ Morvarid Metanat /s/*_____
3                                                        MORVARID METANAT
                                                         Attorneys for Plaintiff
4                                                        FACEBOOK, INC.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -

FACEBOOK INC.'S MOTION FOR ADMINISTRATIVE
RELIEF PURSUANT TO CIVIL LOCAL RULE 7-11 FOR
LEAVE TO FILE 5:08-CV-05780-JW (JCS)