

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA  94025

*tel* +1-650-614-7400
*fax* +1-650-614-7401
WWW.ORRICK.COM

January 26, 2012

Monte M.F. Cooper
(650) 614-7375
mmetanat@orrick.com

**VIA ELECTRONIC FILING**

Hon. Joseph C. Spero
United States Magistrate Judge
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re:     <u>Facebook, Inc. v. Power Ventures, Inc., et al., Case No. 5:08-cv-05780 (JW)</u>

Dear Magistrate Judge Spero:

Plaintiff Facebook, Inc. ("Facebook") hereby moves this Court for an Order precluding Defendants Power Ventures, Inc. ("Power") and Steve Vachani ("Vachani") from securing through voluntary appearance and calling as trial witnesses any former employees of Power with knowledge of the relevant facts who reside in Brazil, outside the Court's jurisdiction.  Alternatively, Facebook asks that the Court condition the introduction of any trial testimony, whether through voluntary appearance or be compulsive process by any such foreign witnesses upon Defendants first making the witnesses available for depositions at least 60 days prior to trial, at which time they also must produce all relevant emails and other documents in their possession that should have been independently produced by Defendants.  Defendants oppose each of Facebook's requests.

Discovery in this case closed on January 20, 2012.  However, pursuant to the Court's Standing Order on Discovery Issues, the parties met and conferred prior to the close of discovery in an effort to resolve this dispute.  The parties failed to reach resolution and request that the Court issue an Order resolving the question whether Defendants may introduce trial testimony from the former Power employees, assuming they will appear voluntarily.  In support of its positions, Facebook attaches hereto the Declaration of Monte Cooper ("Cooper Decl.").

I.     <u>Facebook's Position on the Discovery Dispute Regarding the Use at Trial of Brazilian Witnesses</u>

This Joint Letter is directed to a very simple issue:  namely, can Defendants call any former employee of Power who resides in Brazil as a trial witness, assuming that the employee is willing to travel to the United States in order to voluntarily appear at trial in this matter.  While Defendants claim they have no present intention to call such former employees as such trial witnesses, they have advised Facebook in the parties meet-and-confer discussions that Defendants do not want to foreclose that possibility for the future.  Facebook asks that the Court bring certainty to this issue,

FILED UNDER SEAL



Hon. Joseph C. Spero
January 26, 2012
Page 2

and Order that Defendants are precluded altogether from calling these individuals as trial witnesses, regardless of whether or not they will appear voluntarily.

**A.    Facebook Has Been Prejudiced by Defendants' Failure to Make Brazilian Power Employees Available for Discovery Purposes.**

This case involves allegations that Defendants Power and its CEO Steve Vachani used their social aggregation website www.power.com unlawfully to secretly spider, scrape and download user information and other web content from Plaintiff's popular website www.facebook.com in contravention of the CAN-SPAM Act, the Computer Fraud and Abuse Act, and California Penal Code Section 502. Specifically, Facebook contends that in 2008 Defendants scraped and downloaded Facebook user information in order to emulate or "proxy" the Facebook website, thereby allowing Power's own users to log into Facebook through the Power website, rather than Facebook's own log-in page. Defendants then circumvented Facebook's efforts to block their further access to the Facebook website. Facebook also alleges that Defendants in December of 2008 employed a "Power 100" marketing scheme in which they used their proprietary software to automatically create Facebook Events on the Facebook website in order to solicit Facebook users to join Power. More than 60,000 Facebook users ultimately were spammed with electronic mail messages by Power as a result of this unlawful scheme.[1]

Facebook has been repeatedly stymied in this case by Defendants' refusal to produce relevant discovery, including emails from Power employees who designed the software used by Defendants to access the Facebook site, and to automate the generation of the Facebook Events that resulted in Facebook users being spammed with solicitations to join Power.[2] Notably, Defendants did not put into place any kind of litigation hold instructing employees to preserve all potentially relevant documents immediately following December 30, 2008, when Facebook filed suit. *See* Cooper Decl. Ex. A at 271:9-272:5. Defendants previously admitted that all emails from Power employees were backed up by the company's servers hosted by iWeb.com and amazon.com. *Id.* at 61:25-63:2. However, ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌. Cooper Decl. Ex. B at 165:9-166:15. As a result, the **only** emails from Power employees that were preserved for litigation

---

[1] Facebook and the Defendants have cross-moved for summary judgment on each of these claims. Chief Judge Ware held a hearing on the pending motions on January 23, 2012, and took the matter under advisement. *See* Dkt. No. 253.

[2] Facebook previously filed three different motions to compel Defendants to produce source code, missing emails, and to properly respond to numerous document requests and interrogatories. *See* Dkt. Nos. 124, 129 & 139. In each instance, the Court ordered all of the relief sought by Facebook. Dkt. Nos. 127 & 166.



