# EXHIBIT K

**Dalton, Amy**

| | |
|---|---|
| **From:** | L. Timothy Fisher [ltfisher@bursor.com] |
| **Sent:** | Thursday, January 12, 2012 1:00 PM |
| **To:** | Cooper, Monte |
| **Cc:** | Chatterjee, I. Neel; Neal Deckant; Scott A. Bursor; Sutton, Theresa A.; Dalton, Amy; Metanat, Morvarid; Beardsley, Megan M.; Johnson-McKewan, Karen G. |
| **Subject:** | Re: Facebook v. Power |

Monte:

1. Certified Translations: As I indicated in my earlier email, defendants will not enter into a blanket agreement regarding the translations.

2. Santos/Herrera: At this time, defendants do not anticipate calling either Eric Santos or Felipe Herrera as a witness at the trial. That said, defendants will disclose their trial witnesses at the appropriate time consistent with the Local Rules and Judge Ware's pre-trial order.

3. Emails: As Mr. Vachani testified, Power has produced all documents in its possession. It does not possess any emails like those that you describe.

4. RFAs: Power stands by its RFA responses and does not believe that there is any inconsistency. If you wish to meet and confer, I am available to meet at my office in Walnut Creek on January 25 or after 2:00 p.m. on the afternoon of January 27.

Tim
--
L. Timothy Fisher
Bursor & Fisher, P.A.
1990 North California Blvd., Suite 940
Walnut Creek, California 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com

On Wed, Jan 11, 2012 at 1:19 PM, Cooper, Monte <mcooper@orrick.com> wrote:

Tim:

Please respond to Neel and my own emails below – particularly concerning the accuracy of previously produced certified translations, whether Power intends to call Mr. Santos or Herrera at trial, and whether Power will produce missing emails between employees in which Mr. Vachani was not copied (e.g. emails between just Bruno Cavalho and Eric Santos), or which otherwise concerned Power business (such as development of the CREATE_EVENTS_FACEBOOK script) which were directed to Power employees.

Also, we have received Power's responses to Facebook's Third Set of Requests for Admission. In many of Power's responses, Power states that it has not deleted ANY relevant information, including any MSSQL database information

1

used to calculate the winners of the Power 100 campaign. Yet in response to RFAs Nos. 203-204 and 218, Power claims it cannot admit or deny the requests insofar as it is aimed at relevant information that was included in the MSSQL databases but has now been admitted by you in emails to have been deleted. These are inconsistent positions, and reflect that the denials of the RFAs were not made in good faith. We ask for an immediate meet-and-confer on Power's responses to the RFAs, so that we may raise the sufficiency of Power's responses with Magistrate Judge Spero.

Monte

---

**From:** Chatterjee, I. Neel
**Sent:** Tuesday, January 10, 2012 5:56 PM
**To:** L. Timothy Fisher; Cooper, Monte
**Cc:** Neal Deckant; Scott A. Bursor; Sutton, Theresa A.; Dalton, Amy; Metanat, Morvarid; Beardsley, Megan M.; Johnson-McKewan, Karen G.
**Subject:** RE: Facebook v. Power

Tim,

Confirm that Power will not be offering Mr. Santos and Mr. Herrera for trial as requested below. If they are not performing any services for you, we expect you also do not have control to present them at trial. If your intention is different, please say so now so we can go to court to resolve this immediately. There have been enough discovery games on your client's part.

In addition, Mr. Vachani confirmed that emails directed to Power employees about Power business were Power property. What he didn't confirm is that he sought those documents. Please let us know when we will receive the documents from the former Power employees that involved Power's business.

Mr. Vachani did not contest a single certified translation by the way. There were other translations I offered which he quibbled with, but he did not contest any of the certified ones.

Neel

---

**From:** L. Timothy Fisher [mailto:ltfisher@bursor.com]
**Sent:** Tuesday, January 10, 2012 5:46 PM
**To:** Cooper, Monte
**Cc:** Neal Deckant; Scott A. Bursor; Sutton, Theresa A.; Dalton, Amy; Metanat, Morvarid; Chatterjee, I. Neel; Beardsley,

2

Megan M.; Johnson-McKewan, Karen G.
**Subject:** Re: Facebook v. Power


Monte:

As we previously indicated, neither Eric Santos nor Felipe Herrera is employed by, consulting for or performing services for Power. Accordingly, defendants cannot produce them for depositions.

As Mr. Vachani indicated yesterday during the deposition, we dispute the accuracy of some of the translations you provided. We will work with you to reach agreement on translations where possible, but we are unable to enter into a blanket agreement regarding the translations.


Tim
--

L. Timothy Fisher

Bursor & Fisher, P.A.

1990 North California Blvd., Suite 940

Walnut Creek, California 94596

Telephone: (925) 300-4455

Facsimile: (925) 407-2700

E-Mail: ltfisher@bursor.com


On Tue, Jan 10, 2012 at 11:31 AM, Cooper, Monte <mcooper@orrick.com> wrote:

Tim, et al.:


As you will recall, on September 15, 2011 you advised in writing that neither Eric Santos nor Felipe Herrera were officers, managers or agents of Power, and had no involvement with the company. Based on that representation, we understood Power did not believe it could produce either witness for a deposition, as we were previously told they both reside in Brazil. In the wake of yesterday's deposition of Steve Vachani, and the recent production of emails detailing offers to Mr. Santos by Power for a position with the company, please confirm (1) whether or not Mr. Santos and/or Mr. Herrera are employed by, consulting for, or will be performing services for Power and thus can be produced for a deposition, and (2) whether or not Power intends to call either individual as a witness at trial. If there is any possibility that these two individuals will be presented as live trial witnesses for Power, or even could be presented as witnesses

because they are performing services for Power at present or in the immediate future, then Facebook demands they be made available for depositions immediately.  If Power will not make either witness available for depositions despite its ability to do so, Facebook intends to seek relief from the Court demanding their appearance for depositions at Power's expense, and/or precluding their trial testimony given the prejudice created by their being withheld as deposition witnesses.   We also ask that this email serve as its request for a meet-and-confer on this issue, should there by a question of their availability for depositions and/or trial.


Also, please confirm that Power does not contest the accuracy of any certified translation of emails or other documents, to the extent Facebook has produced such certified translations to Power.  We are hoping that we can avoid the need for engaging a translator for trial, and anticipate that Chief Judge Ware also will expect the parties to cooperate in stipulating to the accuracy of translations, rather than producing a live witness for what should be an administrative function.


Thank you,


Monte

================================================================
IRS Circular 230 disclosure: To ensure compliance with requirements
imposed by the IRS, we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not intended or
written to be used, and cannot be used, for the purpose of (i) avoiding
tax-related penalties under the Internal Revenue Code or (ii) promoting,
marketing or recommending to another party any tax-related matter(s)
addressed herein.
================================================================
NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY
THE INTENDED RECIPIENT OF THE TRANSMISSION, AND
MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU
RECEIVED THIS E- MAIL IN ERROR, ANY REVIEW, USE,
DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS
E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US
IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND
PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM.
THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/
================================================================



================================================================
IRS Circular 230 disclosure: To ensure compliance with requirements
imposed by the IRS, we inform you that any tax advice contained in this

communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

==============================================================
NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU RECEIVED THIS E- MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/
==============================================================