# EXHIBIT L

**Dalton, Amy**

| | |
|---|---|
| **From:** | Cooper, Monte |
| **Sent:** | Friday, January 20, 2012 1:40 PM |
| **To:** | L. Timothy Fisher; scott@bursor.com |
| **Cc:** | Chatterjee, I. Neel; Sutton, Theresa A.; Metanat, Morvarid; Dalton, Amy; Beardsley, Megan M. |
| **Subject:** | Summary of Meet-and-Confer |

Tim:

Thank you for taking the time to meet and confer with me yesterday about the various outstanding discovery issues raised in my emails, and by Neel during the deposition of Steve Vachani. I summarize below what we discussed, what we agreed upon, and what we could not agree upon. If you believe any of my representations are inaccurate, please let me know immediately.

(1) **Certified Translations**: I understand that Defendants do not at this time contend that any of the certified translations that Facebook has produced to date are in any way inaccurate, and will not contest their introduction as so translated. Facebook will endeavor to produce any additional certified translations for review by Power before the Pre-Trial Conference (whenever it is set by Chief Judge Ware), and Power will advise if it challenges any such translations (and state why). Otherwise, the translations will be deemed accurate and may be introduced as so translated without the need for either party to call a translator as a witness. Power reserves the right to challenge additional translations if Facebook produces them before the deadline for identifying trial exhibits. Facebook likewise reserves the right to produce certified translations up through the deadline to identify exhibits, which we agreed Power could then further review. As I also mentioned, to the extent that Power ever contends any of the translations are in error, Facebook reserves its right to move in limine to preclude such attacks on their accuracy due to the fact Power did not produce its own certified translations or identify a translator who would make such challenges. In light of this agreement, Facebook does not intend to seek relief, though it anticipates memorializing this agreement with Chief Judge Ware whenever he sets the Trial Management Conference.

(2) **Further Rule 30(b)(6) Deposition of Power Ventures:** As we discussed, and as Neel Chatterjee advised you in person on January 9 at the deposition of Power Ventures, Facebook contends that Steve Vachani was not properly prepared as Power Ventures' Rule 30(b)(6) designee on the relevant topics, and was also non-responsive to many of Neel's questions. Facebook therefore intends to move for a further Rule 30(b)(6) deposition of Power at Power's expense, to be supervised by either the Magistrate Judge or a designated Special Master. I understand that Power disagrees, and therefore this issue will need to be brought to Magistrate Spero.

(3) **Preclusion of former Power Employees/Consultants as Trial Witnesses**: Because Brazil is a non-Hague Convention nationality, Facebook has been unable to depose several critical witnesses who were former (or current) Power employees. This includes at least Eric Santos, Felipe Herrera, and Bruno Cavalho. We know that Mr. Vachani has been in recent contact with several of these individuals, even though Power will not agree to make them available for depositions (despite Facebook's several requests). Facebook therefore will move to exclude them as trial witnesses, or alternatively demand that each witness be made available for depositions at least 30 days before trial (and produce relevant documents/emails) as a condition of being called as witnesses. I understand that Power has no intent to call any of these parties as witnesses, but cannot state with 100% certainty that they won't be at trial. Because Facebook needs certainty on this issue, it will seek relief from the Court.

(4) **Missing Documents from Power Employees**: I understand that Power and Vachani contend that they have produced all documents generated by Power that can be produced, and other than the information on the

1

Async and PowerLogger servers that was deleted, no Power documents were destroyed. Facebook contends that emails generated by Power employees and sent to other Power employees that did not copy Steve Vachani existed, and yet have never been produced (or any explanation given why they are missing). Facebook has identified examples of such inter-employee email communications that did not copy Vachani (at least not until later in the email chain). Accordingly, Facebook will seek relief compelling production, notwithstanding Power's arguments there are no such documents to produce.

(5) **RFAs**: Power contends that it cannot admit or deny certain Requests for Admission about whether or where information concerning the Power 100 Campaign was stored on either the Async or PowerLogger MSSQL databases, since this information was deleted. I advised you I would try and identify certain emails that confirm the information existed, and you would discuss them with Mr. Vachani. However, we also agreed that Facebook could seek relief on these RFAs if it so desired. Facebook therefore anticipates raising this issue with Magistrate Judge Spero.

Pursuant to Section 8(b) of Magistrate Judge Spero's Standing Order for Discovery Disputes, the Joint Letters concerning each of these issues to be prepared by counsel following the meet-and-confer is due to be filed next Thursday, January 26, 2012. As a courtesy, Facebook anticipates it will have its portion of each of the letters to you by the end of the weekend. Having said that, it is each side's responsibility to prepare its section within the 5 business days required by the Standing Order.

Again, thank you for taking the time to meet with me yesterday to discuss each of these discovery disputes.

Monte Cooper