# EXHIBIT 4

<tbody>

```
                                              Pages 1 - 10

               UNITED STATES DISTRICT COURT

             NORTHERN DISTRICT OF CALIFORNIA

       BEFORE THE HONORABLE JOSEPH C. SPERO, MAGISTRATE

FACEBOOK, INC.,                    )
                                   )
          Plaintiff,               )
                                   )
  VS.                              ) NO. C 08-5780 JW (JCS)
                                   )
POWER VENTURES, INC.,              )
                                   )San Francisco, California
          Defendant.               ) Friday
                                   ) November 4, 2011
_____    ) 1:30 p.m.

                  TRANSCRIPT OF PROCEEDINGS
```

**APPEARANCES:**

**For Plaintiff:**         Orrick, Herrington & Sutcliffe
                           1000 Marsh Road
                           Menlo Park, California  94025
                  **BY:   INDRA NEEL CHATTERJEE, ESQ.
                         MORVARID METANAT, ESQ.**

**For Defendant:**         Bursor & Fisher, P.A.
                           1900 North California Boulevard
                           Suite 940
                           Walnut Creek, California 94596
                  **BY:   LAWRENCE TIMOTHY FISHER, ESQ.**

Also Present:              Steven Vachani

Reported By:    Debra L. Pas, CSR 11916, CRR, RMR, RPR
                    *Official Reporter - US District Court*
                    *Computerized Transcription By Eclipse*

```
 1                    P R O C E E D I N G S
 2   NOVEMBER 4, 2011                                    1:36 p.m.
 3
 4            THE CLERK:  Calling Case No. C08-5780, FaceBook
 5   versus Power Ventures.
 6            MR. FISHER:  Good afternoon, your Honor.  Timothy
 7   Fisher for the defendants.
 8            THE COURT:  Mr. Fisher, welcome.
 9            MS. METANAT:  Your Honor, Morvarid Metanat and Neel
10   Chatterjee for plaintiff Facebook.
11            THE COURT:  Welcome, welcome.  So you probably caught
12   the gist of where I'm going from our last discussion.  I
13   don't -- having reviewed the papers, I think the search was
14   transparently inadequate, both in the sense of figuring out
15   what the scope ought to be in terms of what computers, email
16   accounts, et cetera are to be searched and the rigor with which
17   they were searched, and -- and the rigor with which they were
18   searched.
19            I also think that it's clear that all the
20   interrogatories that were done, were answered, were inadequate.
21            So what I want to do is order additional production
22   and additional interrogatories as sought, but I want to figure
23   out what that means.  So what I was going to do -- and I know
24   that your client is showing up soon, but I want you to start
25   thinking about it now -- is order you all to go into the jury
```

```
 1  room and start working out a protocol.  The protocol must have
 2  what's going to be searched, where, by whom and how.  In other
 3  words, who is going to do it, under what supervision, with what
 4  search terms, et cetera, so that we have a true search for
 5  electronics because it's pretty clear to me that this was
 6  inadequate both from the way it was done and described by the
 7  defendant, by the individual who runs the defendant, and by the
 8  fact that so many other things are showing up in other email
 9  accounts, et cetera, et cetera.
10          So that's what I propose to do.  I'm happy to hear
11  some discussion of that, if you want, or you can just go in
12  there and work it out.
13          MR. FISHER:  Sure, your Honor.  Following the
14  telephonic conference last week, we contacted our client and he
15  began immediately searching for additional documents.  And this
16  week we've produced a substantial amount of additional
17  documents, several hundred.  I think about 700 emails were
18  produced, 50 PowerPoint presentations, internal software
19  manuals and a variety of other things like that.  More than
20  five gigabytes of documents were turned over to Facebook on
21  Tuesday or Wednesday of this week, because we wanted to produce
22  them in advance of the hearing today so they would have some
23  time to review it.
24          We're happy to sit and talk with them about
25  additional things that they would like.  As I indicated to the
```

