I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
MONTE COOPER (STATE BAR NO. 196746)
mcooper@orrick.com
THERESA A. SUTTON (STATE BAR NO. 211857)
tsutton@orrick.com
MORVARID METANAT (STATE BAR NO. 268228)
mmetanat@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California  94025
Telephone:    650-614-7400
Facsimile:    650-614-7401

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> POWER VENTURES, INC. a Cayman Island corporation, STEVE VACHANI, an individual; DOE 1, s/b/a POWER.COM, DOES 2-25, inclusive, <br><br> Defendants. | Case No. 5:08-cv-05780-JW (JCS) <br><br> **FACEBOOK, INC.'S MOTION TO ENLARGE TIME FOR HEARING DISPOSITIVE MOTIONS PURSUANT TO CIVIL L.R. 6-3 AND 16-2** <br><br> Dept:    Courtroom 9, 19th Floor <br> Judge:   Hon. Chief Judge James Ware |

## I. INTRODUCTION

Plaintiff Facebook, Inc. ("Facebook") requests an Order, pursuant to Civil Local Rule 6-3, enlarging the March 19, 2012[1] deadline for hearing dispositive motions resulting from Defendants Power Ventures, Inc. ("Power") and Steve Vachani's ("Vachani") discovery abuses. Facebook does not seek to enlarge the time related to any other dates under the scheduling order.

Throughout the course of this litigation, Defendants have engaged in blatant and egregious discovery abuses. Though Defendants' behavior has been well documented over the last year, the most recent event underscores the propriety of Facebook's request: On January 25, 2012, five days after discovery in this case closed – and more than a year after the information should have been produced – Defendants produced a hard drive containing 76,457 files, 5,752 folders and 74.6 Gigabytes of data.

While Facebook is in the process of verifying the contents of the hard drive, based on Facebook's cursory review, Facebook has determined that it contains materials directly relevant to this action and materials Facebook requested back in 2010 when it served Power with its first set of discovery requests. Up until this recent production, Defendants have maintained that this information does not exist and could not be produced. To the extent that the hard drive contains materials that are responsive to Facebook's discovery requests, the gravity of Defendants' failure to timely produce these materials warrants severe, and potentially dispositive, sanctions.

The current deadline for hearing dispositive motions is March 19, 2012. To ensure that Facebook has sufficient time to review the contents of the hard drive and seek sanctions if necessary, Facebook's deadline for hearing dispositive motions must be extended. Accordingly Facebook respectfully requests that the deadline to hear dispositive motions be continued for 30 days to April 18, 2012.

## II. RELEVANT FACTUAL BACKGROUND

This case involves allegations that Defendants violated the CAN-SPAM Act, the Computer Fraud and Abuse Act, and California Penal Code Section 502. Facebook's claims arise

---

[1] Under the regular briefing schedule, the March 19, 2012 deadline to hear dispositive motions requires that the parties submit all dispositive motions by Monday, February 13, 2012.

from Defendants' actions in December of 2008 in surreptitiously scraping, downloading, and storing Facebook user data, and then using that data as part of a "Power 100 Launch Promotion" to spam thousands of Facebook users with electronic mail messages inviting them to join Defendants' own competitive website.

On October 22, 2010, Facebook served Defendant Power with its First Set of Requests for Production. Declaration of Morvarid Metanat ("Metanat Decl."), Ex. A. Among other requests, Facebook sought the production of Power's and its employees' communications related to how the company accessed the Facebook website, and the Power 100 Launch Promotion (which largely forms the basis of this lawsuit). *See, e.g. id.*, Request Nos. 1-2, 6-8, 12-14, 18-25, 27-29, 31, 42, and 44-49. At the time Facebook filed suit, Power had 100 employees, most of whom resided in Brazil. Metanat Decl. Ex. B at 25:17-25; 27:4-11; 134:22-25; 232:22-25.[2] Defendants elected not to put in place any kind of litigation hold requiring that these Power employees preserve their relevant documents, including their email communications concerning the Power 100 campaign. *Id.* at 271:9-272:5; Ex. C at 168:17-22.

