I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
MONTE COOPER (STATE BAR NO. 196746)
mcooper@orrick.com
THERESA A. SUTTON (STATE BAR NO. 211857)
tsutton@orrick.com
MORVARID METANAT (STATE BAR NO. 268228)
mmetanat@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California  94025
Telephone:	650-614-7400
Facsimile:	650-614-7401

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>         Plaintiff,<br><br>    v.<br><br>POWER VENTURES, INC. a Cayman Island corporation, STEVE VACHANI, an individual; DOE 1, s/b/a POWER.COM, DOES 2-25, inclusive,<br><br>         Defendants. | Case No. 5:08-cv-05780-JW (JCS)<br><br>**DECLARATION OF MORVARID METANAT IN SUPPORT OF FACEBOOK, INC.'S MOTION TO ENLARGE TIME FOR HEARING DISPOSITIVE MOTIONS, PURSUANT TO CIVIL L.R. 6-3 AND 16-2**<br><br>Dept:       Courtroom 9, 19th Floor<br>Judge:      Hon. Chief Judge James Ware |

I, Morvarid Metanat, hereby declare and state as follows:

1. I am an attorney with the law firm of Orrick, Herrington & Sutcliffe LLP, counsel of record to Facebook, Inc. in the above-captioned matter. I make this declaration based on my personal knowledge, unless otherwise noted. If called, I can and will testify competently to the matters set forth herein.

2. Attached hereto as **Exhibit A** is a true and correct copy of Facebook's First Set of Requests for Production served on Defendant Power Ventures, Inc. on October 22, 2010.

3. Attached hereto as **Exhibit B** are true and correct copies of excerpts from the July 20, 2011 deposition of Steve Vachani. **[LODGED UNDER SEAL—DESIGNATED "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" PURSUANT TO PROTECTIVE ORDER]**

4. Attached hereto as **Exhibit C** are true and correct copies of excerpts from the January 9, 2012 deposition of Power Ventures, Inc., taken pursuant to Federal Rule of Civil Procedure 30(b)(6). **[LODGED UNDER SEAL—DESIGNATED "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" PURSUANT TO PROTECTIVE ORDER]**

5. Attached hereto as **Exhibit D** is a true and correct copy of a May 31, 2011 correspondence between Defendants' counsel and Facebook's counsel.

6. On November 9, 2011, Defendants produced Vachani's personal Yahoo! email account and an ASA hard drive in response to the Court's November 4, 2011 Order compelling them to do so. Vachani's Yahoo! email account contained over 300,000 emails. Other than Vachani's personal emails, this production did not include Power's former employee emails.

7. Attached hereto as **Exhibit E** is a true and correct copy of an August 26, 2011 correspondence between Facebook's counsel and Defendants' counsel.

8. Attached hereto as **Exhibit F** is a true and correct copy of a November 9, 2011 correspondence between Defendants'' counsel and Facebook's counsel.

9. Attached hereto as **Exhibit G** are true and correct copies of transcript excerpts from the November 4, 2011 hearing before the Honorable Magistrate Judge Spero.

1    10.    Attached hereto as **Exhibit H** is a true and correct copy of a December 26, 2008 correspondence between Elmo Cruz and Eric Santos.

2    11.    On January 25, 2012, five days after the close of discovery and over a year after Facebook served Defendant Power with its discovery requests, Defendants produced a hard drive containing 76,457 files, 5,752 folders and 74.6 Gigabytes of data. While still in the process of verifying the contents of this recently produced hard drive, based on Facebook's cursory review, Facebook has determined that the hard drive contains highly relevant Power employee emails.

**Efforts to Obtain Stipulation**

12.    Given Defendants' untimely production of a hard drive on January 25, 2012, Facebook requested that Defendants stipulate to an extension of time for filing dispositive motions. Defendants refused.

