# EXHIBIT A

1  I. NEEL CHATTERJEE (STATE BAR NO. 173985)
   nchatterjee@orrick.com
2  THOMAS J. GRAY (STATE BAR NO. 191411)
   tgray@orrick.com
3  JULIO C. AVALOS (STATE BAR NO. 255350)
   javalos@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
5  Menlo Park, CA  94025
   Telephone:     +1-650-614-7400
6  Facsimile:     +1-650-614-7401

7  Attorneys for Plaintiff
   FACEBOOK, INC.

8

9                          UNITED STATES DISTRICT COURT

10                        NORTHERN DISTRICT OF CALIFORNIA

11                                SAN JOSE DIVISION

12

13
   FACEBOOK, INC.,                           Case No.  5:08-cv-05780 JF (RS)
14
                    Plaintiff,               **FACEBOOK, INC.'S FIRST SET OF**
15                                           **REQUESTS FOR PRODUCTION TO**
            v.                               **DEFENDANT POWER VENTURES,**
16                                           **INC.**
   POWER VENTURES, INC. a Cayman Island
17 Corporation; STEVE VACHANI, an
   individual; DOE 1, d/b/a POWER.COM,
18 DOES 2-25, inclusive,

19                    Defendants.

20

21          Defendant Power Ventures, Inc. is HEREBY REQUESTED, pursuant to Rule 34 of the

22 Federal Rules of Civil Procedure, to respond to the following requests for production separately

23 and fully, in writing, and under penalty of perjury, within thirty (30) days after service or

24 whatever date is ordered by the Court, whichever is sooner.

25 / / /

26 / / /

27 / / /

28 / / /

OHS West:260982421.6                                          FIRST SET OF REQUESTS FOR PRODUCTION OF
16069-2012 M8X/M8X                                               DOCUMENTS TO DEFENDANT POWER
                                                                    CASE NO.: 5:08-CV-05780

## DEFINITIONS

A.      "ANY" shall be understood to include and encompass "ALL."  As used herein, the singular shall always include the plural and the present tense shall also include the past tense. The words "AND" as well as "OR" shall be construed disjunctively or conjunctively as necessary to bring within the scope of this request ALL DOCUMENTS or things that might otherwise be construed to be outside its scope.

B.      The terms "PERSON" and "PERSONS" mean both natural persons and legal entities, including without limitation, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, and governmental bodies or agencies.  Unless noted otherwise, references to any person, entity or party herein include its, his, or her agents, attorneys, employees, employers, officers, directors, or others acting on or purporting to act on behalf of said person, entity, or party.

C.      "EVIDENCE" or any variant thereof, including but not limited to "EVIDENCING," when used in connection with any document, shall be understood to apply if the document directly or indirectly mentions, discusses, constitutes, concerns, supports contradicts, relates to, refers to, or in any other way deals with the subject matter described in the request in which the term appears.

D.      "REFER TO" or "RELATE TO" as used herein mean pertaining to, relevant to, material to, evidencing, affecting, comprising, discussing, dealing with, considering or otherwise concerning in any manner whatsoever the subject matter of the inquiry.

E.      As used herein, the term "DOCUMENT" means the original and each non-identical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including but not limited to all materials that constitute "writings" or "recordings" or "photographs" within the broadest meaning of Rule 34 of the Federal Rules of Civil Procedure.  The word "Document" includes, without limitation, printed matter, electronic mail, materials stored on computer hard drives, diskettes, tapes, any other computer media, recorded voice mail messages and any other information stored magnetically, optically or electronically.

1    F.    "COMMUNICATION" as used herein means any contact, oral or documentary,

2   formal or informal, at any place or under any circumstances whatsoever whereby information of

3   any nature is transmitted or transferred, including without limitation, any note, memorandum or

4   other record thereof, or a single person seeing or hearing any information by any means.

5    G.    "POWER," "YOU," "YOUR," means defendant Power Ventures, Inc. and its

6   directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants,

7   employees, investigators, attorneys, AND ALL other persons and entities representing it acting on

8   its behalf, OR purporting to act on its behalf, including without limitation, Steve Vachani.

9    H.    "FACEBOOK" means, without limitation, Facebook, Inc. (formerly TheFacebook,

10   Inc.), its past and present parents, subsidiaries, affiliates, predecessors, divisions, officers,

11   directors, trustees, employees, staff members, agents, counsel, representatives, consultants, AND

12   ALL PERSONS acting or purporting to act on its behalf.

13    I.    "POWER USERS" means, without limitation, PERSONS registered to use the

14   services provided by POWER, including without limitation, those provided at the Power.com

15   website.

