# EXHIBIT G

```
                                              Pages 1 - 10

           UNITED STATES DISTRICT COURT

         NORTHERN DISTRICT OF CALIFORNIA

   BEFORE THE HONORABLE JOSEPH C. SPERO, MAGISTRATE

FACEBOOK, INC.,                  )
                                 )
         Plaintiff,              )
                                 )
  VS.                            ) NO. C 08-5780 JW (JCS)
                                 )
POWER VENTURES, INC.,            )
                                 )San Francisco, California
         Defendant.              ) Friday
                                 ) November 4, 2011
_____) 1:30 p.m.
```

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**For Plaintiff:**         Orrick, Herrington & Sutcliffe
                           1000 Marsh Road
                           Menlo Park, California  94025
                 **BY:  INDRA NEEL CHATTERJEE, ESQ.
                        MORVARID METANAT, ESQ.**

**For Defendant:**         Bursor & Fisher, P.A.
                           1900 North California Boulevard
                           Suite 940
                           Walnut Creek, California 94596
                 **BY:  LAWRENCE TIMOTHY FISHER, ESQ.**

Also Present:              Steven Vachani

Reported By:  Debra L. Pas, CSR 11916, CRR, RMR, RPR
              *Official Reporter - US District Court*
              *Computerized Transcription By Eclipse*

```
 1                    P R O C E E D I N G S
 2   NOVEMBER 4, 2011                                    1:36 p.m.
 3
 4            THE CLERK:  Calling Case No. C08-5780, FaceBook
 5   versus Power Ventures.
 6            MR. FISHER:  Good afternoon, your Honor.  Timothy
 7   Fisher for the defendants.
 8            THE COURT:  Mr. Fisher, welcome.
 9            MS. METANAT:  Your Honor, Morvarid Metanat and Neel
10   Chatterjee for plaintiff Facebook.
11            THE COURT:  Welcome, welcome.  So you probably caught
12   the gist of where I'm going from our last discussion.  I
13   don't -- having reviewed the papers, I think the search was
14   transparently inadequate, both in the sense of figuring out
15   what the scope ought to be in terms of what computers, email
16   accounts, et cetera are to be searched and the rigor with which
17   they were searched, and -- and the rigor with which they were
18   searched.
19            I also think that it's clear that all the
20   interrogatories that were done, were answered, were inadequate.
21            So what I want to do is order additional production
22   and additional interrogatories as sought, but I want to figure
23   out what that means.  So what I was going to do -- and I know
24   that your client is showing up soon, but I want you to start
25   thinking about it now -- is order you all to go into the jury
```

```
 1            THE COURT:  All right.  I understand that you've
 2   represented to the defendants that the only places --
 3            MR. FISHER:  Plaintiffs, your Honor.
 4            THE COURT:  Plaintiffs, sorry.  Thank you.
 5            MR. CHATTERJEE:  I know.  I'm normally on the other
 6   side of the room.
 7            THE COURT:  I'm confused.
 8            I understand that you have represented to counsel for
 9   the plaintiffs that the only place where electronic information
10   is stored that might have any conceivable relevance to this
11   dispute with Facebook is on the ASA Drive, which I understand
12   is online?
13            MR. VACHANI:  It's an on-line backup of all of our
14   servers.
15            THE COURT:  Online backup drive.  Or on your Yahoo
16   email account.
17            MR. VACHANI:  It's where all emails that I've sent or
18   received in the last five years for all accounts are all there.
19            THE COURT:  So there wouldn't be any -- all existent
20   electronic information that might have any relevance to this
21   dispute that exists in the world, there would -- the
22   only place, if it exists, it can be found on one of those two
23   sources.
24            MR. VACHANI:  That pertains to me.  Something that I
25   have sent or received.  They have already gone through the
```

```
 1  process with every other relevant person.  So anything that
 2  relates to me.
 3              MR. CHATTERJEE:  Or Power.
 4              MR. VACHANI:  Well, I can't speak for every single
 5  employee of Power, 150 employees.
 6              MR. CHATTERJEE:  So...
 7              So, your Honor, the issue here is the employees are
 8  gone.  The representation is that everything that would be
 9  within Power Venture's control, custody or control, are those
10  two things.
11              MR. VACHANI:  Yes.  This is what is in Power Ventures
12  control, correct.
13              THE COURT:  Let me do it again.
14              MR. CHATTERJEE:  Thanks.
15              THE COURT:  Is it true that everything, every bit or
16  byte of electronic information that is in any way related to
17  this dispute that is either within your control or within the
18  control, custody and control of Power Ventures, Inc., copies of
19  all that electronic information, to the extent exists anywhere
20  in the world, would be on one of these two sources, the ASA
21  Drive or use who email account, is that correct?
22              MR. VACHANI:  That's correct.
23              THE COURT:  Okay.
24              MR. CHATTERJEE:  Thank you, your Honor.
25              THE COURT:  So I will order -- I'm granting the
```

## CERTIFICATE OF REPORTER

I, DEBRA L. PAS, Official Reporter for the United States Court, Northern District of California, hereby certify that the foregoing proceedings in C 08-5780 JW (JCS), FACEBOOK, INC. vs POWER VENTURES, et al were reported by me, a certified shorthand reporter, and were thereafter transcribed under my direction into typewriting; that the foregoing is a full, complete and true record of said proceedings as bound by me at the time of filing.

The validity of the reporter's certification of said transcript may be void upon disassembly and/or removal from the court file.

_/s/ Debra L. Pas_

Debra L. Pas, CSR 11916, CRR, RMR, RPR

Monday, November 21, 2011