

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025

tel +1-650-614-7400
fax +1-650-614-7401
WWW.ORRICK.COM

February 23, 2012

Monte Cooper
(650) 614-7375
mcooper@orrick.com

***VIA ELECTRONIC FILING***

Hon. Joseph C. Spero
United States Magistrate Judge
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Facebook, Inc. v. Power Ventures, Inc.*, et al., Case No. 5:08-cv-05780 (JW)

Dear Magistrate Judge Spero:

Plaintiff Facebook, Inc. ("Facebook") requests that the hearing tomorrow go forward. Chief Judge Ware is still considering the issue of damages and the personal liability of Steve Vachani. As those issues remain, the discovery disputes before this Court are alive and ripe for adjudication.

This Court should address the following issues at the hearing: (1) whether sanctions for spoliation of highly material evidence are appropriate under Rule 37, (2) whether Vachani should be produced for a judicially supervised deposition to ensure he answers questions related to his personal involvement in the issues underlying the complaint as well as questions about the number of illegal spam electronic messages sent, and (3) whether sanctions are appropriate for Vachani's untruthful representations to the Court about the location of documents.

First, Defendants' spoliation of documents is highly relevant to the issue of damages. As this Court is aware, under the CAN-SPAM Act, Facebook is entitled to statutory damages based upon the number of illegal messages sent by Defendants. *See* 15 U.S.C. § 7706(g)(3)(i). *See also Facebook, Inc. v. Wallace*, No. C09-798 JF (RS), 2009 WL 3617789 (N.D. Cal., Oct. 29, 2009); *Facebook, Inc. v. Fisher*, No.C09-05842 JF (PSG), 2011 WL 250395 (N.D. Cal., Jam. 26, 2011). However, after this lawsuit was filed in December of 2008, Defendants never implemented a litigation hold instructing Power employees to preserve evidence. As a result, in **April of 2011,** Defendants deleted the database that recorded the number of electronic mail invitations Defendants sent to Facebook users as part of their "Power 100" marketing campaign. While Facebook has determined that Defendants initiated at least 60,627 illegal messages, a review of Defendants' software used shows that they initiated far more electronic mail messages than that. The evidence of the precise number, however, was destroyed by them after this litigation started, which significantly prejudices Facebook in its ability to collect all CAN-SPAM damages that Chief Judge Ware just held are recoverable.

Facebook has uncovered certain clues that may assist in approximating the number of illegal messages that were sent by Defendants. For example, emails from Power employees discussing the Power 100 Campaign could be a source of evidence, as well as of Vachani's involvement in the acts that Chief Judge Ware held give rise to liability. However, as of January 25, 2012, those emails were



Hon. Joseph C. Spero
February 23, 2012
Page 2

mysteriously missing from all of Defendants' document productions, despite Facebook's repeated demands that they be produced. Facebook, therefore, moved to compel the production of these missing emails. The motion to compel these emails is one of the motions set for hearing on February 24. *See* Dkt 268. Significantly, on January 26, 2012 – a week following the close of discovery – Facebook received a "Microsoft Exchange File" from Defendants that contained 76,457 files, 5,752 folders, and 74.6 Gigabytes of data. Defendants in their portion of the Letter Brief addressing the motion to compel emails admit that this production should have occurred in November of 2011, but supposedly was inadvertently overlooked after the files were originally located. *See* Dkt 268, at 6-7. However, Defendants make no effort to explain why these documents were not produced after Facebook later noted that the emails were still missing. Sanctions and some sort of curative remedy are necessitated. Even Defendants concede that Facebook is at minimum entitled to another Rule 30(b)(6) deposition. *See id.*

Facebook also moved for such a further Rule 30(b)(6) deposition of Power, to be supervised by the Court or a Special Master, because Vachani did not prepare for the earlier Rule 30(b)(6) deposition which covered the question of how Power tracked the number of Facebook users spammed by Power. *See* Dkt. 265, at 1-5.[1] Moreover, Vachani was deliberately evasive and refused to answer numerous questions related to his own actions and Power's CAN-SPAM liability. *Id.* That motion also is scheduled to be heard on February 24.

Under these circumstances, the February 24 hearing should focus on what sanctions pursuant to Fed. R. Civ. P. 37 are warranted. Defendants should bear the costs and attorneys fees associated with the motions to compel and the further deposition of Vachani and Power that even they concede is warranted due to the late production of the Microsoft Exchange File. *See Keithley v. Homestore, Inc.*, No. C-03-04447 SI (EDL), 2009 U.S. Dist. LEXIS 2720, at *20-21 & *28 (N.D. Cal. Jan. 7, 2009). The Defendants also should be required to ensure that the witness is knowledgeable to the extent possible about how the spoliated database tracked the invitations that Chief Judge Ware ruled give rise to CAN-SPAM liability. Moreover, because Chief Judge Ware has ordered the parties to brief damages and the individual liability of Vachani by March 2, 2012, the further deposition of Vachani/Power should be Ordered by such date.

Facebook appreciates the Court allowing it to provide this supplemental Letter Brief.

Respectfully submitted,

/s/ *Monte Cooper*

Monte Cooper

---

[1] Facebook also moved for the Court to preclude Defendants from calling any former Power employees residing in Brazil as trial witnesses. *See* Dkt. 266. It is unclear if Defendants oppose.