# EXHIBIT 25

FACEBOOK, INC.,

PLAINTIFF,

V.

POWER VENTURES, INC. DBA POWER.COM, ET AL,

DEFENDANTS

---

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CASE NO. C-08-05780-JW

EXPERT REPORT OF RICHARD J. OSTILLER

NAVIGANT CONSULTING, INC.

DECEMBER 19, 2011

RICHARD J. OSTILLER

Highly Confidential – Attorneys' Eyes Only

EXPERT REPORT OF RICHARD J. OSTILLER, DECEMBER 19, 2011

## TABLE OF CONTENTS

I.    INTRODUCTION.................................................................................................................1

II.   CASE BACKGROUND....................................................................................................2

III.  WORK PERFORMED ......................................................................................................3

IV.  EXECUTIVE SUMMARY ...............................................................................................3

V.   OPINIONS........................................................................................................................4

Highly Confidential – Attorneys' Eyes Only

    c.   California Comprehensive Computer Data Access and Fraud Act (California Penal Code, Section 502).[7]

9.    Power denies the vast majority of the allegations in the Complaint.[8]

## III.    WORK PERFORMED

10.    My team and I have reviewed case materials provided by counsel.  These materials include court filings, deposition transcripts, and other relevant items.  In addition, my team and I discussed pertinent issues with outside counsel, and conducted interviews with the following individuals:

    a.   Mr. Ryan McGeehan, Security Manager, Facebook Security Incident Response ("SIR") team (July 6, 2011, and October 18, 2011);

    b.   Sam O'Rourke, Esq., Deputy General Counsel, Facebook (September 8, 2011); and

    c.   Joseph Cutler, Esq., Perkins Coie LLP (October 10, 2011).

Craig Clark, Esq., from Facebook's legal department, also participated in several interviews.

11.    **Attachment C** summarizes the materials my team and I have considered.  Based on my review and analysis of these materials, I have reached opinions related to damages in this matter.

12.    I may prepare graphical or illustrative exhibits to use at trial, based on my analysis of relevant documents and information.  If additional information becomes available subsequent to the report date, I may supplement the opinions and analyses expressed in this report.

## IV.    EXECUTIVE SUMMARY

13.    Facebook is entitled to both compensatory damages for costs incurred to respond to Power's unauthorized activities during the Relevant Period, and statutory damages under

---

[7] First Amended Complaint, filed January 13, 2009, pages 15-21.
[8] Defendants' Motion for Summary Judgment, filed May 9, 2011, page 3.  In preparing my damages analyses, I have assumed that Defendants are liable for the allegations in the Complaint.

Highly Confidential – Attorneys' Eyes Only

CAN-SPAM.[9]  The compensatory damages total ██████ consisting of ██████ for internal personnel costs, and ██████ for outside legal services.  The statutory damages total $18,188,100, consisting of $6,062,700 in base statutory damages, and $12,125,400 in aggravated damages.  In my opinion, Facebook is entitled to total damages of $18,268,643 (██████ + $18,188,100).  (See Summary Schedule.)


## V.     OPINIONS

14.     This part includes my initial opinions in this matter and includes two subparts.  The first subpart covers Facebook's compensatory damages for costs incurred to respond to Power's unauthorized activities during the Relevant Period.  The second subpart addresses Facebook's entitlement to statutory damages under CAN-SPAM.

### A.  Compensatory Damages

15.     This subpart includes my analysis of Facebook's compensatory damages.   Facebook incurred two categories of costs in response to Power's unauthorized activities: 1) the effort of internal personnel to address Power's actions; and 2) outside legal fees.  Schedule 1 shows that Facebook's compensatory damages resulting from Power's unauthorized actions total ██████

#### 1.   Internal Effort



17.     Over the next few weeks, Mr. McGeehan and network operations staff would block traffic from Power's IP address, only to have Power change its IP address and service provider,

---

[9] See statutory damages discussion in Facebook's Motion for Partial Summary Judgment on Count 1 (CAN-SPAM), filed November 14, 2011, pages 16-18.
[10] Declaration of Mr. Ryan McGeehan, dated November 13, 2011, page 1.
[11] Declaration of Mr. Ryan McGeehan, dated November 13, 2011, page 3.
[12] Declaration of Mr. Ryan McGeehan, dated November 13, 2011, page 4.

Highly Confidential – Attorneys' Eyes Only