IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Facebook, Inc., | NO. C 08-05780 JW |
| Plaintiff, | **ORDER STRIKING DEFENDANT POWER VENTURES' ANSWER; GRANTING DEFENDANT VACHANI ADDITIONAL TIME TO SECURE COUNSEL** |
| v. | |
| Power Ventures, Inc., et al., | |
| Defendants. | |

On August 6, 2012, the parties appeared at an Order to Show Cause hearing regarding Defendants' failure to timely identify substitute counsel after the Court granted former counsel's motions to withdraw.

**A.** **Background**

On December 30, 2008, Plaintiff filed its initial Complaint alleging violations of the Controlling the Assault of Non-Solicited Pornography and Marketing Act ("CAN-SPAM Act"), 15 U.S.C. §§ 7701 *et seq.*, the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, and California Penal Code § 502. (See Docket Item No. 1.) Following extensive discovery and multiple motions to dismiss, the parties filed cross-motions for summary judgment.[1] On February 16, 2012, the Court granted Plaintiff's Motions for Summary Judgment on all counts and denied Defendants'

---

[1] (See Docket Item Nos. 98, 214, 215.)

Motion.[2] In its February 16 Order, the Court ordered the parties to submit supplemental briefing on the issues of damages and the individual liability of Defendant Vachani. (Id. at 19.)

On June 4, 2012, after fully briefing the issues requested by the Court, Bursor & Fisher, P.A. moved to withdraw as defense counsel on the ground that Defendants were significantly behind in paying legal fees and had indicated that they would not be able to pay fees moving forward.[3] On June 11, 2012, Bramson, Plutzik, Mahler & Birkhaeuser, LLP also sought leave to withdraw as defense counsel.[4] On July 2, 2012, the Court granted the Motions to Withdraw.[5] In that Order, the Court also directed Defendants to file Notices of Identification of Substitute Counsel or Self-Representation on or before July 17, 2012. (Id. at 2.)

On July 19, 2012, not having received notices from either Defendant, the Court set an Order to Show Cause hearing as to why the Answer should not be stricken in light of Defendants' failure to obey the Court's Order.[6] On July 26, 2012, the Court received Defendant Vachani's Response to the Court's Order to Show Cause.[7] In his Response, Defendant Vachani requested that the Court grant him an additional thirty to sixty days to retain new counsel. (Id. at 2.) Defendant Vachani also requested permission to e-file so that he could communicate directly with the Court. (Id. at 1.)[8] However, nowhere in his Response did Defendant Vachani give notice to the Court regarding his

---

[2] (Order Granting Plaintiff's Motions for Summary Judgment; Denying Defendants' Motion for Summary Judgment, hereafter, "February 16 Order," Docket Item No. 275.)

[3] (See Docket Item No. 302.)

[4] (See Docket Item No. 303.)

[5] (See Order Granting Withdrawal of Bursor & Fisher, P.A., and Bramson, Plutzik, Mahler & Birkhaeuser, LLP as Defense Counsel, hereafter, "July 2 Order," Docket Item No. 306.)

[6] (See Docket Item No. 308.)

[7] (Response to Order to Show Cause, hereafter, "Response," Docket Item No. 309.)

[8] In his Response, Defendant Vachani contended that because he had not received the Court's Orders regarding substitution of counsel directly from the Court, he was not properly served with them. (Id.) However, the Court finds that this contention is disingenuous, as Defendant Vachani was properly served with the Court's Orders through his former counsel. (See Docket Item No. 307.)

2

1 desire to proceed in *pro per*. On July 31, 2012, the Court granted Defendant Vachani's request for
2 permission to e-file, but denied his request for additional time to obtain counsel. (See Docket Item
3 No. 311.) The Court also reminded Defendants that while Defendant Vachani has the option of
4 proceeding *pro se*, Defendant Power Ventures cannot proceed *pro se* in light of its corporate status
5 and must be represented by a member of the bar. (Id.)

**B.     Discussion**

At issue is whether the Court should strike the Answer and enter default judgment in light of Defendants' failure to obey the Court's Order to find substitute counsel.

Pursuant to the Local Rules of this district, a corporation may only be represented by a member of the bar, and thus may not represent itself or appear through a corporate representative. See Civ. L.R. 3-9(b). A natural person, however, may represent himself and thus may appear *pro se* without the aid of an attorney. See Civ. L.R. 3-9(a).

Here, in spite of repeated warnings by the Court, Defendant Power Ventures has not identified replacement counsel. In addition, although Defendant Vachani appeared on behalf of himself at the August 6 hearing, he has yet to file a notice of appearance. With respect to Defendant Power Ventures, in light of the record before the Court, the Court finds good cause to strike its Answer and enter default against Defendant Power Ventures.

However, with respect to Defendant Vachani, because he personally appeared and showed good cause as to why he should be given additional time to find substitute counsel, the Court grants him a short extension to secure proper representation. This grant is conditioned on Defendant Vachani immediately filing a Notice of Self-Representation, so as to avoid prejudice to Plaintiff. Accordingly, the Court ORDERS as follows:

(1)   On or before **August 9, 2012**, Defendant Vachani shall file a Notice of Self-Representation.

(2)   Because the Court has previously granted summary judgment in favor of Plaintiff and the only pending issue is the question of the amount of damages, and because this issue was fully briefed while both Defendants were represented by counsel, the Court

1    will proceed to address this issue to bring this case to a close.  Should Defendant
2    Vachani wish to file an additional brief regarding this matter, he shall do so on or
3    before **August 15, 2012.**
4    (3)    The Court STRIKES the Answer currently on file as to Defendant Power Ventures[9]
5    and directs the Clerk of Court to enter default against Defendant Power Ventures.

Dated:  August 8, 2012

JAMES WARE
United States District Chief Judge

---

[9] (See Docket Item No. 54.)

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alan R Plutzik aplutzik@bramsonplutzik.com
Cindy Ann Cohn cindy@eff.org
David P. Chiappetta david.chiappetta@corrs.com.au
Indra Neel Chatterjee nchatterjee@orrick.com
Joseph Perry Cutler Jcutler@perkinscoie.com
Lawrence Timothy Fisher ltfisher@bursor.com
Marcia Clare Hofmann marcia@eff.org
Monte M.F. Cooper mcooper@orrick.com
Morvarid Metanat mmetanat@orrick.com
Sarah Nicole Westcot swestcot@bursor.com
Scott A. Bursor scott@bursor.com
Theresa Ann Sutton tsutton@orrick.com

Dated:  August 8, 2012                    Richard W. Wieking, Clerk

By:    /s/ JW Chambers
       William Noble
       Courtroom Deputy