Amy Sommer Anderson (STATE BAR NO. 282634)
anderson@aroplex.com
Aroplex Legal Services & the Law Practice of Amy Sommer Anderson
156 2nd Street
San Francisco, California 94105
Telephone:    415-529-5148
Facsimile:    415-520-0606

Attorney for Defendant
POWER VENTURES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>POWER VENTURES, INC., a Cayman Island corporation and d//b/a POWER.COM, a California corporation; STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, DOES 2-25, inclusive,<br><br>    Defendants. | Case No. 5:08-CV-05780 JW<br><br>**MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |

Now comes the undersigned attorney for Defendant Power Ventures, Inc. (hereinafter "Power") in the above-captioned action who respectfully moves this Court, pursuant to Civil L.R. 7.9, for leave to file a motion for reconsideration of the Court's August 9, 2012 Order (Dkt. No. 314) entering default as to Defendant Power Ventures, Inc. The undersigned brings this motion for leave because a change in material fact underlying the referenced Order – specifically, retention of counsel and notification of the Court thereof - occurred between the date of the Order and the date of this motion for leave to file motion for reconsideration. (*See* Civil L.R. 7.9(b)(2)).

As detailed below, Defendant Power Ventures, Inc. respectfully seeks the Court's reconsideration of entry of default on the bases that: (1) counsel for the defendant corporation has been retained and notice thereof has been filed with the Court, and (2) such rectification of the Defendant's original failure to do so was diligently sought and ultimately accomplished within a timeframe such that reopening the case at its current, near-final stage poses no additional prejudice to the Plaintiff. (*See* Dkt. No. 316, *Notice of Appearance for Defendant Power Ventures, Inc.*).

Under Federal Rules of Civil Procedure 54, "any order… that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties… may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. Proc. 54(b). In the Northern District of California, motions for reconsideration, as well as the requirement of a motion for leave of court to file a motion for reconsideration, are also governed by Local Rule 7.9. Under Local Rule 7.9(b), petitioner for reconsideration of an interlocutory order must specifically show that "at the time of the motion for leave, a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought." Additionally, the moving party must show, as an alternative offer of proof, that "the emergence of new material facts or a change of law occurring after the time of such order." N.D. Cal. CivLR 7-9(b). Ultimately, however, the decision on a motion for reconsideration lies in the Court's sound discretion. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir.2003) (citing *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir.2000)).

In light of the fact that substitute counsel has been retained and notice of appearance has been duly served upon the Court, Power respectfully submits that order of default entry reconsidered as to allow resolution of the matter to proceed equitably.

It should be further noted that Power's failure to timely obtain counsel and provide to the Court notification thereof was not the result of bad faith or culpable conduct. Despite his legal inability to respond on behalf of the company, Mr. Vachani did, in fact, file a timely response to the Court's July 19, 2012 request (Dkt. No. 308) in a good faith attempt to communicate with the Court as a representative of Defendant Power. In such communication, as well as at the associated hearing on August 6th, 2012, Mr. Vachani communicated to the Court a present intent and effort to retain counsel for Power.

Codefendant Vachani communicated to the Court in his July 26, 2012 letter (Dkt. No. 309) a request for an extension of time to secure counsel on behalf of himself as an individual defendant and on behalf of Defendant Power as its Chief Executive Officer. In its subsequent order, the Court acknowledged Vachani's intent to secure counsel or to enter an appearance as a pro se litigant but declined to acknowledge the same intent and effort as applied to Defendant Power on the basis that such communication by Power, as a corporation which must be represented by counsel, is not *procedurally* effective.

As Vachani attempted to act not only for himself but as sole representative for Power Ventures, Inc. during the period of July 17, 2012 through August 14, 2012 when Power was unrepresented, Vachani's efforts to communicate with the Court in furtherance of complying with the Court's order that the codefendants obtain substitute council, as well as his self-proclaimed efforts to secure replacement counsel (*See* Dkt. No. 309), effectively operate to inform the Court of Power's intent and diligence. Thus, it is proposed that the Court reconsider Vachani's communications to the Court during the period that Power was not represented by counsel as responding constructively, if not procedurally, as a representative of Power.

In its August 8, 2012 Order (Dkt. No. 313), the Court graciously awarded Defendant Vachani a short extension to secure representation or file notice of pro se representation, as well

MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION - CASE NO. 5:08-CV-05780 JW

as permission to submit an additional brief by August 15, 2012. Based on the Court's imposed timeline, it is proposed that actions taken by Power in rectification of the Order to enter default accomplished by or around this date pose no additional risk of prejudice to Plaintiff due to either delay or hindrance in pursuing its case given that summary judgment has already been award in Plaintiff's favor.

Being now compliant with Local Rules requiring that corporate parties be represented by counsel in and of this Court, Defendant Power Ventures, Inc. wished to seek reconsideration of the default entry to allow the court to proceed with addressing the sole pending issue of damages as to *all* joint defendants.

Accordingly, movant asks the Court to grant leave to file a motion for reconsideration of the August 9, 2012 Order entering default against Defendant Power Ventures, Inc.

Dated: August 15, 2012               **Respectfully Submitted,**

                                     **By:**
                                     /s/ Amy Sommer Anderson
                                     Amy Sommer Anderson, Esq.
                                     Attorney for Defendant Power Ventures, Inc.

**[PROPOSED] ORDER**

Defendant Power Ventures, Inc.'s motion for leave to file a motion for reconsideration of the Court's August 15, 2012 Order entering default of the above-captioned complaint with respect to Defendant Power Ventures, Inc.  Defendant Power Ventures, Inc. may file a motion for reconsideration on or before _____.

**IT IS SO ORDERED.**

Dated:                                                    By: _____
                                                                         Honorable James Ware
                                                            United States District Court Chief Judge

## CERTIFICATE OF SERVICE

I am a citizen of the United States and a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Aroplex Legal Services and the Law Practice of Amy Sommer Anderson, 156 2nd Street, San Francisco, CA 94105.

On **August 15, 2012,** I served the following document(s) by the method indicated below:

- Notice of Appearance of Counsel

X   **ECF System:** By filing the document(s) listed above on the Court's Electronic Case Filing System, I am informed and believe that the documents will be electronically served on all individuals registered with such system. To my knowledge, every individual to whom notice is required is registered with this system and, thus, has been served with due notice by action of this electronic filing.

I declare under penalty of perjury under the laws of the State of California that the above statements are true and correct.

Executed August 15, 2012 at San Francisco, California.

By: /s/ Amy Sommer Anderson
Amy Sommer Anderson