Amy Sommer Anderson (STATE BAR NO. 282634)
anderson@aroplex.com
Aroplex Legal Services & the Law Practice of Amy Sommer Anderson
156 2nd Street
San Francisco, California  94105
Telephone:    415-529-5148
Facsimile:    415-520-0606

Attorney for Defendant
POWER VENTURES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>POWER VENTURES, INC., a Cayman Island corporation and d//b/a POWER.COM, a California corporation; STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, DOES 2-25, inclusive,<br><br>          Defendants. | Case No. 5:08-CV-05780 JW<br><br>**NOTICE OF MOTION; MOTION FOR RECONSIDERATION OF ORDER ENTERING DEFAULT AS TO DEFENDANT POWER VENTURES, INC.** |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that via proper service on August 23, 2012, Defendant Power Ventures, Inc. in this action moves this Court for reconsideration of the Court's August 8, 2012 Order[1] entering default with respect to codefendant Power Ventures, Inc.

This motion is based on the following documents: this Motion; and all the other papers, documents, or exhibits on file or to be filed in this action, and the argument to be made at a hearing, if later required, on the motion.

---

[1] See Dkt. No. 313.

**MOTION FOR RECONSIDERATION**

Defendant Power Ventures, Inc. (hereinafter "Power") moves this Court for reconsideration of its August 8, 2012 Order striking Power's answer and entering default with respect to codefendant Power. See *Id.* This motion is brought primarily on the basis that a change in material fact underlying the referenced Order - specifically, retention of counsel and notice to the Court thereof – occurred between the date of the Order and the date of the motion for leave to file this motion for reconsideration[2]. Secondarily, Power herewith moves the Court to reconsider this Order on the basis that *had* the codefendants Power and Mr. Steven Vachani (hereinafter "Vachani") been granted comparable allowances by the Court based on Vachani's attempt to diligently and synchronously communicate with, as well as appeal to, the Court on behalf of both parties, default with respect to Power would likely have been avoided.

As detailed herein, Defendant Power respectfully seeks the Court's reconsideration of its Order striking Power's answer and ordering entry of default on the bases that:

1. Power has retained counsel and formal Notice of Appearance has been filed in this Court[3];
2. Rectification of Power's initial failure to timely secure substitute counsel in compliance with the Court's request on July 2, 2012[4] was diligently sought; and
3. Rectification was ultimately accomplished within a timeframe such that reopening the case at its current, near-final stage poses no additional prejudice to the Plaintiff.

**A.     POWER'S RETENTION OF COUNSEL AND NOTICE THEREOF RECTIFIES THE PROCEDURAL DEFICIENCY UPON WHICH DEFAULT WAS ORDERED**

Under Federal Rules of Civil Procedure 54, "any order… that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties… may be revised at any time

---

[2] See Civil L.R. 7.9(b)(2).
[3] See Dkt. No. 316.
[4] See Dkt. No. 306.

- 2 -
MOTION FOR RECONSIDERATION OF ORDER STRIKING ANSWER/ENTERING DEFAULT - CASE NO. 5:08-CV-05780 JW

before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities."[5] In the Northern District of California, motions for reconsideration, as well as the requirement of a motion for leave of court to file a motion for reconsideration, are also governed by Civil Local Rule 7-9.

Under Civil Local Rule 7-9(b), petitioner for reconsideration of an interlocutory order must specifically show that "at the time of the motion for leave, a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought." Additionally, the moving party must show, as an alternative offer of proof, that "the emergence of new material facts or a change of law occurring after the time of such order."[6]

Let the docket for this case show that Defendant Power was unrepresented by a member of the bar of the Court on August 6, 2012 when the Court held a hearing to show cause for Power's failure to secure representation, as well as on August 8, 2012 when the Court struck Power's answer and ordered entry of default on the basis of lacking representation[7]. A Notice of Appearance for Power was filed with the Court on August 15, 2012[8] after Power successfully retained counsel, and the motion for leave to file this motion for reconsideration was subsequently filed[9]. Based on these facts, Power moves the Court to recognize that such retention of counsel is a change in material fact emerging between the dates of the August 8, 2012 Order and the August 15, 2012 motion for leave under Civil L.R. 7-9(b) and that this change constitutes a satisfactory basis for vacating the Court's August 8, 2012 Order to strike Power's answer and enter default there against.

---

[5] Fed. R. Civ. Proc. 54(b).
[6] N.D. Cal. Civ. L.R. 7-9(b).
[7] See Dkt. No. 313.
[8] See Dkt. No. 316.
[9] See Dkt. No. 318.

**B. IT IS WITHIN THE COURT'S SOUND DISCRETION TO RECONSIDER AN ORDER FOR WHICH REVERSAL IS JUSTIFIED**

Having retained counsel and entered notice with the Court thereof, Power is now in compliance with Local Rules requiring that corporate parties be represented by a member of the bar of this Court[10]. The Court would be justified in vacating its August 8, 2012 Order on this basis. "Ultimately, however, the decision on a motion for reconsideration lies in the Court's sound discretion."[11] Thus, Power offers in support of its motion that vacancy is further justified given: 1) Power's diligence in seeking replacement counsel and communicating with the Court on this matter; and 2) that replacement counsel has been secured within a timeframe such that no prejudice is posed to Plaintiff.

