I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
MONTE COOPER (STATE BAR NO. 196746)
mcooper@orrick.com
MORVARID METANAT (STATE BAR NO. 268228)
mmetanat@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
Telephone:    650-614-7400
Facsimile:    650-614-7401

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>POWER VENTURES, INC. a Cayman Island corporation, STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, DOES 2-25, inclusive,<br><br>　　　　　　Defendants. | Case No. 5:08-cv-05780-JW (JCS)<br><br>**FACEBOOK'S OPPOSITION TO POWER VENTURES, INC.'S MOTION TO SET ASIDE DEFAULT, AND CROSS-APPLICATION FOR DEFAULT JUDGMENT AGAINST POWER VENTURES, INC.**<br><br>Date:　　October 15, 2012<br>Time:　　9:00 a.m.<br>Dept:　　Courtroom 9, 19th Floor<br>Judge:　Hon. Chief Judge James Ware |

Orrick, Herrington &
Sutcliffe LLP
Attorneys At Law
Silicon Valley

APPLICATION FOR DEFAULT JUDGMENT AGAINST
POWER VENTURES, INC.
5:08-cv-05780-JW (JCS)

**TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................... 5
I. STATEMENT OF FACTS ............................................................................................... 5
  A. Relevant Procedural History .............................................................................. 5
  B. Withdrawal Of Defendants' Counsel ................................................................. 7
II. LEGAL STANDARD ....................................................................................................... 8
III. FACEBOOK IS ENTITLED TO ENTRY OF DEFAULT JUDGMENT
   AGAINST POWER VENTURES ..................................................................................... 9
  A. Power Ventures Was Not Diligent In Retaining Substitute Counsel .................... 9
  B. Facebook Seeks Just Over Eighteen Million Dollars Under The CAN-
     SPAM Act ........................................................................................................ 10
  C. Facebook Will Be Prejudiced If Its Request Is Denied ..................................... 11
IV. CONCLUSION ............................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aldabe v. Aldabe*,
   616 F.2d 1089 (9th Cir. 1980) ................................................................................................. 8

*American Ass'n of Naturopathetic Physicians v. Hayhurst*.
   227 F.3d 1104 (9th Cir. 2000) ................................................................................................. 9

*Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*,
   715 F.2d 1442 (10th Cir. 1983) ............................................................................................. 10

*Eitel v. McCool*,
   782 F.2d 1470 (9th Cir. 1986) ................................................................................................. 9

*In re Hammer*,
   940 F.2d 524 (9th Cir, 1991) ................................................................................................... 9

*Original San Francisco Toymakers, Inc. v. Trendmasters, Inc.*,
   No. C 01-3658MJJ, 2003 U.S. Dist. LEXIS 18557 (N.D. Cal. Oct. 7, 2003) ......................... 9

*Rowland v. California Men's Colony*,
   506 U.S. 194 (1993) .............................................................................................................. 10

*Tal v. Hogan*,
   453 F.3d 1244 (10th Cir. 2006) ............................................................................................. 10

*United States v. High Country Broadcasting Co., Inc.*,
   3 F.3d 1244 (9th Cir. 1993) ................................................................................................... 10

STATUTES

15 U.S.C. § 7706(g)(1) .................................................................................................................. 1

18 U.S.C. § 1030 ....................................................................................................................... 1, 5

18 U.S.C. § 1030(g) ....................................................................................................................... 1

California Penal Code Section 502 ............................................................................... 1, 2, 5, 6, 11

California Penal Code § 502(c) ..................................................................................................... 1

California Penal Code § 502(e)(1) ................................................................................................. 1

CAN-SPAM Act (15 U.S.C. § 7701 *et seq*.) .................................................................. 1, 5, 6, 11

Computer Fraud and Abuse Act .................................................................................................. 5, 6

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- ii -

APPLICATION FOR DEFAULT JUDGMENT AGAINST
POWER VENTURES, INC.
5:08-CV-05780-JW (JCS)

Penal Code Section 502 .................................................................................................. 11

Soldiers' and Sailors' Civil Relief Act of 1940 ................................................................ 4

**OTHER AUTHORITIES**

Civil Local Rule 3-9(b). ................................................................................................ 10

