Case 5:08-cv-05780-LHK   Document 322-3   Filed 08/27/12   Page 1 of 5

# EXHIBIT 1

```
                                              Pages 1 - 16

                   UNITED STATES DISTRICT COURT

                 NORTHERN DISTRICT OF CALIFORNIA

         BEFORE THE HONORABLE JOSEPH C. SPERO, MAGISTRATE

FACEBOOK, INC.,                    )
                                   )
            Plaintiff,             )
                                   )
  VS.                              ) NO. C 08-5780 JW (JCS)
                                   )
POWER VENTURES, INC.,              )
                                   )San Francisco, California
            Defendant.             ) Friday
                                   ) February 24, 2012
_____) 9:30 a.m.

                    TRANSCRIPT OF PROCEEDINGS
```

**APPEARANCES:**

**For Plaintiff:**        Orrick, Herrington & Sutcliffe
                          1000 Marsh Road
                          Menlo Park, California  94025
                    **BY: MORVARID METANAT, ESQ.**
                         **MONTE COOPER ESQ.**


**For Defendant:**        Bursor & Fisher, P.A.
                          1900 North California Boulevard
                          Suite 940
                          Walnut Creek, California 94596
                    **BY: LAWRENCE TIMOTHY FISHER, ESQ.**
                         - appeared telephonically




*Reported By:*   *Debra L. Pas, CSR 11916, CRR, RMR, RPR*
                 *Official Reporter - US District Court*
                 *Computerized Transcription By Eclipse*

1          Obviously, I have two or three tentative thoughts on
2  that.  My first is that there is no excuse for not producing
3  those emails.  They are responsive.  They are relevant.
4  It's -- it is not sufficient that Mr. Vachani thinks that all
5  the important emails were copied to him.
6          Number two.  They should have been produced before
7  the 30(b)6 deposition was taken.  They were called for.  There
8  is no reasonable excuse for them not being produced before the
9  30(b)6.  They now, I guess, to the extent they exist have been
10 produced.
11         **MS. METANAT:**  Your Honor, we have received a drive
12 containing emails from Power employees.  However, there are
13 still emails that appear to be missing from this production.
14 We're still -- you know, we have just now been able to process
15 them and we're still trying to figure out what happened with
16 those emails, but it appears that there are some that are still
17 missing.
18         **THE COURT:**  I don't have a record on that.  All I've
19 got is a record of you've got some of these emails, and I think
20 in light of that you're entitled now to get a renewed 30(b)6 of
21 Power to testify regarding these emails and have the defendants
22 pay for the cost, including attorney's fees, of that renewed
23 deposition because it's the defendant's fault that it has to
24 occur.  That's my tentative thought on this.
25         So I guess, do you want to say anything about that as

```
 1  we have been able to account for, but, at least as I understand
 2  the argument, there will be -- there are many more.
 3           Although, I don't know.  It's hard to know where this
 4  is going.  When you multiply 60,000 times statutory damages,
 5  you get such a humongous number that nobody is ever going to be
 6  able to pay for it, but that's not my -- certainly not my
 7  bailiwick.
 8           Well, you know, I mean, I certainly would restrict
 9  the deposition to the issues that are remaining in the case to
10  be resolved, but I would not like to see -- and we'll set the
11  parameters for this deposition when we get to the next letter
12  or letter after that.  But I would not like to see some big
13  fight about whether or not any particular question was within
14  the scope of that restriction, because it's a difficult
15  restriction to apply given that damages in these cases and the
16  personal liability of Mr. Vachani, you know, overlap a lot of
17  the issues that -- you know, the facts regarding those issues
18  overlaps the facts of the issues on which the Court has reached
19  conclusions.  So I'm not -- I don't think it's worth getting
20  into a big fight about when we get to the deposition.
21           So I'll order the defendant -- obviously, to the
22  extent that they haven't -- to produce forthwith the responsive
23  emails that were not copied to Vachani.
24           I will order the defendant to sit for a 30(b)6 --
25  renewed 30(b)6 depo regarding the newly-produced emails limited
```

1  to the subjects, to the issues that were still unresolved by
2  the Court's summary judgment order.
3           And I'll order the defendant to pay the cost, the
4  reasonable cost, including attorney's fees, for the renewed
5  30(b)6 depo.  And I'll just expect that to be worked out
6  between counsel.  If it's not, you can submit a letter to me on
7  what your reasonable costs were, et cetera, and I'll get it
8  resolved that way.
9           **MS. METANAT:**  Your Honor, if I may just for a moment?
10 We also requested that the deposition be supervised.
11          **THE COURT:**  We'll get to that.  That's the next
12 question.
13          **MS. METANAT:**  Oh.
14          **THE COURT:**  So you want to do the whole 30(b)6
15 deposition over and have court supervision, and that's the next
16 letter.  I want to set some parameters for how we do this, but
17 let me give you my thoughts on that motion.
18          I think it's clear from the deposition that the
19 witness did not accurately prepare for the deposition.
20 Contrary to the way counsel described it, it is not sufficient
21 that you just got somebody who you thought knew every aspect of
22 the business, because it was clear in the questioning that
23 there were aspects of the business on which and for which and
24 with respect to which the deposition was noticed that the
25 witness did not have knowledge and would have had to have asked