# EXHIBIT 2

## Dalton, Amy

| | |
|---|---|
| **From:** | Cooper, Monte |
| **Sent:** | Tuesday, May 22, 2012 3:50 PM |
| **To:** | L. Timothy Fisher |
| **Cc:** | Chatterjee, I. Neel; Metanat, Morvarid; Dalton, Amy |
| **Subject:** | FW: Facebook Settlement Proposal |
| **Attachments:** | Barklay Invoice for Power Depo.pdf; Barklay Invoice for Power Depo.pdf |

Tim:

Inasmuch as Facebook has elected not to pursue settlement discussions, we need to discuss Power's and Vachani's payment of the costs and attorneys fees awarded by the Court associated with the March 7, 2012 deposition. As mentioned in my April 19, 2012 email below, the invoice from the Court reporter came to $5128.73, and the legal fees associated with the deposition were approximately $23,000. I believe there also were some translation costs. I am happy to speak with you about this, but we need to know how Power and Vachani intend to comply with the Court ordered payment.

Thanks,

Monte

---

**From:** Cooper, Monte
**Sent:** Thursday, April 19, 2012 6:49 AM
**To:** 'L. Timothy Fisher'
**Cc:** Chatterjee, I. Neel; Metanat, Morvarid; Dalton, Amy
**Subject:** RE: Facebook Settlement Proposal

Tim:

While we are comfortable with the idea of drafting the proposed language of the injunction in an effort to achieve a settlement of this action, we must insist that Steve provide the requisite financial information during this process. The reason is that Facebook is not prepared to expend significant resources trying to draft an acceptable settlement agreement, while receiving no assurances from Mr. Vachani about the state of his finances.

In fact, by Court Order Mr. Vachani and Power already are obligated to pay for the attached invoice of $5,128.73 for the Court Reporter related to the March 7, 2012 deposition. Additionally, our legal expenses from that deposition were approximately $23,000. Please remind Mr. Vachani of his Court-ordered obligation to reimburse Facebook for these costs and attorneys fees, regardless of whatever damages are awarded in the case.

As I said, we are willing to try and draft language outlining the conditions of settlement, but we must see comparable efforts on Power's and Mr. Vachani's behalf during this process.

Monte

---

**From:** L. Timothy Fisher [mailto:ltfisher@bursor.com]
**Sent:** Tuesday, April 17, 2012 6:16 PM

**To:** Cooper, Monte
**Cc:** Chatterjee, I. Neel; Metanat, Morvarid; Dalton, Amy
**Subject:** Re: Facebook Settlement Proposal

Dear Monte:
Mr. Vachani asked me to inform you that he believes there must be agreement on the language of the injunctive terms of the settlement before proceeding further on the financial side. He further asked me to tell you that his interest in settling is sincere, but there must be an agreement on the language of the injunctive relief before moving further.

Tim
--
L. Timothy Fisher
Bursor & Fisher, P.A.
1990 North California Blvd., Suite 940
Walnut Creek, California 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com

On Tue, Apr 17, 2012 at 1:24 PM, Cooper, Monte <mcooper@orrick.com> wrote:

Tim:


Facebook is still willing to try and settle the case. However, we need access to more financial records than those previously offered. In particular, Facebook needs to see all documentation reflecting the more than $700,000 in loans that Steve contends he has received payable to Serendipity, including (a) copies of the loans themselves, (b) the bank and other accounting records reflecting how the loans have been spent or invested, and (c) the documentation reflecting Serendipity's corporate structure. We realize that Steve is adamant that he has no money – but Steve also has admitted to having received substantial financial capital in the past year. That fact also is borne out by his own emails. We also would need to see all of Steve's, Power's and Serendipity's bank records for at least the past 18 months, not just the past two months.


If Steve is willing to permit such access, then I think we can begin the dialog anew. Otherwise, it may be difficult for me to convince Facebook that such discussions will be fruitful.


Monte

**From:** L. Timothy Fisher [mailto:ltfisher@bursor.com]
**Sent:** Monday, April 16, 2012 10:01 AM
**To:** Cooper, Monte
**Subject:** Re: Facebook Settlement Proposal


Dear Monte:

Steve has asked me to reach out to you and see if we can continue to discuss the possibility of reaching a resolution. Please let me know if Facebook is willing to continue to pursue a settlement.


Tim
--

L. Timothy Fisher

Bursor & Fisher, P.A.

1990 North California Blvd., Suite 940

Walnut Creek, California 94596

Telephone: (925) 300-4455

Facsimile: (925) 407-2700

E-Mail: ltfisher@bursor.com


On Thu, Apr 5, 2012 at 4:43 PM, Cooper, Monte <mcooper@orrick.com> wrote:

Thanks.


**From:** L. Timothy Fisher [mailto:ltfisher@bursor.com]
**Sent:** Thursday, April 05, 2012 4:26 PM
**To:** Cooper, Monte
**Subject:** Facebook Settlement Proposal

3

--

L. Timothy Fisher

Bursor & Fisher, P.A.

1990 North California Blvd., Suite 940

Walnut Creek, California 94596

Telephone: (925) 300-4455

Facsimile: (925) 407-2700

E-Mail: ltfisher@bursor.com


==============================================================
IRS Circular 230 disclosure: To ensure compliance with requirements
imposed by the IRS, we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not intended or
written to be used, and cannot be used, for the purpose of (i) avoiding
tax-related penalties under the Internal Revenue Code or (ii) promoting,
marketing or recommending to another party any tax-related matter(s)
addressed herein.
==============================================================
NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY
THE INTENDED RECIPIENT OF THE TRANSMISSION, AND
MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU
RECEIVED THIS E- MAIL IN ERROR, ANY REVIEW, USE,
DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS
E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US
IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND
PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM.
THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/
==============================================================




==============================================================
IRS Circular 230 disclosure: To ensure compliance with requirements
imposed by the IRS, we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not intended or
written to be used, and cannot be used, for the purpose of (i) avoiding
tax-related penalties under the Internal Revenue Code or (ii) promoting,

marketing or recommending to another party any tax-related matter(s) addressed herein.

================================================================
NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU RECEIVED THIS E- MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit http://www.orrick.com/
================================================================