```
                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA

              BEFORE THE HONORABLE JAMES WARE, CHIEF JUDGE

------------------------------)
                              )
Facebook, Inc.,               )
a Delaware corporation,       )
                              )
              Plaintiff,      )
                              )
     v.                       )  No. C 08-5780 JW
                              )
Power Ventures, Inc.,         )
a Cayman Island Corporation,  )
et al.,                       )
                              )
              Defendants.     )  San Francisco, California
                              )  Monday, August 6, 2012
------------------------------)     (13 pages)


                    TRANSCRIPT OF PROCEEDINGS


APPEARANCES:


For Plaintiff:        Orrick, Herrington & Sutcliffe, LLP
                      1000 Marsh Road
                      Menlo Park, California 94025
                 BY:  MONTE M.F. COOPER


For Defendants:       STEVEN SURAJ VACHANI
                      - an individual -
                      Clifton House
                      75 Fort Street
                      Box #1350 GT
                      George Town, NA 00000
                      Grand Cayman
```

1    Monday, August 6, 2012

2                                                      (9:15 a.m.)

3              **(In open court)**

4              DEPUTY CLERK:  All rise.

5              THE COURT:  Good morning, all.  Please be seated.

6              DEPUTY CLERK:  Calling case C 08-5780, Facebook,

7    Incorporated, vs. Power Ventures, Incorporated, et al.

8              Counsel, please step forward and make your

9    appearance for the record.

10

11             MR. COOPER:  Good morning, your Honor.  Monte

12   Cooper for Orrick, Herrington & Sutcliff on behalf of

13   plaintiff Facebook, Inc.

14             THE COURT:  Good morning.

15             MR. VACHANI:  Steven Vachani from Power Ventures.

16             THE COURT:  Good morning.  You're here in

17   response to an order to show cause that the Court issued.

18   Are you represented?

19             Come forward.

20             MR. VACHANI:  Please.  Thank you.  The company is

21   not currently represented.

22             THE COURT:  The company isn't.  And so this would

23   be a time when the Court would issue a terminating order

24   with respect to the company, because it cannot proceed

25   without being represented.  You are an individual

1      defendant in the case?

2              MR. VACHANI:  That's correct.

3              THE COURT:  And you can appear on your own behalf

4      or appear through counsel.  At this point, you haven't

5      done either.  What's your request, if any, from the Court?

6              MR. VACHANI:  Well, on behalf of the company, who

7      is the representative of the company?

8              THE COURT:  I'm sorry?

9              MR. VACHANI:  Who's the representative of the

10     company is the first question.

11             THE COURT:  I don't know.  There is no one who

12     has appeared on behalf of the company, and therefore, as I

13     indicated, the Court intends to strike the answer of the

14     company and enter a judgment against it because it can't

15     proceed without being represented by counsel.  Did you not

16     hear my second question?

17             MR. VACHANI:  I did.  I was just asking that

18     first question.  The company is obviously interested in

19     obtaining counsel, but -- and has requested a further time

20     in order to obtain counsel.

21             THE COURT:  How can it do that?

22             MR. VACHANI:  How can it do that?

23             THE COURT:  Yes.  It needs to have someone

24     representing it to make the request.

25             MR. VACHANI:  The company right now is in

1   disarray, and we're trying to organize some of the
2   stakeholders to figure out how to best address these
3   changes, the fact that it's lost its counsel.
4           THE COURT:  There are proceedings for setting
5   aside a default that has very severe timing implications
6   to it.  But I don't intend to wait on an interminable
7   basis for the company's representatives to decide what
8   they would wish to do, especially as you indicate they're
9   in disarray.
10          But my question, again -- you're speaking about
11  the company.  I'm trying to get you to clarify your
12  position.
13          MR. VACHANI:  Okay.  I'm also interested -- at
14  the moment, I do not have counsel so I'm representing
15  myself.  And I am interested in obtaining counsel so we
16  can properly respond to this.  At the moment, do not have
17  counsel.  So at the moment, I'm representing myself.
18          THE COURT:  I see.  All right.  And can you give
19  me any sense of timing that you would ask me to give you
20  to obtain counsel?
21          MR. VACHANI:  Ideally, as requested, would like
22  45 days.  But a minimum of 30 days so we can properly find
23  counsel and get proper advice -- so I can get proper
24  advice in this case.
25          THE COURT:  Why do you think 30 days would be

