NAME: Steven Vachani
TELEPHONE: 1-917-267-8823
EMAIL: vachani@yahoo.com

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> POWER VENTURES, INC., a Cayman Island corporation and d//b/a POWER.COM, a California corporation; STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, DOES 2-25, inclusive, <br><br> Defendants. | Case No. 5:08-CV-05780 LHK <br><br> **MOTION FOR CLARIFICATION OF THIS COURT'S ORDER (DKT. NO. 275) REGARDING DETERMINATION OF THE STATUS OF DEFENDANT VACHANI'S PERSONAL LIABILITY** |

I, Defendant Steven Vachani, submit this motion for administrative relief under Civil L.R. 7-11 and respectfully move this Court for entry of the attached order clarifying this Court's 16 February 2012 Order for Summary Judgment in favor of Plaintiff Facebook with respect to the status of determination of my personal liability. Clarification of this issue is now critical to the preservation of the status of, as well as the fairness in awarding protections under, the Bankruptcy Court in my pending Chapter 13 case (*In re Steven Vachani,* Chapter 13 No. 12-47150 RLE 13).

## BACKGROUND AND STATEMENT OF FACTS

On 16 February 2012, the District Court granted summary judgment in favor of Facebook in the matter *Facebook v. Power Ventures, Inc., et al.*, in which I am a co-defendant. A true and correct copy of the order for summary judgment is attached hereto as *Exhibit A*. On page 19 of the order granting summary judgment, Judge Ware found "additional briefing is warranted on two issues: (1) the amount of damages Plaintiff should receive in light of this Order, and (2) the individual liability of Defendant Vachani." Supplemental briefs on these two issues were submitted by Facebook and the co-defendants on 30 March 2012. A true and correct copy of Facebook's supplemental brief entitled "Facebook, Inc.'s Supplemental Brief Regarding Damages and Liability of Defendant Steve Vachani" is attached hereto as *Exhibit B*. A supplemental brief further supporting my position with respect to the issue of personal liability was permitted by Judge Ware and submitted to the Court by me on 15 August 2012, a true and correct copy of which is attached hereto as *Exhibit C*.

From early in the Chapter 13 case, Facebook argued for dismissal, asserting bad faith in filing for bankruptcy. On 12 December 2012, Creditor Facebook, Inc. filed a claim against me for $18,258,643 (Claim 8) in my pending Chapter 13 case, true and correct copy of which is attached hereto as *Exhibit D*. This claim is based on Facebook's self-asserted entitlement against me, the individual defendant, and my co-defendant, the corporation by which I was employed, in this pending civil matter. Facebook's claim is objectionable on the basis that: 1) it assumes I have been or will be found jointly liable for the actions of the corporate defendant in the pending civil case, and 2) it states the maximum possible statutory and punitive award, a value that has not been determined by the District Court.

The requested Order, in addition to this Court's final judgment, will enable resolution of these remaining issues in the Chapter 13 case.

## I. PROGRESSION OF THE CHAPTER 13 CASE IS DEPENDENT ON RESOLUTION AND CLARIFICATION OF THE PRESENT CASE.

The Bankruptcy Court is not prepared to deal with the Facebook claim (Claim 8) until a judgment is entered and the question of liability status with respect to my standing for relief under Chapter 13 is answered. The Bankruptcy Court agrees, and so stated at the 29 January 2013 hearing on the Trustee's request for dismissal, that there is potential benefit to me under Chapter 13, and the debt limit may not be a hinderance if, in fact, it appears that liability and damages, if any, against me were not readily determinable on 27 August 2012 when I filed for bankruptcy. Chapter 13 Judge Efremsky noted that final judgment by this Court may bring such clarification as to whether Facebook's claim against me, personally, was readily determinable at the time of filing. To ensure efficient and timely resolution of this Chapter 13 issue, I now bring the matter to this Court's attention.

## II. CLARIFICATION IS CRITICAL TO THE DETERMINATION OF MY STANDING TO RECEIVE CHAPTER 13 PROTECTIONS

On the issue of my standing for relief under Chapter 13, Facebook and, subsequently, the Trustee have pending arguments before the Bankruptcy Court that my personal liability was determined *prior* to filing for Chapter 13 and that the amount of damages against me was readily determinable to such an amount as to disqualify me from the protections afforded under Chapter 13 of the Bankruptcy Code pursuant to the $360,475.00 unsecured debt limit under 11 U.S.C. § 109(e).

Looking at the facts in light most favorable to me, the debtor, if Facebook prevails in

obtaining a substantial judgment against me, I would likely be entitled to the fresh start afforded by bankruptcy law, as would be critical not only to my present livelihood but also to my prospective employability.

### III. CLARIFICATION IS CRITICAL TO CLAIM ALLOWABILITY IN THE CHAPTER 13 CASE

Further, such clarification may be critical to the allowability of Facebook's claim, should there be a judgment in this case against me personally, given that Facebook sought to interfere with the Chapter 13 proceedings. In addition to arguing against my good faith efforts in seeking bankruptcy protections, Facebook filed a claim that is false on the basis that no judgment for liability or damages has been entered against me in the civil matter and is fraudulent in that it appears to intentionally mislead the Bankruptcy Court as to the status of my liability for the corporate actions. As Facebook continues to misrepresent the status of the civil case and the nature of the Summary Judgment in its communications to the Bankruptcy Court despite ample opportunity to correct their position, I request that this Court clarify that no such determination had been made as of 27 August 2012 when this case was administratively closed.

WHEREFORE, I respectfully request that this Court enter an order clarifying its previous Order (Dkt. No. 275) with respect to status of determination of my personal liability, and I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge, and that this document was executed in Rio de Janeiro, Brazil.

Dated: April 25, 2013              Respectfully Submitted,

By: _____[signature]_____  /s/ Steven Vachani

Steven Suraj Vachani

**[PROPOSED] ORDER**

The motion of Defendant Steven Vachani for an order clarifying this Court's previous Order (Dkt. No. 275) with respect to the status of determination of his personal liability in this case came on for review by the court on the following date: _____.

Upon review of the Order at issue in conjunction with supporting documentation, it appears that this Court did not make a determination of liability against the individual defendant, Steven Vachani, in its Order for Summary Judgment on 16 February 2012 (Dkt. No. 275) or in any subsequent Order or Judgment to date.

IT IS, THEREFORE, ORDERED that at the time of the 27 August 2012 administrative closure of this case, neither Defendant Vachani's liability nor the amount of potential damages based thereon was readily determinable.

**IT IS SO ORDERED.**

Dated:                                                   By: _____
                                                              Honorable Lucy H. Koh
                                                              United States District Court Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on **April 25, 2013,** I served the following document(s) by the method indicated below:

- MOTION FOR CLARIFICATION OF THIS COURT'S ORDER (DKT. NO. 275) REGARDING DETERMINATION OF THE STATUS OF DEFENDANT VACHANI'S PERSONAL LIABILITY

**X   ECF System:** By filing the document(s) listed above on the Court's Electronic Case Filing System, I am informed and believe that the documents will be electronically served on all individuals registered with such system. To my knowledge, every individual to whom notice is required is registered with this system and, thus, has been served with due notice by action of this electronic filing.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed in Rio de Janeiro, Brazil, on April 25th, 2013.

By: _____ /s/ Steven Vachani
Steven Suraj Vachani