1  I. NEEL CHATTERJEE (STATE BAR NO. 173985)
   nchatterjee@orrick.com
2  MONTE COOPER (STATE BAR NO. 196746)
   mcooper@orrick.com
3  MORVARID METANAT (STATE BAR NO. 268228)
   mmetanat@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
5  Menlo Park, California  94025
   Telephone:    650-614-7400
6  Facsimile:    650-614-7401

7  Attorneys for Plaintiff
   FACEBOOK, INC.
8

9                UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                  SAN FRANCISCO DIVISION

12

| 13 | FACEBOOK, INC., | Case No. 5:08-cv-05780-LHK |
|---|---|---|
| 14 | Plaintiff, | **FACEBOOK, INC.'S OPPOSITION TO DEFENDANT STEVE VACHANI'S MOTION FOR ADMINISTRATIVE RELIEF** |
| 15 | v. | |
| 16 | POWER VENTURES, INC. a Cayman Island corporation, STEVE VACHANI, an individual; DOE 1, s/b/a POWER.COM, DOES 2-25, inclusive, | Dept:     Courtroom 8, 4th Floor |
| 17 | | Judge:    Hon. Judge Lucy H. Koh |
| 18 | Defendants. | |

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

OHSUSA:753608362.2

FACEBOOK'S OPP. TO VACHANI'S MOTION FOR
ADMINISTRATIVE RELIEF
5:08-CV-05780-LHK

Case 5:08-cv-05780-LHK   Document 336   Filed 04/29/13   Page 2 of 5

## I. INTRODUCTION

Defendant Steve Vachani's ("Vachani") motion for administrative relief under Civil L.R. 11 should be denied because (1) Vachani seeks substantive relief from the Court, not the Court's assistance on a miscellaneous administrative matter; and (2) Vachani failed to comply with Civil Local Rule 7-11.

## II. DISCUSSION

### A. Vachani's Request Is Substantive, Not Administrative.

The relief Vachani seeks is not available under Civil Local Rule 7-11, which may be used only to request "[c]ourt order[s] with respect to miscellaneous administrative matters . . . such as motions to exceed otherwise applicable page limitations or motions to file documents under seal." Civil L.R. 7-11.  Vachani is seeking far more than mere "administrative relief"; he is requesting this Court to issue a substantive ruling relating to one of the critical remaining issues in this matter—Vachani's personal liability for the violation of the CAN-SPAM Act, Computer Fraud and Abuse Act ("CFAA"), and California Penal Code Section 502.  *See* Dkt. No. 275 at 19.

Northern District courts have criticized litigants for "fil[ing] motions concerning substantive matters disguised as motions concerning miscellaneous administrative matters under Civil Local. Rule 7-11." *Tuttle v. Sky Bell Asset Mgmt. LLC*, No. C10-03588 WHA, 2011 U.S. Dist. LEXIS 25048, *6 (N.D. Cal. Feb. 28, 2011); *see also Morgenstein v. AT&T Mobility LLC*, No. CV09-3173SBA, 2009 LEXIS 91472, *3 (N.D. Cal. Sept. 17, 2009); *Advanced Internet Technologies, Inc. v. Google Inc.*, 2006 U.S. Dist. LEXIS 20117, *3-4 (N.D. Cal. Apr. 5, 2006). While Vachani states that he is merely seeking "clarification," Courts have explicitly held that Rule 7-11 is an improper vehicle by which to "seek[] amendment or clarification." *Spieler v. Mt. Diablo Unified School District*, No. C98-0951 CW, 2007 U.S. Dist. LEXIS 47534, *8-9, (N.D. Cal. Jun. 20, 2007).  That being said, Vachani is seeking far more than "clarification."  In his "administrative" request, Vachani asks this Court to make a determination on his personal liability in the district court action—namely that the damages and/or liability against Vachani were not "readily determinable" when he voluntarily filed for bankruptcy in the Bankruptcy Court of the Northern District of California ("Bankruptcy Court"). Dkt. No. 332 at 3.  The question of

