```
 1                 UNITED STATES DISTRICT COURT

 2               NORTHERN DISTRICT OF CALIFORNIA

 3                      SAN JOSE DIVISION

 4

 5

    FACEBOOK, INC.,                 )  C-08-05780 LHK LHK
 6                                  )
                   PLAINTIFF,       )  SAN JOSE, CALIFORNIA
 7                                  )
               VS.                  )  MAY 1, 2013
 8                                  )
    POWER VENTURES, INC. A CAYMAN   )  PAGES 1-26
 9  ISLAND CORPORATION; STEVE       )
    VACHANI, AN INDIVIDUAL; DOE 1   )
10  D/B/A POWER.COM, DOES 2-25,     )
    INCLUSIVE,                      )
11                                  )
                   DEFENDANTS.      )
12  _____

13                TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE LUCY H. KOH
14              UNITED STATES DISTRICT JUDGE

15  A P P E A R A N C E S:

16  FOR THE PLAINTIFF:    ORRICK, HERRINGTON & SUTCLIFFE
                          BY:  I. NEEL CHATTERJEE
17                             MONTE F. COOPER
                          1000 MARSH ROAD
18                        MENLO PARK, CALIFORNIA  94025

19  FOR THE DEFENDANT:    AROPLEX LEGAL SERVICES
                          BY:  AMY S. ANDERSON
20                        156 2ND STREET
                          SAN FRANCISCO, CALIFORNIA  94105
21
    PRESENT BY PHONE:     STEVEN S. VACHANI
22

23  OFFICIAL COURT REPORTER:    LEE-ANNE SHORTRIDGE, CSR, CRR
                                CERTIFICATE NUMBER 9595
24

25       PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
              TRANSCRIPT PRODUCED WITH COMPUTER
```

```
 1        SAN JOSE, CALIFORNIA                    MAY 1, 2013

 2                        P R O C E E D I N G S

 3            (COURT CONVENED AND THE FOLLOWING PROCEEDINGS WERE HELD:)

 4              THE CLERK:  CALLING CASE NUMBER C-08-05780 LHK,

 5       FACEBOOK INCORPORATED VERSUS POWER VENTURES, INCORPORATED.

 6              MR. CHATTERJEE:  GOOD AFTERNOON, YOUR HONOR.

 7       NEEL CHATTERJEE AND MONTY COOPER HERE FOR FACEBOOK.

 8              THE COURT:  OKAY.  GOOD AFTERNOON.

 9              MS. ANDERSON:  GOOD AFTERNOON, YOUR HONOR.

10       AMY ANDERSON HERE FOR POWER VENTURES, INC.

11              THE COURT:  OKAY.  GOOD AFTERNOON.

12          AND I BELIEVE THAT --

13              MR. VACHANI:  HELLO?

14              THE COURT:  GO AHEAD.

15              MR. VACHANI:  YES, THIS IS STEVE VACHANI REPRESENTING

16       MYSELF AS DEFENDANT ON THE TELEPHONE.

17              THE COURT:  OKAY.  OKAY.  WELL, WELCOME.  WE HAVE A

18       LOT OF ISSUES TO COVER.

19          LET ME FIRST HEAR, WHAT IS THE STATUS OF FACEBOOK'S MOTION

20       TO DISMISS MR. VACHANI'S CHAPTER 13 BANKRUPTCY?  IS THAT SET

21       FOR A HEARING?  ARE YOU EXPECTING A DECISION AT ANY POINT?

22              MR. CHATTERJEE:  YOUR HONOR, I DON'T KNOW IF

23       THERE'S -- I'LL LET MR. VACHANI ANSWER FIRST.

24              THE COURT:  OKAY.

25              MR. VACHANI:  YES.  AS OF NOW, THE JUDGE HAS
```

