

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025-1015

tel +1-650-614-7400
fax +1-650-614-7401

WWW.ORRICK.COM

May 30, 2013

Morvarid Metanat
(650) 614-7344
mmetanat@orrick.com

**CONFIDENTIAL FILED UNDER SEAL**

Hon. Joseph C. Spero
United States Magistrate Judge
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Facebook, Inc. v. Power Ventures, Inc., et al.*, Case No. 5:08-cv-0580-LHK (JCS)

Dear Magistrate Judge Spero:

Facebook, Inc. ("Facebook") hereby moves for recovery of Court-ordered costs and attorneys fees from Defendants Power Ventures, Inc. ("Power") and Steve Vachani ("Vachani") (collectively, "Defendants"), jointly and severally, in the amount of ▮▮▮▮▮

On February 24, 2012, this Court sanctioned Vachani and Power for discovery abuse arising from late production of thousands of pages of highly relevant documents, Vachani's refusal to respond to questions at an earlier Rule 30(b)(6) deposition. *See* Dkt Nos. 279, 282. The Court awarded Facebook its reasonable costs, including attorneys' fees, for having to prepare for and take a renewed Rule 30(b)(6) deposition. *See id.*

Following a case management conference on May 1st, Judge Koh ordered the parties to obtain a resolution from this Court as to what amount of costs and attorneys fees Facebook should recover. *See* Dkt. No. 340.[1]

### I.   Factual Background

#### A. The Court's Award To Facebook of Costs and Fees.

---

[1] At the February 24, 2012 hearing preceding the Court's Order awarding sanctions, this Court indicated that Facebook should submit by letter brief an explanation of its position "on what [its] reasonable costs were" if the parties could not "work[] out" the payment of costs. Metanat Decl., Ex. A at 8:3-8. The parties have met-and-conferred on the amount of fees and costs to be awarded, but have been unable to resolve the issue. *See* N.D. Cal. Civ. L.R. 37-4(b).



**ORRICK**

Hon. Joseph C. Spero
May 30, 2013
Page 2

      On January 26, 2012, Facebook filed two motions to compel against Defendants. Dkt. Nos. 265 & 268. The first of these motions requested an Order compelling Defendants to produce improperly withheld emails and materials, and also to require a further Rule 30(b)(6) deposition of Power regarding such documents. *See* Dkt. No. 268. The second motion requested an Order pursuant to Fed. R. Civ. P. 37 compelling Defendant Power to furnish a properly prepared witness for a second Rule 30(b)(6) deposition, given that Vachani had been wholly unprepared and uncooperative as Power's representative during an earlier Rule 30(b)(6) deposition held on January 9, 2012. *See* Dkt. No. 265.

      After Facebook filed both motions, and despite the fact that discovery had completed on January 20, 2012 (*see* Dkt. No. 163), Defendants produced over 74.6 gigabytes (roughly 76,457 files and 5,752 files) of relevant and responsive emails and data. Metanat Decl., ¶ 3. A significant portion of these produced materials were written in Portuguese. *Id.* As this Court recognized, the late production was particularly egregious because the Court in a prior November 4, 2011 Order had compelled the immediate production of all of these documents, and even had made Vachani swear under oath that they had, in fact, already been produced (as he represented they had been). *See* Dkt. No. 166. The Court had sought assurances from Defendants that the earlier production was complete by early November of 2011, in part, to ensure the information could be used at a first Rule 30(b)(6) deposition, and before the parties completed briefing of cross-motions for summary judgment which were at that time set for hearing before Chief Judge Ware. *See id.* & Dkt. No. 181.

      On February 24, 2012, the Court held a hearing and found that there "was no excuse" for Defendants' untimely production of the 74.6 Gigabytes of information, and that the emails and data "should have been produced before the 30(b)(6) deposition was taken." Metanat Decl., Ex. A at 4:6-9. In light of these findings, the Court awarded Facebook a renewed 30(b)(6) deposition and ordered Defendants to pay the reasonable costs, including attorneys' fees, associated with the deposition. *Id.* at 8:3-5; 11:14-17; Dkt. No. 279; Dkt. 282 at 1:22-24; 2:2-5. Significantly, at the time it awarded these sanctions, the Court was aware that on February 16, 2012, Chief Judge Ware already had awarded Facebook summary judgment of liability against both defendants on Facebook's claims alleging violations of the CAN-SPAM Act, the Computer Fraud and Abuse Act ("CFAA"), and California Penal Code § 502. *See* Dkt No. 275. Therefore, the Court was sensitive to the fact that the renewed Rule 30(b)(6) deposition was essentially directed to questions of Vachani's personal liability, and Facebook's damages. Metanat Decl., Ex. A at 5:6-8:2. The Court therefore compelled a seven hour deposition to occur on an expedited basis a week later, even though that necessitated that Vachani immediately return from Brazil to the United States. *Id.* at 11:18-13-14:10.[2]

