

June 10, 2013

Hon. Joseph C. Spero
United States Magistrate Judge
United States District Court
Norther District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re: Facebook, Inc. v. Power Ventures, Inc., et al.; Case No. 5:08-cv-05780 LHK (JCS)

Dear Magistrate Judge Spero:

      In response to Plaintiff Facebook, Inc.'s ("Facebook") motion for recovery of Court-ordered costs and fees in their 30 May 2013 Letter (Dkt. No. 347), Defendants Power Ventures, Inc. ("Power") and Steven Vachani ("Vachani") hereby affirm their opposition to Facebook's claim for costs and fees on the bases of Facebook's 1) demand for reimbursement of unrecoverable preparation time, 2) inconsistent and improper demand for recovery followed by misleading account thereof to the Court, 3) demand for fees exceeding scope of the Order, and 4) improper use of the sanctions Order to interfere with Defendant Vachani's bankruptcy proceedings. Defendants attach hereto Declarations from Amy Sommer Anderson ("Anderson Decl.") and Steven Vachani ("Vachani Decl.") in support of their respective positions.

I.    GENERAL POSITION OF DEFENDANTS AS TO REASONABLENESS OF COSTS AND FEES

    **A. Facebook's Claimed Fees are Unreasonable Under the Order.**

      On March 1, 2012, Judge Spero ordered responsive emails not copied to Steven Vachani to be produced to Facebook and a renewed 30(b)(6) deposition to be taken of corporate defendant Power Ventures, Inc. with reasonable costs and fees for the renewed deposition to be paid by Defendant. *See* Dkt. No. 282. Nearly 15 months following this Court's sanctions Order, Facebook now seeks recovery of costs and fees for the renewed 30(b)(6) deposition of Power in the outrageous amount posited as reasonable in their Motion for Costs. *See* Dkt. No. 348 at 5.

      Per your Honor's order, Facebook was granted opportunity to file an action for alleged spoliation of documents and to pursue recovery of associated damages in light thereof. *See Id*. Not only did Facebook delay more than a year in pursuing recovery of costs and fees for the renewed 30(b)(6) deposition, they altogether failed to file a motion for determination of the alleged spoliation, presumably because they were unable to point to any instance of "late document production" that was not duplicative of the contents of the massive production made by Defendants during discovery. Thus, this Court has made no determination as to whether a

HONORABLE JOSEPH C. SPERO
June 10, 2013

discovery violation was committed with respect to the documents transferred to Facebook on January 26, 2012 or whether there are associated sanctions.

Power seeks to ensure that the scope of the sanctions award is limited to the discovery Order at issue: reasonable costs and fees for a renewed 30(b)(6) deposition. Facebook's request is unreasonable because they seek recovery of fees for reviewing documents that otherwise would be borne by Facebook had they conducted review of said documents, copies of which had been provided to them, during discovery. *See* Parties' January 26, 2012 Joint Letter Brief, Dkt. No. 269 at 6. Facebook's failure to conduct a thorough review of documents produced by Defendants during discovery does not make Defendants liable for fees associated with review of additionally produced copies of said documents following discovery. Costs and fees based on Facebook's actions in response to unadjudicated accusations are wholly outside the scope of this order and, thus, are patently *un*reasonable.

Translation fees of the later-provided documents should not be included, as Plaintiff would have paid for these anyway. The fact that Facebook does not seek reimbursement of said translation costs shows that they agree. Arguably, the costs for expedition are unique to the renewed deposition, but the basis for such claim is outside the scope of the sanction order, as the Court expressly declined to rule on the alleged spoliation of documents. Despite granting Plaintiff opportunity to file such motion, they elected not to pursue recovery on that issue. Given the Court's limitations on the scope of the renewed deposition, attorney fees should be limited to the day of the deposition and review of any documents that were not previously produced to Facebook. Since Facebook has failed to offer proof that they had to review documents not previously in their position or that they were otherwise prejudiced by receiving copies of documents that were previously produced, Defendants offer that "reasonable costs and fees" should be limited to costs and attorney fees incurred on the day of the renewed deposition as defined in Facebook's Motion for Costs. *See* Metanat Decl., Dkt. No. 348-2 at 3.

