# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC., <br><br>   Plaintiff, <br><br>   v. <br><br> POWER VENTURES, INC., et al., <br><br>   Defendants. | Case No. 08-cv-05780-LHK (JCS) <br><br> **ORDER RE ATTORNEYS FEES AND COSTS FOR RENEWED DEPOSITION** <br><br> **Dkt. Nos. 347, 350** |

## I. INTRODUCTION

On March 1, 2012, in response to a discovery dispute between the parties, this Court ordered Defendants to "pay reasonable costs, including attorney fees, for the renewed 30(b)(6) deposition" of Mr. Vachani, the designated deponent for the Rule 30(b)(6) deposition of Power Ventures. *See* Dkt. No. 282 ("Discovery Order"). Facebook has since filed a letter brief requesting an order compelling Defendants Power Ventures and Mr. Vachani to pay $39,796.73 in reasonable attorney's fees and costs associated with the renewed deposition of Mr. Vachani. Defendants oppose Facebook's request. For the reasons stated below, the Court grants Facebook's request for fees and costs in its entirety and orders Defendants, including Mr. Vachani, to pay Facebook $39,796.73.

## II. BACKGROUD

### A. Background of Discovery Dispute

On February 24, 2012, this Court conducted a discovery hearing on three joint letter briefs, two of which are relevant to Facebook's instant request for costs and fees. The first joint letter brief concerned Facebook's request for a renewed Rule 30(b)(6) deposition of Power Venture's designated deponent, Mr. Vachani. *See* Dkt. No. 265. The next joint letter brief concerned

Facebook's request for an order compelling Defendants' production of all Power Ventures' company emails that were not copied to Mr. Vachani. See Dkt. No. 269.

During discovery, Facebook had requested production of all communications between Power employees related to how the company assessed the Facebook website, and what was discussed concerning the Power 100 Launch Promotion. Defendants produced the "ASA Drive" which presumably contained 300,000 files which had been backed up by Defendants' server hosted by Amazon and IWEB. See Dkt. No. 166. In July 2011, Mr. Vachani testified: "Everything was instructed to be copied there, and so I'm assuming that it's all there. I haven't looked at it individually personally, but I made a backup of everything." Dkt. No. 269-2 (July 20, 2011 Deposition of Mr. Vachani) at 62:13-63:6.

Discovery in this case closed on January 20, 2012. On January 9, 2012, during the first Rule 30(b)(6) deposition of Mr. Vachani, Facebook first learned that Power Ventures had failed to produce any emails other than those which had been copied or forwarded to Mr. Vachani's personal Yahoo! email account.

On January 26, 2012, Defendants produced what they termed the "Microsoft Exchange File" which contained 76,457 files, 5,752 folders, and 74.6 gigabytes of data. Declaration of Morvarid Metanat in Supprot of Facebook, Inc.'s Motion for Costs ("Metanat Decl.") ¶ 3. Ms. Metanat states that "[t]his File contained emails and data that had not been previously produced to Facebook, despite Facebook's repeated requests for this information. As significant amount of these files were written in Portuguese." Id. In the joint letter brief submitted to the Court, Defendants argued the "Microsoft Exchange File" was not disclosed due to inadvertence because Mr. Vachani believed that file had been stored on the ASA Drive, which had been disclosed. See Dkt. No. 269 at 6.

**B.     The February 24, 2012 Discovery Hearing**

At the discovery hearing on the joint letter briefs, the Court informed Defendants that there was no excuse for failing to timely disclose the emails that had not been copied to Mr. Vachani's yahoo account. See Dkt. No. 280 (Transcript of February 24, 2012 Discovery Hearing). The Court emphasized that these emails were relevant, responsive, and should have been produced

before the Rule 30(b)(6) deposition of Mr. Vachani. The Court also found that Mr. Vachani did not adequately prepare for his deposition, thereby failing to fulfill the duty of a Rule 30(b)(6) deponent. The Court further found that Mr. Vachani was "argumentative" and "evasive" in his response to questioning. *Id*. at 8-9. The Court ordered that a new Rule 30(b)(6) deposition be taken of Mr. Vachani and ordered all costs to be borne by Defendants. *Id*. at 8:3-8.

