1  I. NEEL CHATTERJEE (STATE BAR NO. 173985)
   nchatterjee@orrick.com
2  MONTE F. COOPER (STATE BAR NO. 196746)
   mcooper@orrick.com
3  MORVARID METANAT (STATE BAR NO. 268228)
   mmetanat@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
5  Menlo Park, CA  94025
   Telephone:    +1-650-614-7400
6  Facsimile:    +1-650-614-7401

7  FREDERICK D. HOLDEN, JR. (Calif. Bar No. 61526)
   ORRICK, HERRINGTON & SUTCLIFFE LLP
8  The Orrick Building
   405 Howard Street
9  San Francisco, California  94105-2669
   Telephone:    (415) 773-5985
10 Facsimile:    (415) 773-5759

11 Attorneys for Plaintiff
   FACEBOOK, INC.

12

13                         UNITED STATES DISTRICT COURT

14                        NORTHERN DISTRICT OF CALIFORNIA

15                                SAN JOSE DIVISION

16

17  FACEBOOK, INC.,                              Case No.  5:08-cv-05780 LHK
18              Plaintiff,                       **FACEBOOK, INC.'S CASE
19                                               MANAGEMENT STATEMENT**
       v.
20                                               Date:       September 26, 2013
    POWER VENTURES, INC. a Cayman Island         Time:       1:30 P.M.
21  Corporation; STEVE VACHANI, an               Judge:      Hon. Lucy J. Koh
    individual; DOE 1, d/b/a POWER.COM,          Courtroom:  8, 4th Floor
22  DOES 2-25, inclusive,

23              Defendants.

24
25
26
27
28

OHSUSA:754427476.2

This Court has set a further Case Management Conference for September 26, 2013. Plaintiff Facebook, Inc. ("Facebook") hereby submits this Case Management Statement.[1]

## I. JURISDICTION AND SERVICE

All parties have been served. The parties agree that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. Facebook has asserted claims against Defendants alleging violations of the CAN-SPAM Act, 15 U.S.C. §2701 *et. seq.*, the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et. seq.* ("CFAA"), and California Penal Code § 502(c). Venue is proper under 28 U.S.C. §1391(b).

## II. FACTS

### A. Facebook's Position

#### 1. Pre-Bankruptcy Procedural History.

This case was previously before Chief Judge Ware. This case was almost fully resolved until Defendants filed for bankruptcy the day before Chief Judge Ware retired. Chief Judge Ware already had entered an Order dated February 16, 2012 (Dkt. No. 275), granting Facebook summary judgment of liability on each of its claims alleging violations of the CAN-SPAM Act, the CFAA, and California Penal Code § 502(c) by both Defendant Power Ventures, Inc. ("Power") and Steve Vachani ("Vachani") (collectively "Defendants"). The Court ruled that the only issues remaining in this action were: (1) the amount of damages to be paid to Facebook, and (2) the individual liability of Defendant Vachani, Power's CEO. *See* Dkt. No. 275 at 19.[2] Those two issues were fully briefed and submitted at the time of Chief Judge Ware's retirement. Dkt. Nos. 292, 299, 300.[3]

Following the Court's granting summary judgment, but before Facebook submitted its Supplemental Brief regarding damages and the individual liability of Vachani, Magistrate Judge

---

[1] While Facebook provided a copy of Facebook's position to Defendants Power and Vachani in advance of filing so that this Case Management Statement would be filed as a Joint Case Management Statement, Defendants Power Ventures, Inc. and Steve Vachani declined to do so. Vachani instead informed counsel for Facebook that Defendants would each file their own Case Management Statement.
[2] A full recitation of the Court's findings and underlying facts may be found at Dkt. No. 275.
[3] Dkt. No. 300 is the under seal version of Facebook's Supplemental Brief. Dkt. Nos. 292 and 299 are redacted versions of the brief.

