UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., | Case No.: 08-CV-5780-LHK |
| Plaintiff, | |
| v. | ORDER GRANTING FACEBOOK'S MOTION TO SEAL |
| POWER VENTURES, INC., a Cayman Island corporation, and STEVE VACHANI, an individual, | |
| Defendants. | |

Before the Court is an administrative motion to file under seal one portion of Facebook's Supplemental Memorandum in Support of its Request for Injunctive Relief against Defendants Steven Vachani and Power Ventures, Inc. ECF No. 354 ("Sealing Motion"). For the reasons stated herein, the Court GRANTS the sealing motion.

**I.      LEGAL STANDARD**

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172,

1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

In order to overcome this presumption, a party seeking to seal a judicial record must articulate "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79 (internal quotation marks and citations omitted). "In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136).

However, the Ninth Circuit has "carved out an exception to the presumption of access to judicial records . . . [that is] expressly limited to judicial records filed under seal when attached to a *non-dispositive* motion." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litigation*, 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam) (internal quotation marks and citation omitted) (emphasis in original); *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (applying a "good cause" standard to all non-dispositive motions because such motions "are often unrelated, or only tangentially related, to the underlying cause of action") (internal quotation marks and citation omitted). Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker,* 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting *Restatement of Torts* § 757, cmt. b). "Generally it relates to the production of goods. . . . It may, however, relate to the sale of goods or to other operations in the business. . . ." *Id.* In addition, the Supreme Court has recognized that sealing may be justified to

2

Case No.: 08-CV-5780-LHK
ORDER GRANTING FACEBOOK'S MOTION TO FILE UNDER SEAL

prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

Even under the "good cause" standard of Rule 26(c), however, a party must make a "particularized showing" with respect to any individual document in order to justify sealing the relevant document. *Kamakana*, 447 F.3d at 1180; *San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks and citation omitted).

As Facebook's request for injunctive relief is a dispositive motion, Facebook needs to demonstrate compelling reasons in order to support its request to seal. *Brocade Communications Systems, Inc. v. A10 Networks, Inc.*, No. C 10–3428 PSG, 2013 WL 211115, at *2 (N.D. Cal. Jan, 17, 2013) (holding that request for permanent injunction is dispositive motion for purposes of motion to seal).

## II.   ANALYSIS

Facebook seeks to seal the monetary figure referenced at page 3, line 19 of its Supplemental Memorandum in Support of its Request for Injunctive Relief. ECF No. 354. The figure is referenced in the sentence reads: "Defendants' conduct caused Facebook to expend at least $X to safeguard Facebook's network." *Id.* at 3. Facebook states that this monetary figure, which comes from the Declaration of Joseph Cutler, ECF No. 213-2, filed in Support of Facebook's Motion for Partial Summary Judgment for Liability under the CAN-SPAM Act, was designated as "Highly Confidential—Attorneys' Eyes Only," pursuant to the parties' February 4, 2011 Protective Order, ECF No. 95. Facebook claims that the monetary figure describes "confidential and proprietary business information, including Perkins Coie's legal fees incurred as a result of its investigation for Facebook," ECF No. 354-2 (Declaration of Morvarid Metanat), and that Facebook and Perkins have a business desire to maintain the confidentiality of the legal fees Facebook incurred. The Court finds that Facebook has demonstrated "compelling reasons" to seal this figure, especially given that Judge Ware previously granted Facebook's request to seal this figure in connection with other briefing in this

case. *See* ECF No. 182 at 2 (Order sealing those portions of Facebook's Motion for Partial Summary Judgment which reference the Cutler Declaration, which includes the monetary figure above).

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS Facebook's administrative motion to seal.

**IT IS SO ORDERED.**

Dated: September 25, 2013



LUCY H. KOH
United States District Judge

4
Case No.: 08-CV-5780-LHK
ORDER GRANTING FACEBOOK'S MOTION TO FILE UNDER SEAL