# EXHIBIT C

Nos. 13-17102, 13-17154

IN THE

# United States Court of Appeals
# For The Ninth Circuit

_____

FACEBOOK, INC.,
        *Plaintiff-Appellee*,

v.

POWER VENTURES, INC.

&

STEVEN SURAJ VACHANI,
        *Defendants-Appellants*.

_____

Appeal from the United States District Court
for the Northern District of California
Case No. 5:08-cv-05780-LHK, The Honorable Lucy Koh

---

**PLAINTIFF-APPELLEE'S UNOPPOSED
MOTION TO UNSEAL DOCUMENTS**

---

| | |
|---|---|
| Eric A. Shumsky | I. Neel Chatterjee |
| ORRICK, HERRINGTON & | Monte Cooper |
|   SUTCLIFFE LLP | Brian P. Goldman |
| Columbia Center | Robert L. Uriarte |
| 1152 15th Street, N.W. | ORRICK, HERRINGTON & |
| Washington, D.C. 20005 |   SUTCLIFFE LLP |
| (202) 339-8400 | 1000 Marsh Road |
| | Menlo Park, CA 94025 |
| | (650) 614-7400 |

*Counsel for Plaintiff-Appellee*

## PLAINTIFF-APPELLEE'S UNOPPOSED
## MOTION TO UNSEAL DOCUMENTS

Pursuant to Ninth Circuit Rule 27-13(d), Plaintiff-Appellee Facebook, Inc. moves to unseal certain record documents currently under seal pursuant to a protective order entered by the district court. In support of this motion, Facebook states as follows:

1. In 2008, Facebook brought this suit against Defendants-Appellants under, among other statutes, the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030, California Penal Code § 502, and the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 (CAN-SPAM Act), 15 U.S.C. § 7701. Facebook's suit concerned Defendants' operation of a computer program that harvested information from Facebook's website for reproduction on Defendants' website, and sent over 60,000 electronic messages to Facebook users. The district court entered summary judgment in favor of Facebook, Dkt. No. 275, and granted Facebook damages and injunctive relief, Dkt. No. 372.

2. Because discovery in this case involved information that was, at the time, confidential, proprietary, and private—such as information relating to Facebook's security systems and Defendants' computer program—the parties stipulated to a protective order allowing them to file certain materials under seal. Dkt. No. 95. Under this Court's rules, materials sealed below pursuant to the protective order remain sealed on appeal. *See* Ninth Cir. R. 27-13, Adv. Comm. Note.

3.  Due to the passage of time, the sensitivities that once made it necessary for certain materials to be kept confidential no longer exist. For the convenience of the Court, the parties, and the public, Facebook respectfully moves to unseal certain materials it intends to include in its Supplemental Excerpts of Record (SER), for which confidentiality is no longer necessary.

4.  In particular, Facebook requests that the following materials Facebook previously designated as confidential be unsealed.

- Dkt. No. 213-2: Declaration of Facebook attorney Joseph Cutler

- Dkt. No. 213-4: Declaration of Facebook Security Manager Ryan McGeehan

- Dkt. No. 300-1: Report of Facebook damages expert Richard J. Ostiller

- Dkt. No. 372: Unredacted version of the district court's "Order Denying Leave To File Motion For Reconsideration, Finding Defendant Steven Vachani Liable As A Matter Of Law, And Granting Damages And Permanent Injunctive Relief," which was sealed because it stated the amount of Facebook's damages described in Dkt. No. 300-1.

5.  Facebook also requests that the following materials Defendants previously designated as confidential be unsealed:

- Dkt. No. 217: Declaration of Facebook expert Lawrence Melling

2

- Expert Report of Bob Zeidman and Lawrence Melling[1]

These materials were designated as confidential because they describe and briefly quote portions of Defendants' "source code"—the text instructions comprising a computer program—that were responsible for copying content from the Facebook website and sending messages to Facebook users. Confidentiality of these limited quotations and descriptions is no longer required. Facebook does not intend to include in its SER the exhibits attached to the declaration and expert report, and does not move to unseal those exhibits (*e.g.*, Dkt. Nos. 217-1 to -13).

6. Defendants have advised that they do not oppose this motion.

## **CONCLUSION**

For the foregoing reasons, the motion to unseal should be granted.

Dated: May 13, 2014

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Eric A. Shumsky*
Eric A. Shumsky
Attorney for Plaintiff-Appellee

---

[1] This document was before the district court but never docketed; the parties' stipulation to correct the record under Fed. R. App. P. 10(e) is filed simultaneously with this motion.

3

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on May 13, 2014.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Eric A. Shumsky*
Eric A. Shumsky
Attorney for Plainitff-Appellee
