1  I. NEEL CHATTERJEE (STATE BAR NO. 173985)
   nchatterjee@orrick.com
2  MONTE M.F. COOPER (STATE BAR NO. 196746)
   mcooper@orrick.com
3  ROBERT L. URIARTE (STATE BAR NO. 258274)
   ruriarte@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
5  Menlo Park, CA  94025
   Telephone:    +1-650-614-7400
6  Facsimile:    +1-650-614-7401

7  FREDERICK D. HOLDEN, JR. (Calif. Bar No. 61526)
   ORRICK, HERRINGTON & SUTCLIFFE LLP
8  The Orrick Building
   405 Howard Street
9  San Francisco, California  94105-2669
   Telephone:    (415) 773-5985
10 Facsimile:    (415) 773-5759

11 Attorneys for Plaintiff
   FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> POWER VENTURES, INC. a Cayman Island Corporation; STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, DOES 2-25, inclusive, <br><br> Defendants. | Case No.  5:08-cv-05780 LHK <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Date:      January 11, 2017 <br> Time:      2:00 P.M. <br> Judge:     Hon. Lucy J. Koh <br> Courtroom: 8, 4th Floor |

1   This Court has set a further Case Management Conference for January 11, 2017.  Pursuant to the Minute Order setting such Case Management Conference [Dkt. No. 402], Plaintiff Facebook, Inc. ("Facebook") hereby submits this Joint Case Management Statement, without input from Defendants Power Ventures, Inc. ("Power") or Steven Vachani ("Vachani")[1].

## I.   JURISDICTION AND SERVICE

On December 19, 2016, the Ninth Circuit issued the mandate associated with its Order and Amended Opinion in *Facebook, Inc. v. Power Ventures, Inc.*, No. 13-17154 (9th Cir. Dec. 9, 2016)("Ninth Circuit Order").  All parties previously were served with all relevant pleadings.  The parties agree and the Ninth Circuit has concluded that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.  Facebook asserted various state and federal claims against Defendants, including two claims alleging violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et. seq.* ("CFAA"), and California Penal Code § 502(c), for which this Court in two Orders [Dkt. Nos. 275 & 373] previously concluded Defendants were liable.  Separately, the Court by Order [Dkt. No. 356] also awarded Facebook costs and attorney fees from Defendants as a discovery sanction arising from the need to take an additional deposition of Power while the matter was pending before this Court.  The liability findings by this Court with respect to the CFAA and Section 502(c) claims, as well as the discovery sanctions, have been affirmed by the Ninth Circuit.  The Court's ruling with respect to the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM Act") has been reversed.  Venue is proper under 28 U.S.C. §1391(b).

---

[1] Facebook on January 3, 2017 forwarded copies of its positions set forth in this Joint Case Management Statement to Defendants.  However, on January 4, 2017, shortly before the deadline to file this Joint Case Management Statement, Facebook was apprised by counsel for Power that both Power and Vachani had personal crises that prevented them from preparing and contributing Defendants' portions of this Joint Case Management Statement.  Defendants further indicated that they would file a request for ex parte relief seeking a continuance of the Case Management Conference – a request to which Facebook does not object given Defendants' circumstances.  However, Facebook is filing this Joint Case Management Statement without Defendants' contributions due to the fact a continuance has not been granted as of the January 4, 2017 deadline set forth in Docket No. 402 (the Court's December 19, 2017 Minute Order).

## II. FACTS

### A. Facebook's Position

This Court should enter a revised Judgment and Permanent Injunction in the form set out in Facebook's attached proposed Order, whereby Facebook receives an adjusted award of $46,883 in damages from Defendants, jointly and severally, for their violations of the CFAA and California Penal Code Section 502(b). This amount of damages, which reflects the damages Facebook introduced into the record reflecting expenses incurred internally and via outside counsel for the period following December 1, 2008, when Facebook served its cease and desist letter on Power. The revised Judgment and Permanent Injunction also include the $39,796.73 previously awarded to Facebook against Power and Vachani for discovery abuse, as well as the $49,637.93 in taxable costs awarded to Facebook. Accordingly, the total amount to be awarded to Facebook is $136,317.66, jointly and severally, against Defendants.

