1  I. NEEL CHATTERJEE (State Bar No. 173985)
   nchatterjee@goodwinlaw.com
2  GOODWIN PROCTER LLP
   135 Commonwealth Drive
3  Menlo Park, CA  94025-1105
   Telephone:     650-752-3100
4  Facsimile:     650-853-1038

5

6  MONTE COOPER (State Bar No. 196746)
   mcooper@orrick.com
7  ROBERT L. URIARTE (State Bar No. 258274)
   ruriarte@orrick.com
8  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Rd.
9  Menlo Park, California  94025
   Telephone:     650-614-7400
10 Facsimile:     650-614-7401

11 Attorneys for Plaintiff
   FACEBOOK, INC.
12

13                          UNITED STATES DISTRICT COURT

14                         NORTHERN DISTRICT OF CALIFORNIA

15                                 SAN JOSE DIVISION

16

17 FACEBOOK, INC.,                              Case No. 5:08-cv-05780-LHK

18                 Plaintiff,                   **DECLARATION OF JOSEPH CUTLER IN
                                                SUPPORT OF FACEBOOK'S
19        v.                                    SUPPLEMENTAL REMEDIES BRIEF**

20 POWER VENTURES, INC. a Cayman Island         Dept:    Courtroom 8, 4th Floor
   corporation, STEVE VACHANI, an individual;   Judge:   Hon. Judge Lucy H. Koh
21 DOE 1, d/b/a POWER.COM, DOES 2-25,
   inclusive,
22
                   Defendants.
23

24

25

26

27

28

ACTIVE/89744633.3
                                                            Case No. 5:08-cv-05780-LHK

I, Joseph Cutler, declare as follows:

1. I make this declaration in support of Facebook, Inc.'s Supplemental Remedies Brief. I have personal knowledge of the matters stated herein.

2. I am a partner at the Seattle, Washington office of the law firm Perkins Coie LLP. I am a member of the firm's litigation group. In 2008, I was engaged by Facebook, Inc, ("Facebook") to assist it with combatting illegal users of Facebook. I previously prepared and executed the Declaration of Joseph Cutler in Support of Facebook, Inc.'s Motion for Partial Summary Judgment for Liability under the CAN-SPAM Act (Dkt. No. 214-8).

3. As I noted in my earlier Declaration, on or about December 1, 2008, I was advised that Facebook had determined that a third party website hosted by Canadian web-hosting service iWeb technologies at the IP address 70.38.96.7, and associated with a commercial website operating at the URL http://www.power.com ("Power's website"), was, in violation of Facebook's Terms of Use.

4. Specifically, I became aware on or after December 1, 2008 that the Power website solicited Facebook users' usernames and passwords, and then, using an automated scripting routine, logged into the users' Facebook accounts to "crawl" and "scrape" the Facebook website in order to obtain and download a large amount of Facebook user information. I also became aware on or after December 1, 2008 that the Power website, without Facebook's permission, was displaying Facebook user data and Facebook's trademarked logo on the Power website. The Power website was effectively "proxying" Facebook.

5. On December 1, 2008, I prepared a Cease and Desist letter, which I sent via email to the apparent owners of the Power website advising them that their service breached several of Facebook's Terms of Use.

6. I spent ▮ hours addressing Power's actions on December 1, 2008. My hourly rate at the time was approximately ▮ per hour. As a result, the total billable time spent on December 1 was worth $852.50. No other attorney or staff at Perkins Coie billed Facebook for time performing activities associated with the Power matter on December 1, 2008.

7. The only work that Perkins Coie performed for Facebook on this matter prior to when Power.com and Steve Vachani received the cease and desist letter was the time I billed on December 1, 2008. ███████████████████████████████████████████████████████████████ following up on the demand letter sent three days before, which included a telephone call with defendant Steven Vachani discussing the cease and desist letter that I had emailed on December 1, 2008. Thereafter, Perkins Coie billed time on this matter through March 2009.

8. Beginning with the December 4, 2008 discussion I had with Mr. Vachani, and at all times thereafter, I reiterated to Mr. Vachani that, as stated in the Cease and Desist letter, Facebook would not, and did not, authorize Power.com to continue to connect to the Facebook website, and that all activities directed by the Power.com website in connecting to the Facebook needed to cease immediately. Mr. Vachani and Power.com refused to abide that instruction, resulting in Facebook filing the underlying Complaint in this lawsuit on December 29, 2008.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This Declaration is executed on this 7th day of March, 2017, at Seattle, Washington.

*Joe Cutler*