I. NEEL CHATTERJEE (State Bar No. 173985)
nchatterjee@goodwinlaw.com
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, CA  94025-1105
Telephone:    650-752-3100
Facsimile:     650-853-1038

MONTE COOPER (State Bar No. 196746)
mcooper@orrick.com
ROBERT L. URIARTE (State Bar No. 258274)
ruriarte@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Rd.
Menlo Park, California  94025
Telephone:    650-614-7400
Facsimile:     650-614-7401

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> POWER VENTURES, INC. a Cayman Island corporation, STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, DOES 2-25, inclusive, <br><br> Defendants. | Case No. 5:08-cv-05780-LHK <br><br> **[PROPOSED] JUDGMENT AND PERMANENT INJUNCTION** |

1     This matter is on remand from the Ninth Circuit for the limited purpose of ascertaining the
2  remedies Facebook, Inc. ("Facebook") is entitled to on account of Defendants' violations of the
3  Computer Fraud and Abuse Act and California Penal Code section 502.  The Court held a case
4  management conference on February 15, 2017 and requested supplemental briefing from the parties
5  at Defendants' request.

6     Having reviewed the parties' submissions and the record, and consistent with the Ninth
7  Circuit's mandate, the Court finds that unrebutted evidence establishes that Defendants, and each of
8  them, are liable to Facebook in the amount of $79,640.50 for damages suffered after Defendants
9  received Facebook's cease and desist letter on December 1, 2008.  *See Facebook, Inc. v. Power*
10 *Ventures, Inc.*, 844 F.3d 1058, 1070 (9th Cir. 2016) (remanding for consideration of "appropriate
11 remedies under the CFAA and section 502 . . .With respect to damages, the district court shall
12 calculate damages only for the period after Power received the cease and desist letter").  The Court
13 reaffirms the findings of fact and conclusions of law related to Facebook's Computer Fraud and
14 Abuse Act and California Penal Code section 502 claims set forth in this Court's previous order
15 granting Facebook a permanent injunction, Dkt. No. 373.

16    Based on the foregoing, the Clerk of the Court shall enter Judgment in favor of Facebook and
17 against Defendants, jointly and severally, in the following amounts:

18      (1)  $79,640.50 in damages to Facebook caused by Defendants' violations of the
19 Computer Fraud and Abuse Act and California Penal Code section 502;

20      (2)  $39,796.73, reflecting the costs and attorney fees that Magistrate Judge Spero in
21 Dkt. No. 356 ordered Defendants to pay as a discovery sanction; and

22      (3)  $49,637, the costs this Court in Dkt. No. 390 previously taxed against Defendants.

23    The Court again orders the Facebook is entitled to a permanent injunction against Power
24 Ventures and Steven Vachani as follows:

25    1.     Defendants, their agents, officers, contractors, directors, shareholders, employees,
26 subsidiary companies or entities, affiliated or related companies and entities, assignees, and

1  successors-in-interest, and those in active concert or participation with them, are permanently
2  enjoined from:

      A. Accessing or using, or directing, aiding, facilitating, causing, or conspiring with others to use or access the Facebook website or servers for any commercial purpose, without Facebook's prior permission, including by way of example and not limitation for the purpose of sending or assisting others in sending, or procuring the sending, of unsolicited commercial electronic text messages via the Facebook website or service.

      B. Using any data, including without limitation Facebook-user data and data regarding Facebook's website or computer networks, obtained as a result of the unlawful conduct for which Defendants' have been found liable.

      C. Developing, using, selling, offering for sale, or distributing, or directing, aiding, or conspiring with others to develop, sell, offer for sale, or distribute, any software that allows the user to engage in the conduct found to be unlawful.

2. Defendants, their agents, officers, contractors, directors, shareholders, employees, subsidiary companies or entities, affiliated or related companies and entities, assignees, and successors-in- interest, and those in active concert or participation with them shall destroy any software, script(s) or code designed to access or interact with the Facebook website, Facebook users, or the Facebook service. They shall also destroy Facebook data and/or information obtained from Facebook or Facebook's users, or anything derived from such data and/or information.

3. Within three calendar days of entry of this permanent injunction and order, Defendants shall affirm that they already have notified, or shall notify, their current and former officers, agents, servants, employees, successors, and assigns, and any persons acting in concert or participation with them of this permanent injunction.

4. Within seven calendar days of entry of this injunction and order, Defendants shall certify in writing, under penalty of perjury, that they have complied with the provision of this order, and state how notification of this permanent injunction in accordance with paragraph 3 above was

1  accomplished, including the identities of all email accounts (if any) used for notification purposes.

2       5.     The Court shall continue to retain jurisdiction over the parties for the purpose of

3  enforcing this injunction and order.

4       The Clerk shall close the file.

5       **IT IS SO ORDERED.**

7  Dated: _____, 2017        _____

                                                            HON. LUCY H. KOH
                                                            United States District Judge