**Power Ventures Inc. & Steven Vachani (without counsel present)**
**2425B Channing Way #216, Berkeley, Ca 94704**
**Tel: 1-917-267-8823 / email: vachani@outlook.com**

March 27, 2017

Hon. Lucy H. Koh
US District Court, US Northern District of California, 280 S. First Street
San Jose, CA 95113

**Facebook, Inc. v. Power Ventures Inc., Steven Vachani, Case No 08-cv5780 LHK**

**Re: URGENT**: **Request your assistance**. I am unable to communicate with Power Ventures counsel for 30+ days despite over 50 attempts by phone, email, SMS messages, Facebook messages. Request briefing extension to resolve this emergency

Dear Hon. Judge Koh:

   In my role as CEO of Power Ventures and as the primary company representative in this case, I deal directly with Power's legal counsel, Ms. Amy Anderson, who has been Power's sole attorney since 2012. Ms. Anderson has been the sole individual handling all the demanding legal needs of this complex case on behalf of Power Ventures. The only exception was a temporary entry of pro-bono representation for a four month period in 2016 by Orin Kerr and Marcia Hoffman for the sole purpose of helping write our 9th circuit en banc petition.

   In the past, I have always had regular contact with Ms. Anderson and she has always maintained the highest level of professionalism in immediately and solely responding to all the needs of this case for Power Ventures. Ms. Anderson's personal emergency has significantly affected her ability respond to the needs of this case and her absence has put Power Ventures in a difficult position this past month. While this court is welcome to discuss this emergency privately with Ms. Anderson, I will respect her privacy in this public letter and just focus on your assistance to solve this emergency.

During the last 30 days since February 27th, 2017, I have made more than 50 written attempts (and countless additional attempts by phone/voice mail) to reach Mr. Anderson by email, instant/text messages, and Facebook messages without success. **(Exhibit A – copies of 50+ messages sent over last 30 days)** Amy Anderson was expected to complete Power's Supreme Court Petition by the March 9th deadline. In fact, in her last communication on February 27, she still intended to complete that petition. On February 28th, she did not appear for our meeting she proposed in her email on February 27th. As a result of the email she sent me on the 27th, I waited and tried desperately to reach Ms. Anderson for the next few days. When she never responded further nor returned my calls during the first week of March, six days before the Supreme Court petition deadline, I had to desperately find emergency counsel to complete the petition despite not having financial resources. On Monday, March 6th, 3 days before the deadline, through nothing short of a miracle and an introduction from a friend, I was able to find and retain counsel on a special arrangement to work with me to complete our Supreme Court petition. **(All references in this paragraph are in Exhibit A)**

Without any communication or participation from Power's trial counsel due to counsel being unreachable, we were fortunately able to finish this petition in 3 days and submit our certiorari petition on Thursday, March 9th.

I am pleading to this court to provide assistance to Power Ventures to remedy this unfortunate situation. It is only because of this truly exceptional emergency that I, rather than counsel, have been forced to communicate directly on behalf of defendant Power Ventures to seek the court's emergency assistance. I would like to request a 45 to 60 day extension to respond to Facebook's Supplemental remedies brief. (Doc 415-416) Power's challenging financial situation combined with the extreme complexity and details from the 8 years history of this case would make it difficult to find retain new counsel quickly.

Our financial limitations dramatically limit our available options for legal counsel and the complexity and history of the case also make it difficult for new counsel to get up to speed to properly represent Power Ventures. I pray that Ms. Anderson is able to resolve her issues and return back to work with Power, but also, in the event that her issues cannot be resolved over the next few weeks, it will truly take some time to properly regroup and get new counsel up to speed.

This case has been and continues to be a complex and precedent setting case with a significant attention from global media and leading legal scholars. As you are aware, Power did file its Writ for Certiorari on March 9th presenting to the Supreme Court a question of extreme importance.**(Exhibit B-Cert Petition)** http://digitalcommons.law.scu.edu/cgi/viewcontent.cgi?article=2434&context=historical

While it is important for any case to be judged and decided fully on its merits and not on a technicality or unfortunate personal emergency, this case, with its eight year complex history, pending Supreme Court appeal, significant global media attention, amicus involvement by the ACLU and EFF, and active public interest by legal scholars, is particularly important to allow time to reach its conclusion based solely on its merits. In fact, we do believe that the ideal course of action should be for your honor to stay district court proceedings completely for 90 days until Supreme Court has had the opportunity to fully resolve all remaining issues. But more practically in this moment, I ask your honor to recognize this exceptional emergency with Power's counsel and provide a 45-60 day extension to the current March 29th deadline for Power to submit a reply briefing to Facebook's supplemental remedies brief.

Thank you for your consideration,

*Steven Vachani* (signature)

Steven Vachani