**Steven Vachani (represented pro-se)**
**2425B Channing Way #216, Berkeley, Ca 94704**
email: **vachani@outlook.com**

March 27, 2017

Hon. Lucy H. Koh
US District Court, US Northern District of California, 280 S. First Street
San Jose, CA 95113

**Facebook, Inc v. Power Ventures Inc, Steven Vachani, Case No 08-cv5780 LHK (ND Cal)**

**Re: Reply to Facebook's March 20 letter (Doc 419) alleging noncompliance by both defendants and inappropriately accusing defendants of 'another delay tactic'**

Dear Hon. Judge Koh:

On March 20th, Facebook, Inc. "Facebook" wrote a dramatic letter (Doc 419) to the court advising of "significant developments in this case." Facebook's letter included a statement which said, "we have communicated with the defendants about this noncompliance," implying in their opening paragraph that both defendants are not in compliance with the court's order to pay $39,796. This letter from Facebook and its counsel also contained an unwarranted, unfounded, and inappropriate attack on the reputation of myself and Power's counsel, Amy Anderson, taking advantage of Ms. Anderson's serious personal emergency and implying that her personal emergency and Power Venture's financial difficulties are 'another delay tactic.' Facebook's letter stated, "Facebook is concerned that Defendants' failure is another delay tactic" (Doc 419) Not only is this not a delay tactic, it is also not 'another' delay tactic.

Regarding Facebook's allegation of noncompliance against me personally, Facebook's and its very experienced legal counsel made this statement alleging

**Hon. Lucy Koh - March 27, 2017 - Page 2**

noncompliance while being well aware that defendant Steven Vachani (myself, represented pro-se), already has an active bankruptcy proceeding (Vachani, Case No. 12-47150 RLE - Bankr. N.D. Cal.) and Facebook has even previously included a specific claim for this $39,796 amount in this bankruptcy proceeding. (See Vachani, Case No. 12-47150 RLE - Bankr. N.D. Cal) Later in the same letter, Facebook did try to clarify its earlier allegation of noncompliance against me by stating "The effect of Mr. Vachani's noncompliance is less clear, as Mr. Vachani filed for bankruptcy protection long ago."(Doc 419)  Facebook's description of this noncompliance as "less clear" appears to be intended to cast further doubt by still implying that I might be in noncompliance.

     Facebook's lead bankruptcy counsel, Mr. Frederick Holden has over 43 years legal experience and knows exactly what I, as a pro-se defendant, also know. That there is no doubt or any 'less clear' issue about the status of my $39,796 payment. I am in an active bankruptcy proceeding and it is absolutely clear, through my bankruptcy process, that I am in compliance with this court's order to pay this $39,796.

     Facebook also complained that both defendants, Power Ventures Inc. "Power" and myself had not reached out to the court to seek any court relief regarding the court's order to pay $39,796 by March 15th. On behalf of myself, while I am not a lawyer or specialist on the legal technicalities of the bankruptcy or district courts, it is my understanding that because Facebook is fully aware and actively participating in this bankruptcy case and because they already filed claim for this amount, I am clearly in compliance with the court's order and there was no need for further communication outside our ongoing communication in bankruptcy court.

**Hon. Lucy Koh - March 27, 2017 - Page 3**

In regards to the other defendant (Power Ventures), Power's legal counsel has been MIA and unreachable for the past 30 days making it extremely difficult for Power to respond through counsel. Therefore, I, as Power's corporate representative, will try to address Facebook's allegations of noncompliance against Power Ventures. Facebook claimed that Power was not in compliance with the court's order. I am sad to report that Power's counsel, Ms. Amy Anderson, has been MIA dealing with a very serious personal emergency and has not responded to or communicated with myself nor Facebook for over 30 days. **(Exhibit A– messages I sent to Power Ventures counsel over the past 30 days**) After Power's counsel, who is more familiar with proper procedures and rules to deal with court ordered payments, became unreachable, I, as Power's CEO, had no choice but to send Facebook counsel a letter directly informing them of the situation and directly requesting a payment extension. See this excerpt from Power Venture's letter to Facebook:

*"Power Ventures currently does not have the financial resources to pay this $39,796.73 immediately and is hereby reaching out to you in good faith to discuss this matter and request an extension. Please advise the court that Power Ventures has reached out to you to request an extension of payment from our client and we are now awaiting a response. More specifically, can you please speak with your client to see if they would consider to provide a 90 day extension on the due date to June 15th for this payment while we evaluate our financial options and determine the best solution… If you think that this delay of payment may cause financial hardship or inconvenience for your client, please do let me know if you have any alternative suggestions…    As there is still an active district court proceeding and active Supreme Court petition which both could dramatically effect the final amount that Facebook will need to pay to Power or that Power will need to pay to Facebook, we think it might be best to wait at least 90 days so that we all have a clearer idea on the final amounts owed. This way, we can all sit down one time and try to figure out the best arrangement rather than need to have multiple meetings. I hope your client agrees that this might be more prudent and save us all more time"*
**(Exhibit B – Communication with Facebook regarding 39k payment)**

Hon. Lucy Koh - March 27, 2017 - Page 4

**Facebook's lead counsel, Mr. Neel Chatterjee immediately responded**
*"Steve, Thank you for the email.  Facebook will not agree to an extension.  Should Power Ventures want an extension, it needs to seek relief from the Court.  We will be sending the court a letter today or tomorrow seeking guidance as to how to proceed. Neel"* **(Exhibit B – Communication with Facebook regarding $39k payment)**

Facebook and its counsel then felt it was necessary to send a letter to the court (doc 419) alleging noncompliance against both defendants and attacking the reputation and integrity of myself and Power Venture's counsel, Ms. Anderson. I would sincerely hope that Facebook's experienced counsel would refrain from such antics and inappropriate and baseless accusations as we proceed in these hearings.

   In conclusion, I believe I have clearly explained the situation (active bankruptcy) regarding payment by myself personally. Regarding Power Ventures payment, I would request the courts assistance to initially provide a 90-day payment extension while Power can determine options it has available. Since Power.com is saddled in other debts, has not generated a penny of revenue since 2011, and had no active website since this time, Power will need further time to consult with its remaining interested stakeholders to determine its best path forward.

   Your honor. I apologize for taking up your time with this letter, but due to the implications made in Facebook's letter, a response seemed appropriate and warranted to clarify the current situation of myself and Power Ventures, to update you on the situation of Power Venture's counsel, and to flag this inappropriate behavior by Facebook's and their very experienced counsel. Due to Power Venture counsel's unavailability, I also felt it necessary to seek relief from the court directly. As I have presented to you in this letter and supporting documentation, on behalf of Power Ventures (due to its counsel not being available), I pray that you grant a 90-day extension to defendant Power Ventures for this court ordered payment of $39,796 to allow Power Ventures proper time to determine its available options.

Thank you for your consideration,

Steven Vachani