UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>POWER VENTURES, INC., et al.,<br><br>        Defendants. | Case No. 08-CV-05780-LHK<br><br>**ORDER DENYING REQUEST FOR EXTENSION OF TIME**<br><br>Re: Dkt. Nos. 420, , 421 |

The Ninth Circuit issued its mandate in this case on December 19, 2016. ECF No. 403. On February 15, 2017, the Court entered a Case Management Order and set a briefing schedule on the issue of remedies that the Ninth Circuit remanded to the Court for consideration. ECF No. 410. The Court ordered Plaintiff Facebook, Inc. ("Facebook") to file by March 8, 2017, an opening brief on the remanded issue of remedies. *Id.* at 1. The Court ordered Defendants Power Ventures, Inc. ("Power Ventures"), represented by Amy Anderson ("Anderson"), and Power Ventures CEO Steve Vachani ("Vachani"), representing himself, to file a joint response brief by March 29, 2017. *Id.* The Court ordered Facebook to file a Reply by April 12, 2017, and the Court set a hearing for April 25, 2017. *Id.* Finally, the Court "order[ed] that Defendants shall pay the $39,796.73 discovery sanction affirmed by the Ninth Circuit by March 15, 2017." *Id.* at 2.

1    On March 8, 2017, Facebook filed an opening brief on the remanded issue of remedies.
2    ECF No. 416.

3    On March 20, 2017, Facebook filed a letter to the Court. ECF No. 419. Facebook
4    informed the Court that neither Defendant "pa[id] Facebook the $39,796.73 by the March 15
5    deadline." *Id.* at 1. Facebook explained that, on March 20, 2017, Vachani informed Facebook
6    that Power Ventures "missed the Court-ordered deadline because it supposedly does not have the
7    money." *Id.* Moreover, Facebook explained that Vachani himself is in bankruptcy proceedings,
8    and the bankruptcy judge "ha[d] not yet ruled on whether Mr. Vachani's monetary obligations to
9    Facebook will be discharged in his bankruptcy." *Id.* Facebook requested that the Court "advise
10   the parties how the Court wishes to proceed." *Id.* at 2.

11   On March 28, 2017, Vachani filed an "[u]rgent" request for a briefing extension. ECF No.
12   420. Specifically, Vachani asked the Court for a "45 to 60 day extension" of the March 29, 2017
13   deadline for Defendants to file a response to Facebook's opening brief on the remanded issue of
14   remedies. *Id.* Vachani, who is representing himself pro se in this matter, explained that he has
15   "deal[t] directly with Power [Venture's] legal counsel," Anderson, in this case, but that Anderson
16   experienced a "personal emergency [that] has significantly affected her ability [to] respond to the
17   needs of this case." *Id.* Vachani explained that "[d]uring the last 30 days," Vachani "ha[d] made
18   more than 50 written attempts" to reach Anderson. *Id.* Vachani expected Anderson to write a
19   petition for certiorari to the United States Supreme Court in order to petition the Supreme Court
20   for review of the Ninth Circuit's decision in this case. *Id.* However, because Anderson was
21   unresponsive, Vachani retained Thomas Lee of Hughes Hubbard & Reed LLP ("Hughes
22   Hubbard") to file the petition for certiorari. *Id.* at 2. Hughes Hubbard filed the petition for
23   certiorari in the United States Supreme Court on March 9, 2017. *Id.* at 2.

24   Vachani's request for an extension of time to respond to Facebook's opening brief is
25   DENIED. As an initial matter, Vachani is representing himself as a defendant, and Vachani does
26   not explain why he is unable to file a response brief on his own behalf, even assuming that
27   Vachani has been unable to get in contact with Anderson, who is Power Venture's counsel.

28

2
Case No. 08-CV-05780-LHK
ORDER DENYING REQUEST FOR EXTENSION OF TIME

Moroever, Vachani waited until March 28, 2017—one day before Defendants' response brief was due—to notify the Court of Anderson's lack of communication and to request an "[u]rgent" extension of the March 29, 2017 deadline. *See* ECF No. 420.  Vachani waited until a day before the deadline despite allegedly being unable to contact Anderson since February 27, 2017. *Id.* at 2.

Moreover, although Vachani is unable to comply with the district court deadlines, Vachani retained Hughes Hubbard to file a petition for certiorari in the United States Supreme Court, and Hughes Hubbard filed a petition for certiorari on March 9, 2017. *Id.* at 2.  Vachani was able to retain Hughes Hubbard to file a petition for certiorari despite Defendants' "financial limitations." *Id.* at 3.  Furthermore, on March 13, 2017, Hughes Hubbard represented to Facebook's counsel that "We intend to file for a stay of mandate in" the Ninth Circuit. ECF No. 419-1, at 3.

In short, Vachani has not provided a sufficient reason to extend the March 29, 2017 deadline.  Accordingly, the March 29, 2017 deadline remains as set.  Defendants shall file a response brief today.

To the extent that Facebook asserts that Defendants are not in compliance with this Court's order to pay Facebook $39,796.73 by March 15, 2017, Facebook may file a motion for contempt of Court.

**IT IS SO ORDERED.**

Dated: March 29, 2017

_____
LUCY H. KOH
United States District Judge