Name: Steven Vachani

Address: 2425B Channing Way #216, Berkeley, CA 94704

Phone Number: 1-917-267-8823

E-mail Address: vachani@outlook.com

Pro Se *Defendant*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

*San Jose*

| | |
|---|---|
| FACEBOOK, INC<br><br>Plaintiff(s),<br>vs.<br><br>POWER VENTURES, INC. a Cayman Island corporation, STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, DOES 2-25, inclusive,<br><br>Defendant(s). | Case Number: 08-cv5780 LHK<br><br>*Title of Document:* **DEFENDANTS' MOTION TO STAY PENDING PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES SUPREME COURT**<br><br>• Motion written solely by pro-se defendant Vachani without assistance from counsel. Power counsel has been unreachable since March 2017. Power's corporate management support this motion on behalf of both defendants. |

Date: April 17, 2017

Sign Name: *[signature]*

Print Name: Steven Vachani

TITLE OF DOCUMENT: : **DEFENDANTS' MOTION TO STAY PENDING PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES SUPREME COURT**

TABLE OF CONTENTS

Page

1. Table of Contents………………....……………………………….2

2. Table of Authorities…………………………………………………3

3. Introduction………………………………………………………..4-6

4. Legal Standard……………………………………………………...7-8

5. Argument……………………………….............…………9-12

   *i.* Power's certiorari petition presents a substantial question addressing an issue that is arguably of importance……….9

   *ii.* A temporary 90-day stay would not harm Facebook financially or negatively affect their business operation or goodwill. Facebook would not be prejudiced by a stay……………….…………………………....………..10

   *iii.* Power's Supreme Court petition is not "frivolous or filed merely for delay………………………..……...*11*

6. Conclusion……………………………………………………….13

TITLE OF DOCUMENT: **DEFENDANTS' MOTION TO STAY PENDING PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES SUPREME COURT**

# TABLE OF AUTHORITIES

Pages

Cases

Clinton v. Jones,
    520 U.S. 681 (1997)……………………………………………………………2

Davis v. Blige,
    No. 03 CIV. 993 (CSH), 2008 WL 2477461 (S.D.N.Y. June 16, 2008)…2

Evans v. Buchanan,
    435 F. Supp. 832 (D. Del. 1977)…………………………………………….3

Inclusive Cmtys. Project, Inc. v. Texas Dep't of Hous. & Cmty. Affairs,
    No. 3:08-CV-0546-D, 2014 WL 2815683 (N.D. Tex. June 23, 2014).....3

Landis v. N. Am. Co.,
    299 U.S. 248 (1936)…………………………………………………………….2

NGV Gaming, Ltd. v. Harrah's Operating Co.,
    No. 04-3955 SC, 2008 WL 4951587 (N.D. Cal. Nov. 18, 2008)……....2

Peaceable Planet, Inc. v. Ty, Inc.,
    No. 01 C 7350, 2004 WL 1574043 (N.D. Ill. July 13, 2004)…………….2

Promega Corp. v. Life Techs. Corp.,
    773 F.3d 1338 (Fed. Cir. 2014) ...........................................................1, 4

Tecsec, Inc. v. Int'l Business Machines, Corp.,
    No. 10-cv-115 (E.D. Va. February 21, 2014)…………………………..3

Bryant v. Ford Motor Co., 886 F.2d 1526, 1528 (9th Cir. 1989)……………

TITLE OF DOCUMENT: : **DEFENDANTS' MOTION TO STAY PENDING PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES SUPREME COURT**

# INTRODUCTION

On March 9th, 2017 defendants filed a petition for a Writ of Certiorari which was *docketed on March 13, 2017, in No. 16-1105* (See **Exhibit A**) or view petition online at http://digitalcommons.law.scu.edu/cgi/viewcontent.cgi?article=2434&context=historical

Our petition presents the following important question to the Supreme Court:

*"Whether an online company given consent by users of an online social networking service to access data shared or stored by the users on the service, but is prohibited access by the service, "intentionally accesses a computer without authorization . . . and thereby obtains information from [a] protected computer" in violation of 18 U.S.C. § 1030(a)(2)(c) of the Computer Fraud and Abuse Act of 1986. "*

This Court should stay proceedings until this petition is resolved.

