I. NEEL CHATTERJEE (State Bar No. 173985)
nchatterjee@goodwinlaw.com
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, CA  94025-1105
Telephone:     650-752-3100
Facsimile:      650-853-1038

MONTE COOPER (State Bar No. 196746)
mcooper@orrick.com
ROBERT L. URIARTE (State Bar No. 258274)
ruriarte@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Rd.
Menlo Park, California  94025
Telephone:     650-614-7400
Facsimile:      650-614-7401

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>POWER VENTURES, INC. a Cayman Island corporation, STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, DOES 2-25, inclusive,<br><br>　　　　　Defendants. | Case No. 5:08-cv-05780-LHK<br><br>**FACEBOOK'S OPPOSITION TO DEFENDANT'S MOTION TO STAY CASE**<br><br>Date:　　April 25, 2017<br>Time:　　2:00 P.M.<br>Dept:　　Courtroom 8, 4th Floor<br>Judge:　　Hon. Judge Lucy H. Koh |

I. **INTRODUCTION**

This Court should deny Defendant Vachani's ("Vachani") motion for a stay because it is an improper excuse to delay the case. Vachani's procedurally defective motion is based on faulty facts and legal arguments. Vachani has not shown that any of the relevant *Landis* factors weigh in favor. Moreover, Vachani did not comply with any of the local rules regarding the instant motion.

Vachani's motion is the latest in a long series of delay tactics aimed at forestalling judgment. The Ninth Circuit affirmed this Court's liability rulings and remanded the case "to reconsider appropriate remedies under the CFAA and Section 502, including injunctive relief" in July 2016. *Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1070 (9th Cir. 2016). Pursuant to the Ninth Circuit's decision and this Court's Case Management Order, the parties fully briefed all remaining issues by April 7, 2017, and the hearing on the remaining damages issues is set for April 25, 2017. This schedule was set after extensive discussion and with, and the agreement of, all the parties, including Vachani.

Vachani's motion is pure gamesmanship. On April 17, 2017, just one week before the hearing, Vachani decided to file a last-minute motion to stay this Court's proceedings. *See* Dkt No. 425. Vachani's tactics are all too familiar to the Court. *See generally* Dkt No. 422 "Order Denying Request for Extension of Time." Vachani has been sanctioned multiple times in this case for his improper litigation tactics. *See* Dkt. Nos. 282, 356, 410. Neither Vachani nor his co-defendant, Power Ventures ("Power"), has paid the court-ordered sanctions at this point, which has resulted in this Court inviting Facebook to move for contempt. *See* Dkt. No. 422. Yet they continue to file frivolous papers that require Facebook to incur further needless litigation expense. Even in the short period of time since the Ninth Circuit remanded the case, Vachani has failed to meet and confer with Facebook before a status conference, failed to prepare for that status conference, asked for an extension to file an opposition brief the day before its deadline, missed that court deadline, and now proffers this untimely motion on the eve of a merits hearing. Vachani's dilatory litigation conduct— which continues to drive up costs and waste the Court's resources—should not be countenanced.

## II. LEGAL STANDARD

A "[d]istrict [c]ourt has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). There are three factors courts must consider when deciding whether to grant a discretionary stay: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936)). The party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Google Inc. v. Creative Labs, Inc.*, 2016 U.S. Dist. LEXIS 163696, *3-4 (N.D. Cal. Nov. 28, 2016).

## III. ARGUMENT

### A. Defendants Waived Their Ability To Seek a Stay

Given the extensive proceedings without even a mention of a stay, this case should proceed and the Court should award damages and issue an injunction.

