UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>POWER VENTURES, INC., et al.,<br><br>    Defendants. | Case No. 08-CV-05780-LHK<br><br>**ORDER GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN PART MOTION TO SEAL**<br><br>Re: Dkt. No. 415 |

Before the Court is Defendant Facebook's Administrative Motion to File Under Seal Portions of Facebook's Supplemental Remedies Brief and Supporting Materials, ECF No. 415. For the reasons discussed below, the Court GRANTS Facebook's motion to seal.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Thus, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092,

1

1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178–79 (9th Cir. 2006). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098-99; *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a]

2

trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods. . . . It may, however, relate to the sale of goods or to other operations in the business. . . ." *Id.* (ellipses in original). In addition, the U.S. Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.* R. 79-5(d)(1).

The material that Facebook seeks to seal is part of Facebook's supplemental remedies brief addressing damages and injunctive relief after summary judgment pursuant to the Ninth Circuit's opinion affirming in part and reversing and remanding in part. *See* ECF No. 401 (Ninth Circuit opinion). Since this brief addresses the damages and injunctive relief to which Facebook is entitled after summary judgment, this brief is "more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety*, 809 F.3d at 1099. The Court therefore applies the "compelling reasons" standard to the parties' requests. *Id.*

In support of the motions to seal, the parties have filed the following declarations:

(1) Declaration of Monte M.F. Cooper, see ECF No. 415-2

(2) Declaration of Joseph Cutler, ECF No. 415-3

Facebook seeks to seal two classes of material. First, Facebook seeks to seal information regarding Facebook and outside counsel's special billing arrangement and rates. Facebook states that these matters are "not publically known and could prejudice Facebook and its outside counsel in future negotiations." ECF No. 415, at 2. The Court agrees that disclosure of these particular billing arrangements and rates could prejudice Facebook, and the public interest in this information is minimal. Therefore, the Court finds that compelling reasons exist to seal information regarding Facebook and outside counsel's special billing arrangement and rates. The Court therefore GRANTS Facebook's motion to seal the following material.

- Requested Redactions on Page 11 ¶ 30 and Page 38 of Exhibit 5 to the Declaration of Monte M.F. Cooper (Expert Report of Richard Ostiller)
- Requested Redactions on Page 1 ¶ 6 and Page 2 ¶ 7 of Declaration of Joseph Cutler
- Requested Redactions on Page 2 Line 25, Page 4 Line 11, and Page 5 Line 18 of Facebook's Supplemental Remedies Brief

The second class of material that Facebook seeks to seal is material that Facebook claims is covered by the parties' stipulated protective order. However, neither Facebook's motion nor the attached declarations offer any "compelling reason" to seal the requested material. Instead, Facebook simply states that "pursuant to the Protective Order, Facebook requests permission to files these materials under seal." ECF No. 415, at 1. Under the Court's Civil Local Rules, "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(d)(1)(A). Therefore, the Court DENIES WITHOUT PREJUDICE Facebook's motion to seal the following material.

- Exhibit 2 to the Declaration of Monte M.F. Cooper (Excerpts from the March 7, 2012 Rule 30(b)(6) deposition of Power Ventures)

- Exhibit 3 to the Declaration of Monte M.F. Cooper (Copy of an email produced by Defendants)
- Exhibit 4 to the Declaration of Monte M.F. Cooper (Copy of an email produced by Defendants)

**IT IS SO ORDERED.**

Dated: April 28, 2017

*Lucy H. Koh*
LUCY H. KOH
United States District Judge