I. NEEL CHATTERJEE (State Bar No. 173985)
nchatterjee@goodwinlaw.com
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, CA  94025-1105
Telephone:     650-752-3100
Facsimile:      650-853-1038

MONTE COOPER (State Bar No. 196746)
mcooper@orrick.com
ROBERT L. URIARTE (State Bar No. 258274)
ruriarte@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Rd.
Menlo Park, California  94025
Telephone:     650-614-7400
Facsimile:      650-614-7401

Attorneys for Plaintiff
FACEBOOK, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FACEBOOK, INC., <br><br>　　　　　Plaintiff,<br>　　v.<br><br>POWER VENTURES, INC. a Cayman Island corporation, STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, DOES 2-25, inclusive,<br><br>　　　　　Defendants. | Case No. 5:08-cv-05780-LHK<br><br>**NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES**<br><br>Date:　　　Thursday, June 22, 2017<br>Time:　　　1:30 PM<br>Dept:　　　Courtroom 8, 4th Floor<br>Judge:　　　Hon. Judge Lucy H. Koh |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 22, 2017 at 1:30 p.m., or as soon thereafter as counsel may be heard, plaintiff Facebook, Inc. ("Facebook") will, and hereby does, move this Court for an order awarding Facebook its reasonable attorneys' fees in the amount of $146,667.84.

As the prevailing party in this case, Facebook seeks its reasonable attorneys' fees for all post-remand proceedings pursuant to California Penal Code § 502(e)(2).

This motion is based upon this Notice of Motion and Motion, the accompanying declarations of Monte Cooper ("Cooper Decl.") and Neel Chatterjee ("Chatterjee Decl."), the other papers and pleadings already on file in this action, and upon such other and further matters as may be presented prior to or at the hearing of this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Pursuant to California Penal Code § 502(e)(2), Facebook seeks its reasonable attorneys' fees in the amount of $146,667.84 or all post-remand proceedings.[1]

The Court is already familiar with Defendants' conduct disrespecting the legal process. *See generally* Dkt No. 422 "Order Denying Request for Extension of Time"; *see also Facebook, Inc. v. Power Ventures, Inc.*, 2017 U.S. Dist. LEXIS 66948 *42 (N.D. Cal. May 2, 2017) ("Defendants have frequently exhibited bad faith conduct that indicates that they will not easily be deterred from attempting to access Facebook's servers without authorization in violation of the CFAA and § 502").  Vachani, for example, has been sanctioned multiple times in this case for his improper discovery tactics.  *See* Dkt. Nos. 282, 356, 410.  As this Court admonished in its recent

---

[1] Facebook contacted Defendants on May 9, 2017 to meet and confer about this motion for attorney's fees, in accordance with Civil Local Rule 54-5(a) & (b)(1).  While Defendant Vachani was willing to discuss the matter by telephone, Power Ventures, while initially agreeing to meet and confer on either May 15 or May 16, 2017, declined thereafter to communicate further with Facebook.  Because Power Ventures was unable or unwilling to meet and confer on the dates it had suggested it was available, no conference was held.  Facebook sent multiple requests to schedule the meet-and-confer required by Civil Local Rule 54-5.  Facebook also communicated all of its positions regarding this motion to both Defendants by email as part of its multiple requests to schedule a meet-and-confer.

order, Defendants have continued to fail to pay its sanctions, which are now a part of the judgment. *See Facebook, Inc. v. Power Ventures, Inc.*, 2017 U.S. Dist. LEXIS 66948, *56 (N.D. Cal. May 2, 2017); Dkt. No. 435, at 25.

The motions practice following the Ninth Circuit ruling was entirely unnecessary, and consistent with the other activity in this case. The evidence, including indisputable admissions from Defendants, was clear. Facebook proposed an injunction and damage award as part of its case management statement. There was nothing really in dispute, as the Court recently found.[2] Instead of accepting the undisputed facts, Defendants engaged in substantial litigation, even contesting issues that were already resolved and that the Court instructed the Defendants not to raise again. The unnecessary motions practice was merely an effort to delay the case and entry of judgment. Even in the short period of time since the Ninth Circuit remanded the case, Vachani has failed to meet and confer with Facebook before a status conference, failed to prepare for that status conference, asked for an extension to file an opposition brief the day before its deadline, missed that court deadline, and then presented an untimely motion to stay the proceedings on the eve of a damages hearing. That motion was denied. *Id*.

## II.  LEGAL STANDARD

Facebook requests attorneys' fees pursuant to California Penal Code § 502(e)(2). California Penal Code § 502(e)(2) authorizes a plaintiff's recovery of attorneys' fees: "[i]n any action brought pursuant to this subdivision the court may award reasonable attorney's fees." *See also Swearingen v. HAAS Automation, Inc.*, 2010 U.S. Dist. LEXIS 36963 *5 (S.D. Cal. Apr. 14, 2010). Courts "have a great deal of discretion in determining the reasonableness of the fee." *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). This discretion is "appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding

---

[2] Facebook is the prevailing party in this matter. *See* California Code of Civil Procedure § 1032(a)(4); see also *Farrar v. Hobby*, 506 U.S. 103, 109 (1992) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983) (plaintiffs can be considered "prevailing parties" for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit).

1  frequent appellate review of what essentially are factual matters." *Hensley v. Eckerhart*, 461 U.S.
2  424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).

