I. NEEL CHATTERJEE (State Bar No. 173985)
nchatterjee@goodwinlaw.com
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, CA  94025-1105
Telephone:     650-752-3100
Facsimile:      650-853-1038


MONTE COOPER (State Bar No. 196746)
mcooper@orrick.com
ROBERT L. URIARTE (State Bar No. 258274)
ruriarte@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Rd.
Menlo Park, California  94025
Telephone:     650-614-7400
Facsimile:      650-614-7401

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>                     Plaintiff,<br><br>          v.<br><br>POWER VENTURES, INC. a Cayman Island corporation, STEVE VACHANI, an individual; DOE 1, d/b/a POWER.COM, DOES 2-25, inclusive,<br><br>                     Defendants. | Case No. 5:08-cv-05780-LHK<br><br>**FACEBOOK'S MOTION FOR CONTEMPT**<br><br>Date:        Thursday, June 22, 2017<br>Time:       1:30 PM<br>Dept:        Courtroom 8, 4th Floor<br>Judge:      Hon. Judge Lucy H. Koh |

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on June 22, 2017 at 1:30 p.m., or as soon thereafter as counsel may be heard, plaintiff Facebook, Inc. ("Facebook") will, and hereby does, move this Court for an order holding Defendants in contempt of court.

This motion is based upon this Notice of Motion and Motion, the accompanying declaration of Monte Cooper ("Cooper Decl."), the other papers and pleadings already on file in this action, and upon such other and further matters as may be presented prior to or at the hearing of this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Facebook, Inc. ("Facebook") requests an order finding Defendants in contempt for disobeying the Court's clear and definite orders. First, Power Ventures, Inc. ("Power") and its Chief Executive Officer, Steve Vachani, should be held in contempt of court for failing to comply with the Court's February 15, 2017 order requiring Power to pay $39,796.73 in discovery sanctions by March 15, 2017. *See* Dkt. No. 410. To date, Power has not paid the sanctions.[1]

Second, Power and Vachani (both in his personal capacity and in his capacity as Power's CEO) are in contempt of the Court's May 2, 2017 Permanent Injunction, which requires Defendants to destroy the software and data at issue in this case, to notify current and former employees and agents of the Permanent Injunction, and to certify to the Court under penalty of perjury compliance with the Permanent Injunction by May 9, 2017. Dkt. No. 437. Power and Vachani both disobeyed these orders as well, and as of the date of this filing, have not yet complied with them.

Facebook requests that the Court issue contempt sanctions in the amount of $500 per day for each day that Power is not in full compliance with the Court's payment order and Permanent Injunction. Facebook further requests that the Court issue contempt sanctions against Vachani in the

---

[1] This motion does not seek contempt for Mr. Vachani's failure to pay his personal liability under Magistrate Judge Spero's sanctions award. Contempt by Mr. Vachani, with regard to any prior money award, is sought solely for his failure, in his capacity as the current CEO of Power, to cause Power to obey this Court's orders, issued on or after February 15, 2017. Facebook does, however, as described below, seek sanctions against Mr. Vachani, not only in his role as CEO of Power, but also for his personal refusal to obey this Court's injunction directed to him.

amount of $500 per day for each day that he is not in compliance with the Permanent Injunction. Finally, Facebook requests that the Court order that Facebook recover its attorneys' fees associated with this motion from both Defendants jointly and severally.

Facebook takes raising the issue of contempt seriously. It does not make this request lightly. In this particular instance, Facebook believes a finding of contempt is warranted because:

- As this Court already has acknowledged, Power's CEO, Steve Vachani (another named defendant in this case), was evasive during his deposition.
- Mr. Vachani falsely swore under oath, in open court, that he produced all responsive documents in order to resolve a motion to compel.
- Magistrate Judge Spero concluded that Mr. Vachani's actions were in violation of Court rules, and issued sanctions.
- Mr. Vachani's statements under oath were proven to be untruthful.
- Power objected to the sanctions order and even appealed the ruling to the Ninth Circuit. Power lost.
- The Court ordered Power to pay and, when it did not pay, invited a motion for contempt.
- Power still did not pay.
- The Court issued a Permanent Injunction on May 2, 2017.
- As of the date of this filing, Power and Vachani have not complied with the Permanent Injunction's notice, destruction, and certification requirements.

Facebook is at a loss about how to get Defendants to comply with their legal obligations, short of a finding of contempt. Defendants treat this Court's previous orders as nullities to be disregarded with impunity. This hostility directed at the Court's actions cannot be tolerated; there are rules governing these proceedings, and Defendants must face the consequences of their decision to violate them.

