# EXHIBIT 2



May 10, 2017

Amy Sommer Anderson
Aroplex Law
156 2nd Street
San Francisco, CA 94105

Steven Vachani
2425B Channing, #216
Berkeley, CA 94704

Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015

+1 650 614 7400
orrick.com

Monte Cooper

E   mcooper@orrick.com
D   +1 650 614 7375
F   +1 650 614 7401

*VIA ELECTRONIC MAIL*

Re:   *Facebook, Inc. v. Power Ventures, Inc.*, et al., Case No. 5:08-cv-05780 (LHK)

Dear Amy and Steve:

    We have reviewed the letter that Steve e-filed with the Court on May 9, 2017. Defendants' letter has numerous serious deficiencies and must be immediately corrected. Among the deficiencies are the following:

    (1)    Defendants were required to jointly certify in writing, under ***penalty of perjury***, that they had complied with all provisions of the terms of that Permanent Injunction. Judgment and Permanent Injunction, at ¶ 4. The letter signed by Steve Vachani both individually and on behalf of Power Ventures is not made under penalty of perjury.

    (2)    The Court ordered that within three calendar days of the Permanent injunction (*i.e.* by May 5, 2017) "Defendants shall affirm that they already have notified, or shall notify, their current and former officers, agents, servants, employees, successors, and assigns, and any persons acting in concert or participation with them" of the permanent injunction. Judgment and Permanent Injunction, at ¶ 3. Defendants did not make any such affirmance.

    (3)    The Court required that within seven calendar days of the injunction (*i.e.* by May 9, 2017), "Defendants shall certify in writing, under penalty of perjury, that they have complied with the provision of this order, ***and state how notification of this permanent injunction in accordance with paragraph 3 above was accomplished***, including the identities of all email accounts (if any) used for notification purposes." Judgment and Permanent Injunction, at ¶ 4 (emphasis added). Quoting the language of the Judgment and Permanent Injunction, the Defendants' letter to Judge Koh merely states that "they 'already have notified or shall notify" by email, telephone and postal mail, 'current and former officers, agents, servants, employees, successors, and assigns, and any persons acting in concert or participation with them of this inunction." Defendants have not complied with the condition that they state exactly how notice was made (whether it was by email, telephone or postal mail), including what email addresses were used,



Amy Sommer Anderson
Steven Vachani
May 10, 2017
Page 2

if that medium was employed. In fact, Defendants' submission suggests that they still have yet to notify the requisite parties.

      (4)    The Court also instructed "Defendants, their agents, officers, contractors, directors, shareholders, employees, subsidiary companies or entities, affiliated or related companies and entities, assignees, and successors-in-interest, and those in active concert or participation with them [to] destroy any software, script(s), or code designed to access or interact with the Facebook website, Facebook users, or the Facebook service." Judgment and Permanent Injunction, at ¶ 2. The Court further ordered that Defendants and these other related parties were required "to destroy Facebook data and/or information obtained from Facebook or Facebook's users, or anything derived from such data and/or information." Judgment and Permanent Injunction, at ¶ 2. Defendants, as part of their certification that they complied with these requirements, simply state that they have complied with this (and the other) conditions "to the best of their knowledge or capabilities." The Judgment and Permanent Injunction does not contemplate that Defendants will comply "to the best of their knowledge or capabilities." If Defendants have any reason to believe that they cannot fully comply with the critical provisions requiring destruction of the Power software, code and database information generated by Facebook, they need to immediately clarify under penalty of perjury why that is so, and what potential exists that the software and database information continues to exist in some form. By way of example, please clarify in writing under penalty of perjury exactly what steps were taken by Defendants to destroy Facebook user data stored in all Power.com databases containing such information, including the databases associated with AsaDrive servers referenced during Power's Rule 30(b)(6) deposition taken March 7, 2012 (*see* 3/7/12 Depo. Tr. at 259:5-24), as well as the "Customer User Database" stored in company servers that are located in Hong Kong, which are referenced on Schedule B filed by Power in its now-dismissed Chapter 11 bankruptcy action. Your certification gives no indication of what was done with the "Customer User Database." Please specify how and when all of the PowerScripts and related software used by Power to access the Facebook website, scrape user information from the website, and to send invitations to Facebook users to promote the www.power.com website, was destroyed, including where it was destroyed and by whom. Please further clarify what servers the PowerScripts software and related databases were stored on prior to the requisite destruction of the power.com software and Facebook user data, and how instructions for its destruction were communicated (including identifying who was instructed to destroy the software and Facebook user data).

      It is critical that Defendants comply in full with the written certification conditions set forth in the Judgment and Permanent Injunction entered by Judge Koh. The certification provided by Defendants on May 9, 2017 provides no assurance that all of the requisites steps were, in fact, followed. We therefore demand that you immediately provide the additional clarifications requested by this letter. As you know, the Court, which already has invited Facebook to move for contempt due to defiance of the Court's order to timely pay Facebook discovery sanctions, retains jurisdiction



Amy Sommer Anderson
Steven Vachani
May 10, 2017
Page 3

to ensure that Defendants have fully complied with all the conditions of the Judgment and Permanent Injunction. *See* Permanent Injunction, at ¶ 5. Please confirm that by noon (12:00 p.m. PT) tomorrow, May 11, 2017, Defendants will fully comply with the Court's Judgment and Permanent Injunction, and will provide a proper certification no later than close of business (5:00 p.m. PT).

Yours truly,

/s/ *Monte Cooper*

Monte Cooper