UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 02 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FACEBOOK, INC., a Delaware corporation,<br><br>        Plaintiff - Appellee,<br><br>v.<br><br>POWER VENTURES, INC., a Cayman Island corporation; STEVEN SURAJ VACHANI, an indvidual,<br><br>        Defendants - Appellants. | No. 17-16161<br><br>D.C. No. 5:08-cv-05780-LHK<br>U.S. District Court for Northern California, San Jose<br><br>**TIME SCHEDULE ORDER** |

The parties shall meet the following time schedule.

If there were reported hearings, the parties shall designate and, if necessary, cross-designate the transcripts pursuant to 9th Cir. R. 10-3.1. If there were no reported hearings, the transcript deadlines do not apply.

| | |
|---|---|
| **Fri., June 9, 2017** | Mediation Questionnaire due. If your registration for Appellate ECF is confirmed after this date, the Mediation Questionnaire is due within one day of receiving the email from PACER confirming your registration. |
| **Mon., July 3, 2017** | Transcript shall be ordered. |
| **Wed., August 2, 2017** | Transcript shall be filed by court reporter. |
| **Mon., September 11, 2017** | Appellants' opening brief and excerpts of record shall be served and filed pursuant to FRAP 32 and 9th Cir. R. 32-1. |

| | |
|---|---|
| **Wed., October 11, 2017** | Appellee's answering brief and excerpts of record shall be served and filed pursuant to FRAP 32 and 9th Cir. R. 32-1. |

**The optional appellants' reply brief shall be filed and served within 21 days of service of the appellee's brief, pursuant to FRAP 32 and 9th Cir. R. 32-1.**

**Failure of the appellants to comply with the Time Schedule Order will result in automatic dismissal of the appeal. See 9th Cir. R. 42-1.**

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Ruben Talavera
Deputy Clerk
Ninth Circuit Rule 27-7



Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
Post Office Box 193939
San Francisco, California 94119-3939
415-355-8000

Molly C. Dwyer
Clerk of Court

June 02, 2017

| | |
|---|---|
| No.: | 17-16161 |
| D.C. No.: | 5:08-cv-05780-LHK |
| Short Title: | Facebook, Inc. v. Power Ventures, Inc., et al |

Dear Appellants/Counsel

A copy of your notice of appeal/petition has been received in the Clerk's office of the United States Court of Appeals for the Ninth Circuit. The U.S. Court of Appeals docket number shown above has been assigned to this case. You must indicate this Court of Appeals docket number whenever you communicate with this court regarding this case.

Please furnish this docket number immediately to the court reporter if you place an order, or have placed an order, for portions of the trial transcripts. The court reporter will need this docket number when communicating with this court.

**The due dates for filing the parties' briefs and otherwise perfecting the appeal have been set by the enclosed "Time Schedule Order," pursuant to applicable FRAP rules. These dates can be extended only by court order. Failure of the appellant to comply with the time schedule order will result in automatic dismissal of the appeal. 9th Cir. R. 42-1.**

**Appellants who are filing pro se should refer to the accompanying information sheet regarding the filing of informal briefs.**

# United States Court of Appeals
## for the Ninth Circuit

P.O. Box 31478
Billings, Montana 59107-1478

**CHAMBERS OF**
**SIDNEY R. THOMAS**
**CHIEF JUDGE**

December 1, 2014

TEL: (406) 373-3200
FAX: (406) 373-3250

Dear Counsel:

I want to take this opportunity to introduce you to the Court's mediation program. The court offers you and your clients professional mediation services, at no cost, to help resolve disputes quickly and efficiently and to explore the development of more satisfactory results than can be achieved from continued litigation. Each year the mediators facilitate the resolution of hundreds of cases, from the most basic contract and tort actions to the most complex cases involving multiple parties, numerous pieces of litigation and important issues of public policy.

The eight circuit mediators, all of whom work exclusively for the court, are highly experienced attorneys from a variety of practices; all have extensive training and experience in negotiation, appellate mediation, and Ninth Circuit practice and procedure. Although the mediators are court employees, the Court has adopted strict confidentiality rules and practices to ensure that what goes on in mediation stays in mediation. *See* Circuit Rule 33-1.

