Steven Vachani – (Pro-Se Defendant) &
Power Ventures Inc. - Steven Vachani – representative of corporate defendant
Tel: 1-917-267-8823 / email: vachani@yahoo.com

July 14, 2017

Honorable Lucy H. Koh
US District Court, US Northern District of California
280 S. First Street
San Jose, CA 95113

**Facebook, Inc. v. Power Ventures Inc., Steven Vachani, Case No 08-cv5780 LHK**

**Re: 1)** Defendants' Power Ventures and Vachani **recertification** of compliance to May 2nd, 2017 order/permanent injunction. This is a response to Facebook's multiple irresponsible and blatantly false allegations of non-compliance.
**2)** Defendant Power Ventures **reconfirmation** of financial inability to pay $39,796 sanctions order
**3)** Defendant Vachani **reconfirmation** that $39,796 sanctions payment is a documented claim in active bankruptcy case involving Vachani and Facebook (Case No. 12-47150 RLE - Bankr. N.D. Cal) and cannot be legally paid at this time.

Dear Hon. Judge Koh,

    Facebook has made multiple irresponsible and blatantly false allegations regarding defendants' Vachani and Power Ventures non-compliance with this courts May 2nd, 2017 order and permanent injunction and defendant's nonpayment of $39,796 sanctions. They have even had the audacity to open a motion for contempt and ignore: 1) the multiple times defendants have previously communicated with Facebook and this court regarding defendants certification of compliance (**Dkts 439, 441, 442**) 2) defendant Power Ventures financial inability to pay the $39,796 sanction payment **(Dkts 421)**, 3) and defendant Vachani's notification to this court that this $39,796 sanctions payment is a documented claim in an active bankruptcy case involving Vachani and Facebook and cannot be legally paid at this time. **(See Vachani Case No. 12-47150 RLE - Bankr. N.D. Cal & Dkt 421)**
    As Facebook's has brought forward these frivolous and false allegations of noncompliance and willful nonpayment and is alleging that I am in contempt of court, I am sending this letter today, most importantly, to very clearly **recertify** defendants Vachani and Power Ventures continued compliance with this court's May 2, 2017 permanent injunction and to remind this court of why no payment has been or can be made regarding the $39,796 sanctions payment.

1) **Defendants' Power Ventures and Vachani recertification of compliance to May 2nd, 2017 order/permanent injunction. This is a response to Facebook's multiple irresponsible and blatantly false allegations of non-compliance.**

    On September 25, 2013, this court issued a permanent injunction **(Dkt 373 – pgs**

Ventures Inc. and Steven Vachani, fully complied with this courts' permanent injunction and provided a joint 'Defendants Certification of Compliance of 9-25-13 permanent injunction (**10-2-2013 Certification of Compliance - Exhibit A**). This certification of compliance **had no objections from Facebook or this court** and it was and has been clearly established for many years that defendants have been in full compliance with the initial permanent injunction since October 2, 2013.

**Below is an excerpt from this initial uncontested certification of compliance:**
> *"Defendants, their agents, officers, contractors, directors, shareholders, employees, subsidiary companies or entities, affiliated or related companies and entities, assignees, and successors-in-interest, and those in active concert or participation with them have destroyed any software, script(s) or code designed to access or interact with the Facebook website, Facebook users, or the Facebook service, and Facebook data and/or information obtained from Facebook or Facebook's users, or anything derived from such data and/or information. I declare under the penalty of perjury of the laws of the State of California that the foregoing is true and correct. Executed this 2nd day of October 2013 at San Francisco, CA"* **(Exhibit A - Defendants Certification of Compliance 9-25-13 permanent injunction)**

On May 2, 2017, this court issued a slightly revised permanent injunction which only removed the language that was specific to the sections regarding CAN-SPAM that were overturned by the 9th circuit, but otherwise was very similar to the 9-25-13 permanent injunction. **(See 9-25-2013 Permanent Injunction - Dkt 373 – pgs 33-34 and 5-2-2017 Permanent Injunction Dkt 437- pgs 1-3)** On May 9th,2017, despite previously being in full compliance with the initial permanent injunction since October 2, 2013, defendants, at the request of this court, filed a new joint certification of compliance (**Representation of Compliance with all provisions of order issued May 2, 2017 – See Dkt 439)** reaffirming what it had already affirmed in its unopposed compliance certification from 10-2-2013 **(See Exhibit A)**. Despite defendants following the exact same procedures and actions as documented in the October 2, 2012 unopposed certification of compliance, Facebook this time objected vehemently and requested corrections to defendant's certification of compliance within 24 hours **(See May 11 email letter from Facebook objecting to Power Ventures Representation of compliance-Exhibit B)** In good faith, defendants immediately responded with a good faith effort requesting further clarifications and then by providing more detailed and more explicit certifications of compliance. **(Good faith email dialogue between defendants and Facebook regarding Facebook's objections defendant's representation of compliance - Exhibit C)** To further address Facebook's complaints and clearly differentiate responsibilities required from defendant Vachani as an individual person and corporate defendant Power Ventures, this time, both defendants filed separate certificates of compliance (**See Dkts 441, 442**). Despite both defendants very explicitly and clearly certifying compliance, Facebook once again objected and continues to falsely allege noncompliance and even irresponsibly opened a frivolous motion for contempt.

