UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> POWER VENTURES, INC., et al., <br><br> Defendants. | Case No. 08-CV-05780-LHK <br><br> **ORDER GRANTING MOTION TO SEAL** <br><br> Re: Dkt. No. 466 |

Before the Court is Defendant Facebook's Administrative Motion to Seal, ECF No. 445. For the reasons discussed below, the Court GRANTS Facebook's motion.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Thus, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons

1

supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178–79 (9th Cir. 2006). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098-99; *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is

2

Case No. 08-CV-05780-LHK
ORDER GRANTING MOTION TO SEAL

used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods. . . . It may, however, relate to the sale of goods or to other operations in the business. . . ." *Id.* (ellipses in original). In addition, the U.S. Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.* R. 79-5(d)(1).

The material that Facebook seeks to seal is part of Facebook's motion for attorney's fees and Facebook's motion for contempt sanctions. *See* ECF No. 401 (Ninth Circuit opinion). The instant case has already been closed, and the motion for attorney's fees and the motion for contempt sanctions are related to peripheral matters. *See U.S. ex rel. Shutt v. Cmty. Home & Health Care Servs., Inc.*, 550 F.3d 764, 766 (9th Cir. 2008) ("[T]he award of attorney's fees . . . raises factual issues 'collateral to the main action' because it involves a factual inquiry distinct from one addressing the merits.'" (quoting *Int'l Assoc. of Bridge Local Union 75 v. Madison Indus., Inc.*, 733 F.2d 656, 659 (9th Cir.1984))). Thus, these motions are "not related, or only tangentially related, to the merits of [the] case." *Ctr. for Auto Safety*, 809 F.3d at 1099. The Court

3

therefore applies the "good cause" standard to the parties' requests. *See Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, 2015 WL 604055, at *1 (N.D. Cal. Feb. 11, 2015) (applying good cause standard to motion to seal in connection with motion for attorney's fees); *United States ex rel. Doe v. Biotronik, Inc.*, 2015 WL 6447489, at *6 (E.D. Cal. Oct. 23, 2015) (same); *Agro v. Makhteshim Agan of N. Am., Inc.*, 2013 WL 12178099, at *2 (M.D.N.C. Mar. 29, 2013) (applying good cause to standard to motion to seal in connection with motion for contempt).

In support of the motions to seal, the parties have filed the Declaration of I. Neel Chatterjee, ECF No. 466-1. Facebook seeks to seal information regarding counsel's rate-setting practices. Facebook states that this information is "commercially sensitive and not publically known and could prejudice Facebook and its outside counsel in future negotiation." ECF No. 466-1 ¶ 2. The Court agrees that this information deals with competitively sensitive rate-setting practices that, if disclosed, could harm Facebook or its counsel in future negotiations or could allow competitors to gain an advantage in rate-setting practices. For these reasons, the Court GRANTS Facebook's motion to file under seal. Specifically, the Court seals Paragraph 5 of the Supplemental Declaration of Michael R. Caplan In Support Of Facebook's Response to Order Regarding Billing Records.

**IT IS SO ORDERED.**

Dated: August 8, 2017

_____
LUCY H. KOH
United States District Judge