**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FACEBOOK, INC., a Delaware corporation,<br><br>　　　　　Plaintiff-Appellee,<br><br>v.<br><br>POWER VENTURES, INC., a Cayman Island corporation; STEVEN SURAJ VACHANI, an individual,<br><br>　　　　　Defendants-Appellants. | No. 17-16161<br><br>D.C. No. 5:08-cv-05780-LHK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted January 16, 2019[**]
Pasadena, California

Before:  GRABER, M. SMITH, and MURGUIA, Circuit Judges.

Defendants Power Ventures, Inc., and Steven Vachani challenge the district

court's compliance with the mandate that we issued the first time this case came

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

before us.  Facebook, Inc. v. Power Ventures, Inc., 844 F.3d 1058 (9th Cir. 2016).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.  Defendants cannot relitigate their prior appeal, where we affirmed that

they violated the Computer Fraud and Abuse Act of 1986 ("CFAA") and California

Penal Code section 502.  Facebook, 844 F.3d at 1069–70.  Under the law of the

case doctrine, we "will not reconsider matters resolved in a prior appeal to another

panel in the same case" unless "there has been an intervening change of controlling

authority, new evidence has surfaced, or the previous disposition was clearly

erroneous and would work a manifest injustice."  Leslie Salt Co. v. United States,

55 F.3d 1388, 1392–93 (9th Cir. 1995).  Because those factors are not present here,

"we will not entertain a second attempt to litigate" Defendants' liability.  Gospel

Missions of Am. v. City of Los Angeles, 419 F.3d 1042, 1049 (9th Cir. 2005).

2.  Reviewing de novo, United States v. Thrasher, 483 F.3d 977, 982 (9th

Cir. 2007), we hold that the district court complied with our mandate.  On remand,

the district court correctly addressed only "appropriate remedies under the CFAA

and section 502 [for Plaintiff Facebook, Inc.], including any injunctive relief."

Facebook, 844 F.3d at 1070.

3.  We review for clear error the district court's computation of damages,

NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 617 (9th Cir. 2016), but we review

de novo whether the district court applied the correct legal standard for computing damages, Ambassador Hotel Co. v. Wei-Chuan Inv., 189 F.3d 1017, 1024 (9th Cir. 1999).  Here, the district court applied the correct legal standard:  whether Plaintiff suffered a "loss" as defined in the CFAA, 18 U.S.C. § 1030(e)(11).  Then, using Plaintiff's undisputed evidence, the district court properly calculated Plaintiff's damages solely "for the period after Power received the cease and desist letter, when Power continued to access data contained in Facebook's servers and memory banks." Facebook, 844 F.3d at 1070.  We therefore affirm the award of $79,640.50 in CFAA damages in favor of Plaintiff.

   4.  The district court did not abuse its discretion by granting a permanent injunction against Defendants.  See La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V., 762 F.3d 867, 879 (9th Cir. 2014) (articulating the standard of review). The record supports the district court's findings that:  (1) Plaintiff suffered an irreparable injury; (2) remedies available at law, including monetary damages, cannot compensate adequately for that injury; (3) the balance of hardships between Plaintiff and Defendants weighs in favor of granting a permanent injunction; and (4) the public interest weighs in favor of granting a permanent injunction.  Id. Consistent with our prior holding that Defendants did not violate the Controlling the Assault of Non-Solicited Pornography and Marketing ("CAN-SPAM") Act of

3

2003, <u>Facebook</u>, 844 F.3d at 1065, the district court narrowed the scope of the injunction by removing provisions specific to the CAN-SPAM Act.

**AFFIRMED**.