Hon. Joseph C. Spero
January 26, 2012
Page 3

after December 30, 2008 and which have been produced to date are those which actually were sent to or authored by Vachani.[3]

### 1. Facebook Is Prejudiced By Power's Using Its Former Employees' Brazilian Citizenship As A Shield.

Defendants contend that Vachani is now the only remaining employee of Power, even though the company had approximately 100 employees when Facebook originally filed suit. Cooper Decl. Ex. A at 25:17-25; 27:4-11; 134:22-25; 232:22-25. Most of the former employees are Brazilian citizens who were laid off by Power by the end of 2009, before discovery in this case had even commenced. *Id.* at 34:7-18; 233:4-23.

To the extent that they are now third parties, none of Power's former employees can be compelled by Facebook to appear for depositions anywhere in the world, or to produce any of the emails or other documents that they have in their possession. Brazil is not a-Hague Convention signatory, and its government explicitly prohibits foreign attorneys from conducting depositions within its boundaries. *See In re Sadia S.A. Sec. Litig.*, No. 08 Civ. 9528(SAS), 2011 WL 6825235, at *2 (S.D.N.Y. Dec. 28, 2011) (noting that "Brazil considers it a violation of judicial sovereignty for foreign lawyers to conduct depositions in Brazil"); *Fausto v. Credigy Serv. Corp.*. 251 F.R.D. 427, 430-31 (N.D. Cal. 2008) (because American lawyers could only take depositions of Brazilian defendants in Brazil at "risk of imprisonment," the Court orders the depositions to occur in the United States instead).

Facebook has listed in its Rule 26 Disclosures several of Power's former employees who currently reside in Brazil, and who were integral to the creation and implementation of both Power's software and the Power 100 campaign. *See* Cooper Decl. Ex. C (1/13/12 Second Amended Disclosures). Among these witnesses are Eric Santos, Power's former Director of Product and Engineering; Felipe Herrera, Power's former Director of Legal and Corporate Affairs; and Bruno Carvalho, one of Power's former programmers who helped develop the Power 100 campaign. *See* Cooper Decl. Ex. A at 10:23-11:4; 21:24-23:14; 141:10-12; 282:3-21; 338:10-339:7; *see also* Ex. D. Santos in particular is a highly relevant witness. Defendants fully admit that he played a " ███████████████████████████████████████████████████████████████████████████. Cooper

---

[3] Facebook in a separate Joint Letter has moved the Court to compel the production of the missing emails. On the evening of January 25, 2012, a week after discovery closed and months after the information was supposed to have been produced. Defendants for the first time advised Facebook that they may have located these emails and were producing them. Cooper Decl. Ex. M. Given the extraordinary prejudice caused by such a late production, Facebook anticipates seeking sanctions and other appropriate relief from the Court.



Hon. Joseph C. Spero
January 26, 2012
Page 4

Decl. Ex. B at 109:1-3; 204:12-23; 288:7-21; 314:22-315:2.  Moreover, even though he resides in  *Id.* at 191:3-12; Ex. E.  *See also* Cooper Decl. Exs. F-H.

Because they possess highly relevant information and continue to correspond with Vachani, Facebook has requested that Defendants voluntarily make available at least Santos and Herrera for depositions.  *See* Cooper Decl. Exs. I-J.  However, Defendants have steadfastly refused to produce either witness for such purpose.  Cooper Decl. Exs. K-L.  Defendants claim that they cannot make either witness available for a deposition because "neither Mr. Santos nor Mr. Herrera is an officer, director, or managing agent of Power at this time," and they reside outside the Court's jurisdiction.  Cooper Decl. Ex. K.  Defendants further refuse to definitively stipulate that they will not call any of these former Power employees as witnesses at trial, but rather assert that they, too, cannot compel these witnesses at trial.  *Id.  See also* Cooper Decl. Ex. B at 78:15-23.  Nonetheless, Defendants also refuse to provide any assurances that they will not call these witnesses at trial should they decide to voluntarily appear, and instead state they simply have no present intent to call them to testify.

### 2. The Court Should Preclude Defendants From Calling Former Power Employees Whose Documents Were Not Preserved.

Given their Brazilian citizenship, Facebook is powerless to compel Power's former employees to produce documents, to appear for depositions, or to appear at trial.  *In re Sadia S.A. Securities Litig.*, 2011 WL 6825235, at *2.  For that reason, it was crucial for Defendants to have preserved documents from individuals like Santos, Herrera and Cavalho, and to have ensured that their Brazilian nationality would not impair the discovery process once it became apparent that they were being laid off.  Nonetheless, Defendants did not make any efforts to preserve information from these former employees, even as they now still want to at least preserve their right to call them as trial witnesses.  This situation is unfair and prejudicial to Facebook.  Accordingly, a Court Order is necessary to protect Facebook from undue surprise and prejudice at trial.

Defendants should not now be permitted to preserve their right to call any former Power employees as trial witnesses, assuming the witnesses will voluntarily appear.[4]  It is well-settled that this Court may use its inherent powers to exclude the trial testimony of witnesses when it is shown that a party has failed to preserve evidence which makes the witness' testimony unfairly prejudicial to the

---

[4] Facebook anticipates bringing a broader spoliation motion related to Defendants' failure to preserve not merely these emails from former Power employees, but also other highly relevant database information related to the Power 100 campaign that was inexcusably deleted in April of 2011.