1  clerk, my client is on his way from Brazil to be here so that
2  he can participate in the discussions.
3            **THE COURT:**  Excellent.  As soon as he comes in, we'll
4  send him in to talk to you.
5            **MR. FISHER:**  All right.  Wonderful.
6            **THE COURT:**  You understand why the fact that you have
7  produced five gigabytes of material in the last two weeks might
8  make me less comfortable, not more comfortable.
9            **MR. FISHER:**  I understand, your Honor.
10           **THE COURT:**  Right?  So let's talk about protocol as
11 well.
12           Okay?  So don't leave without talking to me.  You're
13 welcome to go into my jury room.  It's very comfortable.  There
14 are probably some jury snacks in there, some stale cookies.  Is
15 it unlocked?
16           **THE CLERK:**  Yes.
17           **THE COURT:**  See you later.
18           **MS. METANAT:**  Your Honor, if I could make one
19 request?  There is another matter coming on for case
20 management.  If somebody could just get me for it when the need
21 arises?
22           **THE COURT:**  Sure, yes.
23           **MS. METANAT:**  Thank you, your Honor.
24           (Whereupon there was a recess in the proceedings
25           from 2:40 p.m. until 3:35 p.m.)

```
 1            (Mr. Steven Vachani present.)
 2            THE CLERK:  We're back on the record.  Recalling case
 3   No. C08-5780, Facebook versus Power Ventures.
 4            Counsel, state your appearances please.
 5            MR. CHATTERJEE:  Neel Chatterjee and Morvarid Metanat
 6   for Facebook.
 7            MR. FISHER:  Good afternoon your Honor.  Timothy
 8   Fisher for defendants.  And my client Mr. Vachani is here in
 9   the courtroom.
10            THE COURT:  Excellent.  So what did you on come up
11   with.
12            MR. CHATTERJEE:  Okay, your Honor.  So I think what
13   I'll do is I'll kind of go through what we've agreed to and
14   then what I'd like -- I'll make a couple requests that are
15   pretty straightforward at the end.
16            THE COURT:  I need to be upstairs with Judge Breyer
17   in seven minutes.
18            MR. CHATTERJEE:  I will finish in seven minutes.
19            So Mr. Vachani has represented to us that there are
20   two places where electronic documents and evidence will be
21   located.  One is an on-line backup drive called the ASA Drive,
22   and then the other is -- he says all of the emails that he
23   receives are forwarded to his Yahoo email account.
24            He has said that he has changed laptops about 10
25   times over the past several years, so his current laptop is
```

```
 1  only about a week old and does not have any documents related
 2  to this dispute.
 3           What Mr. Vachani and Power has agreed to do is give
 4  us access to the ASA Drive and the email account, and he'll
 5  give us the passwords and whatever access information we need
 6  to evaluate it by next Wednesday.
 7           There is also one remaining issue on some code
 8  production that was ordered.  We sent them an email today about
 9  that, and they will give us a response to what the status of
10  the things we believe are missing is by next Wednesday.
11           The one thing that we request is that Mr. Vachani
12  somehow affirm to your Honor that those two places, the Yahoo
13  email account and the ASA Drive, are the only places where
14  documents may be maintained that are related to this lawsuit.
15  Mainly because if we find out that that's untrue, we want to
16  have some vehicle to hold him accountable.
17           THE COURT:  Okay.  Is that all right?
18           MR. FISHER:  That's fine, your Honor.
19           THE COURT:  All right.  Mr. Vachani, why don't you
20  come up here?
21           MR. VACHANI:  Sure.
22           THE CLERK:  Raise your right hand, please.
23           (Whereupon, Defendant Steven Vachani was
24           placed under oath.)
25           MR. VACHANI:  I do.
```

```
 1            THE COURT:  All right.  I understand that you've
 2  represented to the defendants that the only places --
 3            MR. FISHER:  Plaintiffs, your Honor.
 4            THE COURT:  Plaintiffs, sorry.  Thank you.
 5            MR. CHATTERJEE:  I know.  I'm normally on the other
 6  side of the room.
 7            THE COURT:  I'm confused.
 8            I understand that you have represented to counsel for
 9  the plaintiffs that the only place where electronic information
10  is stored that might have any conceivable relevance to this
11  dispute with Facebook is on the ASA Drive, which I understand
12  is online?