In February 2011, Defendants produced 13 documents in response to Facebook's discovery requests. When pushed to produce *all* responsive documents, Defendants insisted that they had "produced all responsive documents" and "no documents other than raw source code were withheld." *Id.*, Ex. D; *see also id.,* Ex. B at 296:14-15; 297:16-21; 298:6-8; Ex. C at 25:15-23; 26:2-3; 28:2-4; 74:16-17. Even when third parties were producing documents Defendants had not produced, but should have, Defendants continued to argue that "[t]he documents Facebook seeks simply do not exist." *See* Dkt. No. 210 at 11:15-12:25; Dkt. No. 136 at 1:20-21. Over time, Facebook has learned that these assertions were false – for instance when, on November 9, 2011, Defendants produced more than 300,000 emails. *See* Metanat Decl., ¶ 6.

Beginning in July 2011, after numerous requests that Defendants comply with their discovery obligations and produce their source code, Facebook sought Court intervention to

---

[2] Facebook has filed a separate Joint Letter addressing the problems arising from the fact that these employees all were subsequently laid off by Power, and cannot now under Brazilian law be compelled by a United States Court to produce documents or testify at trial or depositions.

compel production of Power's source code. Dkt. Nos. 113, 119, 124. Defendants eventually capitulated, and the Court granted Facebook's motion to compel. *See* Dkt. Nos. 127 & 166. Facebook began its review of Power's code on August 25, 2011, and immediately noted that the code was incomplete. Metanat Decl., Ex. E. Facebook spent several months requesting a complete set of the code. Though Defendants reluctantly made a few additional, incremental productions of code, to-date the code remains incomplete and missing crucial files. As it turns out, Defendants admitted to allowing the database that would have contained evidence of the number of spam invitations sent to Facebook users to be destroyed. *See id.*, Ex. F; *see also* Dkt. No. 217 at ¶ 33-34.

In addition, on August 22, 2011, after Defendants insisted they had no more documents to produce while admitting they had not made any real effort to comply with their discovery obligations, Facebook moved to compel Defendants to perform an adequate search for, and production of, responsive documents. Dkt No. 209. The Court granted Facebook's motion, noting that Defendants' search was "transparently inadequate." Metanat Decl., Ex. G at 2:13-14; 2:19-20; *see* Dkt. No. 166. In an effort to comply, at the hearing, Defendants agreed to make Vachani's personal Yahoo! email account available to Facebook, and to produce an ASA hard drive. Defendants also ***swore to the Court*** that no other source for documents existed.[3] Dkt. No. 166; Metanat Decl., Ex. G at 7:8-8:22. Indeed, Vachani maintained that all documents relevant to the action would be located in his email account. *Id.*, Ex. B at 298:3-12; Ex. C at 168:2-10. Despite their prior representations that no more responsive documents existed, on November 9, 2011, Defendants produced in excess of 300,000 emails. *Id.*, ¶ 6.

---

[3] In July 2011, Defendants testified that all emails from Power employees should have been backed up by the company's server hosted by iWeb.com and amazon.com, rather than deleted. *Id.*, Ex. B at 61:25-63:6. Power's employee emails were not included in the production resulting from the Court's November 4 Order. *See id.*, ¶ 6; *see* Dkt. No. 166. Nor were they included in Vachani's Yahoo! email. Metanat Decl., ¶ 6. Rather, the produced Yahoo! email account only contains Vachani's personal emails. *Id.*, Ex. C at 165:59-166:15; 170:24-171:21. Facebook has identified, through various sources, highly relevant emails on which Vachani was not copied. *See, e.g. id.*, Ex. H. These discoveries prompted Facebook to initiate the parties' most recent joint discovery letter pertaining to Defendants' failure to produce Power's former employees' emails, currently pending before the Court. *See* 1/26/2012 Jnt. Ltr. Brief re Prod. of Company Emails and Further Depo.