**Harm to Facebook**

13.    Facebook will suffer harm and prejudice if the Court denies its Request to Enlarge Time. Defendants waited until after both parties' motions for summary judgment had been briefed, and mere days before the deadline to file dispositive motions,[1] to produce a hard drive that contains what appears to be highly relevant evidence. As a result, Facebook has been denied the opportunity to use any of the evidence contained on the hard drive in its dispositive motion briefing. Facebook also did not have the opportunity to inquire about the evidence contained on the hard drive at the 30(b)(6) deposition of Defendant Power Ventures, Inc., on January 9, 2012. Due to the untimely production of this hard drive, Facebook may be entitled to severe sanctions against Defendants—including those of a dispositive nature. Facebook will require sufficient time to conduct a thorough search of the contents of the hard drive to determine whether Defendants did indeed improperly withhold relevant and responsive materials that could have been used in support of Facebook's summary judgment motions and opposition, and whether sanctions are warranted as a result. Because Defendants produced the hard drive in an archived, compressed format, Facebook was unable to begin searching the hard drive upon receipt. Rather,

---

[1] As indicated in the accompanying administrative motion, the March 19, 2012 deadline to hear dispositive motions requires that the parties' file all dispositive motions by February 13, 2012.

1  Facebook was forced to send the hard drive to a vendor to unpack and export the data on the hard
2  drive so that it was accessible to conduct searches. Facebook also anticipates that most of this
3  material is in Portuguese and will require translation. Given that the deadline for filing
4  dispositive motions is just days away, Facebook will suffer unfair prejudice from Defendants'
5  failure to comply with their discovery obligations if the Court were to deny its request for an
6  extension to file dispositive motions.

7  **Previous Time Modifications**

8  14.  This case schedule has been modified eleven times. The original Case Scheduling
9  Order was filed December 12, 2008. The initial Case Management Conference in this case was
10 scheduled for April 15, 2009. Subsequently, the Court rescheduled the Case Management
11 Conference for April 17, 2009. Thereafter, the parties stipulated, and the Court ordered, to extend
12 to the initial Case Management Conference to 45 days after the Court's ruling on the pending
13 motion to dismiss. The Court subsequently rescheduled the Case Management Conference for
14 January 29, 2010. The Court then rescheduled the Case Management Conference for August 20,
15 2010. The Case Management Conference was again rescheduled for August 23, 2010.
16 Thereafter, the Court reset the Conference to August 24, 2010. On August, 19, 2010, the Court
17 modified the original scheduling order. Subsequently on July 14, 2011, the Court modified the
18 original scheduling order. On September 9, 2011 the Court again modified the original
19 scheduling order. On November 28, 2011, the Court granted a stipulation modifying the
20 summary judgment motion deadlines. On December 13, 2012, the Court vacated the pretrial
21 conference and has not yet rescheduled the conference date.

22 **Effect of Requested Modification**

23 15.  The proposed modification will have no effect on the case management schedule
24 beyond changing the hearing date for dispositive motions, as set forth below:

| Deadline | Current Schedule | Proposed Schedule |
|---|---|---|
| Close of all discovery | January 20, 2012 | January 20, 2012 |
| Last date for Hearing Dispositive Motions | March 19, 2012 | April 18, 2012 |

- 3 -

METANAT DECL. ISO MOTION TO ENLARGE TIME
FOR HEARING DISPOSITIVE MOTIONS
5:08-cv-05780-JW (JCS)

| | | |
|---|---|---|
| *(=60 days after the close of all discovery)* | | |
| Preliminary Pretrial Conference *(=30 days before the close of all discovery)*<br><br>*Per Dkt. No. 200, the Court will set another conference date in its Order addressing the parties' dispositive Motions. | TBD | TBD |
| Preliminary Pretrial Conference Statements (Due 10 days before conference)<br><br>*Per Dkt. No. 200, the Court will set another conference date in its Order addressing the parties' dispositive Motions. | TBD | TBD |

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 8th day of February, 2012 at Menlo Park, California.

By: _____*/s/ Morvarid Metanat /s/*_____
　　　　MORVARID METANAT