16    J.    "FACEBOOK USERS" means, without limitation, PERSONS registered to use

17   the services provided by FACEBOOK at www.facebook.com and, previously,

18   www.thefacebook.com.

19    K.    The "FACEBOOK WEBSITE" means, without limitation, the Internet website and

20   service available at www.facebook.com; the computer servers hosting that website and service;

21   ANY other FACEBOOK branded or co-branded website (including, without limitation, ANY

22   AND ALL sub-domains, international versions, widgets, mobile versions AND successors

23   thereof); the FACEBOOK Platform; social plug-ins such as the "like" button, the "share" button,

24   AND other similar offerings; AND Facebook Application Programming Interface(s) ("API").

25    L.    The "POWER WEBSITE" means, without limitation, the Internet website and

26   service located at http://www.power.com, as well as the computer servers hosting that website

27   and service.

28   / / /

M.      "COMPUTER CODE" means scripts, programs, or other code that YOU use or used, or developed or in any way participated or assisted in the development thereof, in any computer language (such as "PHP" or "Perl").

N.      "DATA" means, as defined by California Penal Code Section 502(b)(6), "a representation of information, knowledge, facts, concepts, computer software, computer programs or instructions.  Data may be in any form, in storage media, or as stored in the memory of the computer or in transit or presented on a display device."

## INSTRUCTIONS

A.      In responding to the following requests, you are required to provide ALL DOCUMENTS that are available to YOU or within YOUR control, including DOCUMENTS in the possession of YOUR attorneys, investigators, employees, agents, representatives, and guardians or any other person acting on YOUR behalf, and not merely DOCUMENTS from YOUR own personal files.

B.      If YOU object to any of the requests, YOU must state the grounds for any objection(s).  If YOU object to only part of a request, YOU must state the objection and the grounds for any objection(s) and respond to the remainder of the request.

C.      If YOU object to the production of any document on the grounds that it is protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege, YOU are requested to identify each document for which the privilege is claimed and give ALL information required by applicable case law, including but not limited to the following:

   a.      the name of the writer, sender, or initiator of each copy of the document;

   b.      the name of the recipient, addressee, or party to whom any copy of the document was sent;

   c.      the date of each copy of the document, if any, or an estimate of its date;

   d.      a statement of the basis for the claim of privilege; and

   e.      description of the document sufficient for the Court to rule on the applicability and appropriateness of the claimed privilege.

/ / /

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

ALL COMMUNICATIONS AND DOCUMENTS that RELATE TO the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 2**

ALL DOCUMENTS that RELATE TO the services provided by POWER to access the FACEBOOK WEBSITE, including how they are provided AND all technology POWER uses OR has used to enable access to the FACEBOOK WEBSITE. This includes, but is not limited to, the process by which POWER provided OR provides POWER USERS with access to the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 3**

A copy of ALL versions of COMPUTER CODE (including, without limitation, source code, object code, scripts OR ALL executable files) YOU used, OR use to copy, extract, download, access OR retrieve data OR information from the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 4**

A copy of ALL versions of COMPUTER CODE (including, without limitation, source code, object code, scripts OR ALL executable files) YOU provided POWER USERS to use to copy, extract, download, access OR retrieve data OR information from the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 5**

ALL DOCUMENTS related to YOUR copying OR making use of the FACEBOOK source code to develop, test, implement, use OR provide YOUR aggregating services.

**REQUEST FOR PRODUCTION NO. 6**

ALL DOCUMENTS related to ANY FACEBOOK account POWER created OR registered for to access the FACEBOOK WEBSITE AND/OR server(s) in the course and conduct of POWER's business.

**REQUEST FOR PRODUCTION NO. 7**

ALL DOCUMENTS related to ANY POWER USERS' FACEBOOK account(s) POWER

1  used at ANY time to access the FACEBOOK WEBSITE in the course and conduct of POWER's

2  business.

3  **REQUEST FOR PRODUCTION NO. 8**

4        ALL COMMUNICATIONS AND DOCUMENTS concerning or that RELATE TO the

5  use of ANY server, including proxy server, to access the FACEBOOK WEBSITE.