**I. RECTIFICATION OF THE PRIOR PROCEDURAL DEFICIENCY, AS WELL AS APPRISAL OF THE COURT, WAS DILILGENTLY SOUGHT BY POWER**

Power respectfully asks that the Court take note of the facts on record demonstrating that Power's corporate representative and codefendant, Mr. Steven Vachani, has made good faith effort to stay in communication with the Court and to respond to its orders following effective withdrawal of former counsel on July 2nd, 2012[12]. Where securing substitute counsel is a prerequisite to Defendant Power's ability to respond to the Court's Oder to Show Cause for its failure to do so, Power should not be doubly penalized where failure of the act itself legally precludes Power from showing cause for failure of the act. In the Court's August 8, 2012 Order, it notes: "The Court also reminded the Defendants that while Defendant Vachani has the option of proceeding *pro se,* Defendant Power Ventures cannot proceed *pro se* …".[13] Here, the Court

---

[10] See N.D. Cal. Civ. L.R. 3-9(b).

[11] *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).

[12] See Dkt. No. 306.

[13] See Dkt. No. 313, at 3 (emphasis added).

addressed both Defendants in its communication to Defendant Vachani, which implies an acknowledgment by the Court of Defendant Power's appearance through Vachani in a good faith effort to respond to the Court's Order to Show Cause.

Following the August 6, 2012 hearing, this Court issued an Order striking Defendant Power's answer and directing the Clerk of Court to enter default against Power[14]. In the same Order, the Court granted Defendant Vachani additional time to secure counsel, as well as permission to submit an additional brief on or before August 15, 2012. To the extent that a corporation can legally exist as a person through formation and management by its representatives, it is asked that the Court acknowledge communications made on the Defendant corporation's behalf by its corporate representative, Mr. Vachani. Had such allowance been made, parity suggests that Power be afforded comparable concession of the Court as that afforded codefendant Vachani, and - notwithstanding the uncertainty of unoccurred events - the record suggests that default would likely have been avoided through appearance of counsel on August 15, 2012[15].

## II. VACATING THE COURT'S ORDER STRIKING POWER'S ANSWER AND ENTERING DEFAULT DOES NOT PREJUDICE THE PLAINTIFF

In its August 8, 2012 Order[16], the Court graciously awarded Defendant Vachani a short extension of time to secure representation or file notice of *pro se* representation, as well as permission to submit an additional brief by August 15, 2012. Based on the Court's imposed timeline, it is proposed that actions taken in rectification of the Order entering default against Power accomplished by or around this date pose no additional prejudice to Plaintiff.

---

[14] See *Id*.
[15] See Dkt. No. 316.
[16] See Dkt. No. 313.

Further, reopening of the case with respect to Power will not hinder Plaintiff's pursuit of its claim since: 1) Summary judgment has already been entered in the Plaintiff's favor, and 2) The issue of damages with respect to the joint defendants is presently open. Power and Plaintiff have timely submitted briefs on damages, and there are no outstanding requests by the Court, save this motion. Thus, setting aside the default in this case would not prejudice the Plaintiff but would, in fact, allow judgment to proceed toward finality. Since opening the matter with respect to Power does not present cause for delay, allowing both cases to proceed through final judgment would merely restore the parties to an even footing.

## CONCLUSION

Being now compliant with Local Rules requiring that corporate parties be represented by counsel in and of this Court, Defendant Power Ventures, Inc. respectfully requests reconsideration of the Order striking its answer and entering default to allow the court to proceed with addressing the sole pending issue of damages as to all joint defendants.

Dated: August 23, 2012                                          Respectfully Submitted,

                                                                By:
                                                                /s/ Amy Sommer Anderson
                                                                Amy Sommer Anderson, Esq.
                                                                Attorney for Defendant Power Ventures, Inc.

**[PROPOSED] ORDER**

The motion of Power Ventures, Inc. for an order setting aside and vacating its Order striking Defendant's answer and entering default came on for review by the court on the following date_____.

IT IS, THEREFORE, ORDERED that the Order striking its answer and entering default in this action against defendant Power Ventures, Inc. be, and hereby is, vacated and said default is set aside.

**IT IS SO ORDERED.**

Dated:                                                          By: _____
                                                                          Honorable James Ware
                                                                   United States District Court Chief Judge

## CERTIFICATE OF SERVICE

I am a citizen of the United States and a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Aroplex Legal Services and the Law Practice of Amy Sommer Anderson, 156 2nd Street, San Francisco, CA 94105.

On **August 23, 2012,** I served the following document(s) by the method indicated below:

- Motion for Reconsideration of Order Striking Answer and Entering Default Against Defendant Power Ventures, Inc.

**X   ECF System:** By filing the document(s) listed above on the Court's Electronic Case Filing System, I am informed and believe that the documents will be electronically served on all individuals registered with such system. To my knowledge, every individual to whom notice is required is registered with this system and, thus, has been served with due notice by action of this electronic filing.

I declare under penalty of perjury under the laws of the State of California that the above statements are true and correct.

Executed August 23, 2012 at San Francisco, California.

By: /s/ Amy Sommer Anderson
Amy Sommer Anderson

MOTION FOR RECONSIDERATION OF ORDER STRIKING ANSWER/ENTERING DEFAULT - CASE NO. 5:08-CV-05780 JW