Fed. R. Civ. P. 30(b)(6) ......................................................................................... 2, 4, 8

Fed. R. Civ. P. 55(b)(2) .................................................................................................. 1

Fed. R. Civ. P. 55(c) ...................................................................................................... 9

Fed. R. Civ. P. 65 .......................................................................................................... 1

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- iii -

APPLICATION FOR DEFAULT JUDGMENT AGAINST
POWER VENTURES, INC.
5:08-CV-05780-JW (JSC)

On October 15, 2012 at 9:00 a.m. or as soon thereafter as this matter may be heard by the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102 Courtroom 9, 19th Floor, Plaintiff Facebook, Inc. will present its application for default judgment against Defendant Power Ventures, Inc. ("Power Ventures") requesting: (1) cumulative damages for violations of the CAN-SPAM Act (CAN-SPAM Act, 15 U.S.C. § 7701 *et seq.*), the Computer Fraud and Abuse Act (CFAA, 18 U.S.C. § 1030), and California Penal Code § 502(c) in the amount of $18,238,643.00 against Defendant Power Ventures, Inc.; and (2) a permanent injunction to be entered against Power Ventures, Inc. pursuant to 15 U.S.C. § 7706(g)(1),18 U.S.C. § 1030(g), California Penal Code § 502(e)(1) and Rule 65 of the Federal Rules of Civil Procedure.  Facebook submits a proposed Judgment, and asks that it be permitted to submit a proposed form of a Permanent Injunction within thirty (30) days after the Court enters default judgment.

At the time and place of the hearing, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiff seeks a default judgment by presenting proof of the following:

1.  Plaintiff received summary judgment of liability on all claims for violations of the CAN-SPAM Act, the Computer Fraud and Abuse Act ("CFAA"), and California Penal Code Section 502 against Power Ventures on February 16, 2012 (*see* Dkt No. 275).  The Court indicated that only two issues remained for resolution:  (1) the amount of damages to be paid to Facebook, and (2) the individual liability of Defendant Steve Vachani (*see* Dkt No. 275, at 19).

2.  Both before the Court's entry of summary judgment in favor of Facebook, and thereafter, the Court determined that both Defendants Power Ventures and Steve Vachani engaged in substantial and repeated discovery abuse.  Prior to August of 2011, Defendants produced only 14 total documents in response to Facebook's discovery requests, and virtually no source code.  As a result, Facebook moved several times between August of 2011 and February of 2012 to compel production of the missing source code and other documents.  *See* Dkt. Nos. 124, 129, 139, 265, 267 & 269.  This Court granted each of Facebook's motions. Dkt. Nos. 127, 166, 279, 282.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 1 -

APPLICATION FOR DEFAULT JUDGMENT AGAINST
POWER VENTURES, INC.
5:08-cv-05780-JW (JCS)

3.      Defendants' discovery abuse was so severe that it resulted in sanctions, and precipitated the withdrawal of former counsel.  Following the entry of summary judgment by this Court, Magistrate Judge Spero on February 24, 2012 separately ordered that Defendants pay Facebook its costs and attorneys fees as discovery sanctions for having to take a second deposition of Power Ventures pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure . *See* Dkt. No. 279 & 282.  The sanctions were awarded as a result of Defendants' failure to produce 75 Gigabytes of emails related to the CAN-SPAM Act, CFAA, and Penal Code Section 502 claims prior to January of 2012.  Production of these emails occurred only after the close of discovery and only after Facebook had taken Power Ventures' Rule 30(b)(6) deposition as part of the summary judgment proceedings. *See* Declaration of Monte Cooper in Support of Facebook's Cross-Application for the Entry of Default Judgment ("Cooper Decl."), Ex. 1 (2/24/12 Hg. Tr.) at 4:1-10; 4:18-24; 7:21-8:8.  Defendants during the course of this litigation also destroyed critical evidence reflecting how many spam emails they initiated to Facebook users, which have left Facebook and the Court without any way to actually calculate the full extent of Facebook's damages.  *See* Dkt. No. 300 at 2-8.