1    sufficient?
2             MR. VACHANI:  I think this case is a fairly
3    complicated case.  It's been going on for quite awhile.
4    In meetings with people, counsel already, you know, we've
5    found that it's not a simple case to get up to speed on.
6    And also, there -- it has been difficult already to obtain
7    counsel.  So we'd like that time to be able to meet with
8    multiple potential counsel and get them, you know,
9    available to adequately, you know, select counsel.
10            THE COURT:  I'm somewhat concerned that you're
11   still speaking in a third person.  I'm talking about you.
12            MR. VACHANI:  I'm talking about myself.
13   Obviously, I --
14            THE COURT:  My question was:  Why do you think 30
15   days would be fruitful?  When have you started to look for
16   counsel?
17            MR. VACHANI:  I've been talking to counsel over
18   the last 30 days.  Obviously, I do not live in this
19   country.  I live in South America.  And also -- so it's
20   already been difficult.  I was just able -- I have to
21   get -- arrived here yesterday.  I plan to spend the next
22   30 days in the U.S. so I can give adequate time to this
23   issue.
24            And also, as I -- while I realize I am not
25   officially representing the company, on your behalf, I

1    believe that the company should also have adequate time to
2    find counsel.  I -- at the moment, I am the most active
3    voice of the company.  And I would also like to have the
4    opportunity on behalf of the company to help them find
5    counsel and decide how we're going to represent going
6    forward, whether I'm going to represent myself
7    individually, and whether the interests of the company and
8    myself are the same.  These are not trivial issues, at
9    least for us, and that's why I've tried to speak both on
10   behalf of the company -- because there is no other voice
11   to speak for the company as of this point.  I hope that we
12   can clarify that and come back with more clarity on this
13   case.
14            THE COURT:  Before I call on your opponent, let
15   me make a suggestion to you, and see what you think of it.
16            MR. VACHANI:  Okay.
17            THE COURT:  It not -- it was the order of the
18   court that you represent yourself or obtain counsel.  You
19   haven't done that up to now, and you want to have more
20   time.
21            MR. VACHANI:  That's correct.
22            THE COURT:  And I do intend to give you some
23   time.  However, I would condition it on your immediately
24   appearing on your own behalf.  In other words, you would
25   file something indicating you represent yourself.

1  Therefore, you're in a position where then if the Court
2  would be disposed to grant you time to now seek counsel,
3  but the other side would be able to proceed with the case
4  against you, in case you don't obtain counsel.
5           MR. VACHANI:  Okay.
6           THE COURT:  And I would have you do that
7  immediately.  And then proceed to see if you could obtain
8  counsel to substitute in as a representative for you.
9           Give me your reaction to that suggestion by the
10 Court.
11          MR. VACHANI:  I would be okay to do that.  For
12 myself.  And I would hope that the company would have the
13 same opportunity.
14          THE COURT:  Well, I'm not inclined to grant that.
15 As I said, though, there are ways, once a lawyer comes in
16 to represent the company, a request could be made to set
17 aside the action that would be taken by the Court.
18          Let me hear from your opponent briefly.
19          MR. VACHANI:  Yes, sir.
20          MR. COOPER:  Thank you, your Honor.  In light of
21 your initial statements, on behalf of Facebook, we would
22 request that at least default and default judgment be
23 entered against Power Ventures.  The law is very clear:  A
24 corporation and an entity cannot appear pro se in a
25 federal court.

1                In addition to that, I want to point out that the
2       original motion to withdraw by Power's counsel was filed
3       June 4th.  The initial order granting that motion was
4       granted on July -- I believe 5th.  And therefore,
5       Mr. Vachani and Power have had more than 60 days already
6       of notice that they would, in fact, need to retain
7       counsel -- certainly in the case of Power.  They are at
8       the point of which the prejudice is now directed towards
9       Facebook, not towards Mr. Vachani and Power.
10               With respect to Mr. Vachani, and I understand you
11      are already stating that you're inclined to grant him
12      additional time to find counsel, I still would make the
13      oral request -- your notice was very clear that if he had
14      not made a formal introduction to cure pro se that it
15      would be in default in light of that.
16               But beyond that, I want to remind the Court:  In
17      light of the way that Mr. Vachani's prior firm withdrew,
18      specifically noted that all matters in this case have been
19      briefed with respect to damages back in March, the Court's
20      already granted summary judgment of liability to Facebook.
21      And the only issues that have remained outstanding
22      according to the Court were the question of damages and
23      Mr. Vachani's liability.  In the briefing related to
24      damages and liability, the issue of Mr. Vachani's control
25      and direction of power and the activities that gave rise