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

OHSUSA:753608362.2

-1-

FACEBOOK'S OPP. TO VACHANI'S MOTION FOR ADMINISTRATIVE RELIEF
5:08-cv-05780-LHK

Vachani's liability, however, was fully briefed prior to Vachani filing his bankruptcy petition, and it remains pending before the Court. *See* Facebook's Supplemental Brief Regarding Damages and Liability of Defendant Steve Vachani ("Supplemental Brief"), Dkt. No. 300. While this motion was stayed when Defendants' filed voluntary petitions for relief in the Bankruptcy Court, the respective stays have been lifted and Facebook's motion is once again under submission. Vachani's motion is an improper attempt to circumvent the civil local rules, to get a substantive ruling on an issue that is fully briefed and currently pending before the Court.

Moreover, the issues raised by Vachani are the very subject of the case management conference scheduled for this Wednesday, May 1, 2013. These issues are more appropriate for the case management conference, where Facebook encourages the Court to set the proper procedure for resolving the issues raised by Vachani, as well as the other remaining issues in this case.

### B. Vachani's Request Is Procedurally Defective.

Civil L.R. 7-11(a) requires:

> A motion for an order concerning a miscellaneous administrative matter . . . must be accompanied by . . . ***either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained***.

Vachani has not filed a stipulation or a declaration, as required by Local Rule 7-11. "Failure to comply with the Court's local rules provides grounds for rejecting [Vachani's] motion." *See Tri Valley Cares v. United States DOE*, Case No. C08-1372 SBA, 2010 U.S. Dist. LEXIS 107930, *38 (N.D. Cal., Sept. 30, 2010), *citing Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 582 (9th Cir. 2010).[1]

/ / /

/ / /

---

[1] While Facebook is not required to substantively oppose Vachani's motion as it is improper, Facebook notes that Vachani's administrative motion is rife with inaccuracies. By way of example, Facebook never "interfered" with Vachani's Chapter 13 bankruptcy or represented to the Bankruptcy Court that it had an already liquidated award of damages. *See* Vachani's Mot. at 4. Facebook's version of events that transpired in the bankruptcy proceeding are to a large extent included in its concurrently field Case Management Statement. *See* Dkt. No. 333.

OHSUSA:753608362.2

- 2 -

FACEBOOK'S OPP. TO VACHANI'S MOTION FOR ADMINISTRATIVE RELIEF
5:08-CV-05780-LHK

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

### III. CONCLUSION

For the foregoing reasons, Facebook respectfully requests that the Court deny Vachani's motion for administrative relief.

Dated: April 29, 2013                              ORRICK, HERRINGTON & SUTCLIFFE LLP


                                                   By:      /s/ I. Neel Chatterjee
                                                          I. NEEL CHATTERJEE
                                                          Attorneys for Plaintiff
                                                          FACEBOOK, INC.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

OHSUSA:753608362.2

-3-

FACEBOOK'S OPP. TO VACHANI'S MOTION FOR ADMINISTRATIVE RELIEF
5:08-CV-05780-LHK

## CERTIFICATE OF SERVICE

I hereby certify that the document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants as follows:

| | |
|---|---|
| X | By transmitting the document(s) via electronic mail to the email addresses set forth below before 5:30 p.m. on April 29, 2013. |
| X | By placing the document(s) in a sealed envelope with postage thereon fully prepaid, in the United States mail at Menlo Park, California addressed as set forth below on April 29, 2013. |

**Steven Vachani** *(Pro Per)*
Email: vachani@yahoo.com
2425B Channing, #216
Berkeley, CA 94704
Tel:    (917) 267-8823

Dated: April 29, 2013                              */s/ I. Neel Chatterjee*
                                                        I. Neel Chatterjee

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

OHSUSA:753608362.2

-4-

FACEBOOK'S OPP. TO VACHANI'S MOTION FOR ADMINISTRATIVE RELIEF
5:08-CV-05780-LHK