1     INDICATED THAT HE WOULD LIKE TO FIRST UNDERSTAND WHERE WE STAND

2     ON LIABILITY AND POTENTIAL DAMAGES, SO IT'S BASICALLY BEEN

3     EXTENDED AS FAR AS I UNDERSTAND IT, AND THEN LATER -- THE NEXT

4     DATE IS IN, I THINK, MAY 21ST.  AND OBVIOUSLY THE JUDGE IS JUST

5     WAITING FOR MORE INFORMATION FROM THE CIVIL CASE.

6          THE COURT:  OKAY.  ALL RIGHT.

7        WELL, WHAT I INTEND TO DO -- I WAS, FRANKLY, CONFUSED BY

8     MR. VACHANI'S MOTION FOR CLARIFICATION REGARDING THE STATUS OF

9     LIABILITY.

10       MY SENSE FROM READING JUDGE WARE'S ORDER GRANTING SUMMARY

11    JUDGMENT IN FACEBOOK'S FAVOR, THE DAMAGES AMOUNT HAS NEVER BEEN

12    AGREED UPON -- OR RULED UPON BY THE COURT AND MR. VACHANI'S

13    PERSONAL JOINT AND SEVERAL LIABILITY WITH POWER VENTURES HAS

14    NEVER BEEN DETERMINED.

15       IS THAT CORRECT?

16          MR. CHATTERJEE:  YOUR HONOR, YES, I THINK THAT'S

17    RIGHT.  THE -- THERE'S TWO ISSUES THAT I THINK HAVE CREATED A

18    LITTLE BIT OF CONFUSION.

19       ON THE FIRST ISSUE, IN THE SUMMARY JUDGMENT ORDER,

20    JUDGE WARE ASKED FOR SUPPLEMENTAL BRIEFING --

21          THE COURT:  UM-HUM.

22          MR. CHATTERJEE:  -- ON TWO ISSUES:  THE ISSUE OF

23    MR. VACHANI'S PERSONAL LIABILITY; AND THE QUANTIFICATION OF THE

24    RIGHT AMOUNT OF DAMAGES.

25          THE COURT:  UM-HUM.

```
 1              MR. CHATTERJEE:  FOLLOWING THAT -- WE MAY HAVE SOME
 2     BRIEFING ON INJUNCTIVE RELIEF AND THINGS LIKE THAT, BUT THOSE
 3     ARE THE TWO ISSUES THAT REMAIN.
 4              THE COURT:  OKAY.
 5              MR. CHATTERJEE:  SUBSEQUENT TO THAT, THERE WAS ALL OF
 6     THIS PROCEDURAL COMPLEXITY AROUND THE LAW FIRM'S WITHDRAWAL AND
 7     THE STRIKING OF THE ANSWER --
 8              THE COURT:  UM-HUM.
 9              MR. CHATTERJEE:  -- AND THE ENTRY OF A DEFAULT.
10         AND IN THAT ORDER, THE JUDGE ONLY REFERRED TO THE DAMAGES
11     AMOUNT, BUT DIDN'T TALK ABOUT MR. VACHANI'S PERSONAL LIABILITY.
12     I THINK THERE WAS SOME CONFUSION AROUND THAT.
13         HOWEVER, I THINK IT'S FAIR TO SAY THAT THE SUBMITTED ISSUE
14     THAT'S BEFORE JUDGE WARE DEALS WITH THOSE TWO ISSUES:
15     MR. VACHANI'S PERSONAL LIABILITY; AND THE QUANTIFICATION OF
16     DAMAGES.
17              THE COURT:  OKAY.  WELL, I'M GOING TO DENY THE MOTION
18     FOR CLARIFICATION.  I DON'T BELIEVE THAT THERE HAS BEEN
19     ESSENTIALLY ANY CHANGE SINCE JUDGE WARE'S FEBRUARY 16TH, 2012
20     SUMMARY JUDGMENT ORDER.
21         SO MR. VACHANI, WHAT YOU CAN TELL JUDGE EFREMSKY IS THAT
22     THAT ISSUE, NUMBER ONE, YOUR PERSONAL LIABILITY AND WHETHER
23     YOU'RE JOINTLY AND SEVERALLY LIABLE WITH POWER VENTURES HAS NOT
24     BEEN DECIDED; AND THE FULL EXTENT OF THE DAMAGES HAS NOT BEEN
25     DECIDED YET.
```

```
 1        SO I DON'T KNOW IF THAT'S A GRANT OR A DENIAL OF YOUR

 2    MOTION, BUT THAT'S THE CLARIFICATION.  OKAY?  SO I'M GOING TO

 3    TAKE --

 4             MR. VACHANI:  I'LL TAKE THAT AS A CLEAR INDICATION

 5    AND PASS THAT, THOSE WORDS ON TO HIM.

 6             THE COURT:  OKAY.  AND I'M -- I'M PLANNING TO ISSUE A

 7    CASE MANAGEMENT ORDER WHERE I'LL SET -- I'LL MAKE THAT

 8    STATEMENT IN THE ORDER IN CASE YOU NEED A DOCUMENT TO PRESENT

 9    TO JUDGE EFREMSKY.  OKAY?

10             MR. VACHANI:  OKAY.

11             THE COURT:  ALL RIGHT.  NOW, WHAT I WOULD LIKE TO

12    DO -- OR MAYBE THAT'S A GRANT INSTEAD OF A -- I'M JUST GOING

13    TO -- I'LL JUST DENY IT AS MOOT, OKAY?

14        NOW, WHAT I WOULD LIKE TO DO IS -- LET ME DO SOME OTHERS.

15        WITH REGARD TO THE ISSUE OF THE 28,000 IN FEES AND COSTS

16    FOR THE POWER VENTURES 30(B)(6) DEPOSITION, I'D LIKE YOU TO

17    FILE THAT MOTION WITH JUDGE SPERO.  SINCE HE'S THE ONE THAT HAD

18    ORDERED THE REIMBURSEMENT OF FEES AND COSTS, I THINK IT IS MORE

19    APPROPRIATELY BEFORE HIM.  SO IF YOU WOULD PLEASE FILE THAT

20    WITH JUDGE SPERO.

21        NOW, LET'S HANDLE THE ISSUE OF POWER VENTURES.  THE

22    CLERK'S OFFICE, BECAUSE THE BANKRUPTCY STAY WAS IN EFFECT, JUST

23    AUTOMATICALLY TERMINATED THE FACEBOOK MOTION FOR DEFAULT

24    JUDGMENT AND POWER VENTURES' MOTION TO SET ASIDE DEFAULT.

25        LET ME TELL YOU WHAT MY TENTATIVE THOUGHTS ARE ON THIS AND
```