---

[2] Although originally scheduled to occur on February 29, 2012, Facebook and the Defendants later agreed to hold the renewed Rule 30(b)(6) deposition on March 7, 2012.



Hon. Joseph C. Spero
May 30, 2013
Page 3

### B. Facebook's Deposition Power Ventures, Inc. And Attempts To Recover Costs.

On March 7, 2012, Facebook took the renewed deposition of Defendant Power, at which time Vachani was again designated by Power as its corporate representative. In preparing for and taking this deposition, Facebook spent ▓▓▓▓ in attorney and paralegal fees, expedited translation costs, and videographer and court reporting costs. Metanat Decl., ¶¶ 5, 11, 12. A summary of Facebook's cost and fee request is included in the attached declaration of Morvarid Metanat. ¶¶ 5, 11-12.[3] The total claimed for legal work in preparation for the deposition and the taking of the deposition itself is ▓▓▓▓ reflecting 67.0 combined hours of time from one senior attorney, one junior attorney, one senior paralegal, and one junior paralegal. In addition to the amount, Facebook seeks ▓▓▓▓ in videographer and court reporting costs, and ▓▓▓▓ in costs incurred in obtaining expedited translations of critical Portuguese documents for use at the deposition. ¶¶ 11-12.

To prepare for Power's renewed deposition, Facebook attorney Morvarid Metanat initially spent 8.5 hours reviewing the 74.6 gigabytes of emails and data that Defendants had dumped on Facebook before the deposition, in order to cull them down into smaller segments of potentially relevant information. ¶ 6. From there, Facebook attorney Monte Cooper conducted a more targeted review of the data and emails culled by Ms. Metanat to identify which documents should be used as exhibits at the deposition. ¶ 7. As Mr. Cooper and Ms. Metanat have the most knowledge of the facts of this case, they were able to review this material as efficiently as possible, in. *Id.*, ¶¶ 6-7. This data included thousands of emails, many of which were written in Portuguese and required time sensitive, informal translations in the first instance. *Id.*, ¶¶ 3 & 11.

Mr. Cooper also then used the documents culled from his and Ms. Metanat's review efforts in a one day (8.1 hours billed) renewed deposition of Power. Paralegals Amy Dalton and Megan Beardsley spent 20.8 hours of time assisting Mr. Cooper in locating and retrieving documents used in preparation for the renewed deposition, and preparing all deposition exhibits for use at the deposition, including obtaining certified translations of certain emails. *Id.*, ¶ 5. Facebook is not requesting any fees or costs for time spent after the deposition, nor is it seeking to recover any fees for time spent by any attorneys other than Mr. Cooper or Ms. Metanat.

---

[3] Facebook has submitted redacted copies of its billings with the Declaration of Morvarid Metanat in order to protect its other attorney work product. Should the Court wish to review the unredacted filings, Facebook is prepared to submit them *in camera*. See *Mattel, Inc. v. MGA Entertainment, Inc.*, 705 F.3d 1108, 1111 (9th Cir. 2013) (noting that a submission of redacted billings reflecting fees expended is proper where parties remain involved in litigation, and further noting the Court properly received unredacted billings *in camera* to ensure their reasonableness).