### B.  Facebook Has Made No Reasonable Attempt to Recover, Only Improper and Inconsistent Demands.

Contrary to Facebook's claims, Power has not been given an informed opportunity to make an offer of payment for the renewed deposition. Even if the parties could agree on a settlement value, there presently is no "check" to be handed over, as Plaintiff required at the parties' meet-and-confer on May 15th, since there is no money and both defendants are either in bankruptcy or will return to bankruptcy following conclusion of this case.

Prior to finally filing their motion for costs, Facebook made statements of demand or complaint of *at least* three different amounts, but, despite repeated requests by Power, only now produces substantiating documentation on which Power can make any determination of their own as to an offer to pay reasonable costs and fees.

On December 12, 2012, Facebook filed a claim in Defendant Vachani's personal bankruptcy suit for $20,000 (*In re Vachani*, Bankr. N.D. Cal. 2012, Case No. 12-47150 RLE 13, Claim 8, 4:6), yet Facebook filed no claim in Power's Chapter 11 action. In Facebook's April 29, 2013 Case Management Statement before this Court, Facebook asserted an outstanding claim of $28,000 ($23,000 in fees and $5,000 in costs) for the discovery violation at issue, but still had not filed a motion for said costs or even provided a substantiated demand to Power. *See* Dkt. No. 333, 4:9.

As late as May 15, 2013 at the parties' meet-and-confer on this matter, Facebook *still* had not assembled time records substantiating their new estimation of $29,000 - $34,000 in fees and costs. Plaintiff offered but failed to provide redacted copies of the time sheets substantiating their claim prior to submitting their Motion for Costs. Thus, Defendants *did not* and would have had no basis to agree to the prepared hours as stated in Plaintiff's Motion for Costs since Defendants have not seen this information until now. *See* Dkt. No. 348 at 4.

In fact, Defendants staunchly disagree with Facebook's attempted recovery of most of the deposition preparation time presented. Further, Plaintiffs claim that Defendants do not object to the rates presented (*Id*. at 4), yet only Mr. Cooper's hourly rate was disclosed to Defendant's and expressly deemed non-objectionable prior to filing their letter and exhibits. Facebook's gamesmanship in skirting around any legitimate attempt at resolving this matter is bordering on ludicrous, especially given that they already received the sanctions award and summary judgment in their favor.

## II. SPECIFIC POSITION OF DEFENDANT VACHANI REGARDING PERSONAL LIABILITY FOR DEFENDANT POWER'S RENEWED 30(b)(6) DEPOSITION.

### A. Individual Defendant Vachani Is Not Liable For Renewed 30(b)(6) Corporate Deposition Costs or Fees

Mr. Vachani is not responsible and should not be held liable for the discovery violation, consistent with Your Honor's Order expressly against the corporate defendant, Power, yet Facebook pursues recovery from Mr. Vachani in the present action, as well as through Vachani's pending bankruptcy suit.

Facebook's primary complaint is that Mr. Vachani was not adequately prepared to address, in detail, the entire scope of all topics noticed. Irrespective of Mr. Vachani's knowledge of operations in his roles as Founder, CEO and only remaining employee of Power at the time of the original 30(b)(6) deposition, Mr. Vachani cannot be held personally liable in this instance for information that even Facebook claims was not known to him. In fact, Mr. Vachani personally handed over access to his entire email account during discovery, which included privileged and personal communications. Mr. Vachani simply could not have been more transparent or

HONORABLE JOSEPH C. SPERO
June 10, 2013

cooperative during discovery, including his initial 30(b)(6) deposition, whether acting in his individual or corporate capacity.

Facebook has offered neither proof nor suggestion as to why Mr. Vachani should be held personally liable for the renewed corporate deposition. Rather, Facebook simply now attaches him to their claim. In fact, Facebook admitted in the parties' joint letter brief on January 26, 2012: "No number of depositions of Vachani in his individual capacity can provide such binding testimony. Accordingly, Facebook should be entitled the supervised, re-deposition of Power." *See* Dkt. No. 265 at 6.