At the hearing, the Court addressed another issue that had not been adequately briefed by Facebook—the alleged spoliation of documents in Defendants' possession. The Court declined to make any decisions about this issue and informed Facebook that the Court would not forbid a motion regarding spoliation in the future. *Id*. at 14-15.

### C. The March 1, 2012 Discovery Order

On March 1, 2012, the Court filed an order regarding the joint discovery letters. *See* Dkt. No. 282 ("Discovery Order"). The Court outlined the rules to which both parties would adhere at the renewed 30(b)(6) deposition of Mr. Vanchani, and further ordered that "Defendant shall pay reasonable costs, including attorney fees, for the renewed 30(b)(6) deposition." *Id*. at 1. The Court ordered Defendants to produce the responsive emails that were not copied to Mr. Vachani and clarified that Mr. Vahcani would be deposed regarding these newly produced emails. *Id*. at 2.

With regard to the issue of spoliation, the Court made "no ruling on the spoliation of documents" and wrote that "Plaintiff may file [a] formal Motion." *Id*.

### III. LEGAL STANDARD

Rule 30(d)(2) of the Federal Rules of Civil Procedure provides that a "court may impose an appropriate sanction−including the reasonable expenses and attorney's fees incurred by any party−on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed.R.Civ.P 30(d)(2). Rule 11(c)(4) provides that the "Nature of a Sanction" "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated," and "may include …. an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed.R.Civ.P. 11(c)(4).

//

3

IV. **DISCUSSION**

Facebook requests an order for fees and costs in the amount of $39,796.73. This amount reflects the combined total of: (1) the costs of the videographer and court reporter services ($5,128.73); (2) the costs of the expedited, certified translations of untimely produced 74.6 gigabytes of data and Power's deposition ($660.00); and (3) attorneys' fees associated with the work of attorneys and paralegals to prepare for and undertake the renewed Rule 30(b)(6) deposition of Mr. Vachani ($38,008.00). Facebook has submitted the invoices for the videographer and court reporter services as well as the expedited translations. Metanat Decl. Exs. B - C. Facebook has also submitted for *in camera* review the hours, rates and tasks performed for by all attorneys and paralegals for which it seeks fees, which the Court reviewed. *See* Dkt. No. 351.

Defendants do not oppose Facebook's claim for cost and fees on the grounds that the hours or rates are unreasonable. *See* Dkt. No. 350 ("Power Br."). Indeed, the Court has reviewed the hours and rates in detail and finds them to be reasonable. Defendants contend, however, that the request for fees should be reduced and/or modified for the following reasons: (A) this Court has made no determination as to whether there was a discovery violation with respect to the documents transferred to Facebook on January 26, 2010 because the Court did not rule on the issue of spoliation; (B) Facebook's request for fees and costs is beyond the scope of the Court's Discovery Order; and (C) Mr. Vachani is not personally liable for the costs and fees associated with the renewed Rule 30(b)(6) deposition. The Court addresses each argument in turn.

### A. Effect of this Court Not Ruling on Spoliation

Defendants contend the Court has made "no determination as to whether a discovery violation was committed with respect to the documents transferred to Facebook on January 26, 2010" because the Court did not decide any issue with regard to spoliation, and Facebook failed to file a separation motion on spoliation despite being "instructed" by the Court. Power Br. 1-2. While it is true the Court made no determination as to spoliation, Defendants are incorrect to assert the Court did not already decide that Defendants committed a discovery violation. It is clear from the transcript of the February 24, 2012 discovery hearing and the March 1, 2012 discovery

4

order that this Court found Defendants committed discovery violations by (1) failing to timely disclose relevant emails solely on the basis that they were not copied to Mr. Vachanie's Yahoo! email account, and (2) because Mr. Vachani was not prepared for his Rule 30(b)(6) deposition, read from his declaration, and was "argumentative" and "evasive." *See* Dkt. Nos. 280, 282. This is the very reason why the Court ordered a new Rule 30(b)(6) deposition be taken and paid for by Defendants. *See id.*

Moreover, the Court never "instructed" Facebook to file a motion regarding spoliation, as Defendants contend. Rather, the Court merely clarified that Facebook would have the opportunity to file such a motion, and the Court would not "forbid" it. Dkt. No. 280.