Spero entered two Orders dated February 24, 2012 and March 1, 2012, respectively. *See* Dkt. Nos. 279 & 282.  In these Orders, Magistrate Judge Spero granted Facebook's motion to compel a further Rule 30(b)(6) deposition of Power, which Orders also included an award of both costs and attorneys fees to Facebook due to defendants' discovery abuse (including their failing to produce 74.6 gigabytes of emails and documents until after the close of discovery, and after the motion for summary judgment had already been fully briefed). *Id.*  As a result of the entry of those Orders, Facebook was able to submit with its Supplemental Brief on damages and Vachani's individual liability new evidence which further proved that in December of 2008, Power and Vachani had unlawfully gained access to the Facebook website, used Power.com's services to spam Facebook users, and taken intentional and deliberate measures to circumvent Facebook's efforts to block the Power.com website from connecting to Facebook.  *See* Dkt. No. 330, at 11-13 & 15-16.  Following the lifting of the automatic stay resulting from the filing by Vachani and Power of their respective notices of bankruptcy, on August 7, 2013, Magistrate Judge Spero entered an Order Re Attorneys Fees and Costs for Renewed Deposition (Dkt. No. 356) in which he awarded Facebook $39,796.73 in costs and attorneys fees from both Power and Vachani, jointly and severably, due to their documented litigation abuse in this matter.  Neither defendant objected to the award pursuant to Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A), or Civil Local Rule 72-2.

Neither Defendant Power nor Vachani have made payments towards this sanctions award.  While Facebook acknowledges Vachani's current chapter 13 bankruptcy action pending before the Bankruptcy Court of the Northern District of California, *see infra* II.A.2, Defendant Power is independently obligated to comply with Magistrate Judge Spero's Order and is not in bankruptcy.

       2.    **Defendants' Abuse of the Bankruptcy System to Delay Entry of Judgment.**

On August 27, 2012, just hours after Facebook cross-moved for default judgment, and only a one day before Chief Judge Ware was scheduled to retire, Power and Vachani filed in the Bankruptcy Court of the Northern District of California voluntary petitions for relief under chapters 11 and 13, respectively, of the U.S. Bankruptcy Code.  Power's chapter 11 bankruptcy action was filed in the San Francisco division of the Bankruptcy Court, and Vachani's chapter 13

OHSUSA:754427476.2

1  bankruptcy action was filed in the Oakland division.  These petitions resulted in an automatic stay
2  of the District Court action and effectively prevented Chief Judge Ware from entering what was
3  an imminent ruling on damages.
4        On November 27, 2012, on the motion of the U.S. Department of Justice on behalf of
5  August B. Landis, Acting United States Trustee, which motion was formally joined in by
6  Facebook and opposed by Power, U.S. Bankruptcy Judge Thomas E. Carlson dismissed Power's
7  chapter 11 case, for cause.  Judge Carlson concluded that, in light of the record in this District
8  Court case, it appeared that Facebook's claim against Power would be sufficiently large to make
9  it impossible for Power ever to obtain confirmation of a plan of reorganization, over Facebook's
10 objection.  Judge Carlson did not reach any of the several other grounds alleged for dismissal.
11       Upon the dismissal of the Power chapter 11 case, the automatic stay in that case
12 terminated.  *See* 11 U.S.C. § 362(c)(1)(B).  Power's bankruptcy case has not been reinstated.
13       Meanwhile, on October 18, 2012, Vachani filed in the Bankruptcy Court a motion
14 requesting that U.S. Bankruptcy Judge Roger L. Efremsky determine the validity and amount of
15 the claims asserted by Facebook against Vachani in this District Court action.  On December 13,
16 2012, Judge Efremsky concluded that those claims should be resolved by the District Court and
17 denied Vachani's motion.  To that end, on February 13, 2013, Bankruptcy Judge Efremsky
18 granted the motion of Facebook for relief from the automatic stay in Vachani's chapter 13 case.
19 By the time of the hearing on that motion, Vachani had consented to the relief sought and
20 approved the form and substance of the Order (the "Stay Relief Order").
21       By the Stay Relief Order, Facebook is permitted to take all steps needed to cause this
22 District Court case to be reopened and completed, except that enforcement of any money
23 judgment against Vachani must be effected through Vachani's chapter 13 case, as long as
24 Vachani's bankruptcy case remains pending and the Bankruptcy Court has not afforded Facebook
25 further relief.
26       In light of then Chief Judge Ware's order, soon before the bankruptcy petitions were filed,
27 that the validity and amount of Facebook's claim were under submission, that *no* further hearing
28 would be held, and that the Court was ready to "bring this case to a close," and the only reason

1  that a ruling was not issued was the defendants' filing bankruptcy petitions, it is Facebook's
2  contention in Vachani's chapter 13 case that the amount of damages and sanctions this Court
3  awards to Facebook will make him ineligible for chapter 13 relief.  Facebook is not, of course,
4  requesting that this Court make any ruling directly on Vachani's eligibility for relief under
5  chapter 13.