### B. Facebook's Proposal Conforms to the Ninth Circuit Remand Order

This Court previously entered Orders granting Facebook summary judgment of liability [Dkt. No. 275] and awarding Facebook damages from both Defendants in the amount of $80,543 for violations of both the CFAA and California Penal Code Section 502(b) [Dkt. No. 373]. The Court in two other Orders separately awarded Facebook sanctions from both Defendants in the amount of $39,796.73 for discovery abuse related to a Rule 30(b)(6) deposition and failure to produce relevant documents [Dkt. No. 356], and taxed Defendants $49,637.93 in costs [Dkt. No. 390]. In denying Defendants' petition for rehearing en banc, the Ninth Circuit (1) upheld the discovery sanction imposed against Defendants, (2) upheld the Court's conclusion that Defendant Vachani is personally liable for all CFAA and Penal Code Section 502 violations, and (3) remanded the matter to this Court solely "to reconsider appropriate remedies under the CFAA and Section 502, including any injunctive relief." *Facebook, Inc. v. Power Ventures, Inc.*, No. 13-17154, slip op. at 21-22 (9th Cir. Dec. 9, 2016). The Court of Appeals instructed, "With respect to damages, the district court shall calculate damages only for the period after which Power [on December 1, 2008] received the cease and desist letter, when Power continued to access data contained in Facebook's servers and memory banks." *Id.* at 22. No other issues remain for the

Court's resolution.

### 1. The Court's Prior Award of $80,543 in Damages for CFAA and Penal Code Section 502(b) Violations Can Be Reinstated

Facebook previously established through undisputed testimony from both its outside counsel, its security expert assigned to respond to Defendants' violations, and its damages expert witness, that it expended $80,543 on or after December 1, 2008, as a result of its internal and external investigations and implementing technical measures that served as the basis for its CFAA and Penal Code Section 502(b) claims. *See* Dkt. No. 299-25 (Expert Report of Damages Expert Richard Ostiller), ¶¶ 13-29 & Schedule 1[2]; *see also* Dkt. No. 213-4 (Declaration of Facebook Security Manager Ryan McGeehan), ¶¶ 7-18 (reflecting that his investigation of Defendants' activities in connecting to the Facebook site began on December 1, 2008, and that all actions taken to attempt to prevent Defendants' further connections to the site, including imposition of IP blocks, occurred after Facebook served the cease and desist order); Dkt. No. 213-2 (Declaration of Facebook Attorney Joseph Cutler), ¶¶ 4-15  (describing Perkins Coie's legal work in December 2008 and early 2009).  Further, as this Court itself noted, "Defendants do not dispute the accuracy or veracity of [the] evidence of [Facebook's] expenditures."  Dkt. No. 275, at 8.

Paragraphs 21, 30 and Schedule 1 of the Expert Report of Richard Ostiller reflect that in addition to $5000 in internal damages sustained by Facebook in December 2008 in employing its Security Manager Ryan McGeehan to respond to Power's attempts to circumvent IP blocks, Facebook incurred $36,824 in CFAA and Penal Code Section 502 damages as a result of payments to outside counsel Perkins Coie for the months of January through March, 2009. *See* Dkt. No. 299-25, ¶¶ 21, 30 & Schedule 1. Additionally, paragraph 15 of the Declaration of Joseph Cutler reflects he personally billed Facebook $5059 in legal fees for his activities in December of 2008.  This reflects that Facebook sustained $46,883 in damages from Defendants for the period after December 1 2008, and hence satisfies the Ninth Circuit's criteria for an adjusted award from

---

[2] The full Expert Report of Facebook's Damages Expert Richard Ostiller was served on Defendants and lodged, but not filed, with the Court on December 19, 2011 pursuant to Chief Judge Ware's Case Management Order.  *See* Dkt. No. 92, ¶ 4.  In the event that this Court requests that report now to be filed with the Court rather than lodged, Facebook does not object. A portion of the Report was filed under seal as Dkt. No. 299-325, and later unsealed as Dkt. No. 300.

the $80,543 originally awarded in damages for violation of the CFAA and Penal Code Section 502.

### 2. The $89,434.66 Previously Awarded for Discovery Sanctions and Costs Remain Undisturbed

The Ninth Circuit upheld this Court's prior award of $39,796.73 in sanctions against both Power and Vachani relating to their discovery abuse in conjunction with a Rule 30(b)(6) deposition at which Vachani failed to provide adequate answers to questions, and then failed to produce highly relevant documents until after the conclusion of discovery.  *Facebook, Inc. v. Power Ventures, Inc.*, No. 13-17154, slip op. at 22 (9th Cir. Dec. 9, 2016).   Accordingly, the Judgment on remand should once again include the $39,796.73 sanction award previously awarded against both Power and Vachani to Facebook.  Likewise, inasmuch as the $49,637.93 in costs that the Court awarded Facebook also was not challenged on appeal, that award also should be reinstated in the Judgment.

### 3. The Permanent Injunction Need Only Remove Conditions Specifically Related to CAN-SPAM Violations, and Be Amended To Ensure Proper Compliance by Defendants

Facebook's proposed Permanent Injunction modifies and simplifies the earlier Permanent Injunction to delete all elements of relief that were specific to CAN-SPAM violations, while also ensuring that Defendants have already complied with its terms.

### C. Defendants' Position

As noted in footnote 1, *supra*, Defendants were not able to provide Facebook with their positions by the deadline to file this Joint Case Management Statement.