Immediately after Facebook's large team of lawyers all received notice of the filing of our Writ for Certiorari, Facebook's lead attorney involved with my bankruptcy case sent me a letter by email on March 17th **(Exhibit B-Facebook Letter)** asking me to jointly agree to a statement requesting a 90-day stay/continuance putting our upcoming hearing on hold for 90 days. Facebook's letter to me suggested we submit the following joint statement to the court requesting a 90-day stay/continuance:

*"This adversary proceeding has been tolled by the Court, while defendant pursues his appeal of the judgment, which plaintiff seeks to have determined to be non-dischargeable...On March 9, 2017, defendant and his co-defendant under the District Court judgment filed with the Supreme Court of the United States a petition for a writ of certiorari, docketed on March 13, 2017, in No. 16-1105....Defendant and plaintiff have conferred and jointly request that the status conference and all hearings in this adversary proceeding be continued for at least 90 days."* **(Exhibit B- Facebook letter)**

TITLE OF DOCUMENT: : **DEFENDANTS' MOTION TO STAY PENDING PETITION FOR WRIT OF  CERTIORARI TO THE UNITED STATES SUPREME COURT**

This two lawyers from Facebook whose names were on this letter included Frederick Holden and Monte Cooper. Monte Cooper is the primary Facebook lawyer from Orrick who has been our primary contact in most communications related to these district court hearings. I signed Facebook's suggested joint statement without any changes, sent it back to Facebook, and I authorized them to file our joint statement requesting a stay. Naturally I concluded that before any lower court (district court, 9th circuit, or district bankruptcy court) can properly resolve periphery issues regarding final damages, injunctions, which party should pay whose legal fees, and other related issues, it would be both, common sense and respectful for all parties and judges investing time and energy to have the benefit of our Supreme Court appeal to be resolved completely so that all final damages and injunction decisions can be made with full and final information.

It seems Facebook's has previously agreed with my conclusion. In fact, it was Facebook themselves who argued in favor of a temporary stay in my lower court bankruptcy hearings back when we filed our 9th circuit appeal. At that time, Facebook's counsel, Frederick Holden, the same lawyer referenced above, with 43 years experience (https://www.orrick.com/People/D/D/F/Frederick-D-Holden) stated *"I assume you share my view that this would pointless and a wasteful expense, at least while we all wait for the Ninth Circuit to rule on your appeal."*(Exhibit C-Facebook email 2 – 'pointless and a wasteful expense' ). And it was definitely not surprising when he sent me the request for a joint statement asking for a continuance/stay in March after we filed our cert petition.

Naturally, I did sign the joint statement requested by Facebook and sent it to them on March 21st. At this same time when Facebook sent me an email with a suggested joint statement requesting a stay in this case, we immediately sent an email to Facebook's counsel requesting their agreement for a similar 90-day stay for all district court proceedings.

TITLE OF DOCUMENT: : **DEFENDANTS' MOTION TO STAY PENDING PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES SUPREME COURT**

*"Eric, FYI, Facebook requested a 90-day stay in the federal bankruptcy court action our client has. For symmetry's sake a similar stay here seems appropriate.* ***(Exhibit D – Power Email to Facebook requesting district court 90-day stay)***

As of today, Facebook has not yet given a clear answer or agreed to a joint stipulation for a 90-day continuance/stay for these district court proceedings. Then, before even filing our joint statement that Facebook had requested in the lower court bankruptcy proceeding, Judge Efremsky himself decided to push back our upcoming hearings with Facebook until September 2017. Since Judge Efremsky, previously favored holding off on any additional briefings and hearings in this lower court during our 9th circuit appeal (and for good reason since damages were reduced almost 97% on this appeal) **(Facebook vs. Power Ventures – 9th Circuit Case #13-17102- Docket 94 - 12/07/16**), it does not seem surprising that he preemptively decided to change our scheduled hearing from April 2017 until September 2017. **(Facebook vs. Vachani – Judge Efremsky - 4:13-ap-04226-docket 34**) The new schedule in that court will likely provide enough time to conclude our Supreme Court appeal and determine if any further lower court hearings are necessary at all without wasting time on something that could change dramatically, or as Facebook's counsel once said "this would be a pointless and wasteful expense." (***Exhibit C-Facebook email 2 – 'pointless and a wasteful expense'***)