Defendants waived their ability to ask for a stay because of their extensive discussion before this Court, negotiation of a briefing schedule, and the Court's issuance of a scheduling order in reliance of those discussions. The facts are straightforward. This Court held a case management conference on February 15, 2017. *See* Dkt. No. 410. The parties submitted case management statements. Dkt. Nos. 404 & 409. At the hearing, the Court discussed a briefing schedule to resolve the remaining issues remanded by the Ninth Circuit, which it set for hearing on April 25, 2017. Dkt. Nos. 410 & 414. During that hearing, the Court engaged in extensive colloquy with the parties regarding the briefing schedule, and specifically set the hearing date to accommodate Power's counsel's schedule. *See* Dkt. No. 414, at 20:10-21:8;  23:22-26:16. Not once did Defendants, including Vachani, even whisper a need for a stay. *Id.*

Given the repeated number of times that Defendants already have come to the Court related to this briefing schedule, and given the Court's issuance of orders in reliance on the parties'

representations about scheduling, Defendants have waived their rights to seek a stay now.[1]  *See, e.g.*, *In re Lindquist*, 2006 Bankr. LEXIS 2003, *11-12 (Bankr. D. Or. 2006) (where party failed to timely act pursuant to "extended schedule to which she explicitly agreed," party "waived the opportunity" to file objections or seek modification of the schedule); *see also Wm. T. Thompson Co. v. General Nutrition Corp.*, 593 F. Supp. 1443, 1453 (C.D. Cal. 1984) (rejecting untimely submission where party filed document without leave of court and in violation of local rules, noting that "no good cause was shown why [the document] could not have been submitted timely in compliance with the Local Rules and in compliance with the briefing schedule agreed to by the parties and the court…The filing…on the very day of the oral argument was calculated to cause delay and to prejudice"); *Sullivan v. Chase Inv. Services, Inc.*, 79 F.R.D. 246, 255 (N.D. Cal. 1978) (denying relief where the requesting parties "themselves created" the problem they complained of by agreeing to briefing schedule).

    Vachani now claims that Defendants' petition for certiorari filed March 9, 2017 (just three weeks after the CMC) somehow warrants a stay.  This untimely argument should be rejected.  Defendants did not seek to stay the mandate issued by the Ninth Circuit.  Defendants appeared in court and discussed a briefing schedule.  They did not ask for a stay even though they had ample opportunity to do so.  The Court acted, set forth a briefing schedule consistent with Defendants' needs, and Facebook incurred substantial expense in preparing its motions.  Vachani, in two communications with the Court, sought both an untimely 45 to 60 day extension to file his opposition brief and a 90 day untimely extension of his own and Power's obligation to pay $39,796.73 in Ninth Circuit affirmed sanctions (Dkt. Nos. 420 & 421).  Yet even those requests contained no mention of a stay due to the certiorari petition.  The Court denied both requests and ordered Defendants to file their joint opposition on March 29, 2017, as scheduled.  *See* Dkt. No. 422.  Defendants failed to meet even that deadline, and without explanation instead filed their opposition on March 30, 2017.  Dkt. No. 423.

---

[1] Notably, immediately after the CMC hearing, Defendants told Facebook that they planned to file a certiorari petition.  At no point during those discussions did Defendants mention a need for a stay.

### B.     The *Landis* Factors Weigh Against a Stay.

Vachani's arguments for a stay also fail to meet the *Landis* factors.

Defendants, including Vachani, will not be damaged or caused any hardship by continuation of the proceedings.  The Ninth Circuit has recognized that where "there is even a fair possibility that [a] stay . . . will work damage to someone else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity."  *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citation and internal quotations omitted).   This case has been pending a very long time.  Defendants know they will have to pay damages in this case and have already been found liable.  Defendants cannot argue hardship because of an order remediating damage they themselves caused.