3  **III.    ARGUMENT**

4      **A.    Facebook's Is Entitled To Attorneys' Fees Under Penal Code § 502(e)(2).**

5  In light of Defendants' behavior just in the short period since that remand order, this Court
6  should award Facebook its attorney's fees.  California and other courts have awarded reasonable
7  attorneys' fees pursuant to fee-shifting statutes in light of an opposing party's dilatory behavior or
8  bad faith litigation tactics.  *See Zosma Ventures, Inc. v. Mojdeh Amini Nazari*, 2013 U.S. Dist.
9  LEXIS 198280, *8 (C.D. Cal. Sept. 23, 2013) (awarding attorneys' fees under for dilatory conduct
10 delaying trial); *T-Mobile USA, Inc. v. Terry*, 862 F. Supp. 2d 1121, 1135 (W.D. Wash. 2012)
11 (awarding attorneys' fees where defendant disregarded legal proceedings by refusing to cooperate
12 in discovery, repeatedly violating court orders, and violating the preliminary injunction); *Matlink,*
13 *Inc. v. Home Depot U.S.A., Inc.*, 2008 U.S. Dist. LEXIS 124318 * 4 (S.D. Cal. Oct. 27, 2008)
14 (awarding attorneys' fees for the defendants dilatory actions in response to plaintiff's discovery
15 requests).  Defendants' litigation behavior since remand has peppered Facebook and this Court
16 with unnecessary requests and demands.  This Court should exercise its discretion to put an end to
17 Defendants' efforts to delay enforcement and wrap up this case.

18     **B.    Facebook's Requested Attorneys' Fees Are Reasonable**

19 The attorney fees and paralegal rates and numbers of hours expended by the individuals
20 who were responsible for post-remand litigation are as follows: (1) Neel Chatterjee (the partner
21 supervising the preparation for supplemental damages briefing as well as the response to the
22 motion to stay and Defendants' various letters, whose rate was ████████/hour and who spent █
23 hours on the post-remand proceedings); (2) Monte Cooper (the attorney who prepared the
24 supplemental damages briefing as well as the response to the motion to stay and Defendants'
25 various letters, whose rate was ████████/hour and who spent ███ hours on the post-remand
26 proceedings); (3) Rob Uriarte (the associate who prepared the supplemental damages briefing and
27 assisted Monte Cooper, whose rate was ██████/hour and who spent ████ hours on the post-

28

1  remand proceedings); (4) Victor Wang (the associate who prepared the response to the motion to
2  stay and who assisted Neel Chatterjee, whose rate was ███ /hour and who spent ███ hours on the
3  post-remand proceedings); (5) Amy Dalton (a senior paralegal, whose rate was ███████ /hour
4  and who spent ███ hours on the post-remand proceedings); and (6) Matt Leahy (a senior
5  paralegal, whose rate was ███ /hour and who spent ██ hours on the post-remand proceedings).
6  These fees are reflective of the qualifications, experience customary rates of intellectual property
7  attorneys of the experience level of Mr. Chatterjee, Mr. Cooper and their associates, practicing in
8  the San Jose and San Francisco Bay area. *See* Cooper Decl. at ¶¶ 5-8; Chatterjee Decl. at ¶¶ 5-7.
9  Therefore, Facebook is entitled to ████████ in attorneys' fees.

10  In California, as in the Ninth Circuit, reasonable attorneys' fees are determined by first
11  calculating the "lodestar."  *Tahara v. Matson Terminals, Inc.*, 511 F.3d 950, 952, 955 (9th Cir.
12  2007), *Ketchum v. Moses*, 24 Cal.4th 1122, 1131 (2001) (citing *Serrano v. Priest (Serrano III)*, 20
13  Cal.3d 25 (1977)).  The lodestar is calculated by multiplying the number of hours the party
14  seeking attorneys' fees reasonably expended by a reasonable hourly rate.  *See Hensley v.*
15  *Ekcherart*, 461 U.S. 424, 433 (1983); *Caudle v. Birstow Optical Co., Inc.*, 224 F.3d 1014, 1028
16  (9th Cir. 2000); *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996).  In calculating the
17  number of hours reasonably expended, a district court necessarily has the discretion to exclude
18  hours that are "excessive, redundant, or otherwise unnecessary."  *See Tahara,* 511 F.3d at 956,
19  citing *Hensley*, 461 U.S. at 434.

20  Facebook has made every effort to minimize and discount the amount of time and
21  materials spent in preparing for the post-remand damages briefing.  Unfortunately, Facebook has
22  also expended significant attorneys' fees in responding to Defendants' various frivolous letters to
23  Facebook and the Court, as well as Vachani's last-minute motion to stay the proceedings.
24  Facebook seeks a narrow recovery encompassing its attorneys' and paralegals' preparation for
25  post-remand proceedings that Defendants have unnecessarily prolonged.  Facebook could seek
26  more attorneys' fees for Defendants' conduct throughout the litigation.  Rather than doing so, it is
27  seeking a very limited award just tied to the unnecessary post-remand proceedings.

28

## IV. CONCLUSION

Defendants' conduct throughout the post-remand proceedings, let alone this entire case, has wasted Facebook and this Court's resources. This Court should award Facebook with its reasonable attorneys' fees in the amount of ███████ pursuant to § 502(e)(2).

Dated: May 16, 2017					Respectfully Submitted,

By:      /s/  I. Neel Chatterjee
I. NEEL CHATTERJEE
nchatterjee@goodwinlaw.com
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, CA  94025-1105
Telephone:	650-752-3100
Facsimile:	650-853-1038

MONTE COOPER
mcooper@orrick.com
ROBERT L. URIARTE
ruriarte@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Rd.
Menlo Park, California  94025
Telephone:	650-614-7400
Facsimile:	650-614-7401

Attorneys for Plaintiff
   FACEBOOK, INC.

OHSUSA:766873636.1