## II. RELEVANT FACTUAL BACKGROUND

The Court issued discovery sanctions against Power and Vachani on August 7, 2013 due to multiple bad faith discovery tactics, which included Vachani's withholding of a trove of relevant emails, Power's belated production of 76,457 responsive documents the week *after* fact discovery

closed, and Vachani's "argumentative and evasive" conduct during a deposition in which he repeatedly read verbatim from a previously filed declaration rather than answer counsel's questions. Dkt. No. 356, at 2-3.[2] The Ninth Circuit affirmed the Court's sanctions award, noting that "Vachani was unprepared, unresponsive, and argumentative [during a deposition] and that Power had failed to produce many e-mails responsive to Facebook's requests." *Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1070 (9th Cir. 2016).

On February 15, 2017, the Court ordered Power to pay to Facebook $39,796.73 by March 15, 2017. Dkt. No. 410. In fact, the deadline was set at a case management conference where Power agreed to the deadline. *See* Dkt. No. 414 (CMC Transcript) at 26:25-30:25. Power failed to pay on time. On March 20, 2017, Facebook brought Power's violation of the Court's order to the Court's attention. Dkt. No. 419. The following week, Vachani, purporting to act on behalf of himself and Power, wrote a letter to the Court in which Vachani stated that Power did not comply with the Court's order because Power was "saddled in other debts" and needed "further time to consult with its remaining interested stakeholders to determine its best path forward." Dkt. No. 421, at 4.[3] Vachani requested a 90-day extension "to allow Power proper time to determine its available options." *Id*. The Court denied Vachani's request on March 29, 2017. Dkt. No. 422. The Court invited a motion for contempt as part of its order. *See* Dkt. No. 422 at 3 ("To the extent that Facebook asserts that Defendants are not in compliance with this Court's order to pay Facebook [the discovery sanction] by March 15, 2017, Facebook may file a motion for contempt"). Facebook did not file a motion for contempt in the hope that Defendants would receive the clear message the Court had directed to both of them. Defendants did not receive the message, and Facebook again notified Defendants and the Court that neither Defendant had paid. Then, in its most recent order, the Court mentioned again Defendants' failure to pay and again invited a contempt motion. Dkt. No. 435 at 25 at 25 ("despite being ordered three times to pay the $39,796.73 discovery sanction, Defendants have

---

[2] The Court's sanctions order noted, but did not adjudicate, the possibility of further sanctions due to Defendants' spoliation of significant evidence.

[3] In correspondence with Facebook's counsel on May 11, 2017, Vachani suggested that he is no longer in a position to communicate with Power's shareholders and directed Facebook to communicate with Power's counsel regarding Power's non-compliance. Cooper Decl. Ex. 1.

not yet done so and the Court has even invited a motion to hold Defendants in contempt of Court."). Despite the Court's clear warnings, Power took no steps to comply with the Court's payment order. Declaration of Monte Cooper ("Cooper Decl.") ¶ 2. Instead, Power decided to defy yet *another* order: the Court's Permanent Injunction.

On May 2, 2017, the Court entered a Permanent Injunction against Defendants. Among other requirements, the Permanent Injunction requires Defendants (1) to destroy any software, scripts, or code designed to access or interact with Facebook's website, users, or services; (2) to notify by May 5, 2017 "their current and former officers, agents, servants, employees, successors, and assigns, and any persons acting in concert or participation with them" of the Permanent Injunction; and (3) to certify in writing under penalty of perjury by May 9, 2017 compliance with the Permanent Injunctions provisions. Dkt. No. 437. Defendants did not comply with these provisions. Instead, on May 9, Vachani, purporting to act on behalf of himself and Power, filed a woefully deficient letter (not under penalty of perjury) stating in conclusory fashion that Defendants had complied with the injunction "to the best of their knowledge and capabilities." Dkt. No. 439. Defendants' May 9 letter completely disregarded the Court's order that Defendants "state how notification of this permanent injunction in accordance with paragraph 3 above was accomplished, including the identities of all email accounts (if any) used for notification purposes." Dkt. No. 437. When Facebook brought Defendants' violation of yet another Court order to Defendants' attention, Vachani abruptly changed course and filed a letter "recalling and rescinding" Defendants prior compliance letter. Dkt. No. 440.