The first step in the mediation process is case selection. To assist the mediators in the case selection process, appellants/petitioners must file a completed Mediation Questionnaire within 7 days of the docketing of the case. *See* Circuit Rules 3-4, and 15-2. Appellees may also fill out and file a questionnaire. The questionnaire with filing instructions accompanies this letter and is also available at www.ca9.uscourts.gov/mediation/forms.php. All counsel are also invited to submit, by e-mail to ca09_mediation@ca9.uscourts.gov, additional, confidential information that might assist the mediators in the case selection process.

Page 2

In most cases, the mediator will schedule a settlement assessment conference, with counsel only, to determine whether the case is suitable for mediation. Please be assured that participation in the mediation program will not slow down disposition of your appeal. Mediation discussions are not limited to the issues on appeal. The discussions can involve other cases and may include individuals who are not parties to the litigation, if doing so enables the parties to reach a global settlement.

Further information about the mediation program may be found on the court's website: www.ca9.uscourts.gov/mediation/. Please address questions directly to the Mediation Unit at 415-355-7900 or ca09mediation@ca9.uscourts.gov.

Our mediators do a terrific job. I hope you'll give them the opportunity to work on your case.

Sincerely,

*Sidney R. Thomas*
Sidney R. Thomas
Chief Circuit Judge

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

Circuit Mediation Office
Phone (415) 355-7900 Fax (415) 355-8566
http://www.ca9.uscourts.gov/mediation

# MEDIATION QUESTIONNAIRE

This form is available in a fillable version at *http://cdn.ca9.uscourts.gov/datastore/uploads/forms/Mediation_Questionnaire.pdf*.

The purpose of this questionnaire is to help the court's mediators provide the best possible mediation service in this case; it serves no other function. Responses to this questionnaire are *not* confidential. Appellants/Petitioners must electronically file this document within 7 days of the docketing of the case. 9th Cir. R. 3-4 and 15-2. Appellees/Respondents may file the questionnaire, but are not required to do so.

9th Circuit Case Number(s): 

District Court/Agency Case Number(s): 

District Court/Agency Location: 

Case Name:                          v. 

If District Court, docket entry number(s) of order(s) appealed from: 

Name of party/parties submitting this form: 

Briefly describe the dispute that gave rise to this lawsuit.

Briefly describe the result below and the main issues on appeal.

*(Continue to next page)*

| Describe any proceedings remaining below or any related proceedings in other tribunals. |
|---|
|   |

| Provide any other thoughts you would like to bring to the attention of the mediator. |
|---|
|   |

*Any party may provide additional information **in confidence** directly to the Circuit Mediation Office at ca09_mediation@ca9.uscourts.gov. Provide the case name and Ninth Circuit case number in your message. Additional information might include level of interest in including this case in the mediation program, the case's settlement history, issues beyond the litigation that the parties might address in a settlement context, or future events that might affect the parties' willingness or ability to mediate the case.*

## CERTIFICATION OF COUNSEL

I certify that:

☐ a current service list with telephone and fax numbers and email addresses is attached (see 9th Circuit Rule 3-2).

☐ I understand that failure to provide the Court with a completed form and service list may result in sanctions, including dismissal of the appeal.

Signature [                                          ]

("s/" plus attorney name may be used in lieu of a manual signature on electronically-filed documents.)

Counsel for [                                          ]

***How to File***: Complete the form and then convert the filled-in form to a static PDF (File > Print > PDF Printer or any PDF Creator). To file, log into Appellate ECF and select File Mediation Questionnaire. (*Use of the Appellate ECF system is mandatory for all attorneys filing in this Court, unless they are granted an exemption from using the system.*)

# UNITED STATES COURT OF APPEALS for the NINTH CIRCUIT

## Office of the Clerk

## After Opening a Case – Counseled Cases
*(revised April 2016)*

**Court Address – San Francisco Headquarters**

| *Mailing Address for U.S. Postal Service* | *Mailing Address for Overnight Delivery (FedEx, UPS, etc.)* | *Street Address* |
|---|---|---|
| Office of the Clerk<br>James R. Browning Courthouse<br>U.S. Court of Appeals<br>P.O. Box 193939<br>San Francisco, CA<br>94119-3939 | Office of the Clerk<br>James R. Browning Courthouse<br>U.S. Court of Appeals<br>95 Seventh Street<br>San Francisco, CA<br>94103-1526 | 95 Seventh Street<br>San Francisco, CA<br>94103 |