In Facebook's 'motion for contempt' and objections to defendant's very explicit certifications of compliance **(Facebook Motion for Contempt - Dkt 447),** it appears that Facebook is living in some sort of alternate reality with alternate facts where they seem to completely ignore and disregard the following declarations made by defendants certifying

**Power Ventures Inc. certification of compliance stated**

*Per this court's order (See Dkt 437) dated May 2nd, 2017, Power Ventures Inc. hereby certifies in this written letter under penalty of perjury that it has fully complied with all provisions of this order to the best of its knowledge. Power has no reason to believe that it has not fully complied with all provisions. Nonetheless, because Facebook sent an email on May 11th stating that they may still further object to this representation of compliance letter by Power Ventures Inc., in the event that Facebook Inc. has a valid objection which this court agrees with, Power Ventures Inc. reserves the right and will make a best effort to rectify such objection… Nonetheless, this letter is confirmation that Power Ventures Inc. has still abided by all the provisions of this court's order to the best of its abilities. Power submitted its initial letter representing its compliance on May 9, 2017 (Docket 439). On May 10th, Facebook provided input to Power Ventures by email of further statements it would like to see defendants include in an updated certification letter of compliance. In response to Facebook's feedback, on May 11th, defendants recalled their initial Representation of compliance letter (docket 437) and defendants have separately resubmitted updated letters certifying their compliance with this court's May 2nd order.*

*Per **Section 1**, Power Ventures acknowledges this court's injunction and this section requires no further action from Power Ventures Inc.*

*Per **Section 2** of this order, Power Ventures Inc. represents that all employees, subsidiary companies or entities, affiliated or related companies and entities, assignees, and successors-in-interest, and those in active concert or participation with them have destroyed any software, script(s) or code designed to access or interact with the Facebook website, Facebook users, or the Facebook service.*
*Power further represents that it has destroyed Facebook data and/or information obtained from Facebook or Facebook's users, or anything derived from such data and/or information*

*Per **Section 3** of this order, Power Ventures Inc. affirms that they have notified, or shall notify, their current and former officers, agents, servants, employees, successors, and assigns, and any persons acting in concert or participation with them of this permanent injunction.*

*Per **section 4**, Power Ventures Inc. confirms that on May 9th, 2017, it sent emails to the last known email address to all known parties listed in section 3 with a copy of this court's May 2nd order and permanent injunction. A list of names and email addresses of all parties that have already been notified is attached*
*.*
*Power Ventures Inc. further confirms that while its primary notification method with these parties has previously been by email, if email is not available for any party, Power Ventures Inc. will communicate with remaining parties by telephone or US mail.*

**(Power Ventures Certification of Compliance – See Dkt 442)**

**Defendant Vachani certification of compliance stated**
> *Per this court's order (See Dkt 437) dated May 2nd, 2017, I, Steven Vachani hereby certify in this written letter under penalty of perjury that I have fully complied with all provisions. Section 1 applies to all defendants and is acknowledged, but requires no further action. Sections 2,3, and 4 of the May 2nd order do not directly apply to me in an individual capacity and are specifically directed at the corporate defendant Power Ventures Inc. Power Ventures Inc. owns all IP, code, databases, and everything else that is referenced in this order. I want to make clear that in an individual capacity, I do not have ownership of the property of Power Ventures Inc. and naturally do not have authority as an individual to make representations regarding the property of Power Ventures Inc. Section 2 therefore does not apply to me. Section 3 also does not apply to me since I am an individual and have no "current and former officers, agents, servants, employees, successors, and assigns, and any persons acting in concert or participation" Finally, Section 4 also does not apply to me for the same reasons that section 3 does not apply. Therefore, I represent that I have fully complied with all provisions of this court's May 2nd, 2017 order*
> **(Vachani certification of compliance - See Dkt 441).**

There should be absolutely no doubt that both defendants very explicitly have certified their compliance. Nonetheless, because Facebook's continues to object to these certifications of compliance, both defendants, in order to remove any doubt regarding compliance with court's May 2nd, 2017 order, hereby **resubmit** the following **additional** clarification statement to jointly **reconfirm** their certifications of compliance that have already been previous filed in May 2017. **(See Dkts 441,442).**

**July 14, 2017 -Defendant's recertification of compliance with courts May 2, 2017 order**
> *In compliance with the Court's May 2, 2017 ORDER GRANTING PLAINTIFF'S MOTION FOR PERMANENT INJUNCTIVE RELIEF* **(See Dkt 437)**, *defendants hereby certify they have taken all necessary steps to comply with and implement the Permanent Injunction. Defendants have notified officers, agents, servants, employees, successors, and assigns, and any persons acting in concert with them of the permanent injunction. Defendants, their agents, officers, contractors, directors, shareholders, employees, subsidiary companies or entities, affiliated or related companies and entities, assignees, and successors-in-interest, and those in active concert or participation with them have destroyed any software, script(s) or code designed to access or interact with the Facebook website, Facebook users, or the Facebook service, and Facebook data and/or information obtained from Facebook or Facebook's users, or anything derived from such data and/or information.*