Hon. Joseph C. Spero
January 26, 2012
Page 5

opposing party.  *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368-69 (9th Cir. 1992) (excluding plaintiff's expert from testifying that the cause of a boat fire was a heater, where plaintiff negligently destroyed both the remains of the heater and the boat before filing suit).  *Padgett v. City of Monte Sereno*, No. C 04-0394JW, 2007 WL 878575, at *2 (N.D. Cal. Mar. 20, 2007).  Here, the prejudice to Facebook arising from Defendants' actions in failing to preserve any communications other than those copied to Vachani is obvious.

Defendants were on notice as of December 30, 2008 of the need to preserve all documentation from all witnesses associated with both the Power 100 campaign and the scraping of Facebook user information from the Facebook website.  *United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co., Inc.*, 857 F.2d 600, 604 (9th Cir. 1988).  However, Messrs. Santos, Herrera and Carvalho all left Power before discovery in this action even commenced, and before Facebook had any chance to depose them, let alone seek documents from them.  Ex. A at 34:7-18; 233:4-23; Ex. B at 165:9-166:15.  Meanwhile, Defendants did not preserve any of the communications from such employees which were not copied to Vachani.  These former Power employees should not now be permitted to prejudicially offer self-serving trial testimony concerning the events underlying the Amended Complaint that Facebook had no means to investigate during discovery.  "Prejudice may exist if the spoiling party's conduct forces the non-spoiling party 'to rely on incomplete and spotty evidence' at trial."  *Padgett*, 2007 WL 878575, at *4 (quoting *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 354 (9th Cir. 1995)).  A Court Order excluding their trial testimony altogether is necessary.

### 3. Alternatively, The Court Should Condition Any Trial Testimony From Former Power Employees On Their Being Made Available For Depositions.

As an alternative to excluding altogether the trial testimony of former Power employees currently residing in Brazil, this Court should require that the witness(es) be made available for depositions in the United States at least 60 days prior to trial.  Any such former employees also should be required to search for and produce any relevant documents in their custody and control.

A similar remedy was crafted by this Court in *Fausto,* 251 F.R.D. at 430-31 (N.D. Cal. 2008).  There, the Court specifically noted that any depositions of Brazilian citizens who were defendants in the action would need to occur in the United States, rather than Brazil, due to risk that American lawyers otherwise might be imprisoned if they sought to depose the defendants in their native country.  *Id.* at 430 & n.3.  As a result, the Court ordered that any depositions of these witnesses occur in Atlanta, Georgia, where their employer had in the past been able to secure visas for international travel.  *Id.* at 431.  The Court also ordered that the depositions occur only on reasonable notice, "allowing for reasonably foreseeable complications of U.S. visa procurement and international travel."  *Id.*



Hon. Joseph C. Spero
January 26, 2012
Page 6

Here, Facebook likewise should be given adequate notice of any voluntary appearances at trial by Power's former employees. Inasmuch as these former employees have been cooperating with Defendants throughout this litigation, if they are able to voluntarily appear for trial, they should also be able to voluntarily appear for depositions and to produce documents in their custody and control (which should have been produced in any event). *See* Cooper Decl. Ex. B at 191:3-12; Exs. E-H. Accordingly, if the Court is not willing to exclude altogether the testimony of these witnesses, it should at least condition their appearance on the agreement to appear for depositions and produce documents.

## II. Position of Defendants Power Ventures, Inc. and Steve Vachani

Facebook seeks an order precluding Defendants from offering testimony at trial from three of its former employees Eric Santos, Felipe Herrera and Bruno Carvalho. Defendants have informed Facebook that they do not intend to offer the testimony of Mssrs. Santos, Herrera or Carvalho at the trial.[5] To date, Defendants have not offered any declarations or other evidence from Mssrs. Santos, Herrera or Carvalho nor do they have any intention of doing so at the trial. Like Facebook, Defendants cannot compel Mssrs. Santos, Herrera or Carvalho to testify at trial or at a deposition as they no longer work for Power and reside in Brazil.

Respectfully submitted,

　　*/s/ Monte M.F. Cooper*　　　　　　　　　　　　*/s/ L. Timothy Fisher*
　　Monte M. F. Cooper　　　　　　　　　　　　　　L. Timothy Fisher

**Filer's Attestation:** Pursuant to General Order No. 45, §X(B), I attest under penalty of perjury that concurrence in the filing of the document has been obtained from its signatory.

Dated: January 26, 2012　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　*/s/ Monte M.F. Cooper*
　　　　　　　　　　　　　　　　　　　　　Monte M.F. Cooper

---

[5] Judge Ware has not set a date for the trial or the pre-trial conference nor have the parties disclosed their trial witnesses yet.