13            MR. VACHANI:  It's an on-line backup of all of our
14  servers.
15            THE COURT:  Online backup drive.  Or on your Yahoo
16  email account.
17            MR. VACHANI:  It's where all emails that I've sent or
18  received in the last five years for all accounts are all there.
19            THE COURT:  So there wouldn't be any -- all existent
20  electronic information that might have any relevance to this
21  dispute that exists in the world, there would -- the
22  only place, if it exists, it can be found on one of those two
23  sources.
24            MR. VACHANI:  That pertains to me.  Something that I
25  have sent or received.  They have already gone through the
```

```
 1   process with every other relevant person.  So anything that
 2   relates to me.
 3           MR. CHATTERJEE:  Or Power.
 4           MR. VACHANI:  Well, I can't speak for every single
 5   employee of Power, 150 employees.
 6           MR. CHATTERJEE:  So...
 7           So, your Honor, the issue here is the employees are
 8   gone.  The representation is that everything that would be
 9   within Power Venture's control, custody or control, are those
10   two things.
11           MR. VACHANI:  Yes.  This is what is in Power Ventures
12   control, correct.
13           THE COURT:  Let me do it again.
14           MR. CHATTERJEE:  Thanks.
15           THE COURT:  Is it true that everything, every bit or
16   byte of electronic information that is in any way related to
17   this dispute that is either within your control or within the
18   control, custody and control of Power Ventures, Inc., copies of
19   all that electronic information, to the extent exists anywhere
20   in the world, would be on one of these two sources, the ASA
21   Drive or use who email account, is that correct?
22           MR. VACHANI:  That's correct.
23           THE COURT:  Okay.
24           MR. CHATTERJEE:  Thank you, your Honor.
25           THE COURT:  So I will order -- I'm granting the
```

```
 1  motion.  You'll see it's reflected and I'll order the protocol
 2  that's been suggested; that the defendants are given access to
 3  the ASA Drive and to the Yahoo email account with passwords and
 4  anything you need to get into them by next Wednesday and
 5  respond -- and, also, respond regarding the code issue so that
 6  that can be worked out by next Wednesday as well.
 7          MR. VACHANI:  Can I make one statement?
 8          I believe between now and Wednesday when we provide
 9  anything, I'm going to obviously -- to the best of my
10  knowledge, these are the two places.  I'm going to -- if there
11  are any other changes between now and Wednesday, I'll let you
12  know.
13          THE COURT:  I'll let them know.
14          MR. VACHANI:  I'll let them know so you can document
15  the record, but if there is no other thing, then you can take
16  his statement.
17          MR. CHATTERJEE:  And, your Honor, just to make sure
18  it's clear.  Once we get access, we can also get information,
19  like produce the documents and --
20          THE COURT:  You get access so that you can search
21  them and examine them and take copies.
22          MR. CHATTERJEE:  Thank you, your Honor.
23          MR. FISHER:  Your Honor, just for the record, also,
24  we're not waiving -- Mr. Vachani's email does include a number
25  of privileged communications.  So we're not waiving privilege
```

```
 1  or ability to designate under the protective order.
 2              THE COURT:  Designate appropriately under the
 3  protective order to preserve the privilege so there's no issue.
 4  Okay.
 5              MR. CHATTERJEE:  Thank you, your Honor.
 6              MR. FISHER:  Thank you.
 7              THE COURT:  Thank you.
 8          (Whereupon, further proceedings in the
 9           above matter were adjourned.)
10
11                            --oo--
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

## CERTIFICATE OF REPORTER

I, DEBRA L. PAS, Official Reporter for the United States Court, Northern District of California, hereby certify that the foregoing proceedings in C 08-5780 JW (JCS), FACEBOOK, INC. vs POWER VENTURES, et al were reported by me, a certified shorthand reporter, and were thereafter transcribed under my direction into typewriting; that the foregoing is a full, complete and true record of said proceedings as bound by me at the time of filing.

The validity of the reporter's certification of said transcript may be void upon disassembly and/or removal from the court file.

_/s/ Debra L. Pas_

Debra L. Pas, CSR 11916, CRR, RMR, RPR

Monday, November 21, 2011