1    On January 25, 2012, five days after the close of discovery and over a year after Facebook
2    served Defendant Power with its discovery requests, Defendants produced a hard drive containing
3    76,457 files, 5,752 folders and 74.6 Gigabytes of data. Metanat Decl., ¶ 11. According to
4    Defendants themselves, this hard drive may contain a backup of Power's Microsoft Exchange
5    email server. *See* 1/26/2012 Jnt. Ltr. Brief re Prod. of Company Emails and Further Depo., at 6.
6    While still not confirmed, based on Facebook's cursory review, Facebook has determined that the
7    recently produced hard drive contains highly relevant Power employee emails. Metanat Decl., ¶
8    11.

9    The deadline for hearing dispositive motions in this action is currently March 19, 2012.
10   Facebook has asked Defendants to stipulate to an enlargement of time for hearing dispositive
11   motions. *Id*., ¶ 12. Counsel for Defendants has indicated an unwillingness to do so. *Id*. As a
12   result, Facebook seeks relief from the Court.

13   **III.   GOOD CAUSE EXISTS TO EXTEND THE DEADLINE FOR HEARING
14          DISPOSITIVE MOTIONS.**

15   Good cause exists to extend the deadline for hearing dispositive motions. *See* Fed. R. Civ.
16   P. 16(b)(4); L.R. 6-3 & 16-2. Pursuant to Rule 16(b), a pre-trial schedule may be modified where
17   the schedule "cannot reasonably be met despite the diligence of the party seeking the extension."
18   Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment); *Johnson v. Mammoth
19   Recreations Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

20   Facebook has made considerable efforts to obtain discovery from defendants to no avail.
21   Indeed, up until a few days ago, Defendants represented that all sources of relevant information
22   had been searched and produced to Facebook pursuant to the Court's November 4, 2011 Order.
23   Yet, after discovery closed and the deadline for filing dispositive motions looms, Defendants
24   produced a new source of information that appears to contain highly relevant and responsive
25   materials. To the extent that Power's former employee emails were in fact preserved and are
26   included on the hard drive produced to Facebook on January 25, 2012, these emails should have
27   been produced over one year ago in response to Facebook's First Set of Requests for Production.
28   Instead, Defendants waited until after the parties had fully briefed their motions for summary

1  judgment, and mere days prior to the deadline for dispositive motions, to produce critical

2  materials.  Such conduct is improper.  "A party is entitled to know all of the facts and evidence

3  that underlie the opposing party's case, long before dispositive motions." *LaMonte Tumbling v.*

4  *Merced Irrigation Dist.*, No. CVF08-1801 LJO DLB, 2010 U.S. Dist. LEXIS 101404, *60 (E.D.

5  Cal., Sept. 27, 2010).

6       Moreover, because the hard drive was produced in an archived, compressed format,

7  Facebook was unable to begin searching the hard drive upon receipt.  Metanat Decl., ¶ 13.

8  Rather, Facebook was forced to send the hard drive to a vendor to unpack and export the data on

9  the hard drive so that it was accessible to conduct searches. Once the information stored on the

10 hard drive is unpacked and exported, Facebook will require sufficient time to conduct a

11 throughout search to review the contents of the hard drive to determine whether Defendants did

12 indeed improperly withhold relevant and responsive materials that could have been used to

13 support Facebook's summary judgment motions and opposition.  Facebook also anticipates that

14 most of this material is in Portuguese and will require translation.  Given that the deadline for

15 filing dispositive motions is just days away, Facebook will suffer unfair prejudice from

16 Defendants' failure to comply with their discovery obligations if the Court were to deny its

17 request to extend the hearing date for dispositive motions.

18 **IV.   CONCLUSION**

19      For the foregoing reasons, Facebook respectfully requests that the Court grant its motion

20 to enlarge the deadline to hear dispositive motions.

21 Dated: February 8, 2012                    Orrick, Herrington & Sutcliffe LLP

23                                            By:   */s/ Morvarid Metanat /s/*
24                                                  MORVARID METANAT
                                                   Attorneys for Plaintiff
                                                   Facebook, Inc.

- 5 -

FACEBOOK'S MOTION TO ENLARGE TIME FOR HEARING
DISPOSITIVE MOTIONS
5:08-CV-05780-JW (JCS)