6  **REQUEST FOR PRODUCTION NO. 9**

7        DOCUMENTS sufficient to show the number of times POWER accessed OR provided

8  POWER USERS with access to the FACEBOOK WEBSITE between January 1, 2007 AND the

9  present date.

10  **REQUEST FOR PRODUCTION NO. 10**

11        DOCUMENTS sufficient to show the number of POWER USERS on a month-to-month

12  basis beginning January 1, 2007 through the present date.

13  **REQUEST FOR PRODUCTION NO. 11**

14        DOCUMENTS sufficient to show the number of FACEBOOK USERS who enrolled OR

15  registered for the POWER WEBSITE beginning January 1, 2007 through the present date.

16  **REQUEST FOR PRODUCTION NO. 12**

17        ALL DOCUMENTS that RELATE TO ANY message OR communication sent to

18  FACEBOOK USERS.

19  **REQUEST FOR PRODUCTION NO. 13**

20        ALL DOCUMENTS that RELATE TO ANY message OR communication sent to

21  FACEBOOK USERS encouraging OR soliciting them to enroll in OR use the POWER

22  WEBSITE.

23  **REQUEST FOR PRODUCTION NO. 14**

24        ALL DOCUMENTS that RELATE TO ANY message OR communication sent to

25  FACEBOOK USERS relating to ANY commercial purpose.

26  **REQUEST FOR PRODUCTION NO. 15**

27        DOCUMENTS sufficient to show the number of messages OR communications sent via

28  the FACEBOOK WEBSITE to FACEBOOK USERS.

**REQUEST FOR PRODUCTION NO. 16**

DOCUMENTS sufficient to show the number of messages OR communications sent via the FACEBOOK WEBSITE to FACEBOOK USERS encouraging OR soliciting them to enroll in OR use the POWER WEBSITE.

**REQUEST FOR PRODUCTION NO. 17**

DOCUMENTS sufficient to show the numbers of messages OR communications sent via the FACEBOOK WEBSITE to FACEBOOK USERS  RELATED to ANY commercial purpose.

**REQUEST FOR PRODUCTION NO. 18**

ALL COMMUNICATIONS OR DOCUMENTS sent from FACEBOOK USERS to YOU concerning, OR RELATED TO the POWER WEBSITE.

**REQUEST FOR PRODUCTION NO. 19**

ALL COMMUNICATIONS OR DOCUMENTS constituting OR relating to complaints received by YOU related to OR concerning the POWER WEBSITE.

**REQUEST FOR PRODUCTION NO. 20**

ALL COMMUNICATIONS OR DOCUMENTS constituting, concerning, OR relating to complaints received by YOU that RELATE to e-mails encouraging OR soliciting individuals to enroll in OR use the POWER WEBSITE.

**REQUEST FOR PRODUCTION NO. 21**

ALL DOCUMENTS that RELATE TO YOUR knowledge of technical measures to block OR in ANY way inhibit YOU OR POWER USERS from accessing the FACEBOOK WEBSITE, including, but not limited to, ANY blocks to YOUR IP address.

**REQUEST FOR PRODUCTION NO. 22**

ALL DOCUMENTS that RELATE TO YOUR access to the FACEBOOK WEBSITE following FACEBOOK'S implementation of ANY technical measures to block such access, including, but not limited to, blocks of YOUR IP address, including how such access was achieved.

**REQUEST FOR PRODUCTION NO. 23**

ALL DOCUMENTS that RELATE TO YOUR providing POWER USERS with the

means to access the FACEBOOK WEBSITE following FACEBOOK'S implementation of ANY technical measures to block such access, including, but not limited to, blocks of YOUR IP address(es), including how such access was achieved.

**REQUEST FOR PRODUCTION NO. 24**

ALL DOCUMENTS that RELATE TO YOUR access to the FACEBOOK WEBSITE subsequent to your knowledge OR awareness that YOU did not have FACEBOOK's permission to access the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 25**

ALL DOCUMENTS that RELATE TO YOUR providing POWER USERS with the means to access the FACEBOOK WEBSITE subsequent to your knowledge OR awareness that YOU did not have FACEBOOK's permission to access the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 26**

ALL DOCUMENTS that RELATE TO the occurrences between January 1, 2007 AND the present date, where YOU accessed the FACEBOOK WEBSITE to send, OR to encourage POWER USERS to send messages to FACEBOOK USERS.

**REQUEST FOR PRODUCTION NO. 27**

ALL COMMUNICATIONS AND DOCUMENTS concerning OR that RELATE TO ANY IP addresses used by YOU.