4.      To date, Defendants have not paid the costs or attorneys fees awarded by the Court associated with their discovery abuse, which are approximately $28,000, despite Facebook's demands to its former counsel to do so.  *See* Cooper Decl., Ex. 2 (May 22, 2012 email from M. Cooper to T. Fisher).

5.      Subsequent to the completion of the Court-ordered Rule 30(b)(6) deposition of Power Ventures, the parties on March 30, 2012 submitted briefs on the question of Facebook's damages and Vachani's individual liability. *See, e.g.*, Dkt. 300.  This Court by Order dated August 8, 2012 permitted Defendant Steve Vachani to submit by August 15, 2012 a further Supplemental Brief on his own individual liability.  *See* Dkt. No. 313.  In its own brief on the issue of damages, Facebook requested that the Court enter an order awarding Facebook $18,238,643.00 in joint and severable damages against both Power Ventures and Vachani, with the issues of punitive damages and the form of an injunction the only issues to be left for further

resolution. With the submission of that Supplemental Brief (Dkt. No. 317), all issues of damages have been fully briefed. The requested award of $18,238,643 is supported by substantial evidence, including the Declarations of fact and expert witnesses. *See*, *e.g.*, Dkt. No. 300, at 8-10 (citing Declarations of fact and expert witnesses, as well as other supporting documentation, as evidence of Facebook's requested damages).

6. On June 4, 2012 and June 11, 2012, respectively, Defendants' former attorneys Bursor & Fisher, P.A. and Bramson, Plutzik, Mahler & Birkhaeuser, LLP each moved to withdraw as counsel for Power Ventures and Steve Vachani ("Vachani"). *See* Dkt. Nos. 302-303. Defendants were on notice at least by June 11, 2012 (if not earlier) that they would need to find new counsel.

7. This Court granted permission for Defendants' former counsel to withdraw on July 2, 2012, and ordered Defendants to identify substitute counsel by July 17, 2012. Dkt. No. 306. In that Order, the Court specifically noted that Defendant Power Ventures would not be permitted to appear *in propria persona*, and that substitute counsel needed to make an appearance by July 17, 2012. *See id.* at 2, ¶ (3).

8. Power Ventures failed to identify substitute counsel on July 17, 2012 as required by the Court's July 2, 2012 Order. Accordingly, on July 19, 2012 the Court set an order to show cause hearing for August 6, 2012 to show why default should not be entered against the entity, with its Answer stricken. *See* Dkt. No. 308.

9. At the August 6, 2012 order to show cause hearing, Defendant Vachani – attempting to speak as the corporate representative for Power Ventures – confirmed that Power Ventures had not identified or retained substitute counsel. Counsel for Facebook orally requested that both default and default judgment in the amount of $18,238,643.00 be entered in favor of Facebook and against Power Ventures. Facebook's counsel further requested that in the event Power Ventures attempted to remedy its default by the entry of new counsel, such an appearance be conditioned upon the immediate payment of the approximately $28,000 in costs and attorneys fees previously ordered awarded to Facebook by Magistrate Judge Spero.

10. On August 8, 2012, the Court struck the answer of Power Ventures and ordered the Clerk of the Court to enter default against Power Ventures. *See* Dkt. No. 313. The Clerk entered default on August 9, 2012. Dkt. No. 314.

11. On August 15, 2012, Amy Sommer Anderson of Aroplex Legal Service and the Law Practice of Amy Sommer Anderson entered an appearance in this matter on behalf of Power Ventures. Dkt. No. 316. Thereafter, on August 21, 2012 Power Ventures was permitted leave by the Court to file a Motion for Reconsideration of the Entry of Default. Dkt. 320. Power Ventures filed the Motion for Reconsideration on August 23, 2012. Dkt. No. 321.

12. Power Ventures is a corporate entity and thus is not a minor, an incompetent person, in military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.

13. Plaintiff Facebook, Inc. is entitled to default judgment against Power Ventures inasmuch as (1) all damages issues are fully briefed and supported by substantial evidence; (2) Facebook, which has already been a victim of repeated discovery abuse, should obtain finality in its damages and would be prejudiced if Power Ventures were permitted to set aside default; (3) Facebook already orally moved for the entry of default judgment against Power Ventures in the amount of $18,238,643.00, and will with this application waive its right to recover punitive damages; (4) to date Power Ventures has not offered payment of Facebook's Court-ordered costs and attorneys fees for having to take the March 7, 2012 Rule 30(b)(6) deposition of Power Ventures, despite Facebook's demands for payment; and (5) Power Ventures' delay between June 11, 2012 and August 15, 2012 in entering the appearance of substitute counsel was inexcusable and prejudicial to Facebook.