1    to the CAN-SPAM and Computer Fraud Abuse Act issues in the
2    case were largely uncontested.  So the question really
3    becomes one of just damages, which of course is what
4    collapses into the default issue anyways.
5            I would therefore ask that default judgment in
6    the amount of $18,238,644, the amount that Facebook proved
7    up in the damages portion of its briefing back in March,
8    be entered immediately against Power Ventures, conditioned
9    on 14 days to provide a form of judgment as well as a
10   permanent injunction as permitted by both -- by all three
11   statutes on which liability has been entered.
12           And that in that period, if the Court is inclined
13   to permit Mr. Vachani to continue pro se, that judgment
14   also be entered against him.  If not default, at least
15   upon the papers that were entered.
16           The only remaining issue that would potentially
17   require further clarification is I believe Facebook
18   requested punitive damages as well as the right to seek
19   attorney's fees.  And you might need to set a date --
20   which we would be cooperative -- on -- as to whether
21   Facebook would even proceed to seek those damages if it is
22   in fact awarded the 18 million plus that it has identified
23   that it believes it's already entitled to against both
24   defendants.
25           There is one housekeeping matter, and that

1   relates -- actually, it was related to Mr. Vachani's
2   former counsel before they withdrew.  That is, Judge Spero
3   entered an order in early March, after the motions for
4   summary judgment had been fully briefed, and after I
5   believe after the Court had ruled on the same week that
6   the Court ruled, in which the Court ordered Mr. Vachani
7   and Power to appear, at their cost, for court-ordered
8   deposition to explain why over 70,000 files were produced
9   to Facebook after the briefing of summary judgment and
10  discovery had closed.  Those e-mails include some of the
11  materials that we cited in the brief to you on damages.
12  And it remains an outstanding invoice.
13         I would ask further to the condition of
14  Mr. Vachani retaining counsel that the counsel be made
15  apprised that one of the conditions is the payment of
16  whatever fees the Court awards, and that we have till next
17  Friday to prepare the affidavit that would be required.
18         The Court -- Magistrate Judge Spero's order -- I
19  can get you the document number -- has already awarded the
20  costs and attorney's fees.
21         THE COURT:  Are you desirous of further discovery
22  on any of these issues?
23         MR. COOPER:  No.
24         THE COURT:  All right.  Very well.
25         Mr. Vachani?

```
 1              I am inclined to proceed, as I indicated.  But
 2    one of the benefits of corporate protection is to treat
 3    the individual separately, and that's why I'm trying to
 4    treat you differently from the corporation.  It could be
 5    that because of your strong involvement with the
 6    corporation that some of this liability might be imposed
 7    against you personally.  But I don't want to do that
 8    without your having the opportunity to at least see
 9    whether or not you can obtain counsel.
10              Are you a U.S. citizen or are you a citizen of
11    Brazil?
12              MR. VACHANI:  I'm a Canadian citizen and also
13    have U.S. citizenship, but I have not lived in the U.S.
14    for quite awhile.
15              THE COURT:  I see.  How long will you be in the
16    United States on this current visit?
17              MR. VACHANI:  I'll be here probably two to three
18    weeks.
19              THE COURT:  Two to three weeks.  Do you have a
20    return flight already scheduled?
21              MR. VACHANI:  I've left it open right now.  If
22    necessary, you know, I'm able to return, but I'm going to
23    be at least 30 days, at about the most, to September, I
24    guess 5th, if necessary.
25              THE COURT:  Well, my order, which will be in
```

1    writing -- and do we have a way of corresponding with you
2    while you're in the United States?  Do you have a
3    current --
4             MR. VACHANI:  I've filed and received
5    authorization for electronic communication.
6             THE COURT:  Very good.  And that has an address
7    to which the Court can rely to give you notices?
8             MR. VACHANI:  Yes, I've authorized and agreed for
9    everything to be done electronically in order to
10   facilitate and make it easier for the Court.
11            THE COURT:  Let me figure out a date.  And my
12   order will require that you immediately file a document
13   appearing pro se.  Failure to do that, I might take the
14   extraordinary step of entering judgment against you.  And
15   I don't want you to have that fate without having an
16   opportunity to retain counsel.
17            And then I'll give you a period of time, perhaps
18   three weeks, to actually have someone substitute and
19   appear.  Now, you don't have to.  You can continue to
20   represent yourself with respect to this.
21            And I'll also address the motions that counsel
22   has raised that are before the Court that you will have to
23   respond to.  And I'll try to do those on an expedited
24   basis to take advantage of the fact that you're here in
25   the country and it's easier to deal with you and for you

```
1   to deal with these matters while you're in the country.
2              MR. VACHANI:  I'll be back in the U.S. on the --
3   September 15th.  From September 15th until October 15th
4   also.
5              THE COURT:  Very well.  That's nice to know.
6              Thank you very much, sir.
7              MR. VACHANI:  Thank you.
8              THE COURT:  The matter's submitted.
9              (Adjourned)
10                              oOo
```

CERTIFICATE OF REPORTER

I, Connie Kuhl, Official Reporter for the United States Court, Northern District of California, hereby certify that the foregoing proceedings were reported by me, a certified shorthand reporter, and were thereafter transcribed under my direction into written form.

_____*Connie Kuhl*_____

Connie Kuhl, RMR, CRR
Monday, August 27, 2012