1    THEN I'LL GIVE YOU AN OPPORTUNITY TO RESPOND.

2           I UNDERSTAND FACEBOOK'S FRUSTRATION WITH WHAT MAY APPEAR

3    TO BE SOME DELAY AND MANIPULATION OF PROCEEDINGS TO AVOID

4    LIABILITY.

5           ON THE OTHER HAND, POWER VENTURES DID NOT HAVE COUNSEL ON

6    AUGUST 6TH, 2012 AT JUDGE WARE'S ORDER TO SHOW CAUSE HEARING

7    AND AT THE TIME THAT JUDGE WARE ENTERED THE DEFAULT BACK ON

8    AUGUST 8TH OF 2012, BUT THEY DID HIRE NEW COUNSEL TO FILE THE

9    MOTION TO SET ASIDE DEFAULT BY AUGUST 23RD, SO IT'S SORT OF

10   ROUGHLY LESS THAN TWO WEEKS.

11          I, FRANKLY, THINK THAT IF THIS WERE TO GO UP TO THE NINTH

12   CIRCUIT, I THINK THE NINTH CIRCUIT WOULD BE SOMEWHAT LENIENT

13   AND ALLOW -- OBVIOUSLY THE LAPSE IN COUNSEL WAS LONGER THAN

14   THOSE TWO WEEKS, BUT I STILL THINK THAT PERHAPS THE CIRCUIT

15   WOULD REQUIRE A LOWER COURT, LIKE THIS ONE, TO MAYBE OVERLOOK

16   THAT PERIOD OF LACK OF COUNSEL.

17          NOW, SHOULD POWER VENTURES DO THAT AGAIN, THEN I FEEL

18   COMPLETELY WITH AUTHORITY TO JUST GRANT A DEFAULT, A DEFAULT

19   JUDGMENT -- I DON'T CARE IF THEY COME BACK THE NEXT DAY WITH A

20   LAWYER -- BECAUSE THEN THEY'RE REALLY GAMING THE SYSTEM AND I

21   WOULD FEEL, ON APPEAL, THAT I WOULD HAVE A RECORD.

22          BUT ON THIS RECORD, AND MAYBE IT'S JUST BECAUSE I'M NEW TO

23   THE CASE AND I DON'T UNDERSTAND THE FULL EXTENT OF ANY

24   GAMESMANSHIP THAT OCCURRED, I WOULD BE INCLINED TO SET ASIDE

25   THE DEFAULT AND TO DENY YOUR MOTION FOR DEFAULT JUDGMENT, TO

1    SET A HEARING DATE ON THE INITIAL -- THE ORIGINAL ISSUES THAT

2    JUDGE WARE IDENTIFIED, SET A HEARING DATE FOR THAT.

3         SO LET ME GIVE YOU A CHANCE TO RESPOND TO THAT.

4         MR. CHATTERJEE:  SURE, YOUR HONOR.

5         SO, YOU KNOW, I THINK IN A LOT OF CIRCUMSTANCES I PROBABLY

6    WOULD JUST HAVE AGREED WITH YOU AND WE WOULDN'T HAVE MOVED AS

7    AGGRESSIVELY AS WE DID.

8         THE COURT:  UM-HUM.

9         MR. CHATTERJEE:  BUT TO BE CANDID, THIS CASE HAS BEEN

10   A CONTINUAL SOURCE OF PROCEDURAL FRUSTRATION FOR US BECAUSE OF

11   THE GAMES MR. VACHANI HAS PLAYED.

12        I DON'T KNOW MY OPPOSING COUNSEL NOW, SO I HAVE NO OPINION

13   ONE WAY OR THE OTHER.  I'M SURE SHE'S PERFECTLY QUALIFIED, AND

14   BY ALL REPORTS SHE'S A VERY NICE PERSON, AN EASY ONE TO GET

15   ALONG WITH.

16        THE COURT:  UM-HUM.

17        MR. CHATTERJEE:  BUT THIS IS A DIFFERENT CASE THAN

18   YOUR TYPICAL DEFAULT JUDGMENT CASE WHERE, YOU KNOW, YOU HAVE

19   SOMEBODY COME IN UNDER A COMPANY NAME EARLY ON AND THEY DON'T

20   KNOW WHAT THEY'RE DOING.

21        THE COURT:  UM-HUM.

22        MR. CHATTERJEE:  HERE WE HAVE ACTIVITY AFTER ACTIVITY

23   AFTER ACTIVITY IN THE CASE WHERE MR. VACHANI, AND POWER

24   VENTURES, JUST DON'T FOLLOW THE RULES.

25        THE VERY FIRST THING YOU TALKED ABOUT WAS A SANCTIONS ORDER

1    ON A 30(B)(6) DEPOSITION.  I MEAN, THAT'S -- EVEN THAT'S

2    UNUSUAL.  YOU KNOW, MR. VACHANI JUST CHOOSES NOT TO FOLLOW THE

3    LEGAL PROCESS HERE.

4        YOU'LL SEE IN OUR BRIEFING, ON THE SUPPLEMENTAL BRIEFING ON

5    THE TWO ISSUES, WHEN WE SERVED DOCUMENT REQUESTS FOR VERY

6    IMPORTANT, CRITICAL DOCUMENTS IN THE CASE, HE DESTROYED THEM.

7        THIS IS NOT A CASE OF A TYPICAL DEFAULT JUDGMENT WHERE

8    SOMEONE JUST BLEW A DEADLINE BY ACCIDENT.

9        THIS IS SOMETHING WHERE WE'RE AT THE VERY END OF A CASE;

10   MR. VACHANI KNOWS HOW THIS IS GOING; THERE'S, YOU KNOW, SOME

11   VERY UNFAVORABLE RULINGS; AND EVERY STEP ALONG THE WAY HE HAS

12   ERECTED PROCEDURAL ROADBLOCKS THAT WE HAVE HAD TO DEAL WITH AND

13   THEN OVERCOME, AND WE HAVE OVERCOME THEM.

14       THE COURT:  UM-HUM.

15       MR. CHATTERJEE:  AND SO, YOU KNOW, THIS DOES STRIKE

16   AS A DIFFERENT CASE WHERE, IN YOUR HONOR'S DISCRETION, YOU CAN

17   LOOK AT THE HISTORY OF THIS CASE AND ENTER A DEFAULT JUDGMENT

18   GIVEN THE PATTERN OF ACTIVITY THAT MR. VACHANI AND POWER

19   VENTURES HAVE CHOSEN TO FOLLOW.

20       THE COURT:  UM-HUM.

21       MR. CHATTERJEE:  I TOTALLY WOULD AGREE WITH YOU IF WE

22   WERE AT THE BEGINNING, OR EVEN THE MIDDLE OF THE CASE --

23       THE COURT:  UM-HUM.

24       MR. CHATTERJEE:  -- WHERE NOTHING ELSE HAD HAPPENED

25   AND WE DIDN'T HAVE THE HISTORY --

```
1            THE COURT:  UM-HUM.
2            MR. CHATTERJEE:  -- IF YOUR HONOR WOULD SAY, "LOOK,
3    IT WAS JUST A COUPLE WEEKS, IT WAS ONE INSTANCE, I'M GOING TO
4    OVERLOOK IT."  BUT THAT ISN'T THIS CASE.
5            THE COURT:  YEAH.  WELL, LET ME ASK YOU, MY -- MY
6    CONCERN IS THAT FROM WHAT I CAN TELL OF THE RECORD, THE RECORD
7    FOR THE DEFAULT ENTRY IS LACK OF COUNSEL AND ALL OF THE OTHER
8    ABUSES, MANIPULATION, GAMESMANSHIP WAS NOT PART OF THAT
9    DETERMINATION.
10       SO IF IT WERE TO GO DIRECTLY UP ON APPEAL FOR THE DEFAULT
11   DEFAULT JUDGMENT, THE CIRCUIT WOULD ONLY BE LOOKING AT THAT ONE
12   ISSUE OF LACK OF COUNSEL, RIGHT?  BECAUSE I DON'T THINK THAT
13   JUDGE WARE'S ORDER TO SHOW CAUSE SORT OF LAID OUT ALL OF THE
14   OTHER PAST ABUSES THAT WOULD PERHAPS JUSTIFY SUCH AN AWARD.
15   DOES THAT MAKE SENSE?
16           MR. CHATTERJEE:  BUT, YOUR HONOR, IT IS IN OUR
17   BRIEFING THAT WE SUBMITTED, AND IT IS PART OF THE RECORD IN THE
18   PAPERS THAT WE FILED, INCLUDING THE ONES WHERE THEY FILED A
19   MOTION TO SET ASIDE THE DEFAULT.
20           THE COURT:  UM-HUM.
21           MR. CHATTERJEE:  AND SO, YOU KNOW, THIS PATTERN OF
22   ACTIVITY IS -- I MEAN, IT IS VERY MUCH PART OF THE CASE AND
23   PART OF THE MOTION.
24       YOU'RE RIGHT THAT JUDGE WARE ISSUED AN ORDER TO SHOW CAUSE.
25           THE COURT:  UM-HUM.
```

```
1            MR. CHATTERJEE:  BUT IT WAS BECAUSE WE SHOWED UP IN

2    COURT, MR. VACHANI WASN'T THERE IF MY MEMORY SERVES -- IT'S

3    BEEN A WHILE --

4            THE COURT:  A WHILE, YEAH.

5            MR. CHATTERJEE:  -- AND HE ISSUES THE ORDER TO SHOW

6    CAUSE, AND THEN AFTER THAT HAPPENS, HE BELATEDLY HIRES COUNSEL

7    AND THEY MOVE TO SET ASIDE.

8            THE COURT:  UM-HUM.

9            MR. CHATTERJEE:  MY RECOLLECTION IS WE CROSS-MOVED ON

10   THAT.  AND WE DID KIND OF DOCUMENT THIS, THIS HISTORY OF ALL

11   THE ACTIVITIES IN THE CASE.

12           THE COURT:  UM-HUM.

13           MR. CHATTERJEE:  AND AS I SAID, I UNDERSTAND YOUR

14   HONOR'S VIEW THAT THERE MAY BE SOME INDICATIONS OF

15   MANIPULATION.  WE OBVIOUSLY FEEL MUCH MORE STRONGLY ABOUT THAT,

16   PARTICULARLY THE TIMING OF IT --

17           THE COURT:  UM-HUM.

18           MR. CHATTERJEE:  -- AT THE TIME OF JUDGE WARE

19   RETIRING.

20           THE COURT:  WELL, I'M OBVIOUSLY NOT, YOU KNOW,

21   FAMILIAR WITH THE FULL RECORD AND THE HISTORY OF A CASE THAT'S

22   BEEN PENDING SINCE 2008.

23       BUT YOU SEE MY CONCERN, RIGHT, MR. CHATTERJEE?  IF THIS

24   GOES UP, IT WILL GO UP JUST ON THE OSC AND THE LACK OF COUNSEL

25   AND I JUST HAVE SOME CONCERNS THAT ULTIMATELY IT -- I MEAN, I
```