Hon. Joseph C. Spero
May 30, 2013
Page 4

Following the deposition, Facebook made numerous requests for reimbursement of these costs as part of the required informal pre-motion meet and confer discussions. *Id.* ¶ 14. However, on June 4, 2012, Defendants' counsel moved to withdraw as counsel of record, which the Court granted, and thereafter Defendants filed for bankruptcy, staying all further action in this case. Dkt. Nos. 302; 306

On May 15, 2013, after the bankruptcy stays were lifted, Facebook met and conferred with Defendants regarding the Court ordered payment of the costs associated with the renewed deposition of Power. Power agreed that it would not contest the reasonableness of hourly rates of the timekeepers on the matter. *Id.*, ¶ 15. Defendants did not dispute or otherwise object to the time spent by Facebook in preparation for the deposition. *Id.* Nevertheless, Defendants refused to reimburse Facebook for these costs. *Id.* Defendants' refusal is premised on the notion that Facebook would have had to expend the time and resources whether or not the Court had ordered a renewed deposition. *Id.* Moreover, Defendants cannot decide which of the Defendants are responsible for covering the Court ordered costs. *Id.*

## II. Facebook's Requested Fees And Costs Are Reasonable.

Defendants do not contest the reasonableness of time spent in preparation for the renewed Power deposition, nor do they contest the attorney fees and paralegal rates for the individuals who were responsible for preparing for and taking the deposition. Those individuals, their rates, and the numbers of hours they expended are as follows: (1) Monte Cooper (the attorney who took the renewed Rule 30(b)(6) deposition), whose rate was ▇▇▇/hour and who spent 36.8 hours in preparation and taking the deposition; (2) Morvarid Metanat (the associate who assisted Mr. Cooper), whose rate was ▇▇▇/hour and who spent 8.5 hours assisting with the initial document review for the deposition; (3) Amy Dalton (a senior paralegal), whose rate was ▇▇▇/hour and who spent 10.5 hours on the matter; and (4) Megan Beardsley (a junior paralegal), whose rate was ▇▇▇/hour and who spent 10.3 hours in assistance for the deposition. *See* Metanat Decl. ¶ 5.

Facebook's requested award is dictated by the lodestar method which the Ninth Circuit has instructed be used for calculating costs and fees. In the Ninth Circuit, "[u]se of the 'lodestar method' to calculate attorney's fees under a federal fee-shifting statute is proper." *Tahara v. Matson Terminals, Inc.*, 511 F.3d 950, 952, 955 (9th Cir. 2007). The lodestar is calculated by multiplying the number of hours the party seeking attorneys' fees reasonably expended by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Caudle v. Birstow Optical Co., Inc.*, 224 F.3d 1014, 1028 (9th Cir. 2000); *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). Defendants do not dispute the reasonableness of Facebook's attorneys' and paralegals hourly rates under the lodestar approach, nor do they object to the time spent preparing for the deposition; Facebook's request for $▇▇▇ in fees and costs is strictly for those costs incurred in preparation for the renewed deposition of Power and is reasonable.


ORRICK

Hon. Joseph C. Spero
May 30, 2013
Page 5

Facebook made every effort to minimize and discount the amount of time and materials spent on preparation for the renewed deposition of Power. Indeed, Facebook had excluded from its calculations the time spent by the partner in charge, Neel Chatterjee, supervising the preparation for deposition, as well as the time spent by at least one other associate in assisting with such preparation. In addition, Facebook is not seeking its fees for preparation of this motion, and has further discounted the number of hours expended in the reviewing the late-produced 74.6 gigabytes to reflect only the amount of attorney time spent between February 24, 2012 and March 7, 2012 reviewing documents specifically in preparation of the deposition and the hours spent taking the deposition. Metanat Decl., ¶¶ 6-7 & 10.

Facebook also should recover its costs for the time spent by its paralegals assisting counsel. *Id.*, ¶ 5. Notably, Defendants have not offered any explanation whatsoever why these 20.8 hours of costs should not be recovered by Facebook, as the time spent by the paralegals was indisputably directed to preparations for the renewed Rule 30(b)(6) deposition. Nor is there any reason to deny Facebook the ▇▇▇▇▇ in costs it seeks for expediting its orders for certified translations of the late-produced Portuguese-language emails. Given the short timeframe between Defendants' untimely production of these materials and Power's deposition, Facebook was forced to expedite its orders to ensure delivery by the deposition date. Had Defendants produced these documents before the discovery deadline as required, Facebook would not have had to pay for expediting costs. Accordingly, Facebook should recover the costs of these foreign translations.

### III.  Conclusion

Defendants' flagrant discovery abuses and failure to comply with this Court's Orders warrant an award of reasonable costs, including attorneys' fees, to Facebook of ▇▇▇▇▇

Very truly yours,

*[signature]*

Morvarid Metanat