Simply because a witness states that he does not recall certain information does not mean that he was not prepared to be deposed. In fact, the transcripts of Mr. Vachani's depositions amply demonstrate his vast knowledge about Power and its operations and that he was prepared for the January 9, 2012 deposition. To the extent this Court finds that Power did not adequately produce a 30(b)(6) deponent, Mr. Vachani cannot be held personally liable for failing to divulge knowledge he did not possess.

Further, Mr. Vachani's personal liability for the actions of the corporation is heavily disputed and has not been determined *as to any of the counts* awarded in Facebook's favor in the Summary Judgment. Thus, Mr. Vachani cannot be held liable for costs and fees of the renewed deposition merely based on his status as a co-defendant.

### B. Facebook Improperly Seeks Recovery From Defendant Vachani In Bankruptcy And Should Be Enjoined From Such Further Claim

Despite this Court's clear Order against corporate Defendant Power (Dkt. No. 282) and failure to timely pursue judgment on said Order as instructed by the Court, Facebook exploits this pending matter as a means to interfere with Mr. Vachani's Chapter 13 bankruptcy action (*In re vachani*, Bankr. N.D. Cal. 2012, Case No. 12-47150 RLE 13). In addition to claiming over $18,000,000 for a judgment that has neither been determined as to damages nor to Mr. Vachani's personal liability for *any* of the counts awarded in Facebook's favor in this Court's Summary Judgement Order (Dkt. No. 275), Facebook claims entitlement to $20,000 from the individual defendant, Vachani, in satisfaction of the sanctions Order against Power (Dkt. No. 282). In addition to ruling on the amount of reasonable costs and fees owed by Power due to the disputed discovery violation, Mr. Vachani respectfully asks the Court to specify that the sanction is against the corporate defendant only so this claim can finally be resolved in Mr. Vachani's bankruptcy case.

## IV. CONCLUSION

At this point, Defendants merely seek a fair day in court, and Facebook is taking every overtly malicious measure to prevent Defendants' access to this very basic right. Despite

HONORABLE JOSEPH C. SPERO
June 10, 2013

Power's opposition to the necessity of the renewed 30(b)(6) deposition, Power cannot and does not contend Your Honor's prior Order for payment of reasonable costs and fees associated with the renewed deposition. It is, however, Power's position that said Order is and should be limited to the costs and fees associated with activities on the day of the renewed deposition, March 7, 2012. Facebook should not be awarded fees for review of documents, the production of which was were merely alleged by Facebook, and staunchly opposed by Defendants, to be a discovery violation and was never even offered to the Court for adjudication.

     Further, Mr. Vachani asks the Court to specify in its Order that he is not personally liable for any of the total costs and fees awarded to Facebook in the instant matter.

Respectfully Submitted,

  _/s/ Amy Sommer Anderson_                     _/s/ Steven Vachani_
    Amy Sommer Anderson                     Steven Vachani

FILER'S ATTESTATION: Pursuant to General Order No. 45 §X(B), I attest under penalty of perjury that concurrence in the filing of the document has been obtained from its signatory.

Dated: June 10, 2013                Respectfully submitted,

                     _/s/ Amy Sommer Anderson_
                     Amy Sommer Anderson

HONORABLE JOSEPH C. SPERO
June 10, 2013

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) has been or will be filed through the ECF system, and notice will be sent via the following method(s):

X     **ECF System:** By filing the document(s) listed above on the Court's Electronic Case Filing System, I am informed and believe that the documents will be electronically served on all individuals registered with such system. To my knowledge, every individual to whom notice is required is registered with this system and, thus, has been served with due notice by action of this electronic filing.

I declare under penalty of perjury under the laws of the State of California that the above statements are true and correct.

Executed June 10, 2013 at San Francisco, California.

By: /s/ Amy Sommer Anderson

Amy Sommer Anderson