### B. Scope of Discovery Order

Defendants' main argument is that Facebook's request for fees and costs goes beyond the scope of the Discovery Order. Defendants argue:

> Facebook's request is unreasonable because they seek recovery of fees for reviewing documents that otherwise would be borne by Facebook had they conducted review of said documents, *copies of which had been provided to them*, during discovery…. Facebook's failure to conduct thorough review of documents produced by Defendants during discovery does not make Defendants liable for fees associated with review of additionally produced copies of said documents following discovery. Costs and fees based on Facebook's actions in response to unadjudicated accusations are wholly outside the scope of this order and, thus, are patently *un*reasonable.

Power's Br. at 2. While Defendants *argue* that Facebook's preparation time includes time reviewing documents already produced, Defendants produce *no evidence* to show that such files had already been produced and their subsequent disclosures were mere "copies of said documents." *See id.*

Defendants' argument has a fundamental flaw: they were ordered to sit for a renewed deposition in part because new documents were produced after the close of discovery. To prepare for that deposition, Plaintiff had to review the late produced documents. Defendants were ordered to pay the costs and fees associated with that preparation. When accounting for attorney hours, Facebook does not distinguish between time spent reviewing documents which were previously

5

produced and reviewing documents which were produced after the close of discovery. Nevertheless, it is clear from Ms. Metanat's declaration that they spent time reviewing the contents of the Microsoft Exchange File, which had been disclosed after the close of discovery, and which contained emails and data that had not previously been produced. *See* Metanat Decl. ¶ 3.

Defendants allude to the fact that the Microsoft Exchange File contained copies of documents that had previously been produced, and that Defendants should not have to pay for Facebook's review of such documents. However, Facebook had to comb through the entire Microsoft Exchange File to determine what was new and what was old. Thus, if Defendants wanted to save on the costs associated with Facebook reviewing files which had been timely produced, then Defendants should have sent Facebook only new files. Defendants do not purport to say they did so. In fact, it is clear from the joint letter discovery brief that when Defendants gave Facebook the Microsoft Exchange File, Defendants did not even know its contents because they were unable to open the file. *See* Dkt. No. 269.

Defendants also argue that translation fees should not be included, as Plaintiff would have paid for the cost of certified translation anyway. While Defendants concede that "[a]rguably, the costs for *expedition* are unique to the renewed deposition," Defendants still argue that "the basis for such claim is outside the scope of the sanction order, as the Court expressly declined to rule on the alleged spoliation of documents." Power Br. at 2. As discussed above, Defendants reference to "spoliation" is a red herring; that issue bears no relevance on the issues. Defendants were ordered to pay all of the costs of the renewed deposition. This included all of the costs of reviewing the files produced after the close of discovery in preparation for that deposition. The costs of the expedited and certified translations will be borne by Defendants.

### C. Personal Liability of Mr. Vachani

Defendants' last argument is that Mr. Vachani is not personally liable for the costs of the renewed deposition. This argument arises because Facebook filed a claim in Mr. Vachani's Chapter 13 bankruptcy case for $20,000 as sanctions under this Court's order (in addition to the $18 million in damages). Declaration of Steven Vachani in Support of Power Ventures, Inc. and

6

1  Steven Vachani's Response to Facebook, Inc.'s Motion for Costs ¶ 2 and Ex. A thereto.  It does
2  not appear that Facebook filed any claim in Power Venture's Chapter 11 bankruptcy case.
3    The renewed deposition−as reflected in the Court's previous order−was caused by the
4  discovery misconduct by both Power Ventures and by Mr. Vachani.  It was in part Mr. Vachani's
5  personal conduct−being unprepared, evasive and argumentative−which required a renewed
6  deposition, and for which the Court awarded sanctions.   Therefore, Mr. Vachani is liable to pay
7  the costs and fees of the renewed deposition.
8  **V. CONCLUSION**
9    For the foregoing reasons, Defendants are ordered to pay Facebook $39,796.73.
10    IT IS SO ORDERED.
11  Dated: August 7, 2013

                  JOSEPH C. SPERO
                  United States Magistrate Judge