6           3.    **Reassignment To Judge Koh.**

7  On April 10, 2013, as a result of Facebook receiving relief from the automatic bankruptcy
8  stay, this case was reassigned to Judge Koh.  Dkt. No. 329.  A case management conference was
9  held on May 1, 2013. During this conference, Defendant Power's counsel, Ms. Anderson,
10 intimated that Defendants would seek reconsideration of Chief Judge Ware's previous Order on
11 liability (Dkt. No. 275).  05/01/13 Tr. at 25:3-8; 25:25-26:2.  The Court responded that it "was not
12 likely to grant any leave to even file a motion for reconsideration." *Id*. at 26: 13-14; 25:23-24.
13 Despite the Court's advisement, on August 1, 2013, Defendants moved for leave to file a motion
14 for reconsideration. Dkt. No. 353.  Facebook submits that there is no basis pursuant to Civil Local
15 Rule 7-7 for reconsideration of Chief Judge's Order regarding liability. Defendants do not raise
16 any new issues of fact or law, they fail to demonstrate how the Court failed to consider any
17 material fact, and they do not demonstrate any manifest injustice or clear error.

18 During the May 1, 2013 case management conference, the Court also requested additional
19 briefing on Defendant Vachani's liability, damages, injunctive relief and attorney's fees.  Dkt.
20 No. 340.  As set forth in Facebook's supplemental briefing which is currently sealed (*see* Dkt.
21 No. 354), Facebook is entitled to injunctive relief against both Defendants Vachani and Power.
22 Facebook waives its entitlement to attorneys' fees under the CFAA and exemplary damages
23 under Penal Code Section 502 as it believes that an award of such damages will not deter Vachani
24 or Power from causing further harm. *See also* Dkt. No. 358.

25 Specifically, Facebook seeks an injunction prohibiting Defendants from: (1) sending
26 commercial electronic communications in violation of state and federal law; (2) accessing or
27 using Facebook's website, computers, or computer networks without Facebook's prior
28 permission; and (3) using any data, including Facebook-user information, obtained by Defendants

from Facebook's website, computers, or networks as a result of the conduct discussed in the complaint.  Facebook is entitled to this relief because:

Defendants violated three separate statutes that provide for statutory injunctions (the CAN-SPAM Act, the CFAA, and California Penal Code 502(c)) and Facebook is entitled to a statutory injunction;

Defendants' activities caused irreparable harm to, *inter alia*, Facebook's goodwill and reputation;

Defendants' conduct before and during this litigation, including their rampant discovery abuses (*see e.g*. Dkt. No. 356), demonstrates a willingness to continue violating Facebook's rights such that monetary damages are insufficient;

Defendants have judicially admitted their insolvency status before the United States Bankruptcy Court making it unlikely that they will provide Facebook with any monetary relief even if it were sufficient;

Facebook has suffered significant harm as a result of Defendants' activities and risks additional harm if Defendants are not enjoined from their injurious and unlawful conduct;

Defendants would suffer no harm from an injunction prohibiting their further unlawful and harmful conduct;

The public, including Facebook and its users, has a significant interest in enforcement of the CFAA, CAN-SPAM act, and California Penal Code 502 to protect against any possibility of Defendants' further harassment.

An injunction should extend to Defendant Vachani in his personal capacity because it is undisputed that he personally directed and authorized all of the activity giving rise to liability—in a manner that exceeds a merely supervisory role as CEO of Power.  *See* Facebook's 8/01/2013 Supplemental Memorandum of Points and Authorities in support of Request for Injunctive Relief at 5-6; s*ee also* Dkt. No. 299-3 at 229:10-230:7; 232-2 at Power's Response to Interrogatories Nos. 8-10, 16; Dkt. No. 300, at 14-17.