## III. LEGAL ISSUES

### A. Facebook's Position

The only legal issues remaining in this action are the following:

 1. What amount of damages should be awarded to Facebook for Defendants' violations of the CFAA and California Penal Code Section 502, for the period on an after December 1, 2008, when Defendants received the cease and desist letter notifying them of their violations of the Acts?

CASE MANAGEMENT STATEMENT
5:08-CV-05780 LHK

  **2.** What should be the scope of permanent injunctive relief arising from Defendants' unlawful actions?

 **B.** **Defendants' Position**

As noted in footnote 1, *supra*, Defendants were not able to provide Facebook with their positions by the deadline to file this Joint Case Management Statement. Facebook understands instead that Defendants will be seeking a continuance of the Case Management Conference.

**IV.** **MOTIONS**

 **A.** **Pending Motions**

  There are no pending motions filed by the Parties.

 **B.** **Anticipated Motions**

  **1.** **Facebook's Position**

Facebook believes the Court already is in position to enter an award of damages and an order granting permanent injunctive relief in the proposed draft form it provides with this Joint Case Management Statement. Facebook does not anticipate filing any additional motions, but is prepared to further brief the remanded issues, should the Court so desire.

  **2.** **Defendants' Position**

As noted in footnote 1, *supra*, Defendants were not able to provide Facebook with their positions by the deadline to file this Joint Case Management Statement.

**V.** **AMENDMENT OF PLEADINGS**

 The case is now fully at issue.

**VI.** **EVIDENCE PRESERVATION**

 **A.** **Facebook's Position**

  To the extent the issue is relevant in the wake of the Ninth Circuit's remand Order, Facebook has taken appropriate measures to preserve relevant evidence. Facebook has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and that parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

### B. Defendants' Position

As noted in footnote 1, *supra*, Defendants were not able to provide Facebook with their positions by the deadline to file this Joint Case Management Statement.

## VII. INITIAL DISCLOSURES

Facebook served its initial disclosures on Defendants on July 29, 2011. Facebook served its supplemental and second supplemental initial disclosures on Defendants on October 14, 2011 and January 13, 2012, respectively. Defendants served their initial disclosures on Facebook on August 15, 2011. To date, Defendants have not supplemented the initial disclosures.

## VIII. DISCOVERY

Discovery closed on January 20, 2012. The parties agree that no additional discovery is necessary at this time.

## IX. CLASS ACTIONS

This is not a class action case.

## X. RELATED CASES

Vachani's bankruptcy proceeding in the United States Bankruptcy Court for the Northern District of California, Oakland Division, Case No. 12-47150 RLE 13, is related to this matter. The Bankruptcy Court has by Order dated February 13, 2013 [Dkt. No. 122] granted Facebook relief from the automatic stay imposed by 11 U.S.C. § 362(a), in order "to permit Facebook to take any and all actions necessary and appropriate to cause the reopening and completion of [this District Court action]…."

## XI. RELIEF

Facebook prays for injunctive relief and the monetary damages set forth in its Proposed Judgment and Permanent Injunction. The bases for Plaintiff's request for monetary damages include compensatory, statutory, and attorneys' fees permitted by law, and upheld by the Ninth Circuit as appropriate in this case.

## XII. SETTLEMENT AND ADR

The parties engaged in an ADR mediation session on December 14, 2009. The session was facilitated by mediator Daralyn Durie, who has filed papers with the Court indicating that the

ADR process is not yet complete and that further facilitated discussions are expected.  *See* Dkt. No. 59.  To date, the parties have engaged in numerous settlement discussions, but have been unable to reach resolution. The latest of these settlement discussions was on or around April 26, 2013.

### XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties have not consented to a magistrate judge.

### XIV. OTHER REFERENCES

#### A. Facebook's Position

Facebook does not believe any additional references are necessary at this time.

#### B. Defendants' Position

As noted in footnote 1, *supra*, Defendants were not able to provide Facebook with their positions by the deadline to file this Joint Case Management Statement.

### XV. NARROWING OF ISSUES

Facebook does not believe that the remaining issues can be narrowed at this time, inasmuch as liability already has been established and upheld by the Ninth Circuit.

### XVI. EXPEDITED TRIAL PROCEDURES

An expedited schedule is not necessary in this case.

### XVII. SCHEDULING

Facebook believes the matter already is positioned for entry of a final Judgment and Permanent Injunction, in the form proposed by Facebook.

### XVIII. TRIAL

No trial is necessary.  This Court has already found that the damages amounts are unrebutted.

### XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES AND PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

**XX.   OTHER MATTERS**

None.

Dated: January 4, 2017                    ORRICK, HERRINGTON & SUTCLIFFE LLP


                                          */s/ Monte M.F. Cooper*
                                          MONTE M.F. COOPER
                                          Attorneys for Plaintiff
                                          FACEBOOK, INC.