Therefore, I would like to request that your honor grant my motion for an immediate temporary 90-day stay of district court proceedings and suspend our current briefing and hearing schedule to allow the Supreme Court to properly decide on the merits of this petition before we go any further in the district court. Naturally, if all open issues in the Supreme Court are resolved earlier than 90 days, we could cancel this stay and resume proceedings earlier.

TITLE OF DOCUMENT: **DEFENDANTS' MOTION TO STAY PENDING PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES SUPREME COURT**
CASE NO.: 08- cv5780

## LEGAL STANDARD

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997). Indeed, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).

Where, as here, a party seeks to stay proceedings pending Supreme Court review, district courts across the country often exercise their discretion to enter a stay. See, e.g., Peaceable Planet, Inc. v. Ty, Inc., No. 01 C 7350, 2004 WL 1574043, at *2 (N.D. Ill. July 13, 2004) ("Therefore, considering the relatively short amount of time anticipated to resolve the pending writ of certiorari, granting Defendants' stay is the more efficient procedure."); NGV Gaming, Ltd. v. Harrah's Operating Co., No. 04-3955 SC, 2008 WL 4951587, at *1 (N.D. Cal. Nov. 18, 2008) (staying case pending petition for writ of certiorari pursuant to the Court's inherent power in the interest of "the orderly course of justice without causing hardship to either party"); United States v. Kenney, No. CR-07-66-B-W, 2008 WL 3285891, at *1 (D. Me. Aug. 5, 2008) (staying case pending petition for writ of certiorari despite low likelihood of success on appeal because "there is no evident harm to the Government from delay"); Davis v. Blige, No. 03 CIV. 993 (CSH), 2008 WL 2477461, at *2 (S.D.N.Y. June 16, 2008) ("If the Court grants certiorari on this novel and economically important question for the recording industry, reverses the opinion of the Second Circuit, and reinstates the judgment of this Court, the federal case is likely at an end, and the time and effort of conducting damages discovery and preparing for a trial on that issue would have been wasted."); Evans v. Buchanan, 435 F. Supp. 832, 848 (D. Del. 1977) ("I believe that a stay of implementation of the one-district plan for grades 7 through 11 is

justified, pending disposition of the writ of certiorari by the Supreme Court."); Inclusive Cmtys. Project, Inc. v. Texas Dep't of Hous. & Cmty. Affairs, No. 3:08-CV-0546-D, 2014 WL 2815683, at *2 (N.D. Tex. June 23, 2014) ("The court holds in its discretion that the proceedings on remand should be stayed pending resolution of the Supreme Court's decision on TDHCA's petition for a writ of certiorari."); Tecsec, Inc. v. Int'l Business Machines, Corp., No. 10-cv-115, slip op. at 1 (E.D. Va. February 21, 2014) ("the stay of litigation against all remaining defendants in this action is continued until such time as the United States Supreme Court acts on defendants' petition for certiorari").

In determining whether this court should grant a 90-day stay to all district court proceedings and suspend the current briefing and hearing schedule, I would also argue that a similar legal standard and rationale which is used when granting a stay of mandate in Federal Appellate courts could also be used here to grant a stay of these proceedings in the District court. It makes sense to use this same legal standard because the rational of staying a mandate in the circuit/appellate courts is the same rational for staying remanded proceedings in the lower district courts.  Staying the issuance of the mandate pending application for a writ of certiorari is appropriate where "the certiorari petition would present a substantial question and … there is good cause for a stay." Fed. R. App. P. 41(d)(2)(A). Although a stay of the mandate pending petition to the Supreme Court is not "granted as a matter of course", see 9th Cir. R. 41-1, "a party seeking a stay of the mandate following this [C]ourt's judgment need not demonstrate that exceptional circumstances to justify a stay." Bryant v. Ford Motor Co., 886 F.2d 1526, 1528 (9th Cir. 1989). The Comments to Circuit Rules indicate that a stay is only denied where the petition would be "frivolous or filed merely for delay." See 9th Cir. R. 41-1.