Vachani's arguments claiming hardship are also simply not credible.  Simply observing the timeline of events leading up to this motion demonstrates the bad-faith nature of Vachani's request. Facebook filed its Supplement Remedies Brief and Supporting Materials on March 8, 2017.  *See* Dkt. No. 416.  Defendants filed their petition for certiorari one day later on March 9, 2017.  If either Defendant had a good faith concern that the petition before the Supreme Court would necessitate staying this case, they could have filed such a motion long ago.  Instead, twenty days after Defendants filed their petition for certiorari, and just one day before Defendant's opposition brief was due, Vachani filed an "urgent" request to extend the deadline to file his opposition.  *See* Dkt No. 420.  This Court did not find any of Vachani's reasons to be persuasive and admonished the timing of his request, ordering Defendants to submit their opposition by the original deadline, March 29, 2017.  *See* Dkt No. 422 at 2-3.  As noted, both Defendants inexplicably ignored this deadline and filed their opposition on March 30, 2017.  *See* Dkt No. 423.  By the time Facebook filed its reply on April 7, 2017, Defendant still had not asked this Court to stay the case.  *See* Dkt No. 425.  Knowing full well that the hearing on remedies is set for April 25, 2017, Vachani waited until April 17, 2017 to request this Court to stay this case.

As to the second *Landis* factor, the equities also weigh in favor of Facebook.  Facebook is continuing to suffer by having to spend significant resources and time to obtain the remedies for which it has already established it is entitled.  The parties already have briefed the issues and any

delay at this point would only serve to impede Facebook's ability to enforce its judgment. Facebook has been waiting a very long time, and further delay only rewards Defendants' unlawful activities and refusal to abide by the rules of this Court.

The third *Landis* factor also weighs in favor of Facebook. The third *Landis* factor contemplates whether the appeal would result in efficient adjudication of the issues, but "case management standing alone is not necessarily a sufficient ground to stay proceedings." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). The Ninth Circuit has recognized that "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). Here, Vachani appears to assert that a stay pending a certiorari petition is presumptively appropriate. There is no such presumption and he fails to take into account the facts of this case. Resolution in the Supreme Court is doubtful as the Supreme Court has yet to grant Defendant's petition, let alone rule on its merits. *See Grant v. United States,* 2016 U.S. Dist. LEXIS 129829, *8-11 (D. Ariz. Sept. 21, 2016) ("Even if certiorari is granted, it is unknown whether the Supreme Court would consider [the case] in the upcoming term…Therefore, the Court finds no justification to stay this matter pending" the outcome of a petition for certiorari). Notably, the Petition does not even challenge the Ninth Circuit's affirmance of Penal Code Section 502 damages.

To stay the case for what amounts to a "Hail Mary" petition that might also delay enforcement by at least another year would not preserve judicial economy by any measure. *See id*. (citing *Hoeun Yong v. Ins,* 208 F.3d 1116, 1120 (9th Cir. 2000) (holding that "judicial economy cannot justify an indefinite and potentially lengthy stay" and denying motion to stay pending outcome of certiorari petition). A recent Northern District of California opinion aptly summarizes why Defendant's certiorari-based stay request lacks merit:

> Defendants have made no showing that the Supreme Court is likely to grant certiorari ... The Supreme Court receives approximately 7,000-8,000 petitions for a writ of certiorari each term, but grants and hears oral argument in only about 80 cases. See https://www.supremecourt.gov/ . It has already granted 45 petitions for certiorari this term. *Id.* Defendants cite no evidence to support the objectively unlikely conclusion that the Supreme Court will grant certiorari and, further, overturn Morris.