In correspondence with Facebook's counsel on May 10 and May 11, 2017, Vachani took the new position that he is not responsible for Power's compliance with the Permanent Injunction, that sections 2 through 4 of the injunction do not apply to him, and that Power's counsel Ms. Anderson is in the best position to certify Power's compliance with the Permanent Injunction. Cooper Decl. ¶ 3; Exhibit 1. But in the early morning hours of May 12, 2017, Vachani filed a letter once again purporting to certify compliance with the Permanent Injunction on behalf of Power. Dkt. No. 442. Like his prior deficient certifications, Vachani's May 12 certification for Power does not come close to complying with the requirements of the Permanent Injunction. It merely states that Power has

complied "to the best of its knowledge," that "Power has no reason to believe that it has not fully complied with all provisions," and that Power has complied with the Court's order "to the best of its abilities."  Dkt. No. 442.  Although Vachani's May 12 certification contains vague, conclusory assertions of compliance, no details are provided, and Vachani's representations are highly suspect in light of Vachani's prior assertions on May 10 and May 11 that he was not in a position to speak on behalf of Power, contact Power's "dozens of shareholders," or to "make representations [or] decisions regarding the IP and property of [Power]."  Cooper Decl. Ex. 1.  In light of his dubious statements and conflicting representations to Facebook and the Court, at minimum, Vachani should submit to the Court the notice emails Power purportedly "sent by email as of May 9, 2017."  *See* Dkt. No. 442-1 (Exhibit A to Power's Second Certification) (statement not made under penalty of perjury).

### III. POWER AND VACHANI ARE IN CONTEMPT OF COURT

Civil contempt consists of a party's disobedience of a specific and definite court order by failure to take all reasonable steps with the party's power to comply.  *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). "The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court."  *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999).  Once the moving party establishes the contemnors' violation of a specific and definite order, the burden then shifts to the contemnors to demonstrate why they were unable to comply.  *Id.*

#### A. Power and its CEO Mr. Vachani Are In Contempt of the Court's Sanctions Payment Order

Both Power and its CEO Mr. Vachani should be found in contempt of the Court's February 15, 2017 order requiring Power to pay discovery sanctions within 30 days.  Persons in control of a corporation may be held in contempt for violating a court order.  *E.g., In re Sula, Inc.,* 2016 Bankr. LEXIS 2605, *13-14 (Bankr. C.D. Cal. July 15, 2016)*; Elec. Workers Pension Trust v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 382 (6th Cir. 2003).  This is so because

> A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power

5

FACEBOOK'S MOTION FOR CONTEMPT
CASE NO. 5:08-CV-05780-LHK

for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt.

*Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F. 3d 935, 955 (9th Cir. 2014) (citing *Wilson v. United States*, 221 U.S. 361, 376, 31 S. Ct. 538, 55 L. Ed. 771 (1911)).

The Court clearly and expressly ordered Power to pay to Facebook the "$39,796.73 discovery sanction affirmed by the Ninth Circuit by March 15, 2017." Dkt. No. 410. Power's violation of the Court's order is undisputed. *See* Dkt. No. 421. Importantly, Power has never indicated any confusion about the meaning of the order. Indeed, it agreed to the payment date. *See* Dkt. No. 414 (CMC Transcript) at 26:25-30:25 (no objection to 30-day order to pay sanctions). Instead of paying, Defendants' strategy has been to repeatedly seek extensions on its obligations to pay. *See* Dkt. No. 423 (Defendants' supplemental remedies brief, which makes no mention of inability to pay); Dkt. No. 425 (request for a stay, no mention of inability to pay); Dkt. No. 428 (another request for a stay, referencing Power's retention of new counsel and making no reference to inability to pay).

Power has suggested it has the inability to pay the discovery sanction. However, Power has been paying for both local counsel and New York counsel, including in connection with a petition for certiorari filed March 9, 2017 and in papers before this Court, for several months. Further, the Ninth Circuit has expressed serious doubt that an inability to comply with an order is a defense to civil contempt where the inability to comply is self-induced. *See Chicago Truck Drivers Union Pension Fund v. Brotherhood Labor Leasing*, 207 F.3d 500, 506 (8th Cir. 2000) (citing *Affordable Media,* 179 F.3d at 1239); *accord In re Power Recovery Sys., Inc*., 950 F.2d 798, 803 (1st Cir. 1991) (self-induced inability is not a defense).[4]

As Power's CEO, Vachani is properly subjected to sanctions for Power's contempt. "Holding the individual in contempt does not require piercing the corporate veil or otherwise disregarding the corporate form, because it does not make the individual personally liable in the

---

[4] Should Power carry its burden of establishing "categorically and in detail" why it is unable to pay, Facebook requests that the Court impose an appropriate form of nonmonetary contempt sanction. *See Affordable Media,* 179 F.3d at 1241 (discussing burden of proof attendant to assertion of inability to pay).

underlying action, but merely holds him personally responsible for his own deliberate disobedience of the court order." *Eighth Dist. Elec. Pension Fund v. Elec. Forces LLC*, 2011 U.S. Dist. LEXIS 40110, *8-9 (D. Colo. Mar. 28, 2011). Mr. Vachani is the person in control of Power and has the ability to cause Power to comply with—or as has been the case so far, to defy—the Court's orders. *See, e.g.*, Dkt. No. 412 (Mr. Vachani letter stating he is Power's corporate representative and CEO).