**Court Addresses – Divisional Courthouses**

| *Pasadena* | *Portland* | *Seattle* |
|---|---|---|
| Richard H. Chambers Courthouse<br>125 South Grand Avenue<br>Pasadena, CA 91105 | The Pioneer Courthouse<br>700 SW 6th Ave, Ste 110<br>Portland, OR 97204 | William K. Nakamura Courthouse<br>1010 Fifth Avenue<br>Seattle, WA 98104 |

**Court Website – www.ca9.uscourts.gov**

The Court's website contains the Court's Rules and General Orders, information about electronic filing of documents, answers to frequently asked questions, directions to the courthouses, forms necessary to gain admission to the bar of the Court, opinions and memoranda, live streaming of oral arguments, links to practice manuals, and an invitation to join our Pro Bono Program.

**Court Phone List**

| | |
|---|---|
| **Main Phone Number.** | **(415) 355-8000** |
| Attorney Admissions. | (415) 355-7800 |
| Calendar Unit. | (415) 355-8190 |
| CJA Matters (Operations Unit) | (415) 355-7920 |
| Docketing. | (415) 355-7840 |
| Death Penalty. | (415) 355-8197 |
| Electronic Filing – CM/ECF. | Submit form at http://www.ca9.uscourts.gov/cmecf/feedback |
| Library. | (415) 355-8650 |
| Mediation Unit. | (415) 355-7900 |
| Motions Attorney Unit. | (415) 355-8020 |
| Procedural Motions Unit. | (415) 355-7860 |
| Records Unit. | (415) 355-7820 |
| Divisional Court Offices: | |
| Pasadena. | (626) 229-7250 |
| Portland. | (503) 833-5300 |
| Seattle. | (206) 224-2200 |

**Electronic Filing - CM/ECF**

The Ninth Circuit's CM/ECF (Case Management/Electronic Case Files) system is mandatory for all attorneys filing in the Court, unless they are granted an exemption. All non-exempted attorneys who appear in an ongoing case are required to register for and to use CM/ECF. Registration and information about CM/ECF is available on the Court's website at www.ca9.uscourts.gov under *Electronic Filing–CM/ECF*. Read the Circuit Rules, especially Ninth Circuit Rule 25-5, for guidance on filing documents electronically via CM/ECF, and see the CM/ECF User Guide for a complete list of the available types of filing events.

## Rules of Practice

The Federal Rules of Appellate Procedure (Fed. R. App. P.), the Ninth Circuit Rules (9th Cir. R.) and the General Orders govern practice before this Court. The rules are available on the Court's website at www.ca9.uscourts.gov under *Rules*.

## Practice Resources

The Appellate Lawyer Representatives' Guide to Practice in the United States Court of Appeals for the Ninth Circuit is available on the Court's website www.ca9.uscourts.gov at *Guides and Legal Outlines > Appellate Practice Guide*. The Court provides other resources in *Guides and Legal Outlines*.

## Admission to the Bar of the Ninth Circuit

All attorneys practicing before the Court must be admitted to the Bar of the Ninth Circuit. Fed. R. App. P. 46(a); 9th Cir. R. 46-1.1 & 46-1.2.

For instructions on how to apply for bar admission, go to www.ca9.uscourts.gov and click on the *Attorneys* tab > *Attorney Admissions > Instructions*.

## Notice of Change of Address

Counsel who are registered for CM/ECF must update their personal information, including street addresses and email addresses, online at: https://pacer.psc.uscourts.gov/pscof/login.jsf 9th Cir. R. 46-3.

Counsel who have been granted an exemption from using CM/ECF must file a written change of address with the Court. 9th Cir. R. 46-3.

## Motions Practice

Following are some of the basic points of motion practice, governed by Fed. R. App. P. 27 and 9th Cir. R. 27-1 through 27-14.

- Neither a notice of motion nor a proposed order is required. Fed. R. App. P. 27(a)(2)(C)(ii), (iii).
- Motions may be supported by an affidavit or declaration. 28 U.S.C. § 1746.