> *Defendants declare under the penalty of perjury of the laws of the State of California that the foregoing is true and correct.*

Now, let it be hereby documented that On July 14, 2017, in response to Facebook continued insistence that defendants have not complied and Facebook's inability to understand that defendants have already certified multiple times that they are in full compliance with May 2, 2013 permanent injunction, defendants Power Ventures and Vachani have **reconfirmed** under penalty of perjury that they are and have been since May 9th, 2017 in full compliance with the May 2, 2017 the permanent injunction issued by this court. This additional compliance is same language that Facebook and this court previously accepted without objection when filed October 2, 2013. Considering that defendants have fully complied since October 2, 2013 without objection with this court's previous permanent injunction, have further complied since May 9th, 2017 with this court's May 2nd, 2017 permanent injunction, and now reconfirmed compliance, defendants hereby request that this court **acknowledge and confirm** defendant's certification and recertification of compliance and declaration regarding why payment cannot be made and dismiss Facebook motions for sanctions against defendant.

If this court for any reason feels that any further action should be taken by defendant's to comply with the May 2, 2017 permanent injunction, defendants request that this court clarify what additional actions may be taken and defendants will gladly take any additional steps requested by this court.

**2) Defendant Power Ventures <u>reconfirmation</u> of financial inability to pay $39,796 sanctions order**

On March 28, 2017, Defendant filed its letter **(Dkt 421 - "Reply to Facebook's March 20 letter (Doc 419) alleging noncompliance by both defendants and inappropriately accusing defendants of 'another delay tactic")** This letter reminded this court that "Since Power.com is saddled in other debts, has not generated a penny of revenue since 2011, and had no active website since this time, Power will need further time to consult with its remaining interested stakeholders to determine its best path forward."  It should be noted that Power Ventures has now had time evaluate its options and continues to represent under penalty of perjury that Power Ventures is financially unable to pay the $39,796 sanctions payment that was ordered by this court on February 15, 2017. Power Ventures has not had a bank account or any incoming revenues, investment, or cash flow since 2013. Defendant Power Ventures very clearly notified Facebook and this court of its financial inability to pay this sanctions payment. No matter how much Facebook continues to ignore or deny this fact, defendant Power Ventures does not have the financial conditions to make this payment and is willing to provide whatever further documentation available that this court may request.

**3) Defendant Vachani <u>reconfirms</u> that $39,796 sanctions payment is a documented claim in active bankruptcy case involving Vachani and Facebook (Case No. 12-47150 RLE - Bankr. N.D. Cal) and cannot be legally paid at this time.**

On March 28, 2017, defendants filed with this court **(Dkt 421 - "Reply to Facebook's March 20 letter (Doc 419) alleging noncompliance by both defendants and inappropriately accusing defendants of 'another delay tactic'")** which stated:

> "Regarding Facebook's allegation of noncompliance against me personally, Facebook and it's very experienced legal counsel made this statement alleging noncompliance while being well aware that defendant Steven Vachani (myself, represented pro-se), already has an active bankruptcy proceeding (Vachani, Case No. 12-47150 RLE - Bankr. N.D. Cal.) and Facebook has even previously included a specific claim for this $39,796 amount in this bankruptcy proceeding. (See Vachani, Case No. 12-47150 RLE - Bankr. N.D. Cal) Later in the same letter, Facebook did try to clarify its earlier allegation of noncompliance against me by stating "The effect of Mr. Vachani's noncompliance is less clear, as Mr. Vachani filed for bankruptcy protection long ago."(Doc 419) Facebook's description of this noncompliance as "less clear" appears to be intended to cast further doubt by still implying that I might be in noncompliance.
>
> Facebook's lead bankruptcy counsel, Mr. Frederick Holden has over 43 years legal experience and knows exactly what I, as a pro-se defendant, also know. That there is no doubt or any 'less clear' issue about the status of my $39,796 payment. I am in an active bankruptcy proceeding and it is absolutely clear, through my bankruptcy process, that I am in compliance with this court's order to pay this $39,796. Facebook also complained that both defendants, Power Ventures Inc. "Power" and myself had not reached out to the court to seek any court relief regarding the court's order to pay $39,796 by March 15th. On behalf of myself, while I am not a lawyer or specialist on the legal technicalities of the bankruptcy or district courts, it is my understanding that because Facebook is fully aware and actively participating in this bankruptcy case and because they already filed claim for this amount, I am clearly in compliance with the court's order and there was no need for further communication outside our ongoing communication in bankruptcy court

Your honor. In light of my certification and <u>recertification</u> of compliance filed with this court together with my reclarification why sanctions payment cannot be made, I request that you please confirm acceptance of my certificate of compliance with injunction and confirm that inability to pay is not contempt.

Very Truly Yours,
Power Ventures Inc. – corporate defendant       Steven Vachani – pro-se defendant

*/s/* Steven Vachani                                                  */s/* Steven Vachani