**REQUEST FOR PRODUCTION NO. 28**

ALL COMMUNICATIONS AND DOCUMENTS concerning OR that RELATE TO ANY AND all IP addresses from which YOU accessed or provided POWER USERS the means for accessing the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 29**

ALL DOCUMENTS relating to YOUR "Launch Promotion" beginning on OR before December 26, 2008 in which POWER USERS were promised the chance to win one hundred dollars if they successfully invited AND signed up new POWER USERS.

**REQUEST FOR PRODUCTION NO. 30**

DOCUMENTS sufficient to show the number of POWER USERS that participated in

1  YOUR "Launch Promotion" beginning on OR before December 26, 2008 in which POWER

2  USERS were promised the chance to win one hundred dollars if they successfully invited AND

3  signed up new POWER USERS.

4  **REQUEST FOR PRODUCTION NO. 31**

5      ALL DOCUMENTS relating to ANY actual payment of one hundred dollars made to a

6  POWER USER in regards OR relating to the "Launch Promotion" described in Request for

7  Production No. 29.

8  **REQUEST FOR PRODUCTION NO. 32**

9      ANY AND ALL DOCUMENTS relating to the POWER WEBSITE in which the

10  FACEBOOK logo OR name is OR was used.

11  **REQUEST FOR PRODUCTION NO. 33**

12      ANY AND ALL DOCUMENTS presented to POWER USERS during the POWER

13  registration process, including ANY AND ALL iterations of such DOCUMENTS.

14  **REQUEST FOR PRODUCTION NO. 34**

15      ANY AND ALL COMMUNICATIONS between POWER and the Electronic Frontier

16  Foundation ("EFF").

17  **REQUEST FOR PRODUCTION NO. 35**

18      If it is YOUR contention that ANY of the COMMUNICATIONS between POWER and

19  EFF are privileged, produce ANY joint defense agreement between POWER AND the EFF.

20  **REQUEST FOR PRODUCTION NO. 36**

21      ALL DOCUMENTS reflecting, associated with, OR that RELATE TO ANY of YOUR

22  responses to FACEBOOK's concurrently-served First Set of Interrogatories to Defendant Power

23  Ventures, Inc.

24  **REQUEST FOR PRODUCTION NO. 37**

25      ALL DOCUMENTS relating to, reflecting, or associated with ANY of the allegations

26  made in FACEBOOK's First Amended Complaint in this action.

27  / / /

28

1  **REQUEST FOR PRODUCTION NO. 38**

2  ALL DOCUMENTS relating to, reflecting, associated with OR supporting YOUR

3  affirmative defenses to FACEBOOK's First Amended Complaint.

4  **REQUEST FOR PRODUCTION NO. 39**

5  ALL DOCUMENTS reflecting, associated with, OR that RELATE TO ANY insurance

6  policy currently issued to POWER.

7  **REQUEST FOR PRODUCTION NO. 40**

8  DOCUMENTS sufficient to show POWER's monthly AND annual revenue.

9  **REQUEST FOR PRODUCTION NO. 41**

10  DOCUMENTS sufficient to show POWER's monthly AND annual income.

11  **REQUEST FOR PRODUCTION NO. 42**

12  ALL DOCUMENTS that RELATE TO ANY COMMUNICATION between YOU AND

13  FACEBOOK OR FACEBOOK's attorneys.

14  **REQUEST FOR PRODUCTION NO. 43**

15  ALL DOCUMENTS that RELATE to ANY protocols, policies, OR procedures relating to

16  YOUR current OR previous storage of FACEBOOK user information, including, but not limited

17  to, login information.

18  **REQUEST FOR PRODUCTION NO. 44**

19  DOCUMENTS sufficient to determine the protocols, policies, OR procedures relating to

20  YOUR current OR previous storage of FACEBOOK user information, including, but not limited

21  to, login information.

22  **REQUEST FOR PRODUCTION NO. 45**

23  DOCUMENTS sufficient to determine the manner in which YOU currently store, save

24  OR otherwise retain, OR YOU previously stored, saved, OR otherwise retained, DATA obtained

25  from the FACEBOOK WEBSITE, including, but not limited to, documents relating to the

26  computers OR servers where such DATA is stored, the location of those computers OR servers,

27  AND the security protocols on such computers or servers.

28  / / /

**REQUEST FOR PRODUCTION NO. 46**

ALL DOCUMENTS relating to ANY commercial contracts OR agreements that YOU have entered into RELATING TO the sale OR use of DATA obtained from ANY third-party website, including, but not limited to, the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 47**

DOCUMENTS sufficient to determine the number AND identities of YOUR employees with access to FACEBOOK login information.