Facebook's request for default judgment is based on this Application, the Entry of Default against Defendant Power Ventures, Inc., Facebook's First Amended Complaint, the evidence previously submitted by the parties in conjunction with their summary judgment papers relating to damages and liability, the attached Memorandum of Points and Authorities, the Declaration Of Monte Cooper In Support Of Application For Default Judgment Against Power Ventures, Inc.,

the orders and pleadings on file in this matter, and other matters that may be presented at the hearing.

### MEMORANDUM OF POINTS AND AUTHORITIES

Facebook hereby opposes Power Ventures' Motion for Reconsideration of Order Entering Default. Power Ventures' late appearance of counsel was inexcusable, and setting aside default at this juncture will be prejudicial to Facebook – particularly given Power Ventures' history of significant discovery abuse in this case.

All matters relating to liability already are fully briefed, and Power Ventures has not complied with Magistrate Judge Spero's February 24, 2012 Order awarding Facebook its costs and attorneys fees. The time has come for the Court to enter judgment against Power Ventures. Accordingly, Facebook by cross-application requests that the Court enter a Default Judgment against Defendant Power Ventures, Inc. awarding Facebook damages in the mount of $18,238,643.00 and a permanent injunction pursuant to the CAN-SPAM Act, the Computer Fraud and Abuse Act, and California Penal Code Section 502. While Facebook is also entitled to punitive damages, it waives its right to recover them in order to facilitate the entry of default judgment.[1]

## I. STATEMENT OF FACTS

### A. Relevant Procedural History

Facebook filed its original complaint against Power Ventures and Vachani on December 30, 2008, asserting among other claims that Defendants were liable of violations of the CAN-SPAM Act (15 U.S.C. § 7701 *et seq.*), California Penal Code section 502 ("Section 502"), and the Computer Fraud and Abuse Act (the "CFAA") (18 U.S.C. § 1030). Dkt. No. 1. After more than three years of litigation, on February 16, 2012, this Court granted summary judgment to Facebook, finding that Power Ventures and Vachani had violated each of the CAN-SPAM Act, the CFAA and Penal Code Section 502. Dkt. No. 275. The Court indicated that only two issues

---

[1] Facebook is submitting to the Court a [Proposed] Default Judgment awarding the company the amount of $18,238,643.00 against Power Ventures. If the Court enters Default Judgment, Facebook asks that it be given thirty (30) days thereafter to submit a form Permanent Injunction.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 5 -

APPLICATION FOR DEFAULT JUDGMENT AGAINST
POWER VENTURES, INC.
5:08-CV-05780-JW (JSC)

remained for resolution: (1) the amount of damages to be paid to Facebook, and (2) the individual liability of Defendant Steve Vachani. *See id.* at 19. The Court ordered that the parties submit additional briefing on those two remaining issues by March 30, 2012. All the parties submitted such briefs. In its submission, Facebook requested $18,238,643.00 in damages against both Power Ventures and Vachani, subject to a further calculation of punitive damages and the Court's separate entry of a permanent injunction. Dkt. 300. Facebook's requested amount was supported by substantial evidence.

On February 24, 2012, a week after the Court entered summary judgment, Magistrate Judge Spero ordered that Defendants pay Facebook its costs and attorneys fees for what was the latest example of ongoing discovery abuse – namely, the late production of 75 gigabytes of emails following the conclusion of both fact and expert discovery. *See* Dkt. Nos. 279 & 282. Originally, Defendants produced only 14 total documents in response to Facebook's discovery requests, and virtually no source code. Defendants also neglected to impose any kind of litigation hold. As a result, they destroyed critical evidence reflecting how many spam emails they initiated to Facebook users, which has left Facebook and the Court without any way to actually calculate the full extent of Facebook's harm. *See* Dkt. No. 300 at 2-8. At the same time, Defendants sought summary judgment claiming there was no evidence that they violated the CAN-SPAM Act, the CFAA, or Penal Code Section 502. *See* Dkt. No. 98.