1     DON'T KNOW.  DO YOU EVEN ANTICIPATE THAT THERE ARE ANY ASSETS

2     HERE TO BE GOTTEN?  OR IS IT -- LET ME ASK THAT POINT.  IS

3     THERE --

4              MR. CHATTERJEE:  I'LL BE CANDID WITH YOUR HONOR.  THE

5     FINAL RESULT WE'RE LOOKING FOR IS WE DO WANT, YOU KNOW, A

6     SIGNIFICANT JUDGMENT --

7              THE COURT:  YES.

8              MR. CHATTERJEE:  -- NOT ONLY FOR THIS CASE, BUT

9     BECAUSE THIS IS A PERSISTENT ISSUE WHICH APPLIES.

10             THE COURT:  SURE.

11             MR. CHATTERJEE:  BUT WE ALSO WANT AN INJUNCTION

12    AGAINST POWER VENTURES AND MR. VACHANI.  WE WANT HIM TO NOT

13    HACK INTO OUR SYSTEM AGAIN AND HIS COMPANY NOT TO DO THAT.

14             THE COURT:  UM-HUM.

15             MR. CHATTERJEE:  AND AT THE END OF THE DAY, YOU KNOW,

16    THAT'S WHAT I'M GOING TO BE SAYING HERE IS THE WAY THAT WE

17    DEFINE FINALITY IN THIS CASE.

18             THE COURT:  UM-HUM.

19             MR. CHATTERJEE:  AND, YOU KNOW, FROM OUR PERSPECTIVE,

20    THAT'S THE GOAL AND THERE'S JUST CONSTANT ROADBLOCKS THROWN UP

21    TO GET IN THE WAY.

22             THE COURT:  UM-HUM.

23             MR. CHATTERJEE:  THERE'S NOT REALLY ANY MYSTERY ABOUT

24    HOW THIS IS GOING TO COME OUT --

25             THE COURT:  UM-HUM.

```
1              MR. CHATTERJEE:  -- FOLLOWING JUDGE WARE'S RULING.

2         THERE MIGHT BE AN ISSUE AS TO THE DOLLAR VALUE.

3              THE COURT:  UM-HUM.

4              MR. CHATTERJEE:  BUT, YOU KNOW, THE ULTIMATE

5    CONCLUSION HERE, IT'S A MATTER OF WHAT'S THE RIGHT NUMBER TO

6    PICK.

7         I DON'T THINK THAT YOU NEED TO WORRY AS MUCH ABOUT THE

8    NINTH CIRCUIT AS YOUR HONOR IS SUGGESTING --

9              THE COURT:  YEAH.

10             MR. CHATTERJEE:  -- BECAUSE OF THE FACT THAT THERE

11   WERE THESE COMPETING MOTIONS AND THE HISTORY OF THIS CASE HAS

12   BEEN DOCUMENTED THEREIN.

13             THE COURT:  UM-HUM.

14             MR. CHATTERJEE:  AND IF YOUR HONOR WANTS ADDITIONAL

15   AUTHORITY ON THAT, WE'RE HAPPY TO LAY THAT OUT AND SUBMIT IT,

16   BECAUSE IT'S A PRETTY SORDID TALE OF THIS CASE.

17             THE COURT:  WELL, I'M ALSO THINKING JUST IN TERMS OF

18   GENERALLY -- I DID REVIEW THE MOTION TO SET ASIDE DEFAULT AND

19   THE CROSS APPLICATION FOR A DEFAULT JUDGMENT.  YOU'RE MAKING A

20   COMPELLING CASE.

21             MS. ANDERSON:  YOUR HONOR, MAY I CLARIFY THE

22   CIRCUMSTANCES SURROUNDING THE DEFAULT?

23             THE COURT:  GO AHEAD, PLEASE.

24             MS. ANDERSON:  AS FAR AS I'M AWARE, THE THREE AND A

25   HALF YEARS OF LITIGATION UP TO THAT POINT HAD DRAINED POWER
```

```
 1    VENTURES LONG BEFORE THAT POINT AND THEY WERE IN DEFAULT IN

 2    THEIR PAYMENTS TO THEIR COUNSEL.

 3              THE COURT:  UM-HUM.

 4              MS. ANDERSON:  AND THEY HUNG ON THROUGH FINAL

 5    BRIEFING, OR WHAT THEY ANTICIPATED TO BE FINAL BRIEFING, BEFORE

 6    FILING A MOTION TO WITHDRAW, WHICH WAS GRANTED.

 7              THE COURT:  UM-HUM.

 8              MS. ANDERSON:  MY UNDERSTANDING IS THAT MR. VACHANI

 9    AND POWER VENTURES WEREN'T -- EITHER WEREN'T AWARE THAT THEY

10    NEEDED TO REPLACE COUNSEL OR WEREN'T AWARE THAT THERE WAS A

11    NEED TO AT THAT POINT BECAUSE IT DID APPEAR THAT THE FINAL

12    JUDGMENT WAS IMMINENT.

13         SO WHEN THEY WERE CALLED TO EVENTUALLY SHOW CAUSE,

14    MR. VACHANI DID MAKE AN APPEARANCE AND HE DID ATTEMPT TO MAKE

15    AN APPEARANCE FOR POWER VENTURES.

16         HE SPOKE ON BEHALF OF POWER VENTURES AND HE --

17              THE COURT:  WELL, HE CAN'T DO THAT.

18              MS. ANDERSON:  BUT HE CAN'T DO THAT.  SO IT'S UNFAIR

19    FOR JUDGE WARE TO THEN SAY -- AT LEAST, I DON'T UNDERSTAND HOW

20    THIS WORKS -- FOR JUDGE WARE TO THEN SAY HE WAS ORDERED TO SHOW

21    CAUSE FOR WHY HE HADN'T RETAINED NEW COUNSEL, BUT HE

22    TECHNICALLY COULDN'T APPEAR, SO HE COULDN'T SHOW CAUSE.  HE

23    COULDN'T MAKE AN OFFER OF PROOF.

24              THE COURT:  WELL, BECAUSE HE'S NOT COMPLYING WITH

25    JUDGE WARE'S ORDER.  I MEAN, OUR LOCAL RULES REQUIRE THAT IF
```