### 4. **Defendant Vachani Appeals To The Ninth Circuit Magistrate Judge Spero's Interlocutory Order.**

On September 6, 2013, despite his never having objected to Magistrate Judge Spero's August 7, 2013, interlocutory Order Re Attorneys Fees and Costs for Renewed Deposition (Dkt. No. 356), and despite the fact that no final judgment had been entered in this action, Defendant Vachani filed a notice of appeal to the Ninth Circuit of Magistrate Judge Spero's Order awarding Facebook attorneys' fees and costs. On September 13, 2013, the Ninth Circuit issued an Order *sua sponte* finding that the "record suggests that [the Ninth Circuit] may lack jurisdiction over the appeal because" the Order "does not appear to be appealable." The appellate court requested that within 21 days of the Order (*i.e.* no later than October 4, 2013, Defendant Vachani either move for voluntary dismissal of the appeal, or show cause for why it should not be dismissed for lack of jurisdiction.

### B. **Defendants' Position**

Defendants declined to inform Facebook what were their positions, and instead indicated that they would prepare their own Case Management Statement.

## III. **LEGAL ISSUES**

### A. **Facebook's Position**

The only legal issues remaining in this action are the following:

1. What amount of damages should Facebook receive from both Power and Vachani as a result of their being found liable for violating the CAN-SPAM Act, the CFAA, and California Penal Code Section 502?

2. Should Steve Vachani be held personally liable under the CAN-SPAM Act, the CFAA, and California Penal Code Section 502, for his role in personally and individually directing the conduct that former Chief Judge Ware ruled resulted in Power and Vachani having violated those statutes?

3. Is Facebook entitled to injunctive relief against both Defendants Vachani and Power, enjoining them from: (1) sending commercial electronic communications in violation of state and federal law; (2) accessing or using Facebook's website, computers, or computer

networks without Facebook's prior permission; and (3) using any data, including Facebook-user information, obtained by Defendants from Facebook's website, computers, or networks as a result of the conduct discussed in the complaint?

### B.   Defendants' Position

Defendants declined to inform Facebook what were their positions, and instead indicated that they would prepare their own Case Management Statement.

## IV.   MOTIONS

### A.   Pending Motions

The following motions, or outstanding issues associated with motions, are currently before the Court:

1.   Should Steve Vachani be held personally liable under the CAN-SPAM Act, CFAA, and California Penal Code Section 502? This issue was the subject of supplemental briefing, as ordered by the Court. Dkt. No., 275, at 19. *See also* Dkt. Nos. 292, 299, 300, 317. Defendants filed an under seal version of their Supplemental Brief addressing this issue on behalf of Vachani on March 30, 2013, which has not been assigned a Docket Number. Vachani was permitted to file a further supplemental brief, which he did by submission of a *pro se* brief on August 15, 2012. Dkt. No. 317. On May 1, 2013, Judge Koh ordered additional briefing on this issue, which is also pending before the Court. *See* Dkt. Nos. 357-359. Facebook filed an under seal version of this briefing on August 1, 2013, which has not yet been assigned a Docket Number.

2.   Is Facebook entitled to injunctive relief against both Defendants Vachani and Power, enjoining them from: (1) sending commercial electronic communications in violation of state and federal law; (2) accessing or using Facebook's website, computers, or computer networks without Facebook's prior permission; and (3) using any data, including Facebook-user information, obtained by Defendants from Facebook's website, computers, or networks as a result of the conduct discussed in the complaint? This issue was the subject of supplemental briefing, as ordered by the Court. Dkt. No., 275, at 19. *See also* Dkt. Nos. 292, 299, 300. Defendants filed an under seal version of their Supplemental Brief on March 30, 2013, which has not been

assigned a Docket Number. On May 1, 2013, Judge Koh ordered additional briefing on this issue, which is also pending before the Court. *See* Dkt. Nos. 357-359. Facebook filed an under seal version of this briefing on August 1, 2013, which has not yet been assigned a Docket Number.