TITLE OF DOCUMENT: : **DEFENDANTS' MOTION TO STAY PENDING PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES SUPREME COURT**

ARGUMENT

Therefore, I would ask your honor to review our Certiorari petition and consider the following three questions to make this decision.

*<u>Question 1</u>: Does Power's certiorari petition present a substantial question addressing an issue that is arguably of importance*
*<u>Question 2</u>: Would a temporary 90-day stay cause harm to Facebook financially or negatively affect their business operation or goodwill?*
*<u>Question 3</u>: (<u>IMPORTANT</u>) Is Power's Supreme Court petition "frivolous or filed merely for delay?"*

Power's Petition for a Writ of Certiorari is viewable at this link and attached **(Exhibit C – Power Ventures/Vachani Writ of Certiorari)**
http://digitalcommons.law.scu.edu/cgi/viewcontent.cgi?article=2434&context=historical

> *1) Power's certiorari petition presents a substantial question addressing an issue that is arguably of importance*

Our petition presents the following important and substantial question to the Supreme Court: *"Whether an online company given consent by users of an online social networking service to access data shared or stored by the users on the service, but is prohibited access by the service, "intentionally accesses a computer without authorization . . . and thereby obtains information from [a] protected computer" in violation of 18 U.S.C. § 1030(a)(2)(c) of the Computer Fraud and Abuse Act of 1986"*

Power argues in its petition: *"The court below's unreasonable and unprecedented interpretation of the CFAA in this case has immense implications not only in*

TITLE OF DOCUMENT: **: DEFENDANTS' MOTION TO STAY PENDING PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES SUPREME COURT**

*California—home of Silicon Valley, the cradle of modern technological innovation—but also across the nation.  Hundreds of millions (billions, worldwide) of people use Facebook and other social networking and "cloud" storage service providers like LinkedIn, Twitter, Google Docs, Skype, Dropbox, and Microsoft OneDrive to connect with friends and business associates; to store and share cherished photos, stories, and documents; and to post their observations on life's big and small questions.  Facebook and other data controllers already have outsized influence over individual users as gatekeepers.  Judicial decisions like the one below will aggrandize their power even more by handing them veto power over online entrepreneurs like Petitioners who seek to enable data portability for users."* **(Exhibit C–Power Writ of Certiorari)**

### 2) A temporary 90-day stay would not harm Facebook financially or negatively affect their business operation or goodwill

As of today, Facebook's market value is over $400 billion. It generated $10.2 billion net income in 2016 and had total assets of $64.9 billion at the end of 2016. In addition to the current $39,796 court order sanctions claim, Facebook is seeking from defendants an additional $79,640 bringing the **maximum** possible financial damages and payment of $119,436. $119,436 by any standard is insignificant to a company with $64.9 billion in total assets. (*See Facebook 2016 Annual Statement at https://investor.fb.com/financials/?section=secfilings*)

I have referenced Facebook's market value and 2016 financials in this case to help illustrate a clear answer to the question if Facebook will be harmed financially or in any other way from a temporary 90-day stay.

TITLE OF DOCUMENT: : **DEFENDANTS' MOTION TO STAY PENDING PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES SUPREME COURT**

The answer is simple. Facebook will in no way be harmed financially from a 90-day stay from a delay in receiving $119,436. Facebook's current business operations will also in no way be prejudiced from a 90-day stay of district court proceedings. Power's last remaining website ceased operations in 2011. Power no longer has ownership or any connection to the power.com domain which hosted its web site, has not updated any of its technical code since 2011, and has not even had a bank account or any financial operations or business activity since 2011, and has not accessed Facebook in over eight years. Any potential injunction that may or may not be ordered will in no way prejudice Facebook if a temporary 90-day stay is granted.