1  *Cashon v. Kindred Healthcare Operating, Inc.,* 2016 U.S. Dist. LEXIS 155794, *6-7 (N.D. Cal.
2  Nov. 9, 2016).
3         There are a few narrow remedies issues for this Court to consider, and all parties and the
4  Court are now prepared for hearing.
5         Vachani also references various items of correspondence related to a bankruptcy proceeding
6  in an attempt to assert that Facebook should agree to a stay in this Court that is similar to one that is
7  in place in Vachani's bankruptcy case. *See* Dkt No. 425 at 4-6. This assertion is irrelevant, because
8  the Bankruptcy Court's stay actually contemplates that this Court will expeditiously reduce the
9  CFAA and Penal Code Section 502 damages claims to judgment. Judge Efremsky partially lifted the
10 automatic stay in Vachani's personal bankruptcy adversary proceeding on February 13, 2013,
11 precisely so this Court could reinstate the present action and first determine what damages and
12 injunctive relief Facebook should recover for Defendants' violations of the CAN-SPAM Act, the
13 CFAA, and Penal Code Section 502. *See* Dkt Nos. 327 & 328. The purpose of that Order was to
14 ensure that the Bankruptcy Court could accurately quantify liability owed by Vachani to creditors
15 like Facebook prior to closing the bankruptcy action and discharging any non-exempt debts. *See*
16 Dkt. No. 327-2. Vachani completely overlooks the altogether different purposes underlying the
17 Bankruptcy Court's action, which would actually be undermined by any stay of these proceedings.
18 Rather than support Vachani's request for a stay, Judge Efremsky's partial lifting of the stay actually
19 demonstrates a desire by the Bankruptcy Court to ensure the District Court case moves toward a
20 conclusion.

21        **C.**    **Defendant's Motion is Procedurally Defective**
22        Vachani's motion is also procedurally defective, and on that basis alone, it should be denied.
23 His motion is faulty because while he claims also to speak for co-defendant Power, that entity
24 already is represented by counsel and cannot be represented by a *pro se* litigant like Vachani.
25        Vachani filed the motion for stay as a *pro se* litigant, but nevertheless also purports to speak
26 for Defendant Power. *Osborn v. President, Directors & Co. of Bank*, 22 U.S. 738, 830 (U.S. 1824).
27 The Court has previously admonished Vachani for his attempts to represent Power *pro se* in the past.
28 *See* Dkt. No. 308 (Order to Show Cause re: Failure to Obtain Counsel); Dkt. No. 313 (striking

Power's answer and ruling it was in default due to lack of representation by counsel).  As this Court has recognized, a corporation like Power can appear only through an attorney in federal court.  *E.g., Pete's Seats, Inc. v. Pete's Sports & Entm't, LLC*, 2016 U.S. Dist. LEXIS 65627, *12 (E.D. Cal. May 17, 2016)  (dismissing case where "the Court repeatedly warned Plaintiff that it must appear through counsel" but party refused to heed Court's instructions).

### D. Defendant's Motion Improperly Seeks to Change the Briefing Schedule

Vachani's motion also seeks to unilaterally change the briefing schedule.[2]  This request is also defective.  The schedule for Vachani's motion is governed by Civil Local Rule 7-3(a).  Civil L.R. 7-3(a) states that the "opposition must be filed and served not more than 14 days after the motion was filed."  Under L.R. 7-3, Plaintiffs brief is not due until May 1, 2017.  Vachani cannot unilaterally change the due date or set the Court's schedule.  Had Vachani wanted an order changing the schedule, he would have to comply with Civil L.R. 6-3.  He does not claim he is requesting relief under Civil L.R. 6-3 and has not complied with any of its requirements.

## IV. CONCLUSION

This Court should deny Vachani's motion to stay this proceeding.  Vachani's late-requested stay is another event in a pattern of obstructive litigation behavior that should not be rewarded.  Vachani has not alleged any cognizable injury if this case continues as planned.  This Court should weigh the competing interests and find that a stay in this case should be denied.

---

[2] At 1:07 a.m. this morning, Vachani filed a letter incorrectly stating that Facebook had not responded to his motion and therefore the stay should be granted.  This letter was wrong, as Local Rule 7-3(a) governs this motion.

Dated: April 24, 2017                Respectfully Submitted,

By:      *I. NEEL CHATTERJEE*
I. NEEL CHATTERJEE
nchatterjee@goodwinlaw.com
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, CA  94025-1105
Telephone:       650-752-3100
Facsimile:         650-853-1038

MONTE COOPER
mcooper@orrick.com
ROBERT L. URIARTE
ruriarte@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Rd.
Menlo Park, California  94025
Telephone:       650-614-7400
Facsimile:         650-614-7401

Attorneys for Plaintiff
FACEBOOK, INC.