### B. Power and Vachani in his Personal Capacity Are in Contempt of the Permanent Injunction

The Court's Permanent Injunction Order unequivocally required both Defendants to destroy the software and data at issue in this case, notify current and former officers, employees, and agents of the Permanent Injunction, and to certify their compliance with the Permanent Injunction within seven calendar days. The Permanent Injunction's provisions are clear and definite, and neither Power nor Vachani has never asserted that they cannot understand the meaning of the Court's destruction, notice, and certification instructions. Vachani himself acknowledged that the Permanent Injunction applied to both Power and Vachani in his individual capacity by filing a letter on May 9, 2017 (Dkt. No. 439) purporting to certify that Power the corporation and Vachani the individual had complied with all of the Permanent Injunction's requirements. Only after Facebook pointed out the numerous shortcomings of Vachani's May 9 letter did Vachani change course to argue that certain of the Permanent Injunction's provisions don't apply to him personally.

As of the date of this filing, neither Defendant has complied with the Permanent Injunction's destruction, notice, and certification requirements. For his part, Vachani refuses to comply with sections 2 (destruction), 3 (notification), and 4 (certification) of the Permanent Injunction and has even gone so far as to unilaterally declare that these provisions do not apply to him. Dkt. No. 437. Power has also defied the Court's order, and its non-compliance is highlighted by the belated May 12, 2017 compliance letter (Dkt. Nos. 442 & 442-1), which provides a short list of email recipients but does not provide any details as to who received the notice emails or what the notice emails said. Moreover, Power's submissions do not even mention what efforts Power undertook to destroy the software and scraped data underlying Facebook's claims. It is clear that Defendants are attempting to skirt the Permanent Injunction's requirements.

## IV. A COMPENSATORY AWARD OF ATTORNEY'S FEES AND COERCIVE PER DIEM FINES ARE WARRANTED

In this case, a fine of $500 per day of noncompliance and an award to Facebook of its attorney's fees are warranted. "Sanctions for civil contempt can be imposed for one or both of two distinct purposes: (1) to compel or coerce obedience to a court order, and (2) to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance." *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1147 (9th Cir. 1983). A per diem fine imposed for each day a contemnor fails to comply with a court order is a "paradigmatic civil contempt" sanction. *Oliner v. Kontrabecki*, 305 B.R. 510, 522 (N.D. Cal. 2004); *accord NLRB v. Ironworkers Local 433*, 169 F.3d 1217, 1221 (9th Cir. 1999). "[S]uch fines exert a constant coercive pressure" aimed at bringing the contemnor into compliance with a court order. *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1250 (9th Cir. 2006) (Fisher, J., dissenting). *See, e.g.*, *United States v. Ayres*, 166 F.3d 991, 994 (9th Cir. 1999) ($500 per day coercive sanction for failing to comply with subpoena); *United States v. Bright*, 2009 U.S. Dist. LEXIS 15915, *40 (D. Haw. 2009) ($500 per day coercive sanction); *Cleveland Hair Clinic v. Puig*, 106 F.3d 165, 166 ($300 a day for failure to comply with court payment order).

Attorney's fees for the cost of bringing a contempt motion are also a proper form of compensatory civil contempt relief, because "the cost of bringing the violation to the attention of the court is part of the damages suffered by the prevailing party and those costs would reduce any benefits gained by the prevailing party from the court's violated order." *Perry v. O'Donnell*, 759 F.2d 702, 706 (9th Cir. 1985) (citation omitted). "Attorneys' fees frequently must be expended to bring a violation of an order to the court's attention." *Id.* at 705.

## V. CONCLUSION

For the foregoing reasons, Facebook respectfully requests that the Court find Defendants in contempt and issue appropriate coercive and compensatory sanctions against Power and its CEO for violation of the Court's February 15, 2017 payment order and against Power and Vachani individually for violation of the Permanent Injunction.

Dated: May 16 , 2017

Respectfully Submitted,

By:  *I. Neel Chatterjee*
I. NEEL CHATTERJEE
nchatterjee@goodwinlaw.com
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, CA  94025-1105
Telephone:       650-752-3100
Facsimile:        650-853-1038

MONTE COOPER
mcooper@orrick.com
ROBERT L. URIARTE
ruriarte@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Rd.
Menlo Park, California  94025
Telephone:       650-614-7400
Facsimile:        650-614-7401

Attorneys for Plaintiff
FACEBOOK, INC.