- Each motion should provide the position of the opposing party. Circuit Advisory Committee Note to Rule 27-1(5); 9th Cir. R. 31-2.2(b)(6).
- A response to a motion is due 10 days from the service of the motion. Fed. R. App. P. 27(a)(3)(A); Fed. R. App. P. 26(c). The reply is due 7 days from service of the response. Fed. R. App. P. 27(a)(4); Fed. R. App. P. 26(c).
- A response requesting affirmative relief must include that request in the caption. Fed. R. App. P. 27(a)(3)(B).
- A motion filed in a criminal appeal must include the defendant's bail status. 9th Cir. R. 27-2.8.1.
- A motion filed after a case has been scheduled for oral argument, has been argued, is under submission or has been decided by a panel, must include on the initial page and/or cover the date of argument, submission or decision and, if known, the names of the judges on the panel. 9th Cir. R. 25-4.

**Emergency or Urgent Motions**

All emergency and urgent motions must conform with the provisions of 9th Cir. R. 27-3. Note that a motion requesting procedural relief (e.g., an extension of time to file a brief) is *not* the type of matter contemplated by 9th Cir. R. 27-3. Circuit Advisory Committee Note to 27-3(3).

Prior to filing an emergency motion, the moving party *must* contact an attorney in the Motions Unit in San Francisco at (415) 355-8020.

When it is absolutely necessary to notify the Court of an emergency outside of standard office hours, the moving party shall call (415) 355-8000. Keep in mind that this line is for true emergencies that cannot wait until the next business day (e.g., an imminent execution or removal from the United States).

**Briefing Schedule**

The Court generally issues the briefing schedule at the time the appeal is docketed.

Certain motions (e.g., a motion for dismissal) automatically stay the briefing schedule. 9th Cir. R. 27-11.

The opening and answering brief due dates are not subject to the additional time described in Fed. R. App. P. 26(c). 9th Cir. R. 31-2.1. The early filing of

appellant's opening brief does not advance the due date for appellee's answering brief. *Id.*

## Extensions of Time to File a Brief

### *Streamlined Request*
Subject to the conditions described at 9th Cir. R. 31-2.2(a), you may request one streamlined extension of up to 30 days from the brief's existing due date. Submit your request via CM/ECF using the "File Streamlined Request to Extend Time to File Brief" event on or before your brief's existing due date. No form or written motion is required.

### *Written Extension*
Requests for subsequent extensions or extensions of more than 30 days will be granted only upon a written motion supported by a showing of diligence and substantial need. This motion shall be filed at least 7 days before the due date for the brief. The motion shall be accompanied by an affidavit or declaration that includes all of the information listed at 9th Cir. R. 31-2.2(b).

The Court will ordinarily adjust the schedule in response to an initial motion. Circuit Advisory Committee Note to Rule 31-2.2. The Court expects that the brief will be filed within the requested period of time. *Id.*

## Contents of Briefs

The required components of a brief are set out at Fed. R. App. P. 28 and 32, and 9th Cir. R. 28-2, 32-1 and 32-2. After the electronically submitted brief has been reviewed, the Clerk will request 7 paper copies of the brief that are identical to the electronic version. 9th Cir. R. 31-1. Do not submit paper copies until directed to do so.

## Excerpts of Record

The Court requires Excerpts of Record rather than an Appendix. 9th Cir. R. 30-1.1(a). Please review 9th Cir. R. 30-1.3 through 30-1.6 to see a list of the specific contents and format. For Excerpts that exceed 75 pages, the first volume must comply with 9th Cir. R. 30-1.6(a). Excerpts exceeding 300 pages must be filed in multiple volumes. 9th Cir. R. 30-1.6(a).

Appellees may file supplemental Excerpts and appellants may file further Excerpts. 9th Cir. R. 30-1.7 and 30-1.8. If you are an appellee responding to a pro se brief that did not come with Excerpts, then your Excerpts need only include the contents set out at 9th Cir. R. 30-1.7.

Excerpts must be submitted in PDF format in CM/ECF on the same day the filer submits the brief. The filer shall serve a paper copy of the Excerpts on any party not registered for CM/ECF.

If the Excerpts contain sealed materials, you must submit the sealed documents electronically in a separate volume in a separate transaction from the unsealed volumes, along with a motion to file under seal. 9th Cir. R. 27-13(e). Sealed filings must be served on all parties by mail, or if mutually agreed by email, rather than through CM/ECF noticing.

After electronic submission, the Court will direct the filer to file 4 separately-bound paper copies of the excerpts of record with <u>white</u> covers.