**REQUEST FOR PRODUCTION NO. 48**

DOCUMENTS sufficient to determine the number AND identities of YOUR employees with access to DATA obtained from the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 49**

ALL DOCUMENTS relating to ANY deletion OR purging from YOUR computers, servers OR storage devices, of DATA obtained from the FACEBOOK WEBSITE, including the dates, purposes, AND/OR reasons for such deletions.

**REQUEST FOR PRODUCTION NO. 50**

ALL DOCUMENTS sufficient to demonstrate, from 2008 to present, YOUR corporate structure, including, but not limited to, the identities AND titles of your managers, officers, OR executives.


Dated: October 22, 2010                    ORRICK, HERRINGTON & SUTCLIFFE LLP


                                           JULIO C. AVALOS
                                           Attorneys for Plaintiff
                                           FACEBOOK, INC.

1   I. NEEL CHATTERJEE (STATE BAR NO. 173985)
    nchatterjee@orrick.com
2   JULIO C. AVALOS (STATE BAR NO. 255350)
    javalos@orrick.com
3   THOMAS J. GRAY (STATE BAR NO. 191411)
    tgray@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
5   Menlo Park, CA  94025
    Telephone:      +1-650-614-7400
6   Facsimile:      +1-650-614-7401

7   Attorneys for Plaintiff
    FACEBOOK, INC.

8

9                  UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                       SAN JOSE DIVISION

12

13   FACEBOOK, INC.,                    Case No.  5:08-cv-05780 JF (RS)

14                 Plaintiff,           **PROOF OF SERVICE**

15        v.

16   POWER VENTURES, INC. a Cayman Island
     Corporation; STEVE VACHANI, an
17   individual; DOE 1, d/b/a POWER.COM,
     DOES 2-25, inclusive,
18
                   Defendants.
19

20

21

22

23

24

25

26

27

28

1

## DECLARATION OF SERVICE

2          I am a resident of the State of California and over the age of eighteen years, and

3 not a party to the within action.  On October 22, 2010, I served the within document(s):

4          **FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR ADMISSIONS TO
           DEFENDANT POWER VENTURES, INC.**

5          **FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO
           DEFENDANT POWER VENTURES, INC.**

6

7          **FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO
           DEFENDANT POWER VENTURES, INC.**

8          By placing the document(s) listed above in a sealed envelope with postage thereon

9 fully prepaid, in the United States mail at Menlo Park, California addressed as set forth below on

10 October 22, 2010.

11 Scott A. Bursor *(admitted pro hac vice)*          Alan R Plutzik
   **LAW OFFICES OF SCOTT A. BURSOR**                aplutzik@bramsonplutzik.com
12 369 Lexington Avenue                              Michael S. Strimling
   10th Floor                                        mstrimling@bramsonplutzik.com
13 New York, NY 10017-6531                           Lawrence Timothy Fisher
   Tel: 212-989-9113                                 ltfisher@bramsonplutzik.com
14 Fax: 212-989-9163                                 **BRAMSON, PLUTZIK, MAHLER &**
   scott@bursor.com                                  **BIRKHAEUSER LLP**
15                                                   2125 Oak Grove Road
   Alan R Plutzik                                    Suite 120
16 aplutzik@bramsonplutzik.com                       Walnut Creek, CA 94598
   Michael S. Strimling                              Tel: (925) 945-0200
17 mstrimling@bramsonplutzik.com                     Fax: 925-945-8792
   Lawrence Timothy Fisher
18 ltfisher@bramsonplutzik.com                       **COUNSEL FOR STEVEN VACHANI**
   **BARROWAY TOPAZ KESSLER MELTZER &**
19 **CHECK LLP**
   2125 Oak Grove Road
20 Suite 120
   Walnut Creek, CA 94598
21 Tel: (925) 945-0200
   Fax: 925-945-8792
22

23 **COUNSEL FOR DEFENDANT
   POWER VENTURES, INC.
24 A CAYMAN ISLAND CORPORATION**

25          Executed on October 22, 2010, at Menlo Park, California.

26          I declare under penalty of perjury under the laws of the United States that the foregoing is

27 true and correct.

                                                   /s/ Carmela Ene
28                                                 Carmela Ene