Facebook moved several times between August of 2011 and February of 2012 to compel production of the missing source code and other documents, including the 75 gigabytes emails that were the subject of Magistrate Judge Spero's February 24, 2012 sanctions Order. *See* Dkt. Nos. 124, 129, 139,  This Court granted each of Facebook's motions. Dkt. Nos. 127, 166, 279, 282. Although the Court already had granted Facebook summary judgment of liability, the late-produced emails and Court-ordered deposition revealed that, by Defendants' own admissions, many of the representations they had made in Declarations in support of their own summary judgment motion were inaccurate. *See* Dkt. No. 300, at 11-13. Facebook's cost and attorneys fees for taking the deposition were approximately $28,000. *See* Declaration of Monte Cooper in

Support of Facebook's Cross-Application for the Entry of Default Judgment ("Cooper Decl."), Ex. 2 (May 22, 2012 email from M. Cooper to T. Fisher). To date, the sanctions remain unpaid. The last written demand for payment was made on May 22, 2010. *Id.*[2]

### B. Withdrawal Of Defendants' Counsel

On June 4, 2012 and June 11, 2012, the two law firms representing Defendants – Bursor & Fisher, P.A. and Bramson, Plutzik, Mahler & Birkhaeuser, LLP – moved to withdraw as counsel. *See* Dkt. Nos. 302-303. Counsel specifically indicated that Power Ventures had been informed of counsel's intent to withdraw at least by May 31, 2012. *See* Dkt. No. 302, at 4. *See also* Dkt. 302-1, at ¶ 2.

Defendants' former counsel's motions to withdraw were granted by this Court on July 2, 2012, and Defendants were ordered to identify substitute counsel by July 17, 2012. *See* Dkt. No. 306. In its July 2 Order, the Court also specifically warned Defendants that "[f]ailure to file timely Notices of Identification and Substitution of Counsel may result in a default of this case." *Id.* at p. 2. Despite that warning, however, Defendants failed to identify substitute counsel as required by July 17. *See* Dkt No. 308. As a result, on July 19, 2012 the Court ordered Defendants to appear on August 6, 2012 to show cause why their Answer to Plaintiff's Complaint should not be stricken and default entered against Defendants. *See id.*

On August 6, 2012, the parties appeared before this Court for the show cause hearing. *See* Cooper Decl., ¶ 6[3] Defendant Steve Vachani informed the Court that he was proceeding *in propia persona*. *See id*. He further informed the Court that Defendant Power Ventures, Inc. was still unrepresented. *Id.* At that time, Facebook's counsel orally moved for the entry of default and default judgment against Power Ventures in the amount of $18,238,643.00, with only the amount of punitive damages and the form of permanent injunction subject to further proceedings. *Id.*¶ 8. Mr. Cooper further noted that Power Ventures had been on notice of the need to engage

---

[2] Facebook is by separate application seeking to recover from Power Ventures and Vachani the full amount of its costs and attorneys fees previously awarded by Magistrate Judge Spero.

[3] Facebook has requested a transcript of the August 6, 2012 hearing from the Court. However, as of August 27, 2012, it has not yet been completed. Facebook will supplement the Declaration of Monte Cooper with relevant excerpts from the transcript once it is made available by the Court.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 7 -

APPLICATION FOR DEFAULT JUDGMENT AGAINST
POWER VENTURES, INC.
5:08-cv-05780-JW (JSC)

substitute counsel since at least June of 2012, when its former counsel moved to withdraw. *Id.*¶ 8. Noting that the payment of the Court-ordered costs and attorneys fees for the March 7, 2012 Rule 30(b)(6) deposition of Power Ventures remained outstanding, Mr. Cooper requested that in the event the Court were inclined to set aside default and/or permit new counsel to appear on Power Ventures' behalf, that such entry of appearance at least be conditioned on the immediate payment of Facebook's Court-awarded costs and attorneys fees. *Id.*¶ 9.