1    YOU ARE A CORPORATION, YOU HAVE TO BE REPRESENTED BY COUNSEL.

2    YOU CAN'T BE REPRESENTED BY A NON-ATTORNEY, AND A NON-ATTORNEY

3    PRACTICING LAW IS ACTUALLY, I BELIEVE IT'S A MISDEMEANOR.  IT'S

4    A CRIMINAL OFFENSE.

5        SO, I MEAN, JUDGE WARE'S JULY 2ND ORDER SPECIFICALLY WARNED

6    THE DEFENDANTS THAT FAILURE TO TIMELY FILE NOTICES OF

7    IDENTIFICATION AND SUBSTITUTION OF COUNSEL MAY RESULT IN A

8    DEFAULT OF THIS CASE.  IT WAS PRETTY EXPLICIT.

9            MR. CHATTERJEE:  I MEAN, YOUR HONOR, I HAD ACTUALLY

10   FORGOTTEN ABOUT THAT LAST PART OF THE LANGUAGE.  I MEAN, THAT

11   PUTS YOU ON PRETTY SOLID GROUND IF IT GOES UP TO THE NINTH

12   CIRCUIT BECAUSE HE GAVE THE WARNING.

13       AND THE RULES ARE PRETTY CLEAR ON THIS.  IT'S NOT LIKE

14   THERE'S AN ABSENCE OF NOTICE FOR MR. VACHANI.

15           MS. ANDERSON:  JUDGE WARE ALSO GRANTED LEAVE TO FILE

16   A MOTION FOR RECONSIDERATION OF THE DEFAULT JUDGMENT, SO IT

17   APPEARS THAT HE FOUND THERE WERE GROUNDS FOR RECONSIDERATION ON

18   THE BASIS THAT COUNSEL WAS REPLACED.

19           MR. CHATTERJEE:  I'M HAPPY TO RESPOND TO THAT IF YOU

20   WANT, YOUR HONOR, BUT I DON'T WANT TO DISRUPT WHAT YOU'RE

21   LOOKING AT.

22           THE COURT:  WELL, I JUST SAW THE -- WHY DON'T YOU GO

23   AHEAD AND RESPOND TO THAT?

24           MR. CHATTERJEE:  SO, YOUR HONOR, THE GROUNDS FOR

25   RECONSIDERATION ARE NEW FACTS OR NEW LAW.  THAT'S THE TYPICAL

```
1     STANDARD IN THIS DISTRICT IN ORDER TO GET RECONSIDERATION.

2             THE COURT:  UM-HUM.

3             MR. CHATTERJEE:  I DON'T THINK THEY'VE IDENTIFIED ANY

4     NEW FACTS OR ANY NEW LAW.

5         THE JUDGE GAVE THEM NOTICE.  THE RULES WERE WHAT THEY WERE.

6             MR. VACHANI, JUST LIKE SO MANY OTHER TIMES IN THIS CASE,

7     DECIDED NOT TO COMPLY WITH THEM, AND ONLY WHEN HE'S IN THE --

8     FOR LACK OF A BETTER WORD -- THE O.K. CORRAL DOES HE ASK FOR

9     ADDITIONAL RELIEF AND JUDGE WARE GIVES HIM SOME, BUT THERE'S

10    STILL NO NEW FACTS AND NO NEW LAW AROUND THAT DEFAULT AND

11    THERE'S NO REASON TO REVISIT WHY HE DIDN'T COMPLY, PARTICULARLY

12    GIVEN THE HISTORY OF THIS CASE.

13            MS. ANDERSON:  A CORPORATION THAT WAS RUN INTO THE

14    GROUND, THAT HAS BEEN RUN INTO BANKRUPTCY, AS WELL AS THE

15    INDIVIDUAL, REQUIRED A LITTLE ADDITIONAL TIME TO SECURE COUNSEL

16    IN THIS CASE.

17            MR. CHATTERJEE:  THEN HE SHOULD HAVE MOVED, YOUR

18    HONOR, AND ASKED THE COURT FOR THAT TIME.

19            MS. ANDERSON:  BUT HE COULDN'T BECAUSE HE'S AN

20    INDIVIDUAL AND HE CAN'T REPRESENT THE CORPORATION.  HE COULDN'T

21    SPEAK -- THE CORPORATION COULD NOT SPEAK FOR ITSELF DURING THIS

22    PERIOD.

23            MR. CHATTERJEE:  HE --

24            THE COURT:  ALL RIGHT.  WELL, THIS IS WHAT I'M GOING

25    TO DO:  I CERTAINLY HEAR WHAT YOU'RE SAYING, MR. CHATTERJEE,
```