        3.     Defendants August 1, 2013 Motion for Leave to file a Motion for Reconsideration is currently pending before the Court.

### B.    Anticipated Motions

#### 1.    Facebook's Position.

Facebook does not anticipate filing any additional motions.

#### 2.    Defendants' Position.

Defendants declined to inform Facebook what were their positions, and instead indicated that they would prepare their own Case Management Statement.

## V.    AMENDMENT OF PLEADINGS

The case is now fully at issue.

## VI.    EVIDENCE PRESERVATION

### A.    Facebook's Position

Facebook has taken appropriate measures to preserve relevant evidence. Facebook has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and that parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

As detailed in Facebook's Supplemental Brief, unlike Facebook, Defendants have failed to preserve, and in fact have destroyed after the initiation of this litigation, critical evidence relating to their spamming activities. *See* Dkt. 300 at 4-6.

### B.    Defendants' Position

Defendants declined to inform Facebook what were their positions, and instead indicated that they would prepare their own Case Management Statement.

## VII. INITIAL DISCLOSURES

Facebook served its initial disclosures on Defendants on July 29, 2011. Facebook served its supplemental and second supplemental initial disclosures on Defendants on October 14, 2011 and January 13, 2012, respectively. Defendants served their initial disclosures on Facebook on August 15, 2011. To date, Defendants have not supplemented their initial disclosures.

## VIII. DISCOVERY

Discovery closed on January 20, 2012. The parties agree that no additional discovery is necessary at this time.

## IX. CLASS ACTIONS

This is not a class action case.

## X. RELATED CASES

Vachani's bankruptcy proceeding in the United States Bankruptcy Court for the Northern District of California, Case No. 12-47150 RLE 13, is related to this matter.

Vachani's appeal of Judge Spero's Order regarding Attorneys' Fees and Costs, currently before the Ninth Circuit, Case No. 13-16795, is related to this matter.

## XI. RELIEF

Facebook prays for the injunctive relief set forth in its August 1, 2013 Supplemental Memorandum in Support of Facebook's Request for Injunctive Relief and Proposed Permanent Injunction Order, which have not yet been assigned docket numbers.

## XII. SETTLEMENT AND ADR

The parties engaged in an ADR mediation session on December 14, 2009. The session was facilitated by mediator Daralyn Durie, who has filed papers with the Court indicating that the ADR process is not yet complete and that further facilitated discussions are expected. *See* Dkt. No. 59. To date, the parties have engaged in numerous settlement discussions, but have been unable to reach resolution. The latest of these settlement discussions was on or around April 26, 2013.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties have not consented to a magistrate judge.

### XIV. OTHER REFERENCES

#### A. Facebook's Position

Facebook does not believe any additional references are necessary at this time.

#### B. Power's Position

Defendants declined to inform Facebook what were their positions, and instead indicated that they would prepare their own Case Management Statement.

### XV. NARROWING OF ISSUES

Facebook does not believe that the remaining issues can be narrowed at this time, inasmuch as liability already has been established.

### XVI. EXPEDITED TRIAL PROCEDURES

An expedited schedule is not necessary in this case.

### XVII. SCHEDULING

A case management conference and hearing on pending motions is currently scheduled for September 26, 2013.

### XVIII. TRIAL

Facebook has requested a jury trial, although the only issues now remaining for trial relate to the amount of damages, and whether exemplary damages are warranted. Facebook anticipates that a damages trial will last approximately 3 to 5 days.

### XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES AND PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

### XX. OTHER MATTERS

None.

Dated: September 19, 2013                                   ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Morvarid Metanat*
MORVARID METANAT
Attorneys for Plaintiff
FACEBOOK, INC.

## CERTIFICATE OF SERVICE

I hereby certify that the document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants as follows:

By transmitting via electronic mail to the email addresses set forth below before 12:00 midnight on September 19, 2013.

**Steven Vachani** *(Pro Per)*
Email: vachani@yahoo.com
2425B Channing, #216
Berkeley, CA 94704
Tel:    (917) 267-8823

Dated: September 19, 2013                                   */s/ Morvarid Metanat*
                                                           Morvarid Metanat