### 3) Power's Supreme Court petition is not "frivolous or filed merely for delay

We must remember that this case was first filed in December 2008 by Facebook and has passed through the District Courts, 9th circuit, 9th circuit en banc, Personal Bankruptcy, Corporate bankruptcy, and now the Supreme Court. It has attracted dozens of media stories from top global media publications ranging from the Reuters, Globo, New York Times and NPR. It has also attracted many credible legal experts actively weighing in on the very important legal issues being debated and also attracted amicus participation from the EFF and ACLU.

The importance of the Question Presented is underscored by the attention paid to it. The Electronic Frontier Foundation ("EFF"), a prominent internet rights non-profit organization, filed two amicus briefs at different stages of the district court proceedings. In the Ninth Circuit, the EFF again filed two amicus briefs. The latter of which, joined by the national American Civil Liberties Union ("ACLU") and the ACLU of Northern California, explained that the Ninth Circuit's decision risks creating liability for individual internet users, researchers,

TITLE OF DOCUMENT: : **DEFENDANTS' MOTION TO STAY PENDING PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES SUPREME COURT**

and journalists.  See Amicus Brief of EFF et al., No. 13- 17154, Dkt. 89 (CA9 Aug. 19, 2016), available at https://www.eff.org/document/facebook-v-power-ventures-eff-aclu-amicus-brief.  The case and the Petitioners have been the subject of articles in major news organs like NPR, (Aarti Shahani, The Man Who Stood Up to Facebook, NPR (Oct. 13, 2016) available at https://goo.gl/UAXhVk), Slate, (Jose-phine Wolff, The Hacking Law That Can't Hack It.)

Power has clearly presented before the Supreme Court a question of national importance and first impression. In the alternative, Power has also presented the Supreme Court an unresolved 5-3 circuit split between the narrow "no liability for improper use" view and broad "liability for improper use" views of the CFAA.

The petition is clearly not "frivolous or filed merely for delay." Therefore, it is important that this case be fully decided for its merits and that we clearly recognize that any decisions made by the Supreme Court in appeal could dramatically change this entire case and also significantly affect the arguments currently being discussed here in the district court. We already saw the 9th circuit dramatically change the district courts original ruling and in the process reduce the original court ordered damages from ~$3,100,000 to $119,436. On its first appeal, we also saw the 9th circuit dramatically change the district courts ruling regarding the issue of unauthorized access and authorization. This of course is why the case was now remanded to the district courts in the first place after the 9th circuits decided to apply a very different interpretation of the facts than the district court.

TITLE OF DOCUMENT: : **DEFENDANTS' MOTION TO STAY PENDING PETITION FOR WRIT OF  CERTIORARI TO THE UNITED STATES SUPREME COURT**

## Conclusion

Prematurely continuing these proceedings at the district court while there are still open issues to be decided by the Supreme Court is both irresponsible and completely unnecessary. No party will be prejudiced financially or operationally by an insignificant 90-day stay, this petition is clearly not frivolous or filed merely for delay, and Power has clearly presented the Supreme Court an issue that is arguably of importance and with a reasonable probability of being granted.

This has been and continues to be a complex and precedent setting case with a long history and for which the final decisions could potentially have a significant impact on the rights of hundreds of millions of American Internet users (billions of users worldwide) and countless innovative startups around the world. This case, with its eight year complex history and international attention by media, legal scholars and civil rights groups, is particularly important to allow time to reach its conclusion based solely on its merits and address these issues in the district if and when the Supreme Court has decided on this case.

After your honor has fully reviewed our arguments laid out in our Supreme Court petition and this brief and confirmed that we have answered these three questions, I would request that you please kindly grant our request to temporarily stay these proceedings for 90 days and suspend all briefings while we await an answer from the Supreme Court review of Power's petition for of certiorari.

TITLE OF DOCUMENT: : **DEFENDANTS' MOTION TO STAY PENDING PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES SUPREME COURT**