**Mediation Program**

Mediation Questionnaires are required in all civil appeals except cases in which the appellant is proceeding pro se, habeas cases (28 U.S.C. §§ 2241, 2254 and 2255) and petitions for writs (28 U.S.C. § 1651). 9th Cir. R. 3-4.

The Mediation Questionnaire is available on the Court's website at www.ca9.uscourts.gov under *Forms*. The Mediation Questionnaire should be filed within 7 days of the docketing of a civil appeal. The Mediation Questionnaire is used only to assess settlement potential.

If you are interested in requesting a conference with a mediator in any type of appeal, you may call the Mediation Unit at (415) 355-7900, email ca09_mediation@ca9.uscourts.gov or make a written request to the Chief Circuit Mediator. You may request conferences confidentially. More information about the Court's mediation program is available at http://www.ca9.uscourts.gov/mediation.

## Oral Hearings

Approximately 14 weeks before a case is set for oral hearing, the parties are notified of the hearing dates and locations and are afforded 3 days from the date of those notices to inform the Court of any conflicts. Notices of the actual calendars are then distributed approximately 10 weeks before the hearing date.

The Court will change the date or location of an oral hearing only for good cause, and requests to continue a hearing filed within 14 days of the hearing will be granted only upon a showing of exceptional circumstances. 9th Cir. R. 34-2.

Oral hearing will be conducted in all cases unless all members of the panel agree that the decisional process would not be significantly aided by oral argument. Fed. R. App. P. 34(a)(2).

Oral arguments are live streamed to You Tube and can be accessed through the Court's website.

# Ninth Circuit Appellate Lawyer Representatives
## APPELLATE MENTORING PROGRAM

1.  Purpose

    The Appellate Mentoring Program is intended to provide mentoring on a voluntary basis to attorneys who are new to federal appellate practice or would benefit from guidance at the appellate level. In addition to general assistance regarding federal appellate practice, the project will provide special focus on two substantive areas of practice - immigration law and habeas corpus petitions. Mentors will be volunteers who have experience in immigration, habeas corpus, and/or appellate practice in general. The project is limited to counseled cases.

2.  Coordination, recruitment of volunteer attorneys, disseminating information about the program, and requests for mentoring

    Current or former Appellate Lawyer Representatives (ALRs) will serve as coordinators for the Appellate Mentoring Program. The coordinators will recruit volunteer attorneys with appellate expertise, particularly in the project's areas of focus, and will maintain a list of those volunteers. The coordinators will ask the volunteer attorneys to describe their particular strengths in terms of mentoring experience, substantive expertise, and appellate experience, and will maintain a record of this information as well.

    The Court will include information about the Appellate Mentoring Program in the case opening materials sent to counsel and will post information about it on the Court's website. Where appropriate in specific cases, the Court may also suggest that counsel seek mentoring on a voluntary basis.

    Counsel who desire mentoring should contact the court at mentoring@ca9.uscourts.gov, and staff will notify the program coordinators. The coordinators will match the counsel seeking mentoring with a mentor, taking into account the mentor's particular strengths.

3.  The mentoring process

The extent of the mentor's guidance may vary depending on the nature of the case, the mentee's needs, and the mentor's availability. In general, the mentee should initiate contact with the mentor, and the mentee and mentor should determine

together how best to proceed. For example, the areas of guidance may range from basic questions about the mechanics of perfecting an appeal to more sophisticated matters such as effective research, how to access available resources, identification of issues, strategy, appellate motion practice, and feedback on writing.

4. Responsibility/liability statement

The mentee is solely responsible for handling the appeal and any other aspects of the client's case, including all decisions on whether to present an issue, how to present it in briefing and at oral argument, and how to counsel the client. By participating in the program, the mentee agrees that the mentor shall not be liable for any suggestions made. In all events, the mentee is deemed to waive and is estopped from asserting any claim for legal malpractice against the mentor.

The mentor's role is to provide guidance and feedback to the mentee. The mentor will not enter an appearance in the case and is not responsible for handling the case, including determining which issues to raise and how to present them and ensuring that the client is notified of proceedings in the case and receives appropriate counsel. The mentor accepts no professional liability for any advice given.

5. Confidentiality statement

The mentee alone will have contact with the client, and the mentee must maintain client confidences, as appropriate, with respect to non-public information.