Two days after the hearing, on August 8, 2012, the Court struck the answer of Power Ventures and ordered the Clerk of the Court to enter default against Power Ventures. *See* Dkt. No. 313. The Clerk entered default the next day, on August 9, 2012. *See* Dkt. No. 314.

On August 15, 2012, Amy Sommer Anderson of Aroplex Legal Service and the Law Practice of Amy Sommer Anderson entered an appearance in this matter solely on behalf of Power Ventures. *See* Dkt. No. 316. Ms. Anderson requested leave of Court to file a motion for reconsideration of the August 9 Order. The request was granted by Order dated August 21, 2012. Dkt. No. 320. Power then filed its motion for reconsideration. Dkt. No. 321.

Despite waiting seven weeks to enter a new appearance and despite the Court's repeated warnings that default would enter, Power Venture claims it was diligent in seeking new counsel. This assertion is its sole basis for setting aside default. *See* Dkt. No. 321, at 4-5. Power Ventures makes no reference to the outstanding unpaid costs and attorneys fees, nor does it attempt to explain why it failed to secure new counsel in the period between May 31, 2012 and August 15, 2012.

## II.   LEGAL STANDARD

The decision of whether to grant or deny a request for default judgment lies within the sound discretion of the district court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, the district court is guided by consideration of the following factors:

> (1) the possibility of prejudice to the plaintiff if relief is denied; (2) the substantive merits of plaintiff's claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 8 -

APPLICATION FOR DEFAULT JUDGMENT AGAINST
POWER VENTURES, INC.
5:08-CV-05780-JW (JSC)

underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Original San Francisco Toymakers, Inc. v. Trendmasters, Inc.*, No. C 01-3658MJJ, 2003 U.S. Dist. LEXIS 18557, *12-13 (N.D. Cal. Oct. 7, 2003) (*citing Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)). Here, the request for default comes after Facebook has already obtained summary judgment in its favor (mooting any concerns that Power Ventures will be unable to defend the substantive merits of plaintiff's claim), and arises out of Power Ventures' failure to meaningfully participate in the final stages of litigation. Accordingly, several of the factors that courts normally consider in assessing the propriety of a default judgment where a party has simply not appeared (*e.g.*, merits of plaintiff's claim, sufficiency of the complaint, possibility of a dispute concerning material facts) are not applicable here. Moreover, Power cannot identify any "excusable neglect" in failing to secure new counsel between May 31, 2012 and August 15, 2012, despite repeated warnings from its former counsel and the Court that it needed to do so. Under this circumstance, the Court should enter judgment against it and not set aside default.

### III.   FACEBOOK IS ENTITLED TO ENTRY OF DEFAULT JUDGMENT AGAINST POWER VENTURES

Pursuant to Fed. R. Civ. P. 55(c), the Court may only set aside default or default judgment for "good cause." Under the good-cause standard, "a district court may deny a motion to vacate a default judgment if: (1) the plaintiff would be prejudiced if the judgment is set aside, (2) defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default." *American Ass'n of Naturopathetic Physicians v. Hayhurst*. 227 F.3d 1104, 1108 (9th Cir. 2000). This test is disjunctive. *In re Hammer,* 940 F.2d 524, 525-26 (9th Cir, 1991). This means that a district court may deny the motion if any of the three factors is true. *Id.* at 526. Here, all three factors are satisfied. Default should not be set aside, and instead default judgment should enter.

#### A.   Power Ventures Was Not Diligent In Retaining Substitute Counsel.

A default judgment is warranted because (1) Power Ventures was not diligent in obtaining new counsel; (2) Defendants' discovery abuse is documented, and they have yet to fully comply

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 9 -

APPLICATION FOR DEFAULT JUDGMENT AGAINST
POWER VENTURES, INC.
5:08-CV-05780-JW (JSC)

with the Court's February 24, 2012 Order granting sanctions; (3) Facebook would be prejudiced at this late date if default were set aside; and (4) Power Ventures has no meritorious defenses to Facebook's claims.