1    AND I DO WANT TO PUT COUNSEL AND MR. VACHANI ON NOTICE THAT I

2    REALLY DON'T TOLERATE GAMESMANSHIP WELL AND HAVE --

3    UNFORTUNATELY, I HAVE BEEN KNOWN TO BE QUITE HARSH IF I SEE

4    THAT, SO I'M PUTTING YOU ON NOTICE THAT I'M NOT GOING TO

5    TOLERATE FURTHER ABUSES OF THE SYSTEM OR OF COURT PROCEEDINGS.

6        HAVING SAID THAT, I THINK AT THIS POINT IT WOULD BE OVERLY

7    HARSH ON THIS SOLE BASIS FOR THE DEFAULT TO NOT ALLOW POWER

8    VENTURES TO BE REPRESENTED.

9        WHAT I WOULD LIKE TO DO IS TO DENY FACEBOOK'S MOTION FOR

10   DEFAULT JUDGMENT, TO GRANT POWER VENTURES' MOTION TO SET ASIDE

11   DEFAULT, AND TO SET A HEARING DATE FOR US TO DECIDE WHAT THE

12   APPROPRIATE DAMAGES AMOUNT IS, WHETHER MR. VACHANI IS

13   PERSONALLY LIABLE, AND IF YOU WANT AN INJUNCTION, WHAT THE

14   EXACT SCOPE OF THAT RELIEF SHOULD BE.

15       AND I'D LIKE TO JUST DO THIS ON THE MERITS AND DO IT RIGHT

16   SO THAT THERE'S ONE FINAL JUDGMENT AS SOON AS POSSIBLE.

17       MY CONCERN IS THAT YOUR -- EVEN YOUR CONCERN ABOUT GETTING

18   RELIEF FROM POWER VENTURES MAY BE DELAYED IF I GO FORWARD WITH

19   THIS DEFAULT JUDGMENT, THEY TAKE IT UP ON APPEAL, IT MAY BE 23

20   MONTHS BEFORE YOU GET AN ANSWER AND WE'LL BE ALL BACK HERE

21   DOING THE SAME THING.

22       I'D LIKE TO JUST, ONCE AND FOR ALL, DECIDE THESE ISSUES ON

23   THE MERITS AND GET A FINAL RESOLUTION.  IS THAT --

24           MR. CHATTERJEE:  THAT'S FINE, YOUR HONOR, BUT WE'D

25   LIKE TO DO IT AS QUICKLY AS POSSIBLE.

```
 1                  THE COURT:  OKAY.

 2                  MR. CHATTERJEE:  JUST BECAUSE THIS CASE HAS BEEN

 3       PENDING FOR QUITE A WHILE.

 4                  THE COURT:  YES.

 5                  MR. CHATTERJEE:  FRANKLY, WE GOT DERAILED FOR NINE

 6       MONTHS.

 7                  THE COURT:  YES, I UNDERSTAND, AND I APOLOGIZE ON

 8       BEHALF OF THE COURT THAT --

 9                  MR. CHATTERJEE:  IT ISN'T THE COURT'S ISSUE, YOUR

10       HONOR.  IT'S BECAUSE OF THE MANEUVERS OF MR. VACHANI.

11                  THE COURT:  OKAY.  SO LET ME GO AHEAD AND I'M ISSUING

12       THOSE RULINGS AS WELL.  THEY WILL BE IN MY CASE MANAGEMENT

13       ORDER.  IT'LL LIST ALL THESE ADDITIONAL RULINGS OF DENYING

14       MOTION FOR DEFAULT JUDGMENT, GRANTING MOTION TO SET ASIDE

15       DEFAULT.

16          I DO WANT TO REITERATE, THOUGH, THAT IF POWER VENTURES

17       DOESN'T HAVE COUNSEL, THEN I WILL ABSOLUTELY ENTER DEFAULT AND

18       DEFAULT JUDGMENT AND I WILL NOT GIVE YOU ANOTHER CHANCE.  OKAY?

19       THIS IS THE ONE AND ONLY.

20                  MS. ANDERSON:  UNDERSTOOD.

21                  THE COURT:  SO PLEASE DON'T ABUSE THAT.

22          NOW, LET'S GO AHEAD AND SET THE DATE.

23          AND THEN ALSO LET ME, IN THE MEANTIME, ASK WHETHER IT IS

24       WORTH IT TO ORDER ANOTHER ALTERNATIVE DISPUTE RESOLUTION

25       SESSION, BECAUSE IT'S CERTAINLY BEEN SOME TIME SINCE YOU HAD
```

```
 1   THE LAST ONE, AND WHETHER YOU WOULD LIKE TO GO BACK TO

 2   MS. DURIE, WHO IS A VERY, VERY CAPABLE ATTORNEY, OR IF YOU WANT

 3   TO GO TO A JUDGE TO BE YOUR NEUTRAL.  WHAT WOULD YOU LIKE TO

 4   DO?  I'D LIKE TO HAVE YOU AT LEAST EXPLORE THIS OPTION SINCE

 5   IT'S BEEN SO LONG SINCE YOUR LAST ATTEMPT.

 6            MR. CHATTERJEE:  SO, YOUR HONOR, THERE HAVE BEEN

 7   EFFORTS TO TRY AND SETTLE THIS CASE INDEPENDENT OF THIS.  I

 8   THINK, FROM FACEBOOK'S PERSPECTIVE, THE ANSWER IS WE FEEL

 9   EXHAUSTED ON THAT FRONT.

10            THE COURT:  OKAY.

11            MR. CHATTERJEE:  WE'VE DONE EVERYTHING WE CAN TO TRY

12   AND REACH RESOLUTION.

13            THE COURT:  OKAY.

14            MR. CHATTERJEE:  AND NOW I THINK WE NEED TO TAKE IT

15   TO THE END.

16            THE COURT:  OKAY.  THAT'S FINE.  I'M NOT GOING TO

17   FORCE THAT.  OKAY.

18       WELL, THEN YOU'RE NOT GOING TO LIKE THE DATE THAT I WAS

19   GOING TO OFFER YOU.  I WAS GOING TO OFFER YOU SEPTEMBER 26TH

20   FOR THE HEARING ON PERSONAL LIABILITY DAMAGES.  I DON'T BELIEVE

21   INJUNCTIVE RELIEF HAS BEEN BRIEFED.

22            MR. CHATTERJEE:  IT HAS NOT BEEN BRIEFED, AND THE

23   REASON THAT WE DIDN'T, YOUR HONOR, IS THE SUMMARY JUDGMENT

24   MOTION WAS NOT SO MUCH ON REMEDIES OTHER THAN THE DAMAGES.

25            THE COURT:  UM-HUM.
```

```
1              MR. CHATTERJEE:  WE ASSUMED THAT WOULD BE

2    POST-RESOLUTION OF THIS ISSUE, THAT THERE WOULD BE BRIEFING ON

3    ATTORNEYS' FEES, INJUNCTIVE RELIEF AND THINGS LIKE THAT.

4              THE COURT:  OKAY.

5              MR. CHATTERJEE:  AND THAT'S WHY IT HAS NOT YET BEEN

6    BRIEFED.

7         I WOULD LIKE TO TRY AND KEEP THE PAPERS THE WAY THEY ARE AS

8    FAR AS WHAT'S BEEN SUBMITTED TO THE COURT AND MINIMIZE EXPENSE

9    ON ADDITIONAL BRIEFING --

10             THE COURT:  SURE.

11             MR. CHATTERJEE:  -- SINCE THERE'S ALREADY A SET

12   RECORD.

13             THE COURT:  THAT'S FINE.

14             MR. CHATTERJEE:  BUT IF WE HAVE ADDITIONAL ISSUES

15   WE'VE GOT TO RAISE ON INJUNCTIVE RELIEF OR ATTORNEYS' FEES FOR

16   THE CASE, THAT'S A SEPARATE ISSUE.

17             THE COURT:  SO YOU WANT THE RULING ON INJUNCTIVE

18   RELIEF AND ATTORNEYS' FEES TO BE AFTER THE RULING ON PERSONAL

19   LIABILITY AND DAMAGES?

20             MR. CHATTERJEE:  IF WE'RE GOING TO HAVE A HEARING ON

21   SEPTEMBER 26TH AND IT'S THAT FAR OUT, IT PROBABLY MAKE SENSE TO

22   DO IT ALL TOGETHER.

23             THE COURT:  LET'S DO IT ALL TOGETHER, BECAUSE I WOULD

24   SUSPECT THAT MOST OF THE UNDERLYING MERITS OF ALL OF THEM ARE

25   GOING TO BE OVERLAPPING.
```