Power certainly was not diligent in obtaining new counsel. Business entities appearing as parties in federal court must be represented by an attorney. *See Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel ... [T]hat rule applies equally to all artificial entities."); *United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *see also* Civ. L.R. 3-9(b); *see also Tal v. Hogan*, 453 F.3d 1244, 1254 & n.8 (10th Cir. 2006). Failing to satisfy that obligation opens a corporation up to the possibility of default. *See*, *e.g.*, *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("[L]itigants [are] not … free to appear at their pleasure" but must exhibit "a reasonably high standard of diligence in observing courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard.") (citations omitted). Here, default was entered only after the Court issued multiple Orders warning Power Ventures that such a contingency would occur if it did not secure new counsel, and only after the Court even held a hearing on the issue.

Power Ventures was on notice that its counsel had requested to withdraw from the case on May 31, 2012, when its former counsel indicates it discussed the issue with Vachani. *See* Dkt. No. 302, at 4. *See also* Dkt. 302-1, at ¶ 2. Despite an even clearer warning from the Court thereafter that failure to obtain and identify substitute counsel might result in an entry of default, Power Ventures still failed to retain counsel after its prior counsel moved to withdraw. Appearing in Court on August 6, Vachani did not provide any explanation for Power Ventures' delay in retaining substitute counsel. Cooper Decl., ¶ 7.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 10 -

APPLICATION FOR DEFAULT JUDGMENT AGAINST
POWER VENTURES, INC.
5:08-cv-05780-JW (JSC)

### B. Facebook Seeks Just Over Eighteen Million Dollars Under The CAN-SPAM Act.

Power Ventures has no meritorious defense to Facebook's claims, as the Court's award of summary judgment reflects. As set forth in its supplemental brief on damages submitted to the Court on March 30, 2012, Facebook as part of its cross-application seeks the maximum statutory award of $100 for each of the 60,627 spam messages that Defendants caused to be sent to Facebook users (or, a total of $18,188,100). An additional $80,543 in damages under the CFAA and Penal Code Section 502 also are quantifiable, for a total award of $18,238,643.00. Solely for purposes of this Application, Facebook will waive its right to recover punitive damages so that a final judgment can be entered. Cooper Decl., ¶ 11.

Power Ventures has been aware of Facebook's application for these amounts from well before its counsel withdrew. Inasmuch as Facebook orally requested default judgment in such amount at the August 6, 2012 hearing, there is no issue that Facebook had unduly delayed in seeking relief. The only party which has engaged in inexcusable neglect is Power Ventures, which delayed for more than two months securing new counsel despite repeated warnings to do so. This is not a situation where the Court should exercise its discretion to set aside default, and instead represents exactly the opposite scenario – a case that exemplifies when default judgment should and can be entered.

### C. Facebook Will Be Prejudiced If Its Request Is Denied.

This matter has been litigated since December of 2008. Throughout that period, Defendants have engaged in discovery abuse which has forced Facebook repeatedly to obtain relief from the Court. The Court granted summary judgment on all of Facebook's claims against Defendants after they received extensive evidence of Defendants' liability. Defendants' violations of the CAN-SPAM Act, Section 502, and the CFAA are well-established and beyond dispute. The parties have fully briefed the issue of damages and simply await a ruling from the Court. Meanwhile, the Court also has awarded Facebook costs and attorneys fees, and has

entered Power Ventures' default. As Power Ventures recognizes, this litigation is in its "near-final stage". *See* Dkt No. 318.

To allow Power Ventures to further delay the proceedings – especially where its liability is established, it has failed to pay Court-ordered sanctions, and it failed to obtain substitute counsel for *more than two months* – is unfair to Facebook. It is time to put this litigation to rest.

## IV.     CONCLUSION

For the foregoing reasons, Facebook requests that this Court enter a default judgment against Power Ventures and grant Facebook it's previously requested damages, with the right to submit days thereafter the proposed form of a permanent injunction.

Dated: August 27, 2012                                              ORRICK, HERRINGTON & SUTCLIFFE LLP

By:     */s/ I. Neel Chatterjee /s/*
        I. NEEL CHATTERJEE
        Attorneys for Plaintiff
        FACEBOOK, INC.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

OHSUSA:751389398.2

- 12 -

APPLICATION FOR DEFAULT JUDGMENT AGAINST
POWER VENTURES, INC.
5:08-CV-05780-JW (JSC)