1           MR. CHATTERJEE:  RIGHT, YOUR HONOR.

2           THE COURT:  OKAY.

3           MR. CHATTERJEE:  AND FROM OUR PERSPECTIVE, JUDGE WARE

4    HAD DEEMED THE PAPERS AS SUBMITTED.

5           THE COURT:  OKAY.

6           MR. CHATTERJEE:  IF IT EXPEDITES THINGS, WE ARE FINE

7    TO LEAVE IT SUBMITTED AND YOUR HONOR CAN CALL A HEARING IF

8    NECESSARY --

9           THE COURT:  OKAY.

10          MR. CHATTERJEE:  -- AS TO THE ISSUES BEFORE YOUR

11   HONOR.

12          THE COURT:  OKAY.

13          MR. CHATTERJEE:  BUT IF YOU DO WANT TO HAVE A HEARING

14   AND IT GETS PUSHED OUT -- AND THE REASON FOR THAT, QUITE

15   FRANKLY, IS WE WANT TO HAVE THIS CASE COME TO AN END.

16          THE COURT:  SURE.  I UNDERSTAND, AND I UNDERSTAND

17   YOUR FRUSTRATION.

18          MR. CHATTERJEE:  BUT I UNDERSTAND THE COURT'S NEED TO

19   BE EDUCATED ABOUT THIS CASE, TOO.

20       AND SO, YOU KNOW, IF THE EARLIEST WE CAN GET IS

21   SEPTEMBER 26TH, WE'LL TAKE IT.

22       IF NOT, WE WOULD LIKE TO, YOU KNOW, POTENTIALLY CONSIDER

23   HAVING IT SUBMITTED.

24          THE COURT:  WELL, IT'S NOT JUST FOR THE PURPOSES OF

25   THE HEARING.  IT'S ALSO JUST MANAGING THE WORK FLOW AND SPACING

1    OUT THE WORK FLOW, UNFORTUNATELY.  SO WHETHER I NEED A HEARING

2    OR NOT, THAT IS THE BEST DATE IN WHICH CHAMBERS RESOURCES CAN

3    BE DEVOTED TO GETTING A FINAL RESOLUTION ON THIS.  SO I

4    APOLOGIZE THAT IT'S SO FAR OUT.

5        NOW, I DO THINK WE SHOULD HAVE SOME BRIEFING ON INJUNCTIVE

6    RELIEF AND ATTORNEYS' FEES, SO WHY DON'T YOU MAKE A SUGGESTION

7    AS TO WHAT THAT SHOULD BE?

8        MR. CHATTERJEE:  HOW FAR IN ADVANCE DOES YOUR HONOR

9    WANT TO HAVE THE PAPERS SUBMITTED?

10       THE COURT:  I WOULD LIKE THE LAST WORD TO BE AT LEAST

11   THREE WEEKS BEFORE THE HEARING, SO AT LEAST BY SEPTEMBER 5.

12       MR. CHATTERJEE:  SEPTEMBER 5.

13       THE COURT:  THE LAST WORD.  I DON'T KNOW IF THERE'S

14   GOING TO BE, YOU KNOW, MOVING PAPER, OPPOSITION, REPLY.  IF

15   THAT'S THE CASE, I WANT THE REPLY FILED NO LATER THAN

16   SEPTEMBER 5TH.  I'D EVEN TAKE IT ON AUGUST 29TH.

17       MR. CHATTERJEE:  SO, YOUR HONOR, PERHAPS WE DO OUR

18   MOVING PAPERS, JUST LOOKING AT YOUR CALENDAR --

19       THE COURT:  UM-HUM.

20       MR. CHATTERJEE:  -- ON JULY 25TH.

21       THE COURT:  OKAY.

22       MR. CHATTERJEE:  WE HAVE AN OPPOSITION ON AUGUST 8TH;

23   AND THEN A REPLY ON THE 15TH.

24       THE COURT:  OF AUGUST?

25       MR. CHATTERJEE:  OF AUGUST.

```
1              THE COURT:  OKAY.

2              MR. CHATTERJEE:  OR WE COULD PUSH IT OUT EVEN ONE

3    WEEK FURTHER TO MAKE THE 22ND.

4              THE COURT:  THAT'S FINE.

5              MR. CHATTERJEE:  SO THOSE DATES, JUST SO WE MAKE SURE

6    WE HAVE A CLEAR RECORD, YOUR HONOR, AUGUST 1ST WOULD BE THE

7    MOVING PAPER; AUGUST 15TH THE OPPOSITION; AND AUGUST 22ND WOULD

8    BE THE REPLY FOR A SEPTEMBER 26TH HEARING DATE.

9              THE COURT:  OKAY, WAIT.  I'M SORRY.  YOU SAID --

10             MR. CHATTERJEE:  I'M SORRY, YOUR HONOR.

11             THE COURT:  AUGUST 1ST WOULD ONLY GIVE A WEEK FOR THE

12   OPPOSITION.

13             MR. CHATTERJEE:  I'M SORRY.  THAT'S RIGHT.  IT WOULD

14   BE AUGUST 1ST FOR THE MOVING; AUGUST 15TH FOR THE OPPOSITION;

15   AUGUST 22ND FOR THE REPLY.

16             THE COURT:  OKAY.  ALL RIGHT.  THAT WOULD BE JUST

17   ACCORDING TO OUR CIVIL LOCAL RULES.

18        YOU HAVE NO PROBLEM WITH THAT, RIGHT?

19             MS. ANDERSON:  NO PROBLEM.

20             THE COURT:  OKAY.  ALL RIGHT.  SO THAT'S GOING TO BE

21   ON INJUNCTIVE RELIEF AND ATTORNEYS' FEES.

22        OKAY.  AND I'LL GO AHEAD AND SET THE HEARING ON ALL OF

23   THESE ISSUES, PERSONAL LIABILITY OF MR. VACHANI, DAMAGES,

24   INJUNCTIVE RELIEF, ATTORNEYS' FEES SEPTEMBER 26TH OF 2013 AT

25   1:30 P.M.
```

```
 1              AND MR. VACHANI, I DON'T WANT YOU TO FILE ANYTHING ELSE,
 2    OKAY?  THIS IS THE WAY FOR YOU TO HAVE YOUR INPUT AND I JUST
 3    DON'T WANT TO KEEP SEEING THESE SERIAL MOTIONS.
 4         DO YOU HEAR ME, SIR?
 5              MR. VACHANI:  YES, I DO, YOUR HONOR.
 6              THE COURT:  OKAY.
 7              MR. CHATTERJEE:  BUT, YOUR HONOR, COULD I JUST MAKE
 8    SURE I UNDERSTAND WHAT YOU'RE SAYING?
 9              THE COURT:  YEAH.
10              MR. CHATTERJEE:  HE SHOULD FILE AN OPPOSITION TO OUR
11    REQUEST.
12              THE COURT:  YES, BUT THIS IS WHAT HE SHOULD -- HE
13    SHOULD FILE AN OPPOSITION ON AUGUST 15TH.
14         BUT I DON'T WANT A WHOLE BUNCH OF MISCELLANEOUS MOTIONS,
15    THIS AND THAT.  I -- THIS IS THE ONE AVENUE IN WHICH HE WILL BE
16    HEARD.
17              MR. CHATTERJEE:  THANK YOU, YOUR HONOR.  I JUST --
18    WHEN YOU SAID "DON'T FILE ANYTHING ELSE," I WAS WORRIED HE
19    MIGHT MISCONSTRUE THAT.
20              THE COURT:  OH, NO.  YES, FILE YOUR OPPOSITION,
21    PLEASE, ON AUGUST 15TH, MR. VACHANI.
22         BUT I JUST DON'T WANT A SERIES OF THESE MISCELLANEOUS
23    MOTIONS.
24         NOW, WHAT -- SO THE BANKRUPTCY JUDGE, JUDGE EFREMSKY, HE
25    WILL NOT DETERMINE FACEBOOK'S CLAIM AMOUNT AGAINST MR. VACHANI.
```

```
 1    HE WANTS THIS COURT TO DO THAT?

 2              MR. CHATTERJEE:  CORRECT, YOUR HONOR.

 3              THE COURT:  SO AM I TO ASSUME THAT THERE PROBABLY

 4    WON'T BE ANY DEVELOPMENTS IN THE BANKRUPTCY COURT UNTIL AFTER

 5    WE HAVE OUR HEARING AND THE RULING IN THE FALL?

 6              MS. ANDERSON:  CORRECT.

 7              MR. CHATTERJEE:  I BELIEVE THAT'S RIGHT, YOUR HONOR.

 8              THE COURT:  OKAY.

 9              MR. VACHANI:  THAT'S OBVIOUSLY A PERSONAL CONCERN,

10    BUT I UNDERSTAND, YOU KNOW, THE DATE.

11              THE COURT:  I'M SORRY, MR. VACHANI.  I COULD NOT HEAR

12    YOU.  YOU WERE BREAKING UP AND IN AND OUT.

13              MR. VACHANI:  THAT OBVIOUSLY -- THE DATE, HAVING TO

14    WAIT IS OBVIOUSLY A SIGNIFICANT ISSUE, IS A PERSONAL ISSUE, BUT

15    I DO UNDERSTAND THE DATE THAT WE HAVE.

16              THE COURT:  OKAY.  SO DO WE NEED TO HAVE AN INTERIM

17    CASE MANAGEMENT CONFERENCE?  OR WOULD THAT NOT BE NECESSARY?

18              MR. CHATTERJEE:  I DON'T THINK IT'S NECESSARY, YOUR

19    HONOR.

20              THE COURT:  OKAY.

21              MR. CHATTERJEE:  THE BRIEFING IS ALREADY SET AND

22    THAT'S IT.

23              THE COURT:  OKAY.  ALL RIGHT.  IF BY ANY CHANCE WE

24    CAN ADVANCE THE DATE, WHICH I DOUBT, WE WILL TRY TO DO THAT,

25    BUT OTHERWISE WE'LL JUST KEEP IT ON THE 26TH OF SEPTEMBER.
```

```
 1         WHAT ELSE?  IS THERE ANYTHING ELSE THAT WE SHOULD COVER
 2    TODAY?
 3              MS. ANDERSON:  YOUR HONOR, THERE IS ONE, ONE ISSUE
 4    THAT WAS MENTIONED IN THE CASE MANAGEMENT STATEMENT BY THE
 5    DEFENDANTS, AND THAT IS THAT THERE ARE SOME VERY LARGE ISSUES
 6    WITH JUDGE WARE'S ANALYSES OF THE THREE CLAIMS IN THE SUMMARY
 7    JUDGMENT THAT WE WOULD LIKE TO PRESENT TO THE COURT AND HAVE
 8    THE COURT REVIEW.
 9              THE COURT:  I'VE ALREADY REVIEWED HIS ORDER.  I FIND
10    IT TO BE VERY CONVINCING.
11         SO WE HAVE A VERY, VERY HIGH STANDARD FOR GRANTING -- YOU
12    HAVE TO FILE A MOTION FOR LEAVE TO FILE A MOTION FOR
13    RECONSIDERATION.  YOU CAN'T JUST RIGHT OFF THE BAT FILE A
14    MOTION FOR RECONSIDERATION, AND I'M NOT GOING TO GRANT THAT
15    UNLESS YOU REALLY CAN FIND SOMETHING NEW THAT WAS NOT -- YOU
16    KNOW, THE VERY STRICT STANDARDS -- I MEANT TO BRING THOSE IN
17    WITH ME -- BUT, YOU KNOW, EITHER INTERVENING CASE LAW THAT HAS
18    COME DOWN SINCE HIS OPINION --
19              MS. ANDERSON:  YOUR HONOR, THERE IS INTERVENING CASE
20    LAW.
21              THE COURT:  -- OR SOME FACT THAT YOU, WITH REASONABLE
22    DILIGENCE, COULD NOT PREVIOUSLY FIND.
23         I MEAN, IT'S A VERY, VERY HIGH STANDARD AND I'M NOT LIKELY
24    TO GRANT IT, OKAY?
25              MS. ANDERSON:  THERE IS NEW CASE LAW.  IF WE PRESENT
```

```
 1    THE MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION WITH

 2    THAT COMPELLING EVIDENCE, WILL YOU CONSIDER THAT?

 3          THE COURT:  I'LL CONSIDER IT, BUT YOUR HEARING DATE

 4    WILL BE AFTER SEPTEMBER 26TH.

 5          MS. ANDERSON:  OKAY.

 6          MR. CHATTERJEE:  AND, YOUR HONOR, I DON'T THINK

 7    THERE'S ANY NEW FACTS OR CASE LAW.  WE'RE TRYING TO ALSO

 8    MINIMIZE THE EXPENSE HERE ON THIS AND JUST GET THIS DONE.

 9          THE COURT:  YES.

10          MR. CHATTERJEE:  I DON'T SEE ANY REASON, WITHOUT AN

11    ARTICULATION, BUT WHATEVER YOUR HONOR WANTS TO DO WE'LL LIVE

12    WITH.

13          THE COURT:  WELL, I'M NOT LIKELY TO GRANT ANY LEAVE

14    TO EVEN FILE A MOTION FOR RECONSIDERATION.

15          MR. CHATTERJEE:  THANK YOU, YOUR HONOR.

16          THE COURT:  OKAY?  WHAT ELSE?  ANYTHING ELSE?

17        AND I REALLY MEAN IT AS FAR AS GAMESMANSHIP WILL BE VERY

18    HARSHLY TREATED IF I SEE IT.

19        OKAY.  WHAT ELSE?  ANYTHING ELSE?

20          MR. CHATTERJEE:  I THINK THAT'S IT, YOUR HONOR, FOR

21    US.

22          THE COURT:  NO?  ALL RIGHT.  WELL, THANK YOU ALL.

23          MR. CHATTERJEE:  THANK YOU, YOUR HONOR.

24          MS. ANDERSON:  THANK YOU, YOUR HONOR.

25          (THE PROCEEDINGS IN THIS MATTER WERE CONCLUDED.)
```

1

2

3                        CERTIFICATE OF REPORTER

4

5

6

7          I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED

8    STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

9    280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

10   CERTIFY:

11         THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12   A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13   ABOVE-ENTITLED MATTER.

14

15

16   _____
     LEE-ANNE SHORTRIDGE, CSR, CRR
17   CERTIFICATE NUMBER 9595

18         DATED:  MAY 11, 2013

19

20

21

22

23

24

25